**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,    )
         )
         *Plaintiff,*    )
         )
v.         )     **Case No. 6:04-CR-00115-JHP-SPS**
         )
KENNETH EUGENE BARRETT,    )
         )
         *Defendant.*    )

---

**EXHIBIT 21**

---

## APPEARANCE DOCKET—Criminal

| TITLE OF CAUSE | OFFENSE CHARGED | ATTORNEYS |
|---|---|---|
| THE STATE OF OKLAHOMA vs. Abe Dotson Defendant | Being Drunk in a public Place | W. L. Curtis County atty for the State |

| | Clerk's Cost Plaintiff | Clerk's Cost Defendant | Sheriff | Miscellaneous | Disbursements | Credits |
|---|---|---|---|---|---|---|
| Affidavit to Complaint | 25 | | | | | |
| Issuing Warrant | 25 | | | | | |
| Filing Complaint 5 Entering Same 10 | 15 | | | | | |
| Entering warrant 10 Filing warrant 5 | 15 | | | | | |
| Docket entry of Same | 10 | | | | | |
| Plaintiffs appearance 10 Defendants appearance 10 | 20 | | | | | |
| Statement of money paid to Justice | 10 | | | | | |
| By whom paid Berry Dotson | 10 | | | | | |
| Entering plea of defendant | 10 | | | | | |
| Defendant Stand Committed | 10 | | | | | |
| For rendering Judgment | 25 | | | | | |
| Filing 3 papers | 15 | | | | | |
| For Issuing Order to bring Defend into Court | 25 | | | | | |
| " " Commitment | 25 | | | | | |
| | 3 40 | | | | | |
| sheriffs fees | 6 10 | | 6 10 | | | 6 10 |
| Credit by cash court cost | | | | | | 2 40 |
| " " " Sheriffs cost | | | | | | 6 10 |
| | 8 50 | | | | | 8 50 |

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**EXHIBIT 22**

---

## APPEARANCE DOCKET—Criminal

| No | TITLE OF CAUSE | OFFENSE CHARGED | ATTORNEYS |
|---|---|---|---|
| 5 | THE STATE OF OKLAHOMA vs. Abe Datson, Defendant. | Larceny. | W. L. Curtis County Atty. For the State, J. H. Jarman for the Defendant. |

| 190.7 | | Clerk's Cost Plaintiff | Clerk's Cost Defendant | Sheriff | Miscellaneous | Disbursements | Credits |
|---|---|---|---|---|---|---|---|
| 22 | Verifying complaint | 25 | | | | | |
| | Issuing Warrant | 25 | | | | | |
| | Filing complaint | 5 | | | | | |
| | " Warrant | 5 | | | | | |
| | Entering Plea | 10 | | | | | |
| | Issuing Subpoena | 25 | | | | | |
| | Rendering Judgement | 25 | | | | | |
| | Recording | 25 | | | | | |
| | Swearing Witnesses | 10 | | | | | |
| | Issuing Complaint Commitment | 25 | | | | | |
| | Approving Bond | 25 | | | | | |
| 1909 | Making Transcript | 25 | | | | | |
| 2 | Transmitting papers | 25 | | | | | |
| 2 | Certificate | 25 | | | | | |
| | | 280 | | | | | |
| | Sheriffs Fees | | | | | | |
| | Serving Warrant | | | 50 | | | |
| | Returning " | | | 50 | | | |

KEB503074

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**EXHIBIT 23**

---

# APPEARANCE DOCKET—Criminal

| No | TITLE OF CAUSE | OFFENSE CHARGED | ATTORNEYS |
|---|---|---|---|
| 1 | THE STATE OF OKLAHOMA vs. Abe Dodson Defendant, | Obtaining money under false pretenses and threats, Examination. | W. L. Curtis county Atty. for the State and J. H. Jarvis + R. E. Jackson for the Defendant. |

| 190..7.. | | Clerk's Cost Plaintiff | Clerk's Cost Defendant | Sheriff | Miscellaneous | Disbursements | Credits Cr. |
|---|---|---|---|---|---|---|---|
| | The defendant brought before the court on the 21st day of Nov 1907 | | | | | | |
| Nov 20 | Making entry on Docket | 10 | | | | | |
| " " | Issuing information, | 25 | | | | | |
| | Issuing Writ | 25 | | | | | |
| | Filing Information | 5 | | | | | |
| | " Writ. | 15 | | | | | |
| | Approving Bond before Trial | 25 | | | | | |
| | Swearing to complaint | 25 | | | | | |
| | Issuing Subpoena | 25 | | | | | |
| | Swearing Witness | 10 | | | | | |
| | Approving Bond after Trial | 25 | 25 | | | | |
| | Transcript of Docket 5 folios. | 50 | | | | | |
| | Transmitting Papers to District court | 25 | | | | | |
| | Entering Judgement | 25 | | | | | |
| | To Continuance | 25 | | | | | |
| | Certificate to record, | 25 | | | | | |
| | | 330 | | | | | |
| | Sheriffs Fees | | | | | | |
| | Serving Warrant | | | 30 | | | |
| | Returning " | | | 50 | | | |

SEP 30 1996 No funds in Depository Account for this Case R. L. Beeman Deputy S.E.Ok.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

_____

**EXHIBIT 24**

_____

## DECLARATION OF DAVID AUTRY

I, David Autry, declare the following:

I am a lawyer licensed to practice in the State of Oklahoma, the United States Court of Appeals for the Tenth Circuit, the United States District Court for the Western and Eastern Districts of Oklahoma, and the Northern District of Texas.

I am one of Kenneth Eugene Barrett's lawyers in his motion to vacate convictions and sentences pursuant to 28 U.S.C. section 2255. On February 18, 2009, I interviewed Randy Weaver, one of the witnesses who testified for the Government in the first stage of Mr. Barrett's case. Mr. Weaver gave me information that was largely consistent with his trial testimony. During my interview of Mr. Weaver, I asked him whether, in his contact with Mr. Barrett, he ever heard Mr. Barrett state that if the police came on his property, he would "go out in a blaze of glory," or anything else that would indicated he would confront the police with violence if they came on his property. Mr. Weaver informed me that Mr. Barrett never said anything like that to him or in his presence. Mr. Weaver told me that such a statement or statements would be out of character for Mr. Barrett.

I declare under penalty of perjury that the foregoing 1 page declaration is true and correct.

Executed by me this 12th day of March, 2009, in Oklahoma County, Oklahoma.

David Autry

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**EXHIBIT 25**

---

6:09-cv-00105-RAW    Document 1-3    Filed in ED/OK on 03/16/09    Page 10 of 32

## APPEARANCE DOCKET—CRIMINAL

No. 1715

122

| CLERK'S Costs | SHERIFF'S Costs | MISCELLA-NEOUS | DISBURSE-MENTS | TITLE OF CAUSE | OFFENSE CHARGED | ATTORNEYS |
|---|---|---|---|---|---|---|

**OFFENSE CHARGED:** Burglary

**TITLE OF CAUSE:** STATE OF OKLAHOMA vs. Sam Maxwell, et al

**ATTORNEYS:**
5/3.15 – Cont. for Sentence.
13/6/15 – Continued.
5/1/16. Cause Continued.
12-4-16 Cause Cont,
12/3-17 Cause Cont. Dismissed

| | | CLERK'S Costs | SHERIFF'S Costs | MISCELLA-NEOUS | DISBURSE-MENTS | CREDITS |
|---|---|---|---|---|---|---|
| To fil Tran^d Comp^t War^t Commit^t | | 40 | | | | |
| " Dock Fee | | 200 | | | | |
| " J. P. Costs | | | | 570 | | |
| " Const " | | | | 250 | | |
| " fil & ret^d Inform | | | | | | |
| " Sum 50 Order 30 | | 110 | | | | |
| " Sub 50 Sub 30 | | 80 | | | | |
| To fil & Rec'd apr. Bond | | 110 | | | | |
| " To Dock Notice (Bal 3570) | | 10 | | | | |
| " To fil O. H. | | 10 | | | | |
| " Appro^d & Order 30 | | 40 | | | | |
| To Docket & Notice  36 30 | | 10 | | | | |
| " fil O. H. | | 10 | | | | |
| To Docket & notice | | 10 | | | | |
| " To fil Pet | | 10 | | | | |
| Appearance " 10 " Order 30 Cont. 20 | | 10 | | | | |
| to Docket & Nat | | 60 | | | | |
| Paid Sam Maxwell | | 10 | | | | 1870 |
| Will Dustman | | | | | | 1870 |
| Report act character | | | | | | |
| (paid Treasurer) | | | | | | 37 40 |
| To Dock & fee | | 10 | | | | |

SEP 20 1928
No funds in Depository
Acc. for this Case
A. L. Beaumont Deputy C. Dist.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**EXHIBIT 26**

**119**

## RECORD OF MENTAL HEALTH PROCEEDING

SE&I Form B-74 (1949) Superseding SEI Form 1382

IN THE DISTRICT COURT OF........................................................ COUNTY

STATE OF OKLAHOMA:

In the Matter of Mental Illness of

Billy Dean Maxwell }  No. MH-82-12

| Date Filed | | | Date Case Filed............ Date of Hearing............ | Items Recorded | | Cost Accruals | | | | Date Paid | | | Voucher No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mo. | Da. | Yr. | Nature of Instrument | Book | Page | Clerk's Cost | Sheriff's Cost | Misc. | On Court Order | Mo. | Da. | Yr. | |
| 5 | 6 | 82 | Petition | | | | | | | | | | |
| ~ | ~ | ~ | Order for Hrg. | | | | | | | | | | |
| ~ | ~ | ~ | Notice of Hrg. issued (Vinita) (Craig Co.) | | | | | | | | | | |
| 5 | 11 | 82 | Order of admission ret'd | | | | | | | | | | |
| 5 | 10 | 82 | Minute: Case coming on for probable cause hearing, defendant appeared in person with attorney, Ja adams, state represented by m doctors Robbins, Herndon, & oliver appeared. Witnesses sworn test heard, doctors examination, finding probable cause, Court order defendant committed to Eastern State Hospital. ajh | | 5-3 | 15 | | | | | | | |
| 5 | 13 | 82 | Notice Let (rec. too late) | | | | | | | | | | |
| 5 | 25 | 82 | Pd. J.a. adams  v# 2426  $50.00 | | | | | | | | | | |
| ~ | ~ | ~ | Pd. Dr. Fred Oliver  v# 2432  $20.00 | | | | | | | | | | |
| ~ | ~ | ~ | Pd. Dr. Rick Robbins v#2433  $20.00 | | | | | | | | | | |
| ~ | ~ | ~ | Pd. Dr. Jim Herndon  v# 2436 $20.00 | | | | | | | | | | |
| | | | MH 90-29 Re: Gary Ledford | | | | | | | | | | |
| 3 | 21 | 90 | pet. | | | | | | | | | | |
| 3 | 21 | 90 | Motion to Dismiss Order 95-914 | | | | | | | | | | |
| ~ | ~ | ~ | Min - Motion to dismiss of st. is sustained as per order ajh | | | | | | | | | | |
| 3 | 23 | 90 | Licensed mental health professional statement | | | | | | | | | | |

# RECORD OF MENTAL HEALTH PROCEEDING

SE&I Form B-74 (1949) Superseding SEI Form 1382

IN THE DISTRICT COURT OF ............................................ COUNTY

STATE OF OKLAHOMA:

In the Matter of Mental Illness of

*Billy Dean Maxwell* }  No. *MH-85-17*

| Date Filed | | | Date Case Filed ........ Date of Hearing ........ | Items Recorded | | Cost Accruals | | | | Date Paid | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mo. | Da. | Yr. | Nature of Instrument | Book | Page | Clerk's Cost | Sheriff's Cost | Misc. | On Court Order | Mo. | Da. | Yr. |
| 9 | 11 | 85 | petition | | | | | | | | | |
| ✓ | ✓ | ✓ | Order for hearing | | | | | | | | | |
| ✓ | ✓ | ✓ | notice for hearing | | | | | | | | | |
| ✓ | ✓ | ✓ | Order of detention issued | | | | | | | | | |
| 9 | 16 | 85 | Report of suppr symptoms | | | | | | | | | |
| ✓ | ✓ | ✓ | certificate of examine | | | | | | | | | |
| ✓ | ✓ | ✓ | issued Order of admission | | | | | | | | | |
| 9 | 17 | 85 | Order of admission filed | | | | | | | | | |
| ✓ | | | Admission Notification | | | | | | | | | |
| 9 | 19 | 85 | Order of Detention filed | | | | | | | | | |
| 9 | 24 | 85 | Pd Dennis M. Sprouse V#2254 | | | 50.00 | | | | | | |
| — | — | — | Pd Bert N Curley MD V#2059 | | | 50.00 | | | | | | |
| — | — | — | Pd Kish Roblin Do V#2060 | | | 50.00 | | | | | | |
| 1 | 10 | 86 | Discharge from Hospital (letter) | | | | | | | | | |

### MH-92-27 Jimmy Wright

| Date Filed | | | Nature of Instrument | Book | Page | Clerk's Cost | Sheriff's Cost | Misc. | On Court Order | Mo. | Da. | Yr. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 26 | 92 | Petition | | | | | | | | | |
| ✓ | — | — | Order issued | | | | | | | | | |
| 5 | 27 | 92 | Temp Order filed | | | | | | | | | |
| 5 | 28 | 92 | Notice of Certification | | | | | | | | | |
| ✓ | ✓ | ✓ | Order of admission issued | | | | | | | | | |
| 6 | 29 | 92 | Letter from Eastern of Vischer | | | | | | | | | |
| 6 | 30 | 92 | Appl for Order allowing | | | | | | | | | |
| 7 | 1 | 92 | Order allowing w/Pg att | | | | | | | | | |

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**EXHIBIT 27**

---

# LUNACY RECORD

State Examiner and Inspector's Form. No. 1382.                    News-Dispatch Ptg. & Audit Co., Shawnee, O

| IN THE MATTER OF | STATE OF OKLAHOMA, | In The |
|---|---|---|
| the Sanity of | County of *Sequoyah* | COUNTY COURT |
| A J Barrett | No. 141 | |

| PETITION | | ORDER OF ADMISSION. | |
|---|---|---|---|
| Date Filed | Date of Hearing | Date Issued | Delivered to Sheriff. |
| Aug 12 A 1918 | 19 | 19 | 19 |
| By Whom W R Barrett | | To Oklahoma State Hospital | |
| Address Maple Okla | | At Oklahoma | |
| | | Received at Hospital By Medical Superintendent 19 | |

## PHYSICIANS.

| Date of Appointment | NAME | Report Filed | Fees Allowed | Expenses | Total Allow- |
|---|---|---|---|---|---|
| 19 | J W Hudson | 10 | $5.00 | $ | |
| 19 | J A Merrow | 10 | $5.00 | $ | |

## GUARDIAN AD LITEM.

| Date of Appointm't | NAME | SERVICE RENDERED |
|---|---|---|
| 19 | | |

## PLEADINGS / PROCESS

| Date Filed | NAME | Date Issued | NAME | Date Returned | BY WHOM SERVED | Officer's |
|---|---|---|---|---|---|---|
| | | | | | | |

## MINUTES OF PROCEEDINGS.

KEB503066

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**EXHIBIT 28**

---

IN THE MATTER OF

the Sanity of

*A. J. Barrett*

STATE OF OKLAHOMA

County of *Sequoyah*

No. *709*

In the

COUNTY COUR

| PETITION | | ORDER OF ADMISSION | |
|---|---|---|---|

**PETITION**

Date Filed — *8-18* 19 *66*

Date of Hearing — *8-18-* 19 *66*

By Whom *Ada Mae Barrett*

Address

**ORDER OF ADMISSION**

Date Issued *8-19-* 19 *66*    *8-19-* Delivered to Sheriff 19

To *Eastern* Oklahoma State Hospital

At *Vinita* Oklah

Received at Hospital By Medical Superintendent 19

## PHYSICIANS

| Date of Appointment | NAME | Report Filed | Fees Allowed | Expenses | Total / |
|---|---|---|---|---|---|
| 19 | | 19 | $ | $ | $ |
| 19 | | 19 | $ | $ | $ |

## GUARDIAN AD LITEM

| Date of Appointment | NAME | SERVICE RENDERED |
|---|---|---|
| 19 | | |

| PLEADINGS | | PROCESS | | | | |
|---|---|---|---|---|---|---|
| Date Filed | NAME | Date Issued | NAME | Date Returned | BY WHOM SERVED | Offi |
| | | | | | | |

### MINUTES OF PROCEEDINGS

*9-20-66 Discharged with Rest. to Comp.*

*9-20-66 Cert of Restoration to Comp.*

**JOURNAL**

STATE OF OKLAHOMA, } ss.
County of _Sequoyah_

_In the Matter of the Sanity of_

_A. J. Barrett_

IN THE COUNTY COURT OF SAID COUNTY.

No. _709_

PETITION FOR ORDER OF ADMISSION TO STATE HOSPITAL.

To the County Court of Said County, and to the Honorable Judge Thereof:

Your petitioner respectfully alleges that_____he is a resident of the County of _Sequoyah_____and State of ____OKLA._____ That _A. J. Barrett_____, State of Oklahoma, is an actual bona fide resident of the County of _Sequoyah_____, State of Oklahoma, is a_____male person of about the age of____ _49_____years, and is now within the said county and living with _wife_

at or near the town—city of _Sallisaw_

That your petitioner has good reason to, and does believe that the said _A. J. Barrett_

is an insane person and a proper subject for custody and treatment in a hospital for the insane; that the condition of the said person is such that it is____ necessary that_____he be taken into custody and detained pending final hearing hereof.

That the facts upon which this allegation of insanity is based, and because of which this application for said order is made, are as follows: _Has at different times threatened his wife and children, accusing them of untruths, threatens to kill wife, is belligerent, overbearing accuses wife of out with other men, etc._

Your petitioner further alleges that_____he is informed and verily believes that the following named persons, of full age, whose names and places of residence respectively are as follows, are related to the said insane person, to-wit:

| NAME | RELATIONSHIP | POSTOFFICE | STATE |
|------|-------------|-----------|-------|
|      |             |           |       |
|      |             |           |       |
|      |             |           |       |
|      |             |           |       |
|      |             |           |       |

Your petitioner is the_____ _wife_ _____of the said insane person_____or that he is the_____(Official Title)_____of said County and State, and by reason of such fact is authorized to institute this proceeding.

Further, your petitioner is informed, and believes and upon such information and belief, alleges that the said insane person has estate in his own right of the approximate value, as follows: Real Property $_____, Personal Property $_____, Total Value $_____. Said estate is situated in_____County, State of_____

Wherefore, your petitioner prays that a date be fixed for a hearing in the above-styled matter; that notice of said hearing be given as required by law; that two reputable physicians be appointed and required to make a personal examination of and investigation into the sanity of the said alleged insane person, and that said physicians make report of their findings, as by law required; and that said_____be brought before the Court and Judge thereof on the date so fixed for the said hearing to be dealt with as provided by law in such cases; and that the Court by proper order make provision for the support and maintenance of the said person.

Form by the Attorney General—State Examiner and Inspector's Form No. 1363.

_Ada Mae Barrett_
Petitioner.

STATE OF OKLAHOMA, } ss.
County of _____

CERTIFICATE.

It having been made to appear to the Court, that valid personal service cannot be made on the person alleged herein to be insane on account of his incompetency; and upon h_____next of kin, of full age, on account of their non-residence of the county and state, or uncertainty of location, and upon the person with whom he resides on account that such person has no interest in or authority over said alleged insane person; and it is by the Court deemed proper to dispense with such personal service; and _____

it is hereby ordered that a guardian ad litem be appointed, and that service be made upon the person so appointed.

County Judge.

Filed _____19____ _____ Court Clerk. By_____Deputy.

Form by the Attorney General—State Examiner and Inspector's Form No. 1370.

STATE OF OKLAHOMA, } ss.
County of _Sequoyah_

_In the Matter of the Sanity of_

_A. J. Barrett_

IN THE COUNTY COURT OF SAID COUNTY.

No. _709_

ORDER FOR ADMISSION TO STATE HOSPITAL.

Now, on this _19_ day of _August_, 19_66_ the above entitled matter came on to be heard before the County Court of _Sequoyah_ County, Oklahoma, and it appearing to the satisfaction of the Court that due and legal notice of the hearing of the petition filed herein by _Ada Mae Barrett_ _____alleging the insanity of _A. J. Barrett_ _____, and praying an order for h_is_____admission to the State Hospital for the Insane, has been given as required by law and as directed by the Court.

Thereupon, the court proceeded to the hearing and final determination of the said proceeding. After having examined the certificates of the two physicians appointed to examine the said _A. J. Barrett_ _____and to report to this Court as to h_is_____ sanity, and after hearing the evidence of witnesses and being fully advised in the premises, finds that the said _A. J. Barrett_ _____is insane; and that_____he should be admitted to a State Hospital for the Insane, there to be treated and kept as a _mental_ _____patient.

It Is Therefore Ordered by the Court that said_ _A. J. Barrett_ be admitted to the_ _Eastern_ _____Oklahoma _____ _State_ _____ Hospital at _Vinita_ _____, Oklahoma, as a _mental_ _____patient, there to be detained and kept until legally discharged.

It Is Further Ordered that the sheriff of said county of _Sequoyah_ _____, be and he is hereby authorized and directed forthwith to transport the said _A. J. Barrett_ _____, so adjudged to be insane to the said hospital and to deliver h_is_____, together with a certified copy of this order and of the physician's final certificate herein to the medical superintendent of the said hospital, who is hereby authorized and directed to receive, keep and detain the said person until legally discharged.

It Is Further Ordered that the said sheriff shall cause the said medical superintendent to acknowledge hereon the receipt of the above-named insane person, and forthwith to make return hereof showing the manner in which he has executed this order.

Done in open court this the day first above written.

_Roy Frye Sr._
County Judge.

**RECEIPT FOR PATIENT.**

Receipt is hereby acknowledged of_____the insane person named in the within order, and I hereby certify that at the time_____he was delivered to me there was in attendance with said person_____

_____Sheriff, with _____

and _____guards.

Dated at _____this_____day of_____19____.

Medical Superintendent of _____Oklahoma _____Hospital.

**SHERIFF'S RETURN**

STATE OF OKLAHOMA, COUNTY OF_____, ss.

Received the within order on the_____day of_____, 19____, at_____o'clock_____M., and in pursuance of the command thereof, executed the same by transporting the within named_____to the_____Oklahoma_____Hospital at_____, Oklahoma, and there delivering h_____on the_____day of_____, 19____, at_____o'clock_____M., into the custody of the Medical Superintendent of said institution, together with a certified copy of this order and of the physician's final certificate.

_____Sheriff

By_____, Deputy—Under-sheriff.

Filed_____, 19____.

| SHERIFF'S FEES EXPENSES—Receipts attached: | | | | | | |
|---|---|---|---|---|---|---|
| Executing order and making return thereof | - | | | | | $ .50 |
| _____miles travel | - | - | - | - | - | _____ |
| TOTAL FEES | - | - | - | - | - | $_____ |
| Transportation for | - | - | - | - | - | $_____ |
| Hotel and lodging for | - | - | - | - | - | $_____ |
| TOTAL EXPENSE | - | - | - | - | - | $_____ |

Court Clerk.

By_____, Deputy.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
|     ) | |
|       *Plaintiff,*     ) | |
|     ) | |
| **v.**     ) | **Case No. 6:04-CR-00115-JHP-SPS** |
|     ) | |
| **KENNETH EUGENE BARRETT,**     ) | |
|     ) | |
|       *Defendant.*     ) | |

---

**EXHIBIT 29**

---

## DECLARATION OF MARK HENRICKSEN

I, Mark Henricksen, declare the following:

I am a lawyer licensed to practice in the State of Oklahoma. I am also licensed to practice in the various federal district courts in Oklahoma, the United States Court of Appeals for the Tenth Circuit, and the United States Supreme Court. I am in private practice in Oklahoma City, Oklahoma.

I was appointed to represent Kenneth Eugene Barrett as lead counsel in his direct appeal to the United States Court of Appeals for the Tenth Circuit. Mr. Barrett's lead trial counsel, Roger Hilfiger, was also appointed on the appeal.

Based on my knowledge of the case and discussions with trial counsel, Bret Smith, Mr. Hilfiger's second chair, was put in charge of the defense penalty phase case, even though he had no experience in capital cases. Mr. Hilfiger did not like his client, Kenny Barrett. It was apparent to me after reviewing the trial transcript, the other transcripts in association with the federal trial, and the investigation that was conducted by Messrs. Hilfiger and Smith that nothing close to a complete second stage investigation was ever conducted. There was effectively no second stage investigator for Mr. Barrett. Mr. Hilfiger and Mr. Barrett never really got along, and Mr. Barrett wanted his former lawyer, John Echols back as his lawyer. Overall, there was a poor attorney/client relationship between Mr. Hilfiger and Mr. Barrett. Based on my dealings with Mr. Hilfiger, he had a blasé attitude toward the case. Mr. Hilfiger gave the distinct impression of wanting to get the case

1

behind him because he was with a small law firm and the case was consuming too much of his time.

During my work on Mr. Barrett's direct appeal, I spoke with John Echols, who had represented Mr. Barrett in state court and was originally his lead attorney in the federal prosecution. I reviewed, of course, various budgetary requests Mr. Echols made, and the manner in which the trial court dealt with them. It was evident that Judge Payne wanted remarkably detailed budget requests from Mr. Echols. Mr. Echols, in my opinion, did not have time to jump through the various administrative and budgetary hoops that had been placed in his way by Judge Payne, and work up the trial of the case, which is the reason he withdrew from representing Mr. Barrett. In contrast, it was also evident that Judge Payne was not nearly as exacting when it came to requests made by Mr. Hilfiger, although the budgets that were approved for investigators, experts and the like were extremely limited.

Mr. Echols informed me that the strictures placed on him by Judge Payne made the case virtually impossible to defend in an effective manner. By moving to withdraw, he thought he was going to call the judge's bluff, but Judge Payne rather quickly granted Mr. Echols's motion to withdraw.

When I was appointed to handle Mr. Barrett's direct appeal, Judge Payne told the Federal Defender for the Western District of Oklahoma, Susan Otto, that he wanted either Mr. Hilfiger or Mr. Smith appointed on the appeal also. This was in furtherance of Judge Payne's plan to develop a local capital defense bar in the Eastern District. It is my view that

2

this is also why Bret Smith, with no capital experience, was appointed co-counsel with Mr. Hilfiger for the trial of Mr. Barrett's case after Mr. Echols withdrew. I learned from Susan Otto that Mr. Barrett's case was to be the inaugural or "test case" for this plan.

During my representation of Mr. Barrett, I consulted on several occasions with Dick Burr, federal capital resource counsel. Mr. Burr informed me that he had consulted with Mr. Echols when Mr. Echols was lead counsel, but was not consulted after Mr. Hilfiger and Mr. Smith took over the case.

As anyone who has read the direct appeal opinion in Mr. Barrett's case can see, many of the issues raised were reviewed under the "plain error" standard because of a lack of contemporaneous objections at trial. When I asked Mr. Hilfiger about the failure to object, he said he was trying to "win" the case and did not want to "offend" the jury by making unsuccessful objections. Mr. Hilfiger also did not want to "offend" Judge Payne by making too many objections, which he felt were likely to be overruled, although not necessarily because they lacked merit.

During the trial, it was revealed that Charles "Monk" Sanders was the alleged confidential informant whose information supplied the authorities probable cause for a no-knock search warrant of Mr. Barrett's property, and for Mr. Barrett's arrest. However, during his trial testimony, Mr. Sanders testified that he never told the authorities various things that supplied the basis for the no-knock warrant. A very weak record was made on this. When I inquired of Mr. Hilfiger why he did not strenuously object and forcefully ask

3

to re-open the search warrant issue, he stated that he was afraid of Judge Payne's reaction and did not want to "interrupt" the trial. He believed that he had little chance of success on this point with Judge Payne based on his understanding that the court wanted to get the trial underway.

As to the seven informant or "snitch" witnesses who appeared at Mr. Barrett's trial, and who were sprung on the defense during jury selection, I asked Mr. Hilfiger why he did not move for a continuance in order to investigate these witnesses. I also asked him why he acceded to an arrangement that permitted him to interview the witnesses in the presence of AUSA Mike Littlefield and law enforcement, particularly when the witnesses more or less refused to talk to him, there was no discovery of what these witnesses said to Littlefield, and there was little time to try to counteract their testimony. Mr. Hilfiger told me that he agreed to the arrangement because it meant he would at least get to interview the witnesses himself, even though this did not turn out as planned. He also said that because the trial was ongoing, he did not want to antagonize the judge by asking for a continuance, even after the witnesses more or less refused to talk to him. Mr. Hilfiger believed that since there was some time before the witnesses actually testified, some investigation could be done into them. Of course, no witnesses for the defense who could impugn the credibility of these seven witnesses were called, and the defense relied solely on cross-examination to try to attack their stories. Mr. Hilfiger said that he believed that no continuance was possible due to Judge Payne's desire to stay on schedule, and that this compromise was better than

4

nothing.

Some of the following paragraphs include propositions identified by Mr. Barret's current lawyers. I am not presently in a position to evaluate the merit of each in comparison to the propositions I chose to raise, and therefore cannot say I would have made the same decisions if I had recognized some of these issues at the time. The Tenth Circuit initially permitted the appellant's brief to be 14,000 words. I applied for an oversized brief of 24,000 words. The court ruled that the brief was limited to 20,000 words and that no further amendments to the case management order would be considered prior to submitting the appellant's brief. I had to edit it to reduce the brief to the 20,000 word threshold. Although I agree that the following issues should have been considered, every appeal involves some triage of issues.

I did not raise on direct appeal a search and seizure issue based on "Monk" Sanders' trial testimony that he had not told the police the matters that were included in the affidavit for search warrant to justify a no-knock warrant. I did not raise this issue because I believed it had not been adequately preserved by Mr. Hilfiger. I could have raised this issue, and had no legitimate strategic reason for not raising it, because the issue was, however inadequately, framed by the record. As noted, there were several issues raised on appeal for which no contemporaneous objection or record had been made at trial.

I did not raise issues relating to the lack of defense theory instructions or lesser included instructions because, again, I believed that a less than adequate job had been done

5

by trial counsel in arguing these issues. Again, I could have raised this issue, since some record was made. This is particularly true because self-defense was basically the defense raised at trial, and there was testimony in the record to indicate that if anything, Mr. Barrett was guilty of manslaughter or some lesser offense, not first degree murder as framed by the counts in the indictment. Of course, the jury in the state case acquitted Mr. Barrett of first degree murder and convicted him of manslaughter.

I was aware from my reading of the record that Mr. Barrett wore a "stun belt" under his clothing throughout trial. The defense objected. I discussed the stun belt with Mr. Hilfiger, who told me that while he believed the stun belt was not visible, it did detract from Mr. Barrett's communications with counsel in the courtroom. I did not recognize as a viable issue for appeal the stun belt's affect on Mr. Barrett's communication with counsel, and therefore did not reject it.

I was aware from my reading of the record that an ex parte hearing was conducted between the Government and Judge Payne regarding the Government's motion, which was originally placed under seal, to delay disclosure of the identity of the seven informant witnesses. During the ex parte hearing, Judge Payne stated that he could see a long continuance coming based on the fact that the identities of these witnesses had not been revealed and the Government wanted to delay disclosure. Mr. Hilfiger did not move for a continuance. I did not have a strategic reason for failing to raise issues surrounding this ex parte hearing. I was disappointed that trial counsel had acquiesced on this issue between the

6

time of the <u>ex parte</u> hearing and the resumption of open court. I interviewed Mr. Hilfiger repeatedly on this point. He consistently said that an application for a continuance was pointless and that he hoped to gain some useful information from this compromise. In my opinion, there was no professional basis for such a judgment. A reasonable lawyer would have demanded a continuance, and funds with which to conduct an investigation.

Although this was a lead argument in Mr. Barrett's appeal, I anticipated that trial counsel had failed to preserve the record.

In fact, the alleged compromise was meaningless in practice, and Mr. Barrett did not receive the benefit of pre-trial investigation or an adequately preserved record of this failure of due process.

I did not draft all of this declaration. The information contained in this declaration is based on what I told one of Mr. Barrett's current lawyers, David Autry, when he interviewed me about the case. I was also interviewed by another of Mr. Barrett's current lawyers, Tim Schardl. The information in this declaration also reflects what I told him. I have carefully reviewed this declaration, and it states accurately what I told these lawyers.

I declare, under penalty of perjury, that the foregoing 7 page declaration is true and correct.

Executed by me this _13_ day of _____March_____, 2009, in Oklahoma County, Oklahoma.

_Mark Henricksen_
Mark Henricksen

7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:04-CR-00115-JHP-SPS** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |


**EXHIBIT 30**

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY, STATE OF OKLAHOMA

Ada Blount,                                                    Plaintiff

vs                                                            No.13026

Kathleen E.Blake, et al.                                     Defendants

## ORDER APPOINTING ATTORNEY FOR DEFENDANTS

Now on this 29th day of December ,195 8, there comes on to be heard the motion of the plaintiff to appoint an attorney of this bar to appear and represent the interests of such of the defendants, Kathleen E.Blake, Ethel J. Bourdon, Henry C. Bourdon, George R.Bourdon, William R. Bourdon, J. H. Brodie, Embra Marie Cloud, Jeanette Cox, Elizabeth Duncan, R.T.Kelleam, George A.Ralph, Sarah Louise Sprague, A.J.Stone, Hazel B.Walter, if living and or if deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns, immeddate and remote of those who are deceased, the successors, assigns and trustees of Limited Oil Company and of Graves Newman Investment Company, both dissolved or defunct Corporations, the heirs, executors, administrators, devisees, trustees and assigns, immediateand remote of Sarah Smith nee McCoy, a Fullblood Cheorkee Indian, enrolled opposite Roll No.20713, deceased and of Jesse L. Harmon, a One-Half Degree Cherokee Indian, enrolled opposite Roll No.17144, deceased, as are in or awaiting induction into the Military service of the United Statse or some allied nation in the above styled cause of action and the plaintiff appearing by his attorney, W.S.Agent, and presenting the motion to the court being heard and sufficiently advised finds.

That the defendants hereby have been served with notice by publication and have made default in appearance and pleading; that plaintiff has moved for default judgment and that an attorney should be appointed to appear and represent the interests of said defendants in this cause.

IT IS THEREFORE ORDERED AND DECREED THAT _Fred_ _____ Be and is hereby appointed to appear and represent the interests of said defendants and that said attorney is hereby granted leave to file answer herein for and on behalf of said defendants.

_____
DISTRICT JUDGE

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN_____
_____COURT
DEC 29 1958
At_____O'Clock____M. and Recorded in
Book_____Page_____
By_____Court Clerk
Deputy

KEB503090

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY, STATE OF OKLAHOMA

Ada Blount,
Plaintiff,

vs.
NO. 13026

Kathleen E. Blake, Ethel J. Bourdon, Henry
C. Bourdon, George R. Bourdon, William R.
Bourdon, J. H. Brodie, Embra Marie Cloud,
Jeanette Cox, Elizabeth Duncan, R. T. Kelleam,
George A. Ralph, Sarah Louise Sprague, A. J.
Stone, Hazel B. Walter, if living and or if
deceased, the unknown heirs, executors,
administrators, devisees, trustees and assigns,
immediate and remote of those who are deceased,
the successors, assigns and trustees of Limited
Oil Company and of Graves Newman Investment
Company, both dissolved or defunct Corporations,
the heirs, executors, administrators, devisees,
trustees and assigns, immediate and remote of
Sarah Smith nee McCoy, a Fullblood Cherokee Indian,
enrolled opposite Roll No. 20713, deceased,
and of Jesse L. Harmon, a One-Half Degree Cherokee
Indian, enrolled opposite Roll No. 17114, deceased,
the Oklahoma Tax Commission and the Board of County
Commissioners, County Treasurer and County Assessor
of Sequoyah County, Oklahoma,
Defendants.

SEQUOYAH COUNTY, OKL...
FILED

IN _____

At _____ O'Clock ____ M. and ...
Book _____ _____ Page ___

## JOURNAL ENTRY

This cause coming on to be heard this 29th day of December, 19__, pursuant to special assignment on the trial docket and plaintiff appearing by her attorney, W. S. Agent and the defendants, Board of County Commissioners, County Treasurer and County Assessor of Sequoyah County, Oklahoma, appearing by R. F. Campbell, Jr., County Attorney of Sequoyah County, and the Oklahoma Tax commission having filed herein its Disclaimer and the Superintendent of the Five Civilized Tribes having filed his election not to remove said cause to the Federal Courts and those defendants who are in or awaiting induction into the military service of the United States appearing by the attorney appoi... to represent said defendants and all other defendants appearing not ... in person or by counsel are adjudged to be in default.

Thereupon, the court examined the pleadings and evidence as to the service in this cause, and finds that each and all of the defen... have been due and legally served with notice of the pendency of this action as prescribed by the laws of the State of Oklahoma, and that ... service is good and sufficient to give the court jurisdiction to proce... with the trial of this case.

KEB503091

The Court finds after having heard the statements of counsel and examined the pleadings and evidence, all material allegations contained in Plaintiffs petition to be true and that plaintiff is the owner of and in the actual possession of the following described real estate, located in Sequoyah County, Oklahoma, to-wit:

TRACT 1

S½ NE SE SE of Section 28, Township 12 North, Range 23 East,

TRACT 2

The East 70 yards of the NE NW NE of Section 33, Township 12 North, Range 23 East,

TRACT 3

E½ W½ SW NE of Section 33, Township 12 North, Range 23 East,

TRACT 4

N½ NE NE, & SE NE NE of Section 33, Township 12 North, Range 23 East,

TRACT 5

SE SE NE Section 33, Township 12 North, Range 23 East,

TRACT 6

S½ SE SE of Section 28, Township 12 North, Range 23 East, and SE NW NE & SW NE NE & E½ SW NE & W½ SE NE, & NE SE NE of Section 33, Township 12 North, Range 23 East, and NW SW NW & W½ NW NW & NE NW NW of Section 34, Township 12 North, Range 23 East,

The court further finds, that Embra Marie Cloud, if living and if deceased, the unknown heirs, executors, administrators, devisees trustees and assigns, immediate and remote of Embra Marie Cloud is claiming some right, title, interest or estate in and to that real estate described as Tract 1, but that in truth and fact said defendant has no interest therein and plaintiff has owned and held the open, notorious and adverse possession of the same for more than 15 consecutive years immediately preceding the filing of this petition, to-wit: Since 1919 and that plaintiff is entitled to a decree quieting her title against said defendant or defendants.

The court further finds, that the defendants, J. H. Brodie, and J. Stone, if living and if deceased the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote of said defendants are claiming some right, title, interest or estate in and to that real estate described as Tract 2, but that in truth and fact said defendants have no interest therein and plaintiff is entitled to a decree from this court quieting his title and possession against each and all of said defendants.

KEB503092

The court further finds that Sarah Smith nee McCoy, a fullblood Cherokee Indian enrolled opposite Roll No. 20713 died intestate on the 15 day of March, 1915 a resident of Sequoyah County, Oklahoma, seized and possessed of that real estate described as Tract 4 and left as his sole and only heir at law, his only child, Joseph E. Harmon, who took and inherited all of said real estate, the wife of said decedent having predeceased him and that thereafter the said Joseph E. Harmon sold and conveyed said real estate and by mesne processes and conveyances plaintiff became the owner thereof.

The court further finds that the defendants., R. T.Kelleam, Kathleen E. Blake, George A. Ralph, Sarah Louise Sprague, Elizabeth Duncan, Ethel J. Bourdon, William R. Bourdon, George R. Bourdon, Henry C. Bourdon, Jeanette Cox and Hazel B. Walter, if living and if deceased the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote of those who are deceased are claiming some right, title, interest or estate in and to that real estate described as Tract 5, but that in truth and fact said defendants have no interest therein and plaintiff is entitled to a decree from this court quieting his title and possession against each and all of said defendants.

The court further finds that the Limited Oil Company is a dissolved or defunct Corporation and that the successors, assigns and trustees of said dissolved or defunct Corporation are claiming some interest in or lien upon all of said real estate by virtue of that certain mortgage recorded in Book 162 at page 176 in the office of the County Clerk of Sequoyah County, Oklahoma, but that in truth and fact said mortgage has been paid and the indebtedness satisfied in full and plaintiff is entitled to a decree quieting her title against said defendants.

The court further finds that the Board of County Commissioners, County Treasurer and County Assessor of Sequoyah County, Oklahoma, are claiming some interest in or lien upon all of said real estate for taxes due and unpaid thereupon or for errors or omissions in the proceedings leading to the sale of said real estate for the non payment of taxes that in truth and fact said defendants have no interest therein and plaintiff is entitled to a decree from this court quieting her title against said defendants and the further order quieting her title against said defendants and the further order enjoining said defendants and successors in office from hereafter claiming any interest in or lien upon said real estate.

The court further finds that the Oklahoma Tax Commission by its own pleading claims and has no interest in said real estate or any part thereof.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED by the court that plaintiffs title and possession be and is hereby quieted and set at rest in Plaintiff against each and all of the defendants and that said defendants and all persons claiming by, through or under any defendants since the institution of this action be and are hereby enjoined from hereafter claiming or attempting to claim any right, title, interest or estate or equity of redemption in and to said real estate or any part thereof.

KEB503093

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that on 14th day of December, 1914, Jesse L. Harmon, a One-Half Degree Cherokee Indian, enrolled opposite Roll No. 17114 died intestate, a resident Sequoyah County, Oklahoma seized and possessed of that real estate described as Tract 4 and left as his sole and only heir at law, his only child, Joseph E. Harmon, who took and inherited all of said real estate, wife of said decedent having predeceased him and that thereafter the said Joseph E. Harmon sold and conveyed said real estate and by mesne processes conveyances plaintiff became the owner thereof.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that the 14th day of December, 1914, Jesse L. Harmon, a One-Half Degree Cherokee Indian, enrolled opposite Roll No. 17114 died intestate, a resident of Sequoyah County, Oklahoma, seized and possessed of that real estate described as Tract 4 and left as his sole and only heir at law, his only child, Joseph E. Harmon, who took and inherited all of said real estate, wife of said decedent having predeceased him and that thereafter the said Joseph E. Harmon sold and conveyed said real estate and by mesne processes and conveyances plaintiff became the owner thereof.

DISTRICT JUDGE

KEB503094