## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT    )
    )
    *Petitioner*,    )
    )
v.    )    **Case No. CV-09-00105-JHP**
    )
UNITED STATES OF AMERICA    )
    )
    *Respondent.*    )

### GOVERNMENT'S MOTION TO UNSEAL, OR TO GAIN FULL ACCESS TO MOTIONS, ORDERS, REPORTS AND PROCEEDINGS

**COMES NOW** the United States of America, by undersigned counsel, respectfully moves this Court to unseal, or alternatively grant the government access to, all sealed motions, orders, proceedings, reports or docket entries in the underlying criminal case 04-CR-115-JHP, *United States v. Kenneth Eugene Barrett.*

### *Notice Regarding Compliance with Local Rules LCvR 7.1(g) and LCrR 12.1*

Pursuant to Local Rules LCvR 7.1(g) and LCrR 12.1, counsel for the government has consulted by telephone with opposing counsel, Tivon Schardl, in Sacramento, California, and have been advised that the Petitioner objects to the government's requested relief.

### *Discussion*

The government requires access to the requested materials to adequately respond to Barrett's motion for relief under 28 U.S.C. § 2255, in which he alleges ineffective assistance of counsel in the trial and appeal underlying his conviction and final judgment of death.  (*See* Doc. 405 (filed in case no. 04-CR-115-JHP)).  By attacking the quality of the representation provided to him by trial and appellate counsel, Barrett has put privileged communications at issue, thereby waiving the

attorney-client privilege.  By making allegations about his mental health, and defense counsel's investigation of it, Barrett has placed in issue – and waived any claim of confidentiality about – previously sealed records concerning his psychological state.  This Court should, therefore, permit the government access to all currently sealed documents concerning the efforts of defense counsel and the defendant's mental health.

A.   Documents Concerning Defense Counsel's Efforts on Barrett's Behalf

A habeas petitioner's reliance on a claim of ineffective assistance of counsel waives the attorney-client privilege as to all communications with the allegedly inadequate lawyer.  *See, e.g., Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir.1997); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir.1967); *see United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (holding that an attorney may reveal otherwise privileged communications from his client to defend himself against charges of improper conduct without violating either the ethical rules of confidentiality or the attorney-client privilege).  As the Fifth Circuit has held, "where . . . the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."  *Laughner*, 373 F.2d at 327.

In this case, to facilitate a fair and meaningful review of Barrett's claims of ineffective assistance, the government requires access to the sealed records in the underlying criminal case reflecting on counsel's efforts to represent the defendant.  The government must respond to Barrett's allegations that former counsel failed to investigate, challenge and introduce evidence – including evidence of mental illness, police tactics, crime scene reconstruction, and the defendant's life history.  (*See* § 2255 Motion, claim 2.)  The government is currently hindered in drafting that

response because Barrett's claims are premised, at least in part, on sealed records. For example, in asserting that trial counsel failed to compile or present Barrett's life history, the § 2255 Motion refers to, and reveals excerpts of, sealed documents 50, 97, 107 and 128 (order adopting sealed report and recommendation, Doc. 106) 208. (*See* § 2255 Motion at 184 & 189.)

To appropriately respond to the documents upon which Barrett relies, the government requires access to them and to the other sealed records reflecting on defense counsel's efforts on behalf of the defendant, including (but not necessarily limited to) docket entries 16, 19, 20, 21, 23, 24, 25, 26, 38, 46,47, 50, 51, 57, 97, 102, 106, 107, 113, 116, 118, 123, 128, 129, 133, 207, 232, 244, 261, 262, 274, 275, 287, 293, 301, 302, 310, 316, 318, 321, and Sealed Letter 2/28/05, Sealed Hearing 3/22/05 (transcript filed 2/15/05), Sealed Budget Minutes 10/3/05, and Sealed Hearing 10/20/05.

B.  Documents Concerning Barrett's Mental Health

On September 29, 2005, this Court filed an order (Doc. 216) in response to Barrett's notice of expert evidence of a mental condition (206) and the government's responsive request for authorization to conduct a psychiatric examination on the defendant (Doc. 214). The order granted the government's request for a mental health evaluation. However, to protect Barrett's Fifth and Sixth Amendment rights, the order required that the government's "fire-walled" counsel receive all mental health documents regarding Barrett. (Doc. 206 at 3.) The order prohibited fire-walled counsel from disclosing the mental health records unless Barrett was convicted of a capital crime and confirmed his intent to offer mental health evidence during sentencing proceedings. (Doc. 206 at 6.)

Barrett was, of course, convicted of death-eligible offenses but gave notice on November 8, 2005, that he would not present mental health evidence during the penalty phase. Accordingly, the Court's order prohibits fire-walled counsel from disclosing the records in his possession. Because Barrett relies substantially upon mental health evidence in his § 2255 motion, and attacks trial counsel's investigation of such information, this Court should lift its order sealing the documents in the custody of fire-walled counsel. (*See, e.g.*, § 2255 Motion at 61-76, 226-36 & 313-17.)

By placing his mental state at issue, Barrett has waived any claim to the Fifth and Sixth Amendment rights that gave rise to this Court's order sealing the mental health records in the possession of fire-walled counsel. The Supreme Court has held that a government's use of properly obtained mental health evidence to rebut a "mental status" defense does not violate the Fifth or Sixth Amendments. *Buchanan v. Kentucky*, 483 U.S. 402, 422-24 (1987). As the Fifth Circuit has succinctly stated, "a defendant who puts his mental state at issue with psychological evidence may not then use the Fifth Amendment to bar the state from rebutting in kind." *Schneider v. Lynaugh*, 835 F.2d 570, 575 (5th Cir. 1988); *see United States v Madrid*, 673 F.2d 1114, 1121 (10th Cir. 1982) (permitting admission of evidence from a government mental health examination authorized under Fed. R. Crim. Proc. 12.2).

The mental health evidence in the custody of the fire-walled counsel is not only relevant to rebut claims about Barrett's mental health, it is also highly probative of trial counsel's efforts to investigate those issues. Barrett's present reliance on evidence of his mental condition should waive any claim of confidentiality with regard to the information in the custody of fire-walled counsel. Accordingly, the Court should lift the order sealing all the documents in the custody of fire-walled counsel, including (but not necessarily limited to) Documents 208, 210, 237 and 238.

4

### *Conclusion*

In order for the government to conduct a fair and meaningful review and respond to Barrett's § 2255 claims, the government moves this Court to unseal, or alternatively, to grant the government access to all sealed motions, orders, proceedings, reports or docket entries in the underlying criminal case 04-CR-115-JHP, *United States v. Kenneth Eugene Barrett*, and permission to refer to these materials, as necessary, when answering Barrett's claims.

Respectfully submitted,

SHELDON J. SPERLING
United States Attorney
Eastern District of Oklahoma


s/   Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
United States Attorney's Office
1200 West Okmulgee
Muskogee, OK 74401
(918) 684-5100
Fax (918) 684-5150


s/   Jeffrey B. Kahan
JEFFREY B. KAHAN, PA Bar #93199
Trial Attorney
U.S. Department of Justice
1331 F Street, N.W.; Rm. 345
Washington, D.C. 20530
Tel: (202) 305-8910

## CERTIFICATE OF SERVICE

I, hereby certify that on 24th day of July, 2009, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry, Attorney for Petitioner
Tivon Schardl, Attorney for Petitioner

s/     Christopher  J. Wilson
Assistant United States Attorney
