**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,           )
                                  )
            Petitioner,           )
                                  )
v.                                )            Case No. CV-09-00105-JHP
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

**PETITIONER'S RESPONSE IN OPPOSITION
TO THE GOVERNMENT'S MOTION TO UNSEAL, OR
TO GAIN FULL ACCESS TO MOTIONS, ORDERS, REPORTS
AND PROCEEDINGS**

**TABLE OF CONTENTS**

1.    The Government has failed to establish "good cause" or "materiality" for its overly broad requests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.    Petitioner has not waived altogether the attorney-client privilege, his protections under the work-product doctrine, and confidentiality in mental health records by raising issues relating to ineffective assistance of counsel and his mental health. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3.    Mr. Barrett objects to the Court ruling on the Government's motion prior to deciding the disqualification of the trial judge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2009)(en banc) . . . . . . . . . . . . . 8, 9, 12, 13

Bracy v. Gramley, 520 U.S. 899 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Brown v. Sternes, 304 F.3d 677 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Buchanan v. Kentucky, 483 U.S. 402 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Calderon v. United States District Court (Nicolaus), 98 F.3d 1102
(9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

Campbell v. Blodgett, 982 F.2d 1356 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 3

District Attorney's Office v. Osborne, ___ U.S. ___, 129 S. Ct. 2308 (2009) . . . . . . . . . 3

Frontier Refining, Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695 (10th Cir. 1998) . . . . . 11

Griffin v. Warden, Maryland Correctional Adjustment Center, 970 F.2d 1355
(4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Harris v. Reed, 894 F.2d 871 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Johnson v. Alabama, 256 F.3d 1156 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 9

Kimmelman v. Morrison, 477 U.S. 365 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

LaFevers v. Gibson, 182 F.3d 705 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 2

Laughner v. United States, 373 F.2d 326 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . 11

In re Lott, 424 F.3d 446 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Massaro v. United States, 538 U.S. 500 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

McGregor v. Gibson, 219 F.3d 1245 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 4

McGregor v. Gibson, 248 F.3d 946 (10th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Moore v. Johnson, 194 F.3d 586 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Schiro v. Landigran, 127 S. Ct. 1933 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Strickland v. Washington, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Strickler v. Greene, 527 U.S. 263 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tasby v. United States, 504 F.2d 332 (8th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . 10

Townsend v. Sain, 372 U.S. 293 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Ballard, 779 F.2d 287 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Burrows, 872 F.2d 915 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . 13

Wallace v. Ward, 191 F.3d 1235 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Wharton v. Calderon, 127 F.3d 1201 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Wiggins v. Smith, 539 U.S. 510 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

**STATE CASES**

Patton v. State, 784 So. 2d 380 (Fla. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,     )
         )
     Petitioner,     )
         )
v.     )     Case No. CV-09-00105-JHP
         )
UNITED STATES OF AMERICA,     )
         )
     Respondent.     )

### PETITIONER'S RESPONSE IN OPPOSITION
### TO THE GOVERNMENT'S MOTION TO UNSEAL, OR
### TO GAIN FULL ACCESS TO MOTIONS, ORDERS, REPORTS
### AND PROCEEDINGS

Petitioner, Kenneth Eugene Barrett, submits the following response to the

Government's Motion to Unseal, or Gain Full Access to Motions, Orders, Reports and

Proceedings.[1]  (Doc. #52.)

The Government seeks pre-pleading discovery of documents that are privileged

and confidential, contending it is entitled to this extraordinary remedy so that it may better

respond to Mr. Barrett's claims that he received ineffective assistance of trial and

appellate counsel, and that by raising these issues, Petitioner has waived the attorney-

client privilege.  (Doc. #52 at pp. 1-2.) The Government argues also that by raising issues

concerning his mental health, Mr. Barrett has waived any privilege or claims of

---

[1]  Mr. Barrett has filed a separate request that this Court accept the filing of this motion
out of time.  Doc. # 53, 57.

confidentiality regarding sealed records concerning his mental or psychological state.

(Doc. 52 at p. 2.)

The Government's extraordinary and over-broad requests should be denied.

**1.    The Government has failed to establish "good cause" or "materiality"
for its overly broad requests.**

Under Rule 6(a) of the Rules Governing § 2255 Proceedings, the party seeking

discovery in § 2255 proceedings must establish "good cause" for its request.  In *Bracy v.*

*Gramley,* 520 U.S. 899 (1997), the Supreme Court discussed the contours of the Rule 6(a)

"good cause" requirement.[2]  The Court held that good cause exists "where specific

allegations before the court show reason to believe that the [party] may, if the facts are

fully developed, be able to demonstrate that he is . . . entitled to relief . . . ."  *Bracy*, 520

U.S. at 908-909.  The Court of Appeals for the Tenth Circuit applies the same test.[3]  The

Government's motion makes no showing of good cause, and cites no cases in which a

court has granted discovery prior to the filing of a pleading.

Applying *Bracy*'s test *mutatis mutandis* to a habeas respondent's position, the

---

[2]  Although *Bracy* involved discovery in a § 2254 proceeding, the Rule 6(a) "good cause" requirement is identical for both § 2254 and § 2255 proceedings.  *See* Rule 6, Rules Governing § 2255 Proceedings, Advisory Committee Notes (1976 Adoption).

[3]  *LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999) ("Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery. Good cause is shown if the petitioner makes a specific allegation that shows reason to believe the petitioner may be able to demonstrate he is entitled to relief.").

Petitioner's Response in Opposition to
the Government's Motion to Unseal                    2                    Barrett v. United States of America
Case No. CV-09-00105-HJP

Government must (1) place "specific allegations before the court" that are (2) sufficient to "show reason to believe" that (3) the Government needs the requested discovery in order to "fully develop" a defense.  This test calls for a greater showing than relevance under Rule 26(b) of the Federal Rules of Civil Procedure.  *See Campbell v. Blodgett*, 982 F.2d 1356, 1359 (9th Cir. 1993).  As numerous courts have held, the good-cause standard requires the party to have a pre-existing position and show that this position could prevail if supported by the requested discovery.  *See Calderon v. United States District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (district court committed clear error in granting pre-petition discovery to petitioner because, in part, "prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery").  The Government cites no cases in which a court granted discovery prior to the filing of an answer in all likelihood because without even filing a pleading in the case, there are no "specific allegations" before the court that could be supported by the requested discovery.  *Cf. District Attorney's Office v. Osborne*, ___ U.S. ___, 129 S. Ct. 2308, 2322 (2009) (dicta stating Rule 6 would permit discovery where "habeas claim is viable").

The Government's motion fails because it contains nothing more than the type of "general and conclusory" assertions that do not constitute "good cause," particularly where the information necessary to resolve the issues is part of the existing record. *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999) (discovery denied where

allegations offered to support request were "general and conclusory" and matter could be decided on basis of record).[4]  The Government has made no specific showing that the materials it requests are necessary for it to formulate an answer to Mr. Barrett's § 2255 motion.  Indeed, Rule 5 of the Rules Governing § 2255 Proceedings only requires "the government to supplement its answers with appropriate copies or transcripts or briefs *if for some reason the judge does not already have them under his control.*"  Advisory Committee Notes (1976 Adoption)(emphasis added).  The Court already has access to the relevant documents the Government seeks, and it will perforce consider those documents in deciding whether further fact-development is appropriate.  *See* Rule 8, Rules Governing § 2255 Proceedings ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."); *cf. McGregor v. Gibson*, 219 F.3d 1245, 1253 (10th Cir. 2000) (habeas petitioner not prejudiced by failure to disclose tape where court reviewed it and found it contained nothing relevant), *reh'g granted and overruled on other grounds*, *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

---

[4]  *See also Calderon v. United States District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citing cases for proposition that "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation").  The same good-cause standard applies to petitioners and respondents in § 2255 proceedings.  Rule 6(a).  Here, the Government is merely fishing on speculation that the discovery it seeks may contain information it can artfully shape into a defense.

As the court observed in *Calderon v. United States District Court (Nicolaus)*, *supra*, discovery in habeas corpus proceedings is not available prior to the requesting party's filing of an initial pleading because it is the pleading itself that provides a basis for the court to determine whether discovery is needed. 98 F.3d at 1106. The purpose of an answer to a § 2255 petition is to address legal sufficiency of the allegations made in the petition and any procedural bars. *See* Rules 5(b), 5(c) & 8(a), Rules Governing § 2255 Proceedings. It is not necessary for the Government to access the materials it seeks in order to state whether the motion states *prima facie* grounds for relief. The information the Government needs to make that determination is included in Mr. Barrett's allegations in the § 2255 motion, which include detailed statements of what trial counsel sought and what resources, materials or information the Court denied. If there are factual disputes to be resolved, that must be done through an evidentiary hearing. Rule 8(a), Rules Governing § 2255 Proceedings; *see also Townsend v. Sain,* 372 U.S. 293 (1963) ("Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing"); *Schiro v. Landigran,* 127 S.Ct. 1933, 1940 (2007) (an evidentiary hearing is appropriate when it "could enable an applicant to prove the petition's factual allegations which, if true, would entitle the applicant to federal habeas relief").

That the Government has failed the "good cause" requirement is apparent from the justification given for its broad request to have access to sealed documents. While the Government seeks access to sealed materials that would "reflect[] trial counsel's efforts

Petitioner's Response in Opposition to
the Government's Motion to Unseal                    5                    Barrett v. United States of America
                                                                        Case No. CV-09-00105-HJP

to represent the defendant[,]" (Doc. 52 at p. 2), the Government has failed to establish the materiality of the information it seeks to obtain.  To the extent the Government is merely attempting to show that trial counsel expended a certain number of hours or resources on Mr. Barrett's case, such a showing is not dispositive of the specific claims alleged in Mr. Barrett's § 2255 motion, and therefore the information the Government seeks is not necessary to test the sufficiency of the allegations.  The question whether the Sixth Amendment was satisfied under *Strickland v. Washington*, 466 U.S. 668 (1984), cannot be resolved in the way the Government proposes:  by looking at the record to determine what counsel contemplated or did.  *See Massaro v. United States*, 538 U.S. 500, 505 (2003) (evaluation of ineffective-assistance claims requires consideration of extra-record evidence); *Kimmelman v. Morrison*, 477 U.S. 365, 386-87 (1986) (rejecting rationalization of trial counsel's conduct based on view of evidence counsel did not have at time of trial).  *See also Wiggins v. Smith,* 539 U.S. 510, 524 (2003) (focus of ineffectiveness claim is the reasonableness of counsel's investigation).

Rule 6(a) does not permit a party to cast such a wide net, as the Government does here, in the mere hope that it might ultimately turn up something relevant and probative. Rather, *Bracy* requires that the Government narrowly tailor its discovery requests, with reference to the specific allegations contained in its yet to be filed answer.  Absent something more than the speculation that expansive access to these materials is necessary

Petitioner's Response in Opposition to
the Government's Motion to Unseal                    6                    Barrett v. United States of America
Case No. CV-09-00105-HJP

for the Government to defend itself against the specific allegations raised in the §2255

motion the Government's request should be denied.[5]

Lastly, the Government's claim of need is belied by its delay in seeking the

requested discovery.  Mr. Barrett filed his motion for post-conviction relief on March 16,

2009.  This Court granted the Government 90 days in which to file an answer.  In June

2009, the Court granted the Government an additional 90 days in which to answer.

Although this Court could not have ruled on the Government's discovery motion before

the end of August, a little over three weeks before the answer is due, the Government did

not file its motion until the end of July. Given the scope of work necessary to answer Mr.

Barrett's motion, the Government's delay suggests this discovery is an after-thought and

is unnecessary to answering the allegations.

2.      **Petitioner has not waived altogether the attorney-client privilege, his protections under the work-product doctrine, and confidentiality in mental health records by raising issues relating to ineffective assistance of counsel and his mental health.**

The Government asserts broadly that because Mr. Barrett has raised ineffective

assistance of trial and appellate counsel arguments, and issues relating to his mental

---

[5]Analogously, if this were a defendant making a discovery request relating to a *Brady* claim, the defendant could not simply make a general request for material, since such a request would be overly broad, and would fail to explain what basis there is for believing that there exists within the requested materials information which would support the defendant's *Brady* claim. *See Strickler v. Greene*, 527 U.S. 263, 286-87 & n. 28 (1999) (petitioner was not entitled to discovery to support *Brady* claim he had not yet raised).

health, he has effectively and completely waived the attorney-client privilege, any confidentiality stemming from the work-product doctrine, and confidentiality in his mental health records.  This is inaccurate, and case law following the cases the Government relied upon demonstrate the inaccuracy.

The Government relies primarily upon *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997).  Mot. Unseal (Doc. #52) at 2.  However, as the same court, sitting *en banc*, subsequently held any waiver of the attorney-client privilege and the work-product privilege in connection with ineffective assistance of counsel arguments raised in post-conviction pleadings constitutes an implied, rather than an express, waiver.  *Bittaker v. Woodford,* 331 F.3d 715, 719 (9th Cir. 2009)(en banc)("The privilege may be found to have been waived by implication when a party takes a position in litigation that makes it unfair to protect the party's attorney-client communications ... The doctrine of waiver by implication reflects the position that the attorney-client privilege was intended as a shield, and not a sword.")(ellipses in original).

*Bittaker* explains the distinction between an implied and express waiver of privileged information.  *Id.* at 719.  An express waiver occurs when disclosure of the ostensibly privileged matter is made to a third party who is not bound by the privilege.  In such an instance, the Court has "no role in encouraging or forcing the disclosure – [it] merely recognizes the waiver after it has occurred."  *Id.*  Conversely, a waiver resulting from a claim of ineffective assistance of counsel is considered under the doctrine of

"implied waiver":

> The doctrine of implied waiver allocates control of the privilege between the judicial system and the party holding the privilege...The court imposing the waiver does not order disclosure of the materials *categorically*; rather the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them.  The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it.

*Id.* at 720 (emphasis added).  *Bittaker* also cautions that the:

> [C]ourt must impose a waiver *no broader than needed* to ensure the fairness of the proceedings before it.  Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose.  Courts... that have imposed waivers under the fairness principle have therefore *closely tailored the scope of the waiver* to the needs of the opposing party in litigating the claim in question.

*Id.* (emphasis added), *citing Kerr v. United States District Court*, 426 U.S. 394

(1976)(court should ensure that the "balance between the petitioner's claims of ...

privilege and plaintiffs' asserted need for the documents is correctly struck.")(ellipses in

original).  *See also, In re Lott,* 424 F.3d 446, 453 (6th Cir. 2005)("Implied waivers [such

as when a habeas petitioner raises a claim of ineffectiveness] are consistently construed

narrowly"); *Johnson v. Alabama,* 256 F.3d 1156, 1179 (11th Cir. 2001)("the precise

boundaries of the privilege will vary from case to case, and in many instances will require

careful evaluation by the district court); *Mason v. Mitchell,* 293 F.Supp.2d 819, 823-24

(N.D. Ohio 2003)("waiver in habeas cases should be limited to the extent necessary to

litigate a petitioner's ineffective assistance of counsel claims").

Rather than requesting that the Court supervise a "closely tailored" waiver of the privileges, the Government's Motion broadly requests the unsealing of every document currently under seal, cutting the Court out of the process.  Contrary to *Bittaker* and the other cases cited above, the Government seeks access to sealed material based on a "categorical" waiver of the privilege because Petitioner has raised ineffective assistance of trial and appellate counsel claims.  Should the Court grant the Government's Motion, the scope of the privileges to be waived, including documents, strategies, communications and other work-product that ought to properly remain privileged – because they are unrelated to Petitioner's claims of ineffectiveness – would be disclosed pursuant to the unilateral reckonings of the Government, as well as Petitioner's former counsel.

The cases relied upon by the Government in arguing that because Petitioner has raised ineffective assistance of counsel claims, he has totally waived any attorney-client or work-product privilege, and the Government is entitled to access to "sealed records in the underlying criminal case reflecting on counsel's efforts to represent the defendant," are inapplicable.  (Doc. 52 at p. 2)  *Wharton v. Calderon,* 127 F.3d 1201, 1203 (9th Cir. 1997), which stated generally that a claim of ineffective assistance of counsel waives the attorney-client privilege, must be read in conjunction with the Ninth Circuit's later *en banc* opinion in *Bittaker,* which addressed the limited *scope* of such an implied waiver; any implied waiver of the privilege is not absolute.  *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974), considered the waiver issue not in the context of a Government

request for disclosure even before it filed an answer to a §2255 petition, but in an appeal

following an evidentiary hearing. Likewise, *Laughner v. United States,* 373 F.2d 326,

327 (5th Cir. 1967), addressed the privilege issue on appeal following a hearing ("There is

not [sic] contention nor any indication in the record that the testimony elicited from the

attorney in this case exceeded the scope of that waiver."). *United States v. Ballard,* 779

F.2d 287, 292 (5th Cir. 1986), addressed the waiver of the attorney client privilege in a

context completely unlike that here, namely, where the defendant used an attorney's

advice to further the commission of a crime.

With respect to the work product doctrine, the Tenth Circuit has held that "the

work product doctrine extends to subsequent litigation." *Frontier Refining, Inc. v.

Gorman-Rupp Co., Inc.,* 136 F.3d 695, 703 (10th Cir. 1998). Discovery in §2255

proceedings is governed by the applicable Federal Rules of Civil Procedure. R.Gov.

§2255 Proc. 6(a). As the Court stated in *Frontier Refining,* 136 F.3d at 704: "Rule

26(b)(3) [of the Federal Rules of Civil Procedure] prevents discovery of an attorney's

work product unless (1) the discovering party can demonstrate substantial need for the

material and (2) the discovering party is unable to obtain the substantial equivalent of the

material by other means without undue hardship."

Thus, the substantial need/undue burden test applies to fact work product. Opinion

work product is, depending on the jurisdiction, either absolutely immune from discovery,

or discoverable only upon a showing of compelling need. *Frontier Refining,* 136 F.3d at

704 n. 12.  The Government here seeks materials that relate to opinion work product, i.e., the mental impressions of Mr. Barrett's trial attorneys regarding the witnesses they believed were best for the case.  At this point, the Government can neither establish a need for the documents nor an undue burden if the materials it seeks are not disclosed.  After the Government files an answer to Mr. Barrett's §2255 motion, the Court will review the motion and answer and "any transcripts and records of prior proceedings ... to determine whether an evidentiary hearing is warranted."  R. Gov. §2255 Proc. 8(a).  If the Court orders a hearing on Mr. Barrett's claims, the Government will be entitled to see the documents in question subject to an appropriate protective order.  *Bittaker*, *supra.*

The Government's contention that Mr. Barrett's § 2255 motion places him in the same position as a defendant presenting evidence of mental illness at trial is similarly specious.  Unlike *Buchanan v. Kentucky*, 483 U.S. 402 (1987), and the other cases cited on page 4 of the Government's motion, the issue here is not the existence *vel non* of privileges at trial where a defendant presents evidence of mental illness.  The trial is over. Mr. Barrett is arguing that he should be granted a new trial on the basis of evidence that was *not* presented.  His position now is more like the position when this Court initially ordered the use of a fire-walled attorney than it is like the position the Government would be in at a trial.

The Government is seeking to use evidence that was not part of the record to establish a defense.  This apparent effort to construct a post-hoc rationalization for trial

Petitioner's Response in Opposition to
the Government's Motion to Unseal
12
Barrett v. United States of America
Case No. CV-09-00105-HJP

counsel's conduct is impermissible under the governing law. *See Wiggins v. Smith*, 539 U.S. 510, 526-27 (2002) (rejecting Government's effort to supply post-hoc rationalization for trial counsel's conduct). "Just as a reviewing court should not second guess the strategic decisions of counsel with the benefit of hindsight, it should also not construct strategic defenses which counsel does not offer." *Harris v. Reed*, 894 F.2d 871, 878 (7th Cir. 1990), citing *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).[6]

3.      **Mr. Barrett objects to the Court ruling on the Government's motion prior to deciding the disqualification of the trial judge.**

Mr. Barrett has filed a motion to recuse the Honorable James H. Payne. Doc. # 45. In his § 2255 petition, and in the recusal motion, Mr. Barrett objected to Judge Payne making further rulings that effect Mr. Barrett's rights in these proceedings. Mr. Barrett reasserts that objection with regard to the Government's motion to unseal.

---

[6] *Accord United States v. Burrows*, 872 F.2d 915, 918 (9th Cir. 1989) (holding district court committed reversible error by assuming trial counsel made a strategic decision although there was no evidentiary support for the assumption); *Brown v. Sternes*, 304 F.3d 677, 691 (7th Cir. 2002) ("it is not the role of a reviewing court to engage in a *post hoc* rationalization for an attorney's actions . . . or engage in Monday morning quarterbacking"); *Moore v. Johnson*, 194 F.3d 586, 604  (5th Cir. 1999) ("Court is . . . not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all"); *Griffin v. Warden, Maryland Correctional Adjustment Center*, 970 F.2d 1355, 1358 (4th Cir. 1992) (citing *Strickland* and *Kimmelman* for proposition that "courts should not conjure up tactical decisions an attorney could have made, but plainly did not"); *Patton v. State*, 784 So.2d 380, 387 (Fla. 2000) (same as *Burrows*).

Petitioner's Response in Opposition to
the Government's Motion to Unseal                    13                    Barrett v. United States of America
                                                                         Case No. CV-09-00105-HJP

WHEREFORE, Petitioner asks that the Government's Motion (Doc. #52) be denied. If the Court does not deny the Government's motion outright, it must, at a minimum, enter a protective order consistent with that described in *Bittaker*, *supra*.

Respectfully submitted,

/s/ David Autry
David Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry44@hotmail.com

Daniel J. Broaderick
Federal Defender

/s/ Tivon Schardl
Tivon Schardl, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-5710
Tim_Schardl@fd.org

Lawyers for Petitioner
Kenneth Eugene Barrett

## Certificate of Electronic Filing and Service

I hereby certify that on this 19th day of August, 2009, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing. A copy will be served electronically to Chris Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401.

/s/ David Autry

Petitioner's Response in Opposition to
the Government's Motion to Unseal                14                Barrett v. United States of America
                                                                  Case No. CV-09-00105-HJP