# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT    )
            )
        *Petitioner*,     )
            )
**v.**              )       **Case No. CV-09-105-JHP**
            )
**UNITED STATES OF AMERICA**   )
            )
        *Respondent.*   )
            )

### GOVERNMENT'S REPLY BRIEF IN SUPPORT OF MOTION TO UNSEAL, OR TO GAIN <u>FULL ACCESS TO MOTIONS, ORDERS, REPORTS AND PROCEEDINGS</u>

**COMES NOW** the United States of America, by undersigned counsel, and respectfully replies to Petitioner, Kenneth Eugene Barrett's, Response in Opposition (Doc. 61) to the Government's Motion to Unseal, or to Gain Full Access to Motions, Orders, Reports and Proceedings (Doc. 52) (hereinafter "Motion").

As noted in its Motion, the government requires access to the requested sealed materials to adequately respond to Barrett's motion for relief under 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion"). Barrett opposes the government's request on a number of grounds, none of which find support in the law or facts.

1.    <u>The Court Should Deny the Motion to Recuse and Grant this Motion</u>

Barrett claims that this Court is disabled by the asserted need to recuse itself and, therefore, should not rule on the government's Motion. As set forth in the government's Response to Petitioner's Motion to Disqualify and Recuse United States District Court Judge James H. Payne from Further Participation in this Matter (Doc. 51), Barrett's claim that this Court should recuse itself lacks merit. Because Barrett's Motion to Disqualify should fail, the Court's rulings on the

instant Motion are not threatened by any likelihood that they will be vacated in view of some subsequent finding that the Court should have recused itself.  Still, for the sake of clarity, the government urges this Court to deny the Motion to Disqualify immediately.

2.      The Government has Established Good Cause for its Disclosure Requests

Barrett argues that the government's Motion seeks premature discovery for which it has not established good cause under Rule 6 of the Rules Governing § 2255 Proceedings.  He bases his argument concerning the lack of good cause on a contention that the government does not require the requested documents to determine whether he has stated a *prima facie* case for relief in his § 2255 Motion.  Barrett also claims that the government cannot justify its request for the sealed documents based on its intent to show that trial counsel's actions were reasonable in light of the information available to them.  Finally, Barrett argues that the government's delay in seeking these documents undermines any showing that they were requested in good faith.  (Resp. 3-8.)  None of Barrett's arguments find any support in the law or in common sense.

Under Rule 5(a) of the Rules Governing § 2255 Proceedings, the government is presently required to file an answer that "must address the allegations in the motion."  Contrary to Barrett's position, the government's obligation is not limited to determining whether the § 2255 Motion states a *prima facie* case for relief.  Barrett provides no authority for that assertion because none exists. Indeed, the Court's Order requiring an Answer to the § 2255 Motion stated as follows:

> You are requested to file a response by June 16, 2009, setting forth your position, together with applicable authorities, affidavits or other documents deemed necessary.
> Failure to file a response in compliance with our Local Civil Rule 7.1(c) will constitute waiver of objection by the party not complying, and such failure to comply will constitute a confession of the matters raised by such pleadings.

(Doc. 44.)  Thus, the Court anticipates far more of the Answer than a determination of whether Barrett has stated a prima facie claim, and the government intends to comply with the Court's mandate by substantively refuting the § 2255 claims.

In his § 2255 Motion, Barrett has directly placed at issue his mental health, his trial attorneys' investigative efforts, and this Court's willingness to fund defense resources.  To justify his claims, Barrett repeatedly refers to, and relies upon, documents to which he alone has access. (*See, e.g.*, § 2255 Mot. at 21 (citing Doc. 46, 50, 51),[1] 22 (citing Doc. 97), 23 (citing Doc. 107), 24 (citing Doc. 107), 25 (citing Doc. 51), 26 (citing Docs. 50, 107, 128; Tr. 10/3/05 Hr'g), 27 (citing Doc. 107), 28 (citing Doc. 23), 30 (citing Doc. 118), 31 (citing Doc. 113), 32 (citing Doc. 38, 50, 51; Tr. 10/3/05 Hr'g), 33 (citing Tr. 10/3/05 Hr'g) 34 (citing Doc. 50, 51, 97), 35 (citing Doc. 97; Tr. 10/3/05 Hr'g), 39 (citing Doc. 97), 142 (citing Doc. 50, 97; Tr. 3/22/05 Hr'g), 166 (citing Tr. 10/3/05 Hr'g), 170 (citing Doc. 97; Tr. 10/3/05 Hr'g), 184 (citing Docs. 50, 51, 57, 97, 128),185 (citing Doc. 46, 50, 97), 187 (citing Doc. 113), 188 (citing Doc. 188), 189 (citing Doc. 97, 107, 128), 190 (citing Tr. 10/3/05 Hr'g), 239 (citing Doc. 97), 240 (citing Doc. 97, 107), 241 (citing Doc. 51, 97, 107), 242 (citing Doc. 50, 97, 107, 128), 243 (citing Doc. 50, 97, 107), 244 (citing Doc. 50, 97, 107, 128), 245 (citing Doc. 50, 97), 276 (citing Doc. 116).  Indeed, with rare exceptions, virtually every document citation in Barrett's § 2255 Motion refers to a sealed record.  Clearly, in Barrett's view, the cited documents are highly probative of the issues in controversy.  Fundamental fairness requires that the government should have access to those documents in order to effectively respond to the allegations in Barrett's § 2255 Motion.

---

[1]The document numbers in this citation refer to the docket in Case Number CR-04-115-JHP.

The government has, of course, requested access to sealed documents that Barrett did not cite in his § 2255 Motion as it believes that they all have potential bearing on the issues at hand. In regard to the claims that trial counsel performed an ineffective investigation (*see, e.g.*, § 2255 Mot. at 61-72, 77-129 ), the government must show that the attorneys conducted a reasonable one. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). The duty to investigate depends upon the facts known to the attorney. *Wiggins v. Smith*, 539 U.S. 510, 527 (2003). It appears from Barrett's reliance on the sealed documents, most of which are requests or orders for funding, that they do indeed reflect upon the facts known to trial counsel and are, therefore, probative of the lawyers' actions. As to the claims that this Court improperly deprived the defense of necessary experts (*see, e.g.*, § 2255 Mot. at 17-42 & 237-49), Barrett must show that his attorneys adequately demonstrated the need for the requested resources. *See Liles v. Saffle*, 945 F.2d 333, 336 (10th Cir.1991); *see Allen v. Mullin*, 368 F.3d 1220, 1236 (10th Cir.2004). Presumably, any attempt to make that showing occurred in sealed funding requests, rendering their contents central to the resolution of Barrett's claims. Finally, in challenging his competence to stand trial, and his attorney's alleged failures to challenge his competence, Barrett has placed at issue the mental health information available to the Court and counsel, and presently in the custody of the government's fire-walled team. (*See, e.g.*, § 2255 Mot. 72-76, 313-17.)

Barrett cannot succeed in his argument that the government's Motion amounts to a premature request for discovery pursuant to Rule 6 of the Rules of Government § 2255 Proceedings. That rule permits discovery, with leave of court, under the Federal Rules of Criminal and Civil Procedure. *See* Fed. R. Crim. Pro. 16; Fed. R. Civ. Pro. 26 to 37. Those provisions, in turn, regulate how parties to federal actions obtain information from one another. *Id.* But in its current Motion, the

government seeks, not discovery from Barrett, but an exercise of this Court's discretion to unseal documents under Federal Rule of Criminal Procedure 49.1(d), applicable to this matter by way of Rule 12 of the Rules Governing § 2255 Proceedings.  Accordingly, Barrett's attempt to invoke Rule 6 is of no moment.

Barrett, likewise, fails in his attempt to invoke the substantive protections of discovery law. In an utterly conclusory fashion he asserts that the government's request to unseal is "over broad." While the government's request does not fall within the rules of discovery, any application of discovery principles, such as the overbreadth doctrine, undermines Barrett's argument.  In discovery, the party objecting to overbreadth has the burden of demonstrating it.  *In re Urethane Antitrust Litigation*, 237 F.R.D. 454, 458 (D.Kan. 2006) (citing *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 694 (D.Kan. 2000).  Barrett makes no effort to show that any document requested by the government falls outside the realm of reasonableness.  The government obviously cannot show the particular relevance of any individual sealed document, since it has no access to them, but believes that all the requested documents concern defense counsel's state of mind, as relevant to the § 2255 claims of ineffective assistance of counsel; Barrett's mental health, as relevant to the § 2255 claims of incompetence and mental health related ineffective assistance of counsel; or the court's reasoning in rejecting requests under 18 U.S.C. § 3006A, as relevant to the § 2255 claims that the Court underfunded the defense.  Given that Barrett makes no effort to contradict that assumption, this Court should disregard his overbreadth argument.

Barrett's contention that the government unduly delayed its request for the documents leaving it virtually no time to make use of them is irrelevant.  The date upon which the government sought these documents in no way affects the merits of its arguments in favor of obtaining them.

5

Moreover, much of the delay in discovering this issue stems from Barrett's failure to make use of citations that would have highlighted it. At no time during the initial review of the § 2255 Motion did counsel for the government have cause for concern that it lacked access to every document relied upon by Barrett. Once the issue came to light, discovery of the true scope of the issue required repeated electronic searches of the trial docket and § 2255 Motion. Given the length of § 2255 Motion, even that tedious method has likely failed to identify every instance in which Barrett relied on a document that he alone had access to.

3.      Barrett Waived the Protections of the Attorney-Client Privilege by Claiming Ineffective Assistance of Counsel

Barrett argues that his § 2255 claims of ineffective assistance of counsel merely implied a waiver of the attorney-client privilege, which this Court should narrowly construe. He further contends that the government's request, if granted, would result in an unnecessarily broad waiver of his right to the protection of privilege. He additionally claims that the government's Motion necessarily contemplates work-product that remains protected, notwithstanding any waiver of attorney-client privilege. Finally, he argues that his reliance on mental health evidence in this proceeding does not waive his interest in the privacy of the psychological reports prepared in anticipation of his trial. (Resp. 8-15.) Barrett's arguments all lack merit.

However broadly construed, Barrett's claims of ineffective assistance of counsel waived the attorney-client privilege. Indeed, Barrett's own authority leaves no ambiguity about that fact:

> It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *See, e.g., Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir.1997); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir.1967).

*Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). Barrett expends some energy trifling over the procedural posture of the cases cited by the government (and by the Ninth Circuit's *Bittaker* opinion) in a vain attempt to distinguish his own case from those matters. (*See* Resp. at 10-12.) The fact remains, however, that the federal courts recognize that a defendant cannot simultaneously claim attorney-client privilege and ineffective assistance of counsel. *Id.* Obviously, *Bittaker* does not undermine that rule and stands, instead, for the limited proposition that courts may impose protective orders when permitting the disclosure of documents that would be privileged absent a claim of ineffective assistance. *Id.* at 728.

Barrett unsuccessfully attempts to extend *Bittaker's* reach. He argues that the government's unconditional request for documents somehow offends *Bittaker* by threatening to strip the defendant of the Court's protection over any remaining claim he may have to privilege. Thus, Barrett implies that *Bittaker* places an onus on the government to moderate its requests on pain of having them denied. *Bittaker* stands for no such thing – it merely provides discretion to the courts of the Ninth Circuit to issue protective orders meant to guard whatever remains of a defendant's attorney-client privilege following the assertion of an ineffective assistance of counsel claim. Accordingly, while the government does not seek to protect any remaining vestige of Barrett's privilege, its Motion contains no fatal flaw. Indeed, the government could not reasonably be expected to seek appropriate protections for Barrett's privilege since it remains unaware of the precise content of the documents it has requested and could only speculate as to how, or even if, to limit disclosure or usage of those records. Furthermore, the government's Motion did not baldly ask this Court to unseal documents, thereby exposing them to public view, but requested in the alternative a simple grant of access and permission to rely on the records. (*See* Mot. at 5.)

7

Barrett likewise fails in his contention that the work-product privilege protects the requested documents even if the attorney-client privilege does not.  Barrett correctly observes that the work-product privilege separately protects documents.  *See United States v. Nobles*, 422 U.S. 225, 238 (1975).  But he fails to show how the work-product protection survives his constructive waiver of the attorney-client privilege.  Indeed, Barrett's own authority, *Bittaker*, undermines his argument.  *See Alvarez v. Woodford*, 81 Fed. Appx. 119, \*\*1 (9th Cir. 2003) ("As to the work product doctrine, we explained in *Bittaker* that the same concerns that dictate waiver of the attorney-client privilege by a habeas petitioner raising an ineffectiveness claim also dictate the waiver of the work product protection.") (citing 331 F.3d at 722 n.6)(Attached hereto and marked as Attachment One).

Finally, Barrett cannot succeed in arguing that, because he intends in this proceeding to rely on new mental health evidence, he retains a protected interest in the mental health reports prepared in anticipation of trial.  Barrett's argument presumes that to prevail on collateral review he need do nothing more than produce evidence helpful to the defense that he could have presented at trial.  His burdens under § 2255 are, however, far heavier.  For instance, to show that his attorneys provided ineffective assistance in failing to challenge his competence (*see* § 2255 Mot. at 72-76.), he must show that a reasonable attorney would have been on notice of a need to assess competence.  *See Foster v. Ward*, 182 F.3d 1177, 1186 (10th Cir. 1999).  To prevail on even the bare claim that he was incompetent to stand trial (*see* § 2255 Mot. at 313-17.), he "must demonstrate by clear and convincing evidence a real, substantial, and legitimate doubt regarding his competence to stand trial." *Walker v. Gibson*, 228 F.3d 1217, 1229 (10th Cir. 2000), *abrogated on other grounds in Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001).  On collateral review, the courts do not assess a defendant's newly proffered competence evidence in a vacuum, but consider the totality of the

8

mental health record to determine whether the petitioner has carried his burden of clear and convincing evidence. *See Walker*, 228 F.3d at 1229-31. Accordingly, the mental health evaluations prepared at the time of trial are entirely relevant to the issues raised in the § 2255 Motion. Barrett cannot shield them from view simply because he would prefer to rely on other evidence.

## CONCLUSION

In view of its manifest need for access to sealed documents, and the failure of Barrett's arguments to the contrary, the government respectfully urges this Court to grant its Motion to Unseal, or alternatively, to grant the government access to all sealed motions, orders, proceedings, reports or docket entries in the underlying Criminal Case 04-CR-115-JHP, *United States v. Kenneth Eugene Barrett*, and permission to refer to these materials, as necessary, when answering Barrett's claims.

Dated: August 28, 2009.

                Respectfully submitted,

                SHELDON SPERLING
                United States Attorney

s/      Christopher J. Wilson
            CHRISTOPHER J. WILSON, OBA # 13801
            Assistant United States Attorney
            United States Attorney's Office
            1200 West Okmulgee
            Muskogee, OK 74401
            (918) 684-5100
            Fax (918) 684-5150

s/      Jeffrey B. Kahan
            JEFFREY B. KAHAN, PA Bar #93199
            Trial Attorney
            U.S. Department of Justice

9

1331 F Street, N.W.; Rm. 345
Washington, D.C. 20530
Tel: (202) 305-8910

## CERTIFICATE OF SERVICE

I, hereby certify that on 28th day of August, 2009, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry, Attorney for Petitioner
Tivon Schardl, Attorney for Petitioner

s/     Christopher  J. Wilson
Assistant United States Attorney