81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.)))**

H
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,
Ninth Circuit.
Manuel Machado ALVAREZ, Petitioner-Appellant,
v.
Jeanne S. WOODFORD, Warden, California State Prison at San Quentin, Respondent-Appellee.
**No. 03-99000.**
**D.C. No. CV-97-01895-GEB-JFM.**

Argued and Submitted Oct. 6, 2003.
Decided Nov. 12, 2003.

California death row inmate filed habeas corpus petition, alleging ineffective assistance of counsel. The United States District Court for the Eastern District of California, Garland E. Burrell, J., following report and recommendation of magistrate judge, ordered petitioner to produce certain ordinarily privileged documents to the government in order for the government to defend against ineffective assistance of counsel claims. Petitioner appealed. The Court of Appeals held that: (1) petitioner was properly ordered to produce certain ordinarily privileged documents, and (2) Court of Appeals had jurisdiction to hear interlocutory order.

Affirmed.

West Headnotes

**[1] Habeas Corpus 197 ⚷⟿688**

197 Habeas Corpus

197III Jurisdiction, Proceedings, and Relief
197III(C) Proceedings
197III(C)1 In General
197k688 k. Discovery and Disclosure; Physical or Mental Examination. Most Cited Cases
Magistrate judge properly ordered habeas corpus petitioner to produce certain documents, which would ordinarily be privileged under the attorney-client privilege, to the government in order for government to defend against petitioner's ineffective assistance of counsel claims. U.S.C.A. Const.Amend. 6.

**[2] Habeas Corpus 197 ⚷⟿814**

197 Habeas Corpus
197III Jurisdiction, Proceedings, and Relief
197III(D) Review
197III(D)1 In General
197k814 k. Decisions Reviewable. Most Cited Cases
Court of Appeals had jurisdiction to hear habeas corpus petitioner's appeal from federal district court's interlocutory order requiring petitioner to produce certain ordinarily privileged documents in order for government to defend against petitioner's ineffective assistance of counsel claims; order was not a final judgment, but fit within "[that small class] of orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

**[3] Habeas Corpus 197 ⚷⟿688**

197 Habeas Corpus
197III Jurisdiction, Proceedings, and Relief
197III(C) Proceedings
197III(C)1 In General
197k688 k. Discovery and Disclosure;

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT ONE

81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.)))**

Physical or Mental Examination. Most Cited Cases
Magistrate judge properly ordered habeas corpus petitioner to produce certain documents, which would ordinarily be subject to work-product protection, to the government in order for government to defend against petitioner's ineffective assistance of counsel claims.

**\*120** Appeal from the United States District Court for the Eastern District of California; Garland E. Burrell, District Judge, Presiding.Connie Alvarez, AFP, Jennifer M. Corey, Sacramento, CA, for Petitioner-Appellant.

Brett Morgan, Lauara W. Simpton, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee.

Before SCHROEDER, Chief Judge, THOMAS, and CLIFTON, Circuit Judges.


MEMORANDUM FN*


> FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**\*\*1** [1] This is an interlocutory appeal by California death row inmate and habeas corpus petitioner Manuel Machado Alvarez. The magistrate judge ordered Alvarez to produce certain ordinarily privileged documents to the government in order for the government to defend against Alvarez's ineffective assistance of counsel claims. The district court denied reconsideration of the magistrate judge's order, and it is from this denial that Alvarez now appeals.

[2] The government challenges our jurisdiction. The district court's order is not a final judgment, but it fits within "[that small class] of orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Bittaker v. Woodford,* 331 F.3d 715, 717-18 (9th Cir.2003) (en banc). We have jurisdiction to hear this appeal.

On the merits of this appeal, our decision is controlled by our en banc decision in *Bittaker.* A habeas petitioner cannot raise a claim of ineffectiveness against his trial counsel while at the same time asserting that documents relevant to that claim are protected by the attorney-client privilege. *Id.* at 716. Here, the Magistrate Judge gave careful consideration to each document at issue, such that "only those documents or portions of documents relating to the [claim asserted by the client]" would be disclosed. *Id.* at 720 (*quoting United States v. Amlani,* 169 F.3d 1189, 1196 (9th Cir.1999)).

[3] As to the work product doctrine, we explained in *Bittaker* that the same concerns that dictate waiver of the attorney-client privilege by a habeas petitioner raising an ineffectiveness claim also dictate the waiver of the work product protection. *Id.* at 722 n. 6. The same logic forecloses Alvarez's argument that the documents are protected by the psychotherapist-patient privilege. To allow Alvarez to at once claim that his mental state was not properly investigated and presented by counsel and also claim that the government is barred from accessing information about his mental state is simply inequitable. *See id.*

AFFIRMED.

C.A.9 (Cal.),2003.
Alvarez v. Woodford
81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.))

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 81 Fed.Appx. 119, 2003 WL 22682463 (C.A.9 (Cal.)))**

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.