# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CIV-105-JHP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This post-conviction death penalty matter comes before the Court on the Government's Motion to Unseal, or to Gain Full Access to Motions, Orders, Reports and Proceedings (Doc. 52) in the underlying criminal case of *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP. The Government contends it can not fully respond to Petitioner's Motion to Vacate regarding petitioner's allegations of ineffective assistance of counsel without access to these documents. Further, by attacking the quality of the representation provided to him by trial and appellate counsel, the Government argues Petitioner has waived the attorney-client privilege and has waived any claims of confidentiality regarding his psychological records. Petitioner objects claiming "[t]he Government seeks pre-pleading *discovery* of documents that are privileged and confidential . . ." (Italics added). Doc. 61, at p. 1. As the Government's Reply correctly notes, Petitioner has raised the issues to be addressed in this matter based upon sealed court documents in his

underlying criminal case and this Court has the authority to order any document filed with the Court to be unsealed. *See*, Fed.R.Cr.P. 49(d).

The Government seeks to unseal basically two types of pleadings.[1] First, the majority of the documents the Government seeks to unseal are related to CJA budgetary matters, including *ex parte* hearings held on budget matters. Second, the Government seeks to have this Court unseal the Petitioner's Psychological Report/Forensic Evaluation conducted by the Government's expert pursuant to F.R.Cr.P. 12.2.

As a general rule, all criminal judicial proceedings are to be open to the public. *See*, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) ("*Press- Enterprise II*"); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) ("*Press-Enterprise I*"); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 67 L.Ed.2d 973 (1980); *see also* Samuel B. Sokol, Comment, *Trying Dependency Cases in Public: A First Amendment Inquiry*, 45 UCLA L.Rev. 881, 884-901 (1998). Further, "(c)ourts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)) and *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

---

[1]The Government also requests to unseal a "Sealed Hearing 10/20/05." A review of the docket sheet and Vol 11 of 27 of the Transcript of Proceedings held on October 20, 2005 establish that the courtroom was sealed following presentation of evidence to the jury and a hearing was held outside the presence of the jury. The transcript of this hearing, however, was not sealed. *See*, Doc. 339 filed in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP.

> It is the policy of this Court that sealed documents . . . . . are disfavored. Sealed documents . . . . may be approved by the Court only upon a showing that a legally protected interest of a party, non-party or witness outweighs the compelling public interest in disclosure of records.

LCvR 79.1. *See also*, LCrR 1.2 which makes the Local Rules of Civil Procedure applicable to criminal cases.

## I. Matters related to Assistance of Counsel and/or Due Process

The Criminal Justice Act, hereinafter referred to as the "CJA", provides for disclosure of attorney fees subject to certain enumerated considerations. 18 U.S.C. § 3006A(d)(4)(A). Subparagraph (C) governs disclosure after the trial has been completed and provides as follows:

> **(C) Trial completed.—**
>
> **(i) In general.—** If a request for payment is not submitted until after the completion of the trial and subject to consideration of the defendant's interests as set forth in subparagraph (D), the court shall make available to the public an unredacted copy of the expense voucher.
>
> **(ii) Protection of the rights of the defendant.—** If the court determines that defendant's interests as set forth in subparagraph (D) require a limited disclosure, the court shall disclose amounts as provided in subparagraph (B).
>
> **(D) Considerations.—** The interests referred to in subparagraphs (B) and (C) are—
>
>> **(i)** to protect any person's 5th amendment right against self-incrimination;
>>
>> **(ii)** to protect the defendant's 6th amendment rights to effective assistance of counsel;
>>
>> **(iii)** the defendant's attorney-client privilege;

> > **(iv)** the work product privilege of the defendant's counsel;
>
> > **(v)** the safety of any person; and
>
> > **(vi)** any other interest that justice may require, except that the amount of the fees shall not be considered a reason justifying any limited disclosure under section 3006A(d)(4) of title 18, United States Code.
>
> **(E) Notice.**— The court shall provide reasonable notice of disclosure to the counsel of the defendant prior to approval of the payments in order to allow the counsel to request redaction based on the considerations set forth in subparagraph (D). *Upon completion of the trial, the court shall release unredacted copies of the vouchers provided by defense counsel to justify the expenses to the court. If there is an appeal, the court shall not release unredacted copies of the vouchers provided by defense counsel to justify the expenses to the court until such time as the appeals process is completed, unless the court determines that none of the defendant's interests set forth in subparagraph (D) will be compromised.*

*Id*. (Italics added).

In an effort to deny the government access to the CJA budgetary matters which, according to the above-quoted statute, are generally open to the public following completion of the appeals process, Petitioner argues the government is requesting to conduct "discovery" pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings and that these "discovery requests" are overly broad. In an attempt to further distort the real issues herein, Petitioner's counsel cites *Calderon v. United States District Court*, 98 F.3d 1102, 1106 (9th Cir. 1996), for the proposition that "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." Counsel then suggests the Government is merely on a fishing expedition. The Court in *Calderon*, however, was addressing whether a prisoner should be allowed "pre-petition discovery." In this case, Petitioner has already

4

filed his motion to vacate[2] and the Government has been ordered by this Court to file a response to the allegations made in Petitioner's motion. While the Federal Rules of Civil Procedure no longer contain a separate list of the available discovery methods,[3] the rules specifically contemplate that "discovery" is accomplished by one or more of the following methods: (1) depositions upon oral examination or written questions;[4] (2) written interrogatories;[5] (3) production of documents or things or permission to enter upon land or other property, for inspection and other purposes;[6] (4) physical and mental examinations;[7] and (5) requests for admission.[8]

The Government is not asking to conduct "discovery." Rather, the Government seeks disclosure of this Court's files, records, transcripts, and/or correspondence relating to the judgment which is being challenged herein in order to respond to allegations which have been made by the Petitioner. While it may be true that "the Court already has access to the relevant documents the Government seeks," the Court should not have to decide whether or not to conduct an evidentiary hearing solely based upon its own review of those documents

---

[2] Petitioner's Motion to Vacate pursuant to 28 U.S.C. §2255 is analogous to the §2254 Petition for Writ of Habeas Corpus which the petitioner in *Calderon* sought discovery prior to filing.

[3] Fed.R.Civ.P. 26(a)(5) was removed in 2007.

[4] Fed.R.Civ.P. 30 and 31.

[5] Fed.R.Civ.P. 33.

[6] Fed.R.Civ.P. 34 or 45 (a)((1)(C).

[7] Fed.R.Civ.P. 35.

[8] Fed.R.Civ.P. 36.

without the Government ever having an opportunity to direct the Court to the portions of those documents which it feels bolsters its arguments and/or positions.

Further, by raising claims of ineffective assistance of counsel in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, a defendant waives his attorney-client privilege. *In re Lott*, 424 F.3d 446, 453-54 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laugner v. United States*, 373 F.2d 326, 327 n.1 (5th Cir. 1967). As the court in *Bittaker* explained:

> The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of the litigation dates back to at least *Hunt v. Blackburn*, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888), where the Court stated: "When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and Mr. Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter." *Id*. at 470-71, 9 S.Ct. 125. The Court thought this proposition so self-evident it felt no need to support it with either citation to authority or further analysis. In the intervening years, courts and commentators have come to identify this simple rule as the fairness principle. (citations omitted) The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. (citations omitted)

*Bittaker*, *supra* at 718 - 719. The court in *Bittaker*, however, recognized a distinction between an express waiver and an implied waiver. "An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Id.*, at 719.

> . . . . [T]he doctrine of implied waiver allocates control of the privilege between the judicial system and the party holding the privilege. (citation omitted) The court imposing the waiver does not order disclosure of the materials

6

> categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it.

*Id.*, at 720.

In relation to the CJA documents, Petitioner's argument is that he has not totally waived his attorney-client privilege and his protections under the work-product doctrine.[9] "The attorney-client privilege exists to protect confidential communications between client and lawyer for the purpose of securing legal advice." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992). The protection is designed to

> encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

*Upjohn Co. v. U.S.*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). A review of the CJA documents and/or transcripts, however, reveals no communications between any attorneys and the petitioner. Accordingly, this Court finds disclosure of the requested CJA matters would not violate Petitioner's attorney-client privilege.

The work product privilege, on the other hand, is "distinct from and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975). "At its core, the work-product doctrine shelters the mental

---

[9] Petitioner's counsel has not made any attempt to identify which documents and/or portions thereof should be covered by attorney client privilege as opposed to work product privilege.

7

processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Id.*, U.S. at 238. Like the attorney-client privilege, the privilege is not absolute but may be waived. *Id.*

Some of the items which the government requests to unseal clearly contain the mental impressions, conclusions, opinions or legal theories of trial counsel. For instance, in the *ex parte* motions concerning the funding of the defense,[10] defense counsel identified areas in which counsel felt investigative and/or expert services might be necessary and in the sealed budget hearing held on December 9, 2004, the magistrate judge allowed defense counsel to explain the legal reasoning behind various budgetary requests.[11] Similarly, the transcripts of other *ex parte* budget hearings included discussions with the Court about what counsel anticipated might arise in the criminal case.[12] Additionally, the sealed letter of 2/28/05 from defense counsel contains opinions of counsel among other information and Doc. 301 contains information from counsel to support the CJA voucher submitted for investigative services.

Other items which the government specifically requested be unsealed contain no such work product information. For instance, Doc. 19 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115[13] is nothing more than an order granting an *ex parte* conference

---

[10]Doc. Nos. 16, 23, 24, 25, 46, 50, 51, 57, 107, 113, 116, 118, 232, and 274 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP.

[11]Doc. No. 310 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP.

[12]Doc. Nos. 316, 318, and 321 and the transcript filed on 2/15/06 of an *ex parte* budget hearing held on 3/22/05 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP.

[13]The references to documents on pages 8-11 of this order all refer to documents which were filed in this underlying criminal case.

concerning the defense budget; Doc. 20 is simply a request from co-counsel, Roger Hilfiger, to be excused from that budget conference; and Doc. 21 is a minute order granting Mr. Hilfiger's request. Additionally, Doc. 26 is a minute order granting "defendant's sealed *ex parte* motion[14] for authorization to travel to Washington, D.C., for a conference with the Attorney General's Representative concerning authorization for seeking the death penalty in this case." Similarly, Doc. 38 is an order by the magistrate judge advising defense counsel of the procedures and/or rules which must be followed by counsel, including the submission of a proposed litigation budget, in seeking interim payment of attorneys' fees and reimbursement of costs. Doc. 47 is an order by the magistrate judge directing defense counsel to "submit a proposed defense budget that *strictly complies*" with Doc. 38. Doc. 97 is the order of this Court approving an initial litigation budget. Doc. 102 is a two sentence order by the Court authorizing defense counsel to purchase certain state court transcripts; Doc. 106 is the Sealed Report and Recommendation of the magistrate judge regarding approval of four interim CJA vouchers; and Doc. 123 is a short minute order by the magistrate judge concerning payment of interim compensation. Doc. 128 is an order affirming the magistrate's report and recommendation regarding four interim defense counsel CJA vouchers, as well as ruling on other *ex parte* defense motions. Doc. 129 is a minute order which contains no privileged information. Doc. 133 is an order appointing Bret Smith as co-counsel, setting the maximum hourly compensation rates and advising counsel of the necessity to comply with the guidelines for interim payment of attorney fees and reimbursement of costs set forth in previous court

---

[14] Doc. 25.

orders, *i.e.* Doc. Nos. 38, 97, and 128.  Doc. No. 207 is a minute order setting an *ex parte* budget hearing and Doc. 244 is a minute order granting the defendant's motion to modify the budget[15] and indicating the total budget authorized.  Doc. Nos. 261 and 262 are minute orders by the magistrate judge recommending payment of interim CJA vouchers.  Similarly, Doc. No. 275 is a minute order approving a defense request regarding the litigation budget.[16]  Doc. No. 287 is an order by the magistrate judge requiring counsel to submit a verified statement from the investigator regarding his requested fees; Doc. No. 293 is the report and recommendation of the magistrate judge regarding payment of those investigative services and Doc. No. 302 is the Order of this Court adopting that magistrate's report and recommendation.  In light of the contents of the items referred to in this paragraph and the Court's conclusion that no attorney client or work product privilege is contained in any of these items, the Court hereby orders the Court Clerk to unseal Doc. Nos. 19, 20, 21, 26, 38, 47, 97, 102, 106, 123, 128, 129, 133, 207, 244, 261, 262, 275, 287, 293, and 302 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP.

While there may have been justifiable reasons for sealing the other documents and/or transcripts discussed herein in the criminal case during pre-trial and/or trial proceedings (and to a lesser extent during post-trial proceedings), this Court finds based upon the specific allegations contained with Petitioner's Motion to Vacate, it would be patently unfair to allow Petitioner to make allegations which might be substantiated and/or refuted in part by sealed

---

[15]Doc. 232.

[16]Doc. 274.

court documents, pleadings and/or transcripts without allowing the government an opportunity to review those matters. Accordingly, as to Doc. Nos. 16, 23, 24, 25, 46, 50, 51, 57, 107, 113, 116, 118, 232, 274, 301, 310, 316, 318, 321, a sealed letter dated 2/28/05 and the transcript filed on 2/15/06 of an *ex parte* budget hearing held on 3/22/05 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP, this Court finds Petitioner has impliedly waived his attorney client and/or work product privileges but this waiver is limited to claims of ineffective assistance of counsel claims as raised in the § 2255 motion. The claims of ineffective assistance of counsel include numerous claims of failure to investigate and introduce evidence of eyewitnesses as well as mental impairment and illness among other allegations. *See*, Doc. 2 filed herein.

Because Petitioner may choose to preserve the confidentiality of these privileges, this Court will give Petitioner until September 22, 2009, to advise the Court whether he wishes to abandon any of his claims in order to preserve his privileges. In the event Petitioner decides to pursue all claims of ineffective assistance of counsel, this Court will order all of these items disclosed to counsel for the Government subject to an appropriate protective order.

**II. Matters relating to Mental Health**

Finally, the government seeks disclosure of Doc. Nos. 208, 210, 237 and 238 in *Untied States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP which they assert are mental health evidence in the custody of the fire-walled counsel. On September 23, 2005, the Defendant filed Doc. 208, Notice of Expert Evidence of a Mental Condition Pursuant to F.R.Cr.P. 12.2. Copies were served upon counsel for the government. Later that day, after the

11

Court had reviewed the document, this Court *sua sponte* entered a minute order[17] sealing the pleading to protect the privacy interests of the defendant. The Court's minute order was not intended to prevent government counsel access to Doc. 208. Further, that minute order is not and has never been sealed.

Rule 12.2 of the Federal Rules of Criminal Procedure requires a defendant to give notice if he intends to offer expert evidence of a mental condition. In pertinent part, that rule provides:

> **(b) Notice of Expert Evidence of a Mental Condition.**
>
> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must — within the time provided for filing a pretrial motion or at any later time the court sets — notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. . . . . .
>
> **(c) Mental Examination.**
>
> **(1) Authority to Order an Examination; Procedures.**
>
> \* \* \* \* \* \*
>
> **(B)** If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.
>
> **(2) Disclosing Results and Reports of Capital Sentencing Examination.**

---

[17] Doc. 210.

> The results and reports of any examination conducted solely under Rule 12.2(c)(1) after notice under Rule 12.2(b)(2) must be sealed and *must not be disclosed to any attorney for the government or the defendant unless* the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.

*Id.* (Italics added).

The records herein reveal on September 23, 2005, the defendant gave notice of expert evidence of a mental condition pursuant to Rule 12.2 of the F.R.Cr.P. *See*, Doc. 208. Thereafter the Government filed a Motion for Psychiatric Examination, Doc. 214, and the Court granted that motion, Doc. 216. Pursuant to the Order entered by this Court, a Sealed Psychological Evaluation/Risk Assessment was prepared by J. Randall Price, Ph.D., ABPP, ABPN. The entire report was provided to a fire-walled Assistant United States Attorney in the Northern District of Oklahoma. Once the fire-walled attorney received the evaluation, he filed the sealed report with the court (Doc. 237) and extracted approximately one and a half paragraphs detailing part of the conclusions of the government's expert and provided that excerpt to all counsel. *See*, Doc. 238.

The Government now requests this Court to unseal the entire forensic report arguing that the mental health evidence in the custody of the fire-walled attorney "is not only relevant to rebut claims of Barrett's mental health, it is also highly probative of trial counsel's efforts to investigate those issues. Barrett's present reliance on evidence of his mental condition should waive any claim of confidentiality with regard to the information in the custody of fire-

13

walled counsel." Doc. 52, at p. 4. Petitioner objects because no mental health evidence was offered at trial.

Although Petitioner has impliedly waived, by challenging the adequacy of counsel's investigation of mental health and/or mitigation issues, his attorney client and/or work product privileges regarding exactly what investigation was undertaken by trial counsel, this Court finds because Petitioner did not introduce evidence of his mental condition at trial, Rule 12.2(c)(2) prevents the disclosure of the evaluation conducted by the government. Accordingly, this Court denies the Government's Request to Unseal Doc. 237.

## **CONCLUSION**

For the reasons stated herein, it is hereby ordered that the Government's Motion to Unseal, or to Gain Full Access to Motions, Orders, Reports and Proceedings is:

1) GRANTED as to Doc. Nos. 19, 20, 21, 26, 38, 47, 97, 102, 106, 123, 128, 129, 133, 207, 244, 261, 262, 275, 287, 293, and 302 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP;

2) TAKEN UNDER ADVISEMENT as to Doc. Nos. 16, 23, 24, 25, 46, 50, 51, 57, 107, 113, 116, 118, 232, 274, 301, 310, 316, 318, 321, a sealed letter dated 2/28/05, and the transcript filed on 2/15/06 of an *ex parte* budget hearing held on 3/22/05 in *United States v. Kenneth Eugene Barrett*, Case No. CR-04-115-JHP, pending Petitioner's advising this Court whether he wishes to abandon any of his claims in order to preserve his privileges; and

3) DENIED as to Doc. No. 237.

14

It is further ordered that Petitioner shall have until September 22, 2009, to advise the Court whether he wishes to abandon any of his claims. In the event Petitioner chooses to not abandon any claims, Petitioner's counsel shall submit a proposed protective order regarding the pleadings addressed in paragraph 2 above which have not been unsealed by this Order.

It is so ordered on this  11th   day of September, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma