**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,           )
                                  )
        Petitioner,               )
                                  )
v.                                )        Case No. CIV-09-105-JHP
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )

**ORDER**

On September 11, 2009, this Court entered an Order taking under advisement a portion of the Government's Motion to Unseal, or to Gain Full Access to Motions, Orders, Reports and Proceedings. *See*, Doc. No. 67. Following entry of said Order, Petitioner filed a Notice of Intent Not to Abandon Claims and a Request for Protective Order. Doc. No. 68. Additionally, Petitioner submitted a Proposed Protective Order. Doc. No. 68-2.

A review of the proposed order submitted by Petitioner causes this Court some concerns. Specifically, it was this Court's understanding that Petitioner was seeking to maintain his work product privilege and, therefore, would need this Court to enter a protective order to protect such privilege while allowing him to proceed with his claims in this action. The protective order proposed by the Petitioner, however, indicates that the documents covered by the order shall not "be revealed to any person other than counsel of record for the United States and persons working under their direct supervision in connection with these Section 2255 proceedings, *unless Mr. Barrett or his counsel previously made the information public.*" Doc. No. 68-2. (Italics added). "The privilege derived from the work-

product doctrine is not absolute.  Like other qualified privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.2d.2d 141 (1975).

To the extent Mr. Barrett or his counsel have previously disclosed any information contained within the documents which the Government has requested, the documents would no longer be privileged.  Thus, there would be no reason for this Court to maintain these documents under seal or any reason for this Court to enter a protective order seeking to shield previously waived work-product privileges.  Accordingly, prior to any further ruling on the Government's Motion by this Court, Petitioner is hereby ordered to advise this Court by September 30, 2009, as to each of the documents identified in numbered paragraph 2 on page 14 of this Court's Order of September 11, 2009 (Doc. 67) whether any of the listed documents have previously been disclosed by either the Petitioner or his counsel to any other person or entity.

It is so ordered on this  23rd  day of September, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma