### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,    )
    )
        *Movant,*    )
    )
v.    )    **Case No. 6:09-cv-00105-JHP**
    )
UNITED STATES OF AMERICA,    )
    )
        *Respondent.*  )

---

### EXHIBIT 15

### TO KENNETH EUGENE BARRETT'S

### AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255

---

SEQUOYAH COUNTY, OKLAHOMA
**F I L E D**
IN DISTRICT COURT

JAN - 2 1992

KATHY REED, Court Clerk

By_____VB_____Deputy

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY

STATE OF OKLAHOMA

ISSAC C. BARRETT )
                    Plaintiff, )
                               )
vs.                            )     Case No. D92-   J
                               )
MARILYN S. BARRETT             )
                    Defendant. )

PETITION FOR DIVORCE

COMES NOW the Plaintiff and for his cause of action against the Defendant alleges and states as follows:

1. That prior to the filing of this Petition, the Plaintiff has been a resident in good faith of the County of Sequoyah and the State of Oklahoma for thirty (30) days and six (6) months respectively;

2. That the parties hereto were legally married on or about the 26th day of July, 1989 in Ft. Smith, Arkansas;

3. That as grounds for divorce, the Plaintiff alleges incompatibility;

4. That of the marriage, no children have been born, nor is the Defendant now pregnant;

5. That during the marriage of the parties, they have acquired certain property which should be equitably and fairly divided by the Court;

6. That during the marriage of the parties, they have incurred certain indebtedness which should be fairly and equitably divided by the Court;

LIAM K. ORENDORFF
ATTORNEY AT LAW
06 N. OAK STREET
SALLISAW, OKLAHOMA
74955

KEB400196

## VERIFICATION

STATE OF OKLAHOMA    )
                          )   ss:
COUNTY OF SEQUOYAH   )

     **ISSAC C. BARRETT,** of full age being first duly sworn upon his oath deposes and states:

     That he is the Plaintiff in the above and foregoing instrument; that he has read and understands the contents contained therein and further states that the same are true and correct as he verily believes.

                                                     ISSAC C. BARRETT

     SUBSCRIBED AND SWORN to before me this _3lst_ day of _December_, 199_1_.

                                             NOTARY PUBLIC

My Commission Expires:

_5/31/95_

KEB400197

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY, OKLAHOMA

STATE OF OKLAHOMA

FILED
IN DISTRICT COURT

JAN 29 1992

KATHY REED, Court Clerk

By_____Deputy

ISSAC C. BARRETT

            Plaintiff, )

vs.

MARILYN S. BARRETT

            Defendant. )

Case No. D92-1

## ENTRY OF APPEARANCE AND WAIVER

COMES NOW the Defendant herein, the undersigned, acknowledges receipt of a copy of the Petition filed and on f herein, and states that she has read and understands the sa hereby waives the issuance of service and return of process u her in this action, enters a voluntary appearance in this cau waiving all time and right to plead, answer or appear in t action, and consents that the same may be set down for trial heard by the Court at any time hereafter without notice to, in the absence of this Defendant.

The Defendant acknowledges that this Entry of Appearance Waiver has been prepared by the attorney for the Plaintiff fully understands that the attorney for the Plaintiff is un no obligation to protect and/or enforce any of the rights which the Defendant might be entitled, including the right seek the advice of counsel.

I have been presented with a (proposed) DECREE OF DIVC to be presented to the Judge who tries this case. My signat of approval has been endorsed thereon for the benefit of

JAM K. ORENDORFF
ATTORNEY AT LAW
16 N. OAK STREET
SALLISAW, OKLAHOMA
74055

KEB400198

BARRETT ENTRY OF APPEARANCE AND WAIVER
Page 2

Court in acknowledgement of the proposed property settlement
these parties.

*Marilyn S. Barrett*

SUBSCRIBED AND SWORN to before me this $3/\underline{st}$ day of *Decmb*
1991.

*Nelda J. Johnson*
NOTARY PUBLIC

My Commission Expires:
*7/30/92*

KEB400199

#6402.divdec

IN AND FOR THE DISTRICT COURT OF SEQUOYAH COUNTY,

STATE OF OKLAHOMA

ISSAC C. BARRETT

Plaintiff, )
)
)
)
vs. )
)
)
)
)
MARILYN S. BARRETT )
Defendant. )

Case No. D-92-1

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

FEB - 3 1992

KATHY REED, Court Clerk
By,_____Deputy

## DECREE OF DIVORCE

ON THIS 3rd day of February, 1992 the above entitled matter comes on for trial; Plaintiff appears in person and with counsel William K. Orendorff, and Defendant appears not; the Court examined the records, heard the evidence and statements of counsel, and based thereon finds:

That Defendant has executed and filed sufficient Entry of Appearance and Waiver; that the Court has jurisdiction over the parties and subject matter of this action;

That prior to the filing of the Petition herein, the Plaintiff had been a resident in good faith of the County of Sequoyah and the State of Oklahoma for thirty (30) days and six (6) months respectively;

That the parties hereto were legally married on or about the 26th day of July, 1989, in Fort Smith, Arkansas;

That the parties hereto are entitled to a divorce on the grounds of incompatibility;

KEB400200

That during the marriage the parties have acquired certain proper which should be equitably divided as specifically set for hereinafter;

That during the marriage, the parties incurred certa indebtedness which should be equitably divided as specifically s forth hereinafter;

That prior to the marriage of the parties, the Defenda acquired certain property which should be awarded to Defendant her separate property as specifically set forth hereinafter;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Cou as follows:

That the parties are hereby granted a Decree of Divor from each other on the grounds of incompatibility, and thei marriage relationship is dissolved and both parties release therefrom; provided, neither party shall marry any other person i the State of Oklahoma for six (6) months from the date hereof;

That the Plaintiff is awarded as his sole and separat property, free and clear of any right, title, or interest of th Defendant, the following:

The appliances which are secured for the debt to Arkansas Best Federal Credit Union;

Real Estate situated in Sequoyah County, Oklahoma, to-wit:

E$\frac{1}{2}$ NE$\frac{1}{4}$ SW$\frac{1}{4}$ and SE$\frac{1}{4}$ SE$\frac{1}{4}$ NW$\frac{1}{4}$ Section 8, Township 12 North, Range 25, Sequoyah County, Oklahoma; provided, however, that said property is subject to a lien in favor of the Defendant to secure the payment of the sum of $40,000 to the Defendant as hereinafter provided;

The Mobile Home subject to the indebtedness

2

KEB400201

thereunto;

Plaintiff's personal belongings;

That the Defendant shall divest herself of any intere whatsoever in the above described real property once the lienab. claim of the Defendant has been fully satisfied.

That the Defendant is awarded as her sole and separa property , free and clear of any right, title or interest of tl Plaintiff, the following:

1990 GMC Pickup

Bedroom Suite

All furniture she owned prior to marriage

Stock Trailer

1983 Olds Cutlass

All real estate located in Crawford County, Arkansas, to wit;

TRACT 1

All that part of the Southeast Quarter of the Southeast Quarter of Section 18, Township 9 North, Range 32 West lying South and East of the Town of Dora, Arkansas, and South and East of the right of way of Interstate Highway 40; ALL that part of the Fractional Northeast Quarter of Section 19, Township 9 north, Range 32 West, lying South and East of the right of way of Interstate Highway 40, South and East of platted Town of Dora, Arkansas, and North of the right of way of Missouri Pacific Railroad EXCEPT a part of the Southeast Quarter of the Northeast Quarter of Section 19, Township 9 North, Range 32 West heretofore deeded for Dora Cemetery and described as follows: Commencing at the 73d mile post on Oklahoma-Arkansas line, setting in the Southwest part of said Quarter, thence North 45 degrees East 7.5 chains for a point of beginning; thence North 63 degrees East 6.44 chains; thence North 3 degrees West 6.22 chains; thence South 79 degrees West 6.5 chains;

3

KEB400202

thence South 13 degrees East 4.57 chains to the point of beginning, containing 4.67 acres more or less; and, ALL that part of the West Half of the West Half of the Northwest Quarter of Section 20, Township 9 North, Range 32 West lying North of the right of way of the Missouri Pacific Railroad, being the same property described in that certain deed appearing in Book 237, page 285, Blakemore to Hogan; EXCEPT that part Commencing at the Southwesterly Corner of the Dora Cemetery which is described as an exception in that certain deed wherein Mrs. Glenn A. Blakemore was grantor and Joe Ray Hogan and Juanita Hogan, Husband and Wife, were grantees, recorded in Book 237, page 285, thence North along the Westerly line of said Dora Cemetery to the Southeasterly Corner of the Gene C. Smith property; thence Westerly along the South line of the Gene C. Smith property to the West line of the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section 19, Township 9 North, Range 32 West; thence South along the Westerly line of said Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) to the Missouri Pacific right-of-way; thence in an Easterly direction to the point of beginning; EXCEPT FURTHER the two-acre tract deeded to MARCIA BARNES by her father and mother, Joe Ray Hogan and Juanita Hogan, during their lifetimes; and SUBJECT TO that certain easement granted to Bob Bordelon by Joe Ray Hogan and Juanita Hogan, which, among other things, runs along the South end of the above-described property and along the South end of the two-acre tract deeded by Joe Ray Hogan and Juanita Hogan to MARCIA BARNES; to which both MARILYN SUE REICHERT and MARCIA BARNES, their heirs, and assigns shall have joint right of use.

TRACT 2

Lots 5 and 6, Block 5, Town of Dora, Arkansas.

TRACT 3

A part of the West Half (W½) of the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section 20, Township 9 North, Range 32 West, more particularly described as follows: Commencing at the intersection of the East line of the said West Half (W½) of the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of

4

KEB400203

said Section 20, with the northerly right-of-way line of the Missouri Pacific Railroad Company, thence north along said East line of the said W½ NW¼ NW¼ aforesaid, a distance of 420 feet to a point; thence West 210 feet; thence South to the northerly right-of-way line of the Missouri Pacific Railroad Company, thence North and East along said Missouri Pacific Railroad Company northerly right-of-way line to the point of beginning, containing two acres, more or less.

That the Plaintiff shall divest himself of any interest whatsoever in the above described real property by executing a Quit Claim Deed to Defendant within ten (10) days from the date of this Decree, however, should Plaintiff fail to do so, then this Decree shall be sufficient to effect the conveyance of Plaintiff's interest in said real property to the Defendant;

That as part of the property division Plaintiff shall pay to the Defendant the sum of forty-thousand ($40,000.00) dollars as soon as he is able to secure sufficient financing and the Defendant is hereby granted a lien on the real estate hereunder awarded to the Plaintiff to secure the payment of said sum which shall be paid to the Defendant within thirty (30) days from the date hereof.

As a further part and parcel of the property settlement agreement, the Plaintiff agrees that he shall pay any and all attorney's fees and costs that may have arisen by virtue of litigation over an easement pertaining to the above described Crawford County property, and shall hold the Defendant harmless therefore.

That the Plaintiff shall pay the following indebtedness:

The debt on the Discover Card;

The note at First National Bank of Sallisaw on the Stock

KEB400204

918

trailer and 1983 Olds Cutlass;

The indebtedness on the Mobile Home, and hold t] Defendant harmless from same.

That the Defendant shall pay the following indebtednes:

The debt to Arkansas Best Federal Credit Union on the 19S GMC Pickup;

The debt to Arkansas Best Federal Credit Union
on the household appliances;

The Personal Note to Arkansas Best Federal Credit Union and hold Plaintiff harmless from same.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Cour as a part and parcel of the property settlement agreement betwee the parties, and as a part and parcel of the division an distribution of said property, that the parties hereto shall fil a joint income tax return for the year 1991 and they shall equall divide any refund received therefrom or shall equally pay the ta obligation created thereby.

_____
WILLIAM K. ORENDORFF OBA #11950
Attorney for Plaintiff
P.O. Box 260
Sallisaw, Oklahoma  74955
(918) 775-4436

_____
ISSAC C. BARRETT, Plaintiff

_____
MARILYN S. BARRETT, Defendant

_____
ASSOCIATE DISTRICT JUDGE

6

KEB400205

#6402.

IN AND FOR THE DISTRICT COURT OF SEQUOYAH COUNTY,

STATE OF OKLAHOMA

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

FEB 18 1992

KATHY REED, Court Clerk
By_____ Deputy

ISSAC C. BARRETT
                        Plaintiff, )
                                   )
                                   )
                                   )
vs.                                )
                                   )
                                   )
                                   )
MARILYN S. BARRETT                 )
                        Defendant. )    Case No. D-92-1

## RELEASE AND SATISFACTION OF JUDGMENT

The undersigned Defendant does hereby acknowledge recei[ ] from ISSAC C. BARRETT, Plaintiff in the above-entitled cause, t[ ] sum of $40,000.00 dollars, the amount due upon the judgment render[ ] in said cause on the 3rd day of February, 1992, which said sum [ ] received and accepted in full payment and satisfaction of sa[ ] judgment with interest and costs, and in full payment a[ ] satisfaction of all fees, liens, and claims in said cause and in a[ ] to the proceeds of said judgment, and the undersigned does here[ ] release, acquit, and forever discharge the said Plaintiff, of a[ ] from all liability to and demand of the undersigned, in respect t[ ] said cause and judgment.

This release shall be filed in the Office of the Clerk [ ] said Court, and the said Clerk is hereby authorized and directed t[ ]

KEB400206

enter said release on the judgment docket of said Court and to release the said judgment of record.

Dated this 5TH day of February, 1992.

_____
MARILYN S. BARRETT, Defendant

LAW OFFICES OF HARRY SCOUFOS, P.C.
Attorneys at Law
P. O. Box 787
Sallisaw, OK  74955
(918) 775-5546

By: _____
HARRY SCOUFOS, O.B.A. #8031

2

KEB400207