**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent.* | ) | |

---

**EXHIBIT 43**

**TO KENNETH EUGENE BARRETT'S**

**AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

---

## SUPPLEMENTAL DECLARATION OF LEONARD POST

I, Leonard Post, declare the following:

I am one of the investigators contracted by the Federal Defender's office for the Eastern District of California to work on Kenneth Eugene Barrett's case in preparation for filing a motion attacking his convictions and death sentence.

As part of my investigation I attempted to locate and interview Karen Real. Previous efforts by Mr. Barrett's post-conviction attorneys and investigators to interview Ms. Real had been unsuccessful. On June 7, 2009, I was able to reach Ms. Real by telephone. Ms. Real only spoke with me for a brief period of time. She said she liked Mr. Barrett, but she believed he was under the influence of drugs in 1999 and as a result of that he had done a bad thing. I understood her to be referring to the shootout in which Trooper Rocky Eales was killed. She said bad things happen when you do drugs. Then she said, "Listen, I was told not to talk to you folks." Then she hung up. I rang her number again, but she did not answer.

During my investigation, I conducted interviews to uncover facts related to the felony child abuse charges against former assistant United States Attorney David Michael Littlefield, one of the prosecutors in Mr. Barrett's case.

On June 4, 2009, I interviewed Tim Brown in Webbers Falls, Oklahoma, where he is currently the Chief of Police. He is a former Lieutenant in the Muskogee County Sheriff's Department. At that time, he was a member of the Eastern Oklahoma Regional Child Death Review Board. He still worked at the sheriff's department when Mr. Littlefield was prosecuted for child abuse. Although he did not work directly on the case, he heard from officers who had that Mr. Littlefield had "threatened our investigators."

Chief Brown stated that Mr. Littlefield had denied the charges, that he had called the charges "bullshit" and accused the sheriff's office of "trying to get him."

Chief Brown stated that Mr. Littlefield's daughter had alleged that Dawn and Mr. Littlefield smoked marijuana in front of her and her younger brother.

Chief Brown stated that the Attorney General's Office, which I understand was brought in to handle the prosecution of Mr. Littlefield, was "terrified" that the Littlefield prosecution would open "a can of worms" because Littlefield had prosecuted big drug cases.

Chief Brown stated that the attorneys in the U.S. attorney's office thought "Littlefield was a piece of shit," but that they would not tell me that.

On June 5, I interviewed former Department of Human Services child abuse investigator Melissa Todd at her home in Muskogee, Oklahoma. While she is no longer working at DHS because she was "burnt out" by being on call 24 hours a day, she was the DHS investigator on the Dawn and Mike Littlefield case. She stated that she could not speak about the case because of the confidentiality accorded DHS cases involving children unless ordered to do so by a judge.

She asked if I had spoken to Tim Brown. I said I had and asked if she could confirm what he told me, to wit; that investigators had been threatened; that there were accusations of drug use by Dawn and Mike Littlefield; and that Littlefield had lied to investigators. While she said she could not even answer that question for confidentiality reasons, she added, "I can tell you this much, when you ask Tim Brown a question, he'll tell you like it is whether you want to hear it or not," thereby attesting to Chief Brown's honesty.

On or about June 6, 2009, I attempted to interview former deputy sheriff Jan Ray at her residence in Webbers Falls. Ms. Ray executed affidavits for search and arrest warrants for Dawn and Mike Littlefield. She refused to speak to me or let me get out of the car. She stated that I was lucky she had not just shot me as a trespasser, and she called the police from her cell phone and gave them my license plate number or pretended to. In no uncertain terms and in a threatening voice she told me to get off her property when I rolled down my window and attempted to introduce myself. I was never able even to tell her my name let alone the purpose of my visit.

During my recent trip to Oklahoma, I continued the longstanding efforts of Mr. Barrett's post-conviction counsel to obtain records related to the *Littlefield* prosecution. On June 4, 2009, I asked the Muskogee County District Attorney's office for the name of the judge in the Mike Littlefield case and was told that they could not give me that information because the case had been expunged.

On June 4, I asked the criminal court clerk of Muskogee County for records in the Mike Littlefield case and was told that because of the expungement I could not see them without a court order.

On June 3, I interviewed John David Luton, who was the district attorney of Muskogee County when the Littlefields were prosecuted. Mr. Luton is now the first deputy district attorney of Sequoyah County, Oklahoma. Because he and Mr. Littlefield were both assistant district attorneys in Muskogee County at the same time, Mr. Luton recused his office before he had even seen "one piece of paper in the case." Tim Brown confirmed this to me.

Mr. Luton was surprised and somewhat upset when I told him the child abuse case against Mike Littlefield was "sealed" (the term I used because I had not yet heard that the record was "expunged"). Mr. Luton stated that it was not the type of case—involving violence against children—which ever gets sealed for "myriad reasons," including the possibility that Mr. Littlefield might seek to adopt a child. He wanted to know who the judge was who sealed the records and who had represented the State. I have been unable to obtain that information.

I declare under penalty of perjury that the foregoing 4-page declaration is true and correct.

Executed by me this 9th day of June, 2009, in New York County, New York.

Leonard Post