**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent.* | ) | |

---

**EXHIBIT 54**

**TO KENNETH EUGENE BARRETT'S**

**AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

---

## DECLARATION OF SUSAN OTTO

I, Susan Otto, declare the following:

I am the Federal Defender for the Western District of Oklahoma. I am admitted to practice in the courts of the State of Oklahoma, the various federal district courts in Oklahoma, the United States Court of Appeals for the Tenth Circuit, and the United States Supreme Court. The Federal Public Defender Organization for the Western District of Oklahoma, through the Capital Habeas Unit, provides representation to qualified inmates on Oklahoma's death row who are seeking habeas corpus review in the Western, Northern, and Eastern Districts of Oklahoma. In accordance with our Criminal Justice Act Plan, we maintain a list of attorneys who have been approved by a selection committee and the United States District Judges as qualified to serve as counsel in capital habeas cases initiated pursuant Title 28, United States Code, Section 2254. This listed is referred to in the Plan as the Special Death Penalty Habeas Corpus Panel.

I am familiar with certain issues surrounding the appointment of counsel for the federal capital trial of Kenneth Eugene Barrett. At the time Mr. Barrett was charged in federal court, the Federal Defender for the Northern and Eastern Districts was Paul Brunton. Julia O'Connell was one of the Assistant Federal Public Defenders in Mr. Brunton's office. It was my understanding Mr. Brunton's office was not able to accept the appointment in Mr. Barrett's case because of its prior appointment in *United States v. Fields*, a federal capital prosecution initiated in the Eastern District of Oklahoma.

1

United States District Judge James H. Payne, who was presiding in Mr. Barrett's case, contacted me. Mr. Brunton referred Judge Payne to me because I had access to the list of capital habeas panel attorneys. To my knowledge, Judge Payne did not consult with the Administrative Office of the United States Courts or with federal capital resource counsel either before or after contacting me.

I told Judge Payne there were two attorneys in Oklahoma who were qualified by specific experience to serve as lead counsel in a federal capital case. My opinion was based on my personal knowledge of the attorneys' experience, the general criteria contained in Title 18, United States Code, Section 3005, and the ABA Standards for Appointment of Counsel in Capital Cases. Both of the attorneys were members of the Special Death Penalty Habeas Corpus Panel, but also had direct experience in litigating capital cases initiated under the procedures specific to federal prosecutions.

I knew Robert Nigh Jr. had been one of the attorneys in *United States v. Timothy McVeigh*, the federal capital prosecution resulting from the bombing of the Alfred P. Murrah Building in Oklahoma City. Also, Mr. Nigh represented Cody Glover in a capital case filed in Kansas. That case was resolved without a trial. *United States v. Cody D. Glover*, Dist. Kansas No. 6:98-cr-10059-MLB. Based on Mr. Nigh's experience, I considered him "learned in the law applicable to capital cases" and thus qualified to serve as lead counsel in Mr. Barrett's case. Mr. Nigh's office was located in Tulsa, Oklahoma.

2

I knew Gary Peterson had tried a federal capital case filed in Kansas. *United States v. Bountaem Chanthadara,* Dist. Kansas No. 6:94-cr-10128-MLB. Mr. Peterson successfully represented Mr. Chanthadara on appeal. *United States v. Chanthadara,* 230 F.3d 1237 (10th Cir. 2000). *Chanthadara* was Mr. Peterson's second successful appeal in a federal capital prosecution. Mr. Peterson represented John Javilo McCullah, who was convicted and sentenced to death in Eastern District of Oklahoma Case Number CR-92-32-S. Mr. McCullah's death sentence was reversed and the case was remanded by the Tenth Circuit. Mr. Peterson continued his representation of Mr. McCullah. The case was resolved without a retrial. In addition to the federal capital prosecutions, Mr. Peterson had considerable experience in capital litigation through his representation of Oklahoma death row inmates in post conviction representation. I believed Mr. Peterson was "learned in the law applicable to capital cases" and was qualified to serve as lead counsel in Mr. Barrett's case. Mr. Peterson's office was located in Oklahoma City, Oklahoma.

I recall Judge Payne expressed his desire to appoint a lawyer or lawyers from the Eastern District. None of the attorneys on the list of qualified capital habeas panel attorneys were from the Eastern District.

I suggested to Judge Payne that he could appoint John Echols of Tulsa, Oklahoma. Mr. Echols represented Mr. Barrett in two of the state court prosecutions and would have been familiar with the case. I knew under federal law Mr. Barrett was entitled to at least two

3

attorneys. I felt it was feasible to pair Mr. Echols with an attorney experienced in federal court practice.

During my conversations with Judge Payne, he seemed reluctant to appoint Mr. Echols, but eventually he did so. Roger Hilfiger, a former United States Attorney practicing in Muskogee, Oklahoma, was appointed co-counsel. I did not suggest Mr. Hilfiger's appointment to Judge Payne. It is my understanding Mr. Echols withdrew from representing Mr. Barrett over funding issues. It is also my understanding that after Mr. Echols was permitted to withdraw, Mr. Hilfiger was elevated to first chair and a Muskogee attorney, Brett Smith, was appointed second chair. After Mr. Echols withdrew from the case, I was not consulted by Judge Payne with respect to the appointment of substitute counsel.

Another option that could have been pursued was the appointment of counsel from another Federal Public or Federal Community Defender office. Several offices had attorneys who were experienced in federal capital litigation, including the Federal Public Defender in Los Angeles and the Federal Community Defender in San Diego. In light of Judge Payne's desire to appoint counsel from the Eastern District of Oklahoma, this option was not discussed.

My next contact with Judge Payne about this case occurred when lawyers were needed to represent Mr. Barrett in his post conviction motion pursuant Title 28, United States Code, Section 2255. Judge Payne reminded me of the fact I had recommended John Echols as trial counsel, and that my suggestion did not work out. I told Judge Payne I believed two

4

experienced lawyers in capital litigation needed to be appointed. My opinion was based on the statutory language guaranteeing "one or more attorneys" to represent a capital defendant in post conviction review. 21 U.S.C. §§ 841(q)(4)(B), (q)(5), and (q)(7); *recodified as* 18 U.S.C. §§ 3599(a)(2), (c), and (d). Judge Payne broached the idea of appointing an inexperienced lawyer who practiced in the Eastern District as second chair counsel. Judge Payne expressed the idea the lawyer could "train" on Mr. Barrett's case and then be available for future capital appointments in the Eastern District.

In my discussions with Judge Payne regarding the appointment of counsel for Mr. Barrett, whether at the trial level or in subsequent litigation, he consistently expressed his desire to appoint counsel from the Eastern District of Oklahoma.

I declare under penalty of perjury that the foregoing five page declaration is true and correct.

Executed by me this 8th day of September, 2009, in Oklahoma City, Oklahoma County, Oklahoma.

Susan M. Otto
Federal Public Defender
Western District of Oklahoma

5