**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent.* | ) | |

---

**EXHIBIT 65**

**TO KENNETH EUGENE BARRETT'S**

**AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

---



# UNITED STATES DISTRICT COURT
EASTERN AND NORTHERN DISTRICTS OF OKLAHOMA

February 22, 2005

Chambers of
JAMES HARDY PAYNE
Chief Judge
Eastern District of Oklahoma

!OI N. 5th Street, Muskogee, OK 74401
P.O. Box 2459, Muskogee, OK 74402
(918) 684-7940 (phone)
(918) 684-7941 (fax)

Mr. John David Echols
Attorney at Law
P.O. Box 701196
Tulsa, OK 74170-1196

Re:     *United States of America* v. *Kenneth Eugene Barrett*
        Case No. CR-04-115-P

Dear Mr. Echols:

I have reviewed a copy of the eight ex parte budget requests you have submitted in the above referenced case. After reviewing your preliminary litigation budget, I have several questions I would like you to address prior to any action being taken in this matter.

First, while I recognize this is a death penalty case, the total number of hours you estimate will be expended is more than four times the number of hours billed in the most complex criminal case that has come before this court to date. Because you have defended Mr. Barrett in two earlier state prosecutions based on the underlying facts of this indictment, it was my understanding from both you and the Public Defender there would be a substantial savings in the amount of time that would be required for you to represent the defendant. Specifically, what, if any, savings do you foresee because of the previous trials? Further, how are those savings reflected in the proposed budget now before the court?

Second, the statute requires that I establish the amount of compensation necessary to provide "fair compensation." In order to determine the amount of compensation that would be fair in this particular case, I am requesting that you advise me of the amounts paid for you to represent Mr. Barrett in each of the two previous state trials, including the number of hours that was billed to the Oklahoma Indigent Defense System for each of those trials. Additionally, I would like to know the amounts paid for experts and investigators in each of the state trials and how many hours work was required by each expert and investigator?

Third, the number of hours you have requested for legal research on items such as search and seizure, jury selection, and the death penalty appear to be issues that undoubtedly would have been researched thoroughly prior to the state court trials. Can you explain why you would need to do anything other than update your previous research? From what I understand of this case, the facts are the same. The only difference is the federal criminal statute which your client is now charged with violating. Why do you need anything other than updating your previous research?

KEB010540

Mr. John David Echols
February 22, 2005
Page Two

Fourth, other than service of subpoenas, for what purpose do you anticipate using an investigator? Can you not use the documents which you obtained through the state court investigators? Also, you have indicated a fact investigator will charge less than a mitigation investigator. In addition, please explain why you anticipate a higher per hourly rate for the mitigation investigator vs. the fact investigator.

It appears the Magistrate Judge has, on at least two occasions, advised you that your budget request should be specific enough for this court to determine what legal services you intend to provide. While Judge White entered an order, prior to my assignment of this case, authorizing all motions and pleadings to be filed ex parte and under seal, this court is prepared to modify that order if counsel does not disclose sufficient information to justify the budget submitted. See 18 US.c. ~ 3006A(d)(4)(D). To the extent you have dealt with what I believe to be the essential facts of this case in two state prosecutions, I assume you have developed a detailed strategy for the defense (e.g., how much time you plan to spend each week on this case and exactly what task each attorney will be assigned in preparation for this federal case).

Finally, regarding your Sixth Motion for Funding of Expert, 21 US.C. ~ 848(q)(9) provides "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." As I understand the history of this matter, you have litigated the central facts of this case in two state court proceedings, using many of the experts you are now requesting authority to engage. What, if anything, is unique about the federal case that would prevent disclosure of your intent to rehire the same individuals (e.g., would such revelation divulge attorney/client privilege or work product)? See 18 US.C. ~ (d)(4)(D). It appears this information might actually help resolve this case more expeditiously by allowing the government an earlier opportunity to object to the admissibility and perhaps allowing the court to rule on the admissibility issues prior to expenditure offunds for experts which might not be allowed to testify at trial.

I request you give this inquiry your earliest possible attention.

Sincerely,

James H. Payne

cc:    Mr. Roger Hilfiger
       Attorney at Law
       P.O. Box 791
       Muskogee, OK 74402

KEB010541