**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent.* | ) | |

---

**EXHIBIT 68**

**TO KENNETH EUGENE BARRETT'S**

**AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )     Case No. CR-00-21-Ø S |
| | ) |
| THOMAS DOSS GANN, | ) |
| RALPH DOUGLAS GANN, | ) |
| KAREN JEAN REAL and | ) |
| IRENE MARIE GANN also known | ) |
| as Irene Baker, | ) |
| | ) |
| *Defendants.* | ) |

<u>**MOTION FOR REDUCTION OF SENTENCE
FOR DEFENDANT KAREN JEAN REAL
PURSUANT TO RULE 35**</u>

COMES NOW the plaintiff, the United States of America, by and through Sheldon J.

Sperling, United States Attorney for the Eastern District of Oklahoma, and D. Michael

Littlefield, Assistant United States Attorney for the Eastern District of Oklahoma, and moves this

Honorable Court for a reduction of the sentence of Karen Jean Real pursuant to Rule 35(b),

Federal Rules of Criminal Procedure, for the following reasons:

Rule 35(b)(2) states, in pertinent part, upon the government's motion:

> made more than one year after sentencing, the court may reduce the
> sentence if the defendant's substantial assistance involved (C)
> information, the usefulness of which could not reasonably have
> been anticipated by the defendant until more than one year after
> sentencing and which was promptly provided to the government
> after its usefulness was reasonably apparent to the defendant.

Karen Real testified on behalf of the government in the case of *United States v. Kenneth Eugene Barrett*, and her testimony, in the estimation of the undersigned, constituted substantial assistance warranting a reduction of sentence.

The government filed a complaint alleging capital murder against Kenneth Eugene Barrett in September 2004. In preparation for the Indictment, the undersigned caused Karen Jean Real to be writted to the Eastern District of Oklahoma from the Federal Correctional Institution in which she was incarcerated. The undersigned was aware that Ms. Real had common associations with Barrett. It was hoped that Ms. Real had information that would be of assistance in the prosecution of Kenneth Eugene Barrett and that she would be willing to provide that information. Upon Ms. Real's return to the Eastern District of Oklahoma, the undersigned met with her and learned that Ms. Real had, in fact, associated directly with Mr. Barrett for a substantial period of time during the calendar years of 1997 and 1998. Ms. Real was willing to speak truthfully and freely about information relating to Barrett, his drug dealing activities, and his involvement with firearms. Ms. Real spoke freely, openly, and in the opinion of the undersigned, truthfully. The undersigned advised Ms. Real that there was the possibility that she would be utilized as a witness in the ultimate trial against Kenneth Eugene Barrett. She expressed a willingness to testify without hesitation or reluctance.

One of the strategies utilized by the government in the Barrett prosecution was to establish Barrett's substantial drug distribution activities as well as his extensive involvement with firearms and his willingness to utilize those firearms in the advancement of his drug distribution activities, including the utilization of those firearms against law enforcement officials. Ms. Real testified regarding Mr. Barrett's providing her with methamphetamine as well

as his commercial methamphetamine business operations of which she was aware. Ms. Real further testified freely at his trial regarding the firearms that Barrett had in his residence. Her testimony revealed that Barrett always carried firearms with him in relation to his drug distribution activities. Ms. Real further testified that any time a vehicle with which Barrett was unfamiliar would approach his residence, he would retrieve a firearm.

Ms. Real met on more than one occasion in preparation for trial testimony with the undersigned. During those pretrial meetings, Ms. Real was fully cooperative, answering all questions to the best of her ability, and suggesting areas about which she might be able to testify which could potentially be beneficial to the government. Especially impressive to the undersigned, Ms. Real freely advised when she was unaware of information in response to specific questions asked of her. While Ms. Real spoke freely about matters of which she was familiar and aware, it was clear that Ms. Real restricted herself to only those items about which she absolutely certain. She never "guessed" in an effort to enhance her testimony, even though it might enure to her benefit. Ms. Real was uncertain as to the exact dates of her involvement with Barrett and her observations of his commercial drug operations. She limited the time frames about which she was able to testify to periods of which she was certain, even though she knew there was the possibility that the Court could rule those time periods to be too remote to allow her testimony even though such would limit her ability to assist the government to her personal disadvantage. The undersigned has no doubt that Ms. Real's testimony was truthful and was limited to subject matters about which she was certain.

While Ms. Real's testimony was delayed for a substantial period of time, Ms. Real presented the information at the earliest possible opportunity for her to assist the government.

3

The government first presented this matter to a grand jury in November 2004. Ms. Real, at approximately that time, was first approached by the government regarding the knowledge she had involving Kenneth Eugene Barrett. At that time, Ms. Real spoke freely and continued to do so during the duration of her assistance to the government.

While ultimately multiple civilian witnesses spoke of Barrett's drug dealing activities, his use of firearms, and his threats to law enforcement, Ms. Real was the first to do so. Her willingness to provide truthful testimony regarding Barrett's activities made it easier for the subsequent witnesses to come forward . She was the first and cooperated willingly and courageously. Her assistance was substantial and created an environment in which others could cooperate as well. She is clearly deserving of a reduction in her sentence in consideration of her efforts.

Respectfully submitted,

SHELDON J. SPERLING
United States Attorney

D. MICHAEL LITTLEFIELD, OBA # 5461
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
(918) 684-5100

## CERTIFICATE OF MAILING

I hereby certify that on this _15_ day of ~~February~~ March, 2006, a true and correct copy of the foregoing was mailed, with proper postage fully prepaid thereon, to: Michael Abel, Attorney for Karen Real, One West Third Street, Suite 1225, Tulsa, OK 74103-3532.

DML:ljh

4

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-00-21-FHS |
| | ) | |
| KAREN JEAN REAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The government has moved the court pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for an order reducing the sentence of incarceration previously imposed upon Defendant for the following convictions: (1) conspiracy to manufacture, possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846 (Count One), (2) maintaining a place for the purpose of manufacturing, distributing and using methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count Three), and (3) possessing a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Five). Having considered the government's motion, the court concludes a reduction of Defendant's sentence of incarceration is warranted under the facts and circumstances as outlined in the government's motion.

Defendant was originally sentenced to a term of 108 months of incarceration on Count One, a concurrent term of 60 months of incarceration on Count Three, and a consecutive term of 60 months of incarceration on Count Five. The total sentence imposed was 168 months (fourteen years) of incarceration. Defendant has been in federal custody since March 2000 - some six years into her fourteen-year sentence. The government's motion under Rule 35 is

1

based upon Defendant's cooperation and testimony during the investigation and subsequent trial of Kenneth Barrett. During the course of the prosecution of Kenneth Barrett, Defendant provided the government with significant information about Kenneth Barrett – information relevant to his drug dealing activities and his involvement with firearms. In the court's opinion, substantial assistance was provided by Defendant in the government's successful federal court prosecution of Kenneth Barrett. Under these circumstances, the court finds Defendant is entitled to some sentencing relief for her substantial assistance provided to the federal authorities.

Turning to the extent of the reduction, the court finds that after having considered the factors enumerated under the policy statement of United States Sentencing Guideline § 5K1.1, a reduction in Defendant's sentence to time served on each of the three counts of conviction is warranted. Consequently, it is ordered that Defendant's sentence be reduced to time served on each of Counts One, Three, and Five, and that Defendant be released from custody forthwith. The original terms of supervised release imposed in this case shall remain in effect.

**IT IS SO ORDERED** this 25th day of April, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

2

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case    Case 6:00-cr-00021-FHS    Document 160    Filed in USDC ED/OK on 05/11/2006    Page 1 of 6 (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern _____    District of _____ Oklahoma

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

V.

KAREN JEAN REAL

Case Number:       CR-00-00021-003-S

USM Number:      03760-063

**FILED**

**MAY 1 1 2006**

Date of Original Judgment: February 27, 2001
(Or Date of Last Amended Judgment)

Michael A. Abel
Defendant's Attorney

~~WILLIAM B. GUTHRIE~~
Clerk, U.S. District Court

By:_____
Deputy Clerk

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

■ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

■ was found guilty on count(s)   1, 3, and 5 of the Superceding Indictment.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to Manufacture, Possess w/ Intent to Distribute, and Distribution of Methamphetamine. | March 2, 2000 | 1 |
| 21:856(a)(1) & 18:2 | Maintaining a Place for the Purpose of Manufacturing, Distributing and Using Methamphetamine. | March 2000 | 3 |
| 18:924(c) & 2 | Possession of a Firearm During and in Relation to a Drug Trafficking Offense. | January 12, 1999 | 5 |

The defendant is sentenced as provided in pages 2 ___ through 6 ___ of this judgment. The sentence is imposed pursuant to the provisions of 18 U.S.C. § 3553(a).

☐ The defendant has been found not guilty on count(s) _____

■ Count(s)  6 and 7 of the Superseding Indictment   ☐ is   ■ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 25, 2006
Date of Imposition of Judgment

_____
Signature of Judge

FRANK H. SEAY, U.S. DISTRICT JUDGE
Name and Title of Judge

EOD:    5/11/06
Date

Sheet 2 — Imprisonment                                                                  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___2___ of ___6___

DEFENDANT:          KAREN JEAN REAL
CASE NUMBER:        CR-00-00021-003-S

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of :

  \*    <u>Time Served on each of Counts One, Three and Five, and that the defendant be released from custody forthwith.</u>

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___3___ of ___6___

DEFENDANT:       KAREN JEAN REAL
CASE NUMBER:     CR-00-00021-003-S

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
5 years on each of Counts One and Three, and a term of 3 years on Count Five. Said terms of supervised release shall run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

■   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement; and

14)  the defendant shall submit to urinalysis testing as directed by the probation officer.

AO 245C     (Rev. 12/03) Amended Judgment in a Criminal Case
            Sheet 3C — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

                                                                    Judgment—Page ___4___ of ___6___

DEFENDANT:          KAREN JEAN REAL
CASE NUMBER:        CR-00-00021-003-S

## SPECIAL CONDITIONS OF SUPERVISION

(1)    The defendant shall participate in a program approved by the United States Probation Office for the treatment of narcotic
       addiction, drug dependency, or alcohol dependency, which will include testing to determine if she has reverted to the use
       of drugs or alcohol.  If it is determined by the Probation Officer that the defendant is in need of a residential drug/alcohol
       treatment program, the defendant shall participate in such treatment as directed by the Probation Officer and remain in the
       treatment facility until discharged.

Judgment—Page ___4___ of ___6___

AO 245C  (Rev. 12/03) Amended Judgment in a Criminal Case
　　　Sheet 5 — Criminal Monetary Penalties                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___5___ of _____6_____

DEFENDANT:　　　　KAREN JEAN REAL
CASE NUMBER:　　　CR-00-00021-003-S

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ |

☐　The determination of restitution is deferred until_____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐　The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ | $ |
|---|---|---|

☐　Restitution amount ordered pursuant to plea agreement  $_____

☐　The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐　The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　☐　the interest requirement is waived for　☐　fine　☐　restitution.

　　☐　the interest requirement for the　☐　fine　☐　restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 12/03) Amended Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments                              (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of    6

DEFENDANT:     KAREN JEAN REAL
CASE NUMBER:   CR-00-00021-003-S

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☐  Lump sum payment of $ _____ due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B   ■  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ■ F below); or

C   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ■  Special instructions regarding the payment of criminal monetary penalties:

        A special assessment of $100 on each of Counts One, Three and Five, for a total of $300, is due immediately and shall be made payable to the U.S. Court Clerk for the Eastern District of Oklahoma, P.O. Box 607, Muskogee, OK 74402.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.