**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent.* | ) | |

---

**EXHIBIT 111**

**TO KENNETH EUGENE BARRETT'S**

**AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

---

## DECLARATION OF STEVE LEEDY

I, Steve Leedy, declare as follows:

I am an investigator with the Capital Trial Division of the Oklahoma Indigent Defense System, Sapulpa office. I was one of the investigators assigned to assist John Echols and other defense counsel in the state trials of Kenneth Eugene Barrett. I was assisted by investigator Jack Stringer, also of this office. Before Mr. Barrett's first state trial, Mr. Echols had an "outside" mitigation investigator named Roseann Schaye. It is my understanding that she did mitigation work-up, and exhausted the funds that had been made available to her by OIDS. Ms. Schaye requested additional funding to continue her investigation, but it was not approved. I retrieved her work product, which included life history documents such as school, medical, psychiatric, employment, birth, marriage, and divorce records.

Mr. Stringer and I are former law enforcement officers. I'm not a mitigation expert. Before and during Mr. Barrett's first and second state trials, his attorneys and Mr. Stringer and I investigated guilt/innocence issues. I am generally aware that a proper mitigation investigations entails compiling a complete social and background history on the defendant and his family. I reviewed documents and reports in the file Ms. Schaye provided. I conducted some interviews for the purpose of mitigation.

I am familiar with the fact that John Echols, who was lead counsel for Mr. Barrett in his state case, was appointed to represent him in federal court.

1

At some point, Mr. Echols withdrew. At the OIDS Sapulpa office, we possessed the investigative file that had been compiled with respect to Mr. Barrett's state case. This included, among other things, reports of interviews I did, reports of interviews Mr. Stringer conducted, the reports that had been done by mitigation investigator Roseann Schaye, as wells as records she retrieved, including from Eastern State Hospital, the Bill Willis Community Health Center, and Wagoner Community Hospital concerning Mr. Barrett. I had learned that Roger Hilfiger became lead counsel. During the time Mr. Hilfiger represented Mr. Barrett in federal court, I don't recall being contacted by him. The OIDS investigative file I referred to above remained at the OIDS office, and was not picked up by either Mr. Hilfiger or his staff who worked on Mr. Barrett's federal case. This file was retrieved in I believe 2008 by David Autry, one of Mr. Barrett's current lawyers.

OIDS Capital trial investigators are salaried employees and as a part of our employment do not work on federal trial cases and did not work on Mr. Barrett's 2005 federal trial. I don't recall statements from individuals to the effect that Mr. Barrett had stated repeatedly, or even stated, that he would "go out in a blaze of glory" if the police tried to raid his property. If that statement was made we would have confronted such witnesses at Mr. Barrett's state trial, and a thorough investigation into the records, character, background and reputations of each such witness.

2

The information detailed in the preceding paragraph was related by me to one of Mr. Barrett's current attorneys and an investigator currently working on Mr. Barrett's federal case. I have carefully reviewed the contents of this declaration.

I declare under penalty of perjury that the foregoing declaration is to the best of my recollection true and correct.

Executed by me this _12_ day of March, 2009, in _____Creek_____ County, Oklahoma.

_____
Steve Weedy

3