## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT, )
                                    )
                Petitioner, )
                                      )
vs.                                   )    Case No. 09-CIV-105-JHP
                                      )
UNITED STATES OF AMERICA, )
                                      )
                Respondent. )

## <u>ORDER</u>

On March 16, 2009, Petitioner filed a "Motion for Collateral Relief, To Vacate, Set Aside, or Correct Sentence, and for a New Trial." Doc. 1. This document was 395 pages long and had three attachments which contained Exhibits 1-60. Thereafter, on March 17, 2009, Petitioner filed a Second "Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial." Doc. 2. The docket entry indicates this second motion is a "Corrected" Motion to Vacate. This document, however was 397 pages long and contained no attachments. Following filing of these two documents, the Court ordered the government to respond to Petitioner's Motion to Correct Sentence pursuant to 28 U.S.C. Section 2255 by June 16, 2009. Doc. 44. When the government sought leave for a six month extension of time to respond, Petitioner objected to anything more than a 60 day extension. Doc. 48. This Court granted an extension of time for the government to respond until October 16, 2009. Doc. 50. On September 25, 2009, Petitioner filed a document entitled "Amended Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial." Doc. 70. The main document is 453 pages long with ten attachments, which consist of Exhibits 1-10.

While no leave of court was necessary for Petitioner to file his Motion to Vacate pursuant to 28 U.S.C. § 2255, Petitioner sought no leave of court prior to filing any of the subsequent documents.[1]

While the Rules of Civil Procedure apply in this action, unlike most civil actions, this case involves a Motion to Vacate a conviction and sentence which occurred following a criminal jury trial. In denying Petitioner's Motion to Toll the Statute of Limitations, this Court in a footnote cited Rule 15 of the Federal Rules of Civil Procedure as a potential mechanism to allow amendment of a properly filed motion to vacate. Since, however, Rule 15 of the Federal Rules of Civil Procedure clearly contemplates amendments to a civil complaint prior to, during or after trial, Petitioner should have sought leave of court prior to filing amended or corrected pleadings herein. To the extent Petitioner waited for more than six months following the filing of his voluminous Motion to file an amendment without seeking prior leave of court, this Court finds Petitioner should show cause why this Court should now allow an amendment to his motion. Therefore, this matter is set for show cause hearing and a scheduling conference on October 6, 2009 at 2:00 p.m. in Courtroom 1 of the United States Courthouse, Muskogee, Oklahoma.

It is so ordered on this _29th_ day of September, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] It should be noted that none of the documents referenced in this paragraph comport with the standard form adopted in the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(c). *See also*, LCvR 9.2. Further, LCvR 7.1(c) requires every motion, application, or objection to be filed as a separate pleading.