**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**


| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CIV-105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |


**PETITIONER'S EMERGENCY MOTION TO VACATE
SHOW CAUSE ORDER OR CONTINUE HEARING DATE
TO PROVIDE ADEQUATE NOTICE AND AN OPPORTUNITY
TO BE HEARD AND BRIEF IN SUPPORT OF MOTION**

**TABLE OF CONTENTS**

I.    Introduction and Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  Grounds for Vacating or Modifying the Order to Show Cause . . . . . . . . . . . . . . . . . . . . 4

      A.    The Show-Cause Order Provides No Meaningful Notice or
           Opportunity to be Heard  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    Under Clearly Established Law Petitioner was Right to File
           his Amended Petition on September 25, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      C.    To the Extent Leave is Requires, it Should be Granted to Petitioner  . . . . . . . . . 15

IV.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TABLE OF AUTHORITIES

### FEDERAL CASES

Buder v. Merrill Lynch, 644 F.2d 690 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Calderon v. Ashmus, 523 U.S. 740 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conley v. Gibson, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000),
    *cert. denied,* 532 U.S. 907 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Davis v. United States, 417 U.S. 333 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fama v. Commissioner of Correction Services, 235 F.3d 804 (2nd Cir. 2000) . . . . . . . . . . . . . 8

Foman v. Davis, 371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Ford v. Wainwright, 477 U.S. 399 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gillette v. Tansy, 17 F.3d 308 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Mayle v. Felix, 545 U.S. 644 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Moore v. Balkcom, 716 F.2d 1511 (11th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . . . . 5

Rick-Mik v. Equilon, 532 F.3d 963 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Riley v. Taylor, 62 F.3d 86 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 19

United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . 8, 19

United States v. Guerrero, 488 F.3d 1313 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . 9, 13, 14

United States v. Pittman, 209 F.3d 314 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Saenz, 282 F.3d 354 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Thomas, 221 F.3d 430 (3rd Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Woodford v. Williams, 263 F.3d 1135 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## DOCKETED CASES

United States v. Sablan and Leon Guerrero, E.D. Cal. Case No. 08-cr-259-OWW  . . . . . . . . . 6, 7

## FEDERAL STATUTES

28 U.S.C. § 2242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 2244(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 2244(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2255 para. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

Fed. R.Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 15(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 15(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 20

Fed. R. Civ. P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 09-CIV-105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**EMERGENCY MOTION TO VACATE SHOW CAUSE ORDER**
**OR CONTINUE HEARING DATE TO PROVIDE ADEQUATE**
**NOTICE AND AN OPPORTUNITY TO BE HEARD**
**AND BRIEF IN SUPPORT OF MOTION**

**I.      Introduction and Summary of Argument**

Petitioner, Kenneth Eugene Barrett, by and through his undersigned counsel, hereby moves this Court to vacate or modify the order filed September 29, 2009, which directs counsel for Petitioner to show cause, at a hearing scheduled for October 6, 2009, why "this Court should now allow an amendment" to Mr. Barrett's Motion to Vacate Convictions and Sentences pursuant to 28 U.S.C. § 2255, which was filed on September 25, 2009. (Doc. 74)

Mr. Barrett respectfully submits this Court should vacate or modify its order for the following reasons: (1) This Court's order should be vacated, or, at a minimum, modified to provide more time to respond because the Order is unclear and, with only one week's notice, provides inadequate notice of the issues and affords Petitioner no

1

meaningful opportunity to be heard in violation of his rights to due process and to have his case heard by a fair and unbiased court. (2) A show-cause hearing is unnecessary because under precedent from the Supreme Court and Court of Appeals for the Tenth Circuit it is clear that Rule 15 of the Federal Rules of Civil Procedure (a) applies to these proceedings and (b) authorized Mr. Barrett to file his amended petition without leave of court. (3) A show-cause hearing is unnecessary under the law because, to the extent Mr. Barrett might have been required to seek leave of court, that leave is to be freely given and it would be an abuse of discretion to withhold leave under the circumstances of this case.

Mr. Barrett is filing this motion out of necessity. By making these arguments and seeking this relief he is not waiving his contention that the Honorable James H. Payne is disqualified from these proceedings and should recuse himself. Mr. Barrett's counsel have been diligently preparing a petition for writ of mandamus through which to pursue recusal, but have been unable to complete that petition before it became necessary to file this motion.

## II.    Background

This Court's September 29, 2009 order states that Mr. Barrett filed a §2255 motion, with exhibits, on March 16, 2009 (Doc. 1), as well as a corrected motion on March 17, 2009 (Doc. 2); that the court directed the Government to respond to the §2255 motion by June 16, 2009 (Doc. 44); that the Government sought a six month extension of

2

time to respond to the motion, and that Petitioner objected to anything beyond a 60 day

extension (Doc. 48); that the court granted the Government an extension of time to

October 16, 2009 to respond to the motion (Doc. 50); and that Petitioner filed an amended

§2255 motion, with exhibits, on September 25, 2009.  In its order, the court states that

"[w]hile no leave of court was necessary for Petitioner to file his Motion to Vacate

pursuant to 28 U.S.C. §2255, Petitioner sought no leave of court prior to filing any of the

subsequent documents."  (Doc. 74, Order at 1, 2)

This Court's order asserts that although the Federal Rules of Civil Procedure apply

to this action, it is unlike most civil actions because it involves a motion to vacate

conviction and sentence imposed in a criminal jury trial.  The court's order notes that

when the court previously denied Mr. Barrett's motion to toll the one-year period of

limitations under the AEDPA, it cited Fed.R.Civ.P. 15 as "a potential mechanism to allow

amendment of a properly filed motion to vacate."  The order states that since Fed.R.Civ.P.

15 "clearly contemplates amendments to a civil complaint prior to, during or after trial,

Petitioner should have sought leave of court prior to filing amended or corrected

pleadings herein."  The Court's order concludes by assuming that Petitioner "waited for

more than six months following the filing of his voluminous Motion to file an amendment

without seeking prior leave of court," and then "finds Petitioner should show cause why

this Court should now allow an amendment to his motion."  Order (Doc. 74) at 2.

////

### III.   Grounds for Vacating or Modifying the Order to Show Cause

For the following reasons, the court's order to show cause should be vacated:

### A.   The Show-Cause Order Provides No Meaningful Notice or Opportunity to be Heard

The order to show cause should be rescinded, or, at a minimum, modified and any hearing should be continued, because it provides inadequate notice both in terms of the substance of the issues to be addressed at the hearing, and the time the Court allotted for Petitioner's counsel to prepare for the hearing. The Order provides no opportunity to counsel to consult with Petitioner or for him to be present.

The show-cause order is vague as to what the Court's position is, and the basis for the order. The operative paragraph on page 2 of the Order suggests the Court has concluded that Rule 15 of the Federal Rules of Civil Procedure does not or may not apply to this case. There may be a suggestion that by curing a defect in the form of his motion, the Court deems that correction to be an amendment, requiring leave of court before another amendment could be filed, assuming Rule 15 applies. If Rule 15 does not apply there is no indication in the Order what law the Court is proceeding under such that Petitioner would have notice of the requirements he must meet to satisfy the Court. The Order also contains suggestions in a footnote that Petitioner must seek leave to file his amended petition in a form other than the precise form appended to the Rules Governing Section 2255 Cases. However, as to all these matters, which individually could involve complex questions of fact and law, the Order presents Petitioner with no clear statement

4

of law or fact.

Proceeding on the show-cause order would violate general due process requirement that "adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 313 (1950). Constitutional notice, to be adequate, must be "reasonably calculated, under all the circumstances," to apprise the affected parties of the requirements they must meet; it "must be of such a nature as reasonably to convey the required information, and it must afford a reasonable time for those interested" to make their case. *Id.*, 339 U.S. at 314 (internal citations omitted).

The show-cause order provides Petitioner one week in which his counsel may prepare only oral argument on issues that ordinarily would be raised by a party in a motion following which the responding party would have at least 30 days to respond. The Court issued the show-cause order at a time when Petitioner's counsel were preparing to meet another, intervening deadline the Court imposed, i.e. the requirement that Petitioner file a document on September 30, 2009. The Court also was aware when it entered the show-cause order that Petitioner had moved to recuse Judge Payne, and that Mr. Barrett could be prejudiced from delay in seeking appellate relief from the denial of that motion.

The Court also was aware that one of Mr. Barrett's lawyers is visually impaired and resides approximately 2,000 miles away from the Eastern District of Oklahoma. The Federal Defender Office for the Eastern District of California will have to expend funds

unnecessarily for Mr. Schardl's travel and lodging arrangements to attend a hearing which should not occur because, as argued *infra*, Rule 15 permitted Petitioner to file his amended motion without prior leave of court. The Court's indifference to the expense associated with travel on such short notice stands in sharp contrast to the strict controls over the public fisc at trial, as reflected in Claims 1, 2, and 3, of the § 2255 motion.

At the time the Court entered the show-cause order Mr. Schardl was scheduled to be away from his office on October 1, 2009, for an inspection of discovery documents in Atwater, California. (Decl. Tivon Schardl appended hereto.) This trip is part of another federal death penalty case, *United States v. Sablan and Leon Guerrero*, E.D. Cal. Case No. 08-cr-259-OWW. Mr. Schardl also was under a summons to appear for jury duty beginning October 5, 2009, which date was set following a postponement he received in order to complete Mr. Barrett's amended petition. *Id.*

Although he arranged to postpone jury service for another week, it remains unclear whether Mr. Schardl will be able to appear at the hearing. As stated in his letter to this Court seeking appointment, Mr. Schardl is an adjunct professor at the University of the Pacific, McGeorge School of Law. He is currently teaching a seminar that meets for two hours every Monday evening. Unless he can find a substitute or reschedule, in order to appear for the hearing, Mr. Schardl would have to cancel this class. As this Court is aware, Mr. Schardl is visually impaired. He is unable to drive from the nearest airport in Tulsa to the courthouse in Muskogee on the day of the hearing. Due to airline schedules,

in order to arrive in time, he must travel to Tulsa on Monday and get a ride from lead counsel to court on Tuesday.  *Id.*

To the extent the September 29 Order requires Petitioner to address such complex issues as whether Petitioner may have filed a previous amendment, whether the Court has the discretion to strike a capital § 2255 pleading based on assertions in a footnote regarding matters of form, whether any part of the amended petition relates back to the initial petition, the vagueness of the Order and its seven days' notice denies Mr. Barrett an essential element of due process: the opportunity to substantiate his position before it may be adjudicated.  *See Ford v. Wainwright*, 477 U.S. 399, 414 (1986).

For the foregoing reasons, and those that follow, the show-cause order should be vacated.  Should this Court be unable to resolve the matters raised in the order after consideration of this Motion, it should issue another order or memorandum clarifying the issues, and afford Petitioner a reasonable time, perhaps 30 days, to brief the issues before setting another hearing date.

B.     **Under Clearly Established Law Petitioner was Right to File his Amended Petition on September 25, 2009**

A show cause order is inappropriate in the circumstances of this case.  The text of Rule 15, and the manner in which it or the Rule has been interpreted by the courts in connection with collateral attacks in § 2254 and § 2255 cases, demonstrates that Mr. Barrett was within his rights amend his motion "as a matter of course" on September 25, 2009 without prior leave of court.

This Court's suggestion in its order that Rule 15 is of questionable applicability in these §2255 proceedings, and provides only a "potential mechanism" for amending a §2255 motion, conflicts with Supreme Court precedent and precedent from every circuit, including the Tenth Circuit.   It also conflicts with 28 U.S.C. § 2242.  *See, e.g., Mayle v. Felix,* 545 U.S. 644, 655 (2005)("§ 2242 specifically provides that habeas applications 'may be amended ... as provided in the rules of procedure applicable to civil actions.";  Court acknowledged Fed.R.Civ.P. 15 applies to habeas proceedings by virtue of §2242); *See also Davis v. United States*, 417 U.S. 333, 344 (1974) ("there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute").

Even before the Supreme Court decided *Felix*, it was uncontroversial that Rule 15 applied in §2255 and §2254 proceedings.  As the court recognized in *United States v. Saenz,* 282 F.3d 354, 355 (5th Cir. 2002), "every circuit that has addressed this issue agrees the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations, 28 U.S.C. §§2244(d)(1) and 2255 does not render Rule 15 inapplicable to federal habeas proceedings."  *See Calderon v. Ashmus,* 523 U.S. 740, 750 (1998) (Breyer, J., concurring); *Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 814-16 (2nd Cir. 2000) (applying Rule 15 to § 2254 case based on decisions from the Third, Fourth, and Eighth Circuits applying the rule in § 2255); *United States v. Espinoza-Saenz,* 235 F.3d 501, 503-04 (10th Cir. 2000) (§ 2255 motion); *United States v. Thomas,* 221 F.3d 430, 436 (3rd Cir.

2000)(Rule 15 applies to §2255 action as long as the petitioner is not seeking "to add an entirely new claim or new theory of relief"); *Davenport v. United States,* 217 F.3d 1341, 1344-46 (11th Cir. 2000), *cert. denied,* 532 U.S. 907 (2001); *United States v. Pittman,* 209 F.3d 314, 317-18 (4th Cir. 2000); *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir. 1999).

In light of this controlling precedent contrary to the Court's suggestion that Rule 15 may not apply to these proceedings, the show-cause hearing is unnecessary. As the Court observes, Mr. Barrett has not previously filed an amendment to his petition, and he has not been "served with a responsive pleading" from the Government. Fed. R. Civ. P. 15(a)(1)(A). Therefore, Mr. Barrett had a right to "amend [his] pleading once as a matter of course," Fed. R. Civ. P. 15(a)(1), without seeking the leave of court that should be "freely" given in other cases. Fed. R. Civ. P. 15(a)(2). The Supreme Court's decision in *Mayle v. Felix*, *supra*, leaves no room to question that in a collateral proceeding, "[b]efore a responsive pleading is served, pleadings may be amended once as a 'matter of course,' *i.e.,* without seeking court leave." *Felix*, 545 U.S. at 655. *See also, e.g., United States v. Guerrero,* 488 F.3d 1313, 1316 (10th Cir. 2007)("Under Fed.R.Civ.P. 15(a), a party may amend its pleading once as a matter of course prior to response by the opposing party. Guerrero filed his memorandum before the government responded, so it is timely with respect to Fed.R.Civ.P. 15(a)."); *Rick-Mik v. Equilon,* 532 F.3d 963, 977 (9th Cir. 2008)("First, Rick-Mik did not even need permission to amend before the district court if

9

it truly wanted to amend its complaint. Under Federal Rule of Civil Procedure 15(a), 'a party may amend its pleading once as a matter of course ... before being served with a responsive pleading.'").

The Supreme Court's reasoning in *Felix* also runs contrary to this Court's suggestion that the time between Mr. Barrett's initial and amended petitions is significant for purposes of whether the amendment was properly filed as of right. The Supreme Court expressly considered that there can be delay between the filing of a petition and an answer and "[i]n federal habeas cases that time can be rather long[]"). *Felix*, 545 U.S. at 663. It was the Government's choice to delay its answer.

Significant to the question of whether Mr. Barrett had an absolute right to file his amended petition without leave of court under Rule 15(a)(1)(A), the Supreme Court in *Felix* rejected the habeas petitioner's argument that any such problem with the limitations period could be remedied by the fact that Rule 15(a)(2) requires leave of court or written consent of the opposing party before an amended petition is filed *after* a responsive pleading is served. The habeas petitioner's argument "overlook[ed] a pleader's right to amend without leave of court '*any time before a responsive pleading is served*.' Rule 15(a)." *Mayle v. Felix,* 545 U.S. at 663 (emphasis added).

Petitioner's counsel put the Court and Government on notice in January that they faced significant difficulties in preparing the petition. The Government conceded in February 2009 that Petitioner established extraordinary circumstances justifying equitable

10

tolling of the statute of limitations.  While Petitioner's counsel have diligently been working to gather available evidence to support his claims, and to amend those claims as additional evidence came to light, the Government admitted in its first request for additional time to answer that it had done nothing to comply with the Court's first order for an answer until roughly ten days before the answer was due.  There is no cause for this Court to penalize Petitioner for exercising his right to amend given that the need was precipitated in part by the extraordinary circumstances previously raised, and given that he amended within a time period that grew in part due to the Government's delay and asserted need for additional time.[1]

The show-cause order indicates this Court assumed Rule 15 does not apply to these proceedings and therefore "Petitioner should have sought leave of court prior to filing amended or corrected pleadings herein."  Order (Doc. 74) at 2.  Petitioner is, and at all times has been, unaware of any statute, rule or case that requires prior court authorization before a party may re-file a document correcting its form.  Case law and the Advisory

_____

[1] While the court's concern that the amended motion was filed some six months after the timely motion is met because Rule 15(a)(1)(A), without qualification, permits an amendment without leave of court before a responsive pleading is served, the court's order makes it apparent that Petitioner and the Government are not "being fed out of the same spoon," so to speak.  The court is requiring Petitioner to show cause why his amended motion should be allowed, when it is clearly permitted by Rule 15(a).

To the extent the Court is considering taking action against Petitioner due to the time that elapsed between the filing of the initial and amended motions, while the Court expressed no concerns about the Government's lack of diligence prior to June 16, 2009, and made no inquiry thereafter, that disparate treatment is further evidence of bias in these proceedings.

11

Committee Notes on Rule 2(b) of the Rules Governing Section 2255 Cases make clear

that Mr. Barrett was entitled to file a corrected motion and that the correction – adding a

verification – was not an "amendment" within the meaning of Rule 15(a).

When Rule 2 was amended in 2004, the Advisory Committee said the following:

> Current Rule 2(d), which provided for returning an
> insufficient motion has been deleted. The Committee believed
> that the approach in Federal Rule of Civil Procedure 5(e) was
> more appropriate for dealing with motions that do not
> conform to the form requirements of the rule.  That Rule
> provides that the clerk may not refuse to accept a filing solely
> for the reason that it fails to comply with these rules or local
> rules.  Before the adoption of a one-year statute of limitations
> in the Antiterrorism and Effective Death Penalty Act of 1996,
> 110 Stat. 1214, the moving party suffered no penalty, other
> than delay, if the motion was deemed insufficient. Now that a
> one-year statute of limitations applies to motions filed under §
> 2255, see 28 U.S.C. § 2244(d)(1), the court's dismissal of a
> motion because it is not in proper form may pose a significant
> penalty for a moving party, who may not be able to file
> another motion within the one-year limitations period. Now,
> under revised Rule 3(b), the clerk is required to file a motion,
> even though it may otherwise fail to comply with the
> provisions in revised Rule 2(b). The Committee believed that
> the better procedure was to accept the defective motion and
> require the moving party to submit a *corrected* motion that
> conforms to Rule 2(b).

Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2,

2004 Amendments, Advisory Committee's Note (emphasis added).  Were this Court to

have required leave before Mr. Barrett corrected the formal defect in his motion, it would

have been contrary to Rule 2 and an abuse of discretion under *Guerrero*, *supra*.[2]

Petitioner, by filing a corrected motion on March 17, 2009, which merely added a verification, corrected a defect, and did not amend in any way the substance of the motion. Correcting the motion to add a verification did not impact either the concerns of Rule 2 or the notice concerns which are at the heart of Rule 15. In its order, this Court appeared to recognize that a corrected motion and an amended motion are distinct types of pleadings. Order at 2 (". . . Petitioner should have sought leave of court prior to filing *amended or corrected pleadings* herein") (emphasis added). The purpose of a verification is to provide evidence that the petitioner can substantiate his claims. Without the verification, Petitioner's first-filed motion had attached to it over 170 exhibits which

---

[2] In the footnote to its order to show cause, the court states Mr. Barrett's original and amended §2255 motions do not "comport with the standard form adopted in the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(c)." The court also references LcvR 9.2, and states that LCvR 7.1(c) "requires every motion, application, or objection to be filed as a separate pleading."

Mr. Barrett's original and amended §2255 motions are in compliance. Rule 2(c), of the Rules Governing Section 2255 Cases states, in pertinent part, that "[t]he motion must *substantially follow* either the form appended to these rules or a form prescribed by a local district court rule." (emphasis added) LCvR 9.2 states in substance that if a §2255 motion is not on the form provided by the court's website, it should supply the court with the equivalent information required by the form. The information required by either form is contained within Mr. Barrett's §2255 motions. Counsel knows of no instance anywhere in the United States where a §2255 motion in a federal death penalty case not on a "standard form" has been found wanting where the pertinent information required on such forms is provided within the motion, regardless of format. Additionally, Mr. Barrett has complied with LcvR 7.1(c), because every motion – the original, corrected and amended §2255 motions – has been filed as a separate pleading. When the corrected motion was filed, the court clerk would not permit the exhibits which had been filed with the non-verified motion to be filed again.

were cited in the petition, and established that there is abundant evidence to substantiate his claims.

That a "corrected motion" which adds a verification is not an "amended motion" for purposes of Rule 15 was made clear in *United States v. Guerrero, supra*, 488 F.3d at 1315-17. In that case, a §2255 petitioner timely filed a verified motion, and later filed a supporting memorandum containing a new claim before the 1-year limitation period expired. The memorandum containing the new claim was unverified and thus did not comply with Rule 2(b). The Tenth Circuit remanded the case to the district court, holding "[p]ursuant to the Advisory Committee Notes to Rule 2 ... Guerrero should have an opportunity to conform his motion to Rule 2(b)'s procedural requirements. See §2255 Rules, Advisory Committee Notes, 2004 amendments (noting that court should allow movant to submit *corrected* motions conforming to Rule 2(b))". *Id*. at 1316-17 (emphasis added). In footnote 3, the court stated that remand to allow petitioner to conform the pleading to Rule 2(b)'s requirements was especially appropriate "in light of the strenuous requirements for filing a second or successive motion" under 28 U.S.C. §2255 para. 8 and 28 U.S.C. §2244(b). *Id*. at 1317. The court stated that "[u]pon remand, the court should give Guerrero an opportunity to file an amended §2255 motion *and/or* a memorandum signed under penalty of perjury." *Id*. at 1314 (emphasis added). There was no question that Guerrero was correcting the form of his petition. Thus, Petitioner had the option under Tenth Circuit law either to correct the form of the motion itself or file a separate

14

memorandum. Neither has any significance under Rule 15, which, as shown *supra*, applies to these proceedings.

For the foregoing reasons, and those that follow, the show-cause order should be vacated in that it is clear under controlling law that by filing his amended petition on September 25, 2009, Mr. Barrett was exercising his right under Rule 15(a)(1) of the Federal Rules of Civil Procedure to amend his petition once before the Government answered. In that the above-cited authorities establish that Mr. Barrett was not required to seek leave of court prior to filing his amended petition, the show-cause hearing, and expense involved, is unnecessary. To the extent these authorities do not resolve the issues raised in the show-cause order, Petitioner lacks sufficient notice of those issues, and Petitioner sufficient time to prepare a response.

**C.     Should this Court Interpret the Law to Require Leave, it Should be Granted to Petitioner**

Mr. Barrett has shown above that his amended motion filed on September 25 (and the corrected motion filed on March 17, 2009) were properly filed without leave of court, and that the show cause order should be vacated. Mr. Barrett filed his amended petition in reliance upon the above-cited authorities.

Out of an abundance of caution, however, even if it could be said simply for the sake of argument that any leave of court was required, the court should permit the corrected and amended motions to be fully considered in the interest of justice. Where an amendment is filed following the service of a responsive pleading, which is not the case

15

here, a court should "freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).

This is particularly true where, as here, no new claims in the amended petition[3] and

therefore there is no violation of the statute of limitations and no prejudice to the

opposing party, which in this case has not even filed its responsive pleading.  In the

following section, Petitioner presents grounds for allowing his amendment.  He has had

less than one week to prepare these arguments.  If he was not justified in relying upon

existing law indicating that he was entitled to amend on September 25 without leave of

court, this Court should give him adequate notice of that opinion and afford him an

opportunity fully to prepare grounds for allowing amendment.  The show-cause order

does not provide sufficient notice either of the grounds upon which he is required to seek

leave, the criteria the Court will consider in deciding whether to grant leave, and any

other factors that may bear on this issue.

The phrase "freely given" in Rule 15(a)(2) is a limit on a district court's discretion.

*Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir. 1994); *Riley v. Taylor,* 62 F.3d 86, 90, 92

(3rd Cir. 1995)(denial of leave to amend was reversible error; "the district court's order

denying Riley leave to amend his petition for a writ of habeas corpus is inconsistent with

the exercise of sound discretion in light of Rule 15(a)'s command that amendments

---

[3]  The amended petition contains twenty claims, whereas the initial petition contained 19.  However, Claim 19 of the Amended Petition groups under one heading the various allegations of ineffective assistance of appellate counsel that appeared under different headings in the initial motion.  Thus, while there is one additional claim, numerically, substantively, there is no new claim.

16

should be freely allowed when justice so requires.")

Refusal to allow amendment of a §2255 motion in a capital case, where the cost to Petitioner may be his life, and where the Government can claim no prejudice, would be a particularly extreme abuse of discretion, and contrary to the Supreme Court's statement in the seminal Rule 15(a) case that "the purpose of pleading is to facilitate a proper decision on the merits." *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)); *see also, Moore v. Balkcom,* 716 F.2d 1511 (11th Cir. 1983) (affirming denial of leave to amend on "futility" grounds, but noting that "[c]ertainly in a capital case, the district court should be particularly favorably disposed toward a petitioner's motion to amend").  Considering the corrected motion as an amendment would be contrary to *Foman*.  Refusal to allow a habeas litigant to amend his petition in order to expand or clarify claims already made would constitute an abuse of discretion.  *Gillette v. Tansy, supra.*

Declining leave to amend must be justified.  *Foman v. Davis,* 371 U.S. at 182; *Riley,* 62 F.3d at 90.  Permissible justification for refusing to allow amendment include: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice to the opposition; 4) repeated failures to correct deficiencies with previous amendments; and 5) futility of the amendment.  *Foman,* 371 U.S. 182; *Riley,* 62 F.3d at 90.  None of these potential justifications for denying an amendment is present here.

The amendment filed on September 25 does not create "undue delay" because Mr.

17

Barrett has already timely moved for relief under § 2255; his amendment was properly filed without leave of court *before* the Government has filed its responsive pleading; any delay in this case has been occasioned by the circumstances cited in Mr. Barrett's motion to toll the statute of limitations, the Government's two requests for extensions of time to respond, and the need to conduct further investigation or difficulties in obtaining additional evidence; and no undue delay is created by the amendment, which elaborates, clarifies, and expands upon arguments already made.

The amendment filed by Mr. Barrett on September 25 does not evince "bad faith" or "dilatory motive." Mr. Barrett has not lain behind the log, springing new arguments that do not relate back to the timely filing, or waiting for the Government to respond before seeking leave to amend. Rather, while the Government is still formulating its responsive pleading, having obtained two extensions of time to do so, Mr. Barrett's counsel and those assisting them have continued to investigate and work on his case, and prepared and properly filed the amended petition, as Mr. Barrett had an unqualified right to do, *before* the Government has served its response, and approximately 3 weeks before the Government's response is now due to be filed. Through the amendment, counsel for Mr. Barrett are adhering to the rules, including the demanding pleading requirements of Rule 2, and are seeking to give Mr. Barrett the best representation they can provide.

There have not been repeated failures to correct deficiencies with previous amendments. After recognizing the verification had been left out of the motion filed on

18

March 16, 2009, this deficiency was corrected immediately on March 17.  There has been

no previous amendment to Mr. Barrett's §2255 motion, only the amendment timely and

properly filed on September 25 under Rule 15(a)(1)(A).

The amendment filed on September 25 is not "futile."  Amendments are futile if

"they assert clearly frivolous claims."  *Riley,* 62 F.3d at 91 ("[t]hough we cannot say

Riley will prevail on any of the [proposed amendments], we are equally unable to say the

amendments he proposed are so unlikely to affect the outcome that they would be

futile."); *Buder v. Merrill Lynch,* 644 F.2d 690, 695 (8th Cir. 1981).  In the September 25

amendment, Mr. Barrett does not advance new claims that would be barred by the

limitation period, and thus futile, as in *Mayle v. Felix, supra.*  The amendment elucidates,

expands or clarifies matters already raised which relate back to the timely filed motion

based on counsel's continuing investigation and research.  The amendment simply asserts

claims arising out of the "conduct, transaction or occurrence" set out before.  *See*

*Woodford v. Williams*, 263 F.3d 1135 (10th Cir. 2001); *United States v. Espinoza-Saenz*,

235 F.3d 501 (10th Cir. 2000); *cf. Felix*, *supra*, 545 U.S. at 664. Unlike the situation in

*Felix* and similar cases, Mr. Barrett's amended motion filed September 25 "relates back"

to the date of his timely filed motion under Rule 15( c)(1)(B), because it contains no new

ground or grounds for relief supported by facts that differ both in time and type from

19

those previously set forth.  The claims raised by Mr. Barrett are substantial, not frivolous.[4]

For reasons already alluded to, the amendment does not cause undue prejudice to the Government.  The amendment elaborates upon or clarifies claims already made in March, 2009.  Counsel for Mr. Barrett did not "wait" to file the amendment, they continued to collect evidence, and filed when that evidence could be incorporated into the existing claims and when the 400-page petition and the attached 203 exhibits could be prepared for presentation to this Court in the form and manner prescribed by the relevant rules.  Mr. Barrett did not wait until the Government had responded, and then seek leave of court or permission from the Government to amend.  He utilized his right under Fed.R.Civ.P. 15(a)(1)(A) to amend before the Government has served its response.

All the above demonstrates the court would abuse its discretion in not allowing the amendment, an amendment which, it bears repeating, was properly filed in the first instance without the necessity of seeking leave of the court.

## IV.    Conclusion

Based on the foregoing arguments and authorities, the court's show cause order should be vacated or, in the alternative, stayed until the Tenth Circuit acts on the soon to

---

[4] It is impossible for Mr. Barrett to say more regarding the relation-back doctrine because he has no notice whether this Court or the Government contests the timeliness of any part of the Amended Petition.  Whether an amended claim relates back to an earlier filed claim is contingent both upon a comparison between the two sets of facts alleged, and the substantive law governing the claim or claims.  *See Felix*, *supra*, 545 U.S. at 664 & n.7.

be filed petition for writ of mandamus challenging the court's order of September 11, 2009 denying the motion to recuse and disqualify, or modified to provide adequate notice and an opportunity for Mr. Barrett to be heard. At a minimum, the court should continue the show cause hearing scheduled for October 6, 2009, to permit both of Mr. Barrett's counsel to attend and be as prepared as possible under the circumstances. To the extent the Court proceeds with the scheduled hearing, the arguments presented here should be considered at the hearing.

DATED October 2, 2009                    Respectfully submitted,

                                         /s/ David B. Autry
                                         DAVID B. AUTRY, OBA #11600
                                         1021 N.W. 16th Street
                                         Oklahoma City, OK 73106
                                         (405) 521-9600
                                         (405) 521-9669 [fax]

                                         DANIEL J. BRODERICK
                                         Federal Defender

                                         /s/ Tivon Schardl
                                         TIVON SCHARDL
                                         Fla. Bar No. 73016
                                         801 I Street, 3rd Floor
                                         Sacramento, CA 95814
                                         (916) 498-6666
                                         (916) 498-6656 [fax]

                                         Lawyers for Petitioner,
                                         Kenneth Eugene Barrett

21

## Certificate of Service

I hereby certify that on this 2nd day of October 2009, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing. A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401 and Jeffrey B. Kahan, U.S. Department of Justice, 1331 F Street, N.W., Washington, D.C. 20530.

/s/ Tivon Schardl