**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**DECLARATION OF COUNSEL**
**IN SUPPORT OF MOTION TO VACATE**
**ORDER TO SHOW CAUSE**

I, Tivon Schardl, declare the following:

1.      I am an attorney licensed to practice law by the State of Florida, and a member in good standing of the bar of this Court.  I am employed by the Office of the Federal Defender for the Eastern District of California, and in that capacity I have been assigned and appointed to represent Kenneth Eugene Barrett in these proceedings.

2.      On March 16, 2009, I filed on Mr. Barrett's behalf a motion pursuant to 28 U.S.C. § 2255.  The preparation of this motion, which was over 400 pages long and included more than 170 exhibits, involved weeks of almost around the clock work by the members of Mr. Barrett's legal team.  By March 16 I was exhausted, had difficulty seeing and was in considerable pain due to the effects of a neurological condition on my vision.

3.      The filing of the petition was accompanied by confusion and grave concern in Mr. Barrett's legal team because the electronic filing system in the Eastern District of Oklahoma informed us that we could not electronically file a § 2255 motion, that such a motion

1

temporarily could be filed only in hard copy.  This notice was only visible once one entered the

ECF system and attempted to file that type of motion.  There was no advanced notice.  This

surprise was so traumatic that my secretary, who was attempting to upload the petition, got up

from her desk and vomited when she saw that despite her long hours of work we might miss

Mr. Barrett's filing deadline.  In order to comply with this "notice" we made preparations for

lead counsel David Autry to drive to Muskogee from Oklahoma City on March 17, 2009 to file

the petition and exhibits by hand.

4.      The morning after the petition was filed I realized I had left the verification off Mr.

Barrett's motion.  I immediately prepared another motion which made no change other than to

correct the form of the motion by adding the verification to the end.  I consulted Rule 2 of the

Rules Governing Section 2255 Cases, the Advisory Committee notes on the Rule, and case law,

and it was clear from these authorities that the defect in the form of the motion could be

corrected either by re-filing Mr. Barrett's motion with the verification or by filing a separate

affidavit or declaration under penalty of perjury.  The Advisory Committee referred to a refiled

motion with a verification as a "corrected motion."  I found no case which considered a

corrected motion an amendment for purposes of Rule 15 of the Federal Rules of Civil

Procedure.  The verification I attached did not change the allegations, or the evidentiary

support for them, compared with the unverified motion.

5.      After I filed the corrected motion, I spoke by telephone with a clerk from the Eastern

District of Oklahoma.  She asked me how the second motion differed from the first filed

motion and informed her it differed only in that it corrected a defect in the form of the

unverified motion.  The clerk advised me not to re-file with the corrected motion all the

exhibits that were filed with unverified motion.

6.      On September 25, 2009, work was completed on an amendment to Mr. Barrett's § 2255 motion.  Evidence was being gathered in the form of documents and declarations until a few days before filing.  The final edits to the amendment to take account of this evidence, and the preparation of the exhibits and petition itself for filing took a couple of days.  That is, the amended petition was filed as soon as possible.

7.      On September 29, 2009, I received the Court's show-cause order, Docket Number 73. The order directed counsel to appear for a hearing on October 6, 2009.  It may not be possible for me to represent Mr. Barrett at that hearing.  I have prior commitments that prevent me from traveling to Oklahoma for a hearing on October 6, and that prevent me from doing the research and writing necessary to prepare a response to the Court's order either for oral or written presentation in the allotted time.

8.      At the time I received the show-cause order, I was continuing to draft Mr. Barrett's response to the Court's order filed September 23, 2009, which was due the following day.  I did not complete work on that response until approximately 5:45 p.m. Pacific Time on September 30, 2009.

9.      At the time I received the order, I had scheduled a trip by train to Atwater, California for the purpose of conducting discovery in another federal death penalty case, *United States v. Joseph Sablan and James Leon Guerrero*, E.D. Cal. Case No. 08-CR-259-OWW.  I had arranged to meet counsel for the United States Bureau of Prisons and counsel for a co-defendant in Atwater on the morning of October 1, 2009.  This trip to inspect documents is crucial to meeting the discovery deadline in that case.  The BOP informed the parties and the

court that there are fourteen filing cabinets of documents responsive to one of the defendants' discovery requests and dozens of volumes of other documents responsive to other requests. The scheduled inspection of these files is only the first step in arranging to have them scanned for production to the defense.

10.    Due to a neurological condition, I have difficulty seeing and cannot drive long distances. In order to travel to Atwater I had to go by train to Merced, California and get a ride back north to Atwater from the attorney for a co-defendant.  The trip took from 6:30 a.m. until 3:45 p.m. Upon my return, I immediately began to work with lead counsel, David Autry, on Mr. Barrett's motion to vacate the show-cause order.

11.    Earlier in the year, I received a summons for jury service.  In order to complete work on Mr. Barrett's amended petition, I sought and obtained a postponement of that service.  The postponement period ended, and I received a new summons to appear for service on October 5, 2009.  In order to travel to the hearing in this case I further postponed my jury service for one week.

12.    On the evening of October 5, 2009, I am scheduled to teach a two hour seminar at the University of the Pacific, McGeorge School of Law where I have been an adjunct professor since 2003.   It is not possible to cancel this class as I could not make up the two hours in the time remaining in the semester.  At the time of this writing I am attempting to arrange for a colleague to teach the seminar the night of October 5.

13.    As soon as I was able to postpone my jury service, I asked my secretary to arrange travel for me to Oklahoma.  I was unable to speak with the travel agent myself because I was preparing Mr. Barrett's motion to vacate the show-cause order.  My secretary informs me that

4

in order to arrive on time, I will have to fly into Tulsa on October 5 and get a ride from Mr. Autry to the courthouse in Muskogee.

I declare, under penalty of perjury, as provided in the laws of the United States of America, that the foregoing five-page declaration is true and correct.

Executed by me this 2nd of October 2009, in Sacramento County, California.


　　　　　　　　　　　　　　 /s/ Tivon Schardl
　　　　　　　　　　　　　　 Tivon Schardl

　　　　　　　　　　　　　　 Attorney for Petitioner
　　　　　　　　　　　　　　 KENNETH EUGENE BARRETT