IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S OBJECTION TO AND MOTION TO RECONSIDER
THE ORDER FILED OCTOBER 2, 2009,
MOTION TO CONTINUE HEARING,
AND MOTION FOR COUNSEL TO APPEAR BY TELEPHONE**

COMES NOW Petitioner, KENNETH EUGENE BARRETT, by and through his

undersigned counsel, pursuant to the Due Process Clauses of the Fifth and Fourteenth

Amendments to the United States Constitution, 18 U.S.C. §§ 3599(a) and (e), 28 U.S.C. §

455(a), and Canon 3A (1), (4), (5) and (7) of the Code of Judicial Conduct, and makes the

following objections to the minute order (Doc. 77) entered on October 2, 2009, and moves this

Court to vacate or modify its order such that Petitioner may have meaningful notice of the

matters set for hearing and a meaningful opportunity to be heard. Petitioner states the following

good cause for granting this motion:

1.    **Background.**

On September 29, 2009, this Court entered an order requiring Petitioner, at a

hearing scheduled for October 6, 2009, to "show cause why this Court should now allow an

amendment to his motion" for post-conviction relief pursuant to 28 U.S.C. § 2255. Order

(Doc. 74) at 2.

1

On October 2, 2009, Petitioner filed an emergency motion and supporting brief seeking the following alternative forms of relief:

> the court's show cause order should be vacated or, in the alternative, stayed until the Tenth Circuit acts on the soon to be filed petition for writ of mandamus challenging the court's order of September 11, 2009 denying the motion to recuse and disqualify, or modified to provide adequate notice and an opportunity for Mr. Barrett to be heard. At a minimum, the court should continue the show cause hearing scheduled for October 6, 2009, to permit both of Mr. Barrett's counsel to attend and be as prepared as possible under the circumstances. To the extent the Court proceeds with the scheduled hearing, the arguments presented here should be considered at the hearing.

Pet's Emerg. Mot. Vacate of Modify Order (Doc. 76) at 20-21. Petitioner's motion was file stamped by the Court's electronic filing system at 3:54 p.m. Central Daylight Time. Petitioner's motion contained approximately twenty one pages of points and authorities and had attached a declaration of counsel.

At 5:38 p.m. Central Daylight Time, this Court issued a minute order denying in full Petitioner's motion. Doc. 77. The order "waive[d]" the presence of one of Petitioner's attorneys at the show-cause hearing, and limited that attorney's involvement in the hearing to arrangements the Court would make "for lead counsel to speak with co-counsel Tivon Schardl via telephone, if necessary." *Ibid.* The order also expanded the scope of the hearing, stating, "the parties should be aware the court intends to conduct a status and scheduling conference to receive the parties' observations and comments as to the time frame necessary for disposition of this matter." *Ibid.*

**2.       Objections and Grounds for Greater Notice and an Opportunity to be Heard**

**2.1**       This Court's summary rejection of Mr. Barrett's motion to vacate or modify the show-cause order did not afford Mr. Barrett due process of law. The show-cause order gave vague and temporally inadequate notice of potentially complex issues of fact and law. In a

desperate attempt to ensure that Mr. Barrett could present some of the evidence and argument that could be presented on the issues, his counsel prepared the 21-page motion and the attached four-page declaration. This Court denied the motion one hour and 44 minutes after it was filed.

     **2.2**     There is an appearance of impropriety in the Court's denial of all alternative forms of relief sought in Petitioner's emergency motion after it was pending for less than two hours. The appearance of impropriety is heightened by the substance of the Court's ruling in several respects. First, the Court appears to have refused to take Petitioner's written submission into consideration when deciding the issue presented in the show-cause order. One form of relief Petitioner sought in his emergency motion was the opportunity to have the arguments and evidence presented therein considered by the Court when it makes a decision on the issue of amendment. This Court appears to have summarily denied that form of relief. To the extent the Court is refusing to consider Petitioner's written submission, the October 2 Order arbitrarily limits the scope of argument and evidence Petitioner could present, and effectively strikes a written motion regarding amendment.

     Second, in response to Petitioner's objection to receiving inadequate notice of, and an inadequate opportunity to be heard at the show-cause hearing, the Court (a) "waive[d]" the appearance of half of Petitioner's legal team, and (b) doubled the scope of the hearing to include not only the question of amendment but scheduling "necessary for disposition of this matter." Petitioner sought an opportunity to be heard, and had a statutory right to be heard, through both his counsel. This Court could have permitted one of Petitioner's attorneys to appear by telephone, as the Court arranged prior to a previous hearing. However, the Court limited Petitioner to one attorney who may be able to confer by telephone with his co-counsel, as arranged by the Court and "if necessary." This ruling will interfere with counsel's statutory and

ethical obligation to exercise independent professional judgment and provide fully-informed, effective representation.

Both of Petitioner's counsel were duly appointed pursuant to 18 U.S.C. § 3599(a)(2). This Court's order of October 2 denies Mr. Barrett the assistance of counsel contemplated by the statute. Congress provided for the appointment of "one or more attorneys" for Mr. Barrett and for representation by more than one at all times where such an appointment was made. Thus the statute states the following:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, *each attorney* so appointed *shall* represent the defendant throughout *every subsequent stage* of available judicial proceedings including . . . all available post-conviction process . . . .

18 U.S.C. § 3599(e) (emphasis added). This Court's order "waiv[ing]" the appearance of co-counsel, and curtailing the performance of both counsel is contrary to law.[1]

Any objective observer fully informed of the Court's order would question the impartiality of this ruling. In practice, this Court's arrangement will deny Petitioner the representation to which he has a statutory right and be degrading to lead counsel who would be required to ask the Court to pause the hearing for a lengthy period so that he could inform co-counsel of what has transpired, and delay the hearing for long enough to confer, before relaying any points or authorities suggested by co-counsel. The arrangement is inherently degrading to and disparaging of Mr. Barrett's co-counsel who is unable to attend the hearing due to prior obligations and a visual impairment. Counsel for the Government face no such limitations. The Court insists upon these curtailed proceedings rather than grant a brief continuance of the hearing. The totality of circumstances that an observer would consider in assessing the propriety

---

[1] This motion serves as notice to the Court and opposing counsel that Mr. Barrett does not waive the appearance of both of his court-appointed counsel.

of the Court's ruling also include the Court's actions curtailing the pre-trial and trial performance of counsel as set forth in Claims 1, 2, and 3 of Mr. Barrett's § 2255 Petition and the exhibits referenced therein.  Docs. 1, 2, 74, and Exhibits 34, 54, 56, 64, 65, 67, 82, and 118 thereto.  *See also* Code of Judicial Conduct Canon 3 ("A Judge Shall Perform the Duties of Judicial Office Fairly, Impartially and Diligently), *specifically*, Canon 3A(3)( "A judge shall be patient, dignified, respectful and courteous to litigants . . . with whom the judge deals in an official capacity"), *and* 3A(4) ("A judge shall accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law.").

**2.3**    Petitioner is unable fully to address the newly-announced scheduling matters due to the pending substitution of co-counsel.  Petitioner's counsel informed this Court in February 2009 that co-counsel Schardl was leaving his position and would not be able to continue to represent Petitioner in his present role.  Mr. Schardl has stayed on the case in order to complete work on the Amended Petition.  The Federal Defender had assigned Assistant Federal Defender Joan Fisher to take over Mr. Schardl's role.  While Ms. Fisher has been working on the case, including the soon-to-be-filed petition in the Court of Appeals, she has not yet entered an appearance.  As it is Ms. Fisher who will primarily be responsible for the Federal Defender's role in the case, she should have an opportunity to participate in scheduling matters.

**3.    Conclusion and Prayer for Relief**

For the foregoing reasons and those set forth in Mr. Barrett's emergency motion (Doc. 76), and his motion for recusal (Doc. 45), Petitioner respectfully requests the following relief:

(a)    that the Honorable James H. Payne recuse himself from these proceedings, and stay proceedings until another judge is randomly selected;

(b)     that this Court reschedule the hearing set for October 2, 2009 so that each of the attorneys appointed to represent Mr. Barrett may adequately prepare for and appear to represent him at the hearing, either in person or by telephone;

(c)     in the event the Court proceeds with the hearing on October 2, that the Court permit Mr. Barrett's co-counsel to appear telephonically;

(d)     in the event the Court proceeds with the hearing on October 2, that the Court not address scheduling matters, and that the Court set a scheduling conference after adequate notice and an opportunity for Petitioner's counsel to address the Court.

DATED:   October 5, 2009

Respectfully submitted,
/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

## Certificate of Service

        I hereby certify that on this 5th day of October 2009, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401 and Jeffrey B. Kahan, U.S. Department of Justice, 1331 F Street, N.W., Washington, D.C. 20530.

                                /s/ Tivon Schardl