IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA


KENNETH EUGENE BARRETT,           )
                                  )
          Plaintiff,              )
                                  )
     -vs-                         ) No. CIV-09-105-JHP
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Defendant.              )


                    * * * * *

     TRANSCRIPT OF SHOW CAUSE AND SCHEDULING HEARING
          **BEFORE THE HONORABLE JAMES H. PAYNE**
             UNITED STATES DISTRICT JUDGE

                    OCTOBER 6, 2009

                    * * * * *

                  A P P E A R A N C E S

     MR. DAVID B. AUTRY, 1021 Northwest 16th Street,
Oklahoma City, Oklahoma, 73106, and,
     MR. TIVON SCHARDL, Federal Public Defender, 801 "I"
Street, Third Floor, Sacramento, California, 95814,
Attorneys on behalf of the Plaintiff;

     MR. CHRISTOPHER J. WILSON, 1200 West Okmulgee,
Muskogee, Oklahoma, 74402, Assistant United States
Attorney, and,
     MR. JEFFREY B. KAHAN, U.S. Department of Justice,
Capital Case Unit, 1331 F Street NW, Room 345,
Washington, D.C., 20530, attorneys on behalf of the
Defendant.


REPORTED BY:              KEN SIDWELL, CSR-RPR
                          United States Court Reporter
                          P.O. Box 3411
                          Muskogee, Oklahoma  7440

OCTOBER 6, 2009 PROCEEDINGS

*(On the record at 2:16 p.m.)*

THE COURT:  Call case number Civil 09-105, Kenneth Eugene Barrett versus U.S.A.  Matter is set for show cause hearing and scheduling conference.  Would counsel for Mr. Barrett make your appearance, please, sir?

MR. AUTRY:  Your Honor, David Autry for Mr. Barrett, and Mr. Schardl is appearing by telephone.

MR. SCHARDL:  Good afternoon, Your Honor.  Tivon Schardl from the Federal Defender, Eastern District of California for Mr. Barrett.  Thank you for permitting me to appear by phone.

THE COURT:  Can you hear okay?

MR. SCHARDL:  Yes, Your Honor, I can.  Thank you.

THE COURT:  And for the government?

MR. KAHAN:  Good afternoon, Your Honor.  Jeffrey Kahan on behalf of the government.

THE COURT:  Thank you.

MR. WILSON:  Christopher Wilson, Your Honor, also for the government.  Thank you.

THE COURT:  Thank you.  I want to start by trying to organize this case to some extent as we go forward I think is the best interest to both Mr. Barrett and the government.

On September the 24th, 2009, this Court entered an order setting this matter for show cause and scheduling conference in an effort to clarify the electronic filings and subsequent duplications in this case, most of which do not appear to comply with local court rules.  That is document 74.  Let me begin by pointing out for the record that certiorari was denied in the criminal case on March 17th, 2008.  Pursuant to 28 U.S.C. Section 2255(f), a one year statute of limitation applies to filing of a motion to vacate.  Ten days after the Supreme Court denied cert, this Court appointed David B. Autry as lead counsel, and the Federal Public Defender for the Eastern District of California Capital Habeas Unit as co-counsel.

On February the 9th, 2009, counsel requested this Court to toll the time for filing his motion to vacate. On February the 27th, 2009, out of an abundance of caution and to ensure the protection of the defendant's rights, the Court denied petitioner's motion to toll the statute of limitations, but advised counsel that additional options might exist, including the Court allowing an amendment once the proper motion to vacate was filed.  That is document 397.

On March 16th, 2009, the defendant filed his motion to vacate.  That is document 1.  This motion was not signed under penalty of perjury by the movant or by any

person authorized to sign on his behalf.  Thereafter, on March 17th, 2009, a second motion to vacate was filed.  That is document 2.  The court cover page for this motion was identical to the cover page of the original motion.  This motion contained what was arguably not a proper declaration as required by Rule 2 of the Rules Governing Section 2255 motions in that it does not unequivocally declare, certify, verify, or state under penalty of perjury that the foregoing motion to vacate was true and correct.  Nevertheless, on March 18th, 2009, the Court ordered the government to respond to the allegations contained in the motion -- in the motions, that is document 1 and 2, by June 16th, 2009.  Even though the motion to vacate, that is documents 1 and 2, indicated as early as March 16th, 2009, that counsel would be filing a separate motion to disqualify the judge, no such motion was filed until May 29th, 2009.

On June 11th, 2009, the government filed a motion for extension of time asking for an additional six months to respond to the motion to vacate due to the length and necessity to investigate some of the allegations contained in the motion.  According to the government's motion, counsel for the defendant had no objection to a 60-day extension and an additional 30 days upon showing of cause.  That is document 48.

On July 24th, 2009, the government filed a

motion to unseal documents contained within the defendant's criminal case file -- case file in order to respond to some of the allegations made in the pending motions to vacate. On August 24th, 2009, the defendant filed a motion to file a -- I'm sorry. That was -- correction. On August 14th, 2009, the defendant filed a motion to file a response out of time to this motion without complying with the local rules which require a statement as to whether the opposing party objects. As a result, this Court ordered them to supplement their motion by August 19th advising whether counsel for the government had any objection to their motion. Thereafter, on August 19th, the Court allowed defendant to -- leave to file his response out of time noting that the government's objection to petitioner's request is based upon the impending deadline for the government to respond, and that the government's motion to unseal indicates the pleadings sought to be unsealed are needed for the government to be able to prepare its response to petitioner's Section 2255 motion. That is document 60.

At this point, it should have been clear that no further amendments were anticipated by either the Court or the government. To the extent defense counsel knew or should have known at the time they responded to the government's inquiry that an amended motion would be forthcoming, they should have so advised the Court and the

government.

As pointed out in my order of September 29th, 2009, that is document 74, petitioner has now filed three different motions to vacate and/or motions for new trial. Petitioner has refiled exhibits previously filed in this matter, and has submitted for filing exhibits which were previously filed under seal. Petitioner's counsel has not followed the rules applicable to this matter. Although counsel argues this Court should not make movant show cause why movant waited more than six months -- and I use the defendant and movant interchangeably -- waited more than six months after the statute of limitations in this matter to file an amended motion without asking leave of Court to do so, the case law argued by movant in attempt to justify this action is simply not applicable. While the Tenth Circuit in *United States versus Guerrero*, 488 F.3d. 1313, Tenth Circuit (2007) states, under federal rule -- under Federal Civil Procedure Rule 15(a), a party may amend its pleadings once as a matter of course prior to response by the opposing party. In that case, Guerrero, a pro se petitioner, submitted his original 2255 motion on October the 9th, 2004, and a memorandum of law on October the 4th, 2004. Guerrero's conviction did not become final until October 16th, 2004. Thus, the Circuit found, because the memorandum was submitted less than one year after his conviction became

final, the amended claim was timely filed.  Because, however, Guerrero had unintentionally failed to verify the memorandum which contained an additional claim, the Circuit said he should be given an opportunity to amend his pleadings to comply with Rule 2 of the rules governing Section 2255 proceedings.

While this Court doesn't question the rules that require courts to construe pro se litigants complaints liberally due to their lack of legal training, this is not such a case.  Rather, this Court appointed counsel who were represented to this Court as being well-qualified death penalty practitioners.  If this Court were dealing with a pro se petitioner, it would understand that the petitioner had difficulty understanding the court rules and procedures.  Yet, this Court is concerned that counsel does not seem to understand the implications of the statute of limitations issues, or that they must comply with the rules governing Section 2255 proceedings and the local rules of this court.

First, Rule 2 of the rules governing Section 2255 proceedings for the United States District Courts provide in part -- in pertinent part as follows:  A, applying for relief.  The application must be in the form of a motion to vacate, set aside, or correct the sentence.  B, form.  The motion must, one, specify all the grounds for relief available to the moving party; state the facts

supporting each ground; state the relief requested; 4, be printed, typewritten, or legibly handwritten; and, 5, be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.  C, standard form. The motion must substantially follow either the form appended to these rules or a form prescribed by a local district court rule.  The clerk must make forms available to the moving parties without charge.  Additionally, local Civil Rule 9.2 provides that a 2255 motion shall be on forms provided by the court clerk upon request, or from the court's website.  None of the three motions to vacate filed in this matter comply with these rules.

The Court is extremely concerned that the verification attached to the corrected and amended versions of the motion does not unequivocally state under penalty of perjury that the facts alleged in the motion are true as required by the standard form adopted by the rules governing Section 2255 proceedings or by this Court.

Further, local rule -- Local Civil Rule 7.1 requires every motion to be filed as a separate pleading and be accompanied with a concise brief.  In this case, however, petitioner has combined his Section 2255 motion to vacate with a Rule 33 motion for new trial.  Additionally, this Court provides -- additionally, this court rule provides that no -- "no brief shall be submitted than is larger than

25 written pages without leave of court".  Yet, petitioner's counsel, without leave of court, filed a 453 page document, not including exhibits.  That is document 70.  Additionally, if a motion and brief in support are filed in one document, it must be clearly stated in the title of the pleadings.  Local rule -- Civil Rule 7.1.

Again, although the latest motion contains a table of authorities of approximately 13 pages, the title of the pleading does not indicate that the document contains a brief in support of the motion.  Local Civil Rule 9.2, which applies specifically to actions by incarcerated persons, provides, original proposed amended -- original proposed amended pleadings shall be signed and attached to any motion for leave to amend the pleadings.  Unless otherwise permitted by the court, every pleading to which an amendment is permitted as a matter of right, or has been allowed by order of the court must be retyped or handwritten and filed so that it will be complete in itself, including exhibits, without reference to the superseded pleadings.  Each amended pleading shall contain copies of all exhibits referred to in the amended pleading.

Additionally, sealed documents are disfavored in this court and may be approved "only upon a showing that a legally protected interest of a party, non-party, or witness outweighs the compelling public interest in the

disclosure of records."  And that's Local Civil Rule 79.1. A person seeking to file a document under seal must file a motion to seal and provide a copy of the document sought to be sealed.  In this case, prior to filing his original motion to vacate herein, petitioner filed a motion to file exhibits under seal and a protective -- and a protective order.  That is document number 4.  In his motion, petitioner advised the Court that the documents which he proposed filing under seal included "medical and educational records of witnesses" -- "medical and educational records of witnesses" which are "considered private and confidential under federal law", and "birth and death certificates that are considered confidential under Oklahoma law".  Petitioner did not, however, as required by Local Civil Rule 79.1, provide any copies of the documents which he was requesting the Court to file under seal.  A review of the pleading submitted with the original motion to vacate, which were filed under seal, established that the majority of the sealed exhibits consist of court records which were public court records in the court in which they originated, such as the Eastern District -- our Eastern District Bankruptcy Court pleadings, transcripts of state court jury trials, state court criminal pleadings, and etc.  And I'd ask -- the record should reflect that you should see Exhibits 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165,

166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176. It should be noted that the hard copy of the exhibits provided to the Court only contains Exhibit Number 176, but the index of sealed exhibits indicates there is also Exhibit 176 and 176-B, and also included 177, 178, 179, and 180. Portions of Exhibit 181, again the hard copy of the exhibits, only contain an Exhibit Number 181, but the index of the sealed exhibits indicates there is also Exhibit 181-A and 181-B. And then, continuing, there's 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 204, 2000 -- or 204 and 205. While some of these public records may contain information which must be redacted pursuant to Local Civil Rule 5.3, petitioner has not shown any reason why court documents, which appear in the court where they originated as public records, should have been sealed in this matter.

In an effort to get the matters before the Court clarified so that this Court, and ultimately any appellate court which may consider the issues herein, understands what has occurred, this Court is going to give petitioner 20 days to amend his motion to vacate. The amended motion shall be filed on the standard form required in Rule 2 of the rules governing Section 2255 proceedings. Petitioner shall have 60 days to file a brief in support of this motion with all exhibits attached thereto. If petitioner chooses to file a motion for new trial pursuant

to Rule 33 of the Federal Rules of Criminal Procedure, that must be contained in a separate pleading. Further, if petitioner anticipates asking that any of the exhibits in support of this motion be sealed, he should file a motion to seal in compliance with Rule 79.1 at least 20 days prior to the date of the brief in support of his motion to vacate. While exhibits were filed publicly in other courts of record, petitioner shall redact any personal data identifiers as required by Local Civil Rule 5.3 prior to filing the same herein.

The government will be given 60 days to respond or answer the allegations in petitioner's motion. Petitioner will then be given 15 days to reply. Once the motion is issued, the Court will decide whether an evidentiary hearing is warranted. See 28 U.S.C. Section 2255 which provides, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." See also *United States versus Whalen*, 976 F.2d 1346, Tenth Circuit (1992).

It should also be noted that the court clerk did not file the exhibits which were sent to her on

September 25th, 2009, which had previously been ordered sealed and filed in this matter because no new motion to file the exhibits under seal was ever filed. Therefore, this Court advised the clerk to wait until this show cause and status conference concluded before making any attempt to clarify the record as to exactly what was pending before the Court.

Additionally, in his prayer for relief, the defendant requests permission to utilize discovery methods set forth in the Rules of Civil Procedure to develop -- to fully develop and identify the facts supporting his petition and to refute any defenses thereto raised by respondent's answer. Rule 6 of the federal rules governing Section 2255 cases details a requirement placed upon a party requesting discovery. Any motion for discovery shall be filed in compliance with Rule 6.

Now, my purpose in trying to clarify the history of this case and set a schedule is because, at this point, I thought that perhaps unintentionally without thought of misleading the Court or cluttering the record, that's, in my opinion, what's happened today. So I'd like to give counsel, first for Mr. Barrett, to make any comment, any requests for leniency, or as to the schedule I set, I'm willing to -- that's a proposed schedule and I'm willing to listen to any comments.

MR. AUTRY:  Thank you, Your Honor.  With respect to the show cause aspect of this proceeding and this proceeding in general, in order to preserve and protect the record, we would reiterate the due process notice arguments we made in our filing of October the 2nd of this year, and also in the document we filed yesterday.  We would also ask the Court to stay these proceedings based on our previous arguments to the effect that we believe the Court is disqualified to act, and to stay any sort of show cause hearing or the order that the Court just entered until the Tenth Circuit can resolve that issue.  I can tell the Court that this week we are going to be filing a petition for writ of mandamus with respect to the Court's September 11th order denying recusal in this case.  So I just want the Court to know that, for purposes of this hearing, we readopt all of the arguments made previously with respect to disqualification of the Court, all of the arguments made previously with respect to an absence of due process notice in connection with the actual substance of this hearing.

Another observation I would like to make, Your Honor, is the Court's show cause hearing that was issued on September 29th did not list and detail all of the alleged deficiencies that the Court is now saying we have in our unverified motion, the verified motion that was filed March 16th, and the amended filing that was filed on

September the 25th.  So to that extent, I feel a little bit at a loss to address all of those.

I'm prepared certainly to address, if the Court would permit me -- I understand the Court has already made a provisional order at any rate.  If the Court would permit me, I think that we can show cause to demonstrate to the Court that the corrected motion that was filed on March 17th was filed properly without the necessity of having leave of court, and that also the amended motion to vacate under Section 2255 that was filed on September 25th was also properly filed without the necessity of seeking leave of the court.  And if the Court would indulge me a little bit, I'd like to get into those arguments.

First of all, Your Honor, when we filed the original motion to vacate on March the 16th of this year, inadvertently the verification required by Rule 2(b) of the rules governing 2255 proceedings in the district courts was left out.  As soon as we recognized that defect or omission, we filed a corrected, a corrected motion to vacate sentence under Rule 2255 the next day on March 17th.  There is no case that I'm aware of, and no law, no statute, that indicates that we needed to seek leave of court to file the corrected motion.  As a matter of fact, the *Guerrero* case to which the Court referred earlier, and the advisory committee comments and the 2004 amendments to the rules governing 2255

16

cases indicate that, because of the one-year period of limitations contained in the EPA, if there is a defective post-conviction motion under 2255 filed without a verification, then the party should be permitted to correct that. And that's exactly what we did on March 17th. We filed a corrected motion with a verification as required -- excuse me -- by Rule 2(b). I think that's right in line with *Guerrero*. The Court indicates that, in *Guerrero*, the court was dealing with a pro se litigant. That's certainly true. But it doesn't take Mr. Barrett, who is represented by counsel, outside of the parameters or ambit of Rule 15 of the Rules of Civil Procedure, which I'll discuss a little bit more in a minute. But at any rate, we submit, Your Honor, that under *Guerrero* and under the advisory committee comment to the 2004 amendments to Rule 2, we were well within our rights to file, without leave of court, a corrected motion that contained a verification. And this corrected motion for purposes of Rule 15, as we argued in our filing of October 2nd, does not constitute an amended 2255 motion. I'll just quote the last sentence of this 2004 amendment to Rule 2. It states, The committee believed that the better procedure --

THE COURT: Let me ask you to back up just a --

MR. AUTRY: Yes, sir.

THE COURT: You noticed -- you notice my comment

about the actual language of the verification.

MR. AUTRY:  Yes, Your Honor.

THE COURT:  Do you have any comment?

MR. AUTRY:  I believe that it complies with what is required by Rule 2 in terms of the verification.

THE COURT:  It doesn't follow Rule 2 language.

MR. AUTRY:  Well, I think that the language is substantially similar and that it's equivalent and synonymous.

THE COURT:  What did you verify in the corrected?

MR. AUTRY:  The way I read it, Your Honor, is it was verified that the averments made in the motion -- and Mr. Schardl probably has it -- Mr. Schardl, rather, probably has it in front of him and he might be able to answer the question better than I could, but --

THE COURT:  Of course, that's one of my concerns for your client in this case is that it's properly filed, and that's part of the purpose of this hearing today is to give you an opportunity to at least consider the Court's observations --

MR. AUTRY:  Yes, sir.

THE COURT:  -- that the language in your verification was, at least in my humble opinion, didn't follow the -- didn't follow the rule.

MR. AUTRY:  I'll ask Mr. Schardl in a minute, with

the Court's permission, to comment on that.  I think that it complies with Rule 2.

THE COURT:  I understand.

MR. AUTRY:  Yes, sir.  So there isn't any question that, based on what the committee comment said with respect to Rule 2, that we complied with a procedural requirement for a verification, and that we did not need leave of court to do so.

Now, that brings me, Your Honor, to the second major point I want to press on the Court, and that is, with respect to our amended motion that was filed on September 25th, that we did not need leave of court in order to file that.  The Court's show cause order indicated that the Court -- and I don't mean to misread the order -- but that the Court thought perhaps that Rule 15 of the Rules of Civil Procedure did not apply fully to these proceedings under 28 U.S.C. Section 2255.  I would note for the Court that they do apply with full force -- the Rules of Civil Procedure, including Rule 15, apply with full force and effect in this Section 2255 proceeding.  And that's stated in 28 U.S.C. Section 2242.  And I'm paraphrasing.  It says, the Rules of Civil Procedure will apply to habeas proceedings -- that's what it says in so many words -- whether it's a 2254 proceeding or a 2255 proceeding.  And it was made explicitly clear by the U.S. Supreme Court in 2005

in *Mayle* -- maybe I'm mispronouncing that. It might be Mayle, M-a-y-l-e, *versus Felix*, that Rule 15 applies in collateral proceedings. That particular case dealt with a 2254 petition. And they talk about in *Mayle* or *Mayle* that the petitioner in that case filed an amended petition or an amended pleading before the opposing party, the state, had filed a responsive pleading. And it states very explicitly in the *Mayle* case that he was well within his rights to do that without leave of court because he filed the amendment before the government or the state had filed a responsive pleading. And what the Supreme Court announced in that respect in 2005 was nothing new as we indicated in our filing of October 2nd. Every circuit court who had considered the issue of the applicability of Rule 15 to collateral proceedings under Section 2254 or Section 2255 had held that Rule 15 in the Rules of Civil Procedure apply. The Tenth Circuit had held that in 2002 in this *Espinoza-Saenz* case that we cite in our motion.

So, Your Honor, I think it's clear, number one, that the corrected motion that was filed on March 17th was done to correct a procedural defect, and we could do that without leave of court, and we were required to do it by Rule 2. Second of all, that the amendment that was filed on September the 25th, because it was filed before, before the government had filed its responsive pleading, that we

could file that as a matter of course as Rule 15(a)(1)(A) states, without leave of court. In the *Guerrero* case, for example, they stated that, because the petitioner, although he didn't file a verified amendment, because he filed this memorandum raising a new ground before the statute or the period of limitations had run before the government had filed a responsive pleading, he was timely for purposes of amending under Rule 15(a)(1)(A), that he could do that as a matter of course or a matter of right without seeking leave of the court or permission from the opposing party.

The only time we submit that we would have to go to the Court or ask the Court for leave to amend or seek, in the alternative, written permission from the government to file an amended 2255 motion is after they have filed a responsive pleading. That's Rule 15(a)(2). After they filed a responsive pleading, we would have to ask leave of the court to file an amendment, or, failing that, get written permission for the government to do so. But that's not the case -- or that's not the posture, rather, in which Mr. Barrett's case stands. We filed in good faith, according to the rules, an amended motion to vacate on September the 25th of this year, before the government had filed a responsive pleading. We think that, based on what we briefed last week, the law is extremely clear on that, that no leave of court was required, that a corrected motion

is distinguished from an amended motion, and that we have complied with the applicable rules.  And there should be no question that Rule 15 applies to these proceedings in full force and effect.

Now, as the Court knows, on October 22nd, when we filed this pleading and response to the Court's show cause order, we had an alternative position in that case. And maybe the Court, in its earlier order I suppose that you announced from the bench, takes this into account.  Even if we were in the posture of having -- the government having already filed a responsive pleading and we had to seek leave of the court to amend, that leave should be freely given in the interest of justice.  I know the Court is familiar with the case.  We cited it.  *Foman versus Davis*.  That's the leading case from the Supreme Court in 1962.  It says, leave should be freely given even if we had to go to the court to request leave to amend, which we submit the rules clearly state we did not have to come to the Court for leave to amend.  And the only way that, even in that instance --

THE COURT:  Okay.  Let me -- counsel, I mean, I appreciate your argument and I think --

MR. AUTRY:  Yes, sir.

THE COURT:  -- I think you've made it for the record.  But in view of the announcement I made here today, you understand that, not only have you had an opportunity to

amend once, that, by this order, you're given permission to re-file within the limits of the civil rules here and the rules of procedure, which I think I pointed out, which would make this case -- clarify this case going forward.

MR. AUTRY:  Yes, sir.

THE COURT:  So I understand your position.  But you understand now that you've been granted additional time to file your petition with whatever exhibits you wish to document it with.  And the government has -- I've given a proposed response time.  That's the purpose of this -- one of the additional scheduling issues before the Court.

MR. AUTRY:  Okay.  Your Honor, if I could address that, and that goes maybe to something I said at the outset. That it was my understanding, based on the Court's order of September 29th and the other minute orders that were issued on the 2nd and on the 5th, yesterday, that we would be permitted to show cause why, as these documents have already been filed, we properly filed a corrected motion on March 17th and properly filed an amendment on September the 25th. Instead of allowing us to do that, the Court has come out with an order stating that there are various deficiencies, and then entering a scheduling order.  So I think that the Court has issued a ruling -- and I say this with all due respect to the Court.  I think the Court has issued a ruling as to what the Court is going to do with respect to what

we've already done and what we are going to do in the future without permitting us I think, at least orally -- and I know we filed a motion -- without permitting us orally to tell the Court why we think everything has been properly filed in the first instance, if that makes any sense.

THE COURT:  Well, I mean, I don't have any objection to you telling me why you think it has.  I don't know that it serves any purpose.  I'm not -- it's not my intention to cause any prejudice to your client.  To the contrary, I think the purpose is to, at least in my humble opinion, to clarify the issues so that we can attempt to move forward in an orderly fashion.  That's the whole purpose of my order today.

MR. AUTRY:  Yes, sir.  I understand that, Your Honor.  Our point is, and we still maintain it as we did in our October 2nd filing, is that everything we have done up to this point has been properly done under the rules.  And I'm a little unclear.  If I could make --

THE COURT:  Well, I'm -- I don't choose to rule -- I still have problems with the verification.  And all I ask you to do -- and I don't know what the government's comment would be on that -- is to revisit that issue and brief it if you choose to.

MR. AUTRY:  All right.  Thank you, Your Honor. With respect --

MR. SCHARDL:  Your Honor, may I?  I think -- this is Mr. Schardl.  I think Mr. Autry tried to send that to me earlier, and if I could just respond very briefly on that issue.

THE COURT:  Very briefly.

MR. SCHARDL:  First, let me say, I take it from the Court's comments that the Court is rather irritated with us.

THE COURT:  No.  First, let me correct you.  I'm not irritated with anyone.

MR. SCHARDL:  Well, the Court has identified a number of deficiencies in the form and the procedure that we've followed, and it is certainly not our intention to have any deficiencies in anything that we filed with this Court, nor with any court.  I would say, with respect to the Court's question as to the verification, that the verification actually attached to the corrected motion on the 17th of March was, in great -- to a great extent taken from a verification that was filed in another capital 2255 case, and I followed the language and form that was used and accepted by the court in that case.  The form of the motion --

THE COURT:  Well, wait just a minute now.  I mean, I appreciate that, and you may be about to tell me that was a case that the issue was raised and it was taken to the

Supreme Court.  The fact you followed it in another case or another form or used another form, I mean, I have been dealing with these cases a good part of my life also, and I know there are forms and are temptations to use what's been used before.  It just occurred to me that the verification was something I'm not -- there's been no ruling by the Court that's prejudiced your client.  I'm just pointing that out hopefully that it will be clarified as we go forward for any appellate court or anyone else who goes through this process in the future.  It doesn't appear to me that the verification follows the rule.  If I'm wrong about that, I give you full opportunity to point it out going forward.  I think the comments I made earlier today give you adequate room to do that.  I don't -- because if you -- I'm giving you an opportunity to re-file.  And if you think the verification that you used was appropriate and feel comfortable with it and want to support it with authority, you may.  If you want to look at my suggestion, which was look at the rule and see how the two compare, you may.  So I'm lost to see what harm -- what harm is being caused.

And I appreciate you wanting to make a record, but I wanted you to understand, from my point of view, you have a clean slate going forward.  My purpose is to try to clarify the record so that when we get to the point of attempting to make rulings, which eventually we'll

have to do, that we'll have a concise and precise record to look at. And I pointed out the local rules, which I think have been overlooked maybe in the haste to file things, which happens to attorneys frequently. This is my best effort to clean house, if you will, and get the case redirected.

MR. SCHARDL: Thank you, Your Honor. I think that we appreciate that and I appreciate the Court's comment that there's been no prejudice to Mr. Barrett, and that he'll be held harmless by any perception on the part of the Court that the verification didn't comply with the rule. I simply wanted to clarify what Mr. Autry invited me to do, that the rule requires that the petition base, that it is made under penalty of perjury and the verification states that I declare that the contents of the foregoing petition are true. I made that statement under penalty of perjury, and I believe that is exactly what the rule requires.

THE COURT: All I'm asking to you do is look at it and see if that's what it says.

MR. SCHARDL: Your Honor, I do have it right in front of me. Was Your Honor referring to the --

THE COURT: Listen. Listen. I'm not going to entertain the subject any further. I don't see there's any prejudice. I could be wrong. You can -- you're given an opportunity to re-file it and I'd suggest -- I've suggested

you research it.  If you don't choose to, that's fine.  I'm not -- I'm not in any way attempting to prejudice your client based on what's been filed.  I'll look at the newly filed petition as broadly as I possibly can.  I understand -- my goal is to get the parties to follow the rule exactly as written.  And it was my observation that it had not been.  It's your observation apparently that it has been.  So let's proceed to the next subject.

MR. AUTRY:  Your Honor, a couple of other observations if I may.  To the extent that the Court has set a scheduling order that says we'll be allowed to file an amendment in 20 days and the rest of it, does that constitute a striking of the previous pleadings?

THE COURT:  No.

MR. AUTRY:  It does not?

THE COURT:  No.

MR. AUTRY:  The other thing, Your Honor, I wanted to say was, with respect to the matter of form, whether it was on the form that's authorized by the rules governing 2255 proceedings or the local civil rules in the form that's provided on the website of the court clerk's office.  It's our understanding, after researching this and looking at it, that, as long as the information that is required by either the form provided in the rules or the form provided locally by the district court clerk's office in the Eastern

District, as long as the subject matters that those two things require are stated in the motion, that the format doesn't matter. The rule -- or the commentary to the rules on 2255 proceedings said substantially comply. The local court rule said, if you don't use this form -- and, again, I'm paraphrasing -- if you don't use this form, so long as the subject matters required of the form are stated in the body of the pleading, that's okay. So I think that we were well within our rights and properly filed the verified and the amended motions in a manner that doesn't offend the local rules and doesn't offend the rules governing 2255 proceedings.

THE COURT: Subject to the order.

MR. AUTRY: Pardon, Your Honor?

THE COURT: Subject to the observations I made at the beginning of this hearing.

MR. AUTRY: I understand that, Your Honor. It's our position --

THE COURT: I pointed out that there's several local rules that you have either, as I suggested, honestly or unintentionally overlooked that I tried to give you some direction on --

MR. AUTRY: Yes, sir.

THE COURT: -- other than that.

MR. AUTRY: Yes, sir. Okay. Thank you. And to

the extent that the Court is --

THE COURT:  Of course, the form, you know, is there for a purpose, is to give some order.  And I don't know how broadly -- you're, I think, using that term broadly that you complied.  I haven't -- I haven't dismissed your pleading for that purpose.  My effort here is, in a scheduling conference atmosphere, trying to give some direction to this case from the Court's perspective to help us to move forward.

MR. AUTRY:  I appreciate that, Your Honor.  To the extent that the Court's order that the Court read from the bench could be read, and the Court's already said you're not striking our previous pleadings or anything.

THE COURT:  That's correct.

MR. AUTRY:  But because we are going to seek relief from the Court's order denying disqualification here this week, we would ask that the Court stay its order today until that's resolved.

THE COURT:  Until what's resolved?

MR. AUTRY:  The motion -- or the petition for writ of mandamus.

THE COURT:  That hasn't been filed yet?

MR. AUTRY:  No, it hasn't been filed yet, Your Honor.  It's going to be filed this week.

THE COURT:  I'll hear what the government has to

say.

MR. SCHARDL:  May I, Your Honor?  This is Mr. Schardl.  Also, on the form, just to seek some clarification, if the Court's order is that we re-assert the allegation in the form -- in the standard form, first I'd observe that I have consulted with the federal death penalty resource counsel regarding whether any other court in any jurisdiction has ever required that in a capital case, and they have informed me that it's never been required.  However, if that is the Court's order, I would say, regardless of the stay, it would take a minimum of 30 days to have -- to put in the work necessary to have this entire -- every allegation re-pled in a form.  I'll have to have somebody recreate the form in a word processing format, and then have some secretary or somebody either copy and paste or retype hundreds of pages of allegations into the standard form.  And given the resources available to us and the other cases that we have to provide equal representation to, I think it would take a minimum of 30 days to complete that process.

THE COURT:  Okay.  Thank you.  Anything else?

MR. AUTRY:  I'm sorry, Your Honor?

THE COURT:  Anything further?

MR. AUTRY:  Your Honor, subject to Mr. Schardl adding to or clarifying any of my arguments, I don't have

anything further at this time.

MR. SCHARDL:  Your Honor, if I may, the only thing I would add I think in addition to the need for more time is that the Court commented earlier that we should have advised the government about our intention to file an amendment. And I appreciate the Court's desire to have an orderly process.  We want that, too.  However, I believe it would have been a violation of our ethical responsibility to Mr. Barrett were we to disclose work product such as the plan to file an amended petition, given that the government could then have attempted to cut that off by filing an answer before we could do that.

THE COURT:  What was your question again?  I was distracted there for a moment.

MR. SCHARDL:  I'm sorry, Your Honor.  I didn't propose a question.  I was merely making an observation about something the Court had said.  Do you want me to repeat that?

THE COURT:  Yes, if you will.

MR. SCHARDL:  The only thing I wanted to add to what Mr. Autry said was, at one point, the Court stated that Mr. Barrett's counsel should have informed the government of their --

THE COURT:  Oh, yeah.  Well, all I was pointing out was that I thought you objected to their request for a

continuance when it appeared that you were aware that you were going to file an amended -- I mean, and it just could be, you know, the Court's oversight or my impression of following the case.  I thought -- I set -- I set the time for response based on my assumption -- it was false in this case -- that you had filed your -- you had filed your motion.  And if -- I don't think that you would have been revealing any strategy.  I guess you're saying the government would have -- you were concerned the government would have filed their responsive pleading, which would have cut you off from having an opportunity to file your amended motion.  But given the state of the law as you and co-counsel have stated, you know, I wonder if that was really a concern or not, but because it seems that the law is pretty liberal in allowing you to amend.  So --

MR. SCHARDL:  Well, I --

THE COURT:  -- I think we are by that issue.  I mean, I think we are past that issue now.  It was just an observation that I'm making, hopefully without doing injustice to your client or invading your strategy, that, as far as scheduling and moving the case forward, that we can cooperate with trying to -- the case has a lot of issues. I'm aware of that.  It's a broad horizon to investigate, but it's one that's not insurmountable, and it's one that has to ultimately get before a court for resolution, and that's

my -- that's my goal.

MR. SCHARDL:  Thank you, Your Honor.

THE COURT:  Counsel for the government desire to be heard?

MR. KAHAN:  Just briefly, Your Honor.  The one sort of overriding concern I have from the proposed schedule or any schedule that would involve an amended pleading at this point is that it does certainly invite to us respond on the basis of one-year period of limitations the Court has already noted under 2255(f).  And certainly to the extent that the new pleading repeats allegations made in the -- any timely pleading, I don't see where that would be an issue certainly, based on change of form.  Anything new -- and certainly the -- Mr. Barrett has indicated a willingness to place new issues before the Court with the amended pleading -- is going to be subject to a challenge based on *Mayle versus Felix* for relation back.

Toward that end, and I had intended to propose this with regard to the amended petition as it currently exists, or the second amended, depending on how one wants to look at it.  But now that we're looking at, we'll call it the future motion, certainly I would appreciate it if the Court could place an onus upon Mr. Barrett's counsel to identify what new material they are bringing to bear.  Certainly I think that, because the

timeliness issue is already ripe, it should be on them to identify what new issues are being brought before the Court unless they want to return to the original allegations made.

That said, with regard to the Court's desire for comment on timely -- or the proposed schedule, it's difficult to say without seeing the new pleading.  Assuming that what is going to ultimately be filed comports more or less substantively with what we've seen before, I believe that 60 days should be sufficient.  Mr. Wilson and I have done substantial amount of work toward completing this.  All of that presupposes -- and this issue we have not addressed -- that the Court does file the protective order at some point and give us access to the final group of documents that we've requested.

And apart from that, unless the Court desires some comment on the argument made for the record, I'd just --

THE COURT:  So your concern is, if the present second amended petition is going to be the -- the -- without using the word same, but I guess I can't think of a better one -- if the same allegations are made, you're not concerned about the time restraints.  But if there's a whole new issue, broader issue, then there could be concerns; is that correct?

MR. KAHAN:  Well, just to use the nomenclature

that's already I guess on the pleadings themselves, the corrected pleading, I don't think that I had any intention to object to on timeliness ground.  Certainly there were aspects of the amended petition that I did intend to object to on timeliness grounds.  And I'm confident that Mr. Barrett's counsel will re-allege those in any future pleading, and I don't think I'm giving away the store by telling you that I will object to those on timeliness grounds.  My concern, in looking at the amended petition, and certainly I lost some sleep over this, is that there's, at least in page count alone, an indication that there's been a substantial amount of new information placed in the amended pleading that was not in the corrected pleading.  And if that material is going to come into now the future pleading, I would certainly like to have that identified and justify it under *Mayle v. Felix*.

THE COURT:  Do you want to use that podium back there, I'll just leave you both up at the same time.

MR. AUTRY:  Sure, Your Honor.

THE COURT:  Mr. Schardl, I'm not asking you for comment, I'm just trying to explain what's going on in the courtroom.  I have government counsel at a podium closest to the Court with a microphone, and I have your co-counsel at the back of the room, not too far back, but they are separated by 15 or 20 feet, with also a microphone.  I just

thought it would be a good use of time and space to have them both standing. You may.

MR. AUTRY: Your Honor, with respect to Mr. Kahan's observation on new matter in the amendment that was filed on September the 25th, the Court -- if they raise it as an affirmative defense in their responsive pleading, if they raise a period of limitation problem saying this is new matter that does not relate back under Rule 15(c), that's something that the Court is going to have to determine. However, I don't think it's appropriate for the Court to direct us to identify supposed new matter to set up an affirmative defense for the government. If they want to say that, well, certain things alleged in the amended motion on September the 25th do not relate back under Rule 15(c) to the original verified petition that was filed on March 17th, that's an affirmative defense under the one-year period of limitation that they have to raise. So it's up to them to identify what they think new matter is that they believe, in their professional judgment, does not relate back to the verified pleading filed on March 16th, and then argue it is our position that the one-year period of limitations applies, this is a new argument that is not subsumed within the arguments made in the original pleading. Therefore, the one-year period of limitation bars it from being considered by the Court. But that's on them. It's an affirmative

37

defense they have to raise.

I will submit to the Court that we are very conscious of Rule 15(c), and that any amendment we file will assert a claim or defense to quote that rule that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading.  But as I said, it's going to be the Court's determination, if they raise an affirmative period of limitation defense, to determine whether the matters relate back or do not.

MR. KAHAN:  Well, I would say this, Your Honor, certainly to the extent that -- the government takes the position that the pleading denominated, the amended pleading, is in fact the second amended pleading, that the onus is on Mr. Barrett -- Mr. Barrett's counsel to seek leave of the Court to amend, and that it should also, therefore, be his burden to show in what way he is amending.  Whether or not that sets up an affirmative defense for the government seems to me beside the point.  He is, in fact, the one who is seeking to amend at this point, and should at least inform the Court and the government in what way he intends to do so.

MR. AUTRY:  Your Honor, we'd stand on our previous argument.  And of course, just to make the record clear, it's our position of course that the pleading that was filed on September the 25th is not a second amended pleading.  It

is a first amendment that we could file as a matter of course under 15(a)(1)(A). And I know the Court doesn't want me to repeat what I've already said, that that's our position. And it's our position that we should not be placed in a position of helping the government to identify grounds for an affirmative defense that they've got to raise. Simple as that.

THE COURT: Counsel, anything further?

MR. KAHAN: I'd stand on that issue, Your Honor. I think we've both stated our positions here.

THE COURT: Your position on the schedule -- from the scheduling point of view --

MR. KAHAN: Well --

THE COURT: -- I know you qualified it to say that, depending on what the submission of counsel for Mr. Barrett is, that the time is sufficient unless there's new -- not trying to identify what the new -- but in the event it's expanded, you would qualify your statement; is that correct?

MR. KAHAN: I believe that's correct, Your Honor. I think that the 60 days we've discussed should be sufficient unless these allegations change wildly. Obviously there is going to -- no matter who identifies new material, there is going to be some period of time required for the tedium of comparing any amended petition, the

current second amended, the next amended with the previous document.  So I believe that 60 days should be sufficient.

THE COURT:  Co-counsel is raising his hand.

MR. WILSON:  Judge, I'm sorry.  The only question I had in my mind is, according to the statement the Court made originally about the proposed schedule, and you correct me if I'm wrong, but I believe the Court said that the petitioner would have an additional 20 days in which to file a new petition, if you will, an additional 60 days to file a brief with the attachments.

THE COURT:  Yes.

MR. WILSON:  My question is, the 60 days that you're proposing for the government to file its response, would that be from the filing of the motion, or from the filing of the brief with attachments?

THE COURT:  Filing of the brief.

MR. WILSON:  Okay.  That's all I wanted.  I wanted to make sure when my clock began to run.

THE COURT:  I'm going to let you see the brief and attachments before.

MR. WILSON:  Thank you, Judge.

THE COURT:  Counsel, anything further?

MR. AUTRY:  Your Honor, we'd just reiterate our request, understanding that we haven't yet filed this petition for writ of mandamus, that the Court stay its

current order until that's filed and resolved.  So we would request that of the Court.

THE COURT:  Okay.  Until what is filed and resolved?

MR. AUTRY:  The petition for writ of mandamus on the --

THE COURT:  I understand you keep talking, but you haven't filed it yet?

MR. AUTRY:  No, we haven't filed it yet.  We expect to file it this week.

THE COURT:  So you're wanting me to stay this based on what you intend to do?

MR. AUTRY:  Yes, sir.  And we intend to file it this week.

THE COURT:  For the purposes of this hearing, I'll deny that request.

MR. AUTRY:  Thank you, Your Honor.  And I don't have anything further, Your Honor, unless Mr. Schardl does.

THE COURT:  Mr. Schardl mentioned that he needed 30 days to -- rather than the 20 I suggested; is that correct?

MR. SCHARDL:  Yes, Your Honor.

THE COURT:  Okay.  Well, I will, following this hearing, keeping in mind your request and suggestions for

41

additional time, and the government's comment as to their need for time, I'll try to issue a more precise order -- scheduling order.

At this time, I'll let the record reflect I've excused government counsel, and I'll ask that counsel for the -- Mr. Barrett, Mr. Autry remain.

MR. KAHAN:  Thank you, Your Honor.

THE COURT:  You may be excused.  I'll ask that the bailiff seal the courtroom, and the recording is sealed.

*(End of requested proceedings 3:19 p.m.)*

42

C E R T I F I C A T E

I, Ken Sidwell, Certified Shorthand Reporter for the Eastern/Northern Districts of Oklahoma, do hereby certify that the foregoing is a true and accurate transcription of my stenographic notes and is a true record of the proceedings held in the above-captioned case.

I further certify that I am not employed by nor related to any party to this action, and that I am in no way interested in the outcome of this matter.

In witness whereof, I have hereunto set my hand this 15th day of October, 2009.

s/Ken Sidwell
Ken Sidwell, CSR-RPR
United States Court Reporter