IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,      )
                             )
    *Petitioner/Defendant*,   )
                             )
v.                           )        Case No. 6:09-cv-00105-JHP
                             )
UNITED STATES OF AMERICA,     )
                             )
    *Respondent/Plaintiff*.   )

---

**COMBINED MOTION TO STAY PROCEEDINGS
AND ACCOMPANYING BRIEF**

---

**MOTION**

Petitioner, Kenneth Eugene Barrett, by and through counsel, and pursuant to Fed. R. Civ. P. 62(c), Fed. R. App. P. 8(a), 28 U.S.C. § 1651, and the Due Process Clauses of the Fifth and Fourteenth Amendments, respectfully moves this Court for an Order staying proceedings, including the Scheduling Order filed on October 7, 2009, pending the resolution of Petition for Writ of Mandamus which Petitioner filed in the Tenth Circuit Court of Appeals on October 13, 2009.  This motion is supported by the files and records in this case, and in *United States v. Barrett*, Case No. CR-04-115, including, but not limited to, Petitioner's motion to disqualify (Doc. 66), his motion filed October 5, 2009 (Doc. 78), and the arguments of counsel during the hearing held October 6, 2009, as well as the accompanying brief in support of this motion.

### BRIEF IN SUPPORT OF MOTION

In Support of this Motion, Petitioner asserts the following:

### 1.  Background

On October 13, 2009 Petitioner sent for filing in the Tenth Circuit Court of Appeals a Petition for Writ of Mandamus.

The Petition seeks an Order from the Tenth Circuit Court of Appeals to this Court compelling Hon. James H. Payne to vacate his Order [Doc 66] denying Petitioner's Motion to Disqualify [Doc 45].

The Petition also seeks an Order vacating all of the Orders entered by Hon. James H. Payne after Petitioner filed his Motion to Disqualify.

The Petition also seeks an Order compelling Hon. James H. Payne to recuse himself from this matter and refrain from any and all further judicial or administrative actions in relation thereto.

Pursuant to Fed. R. App. P. 21 a copy of Petitioner's Petition for Writ of Mandamus filed in the Tenth Circuit court of Appeals was served by mail on Hon. James H. Payne and the United States Attorney's Office on this date.

The Tenth Circuit has jurisdiction over Petitioner's petition pursuant to 28 U.S.C. § 1651, Fed. R. App. P. 21, and *Lopez v. Behles (In re American Ready Mix, Inc.*), 14 F.3d 1497, 1499 (10th Cir.), *cert. denied,* 513 U.S. 818 (1994), and *United States v. Cooley*, 1 F.3d 985, 996 n.9 (10th Cir. 1993).

////

## 2. Grounds for Staying Proceedings

Rule 8(a), Fed. R. App. P. provides this Court should be first to consider whether to stay its own proceedings pending review in the Tenth Circuit. *McClendon v. City of Albequerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). A stay is appropriate where the petitioner shows (a) a likelihood of success on the merits, (b) the threat of irreparable harm if no stay is granted, (c) the absence of substantial harm to the opposing party, and (d) that the public interest favors a stay. 10th Cir. R. 8.1; *United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).

### 2.a  Success on the merits is likely

It is likely Petitioner will be successful and the writ will issue. At a minimum, Petitioner has presented a substantial case on the merits involving a serious legal question. *McClendon*, *op. cit.*, citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). The facts are largely undisputed and establish numerous violations of the Code of Judicial Conduct reflecting bias towards the Government or against Mr. Barrett, as well as conditions requiring recusal under 28 U.S.C. § 455.

Judge Payne failed to disclose to defense counsel the content of his *ex parte* communications with prosecutors, then withheld adjudication of a prosecution motion he found to be without merit while Mr. Barrett's counsel acceded to limitations on their investigation of key government witnesses. Were Judge Payne to remain on this case he would be required to evaluate and adjudicate the import of extra-record evidence which, if favorable to Mr. Barrett, would cast Judge Payne in a negative light.

Similarly, witnesses have come forward and given declarations stating that Judge Payne relied upon personal goals and other inappropriate considerations when appointing counsel to represent Mr. Barrett. Judge Payne cannot evaluate those witnesses' statements or make rulings on their admissibility or import without raising questions about his own impartiality.

Finally, it is undisputed that Judge Payne violated the ABA Code of Judicial Conduct by conducting an independent Internet search of grounds for denying Petitioner's motion for equitable tolling. The plain language of his order demonstrates he relied upon that previously undisclosed investigation, and such investigations have been found to violate § 455. *In re United States*, 441 F.3d 44, 66-68 (1st Cir.2006) (recusal under § 455(a) required where judge stays pending criminal matter to conduct investigation of potential misconduct concerning the grand jury); *In re Edgar*, 93 F. 3d 256, 258-60 (7th Cir. 1996) (ex parte meeting with experts who had come to favor one party requires recusal under § 455(a)).

### 2.b  Continuing these proceedings threatens irreparable harm

If no stay is granted, and these proceedings continue, there is a danger of irreparable harm. If the Court of Appeals grants the petition, rulings by this Court will be null and void. Proceeding further under those rulings will only engender delay and confusion which will harm the interests of all concerned.

### 2.c  The government will suffer no substantial harm

For similar reasons to those just stated, there is an absence of harm to the

Government if a stay is granted.  Assuming the Government is interested in the timely and orderly resolution of this matter, a stay is in the Government's interest.

### 2.d  The public interest favors a stay

Similarly, the greater risk of harm to the public interest is in not staying these proceedings.  The public has an interest in all criminal cases, but especially capital cases, in the fair and orderly adjudication of issues affecting the validity of the judgment.  Confidence in these proceedings can only be enhanced if they are stayed pending disposition of the case in the Court of Appeals.  *See Gardner v. Florida*, 430 U.S. 349, 358 (1977) ("It is of vital importance to the defendant and *to the community* that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.") (emphasis added).

### 3.  Certificate of Compliance

Pursuant to L.Cv.R. 7.1(g) and 10th Cir. R. 8.3, counsel for Petitioner has conferred with counsel for the Government.  Counsel have been unable to resolve this dispute.  Opposing counsel has informed the undersigned that the Government opposes this motion.  Counsel did not confer in person, but by telephone, because all counsel reside more than 30 miles from each other and in-person meetings would have been infeasible and fiscally irresponsible under the circumstances.

WHEREFORE Petitioner respectfully asks this Court to stay any all proceedings in this matter pending resolution of the Petition for Writ of Mandamus.

////

DATED:   October 16, 2009

Respectfully submitted,

/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 16th day of October, 2009, I caused the foregoing Status Report to be filed with the Clerk of the Court using the ECF System for filing. A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Tivon Schardl