**CAPITAL HABEAS CASES FILED IN THE EASTERN DISTRICT OF OKLAHOMA SINCE 1/1/1998**

| | CASE | JHP | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|---|
| 1 | *Battenfield v. Ward*, 6:98-cv-00036-JHP | MJ, DJ (after remand) | 6/15/1998 (Doc. #16); Appendix filed 6/15/1998 (Doc. #17); denied without briefing, argument or hearing of any kind 5/5/1999 (Doc. #28) | No, per counsel, but contained all info req'd by form, contained brief, over 25 pages, appendix included exhibits | Robert Jackson Steve Presson 10-20-09 |
| 2 | *Johnson v. Gibson*, 6:98-cv-00072-FHS-JHP | MJ | 7/16/98 (Doc. # 11); State court appendix filed separately 5/1/98 (Doc. 8); response filed 9/30/98 (Doc. 18); reply filed 11/2/98 (Doc. 22); petition denied 6/29/99 (Doc. 30) | No, per counsel.  Separate motions for discovery & record expansion.  Denied after reply w/o fact-development. | Randy Bauman, FDP CHU |
| 3 | *Johnson v. Gibson*, 6:98-cv-00331-FHS | MJ | Minute order of 12/1/98 says "all motions to be filed within petition" (Doc. 11); 2/1/99 petition filed (Doc. 12); brief filed separately 2/1/99 (Doc. 14); 3/23/99 response (Doc. 17); 6/30/99 reply (Doc. 24; 12/9/99 order denying (Doc. 30) [10th Cir. reversed and remanded] | No, per FPD CHU attorneys, no CHU case has been filed on form. | Stephen J. Greubel, FPD CHU |
| 4 | *Humphreys v. Gibson*, 6:98-cv-00568-FHS-JHP | | 5/18/1999 (Doc. #11); Order denying filed 3/30/2000 (Doc. #24) after response and reply | No, per counsel, cites cases, 81 pages | Chris Eulberg 405-232-3450 10-21-09 |
| 5 | *Cummings v. Gibson*, 6:99-cv-00447-FHS-KEW | | | | |
| 6 | *Snow v. Gibson*, 6:00-cv-00070-FHS | MJ | 7/31/2000 (Doc. #13); with appendix filed same day (Doc. # 14). | No, per counsel | Vicki Wernecki 10-20-09 |

| | CASE | JHP | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|---|
| 7 | *Delozier v. Gibson*, 6:00-cv-00102-JHP-KEW | MJ, DJ | 8/31/2000 (Doc. #18), withdrawn and supplemented on 10/10/2000 (Doc. # 23); appendix filed 10/10/2000 (Doc. #24); on 10/20/2003 JHP granted motion to amend with recent authority (Doc. ##48, 49) | No, per docket entries on legal authority | Randy Bauman 10-20-09 |
| 8 | *Braun v. Keating*, 6:00-cv-00371-MB-JHP | MJ | 7/18/2000 (Doc. #3), appendix filed 7/18/2000 (Doc. 4) [This was a successor filed under warrant.] | | Benjamin McCullar 405-214-2889 |
| 9 | *Phillips v. Gibson*, 6:01-cv-00045-JHP-KEW | DJ | 10/1/2001 (Doc. #18); Mot. Leave to Amend (post exhaustion) (Doc. #37); Order granting leave to amend (Doc. #40); Amendment to Pet. filed 4/15/2004 (Doc. #43) | No, counsel said it was a "brief" | Gregory W. Laird 405-632-6668 10-22-09 |
| 10 | *Taylor v. Workman*, 6:01-cv-00252-JHP-KEW | MJ, DJ | 11/29/2001 (Doc. #14)[included request for evidentiary hearing]; 3/12/2007 Order denying petition & request for hearing (without briefing) (Doc. #32) | No, per Randy Bauman | Randy Bauman |
| 11 | *Hammon v. Gibson*, 6:01-cv-00253-FHS-KEW | | | | |
| 12 | *Wackerly v. Sirmons*, 6:01-cv-00567-FHS-KEW | | | | |
| 13 | *Murphy v. Mullin*, 6:03-cv-00443-RAW-KEW | n/a | 3/5/1004 (Doc.14); Amended Petition Removing unexhausted claims filed 9/10/2004 (Doc. #34); 2nd Amendment filed 12/28/2005 (Doc. #54) [not on form; includes points and authorities; requests hearing & briefing; is 46 pages long; list of exhibits; no verification] | No, per counsel | Kristi Christopher |

|  | CASE | JHP | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|---|
| 14 | *Duty v. Mullin*, 6:05-cv-00023-FHS-SPS | | 7/28/2005 (Doc. #32) | No, per counsel | Randy Bauman |
| 15 | *Ryder v. Mullin*, 6:05-cv-00024-JHP-KEW | | 9/13/2005 (Doc. #13); Suppl. Auth filed 3/21/2006 contains argument (Doc. 21) | No, per counsel | Randy Bauman |
| 16 | *Derosa v. Mullin*, 6:05-cv-00213-JHP-SPS | | 12/23/2005 (Doc. #17); Attachments filed 12/23/2005 (Doc. #18); Response filed 3/22/2006 with attachments (Doc. #19). | No, per counsel | Patti Palmer Ghezzi (FPD) |
| 17 | *Barrett v. USA*, 6:09-cv-00105-JHP | | | | |

According to this Court's CM/ECF system, in the eleven years before Kenny Barrett filed his petition, there were sixteen habeas corpus petitions filed in the Eastern District of Oklahoma in death-penalty cases. Judge Payne was involved in ten of those cases either as a magistrate judge, district judge, or both. A review of those cases, and discussions with the petitioner's counsel in those cases shows the form appended to the Rules Governing Section 2254 Cases in the District Court was not used by counsel in any of those cases. The dockets and memories of counsel indicate Judge Payne did not require the form to be used in any case. In these cases, the petitioners included legal points and authorities in their petitions, as Mr. Barrett did, and the petitions exceeded 25 pages in length, as Mr. Barrett's did. None of the petitioners sought leave to file an oversized brief. There were appendices of exhibits filed with ___ petitions. Although Judge Payne found fault with Mr. Barrett's counsel for filing in this form, he did not raise similar concerns in the previous cases. In ___ cases in which Judge Payne was involved, the petitioner requested an evidentiary hearing in the prayer for relief at the end of the petition. The records in those cases contain no order finding it was improper to request a hearing in the petition. Judge Payne denied hearings in all cases. In ___ cases in which Judge Payne presided he denied relief and an evidentiary hearing without affording the petitioner an opportunity to submit briefing other than a reply to the response, or motions for discovery or an evidentiary hearing. In one case, *Taylor v. Workman*, Judge Payne found the petitioner failed to present evidence to rebut the presumption of correctness *before* denying the petitioner's request for an evidentiary hearing.

The evidence available to counsel at this time of filing shows the Court's treatment of Mr. Barrett is unique.