IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| *Petitioner/Defendant,* | ) | |
| | ) | |
| v. | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent/Plaintiff.* | ) | |

## MOTION TO CONTINUE BRIEFING SCHEDULE

Petitioner, Kenneth Eugene Barrett, by and through counsel, pursuant to Fed. R. Civ. P. 6(b) and LCvR 7.1(j), moves this Court for an order continuing the current briefing schedule in light of evidence newly produced by the Government, the need for Petitioner to obtain modification of the protective order, and the need for Petitioner to amend his claims to include the newly produced evidence and fruits of its disclosure. This motion is supported by the files and records in this case, and in *United States v. Barrett*, Case No. CR-04-115, and the following showing of good cause.

1.     Pursuant to the Order filed January 15, 2010, Petitioner is to file a brief in support of his an amended petition by February 18, 2010. Respondent then has 60 days in which to answer, or until March 8, 2010, and Petitioner has until March 23, 2010 to file a reply. Doc. 104. The Court's most recent order provided that there would be no further extensions of time. *Ibid.* However, circumstances have changed significantly so that a continuance serves the interests of judicial economy and the efficient resolution of the case.

2.     The filing schedule described in the preceding paragraph represents a two-week

extension beyond a 30-day extension of the dates initially set out in this Court's order filed October 7, 2009 (Doc. 81). Those extension was granted at Mr. Barrett's request, and was unopposed.

3. For the following reasons, Petitioner submits it is in the interest of judicial economy and the more timely resolution of this case for the briefing to be continued at least as to certain claims.

3.1 On January 11, 2010, the Government filed a document with the Court. The notice of filing electronically served on Petitioner's counsel advised only that the Government "submitted a letter dated January 11, 2010 to the Court under seal for an in camera review to determine whether the Government is permitted to disclose information contained therein to counsel for Petitioner in whole or in part."

3.2 On January 12, 2010, the Court entered an order stating that it was granting a motion for a protective order filed by the Government. The order directed the Government to provide to Mr. Barrett's counsel, but not to Mr. Barrett, the content of the letter filed January 11. The letter itself was to remain under seal.

3.3 On January 28, 2010, after repeated inquiries from Mr. Barrett's counsel, the Government provided a letter disclosing information regarding a witness in the case. The Government acknowledged that the information was at least arguably within the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), and acknowledged that the subject matter related to the subject matter of claims raised in Mr. Barrett's pleadings. The January 28 letter states that some of the information contained therein is covered by the protective order, and some is not.

3.4 Since receipt of the letter, Petitioner's counsel have compared it with other evidence, and determined that further investigation is required, but that the already known

Pet. Mot. Cont. Sched. to Permit Amendment        2                    *Barrett v. U.S.*, 09-cv-105-JHP

information requires amendment of claims.  Those claims that either must be amended with the presently known information, and those that may be amended after further investigation include the following:

- Ground 2 (Parts A and B) (ineffective assistance related to investigation and litigation of suppression motion, trial preparation and impeachment of witnesses related to both stages of the trial and involving cumulative prejudice analysis);

- Ground 3 (withholding of investigative resources impeded preparation of defense);

- Ground 4 (evidence should have been suppressed under *Franks v. Delaware*, 438 U.S. 154 (1978));

- Ground 5 (Parts A through D) (Government suppressed exculpatory material, presented perjured testimony, and interfered with defense investigation of witnesses, and newly discovered evidence);

- Ground 7 (to the extent new evidence undermines part of Government's case for use of electric shock belt during trial).

3.5     It is not feasible or efficient for the Government to respond to these claims, or for the Court to take them under submission, until Mr. Barrett has had a reasonable opportunity to present an amendment incorporating the newly disclosed evidence.  The substantive law governing Grounds 2 and 5 in particular – the two largest claims – requires the Court to conduct a cumulative prejudice analysis.  *Rompilla v. Beard*, 545 U.S. 374, 390-93 (2005); *Wiggins v. Smith*, 539 U.S. 510, 536 (2003) (reasonably-probability test requires court to "evaluate the totality of the evidence – 'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s]*'") (quoting with emphasis *Williams v. Taylor*, 529 U.S. 362. 397-98

(2000)); *Kyles v. Whitley*, 514 U.S. 419, 436 (1995) (reasonable-probability test for materiality based on "evidence considered collectively, not item by item"). The newly disclosed information relates to at least two central figures in the case and to the events that constitute the very genesis of the case.

3.6    However, the protective order precludes Mr. Barrett from learning about the evidence. It also precludes his counsel from disclosing information in the course of investigation, even if the information is known to a witness or there is no justification for withholding the information from the witness. And of course, the protective order precludes Petitioner from pleading the information. These conditions make amendment impossible.

3.7    Despite their diligent work on the brief due February 18, Petitioner's counsel have responded diligently to the newly disclosed information. Counsel have prepared a motion to modify the protective order so that an investigation can go forward, and the new information could be amended into the § 2255 Motion while respecting and furthering the protective order's legitimate goal. Pursuant to LCvR 7.1(g), Petitioner's counsel have attempted to confer with opposing counsel regarding the modification, but have not yet received a response.

3.8    Mr. Barrett respectfully requests the Court enter the attached proposed order staying the briefing schedule, and continuing it until 30 days after the Court has modified the protective order. This will give Petitioner 30 days in which to investigate the newly disclosed evidence, and incorporate that information and the fruits of the investigation, into an amendment. Mr. Barrett will file his brief in support of the newly amended motion at the same time as the amended motion itself.

3.9    This request does not affect the date for filing the redacted exhibits to the current amended motion. Mr. Barrett will propose modification of the January 12 protective

order to provide that exhibits covered by that order be filed separately and under seal with the to-be-amended motion to vacate.

4.     Pursuant to LCvR 7.1(g), undersigned counsel has conferred with counsel for Respondent, Assistant United States Attorney Christopher White, and has been advised that the Government does not oppose a two-week extension of the briefing schedule, provided Petitioner notes in this motion that the Court previously said no further extensions would be granted, and provided the subsequent dates for Respondent's filings are similarly extended.  Counsel did not confer in person, but by telephone and e-mail, because all counsel reside more than 30 miles from each other and in-person meetings would have been infeasible and fiscally irresponsible under the circumstances.

5.     Granting this motion will impact deadlines in the following ways:

• Petitioner's brief and any amended motion to vacate will be due 30 days after the Court modified the January 12 protective order;

• Respondent's answer will be due 60 days after Petitioner's brief is filed;

• Petitioner's reply will be due two weeks after the answer is filed.

WHEREFORE, Petitioner respectfully moves this Court to enter the accompanying proposed order.

////

////

////

////

////

////

Pet. Mot. Cont. Sched. to Permit Amendment          5          *Barrett v. U.S.*, 09-cv-105-JHP

DATED:   February 11, 2010

Respectfully submitted,

 /s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

 /s/ Joan M. Fisher
JOAN M. FISHER, Idaho SB #2854
Assistant Federal Defender

 /s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 12th day of February 2010 I caused the foregoing Unopposed Motion for Extension of Time to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Tivon Schardl