IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,    )
    )
    *Petitioner/Defendant,*    )
    )
v.    )    **Case No. 6:09-cv-00105-JHP**
    )
UNITED STATES OF AMERICA,    )
    )
    *Respondent/Plaintiff.*    )

**PETITIONER'S UNOPPOSED MOTION TO FILE EXHIBITS UNDER SEAL**

Petitioner KENNETH EUGENE BARRETT, by and through his undersigned counsel, pursuant to LCvR 5.3 and LCvR 79.1(b) respectfully requests that this Court enter the attached proposed order directing the Clerk to file under seal Exhibits 139, 140, 141, 142, 143, 144A, 144B, 145, 146, 147A, 147B, 147C, 147D, 147E, 147F, 147G, 201 and 202 some of which were filed under seal with the initial § 2255 Motion, and which were all lodged with the First Amended § 2255 Motion. Mr. Barrett states the following as good cause for entering the proposed order:

1.    In order to comply "with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (Pub. L. 107-347, which was enacted on December 17, 2002), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests" this Court adopted LCvR 5.3 and a CM/ECF Administrative Guide. These documents provide that "parties may refrain from including, or may partially redact where inclusion is necessary, . . . medical records; employment history; [and] individual financial information." LCvR 5.3; E.D. Okl. CM/ECF Administrative Guide at

19.  The document further provides that "a party wishing to file a document containing the . . . confidential information listed above may [f]ile an unredacted version of the document under seal, which shall be retained by the court as part of the record." *Ibid.*  The CM/ECF Administrative Guide further provides that such documents may be filed under seal "without requiring a specific court order if said document indicates in the heading or style that it is an 'UNREDACTED VERSION OR REFERENCE LIST pursuant to Local Rule'."  E.D. Okl. CM/ECF Administrative Guide at 19.

The documents Mr. Barrett seeks to file under seal are medical records, and therefore appear to fall within the specific provisions of LCvR 5.3.  However, during the hearing held October 6, 2010, this Court referenced the more general provisions of LCvR 79.1.  In that LCvR 5.3 specifically permits the filing of medical records under seal, and the CM/ECF Guide states that no prior order is necessary, it is unclear to Petitioner's counsel whether the medical records at issue here are covered by the general provisions of LCvR 79.1 which require a motion.  However, pursuant to the Court's reference to LCvR 79.1, Mr. Barrett files this motion notwithstanding LCvR 5.3 and the CM/ECF Guide.  The Court also indicated during the hearing that Mr. Barrett should file this motion 20 days prior to filing his brief.  Undersigned counsel apologize for having overlooked that part of the transcript when preparing these filings, and respectfully request leave from that time restriction.

Pursuant to the October 7, 2010 Order, Mr. Barrett's counsel has redacted personal identifiers from exhibits previously filed under seal.  There remain a number of exhibits that contain information that Congress and the local rules deem confidential as they involve a legitimate interest in privacy.  These interests satisfy the requirements of LCvR 79.1(b), and the documents should be filed under seal.  The entirety of the documents contains confidential

Pet. Mot. File Med. Recs Under Seal                2                *Barrett v. U.S.*, 09-cv-105-JHP

information, such as the fact that a witness sought medical treatment from a specific heath care provider, making redaction impractical and so extensive as to leave hundreds of almost completely blank pages in the public record.

These exhibits to Mr. Barrett's First and Second Amended § 2255 Motions include medical records of witnesses. Information contained in these documents is considered private and confidential under federal law, including, the Health Insurance Portability And Accountability Act ("HIPAA") which protects the privacy of medical records. Mr. Barrett's counsel obtained these records through HIPAA-compliant releases. Under HIPAA, the filing of a lawsuit does not waive the disclosure of confidential health information. *Palazzolo v. Mann*, 2009 U.S. Dist. LEXIS 22348 at 4 (E.D. Mich. Mar. 19, 2009). In order to protect the witnesses from breaches of their privacy unrelated to the litigation in this case, the records should be maintained under seal.

The Fourteenth Amendment to the United States Constitution recognizes a privacy interest in maintaining the confidentiality of health records. This is a constitutionally protected right of substantive due process which has long been recognized by the Supreme Court: "[A]n individual's 'interest in avoiding disclosure of personal matters' is an aspect of the right to privacy." *Whalen v. Roe*, 429 U.S. 589, 606 (1977). Relying on *Whalen* and its progeny, the Ninth Circuit has held that, "[i]ndividuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information." *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004); *see also Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1269 (9th Cir.1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.").

There is no necessity of making public the details of witnesses' medical, employment, and financial records. The Government and Court have full access to the information. Requiring redaction would mean the public filing of hundreds of blank pages. Requiring this information to be publicly filed would unnecessarily burden Mr. Barrett's exercise of his statutory and constitutional rights to pursue habeas corpus relief in this Court.

2.     Pursuant to LCvR 7.1(g), undersigned counsel has conferred with counsel for Respondent, Assistant United States Attorney Christopher Wilson, and it has been determined that the Government has no objection to the filing of the aforementioned documents under seal.

3.     Granting this motion will not affect any deadlines or other matters in this case.

WHEREFORE, Mr. BARRETT respectfully requests the Court enter the attached proposed protective order.

DATED:   February 18, 2010

Respectfully submitted,

*/s/ David B. Autry*
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender
*/s/ Joan M. Fisher*
JOAN M. FISHER, Idaho SB #2854
Assistant Federal Defender
*/s/ Tivon Schardl*
TIVON SCHARDL, Fla. Bar No. 73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 18th day of February 2010 I caused the foregoing Unopposed Motion for Extension of Time to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Tivon Schardl