IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,           )
                                  )
          Petitioner,             )
                                  )
v.                                )          Case No. 09-CIV-105-JHP
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )

PETITIONER'S MOTION TO RECONSIDER
MOTION FOR LEAVE
TO FILE OVERSIZED BRIEF

COMES NOW Petitioner, Kenneth Eugene Barrett, by and through his undersigned counsel, and moves this Court to reconsider its denial of Petitioner's Motion for leave to file an oversized brief in excess of twenty-five pages in support of his Second Amended § 2255 Motion, denied by minute order February 18, 2010.  Doc 112.

In Support of the Motion, Petitioner states the following:

1.      On January 15, 2010 this Court granted an unopposed Motion to Extend Deadlines to File the Brief in Support of Amended  Petition and Subsequent Briefing, extending the time to file Petitioner's Brief in Support of his Amended Petition to February 18, 2010.  Doc 104.  The Order specifically stated that "[n]o further extensions shall be granted."  Doc 104.

2.      On January 12, 2010, this Court entered a Protective Order the "subject matter" of which was disclosed to Petitioner's counsel by letter from the Government received on January 28, 2010.

3.      On February 11, 2010 Petitioner filed his Third (Unopposed) Motion to Extend Deadlines Due to Newly Disclosed Evidence and set out in detail the issues affected by the

newly disclosed information, requesting that the Court stay the briefing schedule and continue it until 30 days after the Court has modified the protective order.  Doc. 107.

4.      On February 12, 2010, this Court entered a Minute Order setting the Motion Hearing and Status Conference (Re: Petitioner's Third Motion to Continue Briefing Schedule) requiring counsel to be present at the hearing.  Doc. 108.  The minute order did not extend or modify the Order of January 15, 2010 in which the Court specifically stated "no further extensions of time shall be granted."

5.      Available counsel for Petitioner anticipate being present at the hearing scheduled for March 1, 2010.[1]  Petitioner anticipated filing his Brief in Support of the Amended § 2255 Motion, Motion for Evidentiary Hearing and Motion to Expand the Record as ordered, and stands fully prepared to so file.

6.      Counsel for Petitioner and for the Government have been in further consultation regarding the Protective Order and believe that a stipulated motion and proposed modification of that Order will be submitted at or before the scheduled hearing.

7.      Notwithstanding the Court's Order setting the Third Motion to Extend Deadlines for hearing, without a specific Order from this Court advising otherwise, counsel for Petitioner consider the Order holding that no further extensions will be granted to be currently in effect.

8.      Consequently, counsel have prepared a brief in support of the Amended §2255 Motion which, given the complexity of factual and legal arguments supporting the issues, and the fact that this Court previously ordered Petitioner to remove the law from his Court-ordered Amended § 2255 Motion to Vacate and submit a separate brief in support of the same (Docs. 81, 85 at 9-12), is over 25 pages in length.

---

[1] Mr. Schardl is scheduled to be at a sentencing in the Eastern District of California and will not be able to attend the hearing set herein.

9.      In an effort to expedite proceedings, Petitioner also anticipated filing this date a Motion for Evidentiary Hearing and a Motion to Expand the Record, which he intended to be supported by the merits brief.  Those motions are appended hereto in order to demonstrate that Mr. Barrett's counsel were acting in good faith reliance upon the prior order and attempting to expedite proceedings.

10.      In anticipation of filing an oversize brief, Petitioner sought the Government's position on a Motion requesting the same.  The Government responded on the morning of February 18, 2010, shortly after Petitioner had filed his Motion to File an Oversize Brief, admittedly slightly over six (6) hours later than the local rule requires, LCvR 7.1(d).  Doc 109.

11.      Following the Government's disclosure of its opposition to the Motion to File an Oversize Brief, Petitioner Amended his Motion advising the court both of the Government's Position and the inadvertent failure to file one (1) day prior to the date the brief was due.   Doc 111.

12.      Shortly thereafter, this Court entered a Minute Order denying the Amended Motion to File the Oversize Brief with an indication that a written order would follow.   The Court's minute order also states that the original Motion to File an Oversize Brief was rendered moot, but did not explain whether this meant the original motion was also denied.  Doc 112.

13.      As of the filing of this Motion for Reconsideration, no written Order has been filed.

14.      Because counsel for Petitioner are currently under an Order to file the Brief in Support of the court-ordered Amended § 2255 Motion, and are without knowledge of the grounds upon which the Motion to file an Oversize Brief in a capital case in which such motions are routinely granted was denied, Petitioner respectfully requests this Court to reconsider its denial of the Motion and permit Petitioner to file his oversized Brief in Support of his Amended

§ 2255 Motion, his Motion for Evidentiary Hearing and Motion for Record Expansion.

15.     To deny Petitioner the right to file a Brief in Support of his postconviction challenge to his convictions and sentence of death is to deny him the assistance of counsel, access to the courts, equal protection and the due process of law as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and 18 U.S.C. § 3599.

16.     To deny Petitioner's counsel the right to file the oversized brief under the facts and circumstances presented in this case is an abuse of discretion, and an intrusion on counsel's ability to comply with their oaths to defend the Constitution and zealously advocate for their client. As stated in Doc. 94, the application of LCvR 7.1(d) to Mr. Barrett's Motion to Vacate is arbitrary and inconsistent with the Rules Governing § 2255 Proceedings.  Rules 1 and 2 of the Rules Governing § 2255 Proceedings provide that a § 2255 motion "is a further step in the movant's criminal case and *not* a separate civil action."  Advisory Committee Notes R. Gov. § 2255 Proc. 1 (emphasis added).  Had this Court treated Mr. Barrett's motion in that way, Local Criminal Rule 12.1 would apply and no page limit would apply.  However, this Court treats § 2255 motions, not as criminal motions, but not as civil motions either.  This Court treats § 2255 motions as *pleadings* initiating a new civil case.  As such, LCvR 7.1(d) should have no application to Mr. Barrett's compulsorily filed Second Amended § 2255 Motion.

Assuming this Court's reason for denying Mr. Barrett's motion to file an oversized brief is based on LCvR 7.1(d), the application of that rule to Mr. Barrett's § 2255 Motion is an artifact of this Court's decision not to permit him to file a brief-type application for habeas corpus relief, as all other capital habeas petitioners have done in this district for the past eleven years.

17.     While it is possible that this Court's actions are based upon the pending hearing set for March 1, the outcome of which may give Petitioner an extension of time to file the Brief ,

without specific guidance from this Court and out of an abundance of caution, and in fulfillment of counsel's commitment to represent Mr. Barrett, a copy of the Brief intended to be filed is attached for the Court's review and consideration in this Motion.

For the foregoing reasons and the reasons set forth in the Amended Motion to File an Oversize Brief (Doc 111), this Court should reconsider its denial and grant leave to Petitioner to file an oversized brief of 250 pages.

DATED:   February 18, 2010.

Respectfully submitted,
/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

/s/ Joan M. Fisher
JOAN M. FISHER, ID Bar No. 2854
Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT