**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Petitioner/Defendant,* | ) | |
| | ) | |
| v. | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent/Plaintiff.* | ) | |

---

**MOTION FOR EVIDENTIARY HEARING**

---

Petitioner, Kenneth Eugene Barrett, by and through counsel, pursuant to 28 U.S.C. § 2255(b) and Rule 8 of the Rules Governing § 2255 Proceedings, moves this Court for an order granting an evidentiary hearing to resolve any factual disputes presented by the First and Second Amended § 2255 Motions (Docs. 70 and 95), the Answer, and any reply or traverse. This motion is supported by the merits brief filed February 18, 2010, by the files and records in this case and in *United States v. Barrett*, Case No. CR-04-115, and by the following:

1.      Section 2255(b) of the Judicial Code provides (with emphasis added):

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.

Rule 8(a) of the Rules Governing § 2255 Proceedings provides:

> If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

The use of mandatory language indicates this Court is required, on its own motion, to order an evidentiary hearing unless there is conclusive evidence Mr. Barrett is entitled to no relief. For

the reasons stated in the First Amended § 2255 Motion, the Second Amended § 2255 Motion, and the Brief filed February 18, 2010, the motion, files and records do not conclusively refute Mr. Barrett's claims, and an evidentiary hearing is required.

2.    Mr. Barrett requested an evidentiary hearing in his § 2255 Motion and in his First Amended § 2255 Motion. However, the Court has expressed disapproval of Mr. Barrett requesting any form of relief other than the vacating of his conviction and sentence, and has required Mr. Barrett to refile his grounds for relief on a form that does not include a place to request an evidentiary hearing. Therefore, Mr. Barrett is filing this motion in an abundance of caution in order to ensure he is not deemed to have forfeited his right to a hearing by complying with the Court's order and amending his motion to conform to the form.

Mr. Barrett requests that this Court "conduct the hearing as soon as practicable *after* giving the attorneys adequate time to investigate and prepare." R. Gov. § 2255 Proc. 8(c) (emphasis added). Depending upon what matters the Government does and does not dispute, Mr. Barrett intends to move for discovery pursuant to R. Gov. § 2255 Proc. 6. As stated in the brief filed February 18, 2010, Mr. Barrett's attorneys are unable to complete their investigation in this case in part because the prosecutors continue to suppress exculpatory and impeachment evidence, and in part because the Court has imposed a gag order preventing counsel from disclosing newly discovered evidence that supports several claims.

3.    Motions for evidentiary hearings in habeas corpus cases are treated as dispositive in the Rules Governing § 2254 Cases. Advisory Committee notes to § 2254 Rule 8(b) are explicit on this point: "Subdivision (b) provides that a magistrate [judge], when so empowered by rule of the district court, may *recommend* to the district judge that an evidentiary hearing be held . . ., provided he gives the district judge a sufficiently detailed description of the facts so that

the judge may *decide whether or not to hold an evidentiary hearing*." (emphasis added).

Therefore, Mr. Barrett submits LCvR 7.1 does not apply. Nevertheless, the undersigned have conferred with counsel for the Government by telephone and e-mail. Counsel did not confer in person because they are more than 30 miles apart and to do so would have been impractical and fiscally irresponsible. As of this time of filing the Government has not stated whether it will oppose this motion.

For the reasons stated herein, and those set forth in the merits brief filed February 18, 2010, Mr. Barrett respectfully requests this Court grant him an evidentiary hearing.

DATED:   February 18, 2010

Respectfully submitted,
 */s/ David B. Autry*
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender
 */s/ Joan M. Fisher*
JOAN M. FISHER, Idaho SB #2854
Assistant Federal Defender
 */s/ Tivon Schardl*
TIVON SCHARDL, Fla. Bar No. 73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 18th day of February 2010 I caused the foregoing Unopposed Motion for Extension of Time to be filed with the Clerk of the Court using the ECF System for filing. A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Joan Fisher