**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Petitioner/Defendant,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent/Plaintiff.* | ) | |

**MOTION TO EXPAND THE RECORD**

Petitioner, Kenneth Eugene Barrett, by and through counsel, pursuant to 28 U.S.C. §

2255(b) and Rule 7 of the Rules Governing § 2255 Proceedings, moves this Court for an order

expanding the record to include the exhibits listed in Appendix B, pages 418 through 427, of the

First Amended § 2255 Motion (Doc. 70).  This motion is supported by the merits brief being

filed February 18, 2010, by the files and records in this case and in *United States v. Barrett*, Case

No. CR-04-115, and by the following:

1.      Rule 7 of the Rules Governing § 2255 Proceedings provides that if the motion is

not dismissed, this Court "may direct the parties to expand the record by submitting additional

materials relating to the motion."  R. Gov. §  2255 Proc. 7(a).

> The materials that may be required include letters predating the filing of the
> motion, documents, exhibits, and answers under oath to written interrogatories
> propounded by the judge.  Affidavits also may be submitted and considered as
> part of the record.

R. Gov. § 2255 Proc. 7(b).  Rule 7's only constraint on the Court's discretion to expand the

record with the listed documents is that the Court "give the party against whom the additional

materials are offered an opportunity to admit or deny their correctness."  R. Gov. § 2255 Proc.

7(c).

Mr. Barrett has submitted 204 exhibits with his First and Second Amended § 2255 Motions.  Each of those items is either a letter predating the filing of the motion, a document relevant to a cognizable claim for relief, an exhibit relevant to a cognizable claim for relief, or a declaration under penalty of perjury which is admissible to the same extent as an affidavit (*see* 28 U.S.C. § 1746).  Those exhibits are listed in Appendix B to the First Amended § 2255 Motion (Doc. 70 at 418-27).

The Court has already determined not to summarily dismiss the Motion and has given the Government a total or more than one year to prepare an Answer.  The Government has possessed all exhibits referenced in this motion since September 9, 2009.  The current schedule for the Answer provides more than adequate time for the Government to admit or deny the correctness of the exhibits.

2.      Section 2255(b) of the Judicial Code provides (with emphasis added):

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.

Rule 8(a) of the Rules Governing § 2255 Proceedings provides:

If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

The use of mandatory language indicates this Court is required, on its own motion, to order an evidentiary hearing unless there is conclusive evidence Mr. Barrett is entitled to no relief.  For the reasons stated in the First Amended § 2255 Motion, the Second Amended § 2255 Motion, and the Brief filed February 18, 2010, the motion, files and records do not conclusively refute

Mr. Barrett's claims, and an evidentiary hearing is required.

3.      Mr. Barrett requested an evidentiary hearing in his § 2255 Motion and in his First Amended § 2255 Motion.  However, the Court has expressed disapproval of Mr. Barrett requesting any form of relief other than the vacating of his conviction and sentence, and has required Mr. Barrett to refile his grounds for relief on a form that does not include a place to request an evidentiary hearing.  Therefore, Mr. Barrett is filing this motion in an abundance of caution in order to ensure he is not deemed to have forfeited his right to develop the factual record by complying with the Court's order and amending his motion to conform to the form.

As stated in the brief filed February 18, 2010, Mr. Barrett's attorneys are unable to complete their investigation in this case in part because the prosecutors continue to suppress exculpatory and impeachment evidence, and in part because the Court has imposed a gag order preventing counsel from disclosing newly discovered evidence that supports several claims.

4.      Motions for evidentiary hearings in habeas corpus cases are treated as dispositive in the Rules Governing § 2254 Cases.  Advisory Committee notes to § 2254 Rule 8(b) are explicit on this point:  "Subdivision (b) provides that a magistrate [judge], when so empowered by rule of the district court, may *recommend* to the district judge that an evidentiary hearing be held . . ., provided he gives the district judge a sufficiently detailed description of the facts so that the judge may *decide whether or not to hold an evidentiary hearing*."  (emphasis added).  Record expansion is considered an expeditious method of developing the necessary factual record for adjudicating habeas corpus claims "without the time and expense required for an evidentiary hearing."  R. Gov. § 2254 Cases 7, Advisory Committee Notes on Adoption.  Therefore, Mr. Barrett submits LCvR 7.1 does not apply.  Nevertheless, the undersigned have attempted to confer with the Government by telephone and e-mail in order to apprise the Court of the

Government's position on this motion.  Counsel did not confer in person because they are more than 30 miles apart and to do so would have been impractical and fiscally irresponsible.  As of this time of filing, opposing counsel has not stated whether they oppose this motion.

5.    Should this Motion fall within LCvR 7.1, Mr. Barrett submits granting this motion would have the effect of expediting resolution of the merits insofar as some factual matters could be resolved without an evidentiary hearing.

For the foregoing reasons, and those set forth in the merits brief filed February 18, 2010, Petitioner respectfully moves this Court expand the record with the exhibits submitted with his Amended § Motions.

DATED:   February 18, 2010

Respectfully submitted,
 /s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender
 /s/ Joan M. Fisher
JOAN M. FISHER, Idaho SB #2854
Assistant Federal Defender
 /s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 18th day of February 2010 I caused the foregoing Unopposed Motion to Expand the Record to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Joan Fisher