IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 6:09-cv-00105-JHP |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| *Defendant.* | ) | |

REDACTED EXHIBIT 151

TO KENNETH EUGENE BARRETT'S

SECOND AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
STATE OF OKLAHOMA

**SEQUOYAH COUNTY, OKLAHOMA**
**FILED**
**IN DISTRICT COURT**

ABBY GAIL BARRETT,
          Plaintiff, )

vs. )

KENNETH EUGENE BARRETT, )
          Defendant. )

**SEP 1 2 1995**

BERNELL EDWARDS, COURT CLERK
BY_____DEPUTY

Case No. FD-95-149

## ENTRY OF APPEARANCE AND WAIVER

Comes now the Defendant herein, the undersigned, and acknowledges receipt of a copy of the Petition filed and on file herein, states that he has read and understands the same, hereby waives the issuance of service and return of process upon him in this action, enters a voluntary appearance in this cause, waiving all time and right to plead, answer or appear in this action, and consents that the same may be set down for trial and heard by the Court at any time hereafter without notice to, and in the absence of this Defendant.

Kenneth Eugene Barrett,
Defendant

STATE OF OKLAHOMA )
                ) ss.    **ACKNOWLEDGMENT**
COUNTY OF SEQUOYAH )

Before me, the undersigned Notary Public in and for the State of Oklahoma, on the _____ day of _____, 1995, personally appeared before me the above-named Defendant, Kenneth Eugene Barrett, to me known to be the identical person who executed the above and foregoing Entry of Appearance and Waiver, and personally acknowledged to me that he has read, understood, and signed the same, and that he executed the same of his free and voluntary act and deed, for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto affixed my signature and official seal the day and date hereof as stated.

Notary Public

My Commission Expires: October 16, 1998

KEB400573

IN THE DISTRICT COURT IN AND FOR ~~ADAIR~~ COUNTY
STATE OF OKLAHOMA

ABBY GAIL BARRETT,
           Plaintiff,

vs.

KENNETH EUGENE BARRETT,
           Defendant.

)
)
)
)
)
)
)
)
)
)

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

MAY 0 4 1995

BERNELL EDWARDS, COURT CLERK
BY_____DEPUTY

Case No. FD-95-149

## PETITION FOR DIVORCE

Comes now the Plaintiff, Abby Gail Barrett, and for her cause of action against the Defendant, Kenneth Eugene Barrett, alleges and states as follows:

1.    That the Plaintiff is now and has been for more than six (6) months prior hereto, an actual resident in good faith of the State of Oklahoma, and has been for more than thirty (30) days prior hereto, a bona fide resident of the County of Sequoyah.

2.    That the Plaintiff and Defendant were married on or about 10th day of May, 1980, at Sallisaw, Oklahoma, and have been since that time and are now, husband and wife.

3.    That as grounds for divorce, the Plaintiff alleges incompatibility and physical abuse.

4.    That of the marriage one (1) child has been born, now a minor, namely:

Toby Wayne Barrett, born December 1, 1980;

and that both Parties are fit and proper persons to have the care, custody and control of the minor child of the Parties and they should share joint custody of the minor child as set forth more fully in the Joint Custody Plan attached hereto and incorporated by reference herein; and further, that each party should pay for the daily living expenses and necessities of life while the child is in his or her respective physical custody.

5.    This Court has jurisdiction to determine custody of the above-named minor child pursuant to 10 O.S. Section 1601 et seq., in that this state is the home state of the minor child and as further set forth in the Affidavit attached hereto.

KEB400574

## VERIFICATION

STATE OF OKLAHOMA    )
                     ) ss.
COUNTY OF SEQUOYAH    )

    I, Abby Gail Barrett, Plaintiff herein, duly sworn on oath, state that I have read the above and foregoing Joint Custody Plan and the facts set forth therein are true and correct to the best of my knowledge and belief.

                                                   Abby Gail Barrett, Plaintiff

    Subscribed and sworn to before me this 3rd day of May, 1995.

(SEAL)

                                        Notary Public

My Commission Expires:

    12.16.95      .

KEB400575

STATE OF OKLAHOMA  )
                   ) ss.          **VERIFICATION AND AFFIDAVIT**
COUNTY OF SEQUOYAH )


Abby Gail Barrett, of lawful age, being first duly sworn upon oath, deposes and states:

1.  That she is the Plaintiff named in the attached Petition.

2.  That she has read the contents of the attached Petition, is familiar with the contents thereof, and that the allegations contained therein and believes them to be true to the best of her knowledge and belief.

3.  That the present address of the child listed in the attached Petition is as follows:

a.  ███████████  Sallisaw, Oklahoma.

4.  The present address of said minor child, the child's address within the past five (5) years, and the names and present address of the persons with whom said child lived during that time are as follows:

Time Period:  Birth to January 1, 1989
Address of Child:
Custodians:   Kenneth Eugene Barrett and Abby
              Gail Barrett;

Time Period:  January 1, 1989 to January 1, 1995
Address of Child:  Sallisaw, Oklahoma
Custodians:   Kenneth Eugene Barrett and Abby
              Gail Barrett;

Time Period:  January 1, 1995 to March 1995
Address of Child:  Sallisaw, Oklahoma
Custodian:    ~~Kenneth Eugene Barrett and~~ Abby
              Gail Barrett.

Time Period:  March 1995 to Present
Address of Child:  Sallisaw, Oklahoma
Custodian:    Abby Gail Barrett *And Kenneth Barrett*

5.  That the names and present addresses of the person whom the child has lived during the past five (5) years are:

a.  Abby Gail Barrett, ███████████
    Sallisaw, Oklahoma;

b.  Kenneth Eugene Barrett, ███████████
    Vian, Oklahoma.

KEB400576

6.   That neither the federal nor the state of Indian Child Welfare Act, 25 U.S.C. Section 1901 et seq., and 10 O.S. Section 40 et seq., respectively, apply to these proceedings.

7.   That each Party shall pay 50% of health, dental and vision expenses for the benefit of the minor child.

8.   That during the marriage of the Parties hereto they have acquired the following personal property, to-wit:

TO THE PLAINTIFF:

> 1988 Chevrolet pickup; Bedroom suite; Couch and chair; Cooking utensils; Table and chairs; Hutch and stereo;

TO THE DEFENDANT:

> 1972 Dodge; 1982 Chevrolet Camaro; 1969 Chevrolet; Pioneer stereo; all guns; and Defendant's personal belongings and effects.

9.   That during the marriage of the Parties hereto they have incurred debts and that the Defendant should be ordered to pay all debts of the marriage and hold Plaintiff harmless therefrom.

WHEREFORE, Plaintiff prays that she be awarded:

A Decree of Divorce from the Defendant;

Custody of the minor child to both Parties jointly as set forth above;

Each Party shall pay for health, dental and vision expenses for the minor child as set forth above;

Division of personal property and debts as set forth above;

and such other and further relief as the Court may deem just and equitable.

ABBY GAIL BARRETT, Plaintiff

TANYA LANE DOBBS, OBA #1301
Attorney for Plaintiff
Legal Services of Eastern
Oklahoma, Inc.
P.O. Box 924
Stilwell, Oklahoma 74960
Phone: 918-696-2331

KEB400577

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY, OKLAHOMA
STATE OF OKLAHOMA

SEQUOYAH COUNTY
FILED
IN DISTRICT COURT

AUG 1 5 1995

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

ABBY GAIL BARRETT,
               Plaintiff,    )
                         )
   vs.                  )
                         )
KENNETH EUGENE BARRETT,       )
               Defendant.    )   Case No. FD-95-149

## MOTION FOR DEFAULT JUDGMENT

COMES NOW the Plaintiff, Abby Gail Barrett, by her attorney, Tanya Lane Dobbs, Legal Services of Eastern Oklahoma, Inc., and hereby moves this Honorable Court to grant her judgment by default in the above entitled and numbered cause and in support thereof would have the Court to know and be informed that the Defendant was served with Summons on June 11, 1995.

That the Defendant has wholly failed, refused and neglected to file an Answer to the Plaintiff's Petition and by reason thereof the Defendant is in default.

WHEREFORE, premises considered, the Plaintiff respectfully requests this Court to grant her judgment by default and for such other and further relief as to which the Plaintiff may be entitled and which the Court may deem just and proper.

ABBY GAIL BARRETT, Plaintiff

TANYA LANE DOBBS, OBA #13012
Legal Services of Eastern
Oklahoma, Inc.
P.O. Box 924
Stilwell, Oklahoma   74960
Phone: 918-696-2331

Attorney for Plaintiff

KEB400578

## CERTIFICATE OF MAILING

I hereby certify that on the _15th_ day of August, 1995, I mailed a true and correct copy of the above and foregoing Motion for Default Judgment, to:

> Kenneth Eugene Barrett
> Defendant
> Route 2, Box 92-6
> Vian, Oklahoma  74962

with sufficient postage being fully prepaid thereon.

Tanya Lane Dobbs

KEB400579

SEQUOYAH COUNTY OKLAHOMA
FILED
IN DISTRICT COURT

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
STATE OF OKLAHOMA        AUG 15 1995

BERNELL EDWARDS, COURT CLERK
BY_____DEPUTY

ABBY GAIL BARRETT,           )
            Plaintiff,       )
    vs.                      )
                             )
KENNETH EUGENE BARRETT,      )
            Defendant.       )    Case No. FD-95-149

### ORDER FOR HEARING

Motion for Default Judgment having been filed in the above styled cause of action by the Plaintiff; the Court finds that this matter should be set for hearing on its merits;

IT IS ORDERED that the same be, and is hereby, set for hearing before the undersigned Judge at __1:00__ o'clock __P__.M. on the __12th__ day of __September__, 1995.

_____
JUDGE OF THE DISTRICT COURT

### CERTIFICATE OF MAILING

I hereby certify that on the __15th__ day of August, 1995, I mailed a true, correct and exact copy of this Order to the following person(s), to-wit:

Kenneth Eugene Barrett
Defendant
Route 2, Box 92-6
Vian, Oklahoma  74962

with sufficient postage thereon fully prepaid.

_____
Tanya Lane Dobbs

KEB400580

IN THE DISTRICT COURT OF SEQUOYAH COUNTY, STATE OF OKLAHOMA

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

CEP 12 1995

BERNELL EDWARDS, COURT CLERK

| | | |
|---|---|---|
| ABBY GAIL BARRETT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| Defendant. | ) | Case No. FD-95-149 |

_____ DEPUTY

**SUMMONS**

To the above-named Defendant:  **KENNETH EUGENE BARRETT**

██████████████████

Vian, Oklahoma

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If the Summons was served by mail, the answer is due twenty-three (23) days after Summons was mailed. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 9th day of May, 1995.

BERNELL EDWARDS, Court Clerk

BY: _____
Court Clerk/Deputy

ATTORNEY FOR PLAINTIFF:

TANYA LANE DOBBS, OBA #13012
Legal Services of Eastern OK., Inc.
P.O. Box 924
Stilwell, Oklahoma 74960
Phone:  918-696-2331

This Summons was served on ___6/11/95___
(Date of Service)

_____
(Signature of Person Serving Summons)

YOU MAY SEEK THE ADVISE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

KEB400581

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
STATE OF OKLAHOMA

ABBY GAIL BARRETT,
                Plaintiff,

vs.

KENNETH EUGENE BARRETT,
                Defendant.

Case No. FD-95-149

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

SEP 12 1995

BERNELL EDWARDS, COURT CLERK
BY_____DEPUTY

## DECREE OF DIVORCE

NOW, on this _12th_ day of _September_, 1995, the above-entitled matter comes on for trial; Plaintiff appears in person and by and through her attorney, Tanya Lane Dobbs, Legal Services of Eastern Oklahoma, Inc., and the Defendant appears not; the Court examined the records, heard the evidence and statements of counsel and based thereon finds:

That Defendant has _been notified of this Motion for Default Hearing_ ~~executed and filed sufficient Entry of Appearance and Waiver~~; that the Court has jurisdiction over the parties and subject matter of this action.

That prior to the filing of the Petition herein, the Plaintiff has been a resident in good faith of the County of Sequoyah and State of Oklahoma for 30 days and six months, respectively.

That the Plaintiff and Defendant were married on or about the 10th day of May, 1980, at Sallisaw, Oklahoma, and have been and are now, husband and wife.

That the Plaintiff is entitled to a divorce on the grounds of incompatibility and physical abuse.

That of the marriage one (1) child has been born, now a minor, namely:

Toby Wayne Barrett, born ███████ 1980;

and that both parties are fit and proper persons to have the care, custody and control of the minor child of the parties and they should share joint custody of the minor child as set forth more fully in Joint Custody Plan attached hereto and incorporated by reference herein; and further, that each party should pay for the daily living expenses and necessities of life while the child is in his or her respective physical custody.

KEB400582

This Court has jurisdiction to determine custody of the above-named child pursuant to 10 O.S. Section 1601 et seq., in that this state is the home state of the minor child.

That neither the federal nor the state Indian Child Welfare Act, 25 U.S.C. Section 1901 et seq., and 10 O.S. Section 40 et seq., respectively, apply to these proceedings.

That each party shall pay 50% of health, dental and vision expenses for the benefit of the minor child.

That during the marriage of the Parties hereto they have acquired personal property, to-wit:

TO THE PLAINTIFF:

> 1988 Chevrolet pickup; bedroom suite, couch and chair; cooking utensils; table and chairs; hutch, and stereo;

TO THE DEFENDANT:

> 1972 Dodge; 1982 Chevrolet Camaro; 1969 Chevrolet; Pioneer stereo; all guns; and Defendant's personal belongings and effects.

That each party should be ordered to pay debts incurred in his or her own name.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the findings herein constitute and are made the judgment and order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff herein is hereby granted a Decree of Divorce from the Defendant herein on the grounds of incompatibility, and their marriage relationship dissolved and both parties released therefrom; PROVIDED, neither party shall marry any other person in the State of Oklahoma until six months from the date hereof.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the parties are awarded Joint Custody of the minor child of the parties, namely, Toby Wayne Barrett, and that neither party shall pay child support and each party shall provide for the needs and requirements of the minor child while in his or her respective care, custody and control as set forth more fully in the Joint Custody Plan attached hereto and incorporated by reference herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that each party be, and each is hereby, ordered to pay 50% of health, dental and vision expenses for the benefit of the minor child.

KEB400583

59?

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff be, and she is hereby, awarded the following personal property, to-wit:

> 1988 Chevrolet pickup; bedroom suite; couch and chair; cooking utensils; table and chairs; hutch, and stereo;

and that the Defendant be, and he is hereby, awarded the following personal property, to-wit:

> 1972 Dodge; 1982 Chevrolet Camaro; 1969 Chevrolet; Pioneer stereo; all guns, and Defendant's personal belongings and effects.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that each party be, and each is hereby, ordered to pay debts incurred in his or her own name.

_____
JUDGE OF THE DISTRICT COURT

APPROVED:

_____
Abby Gail Barrett, Plaintiff

_____
Kenneth Eugene Barrett, Defendant

KEB400584

IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
STATE OF OKLAHOMA

SEQUOYAH COUNTY, OKLAHOMA
**FILED**
IN DISTRICT COURT

SEP 1 2 1995

BERNELL EDWARDS, COURT CLERK
BY_____
_____DEPUTY

ABBY GAIL BARRETT,
          Plaintiff,

vs.

KENNETH EUGENE BARRETT,
          Defendant.

Case No. FD-95-149

## JOINT CUSTODY PLAN

*Jt. Custody Plan*

Comes now the Plaintiff, Abby Gail Barrett, and the Defendant, Kenneth Eugene Barrett, jointly, and respectfully submit this Joint Custody Plan agreed upon by and between the Parties hereto with supporting affidavit for the Court's consideration; that the terms and provisions of the Plan are in the best interests of the minor child of the Parties hereto, to-wit:  Toby Wayne Barrett, born ▮▮▮▮▮▮▮▮▮ 1980; that said parties hereto respectfully move the Court for an order confirming and adopting said Plan as the Court's plan for the exercise of joint child care, custody and control of the minor child by the parties hereto, all pursuant to Oklahoma Statutes, Title 12, Section 1275.4, and the parties allege and state as follows:

1.    That both parties hereto should and shall reasonably confer with one another by the most reasonable and appropriate method, and should and shall share decision making authority as to important decisions affecting the physical, mental and moral welfare and upbringing of the minor child to arrive at decisions promoting the minor child's best interests.

2.    That both parties hereto should and shall decide jointly the following matters, to-wit:

A.    Medical, dental and health care the minor child should or shall receive;

B.    Schools which the minor child should or shall attend;

C.    Summer camps and church schools and/or classes which the minor child should or shall attend;

D.    Fashion and manner in which the minor child should or shall be disciplined;

KEB400585

585

E. Extent of any travel of the minor child away from home, including purpose, duration, mode, chaperon, etc.;

F. Religious instruction the minor child should or shall receive; and

G. Such other areas requiring decisions affecting the growth and development of the minor child.

3. That both parties hereto agree that in order to insure continuing association between the minor child and parents, and to best promote and foster continued parent-child companionship, physical custody of the minor child should and shall be as follows, to-wit:

A. That the minor child should and shall reside with the Plaintiff on Wednesday, Thursday and Friday and with the Defendant on Sunday, Monday and Tuesday; alternating holidays and school breaks.

B. That both parties hereto agree that they should and shall be mindful and considerate of the child's school activities, sports activities and peer activities and associations, and the wishes of the child, and in the event of a conflict respecting the visitation as provided above, both parties should and shall work together reasonably in advance to arrange for alternate visitation if necessary.

C. That both parties agree that the parent given the right to exercise visitation and wishing to exercise visitation should and shall bear and assume the cost, expenses and responsibility for transportation, pickup and delivery.

4. That both parties agree that during the period each of them has physical custody or is exercising visitation, that party-parent should and shall decide all normal, regular and routine matters concerning the child and that each party-parent should and shall cooperate with one another in maintaining a mutually supportive arrangement regarding such normal, regular and routine matters.

5. That both parties agree to be responsible for the expenses of the child when the child is in their physical custody and that neither party pay child support to the other.

6. That both parties agree that the address and telephone numbers of one another, and those places where the minor child might be temporarily staying, should and shall be known to each other at all times, and that each party-parent shall notify the other immediately of any illness, sickness or emergency that may arise while said minor child is in her or his physical custody.

KEB400586

7. That both parties agree that if the minor child is to be beyond the boundaries of the State of Oklahoma for whatever reason, the physical custodial parent should and shall notify the other reasonably in advance, that if the child is to be beyond the boundaries of the State of Oklahoma for a period of more than three days, the consent of the other should and shall be necessary reasonably in advance.

WHEREFORE, Plaintiff and Defendant move this Court for an order confirming and adopting the above and foregoing Joint Custody Plan as the Court's Plan in the best interests of the minor child and for such other and further relief in law and/or equity said parties be entitled.

RESPECTFULLY SUBMITTED,

Abby Gail Barrett, Plaintiff and Kenneth Eugene Barrett, Defendant (Verifications Attached)

KEB400587

6. That she has not participated as a Party, witness, or any other capacity in any other litigation concerning the custody of the same child in this or any other state.

7. That she does not have information of any custody proceedings concerning the child pending in a Court of this or any other state.

8. That she does not know of any person not a Party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

9. That she understands that she has a continuing duty to inform the Court of any custody proceeding concerning the child in this or any other state of which he may obtain information during this proceeding.

_____
Abby Gail Barrett, Plaintiff

Subscribed and sworn to before me this ___5th___ day of May, 1995.

(SEAL)

_____
Notary Public

My Commission Expires:

___02/05/99___ .

KEB400588

558

## VERIFICATION

STATE OF OKLAHOMA   )
                          ) ss.
COUNTY OF SEQUOYAH  )

    I, Kenneth Eugene Barrett, Defendant herein, duly sworn on oath, state that I have read the above and foregoing Joint Custody Plan and the facts set forth therein are true and correct to the best of my knowledge and belief.

_____
Kenneth Eugene Barrett,
Defendant

    Subscribed and sworn to before me this ___17___ day of ___August___, 1995.

(SEAL)

_____
Notary Public

My Commission Expires:

_October 16, 1998_ .

KEB400589