**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**REDACTED EXHIBIT 158**

**TO KENNETH EUGENE BARRETT'S**

**SECOND AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

---

INFORMATION
=================== ===============================================================

IN THE DISTRICT COURT OF SEQUOYAH COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA          )
          Plaintiff,       )
vs.                        )          No. CF-97- 75
                           )
CHARLES EDMOND SANDERS     )
DOB: ███ 66                )
DL/SS#███████9539          )
          Defendant.       )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

MAR 1 2 1997

BERNELL EDWARDS, COURT CLERK
BY _____ ol _____ DEPUTY

I N F O R M A T I O N

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OKLAHOMA:**

Now comes DIANNE BARKER HARROLD, the duly qualified and acting District Attorney, in and for Sequoyah County, State of Oklahoma and gives the District Court to know and to be informed that CHARLES EDMOND SANDERS did, in Sequoyah County, and in the State of Oklahoma, on the 5th day of March, in the year of our Lord, One Thousand, Nine Hundred and Ninety-Seven and before the presentment hereof, commit the crime of

COUNT I: FELONY RUNNING ROADBLOCK-21 O.S. 540 B
That on the day and year, and in the County and State, aforesaid, CHARLES EDMOND SANDERS, did unlawfully, knowingly, wilfully and feloniously after having received a visual and audible signal, to-wit: a red light and siren, failed to stop vehicle; and did unlawfully and wilfully thereafter fail to stop at a roadblock set up and attended by Walter Ross, Sequoyah County Undersheriff, at or near a point located 4 miles Northwest of Marble City, in Sequoyah County, Oklahoma and wilfully passed through said roadblock without the permission of the police officer in attendance of said roadblock,

COUNT II: ATTEMPTING TO ELUDE AN OFFICER-(MISD) 21 O.S. 540 A
That on the day and year, and in the County and State, aforesaid, CHARLES EDMOND SANDERS, did wilfully and wrongfully attempt to elude Herman Skelton, Oklahoma Highway Patrol, of Sequoyah County, while in the performance of his duty, in the following manner, to-wit: that the said defendant was then and there operating a motor vehicle on the public streets and roads of Sequoyah County, and had received a visual and audible signal by means of a red light and a siren from the said Herman Skelton, who was then and there driving a motor vehicle showing the same to be an official highway patrol car, directing the said defendant to bring his vehicle to a stop, but that said defendant did then and there wilfully and wrongfully increase his speed in an attempt to elude said Herman Skelton,
REDACTED
COUNT III: TRANSPORTING BEER IN AN OPEN CONTAINER-(MISD) 21 O.S. 1220
That on the day and year, and in the County and State, aforesaid, CHARLES EDMOND SANDERS, did knowingly transport in a moving vehicle upon a public highway, street or alley, a non-intoxicating beverage containing more than 1/2 or 1% alcohol by volume and not more than 3.2% alcohol by weight in a container which had been opened and from which the original cap or seal had been removed, said container being accessible to the driver or other person in the vehicle while it is in motion,

COUNT IV: RECKLESS DRIVING-(MISD) 47 O.S. 11-901
CHARLES EDMOND SANDERS did willfully and wrongfully drive and operate an automobile vehicle in a careless and reckless manner upon a public highway, without due care for the safety of the people or their property and in such manner as to endanger the life and limbs and property of other persons and the safety of their property and did drive an automobile, to-wit: a 1992 GMC pickup, bearing 1997 Oklahoma license number SA█████, upon a County Road 2 miles North of Sallisaw, at a speed that was neither careful nor prudent and that was greater than was reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and at a speed greater than would permit him to bring said automobile to a stop within the assured clear distance ahead,

contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma.

DIANNE BARKER HARROLD
DISTRICT ATTORNEY

By _____
       Assistant District Attorney

STATE OF OKLAHOMA )
                                  ) ss.
COUNTY OF SEQUOYAH)

Undersigned, being duly sworn, on oath state, that I have read the above and foregoing information and know the contents thereof and that the facts stated therein are true.

_____

Subscribed and sworn to before me this __11th__ day of March, 1997.

My Commission Expires:
_____6/28/99_____

_____
            NOTARY PUBLIC

WITNESSES:
Herman Skelton          OHP, Sallisaw, OK
Leon Spencer            OHP, Muskogee, OK
Lelland Choate          Sequoyah County Sheriff Dept., Sallisaw, OK
Walter Ross             Sequoyah County Sheriff Dept., Sallisaw, OK

**REDACTED**

MERRILL BONDING COMPANY
210 EAST CHICKASAW
SALLISAW, OKLA. 74955

002673

APPEARANCE BOND

IN THE DISTRICT COURT ___SEQUOYAH___ COUNTY, OKLAHOMA
STATE OF OKLAHOMA,

PLAINTIFF,

VS

_Charles Sanders_ DEFENDANT

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

MAR 0 6 1997

BERNELL EDWARDS, COURT CLERK
BY _____
DEPUTY

CASE NO. _CF-97-75_

KNOW ALL MEN BY THESE PRESENTS, THAT

me the above named defendant, as principal, and the undersigned bondsman, corporation and other signers as sureties, jointly and severally acknowledge ourselves to owe and be indebted to the State of Oklahoma in the sum of _four thousand three_ Dollars ( _4,350 00_ ) to be levied on our property, real and personal, cash deposits and escrow deposits, wherever, found, in the use of the State of Oklahoma.

THE CONDITIONS OF THIS BOND IS SUCH THAT, if the above named defendant, now charged in the District Court of ___SEQUOYAH___ County, with the crime (s) of _TOC, ATT to Elude, Running Rd Block, wreck DR._ and admitted to bail in the above stated sum, shall personally be and appear before the said Court, in the division to which said case is assigned, on the _12_ day of _March_ 19 9 7, an ordered for arraignment, preliminary hearing, trial or judgment, and from day to day and term to term thereafter as ordered, or on the first day of the next jury term of said Court, if so ordered, and from day to day and term to term thereafter as ordered by said Court and not depart therefrom without leave, and shall do and receive what shall be enjoined upon him by said Court until this case is finally determined, then this bond to be void, otherwise to be in full force and effect.

Principal (Defendant): _Charles Sanders_

ADDRESS: _P.O. Box 118 Marble City Ok. 74945_

Surety_____ Address: 210 E. Chickasaw Sallisaw, Ok. 74955

Surety-Licensed Bondsman: PAUL MORELAND

Office Address: [REDACTED] Sallisaw, Ok. 74955

Date Filed and Approved this _____ day of _____ 19 9 ____.

Corporate Surety: International Fidelity Insur. Co.

By _____
  Attorney-in-Fact

Court Clerk, Sheriff or District Judge:

By _____
  Deputy

AFFIDAVIT AS TO UNDERTAKING AND QUALIFICATIONS OF SURETY

(Required of all licensed bondsmen, under penalty of perjury, 5905; 1322; 1205-61-120.S.,-62.)
STATE OF OKLAHOMA, COUNTY OF _SEQUOYAH_ ,SS

The undersigned licensed bondsman, being duly sworn, on oath states: That neither he or she, nor anyone for his or her use, has been promised or has received any surety or consideration for his or her undertaking, except as stated herein.

Consideration received or promised $ _4,350 00_ .

Surety received or promised (List deeds or mortgages and describe personal property)

_____

Such promise, security or consideration was received from:
NAME: _____ ADDRESS: _____

That he or she is presently duly licensed, registered, and in all respects authorized by law to become surety in the undertaking, 59 O.S., 1301 st. sec.; 12 O.S., sec.; 61st. sec.; 220.S, 1320.

That he or she is worth double the sum to be secured, over the above all exemptions, debts and liabilities., 12 O.S.; -1301 st. sec.; 220.S.. 1101 st. sec.; 120.S. 61 st. sec. **REDACTED**

That he or she has not signed or countersigned this bond in blank, nor has he or she given power of attorney to or otherwise, any person to countersign his name to this bond unless that person is a licensed bondsman directly employed by a bondsman giving such power of attorney, 59 O.S.;-1316.

That he or she has attached hereunto all receipts for collateral accepted by him or her, fully described in detail, 59 O.S.; 1314; 590.S.;1322.

That he or she is authorized and legally capable, in all respects, to enter into this undertaking , both personally and on behalf of the corporate surety above named; and that this undertaking is within, and does not the limitations and conditions of the power of attorney granted him or her by said corporate surety, all pursuant to 590.S.; 1320.

That he or she is familiar with the provisions of Oklahoma Statute regarding the effects and defects, omissions and irregularities in such undertakings, 590.S.; 1326.

That all legal requirements of licensing, registration and certification have been met by this bondsman, 590.S.; 1320.

That the bondsman fully understands that willful misstatement of any material fact herein my subject  him or her to prosecution for perjury, and/or to proceedings seeking denial, suspension or revocation of the bondsman's license, 590.S. 1310.

That he or she is a resident of the County of _SEQUOYAH_ State of Oklahoma.

_____
(LICENSED BONDSMAN)

Before me, the undersigned, on this _____ day of _____ 199 _____, personally appeared _____, known to me to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed same as his free and voluntary act and deed. Given under my sign and seal of office on the day and year written above, or signature witnessed by undersigned.

Bernell Edwards, Court Clerk

_____
(Deputy)

_____
(Deputy Court Clerk)

It is unlawful to print this form without written consent of home office.

2674

**POWER OF ATTORNEY**
**INTERNATIONAL FIDELITY INSURANCE COMPANY**
Bond Department
One Newark Center, 20th Floor, Newark, New Jersey 07102

**Power No. IC-1273281**

THIS POWER OF ATTORNEY NULL AND VOID
UNLESS USED BEFORE 12/31/97

KNOW ALL MEN BY THESE PRESENTS, that INTERNATIONAL FIDELITY INSURANCE CORPORATION, a corporation duly organized and existing under the laws of the State of New Jersey has constituted and appointed, and does hereby constitute and appoint,

Its true and lawful attorney-in-fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person; and the said company hereby ratifies and confirms all and whatsoever its said attorney-in-fact may lawfully do and perform in the premises by virtue of these presents.

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF FIVE THOUSAND FIVE HUNDRED DOLLARS ($5,500.00)    AND MAY BE EXECUTED  FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS ONLY.

| NOT VALID FOR IMMIGRATION BONDS |
|---|

Bond Amt $ **4,350**    Case # _____

Defendant **Charles Sanders**

Appearance Date **3-12-97** _____ DIV _____

Court City **Sallisaw**

Court County **Seq.** _____ State **OK**

Offense **IOC Running Rd Blck, Att to Elude,**
**Wreck DL** **3-5-97**

Date Filed _____

Atty in fact **Paul Mouland**
SIGNATURE/If applicable, add your COURT assigned Agent #

FORM # IC

**\*NOTICE\***
STACKING OF
POWER IS
STRICTLY
PROHIBITED!
No more than
one power from
this Surety may
be used to
execute any one
bond.

IN WITNESS WHEREOF, said INTERNATIONAL FIDELITY INSURANCE COMPANY, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by the Chairman of the Board and attested by its Secretary, this 2nd day of April, 1991.

Philip Konvitz, Chairman of the Board

Norman Konvitz, Secretary

1. A separate Power of Attorney must be attached to each bond executed.
2. Powers of Attorney must not be returned to attorney-in-fact, but should remain a permanent part of court records.
3. The authority of such attorney-in-fact is limited to appearance bonds and cannot be construed to guarantee for failure to provide payments, back alimony payments, fines or wage law claims.

ENTER SURETY-ASSIGNED EXECUTING AGENT CODE # HERE:

INTERNATIONAL FIDELITY INSURANCE CO. 1904

## IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
## STATE OF OKLAHOMA

|  |  |  |
|---|---|---|
| STATE OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CF-97-75 |
| | ) | |
| CHARLES EDMOND SANDERS, | ) | |
| Defendant. | ) | |

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

**JUL 03 1997**

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

## DEMURRER

COMES NOW Charles Edmond Sanders,, Defendant herein, and demurs to the information filed herein and moves the Court to dismiss this cause pending against said Defendant, and in support thereof, alleges and states:

### I.

That this Court has no jurisdiction of the person of this Defendant or of the subject matter of this action;

### II.

That the information herein is vague, indefinite and duplicitous and not substantially clear or in ordinary and concise language which could be in such a manner as to enable a person of common understanding to know what is intended;

### III.

That the information wholly fails to state an offense, with such a degree of certainty, so as to enable the Court to pronounce judgment upon a conviction of the case;

### IV.

That said information does not contain allegations of sufficient facts to constitute the basis of the crime charged or of any other criminal violation of the laws of the State of Oklahoma;

### V.

That the facts stated in the information do not state facts sufficient to constitute a cause of action against said Defendant;**REDACTED**

### VI.

That said information does not substantially conform to the provisions of the laws and statutes of the State of Oklahoma;

WHEREFORE, said Defendant prays that his demurrer be sustained; that the information filed against said Defendant be dismissed and said Defendant be granted such other and further relief as to which the Defendant may be entitled and which the Court deems fair, just, equitable, proper and right.

AUTHORITY:

22 OS 401 et seq.
22 OS 493
22 OS 504 et seq.

CHARLES EDMOND SANDERS,
Defendant

William H. Dodson Sr.
Attorney at Law
P.O. Box 682
Sallisaw, Oklahoma  74955
(918) 775-3033

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and forgoing Demurrer was hand delivered this _32_ day of July, 1997 to:

Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

**REDACTED**

### IN THE DISTRICT COURT OF SEQUOYAH COUNTY
### STATE OF OKLAHOMA

|  |  |  |
|---|---|---|
| THE STATE OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CF-97-75 |
| | ) | |
| CHARLES EDMOND SANDERS, | ) | |
| Defendant. | ) | |

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

JUL 0 3 1997

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

### MOTION FOR DISCOVERY

COMES NOW Charles Edmond Sanders, Defendant herein, by and through his Attorney, William H. Dodson Sr., and moves the Court to Order the State to disclose the following:

1.      The names and addresses of witnesses, together with their respective oral, written or recorded statement, or summaries of same. Allen v District Court, 803 P.2d 1164 (Okla. 1990). 22 OS Section 2001, et seq.

2.      All law enforcement reports made in connection with this case. 22 OS Section 2001, et seq.

3.      All sworn statements of persons having knowledge of the alleged criminal offense that have been obtained by the District Attorney's Office, any peace officer or any other entity privy to the District Attorney. 22 OS 749.

4.      Any reports or statements made by experts in connection with this particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons. Allen v District Court, supra. 22 OS Section 2001, et seq.

5.      Any written or recorded statements and the substance of any oral statements made by the accused. Allen v District Court, supra. 22 OS Section 2001 et seq.

6.      All tape recordings and stenographic transcriptions of any statements, or alleged admissions or confessions made by the Defendant. Watts v State, 487 P.2d 981 (Okla. 1971).

**REDACTED**

Page One of Three

7.      Any books, papers, documents, photographs, tangible objects, buildings, or places which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belong to the accused. Allen v District Court, supra. 22 OS Section 2001 et seq.

8.      A detailed description of and access to all forms of tangible evidence in the custody of the District Attorney, State or private laboratories or police departments. Allen v District Court, supra.

9.      Any record of prior criminal convictions of the Defendant. Allen v District Court, supra. 22 OS Section 2001, et seq.

10.      OSBI or FBI rap sheet/record check on any witnesses listed by the State or the Defense as possible witnesses who will testify at trial. Allen v District Court, supra.

11.      Copies of any photographs to be used by the prosecution. Stafford v District Court, 593 P.2d 797 (Okla. 1979); State, ex rel Fallis v Truesdell, 493 P.2d 1134 (Okla. 1972).

12.      Any and all written statement, oral statements or recordings of any other persons interviewed by the State or its agents which are inconsistent with an earlier statement or which are inconsistent with a statement made by any other person interviewed by the State or its witnesses. U.S. v Rutkin, 212 F.2d 641 (3rd Cir. 1954).

13.      The nature, date and place of any criminal offense or acts of misconduct, other than those charged in the present information, which the State will offer for impeachement purposes and attempt to disprove good character or reputation of the Defendant. Burks v State, 594 P.2d 771.

14.      Any and all consideration or promises of consideration given to any witness for the State or its attorney, referring to absolutely anything of value or use, including but not limited to immunity, witness fees, assistance to members of witnesses families or associates, assistants or favorable treatment with respect to any criminal action, and anything else which would create an interest or bias in a witness in favor of the State. King v United States, 419 U.S. 18 (1974).

15.      All diagrams, sketches and pictures which have been made by any witness or prospective witness in the case.

16.      A detailed description of, and access to, all physical items other than those specifically set out above which the District Attorney anticipates using as evidence in this proceeding.

REDACTED

Page Two of Three

CHARLES EDMOND SANDERS,
Defendant.

By:        _____
           William H. Dodson Sr.  OBA #2397
           Attorney at Law
           P.O. Box 682
           Sallisaw, Oklahoma  74955
           (918) 775-3033

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and forgoing instrument was was hand delivered this 30 day of July, 1997 to:

The Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

_____

**REDACTED**

Page Three of Three

**IN THE DISTRICT COURT OF SEQUOYAH COUNTY
STATE OF OKLAHOMA**

| | | | |
|---|---|---|---|
| THE STATE OF OKLAHOMA, | ) | | SEQUOYAH COUNTY, OKLAHOMA |
| Plaintiff, | ) | | FILED |
| | ) | | IN DISTRICT COURT |
| vs. | ) | CF-97-75 | JUL 0 3 1997 |
| | ) | | |
| CHARLES EDMOND SANDERS, | ) | | BERNELL EDWARDS, COURT CLERK |
| Defendant. | ) | | BY _____ Deputy |

## MOTION TO PRODUCE EXCULPATORY EVIDENCE

COMES NOW Charles Edmond Sanders, Defendant herein, by and through his attorney, William H. Dodson Sr. and hereby moves the Court to Order the District Attorney to produce all evidence favorable to Defendant in this case as mandated by the due process clause of the United States Constitution. Brady v Maryland, 373 U.S. 83 (1963).

1.      The Defendant would respectfully submit that the specific items mentioned are material because they would be admissible and relevant to the issue of guilt or degree of punishment. Further, there exists a reasonable possibility that such disclosure could affect the result of this prosecution or punishment and cause it to be different in outcome. Further, failure to disclose the items requested will cause both Counsel to be mislead in the investigation and defense of this case. Defendant respectfully and specifically requests the following:

2.      All statements by any witnesses that have been given to any law enforcement agency or District Attorney in this case. Further, all statements by possible witnesses who were, at any time, unable to positively identify the Defendant in any manner or at any time.

3.      All reports, tests or opinions, including internal memoranda of any police department or law enforcement agency or the District Attorney's Office concerning tangible evidence that has been lost or destroyed while in the custody of any office, and that would have had relevance in the present prosecution.

4.      All reports relating to any polygraph examination administered to any possible witness for the state.                    **REDACTED**

Page One of Three

5.    All documents and reports regarding the physical or mental disease or disorder affecting any individual the State intends to call as a witness in the present case.

6.    All information that is arguably exculpatory through its use as impeachment of possible State witnesses, including, but not limited to, the prior criminal convictions of each witness, copies or summaries of any prior and arguable inconsistent statement of such witnesses concerning this prosecution, promises of leniency or reward by the State, and any other matter which would have relevance to the general credibility of such witnesses.

7.    All facts, information, written statements, tapes, videos and other recorded material, electronic or written, of questioning and interrogation of the Defendant from the State's initial contact with the Defendant until the conclusion of the interrogation or series of interrogation sessions.

8.    All material now known to the State, or which may become known, or which through due diligence may be learned from the investigating personnel or witnesses in this case, which is arguably exculpatory in nature or favorable to the accused, or may lead to arguably exculpatory material.  Further, if subsequent to compliance with these requirements or Orders pursuant thereto, the District Attorney or his agents discover additional material or information is discovered during the trial, the Court shall also be notified of the discovery of such evidence.

WHEREFORE, premises considered, the Defendant respectfully prays that the Court Order the State to disclose the items hereinabove set forth.

CHARLES EDMOND SANDERS,
Defendant.

by:    _____
William H. Dodson Sr    OBA #2397
Attorney at Law
P.O. Box 682
Sallisaw, Oklahoma  74955
(918) 775-3033

REDACTED

Page Two of Two

## CERTIFICATE OF DELIVERY

This is to certify that on the **3d** day of July, 1997 a true and correct copy of the above and forgoing document was hand delivered to:

The Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

*Wm H Dodson*

**REDACTED**

Page Three of Three