**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 6:09-cv-00105-JHP |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| *Defendant.* | ) | |

**REDACTED EXHIBIT 174**

**TO KENNETH EUGENE BARRETT'S**

**SECOND AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                *Plaintiff,*

v.

JOSEPH ALONDO McADAMS,
a/k/a JOE McADAMS
a/k/a JOE MELENCON,
a/k/a JOE MALENCON,
MELISSA GAIL REESE,
BRANDIE ZANE PRICE,
LESLIE BERNARD JOHNSON
and CURRY ADOYLE DAWSON,

                *Defendants.*

Case No. CR 07 - 016 - RAW

**FILED**

MAR 14 2007

William B. Guthrie
Clerk, U.S. District Court

By_____
                     Deputy Clerk

## INDICTMENT

The Federal Grand Jury charges:

## COUNT ONE

[21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) – Conspiracy to Distribute Methamphetamine]

A. Objects of the Conspiracy.

    Beginning prior to approximately May, 2006, the exact date being unknown to the Grand Jury, and continuing until on or about February 20, 2007, in the Eastern District of Oklahoma and elsewhere, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON a/k/a JOE MALENCON (hereinafter "McADAMS"), MELISSA GAIL REESE(hereinafter "REESE"), BRANDIE ZANE PRICE (hereinafter "PRICE"), LESLIE BERNARD JOHNSON (hereinafter "JOHNSON"), and CURRY ADOYLE DAWSON (hereinafter**

# IN THE UNITED STATES DISTRICT COURT FOR THE

**F I L E D**

## EASTERN DISTRICT OF OKLAHOMA

APR 2 3 2007

**WILLIAM B. GUTHRIE**
**Clerk, U.S. DISTRICT COURT**

By_____
Deputy Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | **Case No. CR-07-016-RAW** |
| BRANDIE ZANE PRICE, | ) ) ) | |
| Defendant. | ) ) | |

## PLEA AGREEMENT

PARTIES

1. The following plea agreement is entered into by and between the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant. Any reference to the plaintiff or the United States in this Agreement shall mean the office of the United States Attorney for the Eastern District of Oklahoma.

SENTENCING
GUIDELINE
APPLICATION

2. The defendant, and counsel for both parties, understand that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, will provide advisory guidance to the sentencing Court, since Defendant's offense or offenses were completed after the effective date of the Guidelines implementation.

DEFENDANT'S
PLEA

3. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information which will be filed against the defendant by the United States Attorney for the Eastern District of Oklahoma. That

Information will charge the defendant with a single count of violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), Possession with Intent to Distribute Methamphetamine a Schedule II Controlled Substance. The maximum penalty for such offense is imprisonment for a period of not less than ten (10) years nor more than life and a fine of up to $4,000,000.00, a term of supervised release to be determined by the Court, the costs of prosecution, imprisonment, probation, or supervised release, as well as a special assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Information.

**SUPERVISED RELEASE**

4. The defendant also understands that the Court must impose at least a five-year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances act.

**PUNISHMENT**

5. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is not less than ten (10) years nor more than life in prison and fines totaling $4,000,000.00, a term of supervised release to be determined by the Court, the costs of prosecution, imprisonment, probation, or supervised release, and an assessment totaling $100.00.

-2-

SPECIAL
ASSESSMENT

6. When this plea agreement is returned to the U. S. Attorney's Office for review by the U. S. Attorney, the defendant will provide a check representing the full amount of the special assessment(s) set forth in paragraph 1 as required by Title 18, United States Code, Section 3013. This check will be made payable to the Clerk of the United States District Court and will be deposited with the Clerk immediately. If a special assessment is not ultimately imposed by the Court, the Clerk of the District Court will refund the amount tendered by the defendant after sentencing has been completed. The failure to have such check supported by sufficient funds will be treated as a breach of this plea agreement and may result in additional criminal charges being filed.

FINE

7. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

FINANCIAL
STATEMENT

8. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney Office's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.

NO OTHER
CHARGES
(TAX CHARGES
EXCLUDED)

9. The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant arising out of the defendant's involvement in the offense(s) described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

SENTENCING
RECOMMENDATION

10. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office will recommend that the defendant receive a three-point reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this three-point reduction shall not be a basis to void this plea agreement.

11. At the time of sentencing, the United States will make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and/or a fine allowable, together with the cost of prosecution.

6:09-cv-00105-RAW    Document 132    Filed in ED/OK on 02/18/10    Page 7 of 41
Case 6:07-cr-00016-RAW    Document 121    Filed in USDC ED/OK on 04/23/2007    Page 5 of 18

**CONDITIONS OF PROBATION**

12. If probation or a term of supervised release is ordered, the United States will recommend the Court impose the following special conditions:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant pay the fine in accordance with a specific schedule (to be determined by the Court).

(c) The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

(d) The defendant be confined in a community treatment center, halfway house or similar facility.

(e) The defendant be placed under house detention.

(f) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant has reverted to drug or alcohol use.

(g) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

**COOPERATION - SUBSTANTIAL ASSISTANCE**

13. The defendant agrees to cooperate with the United States. Upon completion of such cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e), the United States may in its discretion request the Court to depart below the guideline range when fixing a sentence for this defendant or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure.

(a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the

-5-

ongoing investigation into illegal narcotics trafficking in eastern Oklahoma and western Arkansas and related criminal activity within the Eastern District of Oklahoma and elsewhere, or in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney.

(b)    It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(c)    The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

(1)    the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2)    the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3)    the nature and extent of defendant's assistance;

(4)    any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant, and;

(5)    the timeliness of any assistance provided by defendant.

(d)    It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any,

reduction in sentence is warranted because of that assistance, rests solely with the District Court.

**PLACE OF CONFINEMENT**

14. At the time of sentencing, the United States will join with the defendant and urge the Court to recommend that the Bureau of Prisons designate the facility of the Defendant's choosing to be the place of service of this sentence. The defendant understands that the Bureau of Prisons is not bound by recommendations from the Court.

**INFORMATION TO PROBATION**

15. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

**OBJECTION TO PRESENTENCE REPORT**

16. The defendant understands that both the United States and defendant must communicate to the probation officer, within eleven (11) days after disclosure of the Presentence Report, any objections they may have as to material information, base offense level, criminal history, sentencing guideline ranges and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. Any unresolved differences shall be communicated to the probation officer for inclusion in an addendum to the Presentence Report. The defendant understands that unresolved substantive objections will be

decided by the Court at the sentencing hearing where the standard of proof will be a preponderance of the evidence. Objections by the defendant to the Presentence Report or the Court's rulings thereon, shall not be grounds for withdrawal of defendant's plea(s) of guilty.

ALLOCUTION

17. At the sentencing, the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

COURT NOT
BOUND

18. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for not less than ten (10) years not more than life in prison and a fine of up to $4,000,000.00, a term of supervised release, the costs of prosecution and special assessments totaling $100.00.

WITHDRAWAL
OF PLEA

19. The Court may depart upward or downward from the sentencing range calculation contained in the Presentence Report. The defendant agrees not to withdraw the plea or pleas of guilty herein if the Court contemplates departure or departs from the sentencing range calculation. If the Court

-8-

imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any plea should the Court decline to follow any recommendations by any of the parties to this agreement. Both plaintiff and defendant specifically reserve the right to appeal any actual departure from the Presentence Report sentencing range found applicable by the Court after ruling on the objections, if any, by plaintiff and defendant to such sentencing range.

COOPERATION

20. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that the defendant shall not directly, indirectly, or

-9-

intentionally disclose anything defendant knows or has done concerning the plaintiff's investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to "tip" or warn any subject of this investigation that defendant, subject or anyone else is being investigated. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless the defendant has breached this agreement. However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the agreement.

21. THIS AGREEMENT IS NOT CONTINGENT IN ANY WAY UPON THE OUTCOME OF ANY INVESTIGATION, PROCEEDING OR SUBSEQUENT TRIAL. THUS, NONE OF THE RIGHTS AND OBLIGA-TIONS DESCRIBED ABOVE ARE IN ANY WAY DEPENDENT UPON A GRAND JURY RETURNING AN INDICTMENT, A JURY'S VERDICT AT ANY TRIAL, OR THE SUCCESS OF ANY PROSECUTION.

SPEEDY TRIAL
ACT WAIVER

22. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

BREACH OF
AGREEMENT

23. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, or has falsely implicated an

-10-

innocent person in the commission of a crime, then the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void, in which event or events defendant shall not be entitled to withdraw the plea or pleas of guilty made in connection with this plea agreement. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

24. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

    (a)    The defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

    (b)    The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    (c)    Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

    (d)    The United States will be free to bring any other charges it has against the defendant.

**OTHER CRIMES
NOT COVERED**

25. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including but not limited to perjury, false declaration, or false statement, in violation of Title 18, United States Code, Sections 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any offense during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

**WAIVER OF
CIVIL CLAIMS**

26. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement.

**PROFESSIONAL
LICENSE**

27. It is further understood and agreed that the status of any professional license held by the defendant is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

**INFORMATION TO
OTHER AGENCIES**

28. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the

-12-

defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

IRS NOT BOUND

29.  Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

IRS 6(e) ORDERS

30.  The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P., Rule 6(e), authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

POST-TRIAL
MOTIONS

31.  Nothing in this agreement shall restrict or limit the nature or content of the United States' motion or response to any motions filed on behalf of the defendant.

WAIVER OF
APPEAL AND POST
CONVICTION
RELIEF

32.  Defendant expressly waives the right to appeal defendant's sentence on any ground, except to challenge an upward departure from the applicable guideline range as determined by the Court.  Defendant specifically waives any appeal rights conferred by Title 18, United States Code, Section 3742, any post-conviction proceedings, and any habeas corpus proceedings. Defendant is aware that Title 18, United States Code, Section

-13-

3742 affords defendant the right to appeal the sentence imposed. Defendant is also aware that the sentence herein has not yet been determined by the Court. Defendant is aware that any estimate of the probable sentencing range that defendant may receive from his attorney, plaintiff, the probation office, or any agents of such parties, is not a promise, and is not binding on plaintiff, the probation office, or the Court. Realizing the uncertainty in estimating what sentence defendant will ultimately receive, defendant knowingly waives the right to appeal the sentence (except as to an upward departure) and agrees not to contest such sentence in any post conviction proceeding, including but not limited to writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence, in exchange for the concessions made by the United States in this agreement and the execution of the agreement itself.

**REINSTITUTION**
**OF PROSECUTION**

33.  If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon The Statute of Limitations,

-14-

Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

OTHERS NOT
BOUND

34. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

EFFECT OF
WAIVER OF TRIAL
AND APPEAL OF
SENTENCE

35. The defendant understands that by pleading guilty, defendant will waive defendant's rights to be tried by a jury, to a presumption of innocence, to be assisted by an attorney at trial and to have an attorney appointed to assist defendant at trial, to confront and cross-examine witnesses against defendant and compel the attendance of witnesses for defendant, against self-incrimination, and to appeal the amount, terms, or condition of any punishment imposed by the Court, except for any upward departure from the sentencing guideline range found applicable by the Court.

36. Defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics: Between May, 2006, and February 20, 2007, in the Eastern District of Oklahoma, and elsewhere, Defendant possessed with intent to distribute in excess of 500 grams of a mixture or substance containing a detectable quantity of methamphetamine, a schedule II controlled substance. Defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any

-15-

inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

**REASONS FOR AGREEMENT**

37. The United States is entering into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

**COMPLETE AGREEMENT/ TERMS NOT SEVERABLE/ CONSTRUCTION**

38. The United States and the defendant will be bound by this plea agreement only if all conditions set forth herein are met. This plea agreement shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and as expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document states the complete and only plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court.

-16-

No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

**SIGNATURE REQUIREMENTS**

40.    None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

_____
Date

BRANDIE ZANE PRICE
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. It accurately and completely sets forth the entire agreement between the United States and the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Date

MR. ROB RIDENOUR, Esq.

-17-

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

SHELDON J. SPERLING
United States Attorney


____23 APR 2007____

Date

ROB WALLACE
Assistant United States Attorney

1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

-18-

**"DAWSON")**, defendants herein, did willfully and knowingly combine, conspire, confederate, and agree together and with others, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 21, United States Code, Sections 846, and 841(a)(1), and Title 18, United States Code, Section 924( c ) as follows:

1. To knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1);

2. To knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1);

3. To obtain U.S. Currency in exchange for the methamphetamine that was being distributed by the co-conspirators; and

4. To use, carry, or possess firearms during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924( c ).

B. <u>Means of the Conspiracy.</u>

The objects of the conspiracy were to be accomplished and were accomplished as follows:

1. **McADAMS** acquired large quantities of methamphetamine from sources of supply in Oklahoma City, Oklahoma, for distribution in and around Sequoyah County, Oklahoma, and Sebastian County, Arkansas.

2. **McADAMS**, enlisted the assistance of **REESE** to travel to Oklahoma City, Oklahoma, to acquire large quantities of methamphetamine for delivery and distribution in and around Sequoyah County, Oklahoma, and Sebastian County, Arkansas.

3. **McADAMS** delivered large quantities of methamphetamine to others, both known and unknown to the grand jury, in a process known as "fronting". "Fronting" is a method of distribution

2

of illegal narcotics wherein the narcotics are delivered to an individual for further marketing but no money is paid at the time of the delivery. Payment for the illegal narcotics occurs after the illegal narcotics are further marketed.

4. **REESE, JOHNSON,** and **PRICE,** along with others both known and unknown to the Grand Jury, received large quantities of methamphetamine from **McADAMS,** and distributed the methamphetamine to both end users and those engaged in further sale of the controlled substance.

5. **DAWSON** provided **McADAMS** with assistance in enforcing discipline among the co-conspirators and providing security for the illegal narcotics distribution operation by using firearms and physical intimidation.

C. Overt Acts of the Conspiracy

In furtherance of the conspiracy and to effect and accomplish its objectives, the defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the Eastern District of Oklahoma, and elsewhere:

1. On or about May 18, 2006, Amy Osborne possessed approximately eight ounces of methamphetamine which she obtained from **McADAMS.**

2. On or about June 22, 2006, **PRICE** possessed approximately two ounces of methamphetamine. The methamphetamine was obtained from **McADAMS.**

3. Beginning around January 1, 2006, until on or about June 22, 2006, **PRICE** obtained methamphetamine from **McADAMS.** She received approximately one pound at each delivery and received at least one delivery and as many as three deliveries per week.

4. On or about June 23, 2006, **REESE** possessed approximately 9.2 grams of a mixture or substance containing a detectable quantity of methamphetamine.

3

5. On or about July 17, 2006, Teresa Casey and Johnny Paul Releford possessed approximately four ounces of methamphetamine, a Heritage Rough Rider, .22 caliber pistol, s/n HR88243 and $25,000 in U.S. Currency. The methamphetamine was received from **McADAMS**.

6. On or about July 31, 2006, Teresa Casey and Johnny Paul Releford possessed approximately one ounce of methamphetamine. The methamphetamine was received from **McADAMS**.

7. On or about August 8, 2006, **McADAMS** distributed, delivered and sold approximately eight ounces of methamphetamine in Sequoyah County, Oklahoma.

8. On or about August 19, 2006, **McADAMS** distributed, delivered and sold approximately six ounces of methamphetamine in Sequoyah County, Oklahoma and Sebastian County, Arkansas.

9. On or about August 22, 2006, Jack Ensey possessed approximately 182 grams of methamphetamine, $14,490 in U.S. Currency, digital scales and small zip lock bags. Ensey received the methamphetamine from **McADAMS**.

10. On or about August 23, 2006, **JOHNSON** possessed ammunition, firearms, methamphetamine, paraphernalia of methamphetamine trafficking, and a locked container with monies, and documents containing handwritten financial figures. **JOHNSON** obtained the methamphetamine from **REESE**.

11. On or about September 10, 2006, **McADAMS** possessed approximately four pounds and five ounces of methamphetamine in storage unit #259 located at ████████████ Fort Smith, Arkansas.

12. Sometime in September of 2006, Wesley McAfee and Connie Chambers took a large quantity of methamphetamine contained in a five gallon bucket located in a cellar at **McADAMS'**

4

mother's home in Sequoyah County, Oklahoma. The bucket contained eight pounds of methamphetamine packaged in one ounce bundles. Each ounce of methamphetamine was wrapped in a piece of plastic wrap which was then tied in a knot. McAfee provided three pounds to Chambers and took the remaining amount for use and sale.

13. Sometime in September, 2006, following the events described in paragraph 12, **REESE** lured McAfee to her residence just north of Roland, Sequoyah County, Oklahoma. At the **REESE** residence, McAfee was attacked by **McADAMS** and **DAWSON** for stealing the methamphetamine. McAfee was beaten, stripped naked, handcuffed, and his legs and feet were duct taped together. **McADAMS** and **DAWSON** threatened McAfee with handguns.

14. After the assault began, **McADAMS** and **REESE** traveled to McAfee's residence, kicked in the front door, and began ransacking the house searching for the stolen methamphetamine.

15. **DAWSON** and others, both known and unknown to the Grand Jury, remained with McAfee at the **REESE** residence. **DAWSON** continued the abuse of McAfee in an attempt to obtain the exact location of the stolen methamphetamine. **DAWSON** relayed answers given by McAfee to **REESE** and **McADAMS** via a cellular telephone. **REESE, McADAMS** and **DAWSON** later transported McAfee to his residence and left him in the garage of the residence naked, bound, and injured.

16. On or about September 27, 2006, **McADAMS** sold approximately six ounces of methamphetamine to an undercover federal agent. **REESE** and **DAWSON** were also present with **McADAMS**. **DAWSON** assisted in the drug transaction by stepping out of the vehicle driven by **McADAMS** and inspecting the vicinity ensuring no other individuals were present.

17. In or about December of 2006, on two separate occasions, **REESE** traveled to Oklahoma City, Oklahoma, and on each occasion, obtained six and one half pounds of methamphetamine. **REESE** transported the methamphetamine to Sequoyah County, Oklahoma, and Sebastian County, Arkansas, for distribution. Also on each occasion, **REESE** delivered approximately one pound of the methamphetamine to **JOHNSON** for further marketing.

18. On or about December 15, 2006, **REESE** possessed approximately three pounds and fifteen ounces of methamphetamine in storage unit #140 at Falcon Mini Storage located in Muldrow, Sequoyah County, Oklahoma.

19. On February 1, 2007, **McADAMS** possessed four pistols in his apartment at ███████ Oklahoma City, Oklahoma, the firearms are identified as follows:

- Ruger, model P95-DC, 9mm semi-automatic pistol, bearing serial number 312-19103
- Jimenez Arms, model JA Nine, 9mm semi-automatic pistol, serial number 009847
- Bryco Arms, model Jennings Nine, 9mm semi-automatic pistol, serial number 1301282
- Hi Point, model C, 9mm semi-automatic pistol serial number 829467

20. On Febraury 1, 2007, **JOHNSON** possessed methamphetamine and drug paraphernalia indicative of drug distribution at his residence at ███████ Muldrow, Sequoyah County, Oklahoma.

**All in violation of Title 21, United States Code Sections, 846, 841(a)(1) and (b)(1)(A).**

## COUNT TWO

**[Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii) – Possession of Methamphetamine with Intent to Distribute]**

On or about August 8, 2006, in Sequoyah County, Oklahoma, in the Eastern District of Oklahoma, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON,**

a/k/a JOE MALENCON, defendant herein, knowingly and intentionally distributed, and possessed with the intent to distribute, a mixture or substance, in excess of 50 grams, which contained a detectable amount of methamphetamine.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).**

## COUNT THREE

**[Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii) – Possession of Methamphetamine with Intent to Distribute]**

On or about August 19, 2006, in Sequoyah County, Oklahoma, in the Eastern District of Oklahoma, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON, a/k/a JOE MALENCON**, defendant herein, knowingly and intentionally distributed, and possessed with the intent to distribute, a mixture or substance, in excess of 50 grams, which contained a detectable amount of methamphetamine.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).**

## COUNT FOUR

**[Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii) – Possession of Methamphetamine with Intent to Distribute]**

On or about September 27, 2006, in Sequoyah County, Oklahoma, in the Eastern District of Oklahoma, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON, a/k/a JOE MALENCON**, defendant herein, knowingly and intentionally distributed, and possessed with the intent to distribute, a mixture or substance, in excess of 50 grams, which contained a detectable amount of methamphetamine.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).**

7

## COUNT FIVE

**[18 U.S.C. §§ 924 (c)(1)(A)(i) -- Possession of firearm in furtherance of a drug trafficking crime]**

In or about September, 2006, in Sequoyah County, Oklahoma, in the Eastern District of Oklahoma, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON a/k/a JOE MALENCON** , defendant herein, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to-wit: **Conspiracy to Distribute Methamphetamine**, in violation of Title 21, United States Code, Section 846, did knowingly use and carry in relation to, and did possess in furtherance of the aforementioned drug trafficking crime, a firearm, to wit: a hand gun or pistol of unknown manufacture and model.

**All in violation of Title 18, United States Code, Sections 924 (c)(1)(A)(i).**

## COUNT SIX

**[18 U.S.C. §§ 924 (c)(1)(A)(i) -- Possession of firearm in furtherance of a drug trafficking crime]**

In or about September, 2006, in Sequoyah County, Oklahoma, in the Eastern District of Oklahoma, **CURRY ADOYLE DAWSON**, defendant herein, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to-wit: **Conspiracy to Distribute Methamphetamine**, in violation of Title 21, United States Code, Section 846, did knowingly use and carry in relation to, and did possess in furtherance of the aforementioned drug trafficking crime, a firearm, to wit: a hand gun or pistol of unknown manufacture and model.

**All in violation of Title 18, United States Code, Sections 924 (c)(1)(A)(i).**

## COUNT SEVEN

**[Title 21, United States Code, Section 853 --Criminal Forfeiture]**

On or about August 19, 2006, in Sequoyah County, Oklahoma, within the Eastern District of Oklahoma, the defendant, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON, a/k/a JOE MALENCON,** did possess property to wit: **A 2001 BMW, VIN: WBABN53451JU37233, OKLAHOMA TAG 066-XNR,** which was derived from the proceeds of an offense listed in Count One of the Indictment, which is incorporated herein by reference, and was used to facilitate the commission of the offenses listed in Counts One and Three of this Indictment.

**All pursuant to Title 21, United States Code, Section 853.**

## COUNT EIGHT

**[Title 21, United States Code, Section 853 --Criminal Forfeiture]**

On or about September 27, 2006, in Sequoyah County, Oklahoma, within the Eastern District of Oklahoma, and elsewhere, the defendant, **JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON, a/k/a JOE MALENCON,** did possess property to wit: **A 2002 LEXUS, MODEL G43, VIN: JT8BL69S020009371, OKLAHOMA TAG 110-XDO,** which was derived from the proceeds of an offense listed in Count One of the Indictment, which is incorporated herein by reference, and was used to facilitate the commission of the offenses listed in Counts One and Four of this Indictment.

**All pursuant to Title 21, United States Code, Section 853.**

9

## COUNT NINE

**[Title 21, United States Code, Section 853 --Criminal Forfeiture]**

On or about February 1, 2007, in Oklahoma County, Oklahoma, within the Eastern District of Oklahoma, and elsewhere, the defendant,**JOSEPH ALONDO McADAMS, a/k/a JOE McADAMS, a/k/a JOE MELENCON, a/k/a JOE MALENCON**, did possess property to wit: **Two Thousand Nineteen and no/100s United States Dollars ($2,019.00) and One Thousand Mexican Pesos (1,000 Pesos)**, which were the proceeds of the offense listed in Count One of the Indictment, which is incorporated herein by reference.

**All pursuant to Title 21, United States Code, Section 853.**

## COUNT TEN

**[Title 21, United States Code, Section 853 --Criminal Forfeiture]**

On or about December 15, 2006, in Sequoyah County, Oklahoma, within the Eastern District of Oklahoma, and elsewhere, the defendant, **MELISSA GAIL REESE**, did possess property to wit: **Ten Thousand Thirty Six and no/100s Dollars ($10,036.00)**, which were the proceeds of the offense listed in Count One of the Indictment, which is incorporated herein by reference.

**All pursuant to Title 21, United States Code, Section 853.**

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

SHELDON J. SPERLING
United States Attorney

_____
ROB WALLACE, OBA#13130
Assistant United States Attorney

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

FILED
APR 20 2007
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By
Deputy Clerk

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | **Case No. CR-07-16-RAW** |
| v. | |
| **BRANDIE ZANE PRICE,** | |
| *Defendant.* | |

## INFORMATION

**[Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) – Possession of Methamphetamine with Intent to Distribute]**

From approximately May, 2006 to on or about February 20, 2007, in Sequoyah County, Oklahoma, in the Eastern District of Oklahoma, **BRANDIE ZANE PRICE**, defendant herein, knowingly and intentionally distributed, and possessed with the intent to distribute, a mixture or substance, in excess of 500 grams, which contained a detectable amount of methamphetamine.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).**

SHELDON J. SPERLING
United States Attorney

ROB WALLACE, OBA # 13801
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-07-16-RAW |
| | ) | |
| BRANDI ZANE PRICE, | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

## MOTION TO SEAL

COMES NOW the defendant, Brandi Zane Price, by her attorney, Robert Ridenour and

does hereby respectfully move this Court for leave of the Court to (1) allow the Defendant's

Sentencing Memorandum to be filed under seal; and (2) order the sentencing hearing of the

Defendant, scheduled for September 6, 2007, at 9 a.m., sealed. Counsel is authorized to tell the

Court that counsel for the government, Rob Wallace, does not object to the Court's ordering the

Defendant's Sentencing Memorandum filed under seal, but - per office policy - does object to the

sealing of the Defendant's Sentencing Hearing.

Counsel asks that the Sentencing Memorandum be sealed because it reveals personal

matters of the Defendant, involving medical and other private information. Further, it divulges

information submitted for departure pursuant to federal sentencing guidelines that - for the

Defendant's safety - ought not be in the public venue. For the same reason, counsel asks for the

sealing of the sentencing hearing, but only requests portions related to the government and the

defendant's requests for a departure be sealed.

1

Therefore, premises considered, counsel prays for the requested relief.

Respectfully submitted this 29th day of August, 2007.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
John V. Butcher, Federal Public Defender

By:     s/Robert Ridenour
        Robert Ridenour, OBA #16038
        Assistant Federal Public Defender
        One West Third St., Ste. 1225
        Tulsa, Oklahoma 74103
        (918) 581-7656

        Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2007, a true and correct copy of the foregoing document was mailed via first class mail to the Office of the United States Attorney, attention Rob Wallace, Counsel for Plaintiff.

        s/Robert Ridenour
        Robert Ridenour

2

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CR-07-16-RAW |
| | ) | |
| BRANDI ZANE PRICE, | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

## MOTION TO SEAL

COMES NOW the defendant, Brandi Zane Price, by her attorney, Robert Ridenour and does hereby respectfully move this Court for leave of the Court to (1) allow the Defendant's Sentencing Memorandum to be filed under seal; and (2) order the sentencing hearing of the Defendant, scheduled for September 6, 2007, at 9 a.m., sealed.  Counsel is authorized to tell the Court that counsel for the government, Rob Wallace, does not object to the Court's ordering the Defendant's Sentencing Memorandum filed under seal, but - per office policy - does object to the sealing of the Defendant's Sentencing Hearing.

Counsel asks that the Sentencing Memorandum be sealed because it reveals personal matters of the Defendant, involving medical and other private information.  Further, it divulges information submitted for departure pursuant to federal sentencing guidelines that - for the Defendant's safety - ought not be in the public venue.  For the same reason, counsel asks for the sealing of the sentencing hearing, but only requests portions related to the government and the defendant's requests for a departure be sealed.

1

Therefore, premises considered, counsel prays for the requested relief.

Respectfully submitted this 29th day of August, 2007.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
John V. Butcher, Federal Public Defender

By:     s/Robert Ridenour
           Robert Ridenour, OBA #16038
           Assistant Federal Public Defender
           One West Third St., Ste. 1225
           Tulsa, Oklahoma 74103
           (918) 581-7656

           Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2007, a true and correct copy of the foregoing document was mailed via first class mail to the Office of the United States Attorney, attention Rob Wallace, Counsel for Plaintiff.

s/Robert Ridenour
Robert Ridenour

2

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**FILED**

**SEP 1 4 2007**

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No. CR-07-16-RAW** |
| | ) |
| BRANDIE ZANE PRICE, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF DISMISSAL

COMES NOW the plaintiff, United States of America, by and through United States Attorney Sheldon J. Sperling and Assistant United States Attorney Rob Wallace, and dismisses the Indictment returned on March 14, 2007, as to the defendant, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The defendant has heretofore pled guilty to an information charging her with Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

SHELDON J. SPERLING
United States Attorney

s/ ROB WALLACE
ROB WALLACE, OBA # 13130
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

LEAVE GRANTED FOR FILING:

RONALD A. WHITE
United States District Judge

≈AO 245B     (Rev. 06/05) Judgment in a Criminal Case
             Sheet 1

# UNITED STATES DISTRICT COURT

| Eastern | District of | Oklahoma |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

BRANDIE ZANE PRICE

Case Number:     CR-07-00016-003-RAW

USM Number:     04573-063

Robert Ridenour
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s)     One of the Information

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21:841(a)(1) and (b)(1)(A)(viii) | Possession of Methamphetamine with Intent to Distribute | February 20, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to Title 18, Section 3553(a) of the United States Criminal Code.

☐ The defendant has been found not guilty on count(s)

■ Count(s)    One of the Indictment          ■ is    ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 6, 2007
Date of Imposition of Judgment

Ronald A. White
United States District Judge
Eastern District of Oklahoma

E.O.D. 9/14/07
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:        BRANDIE ZANE PRICE
CASE NUMBER:      CR-07-00016-003-RAW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
term of:    60 months on Count One.

■ The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons evaluate the defendant and determine if the defendant is a suitable candidate for the Intensive Drug Treatment Program. Should the defendant be allowed to participate in the program, it is further recommended that the defendant be afforded the benefits prescribed and set out in 18 U.S.C. § 3621(e) and according to Bureau of Prisons' policy.

That the defendant should be given credit for the time she served in the Muskogee County Jail in Muskogee, Oklahoma in connection with the charges in this case.

That the defendant be placed in the Bureau of Prisons facility at Carswell in Fort Worth, Texas to facilitate family contact.

The Court shall be informed in writing as soon as possible if the Bureau of Prisons is unable to follow the Court's recommendations, along with the reasons for not following such recommendations made by the Court.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 12:00 Noon on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:          BRANDIE ZANE PRICE
CASE NUMBER:        CR-07-00016-003-RAW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     36 months on Count One.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

■     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)     the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependents and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)     the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)    the defendant shall submit to urinalysis testing as directed by the Probation Office.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page    4    of    6

DEFENDANT:        BRANDIE ZANE PRICE
CASE NUMBER:    CR-07-00016-003-RAW

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program approved by the United States Probation Office for the treatment of narcotic addiction, drug dependency, or alcohol dependency, which will include testing to determine if she has reverted to the use of drugs or alcohol.  If it is determined by the Probation Officer that the defendant is in need of a residential drug/alcohol treatment program, she shall participate in such treatment as directed by the Probation Officer and remain in the treatment facility until discharged.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6  

DEFENDANT:        BRANDIE ZANE PRICE
CASE NUMBER:     CR-07-00016-003-RAW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments
===========================================================================

                                                      Judgment — Page ___6___ of ___6___

DEFENDANT:        BRANDIE ZANE PRICE
CASE NUMBER:      CR-07-00016-003-RAW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance        ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

**B**  ■  Payment to begin immediately (may be combined with    ☐ C,       ☐ D, or    ■ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ■  Special instructions regarding the payment of criminal monetary penalties:

Said special assessment of $100 shall be paid through the United States Court Clerk for the Eastern District of Oklahoma, P.O.
Box 607, Muskogee, OK 74402, and is due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.