**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| *Defendant.* | ) | |

———————————————

**REDACTED EXHIBIT 175**

**TO KENNETH EUGENE BARRETT'S**

**SECOND AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255**

———————————————

**INFORMATION**

=================================================================

IN THE DISTRICT COURT OF SEQUOYAH COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA            )
      Plaintiff,          )
vs.                         )      No. CF-97- 140
                            )
CHARLES EDMOND SANDERS       )
DOB: ████ 66                 )
DL/SS# ██████ 9539           )
      Defendant.          )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

APR 2 9 1997

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

**I N F O R M A T I O N**
**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OKLAHOMA:**

    Now comes DIANNE BARKER HARROLD, the duly qualified and acting District Attorney, in and for Sequoyah County, State of Oklahoma and gives the District Court to know and to be informed that CHARLES EDMOND SANDERS did, in Sequoyah County, and in the State of Oklahoma, on the 25th day of April, in the year of our Lord, One Thousand, Nine Hundred and Ninety-Seven and before the presentment hereof, commit the crime of

    COUNT I: KNOWINGLY CONCEALING STOLEN PROPERTY-21 O.S. 1713
That on the day and year, and in the County and State, aforesaid, CHARLES EDMOND SANDERS, did unlawfully, wilfully, knowingly, and feloniously conceal from Don Manning, certain personal property of value, to-wit: check in the amount of $50.00, that had prior thereto been stolen from the said Don Manning, the said defendant knowing or reasonably should have believed that said property was stolen did then and there unlawfully conceal and withhold said property from the owner thereof, with the felonious intent to deprive said owner thereof,

    COUNT II: UNLAWFUL POSSESSION OF CONTROLLED DRUG-63 O.S. 2-402 (B-1)
That on the day and year, and in the County and State, aforesaid, CHARLES EDMOND SANDERS, did unlawfully, wilfully, knowingly, or intentionally and feloniously have in their possession and under their control METHAMPHETAMINE, said drug being classified as a controlled dangerous substance in Schedule II of the Uniform Controlled Dangerous Substances Act of this State,

contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma.

                    DIANNE BARKER HARROLD
                    DISTRICT ATTORNEY

                    By _____
                      Assistant District Attorney

STATE OF OKLAHOMA )
             ) ss.
COUNTY OF SEQUOYAH)

    Undersigned, being duly sworn, on oath state, that I have read the above and foregoing information and know the contents thereof and that the facts stated therein are true.

                    _Dennis Brewer_____

    Subscribed and sworn to before me this _29th_ day of April, 1997.

My Commission Expires:
_____6/28/99_____          _____
                          NOTARY PUBLIC

WITNESSES:
Pat Sering          ██████████████ Muldrow, OK
Donald Manning      ████████████ Sallisaw, OK
Joe Ellis           Blue Ribbon Downs, Sallisaw, OK
John Paul Johnson   Sallisaw Police Dept., Sallisaw, OK
Dennis Neff         Sallisaw Police Dept., Sallisaw, OK
Chemist             OSBI Lab, Tahlequah, OK

INFORMATION
Page 2

THE STATE OF OKLAHOMA,
              Plaintiff,

vs.

CHARLES EDMUND SANDERS,
              Defendant.

)  IN THE DISTRICT COURT OF
)  SEQUOYAH COUNTY, STATE
)  OF OKLAHOMA
)  CASE NO. CRF-97-140
)
)
)
)

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

APR 2 9 1997

BERNELL EDWARDS, COURT CLERK
BY _____
                  DEPUTY

## FORMER CONVICTIONS

THE STATE OF OKLAHOMA FURTHER ALLEGES that the same CHARLES EDMOND SANDERS was heretofore on the 20TH day of JULY, 1992, in Case No. CRF-89-396, in the District Court of Sequoyah County, State of Oklahoma, a court of competent jurisdiction, convicted of the crime of UTTERING FORGED INSTRUMENT, said defendant being represented by counsel, and said conviction having become a final judgment in the case;

THE STATE OF OKLAHOMA FURTHER ALLEGES that the same CHARLES EDMOND SANDERS was heretofore on the 20th day of JULY, 1992, in Case No. CRF-92-91, in the District Court of Sequoyah County, State of Oklahoma, a court of competent jurisdiction, convicted of the crime of UNLAWFUL POSSESSION OF CONTROLLED DRUG, said defendant being represented by counsel, and said conviction having become a final judgment in the case;

THE STATE OF OKLAHOMA FURTHER ALLEGES that the same CHARLES EDMOND SANDERS was heretofore on the 20th day of JULY, 1992, in Case No. CRF-90-144, in the District Court of Sequoyah County, State of Oklahoma, a court of competent jurisdiction, convicted of the crime of SEXUAL BATTERY, said defendant being represented by counsel, and said conviction having become a final judgment in the case, and, therefore, this defendant is prosecuted as a second and subsequent offender.

                    DIANNE BARKER HARROLD,
                    DISTRICT ATTORNEY

              BY: _____
                  Assistant District Attorney

IN THE DISTRICT COURT OF SEQUOYAH COUNTY

STATE OF OKLAHOMA
PROBABLE CAUSE AFFIDAVIT

CF-97-140

Comes now the undersigned Affiant, and states upon Oath or Affirmation OKLAHOMA
that the following information and facts are correct to the best of the FILED
Affiant's knowledge and belief.        IN DISTRICT COURT

NAME OF PERSON ARRESTED: *Sanders, Charles Edmond*          APR 29 1997

DATE OF BIRTH: ███ *66*      DATE OF ARREST: *4-25-97*      BERNELL EDWARDS, COURT CLERK
                                                            BY _____ DEPUTY

TIME OF ARREST (DETENTION) : *1425*      A.M./**P.M.**

STATE SPECIFIC FACTS UPON WHICH PROBABLE CAUSE FOR ARREST WAS BASED:

*Officer was disp to Blue Ribbon Downs in reference to a stolen*
*check. When I arrived @ B.R.D. I was met by Joe Ellis (B.R.D.*
*security) Ellis told me that a man tried to cash a check @ one of*
*the pay out window, which had been cashed + stamped by a cashier approx. (over)*

(Use reverse side or attach another page if necessary)

ANTICIPATED CHARGE (S): *Possession of stolen property.* AFCF *Possession of C.D.S.* AFCF

*Dennis L. ___*
AFFIANT      (ARRESTING OFFICER)

SUBSCRIBED AND SWORN TO BEFORE ME THE UNDERSIGNED, THIS *25 TH*      DAY
OF *April*          , 199*7*.

MY COMMISSION EXPIRES : *9-20-2000*    -    *Bobby R Smith JR*
                                            NOTARY PUBLIC/JUDGE/WITNESS

===========================================================================
PROBABLE CAUSE DETERMINATION

I *Dennis M. Sprouse* , Judge of the District Court, reviewed this
Probable Cause Affidavit on the *28c* day of *April* , at *9:27*
**A.M.**/P.M.

_____✓ This Affidavit contains sufficient facts showing probable cause
to detain the Arrestee to await further proceedings.

_____✓ The court sets an appearance Bond in the amount of $ *12,500.00* .

_____ The court denies Bond at this time.

_____ This Affidavit contains insufficient facts to show there is
probable cause to detain the Arrestee. The Arrestee is ORDERED
RELEASED FROM CUSTODY FORTHWITH.

_____
JUDGE OF THE DISTRICT COURT

1 hour earlier. The officer asked the suspect where he got the check he said ~~Ben~~ Don gave it to him. I located the man by the name of Don Manning I asked him if he gave a check to the suspect to "Don" said no I don't know him, "suspect." The owner of the check said he cashed the check earlier @ B.R.D. Suspect was arrested for Possession of stolen property. The checks value was $50.00

When the suspect was being booked into S.P.D. Jail a white powder was found on his person a test was made on the substance + was checked positive for meth @ that time suspect was charged with possession of C.D.S. A.F.C.F.



000808

# Charles Smith Bail Bonds
## APPEARANCE BOND

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

S.A.&I. 408 (1990)

APR 2 9 1997

IN THE DISTRICT COURT OF _Sequoyah_
State of Oklahoma, _____ Plaintiff,

COUNTY, STATE OF OKLAHOMA
BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

vs. _Charles E. Sanders_, Defendant

Case No. _CF-97-140_

Know all men by these presents, that we the above named defendant, as principal, and the undersigned _Martin E. Dayp DBA_ Charles E. Smith, Professional as surety(ies) personally appeared before the undersigned authority and jointly and severally acknowledged themselves to be indebted to the State of Oklahoma in the sum of _Twelve Thousand Five Hundred & 100_ Dollars ($_12,500.00_) good and lawful money of the United States, to which payment well and truly to be made we bind ourselves, our assigns, heirs, executors and administrators jointly and severally, firmly by these presents.

The conditions of this bond are such that, if the above named defendant, who has been committed to the county jail of _Sequoyah_ County, State of Oklahoma, shall personally be and appear before the District Court of said county on the _30_ day of _April_, 19_97_, at _9:00_ o'clock _A_ M., of said day, and from term to term, and from day to day of each term, to answer a charge preferred against him for the offense of _____ _Poss of CDS   KCSP   AFCF_ and to do and receive what shall be enjoined by said Court upon him, and shall not depart the said Court without leave, then this bond and recognizance to be void; otherwise, in full force and effect.

Witness our hands and seals this _27_ day of _April_, 19_97_.

X _Charles Sanders_ Principal _Rt 3 Box 55 Sallisaw Ok 74955_ Address

Charles E. Smith    Surety    P.O. Box 824 Sallisaw, OK 74955    Address

_Martin E. Dayp_    Surety    _P.O. Box 824 Sallisaw, OK 74955_ Address

TAKEN, SUBSCRIBED AND ACKNOWLEDGED, this _27_ day of _April_, 19_97_

_____ Court Clerk/Sheriff _____ Deputy

This undertaking approved this _27_ day of _April_, 19_97_.

(SEAL)

By: _____ Deputy/Clerk

═══════════════════════════════════════

## AFFIDAVIT AS TO UNDERTAKING

STATE OF OKLAHOMA, _Sequoyah_ County, SS:

The undersigned, being first duly sworn upon oath, says that he is a resident of _Sequoyah_ County, State of Oklahoma, and that neither he nor anyone for his use has received or been promised any security or consideration for making this undertaking, except as hereinafter specified under one or more of the following relevant statutory provisions, to-wit:

a) Consideration for this undertaking received or promised in the sum of $_1900.00_
b) Other security received or promised for making this undertaking, is as follows: _Promissory Note + Indemnity Agreement_
c) Such promise, security or consideration was received from:

X _Charles Sanders_                                          ▓▓▓▓▓▓ _Sallisaw, Ok 74955_
Name                                                          Address

I understand that any willful misstatement relating to the security or consideration promised or given shall make me liable to the same prosecution and penalty as one commits perjury.

X _Martin E. Dayp_                          ▓▓▓▓▓▓ _Sallisaw, Ok. 74955_
Affiant                                       Address

Subscribed and sworn to before me this _____ _27_ day of _April_, 19_97_.

(SEAL)

_____
Court Clerk- Notary Public

My Commission Expires: _____

_____ Deputy

POWER OF ATTORNEY

107 E. Creek                    Cha   s E. Smith, Professional Bondsman          Sallisaw, OK 74955
Sallisaw, OK 74955             $20,000.00 BOND POWER                                      

                                                            SS          № 20581

KNOW ALL MEN BY THESE PRESENTS:

That I, Charles E. Smith, of Sallisaw, Sequoyah County, State of Oklahoma, have made and constituted and appointed by these presents do make, constitute and appoint the below named agent, my true and lawful attorney, for me and in my name, place and stead, and to my use as my employee and agent to write professional bonds, to sign my name, by him, in the execution of any and all bonds made as my agent, giving my said attorney full power to do every thing whatsoever requisite and necessary to be done in the premises as fully as I could do if personally present, hereby ratifying and confirming all that my said attorney shall lawfully do, or cause to be done, by virtue hereof. All this provided this Power-Of-Attorney is filed with the bond and retained as a part of the court records, the said Attorney-In-Fact is hereby authorized to insert in this Power-Of Attorney the name of the person whose behalf this bond was given.

IN WITNESS THEREOF, Charles E. Smith, mas caused these presents to be signed by its duly authorized officer, proper for the purpose this ___ day of ____ 19 __ .

$20,000.00 BOND POWER
▮▮▮▮-66
5906

                                        Charles E. Smith, Professional Bondsman
                                        SMITH-RINGGOLD BAIL BONDS

Bond Amount $ 112,500.00                 Appearance Date 4/30/97 9:00 A.M.
Defendant Charles E. Sanders     Address ▮▮▮▮▮▮▮
Court Sequoyah District          City Sallisaw        State Ok, 74955
Offense Poss of CDS KCSP AFCF          Case # 
Executing Agent Martin E. Papp

# IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
## STATE OF OKLAHOMA

STATE OF OKLAHOMA,                   )
         Plaintiff,                )
                          )
                          )
vs.                                  )    CF-97-140
                          )
CHARLES EDMOND SANDERS,              )
         Defendant.                )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

**JUL 0 3 1997**

BERNEL EDWARDS, COURT CLERK
BY _____ DEPUTY

## DEMURRER

COMES NOW Charles Edmond Sanders,, Defendant herein, and demurs to the information filed herein and moves the Court to dismiss this cause pending against said Defendant, and in support thereof, alleges and states:

I.

That this Court has no jurisdiction of the person of this Defendant or of the subject matter of this action;

II.

That the information herein is vague, indefinite and duplicitous and not substantially clear or in ordinary and concise language which could be in such a manner as to enable a person of common understanding to know what is intended;

III.

That the information wholly fails to state an offense, with such a degree of certainty, so as to enable the Court to pronounce judgment upon a conviction of the case;

IV.

That said information does not contain allegations of sufficient facts to constitute the basis of the crime charged or of any other criminal violation of the laws of the State of Oklahoma;

V.

That the facts stated in the information do not state facts sufficient to constitute a cause of action against said Defendant;

VI.

That said information does not substantially conform to the provisions of the laws and statutes of the State of Oklahoma;

WHEREFORE, said Defendant prays that his demurrer be sustained; that the information filed against said Defendant be dismissed and said Defendant be granted such other and further relief as to which the Defendant may be entitled and which the Court deems fair, just, equitable, proper and right.

AUTHORITY:

22 OS 401 et seq.
22 OS 493
22 OS 504 et seq.

CHARLES EDMOND SANDERS,
Defendant

William H. Dodson Sr.
Attorney at Law
P.O. Box 682
Sallisaw, Oklahoma  74955
(918) 775-3033

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and forgoing Demurrer was hand delivered this 9 d day of July, 1997 to:

Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

## IN THE DISTRICT COURT IN AND FOR SEQUOYAH COUNTY
## STATE OF OKLAHOMA

STATE OF OKLAHOMA,       )
           Plaintiff,       )
           )
vs.            )    CF-97-140
           )
CHARLES EDMOND SANDERS,       )
           Defendant.       )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

JUL 0 3 1997

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

### MOTION TO SUPPRESS EVIDENCE

COMES NOW  Charles Edmond Sanders, Defendant herein, by and through his attorney, William H. Dodson Sr., and moves the Court to suppress the evidence had and obtained by the officers in this cause for the reason that no proper search warrant or affidavit for search warrant was issued and served for the premises and place where said evidence was found and seized, and such search and seizure was unreasonable and in violation of the constitutional and statutory rights, both state and federal, of said Defendant.

Further, said Defendant moves the Court to suppress the evidence had and obtained in this cause for the reason that said Defendant was not afforded those privileges against self incrimination as afforded by the Constitution of the State of Oklahoma and the United States of America.

AUTHORITY:
Constitution of the State of Oklahoma, Article II, Section 30
Constitution of the United States of America, Amendments No. 4, 5 and 14

CHARLES EDMOND SANDERS,
Defendant

William H. Dodson Sr.
Attorney at Law
P.O. Box 682
Sallisaw, Oklahoma  74955
(918) 775-3033

By: _____
William H. Dodson Sr.  O.B.A. 32397

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and forgoing Motion to Suppress was hand delivered this _31_ day of July, 1997 to:

Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

_Wm H Dodson Sr_

**IN THE DISTRICT COURT OF SEQUOYAH COUNTY**
**STATE OF OKLAHOMA**

THE STATE OF OKLAHOMA,        )
                      Plaintiff,        )
                              )
vs.        )        CF-97-140
                              )
CHARLES EDMOND SANDERS,        )
                    Defendant.        )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

JUL 03 1997

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

## MOTION TO PRODUCE EXCULPATORY EVIDENCE

COMES NOW Charles Edmond Sanders, Defendant herein, by and through his attorney, William H. Dodson Sr. and hereby moves the Court to Order the District Attorney to produce all evidence favorable to Defendant in this case as mandated by the due process clause of the United States Constitution. Brady v Maryland, 373 U.S. 83 (1963).

1.     The Defendant would respectfully submit that the specific items mentioned are material because they would be admissible and relevant to the issue of guilt or degree of punishment. Further, there exists a reasonable possibility that such disclosure could affect the result of this prosecution or punishment and cause it to be different in outcome. Further, failure to disclose the items requested will cause both Counsel to be mislead in the investigation and defense of this case. Defendant respectfully and specifically requests the following:

2.     All statements by any witnesses that have been given to any law enforcement agency or District Attorney in this case. Further, all statements by possible witnesses who were, at any time, unable to positively identify the Defendant in any manner or at any time.

3.     All reports, tests or opinions, including internal memoranda of any police department or law enforcement agency or the District Attorney's Office concerning tangible evidence that has been lost or destroyed while in the custody of any office, and that would have had relevance in the present prosecution.

4.     All reports relating to any polygraph examination administered to any possible witness for the state.

Page One of Three

5.      All documents and reports regarding the physical or mental disease or disorder affecting any individual the State intends to call as a witness in the present case.

6.      All information that is arguably exculpatory through its use as impeachment of possible State witnesses, including, but not limited to, the prior criminal convictions of each witness, copies or summaries of any prior and arguable inconsistent statement of such witnesses concerning this prosecution, promises of leniency or reward by the State, and any other matter which would have relevance to the general credibility of such witnesses.

7.      All facts, information, written statements, tapes, videos and other recorded material, electronic or written, of questioning and interrogation of the Defendant from the State's initial contact with the Defendant until the conclusion of the interrogation or series of interrogation sessions.

8.      All material now known to the State, or which may become known, or which through due diligence may be learned from the investigating personnel or witnesses in this case, which is arguably exculpatory in nature or favorable to the accused, or may lead to arguably exculpatory material.  Further, if subsequent to compliance with these requirements or Orders pursuant thereto, the District Attorney or his agents discover additional material or information is discovered during the trial, the Court shall also be notified of the discovery of such evidence.

WHEREFORE, premises considered, the Defendant respectfully prays that the Court Order the State to disclose the items hereinabove set forth.

CHARLES EDMOND SANDERS,
Defendant.

by:      _____
William H. Dodson Sr   OBA #2397
Attorney at Law
P.O. Box 682
Sallisaw, Oklahoma  74955
(918) 775-3033

Page Two of Two

## CERTIFICATE OF DELIVERY

This is to certify that on the _31_ day of July, 1997 a true and correct copy of the above and forgoing document was hand delivered to:

The Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

_Wm. H. Dodson Sr._

Page Three of Three

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY
## STATE OF OKLAHOMA

|  |  |  |
|---|---|---|
| THE STATE OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | CF-97-140 |
|  | ) | |
| CHARLES EDMOND SANDERS, | ) | |
| Defendant. | ) | |

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

**JUL 0 3 1997**

BERNELL EDWARDS, COURT CLERK
BY _____ DEPUTY

### MOTION FOR DISCOVERY

COMES NOW Charles Edmond Sanders, Defendant herein, by and through his Attorney, William H. Dodson Sr., and moves the Court to Order the State to disclose the following:

1.    The names and addresses of witnesses, together with their respective oral, written or recorded statement, or summaries of same. Allen v District Court, 803 P.2d 1164 (Okla. 1990). 22 OS Section 2001, et seq.

2.    All law enforcement reports made in connection with this case. 22 OS Section 2001, et seq.

3.    All sworn statements of persons having knowledge of the alleged criminal offense that have been obtained by the District Attorney's Office, any peace officer or any other entity privy to the District Attorney. 22 OS 749.

4.    Any reports or statements made by experts in connection with this particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons. Allen v District Court, supra. 22 OS Section 2001, et seq.

5.    Any written or recorded statements and the substance of any oral statements made by the accused. Allen v District Court, supra. 22 OS Section 2001 et seq.

6.    All tape recordings and stenographic transcriptions of any statements, or alleged admissions or confessions made by the Defendant. Watts v State, 487 P.2d 981 (Okla. 1971).

### Page One of Three

7.      Any books, papers, documents, photographs, tangible objects, buildings, or places which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belong to the accused. Allen v District Court, supra. 22 OS Section 2001 et seq.

8.      A detailed description of and access to all forms of tangible evidence in the custody of the District Attorney, State or private laboratories or police departments. Allen v District Court, supra.

9.      Any record of prior criminal convictions of the Defendant. Allen v District Court, supra. 22 OS Section 2001, et seq.

10.      OSBI or FBI rap sheet/record check on any witnesses listed by the State or the Defense as possible witnesses who will testify at trial. Allen v District Court, supra.

11.      Copies of any photographs to be used by the prosecution. Stafford v District Court, 593 P.2d 797 (Okla. 1979); State, ex rel Fallis v Truesdell, 493 P.2d 1134 (Okla. 1972).

12.      Any and all written statement, oral statements or recordings of any other persons interviewed by the State or its agents which are inconsistent with an earlier statement or which are inconsistent with a statement made by any other person interviewed by the State or its witnesses. U.S. v Rutkin, 212 F.2d 641 (3rd Cir. 1954).

13.      The nature, date and place of any criminal offense or acts of misconduct, other than those charged in the present information, which the State will offer for impeachement purposes and attempt to disprove good character or reputation of the Defendant. Burks v State, 594 P.2d 771.

14.      Any and all consideration or promises of consideration given to any witness for the State or its attorney, referring to absolutely anything of value or use, including but not limited to immunity, witness fees, assistance to members of witnesses families or associates, assistants or favorable treatment with respect to any criminal action, and anything else which would create an interest or bias in a witness in favor of the State. King v United States, 419 U.S. 18 (1974).

15.      All diagrams, sketches and pictures which have been made by any witness or prospective witness in the case.

16.      A detailed description of, and access to, all physical items other than those specifically set out above which the District Attorney anticipates using as evidence in this proceeding.

Page Two of Three

CHARLES EDMOND SANDERS,
Defendant.

By: _____
William H. Dodson Sr.  OBA #2397
Attorney at Law
P.O. Box 682
Sallisaw, Oklahoma  74955
(918) 775-3033

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the above and forgoing instrument was was hand delivered this 3_ day of July, 1997 to:

The Office of the District Attorney
Sequoyah County Courthouse
120 East Chickasaw
Sallisaw, Oklahoma  74955

_____

Page Three of Three