# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| *Defendant.* | ) | |

---

# REDACTED EXHIBIT 193

# TO KENNETH EUGENE BARRETT'S

# SECOND AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255

---

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

BANK OF OKLAHOMA, NA                 )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )    Case No. CJ-03-988
                                     )
JENNIFER LITTLEFIELD,                )
                                     )
DAVID LITTLEFIELD                    )
                                     )
        Defendants.                  )

## PETITION

**COMES NOW** the Plaintiff, Bank of Oklahoma, NA , and for its cause of action against the

Defendants, Jennifer and David Littlefield, would allege and state as follows:

1. Plaintiff, Bank of Oklahoma, NA, is a duly organized corporation licensed to do business

in the State of Oklahoma.

2. Defendants, Jennifer and David Littlefield, are individuals residing in Muskogee County,

State of Oklahoma.

3. The claim alleged herein arose out of a contractual agreement between Bank of Oklahoma,

NA and the Defendants, wherein Bank of Oklahoma, NA loaned money to the Defendants.

## COUNT I

### BREACH OF CONTRACT

4. Paragraphs 1-3 are incorporated by reference as if fully set forth herein.

1

5. On April 30, 2002, the Defendants signed a promissory note as maker wherein they borrowed Three Thousand Five Hundred Dollars and 00/100ths ($3,500.00) from Bank of Oklahoma, NA. (Attached hereto as Exhibit "A" is a true and correct copy of the note.)

6. According to the terms of the note, the Defendants were to pay $127.38 on the 14th of each month beginning June 14, 2002 and ending on May 14, 2005.

7. Defendants have failed to make timely payments pursuant to the terms of the naote and are therefore in default under the terms of the note.

8. According to the terms of the note the Defendants are in default and Bank of Oklahoma, NA is filing this action for breach of contract to recover the unpaid balance of $2,848.73 with accrued interest in the amount of $96.93, plus interest thereon at the rate of 17.25% per annum from January 30, 2003, costs and fees provided for by the terms of the note.

9. In accordance with the Fair Debt Collection Practices Act, Title 15 U.S.C.A. § 1692(g), if applicable, unless the person or entity responsible for the payment of the above debt, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid; and if said person or entity notifies the undersigned attorney for Plaintiff in writing within said thirty day period that the debt, or any portion thereof, is disputed, said attorney will obtain verification of the debt and a copy of such verification will be mailed to said person or entity by the undersigned attorney for Plaintiff; and upon written request by you within the thirty day period, the undersigned attorney for Plaintiff will provide the name and address of the original creditor, if different from the current creditor. Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

10. Wherefore premises considered, Bank of Oklahoma, NA demands judgment against the Defendants for the remaining $2,848.73 with accrued interest in the amount of $96.93, plus interest thereon at the rate of 17.25% per annum from May 1, 2003, costs and attorneys fees provided for by the terms of the note and any other relief this court deems just and proper.

Respectfully submitted,

Scott F. Lehman, OBA # 15908
Marcus N. Ratcliff, OBA # 19201
Richard A. Chapman, OBA # 17849
Latham, Stall, Wagner, Steele & Lehman, P.C.
1437 South Boulder, Suite 820
Tulsa, Oklahoma 74119
(918) 382-7523

Attorney for Bank of Oklahoma, NA

3

ORIGINAL

CONSUMER PROMISSORY NOTE - SIMPLE/VARIABLE

**MAKER(S) NAME & ADDRESS** (Last Name First)

Littlefield, Jennifer S.
Littlefield, David M.

Muskogee, OK 74403

**LENDER/SECURED PARTY**

Bank of Oklahoma, N.A.
P.O. Box 2864
Tulsa, OK 74101-2864

| NOTE NUMBER | DATE OF NOTE | DATE FINANCE CHARGE BEGINS | OFFICERS INITIALS |
|---|---|---|---|
| 2018525 | 04/30/02 | 04/30/02 | 453 |

PRINCIPAL AMOUNT $3,535.00  [X] FIXED INTEREST RATE 17.250 %  [ ] VARIABLE INTEREST RATE

**SECURITY AGREEMENT**

The undersigned grants to Lender a security interest in Collateral described herein to secure the payment of the Promissory Note executed herewith and such other obligations and on such terms as set out on Page 2 hereof.

x David M. Littlefield
x Jennifer S. Littlefield

**DISCLOSURES**

| 1. ANNUAL PERCENTAGE RATE The cost of the credit as a yearly rate. | 2. FINANCE CHARGE The dollar amount the credit will cost. | 3. AMOUNT FINANCED The amount of credit provided to Maker or on his behalf as itemized below. | 4. TOTAL OF PAYMENTS (Add boxes 2 and 3) The amount Maker will have paid after Maker has made all payments as scheduled. |
|---|---|---|---|
| 17.978 % | $ 1,085.68 | $ 3,500.00 | $ 4,585.68 |

Boxes checked apply to this transaction:
[ ] This obligation is payable on Demand. All disclosures are based on an assumed maturity of one year.
[ ] This obligation has a Demand Feature.
[ ] The Annual Percentage Rate does not take into account any required deposit of Maker.

**PAYMENT SCHEDULE WILL BE:**

| NUMBER OF REGULAR PAYMENTS | AMOUNT OF PAYMENTS Regular | Plus a Final Payment |
|---|---|---|
| 36 | $ 127.38 | $ n/a |

| FREQUENCY OF PAYMENTS | DUE DATE OF PAYMENTS First Payment | OTHER PAYMENTS DUE SAME DAY OF EACH PERIOD | Final Payment |
|---|---|---|---|
| [X] Monthly [ ] | 06/14/02 | | 05/14/05 |

[ ] The Annual Percentage Rate may increase during the term of this loan if the _____ (Index) _____ increases.

Any increase will take the form of:
[ ] higher payment amounts. [ ] more payments of the same amounts. [ ] a larger amount due at maturity.

**PURPOSE STATEMENT**
The purpose of loan is:
a

Social Security Numbers: xxx-xx-2761 / xxx-xx-3795   Phone Numbers: Home: 918-682-8479 Work: 918-457-3141

**INSURANCE STATEMENT**

[X] Maker does not desire insurance.

4/30/02

**MAKER(S) SIGNATURES**

Jennifer S. Littlefield
x David M. Littlefield

**ITEMIZATION OF AMOUNT FINANCED**

$ 3,500.00  7 Amount Given and Disbursed to Maker Directly
$ 35.00  14 To Loan Documentation Fee
$ 35.00  15 Total Amount Paid to Others on Behalf of Maker
$ 3,535.00  16 Total Amount Paid to or on Behalf of Maker
$ 35.00  17 Less - Prepaid Finance Charge
$ 3,500.00  18 Amount Financed (Subtract line 17 from line 16)

Form DOK784 (07/01/01)

EXHIBIT A

Furnished by American Bank Systems, Inc.

# ADDITIONAL PROVISIONS

## MAKER EXPRESSLY WARRANTS, COVENANTS AND AGREES:

### WARRANTIES AND COVENANTS

1. **Grant of Security Interest.** All signers of the Security Agreement on the front hereof, together with all Makers hereof, are herein collectively referred to as Maker. Maker grants to Lender a security interest in Collateral described hereon to secure the payment of indebtedness evidenced by a PROMISSORY NOTE executed herewith, and except for collateral which is the consumer's principal dwelling, to secure (1) all future advances by Lender to Maker, (2) all other liabilities to Lender (primary, secondary, direct or indirect, absolute or contingent, sole, joint, or several) due to or to become due however evidenced or acquired, and (3) the performance of all agreements, covenants, and warranties of Maker to Lender. Collateral consists of (1) all property specifically described hereon, (2) all personal property installed in, or affixed to, such described property, including additions, accessions, and accessories, (3) all money, deposit accounts, and other property owned by Maker and in the possession or control of Lender and all deposits, including deposit accounts, of Maker with Lender, (4) proceeds, and (5) all other property similar to that previously described which are hereafter acquired by Maker, except as limited by law in the case of consumer goods acquired more than ten days after the date Lender gives value hereunder. Collateral does not include "household goods", as defined in 12CFR Sec. 227.12(d), unless purchased with the proceeds hereof.

2. **Financial Information.** All loan applications, balance sheets, earnings statements, other financial information and other representations which have been, or may hereafter be, furnished Lender/Secured Party to induce it to enter into or continue a financial transaction with Maker fairly represent the financial condition of Maker as of the date and for the period shown therein, and all other information, reports, documents, papers and data furnished to Lender/Secured Party are or shall be, at the time furnished, accurate and correct in all material respects and complete insofar as completeness may be necessary to give Lender/Secured Party a true and accurate knowledge of the subject matter. There has been no material change in the financial condition of Maker since the effective date of the last furnished financial information which has not been reported to Lender/Secured Party in writing.

3. **Ownership Free of Encumbrances.** Except for the security interest hereby granted or a security interest previously disclosed in writing to Lender/Secured Party, Maker now owns, or will use the proceeds of the advances hereunder to become the owner of, the Collateral free from any other liens, all claims and demands of persons claiming any interest therein adverse to the Lender/Secured Party. Maker will not permit any lien or security interests other than the Lender/Secured Party's security interest to attach to any of the Collateral, will not permit the Collateral to be levied upon, garnished or attached under any legal process, or permit any other thing to be done that may impair the value of the Collateral or the security interest afforded hereby.

4. **Financing Statement.** No Financing Statement covering Collateral is on file in any public office. Maker agrees to join with Lender/Secured Party in executing one or more Financing Statements in form satisfactory to Lender/Secured Party and provide such other documents as may be required from time to time, in order to perfect, or to continue perfection of, the security interest herein granted. A carbon, photographic or other reproduction of this Agreement or of any Financing Statement is sufficient as a Financing Statement.

5. **Residence, Use and Location.** Statements made herein or otherwise as to Maker's address and as to location, possession and use of the Collateral are true. Maker agrees to immediately notify Lender/Secured Party in writing of any proposed change in Maker's address and to provide such notification prior to the proposed effective date thereof. Maker will not permit any of the Collateral to be removed from the location specified herein without the written consent of Lender/Secured Party.

6. **Sale, Lease or Disposition of Collateral Prohibited.** Maker shall not sell, transfer, exchange, lease or otherwise dispose of the Collateral or any part thereof or the Maker's rights therein without first obtaining the prior written consent of Lender/Secured Party. The consent of Lender/Secured Party may be conditioned upon any requirements (including, but not limited to, the application of proceeds to obligations secured hereby) which requirements the Lender/Secured Party deems in be for the protection of its security interest; and, it is understood and agreed that such consent will not be deemed to be effective unless and until such requirements and conditions have been fulfilled.

The grant hereunder by Maker of a security interest in the proceeds of the Collateral shall not be construed to mean that Lender/Secured Party consents to sale or any other disposition of the Collateral.

7. **Maintenance and Inspection.** Maker at own expense shall keep the Collateral in good condition and repair, shall not permit it to be misused or abused or wasted or allowed to deteriorate except for the ordinary wear and tear of its intended primary use, shall prudently protect the Collateral from the elements, shall use the Collateral lawfully and not permit its illegal use or its use in a manner not permitted by the written insurance coverage, and shall permit and facilitate Lender/Secured Party to examine and inspect the Collateral at any time and wherever located.

8. **Taxes.** Maker shall promptly pay any and all taxes, assessments and license fees with respect to the Collateral or the use of the Collateral.

9. **Affixing to Real or Personal Property Prohibited.** Maker shall not permit any of the Collateral to become an accession or affixed to other personal property or to become attached or affixed to real property without first obtaining prior written consent of Lender. The consent of Lender may be conditional upon any requirements (including, but not limited to, the subrogation of other interest owners in and to such other personal or real property to the rights and interest of Lender) which requirements Lender deems to be for protection of its security interest; and, it is understood and agreed that such consent will not be deemed to be effective until such conditions and requirements have been fulfilled.

10. **Adequate Insurance.** Maker at own expense shall insure Collateral with companies acceptable to Lender/Secured Party against such casualties and in such amounts as prudent and adequate to protect Lender/Secured Party or as Lender/Secured Party shall require. All insurance policies shall be written for benefit of Maker and Lender/Secured Party as their interests appear and such policies or certified copies thereof evidencing same shall be furnished to Lender/Secured Party within ten days of date of this Agreement. All policies of insurance shall provide for at least ten days prior written notice of cancellation to Lender/Secured Party. Lender/Secured Party may act as attorney for Maker in the procuring of insurance, in making, adjusting, and settling claims under or canceling such insurance and in endorsing Maker's name on any drafts or checks drawn by insurers of Collateral.

11. **Expenditures of Lender.** At its option and after any written notice to Maker required by law, which notice Maker and Lender/Secured Party hereby agree is sufficient if mailed, postage prepaid, to the address of Maker provided for herein at least ten days before the commencement of the performance of the duties specified therein, it is agreed Lender/Secured Party may discharge taxes, liens, security interests or other encumbrances on the Collateral and may pay for the repair of any damage to the Collateral, for the maintenance and preservation thereof, and for insurance thereon. Maker shall be liable for and agrees to pay Lender/Secured Party for all expenditures of Lender/Secured Party for taxes on the Collateral, for the discharge of liens, security interest or other encumbrances on the Collateral, for the repair of any damage to the Collateral, and for all costs, attorney's fees and other disbursements of Lender/Secured Party in connection with the foregoing. Maker agrees promptly to reimburse Lender/Secured Party for all such expenditures and until such reimbursement the amounts of such expenditures shall be considered a liability of Maker to Lender/Secured Party which is secured by this Security Agreement and shall be subject to a FINANCE CHARGE at a rate not exceeding the INTEREST RATE provided herein. In addition, Maker shall be liable for and agrees to pay Lender/Secured Party for all costs, attorney fees and other disbursements of Lender/Secured Party as allowed by law or provided for herein in the enforcement or collection of any note, warranty, or liability of Maker to Lender/Secured Party, or in the realization upon or the enforcement or collection of any account, contract right, inventory note, chattel paper, instrument, document, deposit accounts, investment property, letter-of-credit rights, supporting obligations, or other Collateral in which Lender/Secured Party has a security interest. Maker agrees promptly to reimburse Lender/Secured Party for all such expenditures and until such reimbursement the amount of such expenditures shall be considered a liability of Maker to Lender/Secured Party which is secured by this Security Agreement.

12. **Right of Offset.** Any property, tangible or intangible, of Maker in possession of Lender/Secured Party at any time during the term hereof, or any indebtedness due from Lender/Secured Party to Maker, or any of the foregoing of any party hereto, is pledged to secure payment hereof and may at any time while the whole or any part of Maker's indebtedness to Lender/Secured Party remains unpaid, whether before or after maturity thereof, be appropriated, held or applied toward the payment of this or any obligation of Maker to Lender/Secured Party.

13. **Cooperation of Maker.** If the Collateral includes livestock, Maker, upon demand of Lender/Secured Party and with an appropriate credit for the value thereof, to the Lender/Secured Party deems it necessary to preserve the Collateral will make available to Lender/Secured Party all feed, both hay and grain, and all equipment used in the feeding and handling of the livestock, owned by Maker, and will cooperate with Lender/Secured Party and use his best efforts to accord Lender/Secured Party use of all the Maker's right, title and interest in or to all water privileges, all other equipment used in the feeding and handling of the livestock, and all contracts and leases covering lands for pasture and grazing. If the Collateral includes crops which are growing or planted on leased land, the Maker, in accordance with the above, will cooperate with Lender/Secured Party and use his best efforts to accord Lender/Secured Party use of all of the Maker's right, title and interest in or to all contracts or leases covering such leased real property. If the Collateral includes investment property, stocks or bonds, Maker will deliver immediately to Lender/Secured Party all proceeds of the Collateral regardless of kind, character or form, any stock rights, rights to subscribe, dividends regardless of kind, interest, any investment property, securities, or any other property which Maker may receive by reason of such Collateral to be held by Lender/Secured Party in the same manner as the property originally deposited as Collateral; provided, however, that Lender/Secured Party at its option may permit such property to be received and retained by Maker but, provided further, that Lender/Secured Party may at any time terminate such permission. Without limitation by reason of the foregoing specific agreements, Maker shall do all acts which Lender/Secured Party deems reasonable or necessary to preserve or protect the Collateral.

### EVENTS OF DEFAULT

Maker shall be in default under this Agreement upon the happening of any one or more of the following events or conditions, herein called "Events of Default":

1. Any warranty, covenant, agreement, representation, financial information or statement made or furnished to Lender/Secured Party by or in behalf of Maker to induce Lender/Secured Party to enter into this Agreement, or in conjunction therewith, is violated or proves to have been false in any material respect when made or furnished.

2. Any payment required hereunder or under any other note or obligation of Maker to this Lender/Secured Party or to others is not made when due or in accordance with terms of the applicable contract.

3. Maker defaults in the performance of any covenant, obligation, warranty, or provision contained in any Loan Agreement or in any other note or obligation of Maker to Lender/Secured Party or to others.

4. The occurrence of any event or condition which results in acceleration of the maturity of any obligation of Maker to Lender/Secured Party or to others under any note, indenture, agreement, or undertaking.

5. The making of any levy against or seizure, garnishment or attachment of any Collateral, the consensual encumbrance thereof by Maker, or the sale, lease or other disposition of Collateral by Maker without the prior written consent of Lender/Secured Party as required elsewhere in this Agreement.

6. Loss, theft, substantial damage or destruction of Collateral.

7. When in the judgment of Lender/Secured Party, the Collateral becomes unsatisfactory or insufficient in character or value, and upon request Maker fails to provide additional Collateral as required by Lender/Secured Party.

8. Any time Lender/Secured Party in its sole discretion believes the prospect of payment or performance of any liability, covenant, warranty or obligation secured hereby is impaired.

9. The death, dissolution, termination of existence or insolvency of Maker, the appointment of a receiver over any part of Maker's property or any part of the Collateral, an assignment for the benefit of creditors, or the commencement of any proceeding under any bankruptcy or insolvency law by or against Maker or any guarantor or surety for Maker.

### REMEDIES

Upon the occurrence of an Event of Default, and at any time thereafter, Lender/Secured Party may, at its option and without notice or demand to Maker except as otherwise provided by law, exercise any and all rights and remedies provided by the Uniform Commercial Code of the state in which Lender/Secured Party is located, as well as all other rights and remedies possessed by Lender/Secured Party, including but not limited to:

1. Declare all liabilities secured hereby immediately due and payable, and/or proceed to enforce payment and performance of all liabilities secured hereby, provided that, upon any prepayment in full of the unpaid balance of such liabilities, the Maker shall be entitled to a rebate of any unearned portion of any finance or other charge in accordance with law.

2. Require Maker to assemble Collateral or evidence thereof and make it available to Lender/Secured Party at place designated by Lender/Secured Party which is reasonably convenient to both parties.

3. Repossess the Collateral, and for this purpose Lender/Secured Party is hereby granted authority to enter into and upon any premises on which the Collateral or any part may be situated, and to remove it.

4. Possess all books and records evidencing or pertaining to the Collateral, and for this purpose Lender/Secured Party is hereby given authority to enter into and upon any premises at which such books and records or any part of them may be situated, and to remove them.

5. Apply that portion of the Collateral consisting of cash or cash equivalent items such as checks, drafts or deposited funds against any liabilities of Maker selected by Lender/Secured Party, and for this purpose Maker agrees that cash or equivalents will be considered identical to cash proceeds. Lender/Secured Party shall have the right immediately and without further action by it to set off against the liabilities secured hereby all money owed by Lender/Secured Party to Maker, whether due or not due, and Lender/Secured Party shall be deemed to have exercised such right to set off and to have made a charge against such money at the time of any acceleration upon default even though such charges made are entered on the Lender/Secured Party's books subsequent thereto.

6. Transfer any of the Collateral or evidence thereof into its own name or that of a nominee and receive the proceeds therefrom and hold the same as security for the liabilities of Maker to Lender or apply it on or against any such liability. Lender may also demand, collect, receipt for, settle, compromise, adjust, sue for, foreclose, release or realize upon Collateral, in its own name or in the name of the Maker as Lender may determine.

7. Sell or otherwise dispose of the Collateral. Unless Collateral in whole or part is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Maker reasonable notice of the time and place of any public sale, or of the time after which any private sale or other disposition is to be made. Any requirement of notice shall be met if notice is mailed, postage prepaid, to the address of Maker provided for herein at least ten days before sale or other disposition or action. Lender shall be entitled to, and Maker shall be liable for, all reasonable costs and expenditures of realizing on its security interest, including without limitation, court costs, fees for replevin bonds, storage, repossession costs, repair and preparation costs for sale, selling costs, and reasonable attorney fees as set forth in the PROMISSORY NOTE. All such costs are secured by the security interest in the Collateral covered herein.

8. Lender shall not be liable for the failure to collect any account, enforce any contract right, or for any other act or omission on the part of Lender, its officers, agents or employees, except as the same constitutes a lack of good faith or failure to act in a commercially reasonable manner. Lender shall have acted in a commercially reasonable manner if its action or non-action is consistent with general banking usage in the area of Lender's location, but this standard shall not constitute disapproval of any procedures which may be otherwise reasonable under the circumstances nor require Lender to take necessary steps to preserve rights against prior parties in an instrument or chattel paper.

### GENERAL

1. **Waivers.** No act, delay, or omission, including Lender/Secured Party's waiver of remedy because of any default hereunder, shall constitute a waiver of any of Lender/Secured Party's rights and remedies under this Agreement or any other agreement between the parties. All rights and remedies of Lender/Secured Party are cumulative and may be exercised singularly or concurrently, and the exercise of any one or more remedy will not be a waiver of any other. No waiver, change, modification, or discharge of any of Lender/Secured Party's rights or of Maker's duties as so specified or allowed will be effective unless in writing and signed by a duly authorized officer of Lender/Secured Party; and, any such waiver will not be a bar to the exercise of any right or remedy on any subsequent default. No officer or employee of Lender/Secured Party has authority to waive or modify the provisions of this paragraph. Maker waives all suretyship defenses and all rights of setoff, to the full extent permitted by law.

2. **Applicable Law.** Any cause of action for a breach or enforcement of, or a declaratory judgment respecting, this agreement or any agreement related to the execution and delivery of this agreement shall be commenced and maintained only in the United States District Court for the Northern District of Oklahoma or the applicable Oklahoma state trial court sitting in Tulsa, Oklahoma and having subject matter jurisdiction; provided, however, any action to foreclose any deed of trust or real estate mortgage securing finance or repayment shall be brought in any county having mandatory venue thereof pursuant to the venue statutes of the State of Oklahoma.

3. **Agreement Binding on Assigns.** This Agreement shall inure to the benefit of the successors and assigns of Lender/Secured Party and shall be binding upon the heirs, executors, administrators, successors and assigns of Maker.

4. **Rights of Lender Assignable.** Lender at any time and at its option may pledge, transfer or assign its rights under this Agreement in whole or in part, and any transferee or assignee shall have all the rights of Lender as to the rights or parts thereof so pledged, transferred, or assigned.

5. **Joint and Several Responsibility of Maker.** If more than one Maker executes this Agreement, their responsibility hereunder shall be joint and several and the reference to Maker herein shall be deemed to refer to each Maker.

6. **Separability of Provisions.** If any provisions of this Agreement shall for any reason be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect any other provisions hereof, and this Agreement shall be construed as if such invalid or unenforceable provisions had never been contained herein.

Page 2

**FOR INTERNAL USE ONLY**

THIS SHEET WILL NOT BECOME PART OF THE PUBLIC RECORD, AND WILL BE USED FOR INTERNAL CASE TRACKING PURPOSES.

## CIVIL COVER SHEET

IN THE DISTRICT COURT OF __Muskogee__ COUNTY
STATE OF OKLAHOMA

PLAINTIFF __Bank of Oklahoma, N.A.__
v.
DEFENDANT __Jennifer + David Littlefield__

☐ CJ
☐ CS
☐ CV
☐ SC
☐ SD

CASE NO. __CJ-03-988__

### PARTY INFORMATION
THE INFORMATION BELOW IS REQUIRED OF EACH PARTY IN THE CASE.

PARTY TYPE:  ☒ PLAINTIFF     ☐ DEFENDANT     ☐ OTHER

| COMPANY OR LAST NAME | FIRST NAME | MIDDLE NAME | PREFIX (MR., ETC.) | SUFFIX (SR., ETC.) |
|---|---|---|---|---|
| Bank of Oklahoma, N.A. | | | | |

STREET ADDRESS
P.O. Box 472

ADDRESS TYPE ☐ HOME  ☐ WORK ☐ OTHER

DRIVERS LICENSE # (FEDERAL TAX ID FOR CORPORATE OR ENTITY PARTIES)

| CITY | STATE | ZIP | TELEPHONE | DATE OF BIRTH | DRIVERS LICENSE STATE |
|---|---|---|---|---|---|
| Tulsa | OK | 74103 | | | |

### ATTORNEY INFORMATION
IF LICENSED IN OKLAHOMA, FILL IN ADDRESS INFORMATION ONLY IF IT NEW SINCE THEY WERE REGISTERED WITH THE OKLAHOMA BAR ASSOCIATION. ATTACH ADDITIONAL COVER SHEETS FOR ADDITIONAL ATTORNEYS. ALL ATTORNEYS SHOULD BE LISTED. NOTE: ADDRESS CHANGES ARE EFFECTIVE IN ALL OCIS COUNTIES.

| COMPANY OR LAST NAME | FIRST NAME | MIDDLE NAME | PREFIX (MR., ETC.) | SUFFIX (SR., ETC.) |
|---|---|---|---|---|
| Lehman | Scott | Fowler | | |

STREET ADDRESS
1437 S. Boulder
Suite 820

ADDRESS TYPE ☐ HOME  ☐ WORK ☐ OTHER

EMAIL ADDRESS

| CITY | STATE | ZIP | TELEPHONE | BAR NUMBER AND STATE |
|---|---|---|---|---|
| Tulsa | OK | 74119 | 382-7633 | |

### SUMMONS INFORMATION

NUMBER OF SUMMONS TO BE ISSUED __2__

PETITION TO BE SERVED BY: ☐ SHERIFF OF _____ COUNTY
☐ PROCESS SERVER     ☐ PUBLICATION     ☐ BY HAND
☐ REGISTERED MAIL    ☐ GIVEN TO THE ATTORNEY OF RECORD    ☐ OTHER

### CLAIMS OF RELIEF REQUESTED (CIRCLE PRIMARY RELIEF, CHECK ALL OTHERS)

| | |
|---|---|
| ☐ ABANDONED PROPERTY | ☐ DECLARATORY JUDGMENT |
| ☐ ABSTRACT OF JUDGMENT/ FOREIGN JUDGMENT | ☐ DISCRIMINATION |
| ☐ APPLICATION TO RELEASE LIEN | ☐ FORCIBLE ENTRY & DETAINER |
| ☐ APPLICATION RE: REVOCATION OF DRIVER'S LICENSE | ☐ FORECLOSURE |
| ☐ APPEAL / CITY | ☐ FORFEITURE (AUTO) |
| ☐ APPEAL / ADMINISTRATIVE | ☐ STRICT LIABILITY |
| ☐ ARBITRATION | ☐ TORTIOUS INTERFERENCE CONTRACT |
| ☐ ASSAULT & BATTERY | ☐ TRANSFER CASE / COUNTER CLAIM |
| ☐ AUTO NEGLIGENCE | ☐ TRANSFER CASE / SMALL CLAIMS TO CIVIL |
| ☐ BAD FAITH INSURER LIABILITY | ☐ TRUST |
| ☒ BREACH AGREEMENT / CONTRACT | ☐ WAIVER OF PENALTY TAX |
| ☐ BREACH OF FIDUCIARY DUTY | ☐ WRONGFUL DEATH |
| ☐ CANCELLATION OF LEASE | ☐ WRONGFUL TERMINATION |
| ☐ CHANGE OF NAME | ☐ FORFEITURE (CONTRABAND) |
| ☐ CLASS ACTION | ☐ FRAUD |
| ☐ CONDEMNATION | ☐ FRIENDLY SUIT |
| | ☐ INDEBTEDNESS |
| | ☐ INJUNCTION / RESTRAINING ORDER |

| |
|---|
| ☐ INTENTIONAL INFLICTION EMOTIONAL DISTRESS |
| ☐ INTERPLEADER |
| ☐ LEGAL NEGLIGENCE |
| ☐ LIBEL / SLANDER |
| ☐ LOSS OF CONSORTIUM |
| ☐ MAJORITY RIGHTS |
| ☐ MANDAMUS |
| ☐ MALICIOUS PROSECUTION |
| ☐ MEDICAL NEGLIGENCE |
| ☐ PARTITION |
| ☐ PREMISES LIABILITY |
| ☐ PROFESSIONAL NEGLIGENCE |
| ☐ PRODUCT LIABILITY |
| ☐ PROMISSORY NOTE |
| ☐ QUIET TITLE |
| ☐ REFORMATION OF DEED / INSTRUMENT |
| ☐ REPLEVIN |
| ☐ SPECIFIC PERFORMANCE |
| ☐ OTHER _____ |
| ☐ OTHER _____ |

THIS COVER SHEET IS REQUIRED TO BE SUBMITTED BY ALL PARTIES WITH THEIR INITIAL FILING. THIS DOCUMENT IS REQUIRED BY SUPREME COURT ADMINISTRATIVE DIRECTIVE SCAD-1999-87.

Promulgated by the Oklahoma Administrative Office of the Courts

**REVISION 5-16-2000**

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

BANK OF OKLAHOMA N.A.        )
                            )
        Plaintiff,          )
                            )
v.                          )              CJ-03-988
                            )
JENNIFER & DAVID LITTLEFIELD, )
                            )
        Defendant(s).        )              (1)

SUMMONS

To the above-named Defendant: Jennifer Littlefield, SSN: 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

| Home Address | Work Address |
|---|---|
| ████████ Muskogee, Ok 74403 (918)457-3141 | |

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

IMPORTANT NOTICE: THE FOLLOWING NOTICE IS PROVIDED PURSUANT TO TITLE 15 U.S.C.A. § 1692(g), FAIR DEBT COLLECTION PRACTICES ACT: THE AMOUNT OF THE DEBT IS AS SET FORTH IN THE ATTACHED PETITION. THE CREDITOR TO WHOM THE DEBT IS OWED IS THE PLAINTIFF NAMED ABOVE. UNLESS THE CONSUMER (THE PERSON OBLIGATED OR ALLEGEDLY OBLIGATED FOR THE PAYMENT OF THE ABOVE DEBT), WITHIN THIRTY DAYS AFTER RECEIPT OF THE NOTICE, DISPUTES THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY PLAINTIFF'S ATTORNEY. IF SAID CONSUMER NOTIFIES THE UNDERSIGNED ATTORNEY FOR PLAINTIFF IN WRITING WITHIN SAID THIRTY DAY-PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, SAID ATTORNEY WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO THE SAID CONSUMER WITHIN THE THIRTY-DAY PERIOD, THE UNDERSIGNED ATTORNEY FOR THE PLAINTIFF WILL PROVIDE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

EVEN THOUGH YOUR ANSWER TO THE PETITION IS TO BE FILED WITHIN THIRTY (30) DAYS AS STATED ABOVE, YOU MAY OBTAIN AN EXTENSION OF THAT TIME. FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS SUMMONS AND PETITION. HOWEVER IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS SUMMONS AND PETITION, THE LAW REQUIRES THAT OUR EFFORTS TO COLLECT THIS DEBT (THROUGH LITIGATION OR OTHERWISE) TO CEASE UNTIL THE REQUESTED INFORMATION IS MAILED TO YOU. YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

        Issued this 25th day of June, 2003.

(SEAL)

                                    Court Clerk
                                    By:_____
                                        Deputy Court Clerk

Scott F. Lehman, OBA #15908
Marcus N. Ratcliff, OBA #19201
Richard A. Chapman, OBA #17849
Latham, Stall, Wagner, Steele & Lehman
1437 South Boulder, Suite 820
Tulsa, OK  74119
Phone: (918)858-9040                        _____Lee Belmonte_____
Fax:    (918)382-7541                       Appointed to serve. PSL#_____

                                            Richard Chap_____
                                            Authorized by

        **THIS SUMMONS** was served on _____ (date of service).

                    _____
                    (Signature of person serving summons)

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

BANK OF OKLAHOMA N.A.                )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )          CJ-03-928
                                     )
JENNIFER & DAVID LITTLEFIELD,        )
                                     )
         Defendant(s).               )

**SUMMONS**

To the above-named Defendant: **David Littlefield, SSN: 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**

| Home Address | Work Address |
|---|---|
| ██████████████ Muskogee, Ok 74403 (918)457-3141 | US Govt, 1200 W Okmulgee, Muskogee, OK (918)684-5700 |

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

IMPORTANT NOTICE: THE FOLLOWING NOTICE IS PROVIDED PURSUANT TO TITLE 15 U.S.C.A. § 1692(g), FAIR DEBT COLLECTION PRACTICES ACT: THE AMOUNT OF THE DEBT IS AS SET FORTH IN THE ATTACHED PETITION. THE CREDITOR TO WHOM THE DEBT IS OWED IS THE PLAINTIFF NAMED ABOVE. UNLESS THE CONSUMER (THE PERSON OBLIGATED OR ALLEGEDLY OBLIGATED FOR THE PAYMENT OF THE ABOVE DEBT), WITHIN THIRTY DAYS AFTER RECEIPT OF THE NOTICE, DISPUTES THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY PLAINTIFF'S ATTORNEY. IF SAID CONSUMER NOTIFIES THE UNDERSIGNED ATTORNEY FOR PLAINTIFF IN WRITING WITHIN SAID THIRTY DAY-PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, SAID ATTORNEY WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO THE SAID CONSUMER WITHIN THE THIRTY-DAY PERIOD, THE UNDERSIGNED ATTORNEY FOR THE PLAINTIFF WILL PROVIDE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

EVEN THOUGH YOUR ANSWER TO THE PETITION IS TO BE FILED WITHIN THIRTY (30) DAYS AS STATED ABOVE, YOU MAY OBTAIN AN EXTENSION OF THAT TIME. FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS SUMMONS AND PETITION. HOWEVER IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS SUMMONS AND PETITION, THE LAW REQUIRES THAT OUR EFFORTS TO COLLECT THIS DEBT (THROUGH LITIGATION OR OTHERWISE) TO CEASE UNTIL THE REQUESTED INFORMATION IS MAILED TO YOU. YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

Issued this 25th day of June, 2003.

(SEAL)

Court Clerk

By: _____
        Deputy Court Clerk

Scott F. Lehman, OBA #15908
Marcus N. Ratcliff, OBA #19201
Richard A. Chapman, OBA #17849
Latham, Stall, Wagner, Steele & Lehman
1437 South Boulder, Suite 820
Tulsa, OK 74119
Phone: (918)858-9040
Fax:     (918)382-7541

_____Lee Belmonte_____
Appointed to serve. PSL#_____

Authorized by

THIS SUMMONS was served on _____ (date of service).

_____
**(Signature of person serving summons)**

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF STATE OF OKLAHOMA

**BANK OF OKLAHOMA N.A.**

        Plaintiff,

v.

**JENNIFER & DAVID LITTLEFIELD,**

        Defendant(s).

CT-02 922

**S U M M O N S**

To the above-named Defendant: David Littlefield, SSN: 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

| Home Address | Work Address |
|---|---|
| Muskogee, Ok 74403 (918)457-3141 | US Govt, 1200 W Okmulgee, Muskogee, OK (918)684-5700 |

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within thirty (30) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

IMPORTANT NOTICE: THE FOLLOWING NOTICE IS PROVIDED PURSUANT TO TITLE 15 U.S.C.A. § 1692(g), FAIR DEBT COLLECTION PRACTICES ACT: THE AMOUNT OF THE DEBT IS AS SET FORTH IN THE ATTACHED PETITION. THE CREDITOR TO WHOM THE DEBT IS OWED IS THE PLAINTIFF NAMED ABOVE. UNLESS THE CONSUMER (THE PERSON OBLIGATED OR ALLEGEDLY OBLIGATED FOR THE PAYMENT OF THE ABOVE DEBT), WITHIN THIRTY DAYS AFTER RECEIPT OF THE NOTICE, DISPUTES THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY PLAINTIFF'S ATTORNEY. IF SAID CONSUMER NOTIFIES THE UNDERSIGNED ATTORNEY FOR PLAINTIFF IN WRITING WITHIN SAID THIRTY DAY-PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, SAID ATTORNEY WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO THE SAID CONSUMER WITHIN THE THIRTY-DAY PERIOD, THE UNDERSIGNED ATTORNEY FOR THE PLAINTIFF WILL PROVIDE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

EVEN THOUGH YOUR ANSWER TO THE PETITION IS TO BE FILED WITHIN THIRTY (30) DAYS AS STATED ABOVE, YOU MAY OBTAIN AN EXTENSION OF THAT TIME. FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS SUMMONS AND PETITION. HOWEVER IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS SUMMONS AND PETITION, THE LAW REQUIRES THAT OUR EFFORTS TO COLLECT THIS DEBT (THROUGH LITIGATION OR OTHERWISE) TO CEASE UNTIL THE REQUESTED INFORMATION IS MAILED TO YOU. YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

Issued this _____ day of _____, 2003.

(SEAL)

Court Clerk

By: _____
      Deputy Court Clerk

Scott F. Lehman, OBA #15908
Marcus N. Ratcliff, OBA #19201
Richard A. Chapman, OBA #17849
Latham, Stall, Wagner, Steele & Lehman
1437 South Boulder, Suite 820
Tulsa, OK 74119
Phone: (918)858-9040
Fax: (918)382-7541

Appointed to serve. PS# 2003-7

Authorized by

THIS SUMMONS was served on _____ 7-8-03 _____ (date of service).

_____
(Signature of person serving summons)

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

*Muskogee*
*CJ-03- 7*

## Lee Belmonté — B.P.I.

P. O. Box 470124 • Tulsa, OK 74147 • (918) 665-4817 • 800-324-2048
*Serving all of Oklahoma*

## PROOF OF SERVICE

Documents Served: I, being duly sworn, certify that I received the foregoing, to wit:

_X_ Summons w/Petition
___ Summons
___ Temporary Order
___ Temporary Restraining Order
___ Notice: _____
___ Motion: _____
___ Order: _____
___ Interrogatories
___ Other: _____

___ Request for Production
___ Request for Admissions

___ Affidavit
___ FE&D
___ HOA
___ Citation
___ Subpoena w/Fees
___ Subpoena Duces Tecum
___ Garnishment

**METHOD OF SERVICE:** Answered the same according to law in the following manner, to wit:

**PERSONAL SERVICE**
☒ by delivering a true copy of said process personally to *David Littlefield*
at *1200 W. Okmulgee Muskogee* Date: *7-8-03* Time: _____
☐ by delivering a true copy of said process personally to _____
at _____ Date: _____ Time: _____

**USUAL PLACE OF RESIDENCE**
☐ by leaving a copy of said process for _____ with _____
a resident/family member, fifteen years of age or older, at _____
which is his/her usual place of residence. Date: _____ Time: _____

**CORPORATION/PARTNERSHIP, ETC.**
☐ by delivering a true copy of said process to _____ he/she/it,
being the service agent, agent in charge, an officer or partner of said entity, to wit: _____
_____ at _____ Date: _____ Time: _____

**POSTED SERVICE**
☐ by affixing a true copy of said process to the premises located at _____
which is in the possession of the defendant to wit: _____ Date _____

**SERVICE BY MAIL**
☐ by mailing a true copy of said process to _____ by certified mail,
restricted delivery, return receipt requested, at _____ Date: _____
Receipted on Date: _____. Copy attached.

**NOT FOUND**
☐ Said process WAS NOT SERVED on the following named for reasons stated: _____
_____

**OTHER INFORMATION**
☐ _____

Subscribed and sworn before me this _14_ day of _____

ANNETTE L. KEY
Tulsa County 20 _03_
Notary Public in and for
State of Oklahoma _1-04_
Comm # 02007291  Exp. May 01 2008
Commission Exp.

_____
Notary Public
(SEAL)

Undersigned declares under penalty of perjury
that the foregoing is true and correct.

_Arthur Higley_
Name of Server

License Number: _2003-7_

███████████████████████████████

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

BANK OF OKLAHOMA N.A.

    Plaintiff,

v.

JENNIFER & DAVID LITTLEFIELD,

    Defendant(s).

CT-03-428 S

**SUMMONS**

To the above-named Defendant: Jennifer Littlefield, SSN: 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

| Home Address | Work Address |
|---|---|
| Muskogee, Ok 74403 (918)457-3141 | |

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within thirty (30) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

IMPORTANT NOTICE: THE FOLLOWING NOTICE IS PROVIDED PURSUANT TO TITLE 15 U.S.C.A. § 1692(g), FAIR DEBT COLLECTION PRACTICES ACT: THE AMOUNT OF THE DEBT IS AS SET FORTH IN THE ATTACHED PETITION. THE CREDITOR TO WHOM THE DEBT IS OWED IS THE PLAINTIFF NAMED ABOVE. UNLESS THE CONSUMER (THE PERSON OBLIGATED OR ALLEGEDLY OBLIGATED FOR THE PAYMENT OF THE ABOVE DEBT), WITHIN THIRTY DAYS AFTER RECEIPT OF THE NOTICE, DISPUTES THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY PLAINTIFF'S ATTORNEY. IF SAID CONSUMER NOTIFIES THE UNDERSIGNED ATTORNEY FOR PLAINTIFF IN WRITING WITHIN SAID THIRTY DAY-PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, SAID ATTORNEY WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO THE SAID CONSUMER WITHIN THE THIRTY-DAY PERIOD, THE UNDERSIGNED ATTORNEY FOR THE PLAINTIFF WILL PROVIDE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

EVEN THOUGH YOUR ANSWER TO THE PETITION IS TO BE FILED WITHIN THIRTY (30) DAYS AS STATED ABOVE, YOU MAY OBTAIN AN EXTENSION OF THAT TIME. FURTHERMORE, NO REQUEST WILL BE MADE TO THE COURT FOR A JUDGMENT UNTIL THE EXPIRATION OF THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS SUMMONS AND PETITION. HOWEVER IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS SUMMONS AND PETITION, THE LAW REQUIRES THAT OUR EFFORTS TO COLLECT THIS DEBT (THROUGH LITIGATION OR OTHERWISE) TO CEASE UNTIL THE REQUESTED INFORMATION IS MAILED TO YOU. YOU SHOULD CONSULT AN ATTORNEY FOR ADVICE CONCERNING YOUR RIGHTS AND OBLIGATIONS IN THIS SUIT.

Issued this _____ day of _____, 2003.

(SEAL)

Scott F. Lehman, OBA #15908
Marcus N. Ratcliff, OBA #19201
Richard A. Chapman, OBA #17849
Latham, Stall, Wagner, Steele & Lehman
1437 South Boulder, Suite 820
Tulsa, OK 74119
Phone: (918)858-9040
Fax: (918)382-7541

Court Clerk

By: _____
Deputy Court Clerk

Appointed to serve. PSL# _____

Authorized by _____

THIS SUMMONS was served on _____

(Signature of person serving summons)

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## Lee Belmonté — B.P.I.

P.O. Box 470124 • Tulsa, OK 74147 • (918) 665-4817 • 800-324-2048

*Serving all of Oklahoma*

*Muskogee*
*9-03-988*

## PROOF OF SERVICE

Documents Served: I, being duly sworn, certify that I received the foregoing, to wit:

- [X] Summons w/Petition
- [✓] Summons
- Temporary Order
- Temporary Restraining Order
- Notice: _____
- Motion: _____
- Order: _____
- Interrogatories
- Other: _____

- Request for Production
- Request for Admissions

- Affidavit
- FE&D
- HOA
- Citation
- Subpoena w/Fees
- Subpoena Duces Tecum
- Garnishment

METHOD OF SERVICE: Answered the same according to law in the following manner, to wit:

**PERSONAL SERVICE**
- [ ] by delivering a true copy of said process personally to _____
  at _____ Date: _____ Time: _____
- [ ] by delivering a true copy of said process personally to _____
  at _____ Date: _____ Time: _____

**USUAL PLACE OF RESIDENCE**
- [X] by leaving a copy of said process for *Jennifer Littlefield* with *M Littlefield - Mom* a resident/family member, fifteen years of age or older, at *3007 River Oaks Dr Muskogee* which is his/her usual place of residence. Date: *7-16-03* Time: _____

**CORPORATION/PARTNERSHIP, ETC.**
- [ ] by delivering a true copy of said process to _____ he/she/it, being the service agent, agent in charge, an officer or partner of said entity, to wit: _____
  _____ at _____ Date: _____ Time: _____

**POSTED SERVICE**
- [ ] by affixing a true copy of said process to the premises located at _____ which is in the possession of the defendant to wit: _____ Date _____

**SERVICE BY MAIL**
- [ ] by mailing a true copy of said process to _____ by certified mail, restricted delivery, return receipt requested, at _____ Date: _____ Receipted on Date: _____. Copy attached.

**NOT FOUND**
- [ ] Said process WAS NOT SERVED on the following named for reasons stated: _____

OTHER INFORMATION
- [X] *Avoiding Service, Would not give Name! First!*

Subscribed and sworn before me this *20* day of _____ *20 03*.

ANNETTE L. KEY
Tulsa County
Notary Public in and for
State of Oklahoma
Commission Exp. *5-1-06*

*Annette* Notary Public
(SEAL)

Undersigned declares under penalty of perjury that the foregoing is true & correct.

Name of Server

License Number: *2003-7*