# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT )
)
    Movant, )
)
v. )    Case No. 09-CV-00105-JHP
)
UNITED STATES OF AMERICA )
)
    Respondent. )

## RESPONSE TO PETITIONER'S MOTION FOR EVIDENTIARY HEARING

Now comes the United States of America and files this response in opposition to Barrett's Motion for Evidentiary Hearing.

## PROCEDURAL HISTORY

On March 16, 2009, Barrett filed a 377-page Motion for Collateral Relief, asserting 17 claims for relief. (Doc. 1.) The next day, before an answer was ordered, Barrett filed a 379-page Corrected Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence and for New Trial, again asserting 17 claims for relief. (Doc. 2.) An Answer to the Motion was due on October 16, 2009. (Doc. 50.) But on September 25, 2009, Barrett filed a 430-page Amended Motion for Collateral relief, asserting 19 claims for relief. (Doc. 70.) Rather than ordering an Answer to the Amended Motion, the Court directed Barrett to file a Second Amended Motion that complied with the Rules Governing § 2255 Proceedings. (Doc. 81.) On December 5, 2009, Barrett filed a 403-page Second Amended Motion to Vacate, Set Aside, or Correct a Sentence, asserting 19 claims for relief. (Doc. 95.) And on March 1, 2010, Barrett filed a 277-page Brief in Support of Second Amended § 2255 Motion and in Support of Petitioner's Motion for Evidentiary Hearing and Motion for Record Expansion. (Doc. 149.) The Answer to the Second Amended Motion and Brief in Support is currently due on April 19, 2010. (*See* Doc. 104.)

On March 1, 2010, Barrett filed the instant Motion for Evidentiary Hearing (Doc. 150, hereinafter "Mot."). This Opposition follows.

## BARRETT'S REQUEST FOR AN EVIDENTIARY HEARING IS MOOT, PREMATURE AND REDUNDANT

Barrett requests that this Court order an evidentiary hearing to resolve any factual disputes presented by the First[1] and Second Amended § 2255 Motions (Docs. 70 and 95), the Answer, and any reply or traverse. He complains that he has been compelled to file this Motion because the court-approved form upon which he was required to file his Second Amended Motion did not include space for him to request an evidentiary hearing. (Mot. at 1-2.) This Court should deny Barrett's request as premature and wholly unnecessary.

The Rules following § 2255 place an affirmative duty upon this Court to "review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing Section 2255 Proceedings in the United States District Courts; *see* Mot. at 1. The rule creates a duty that arises after the government's responsive pleading is filed. *See Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (noting court's obligation to exercise discretion).

Given that the Court is already obliged by the rules to consider the propriety of an evidentiary hearing, Barrett's Motion is a moot gesture – a request to make a determination the Court will have to make, if and when the question becomes ripe. The Motion is not merely extraneous, it is also premature, because the Court's duty to determine the need for an evidentiary hearing does not arise until the government has had an opportunity to answer the Second Amended Motion to Vacate. The Court cannot now determine if the answer, which has

---

[1]On February 26, 2010, this Court struck the First Amended Motion, obviating the need to consider whether it conflicts with the government's, as-yet unfiled, answer. (Doc. 147 at 6.)

not been filed, creates any factual conflicts that will require resolution through evidentiary development.  Furthermore, the government has not had an opportunity to show that relief should not be granted even if Barrett can prove his factual allegations.  *See United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

Even if this Court did not have an independent obligation to discharge its duties under Rule 8– and Barrett was therefore required to request an evidentiary hearing – the current Motion would still be unnecessary.  Barrett's Motion merely reiterates his myriad requests for an evidentiary hearing in his Second Amended Motion to Vacate, Set Aside, or Correct a Sentence (Doc. 95 at 268, 354, 357, 371, 401.) and Brief in Support of the Motion of Second Amended § 2255 Motion and in Support of Petitioner's Motion for Evidentiary Hearing and Motion for Record Expansion[2] (Doc. 149 at 3, 33, 34, 38, 59, 92, 132, 134, 135, 138, 140, 148, 164, 168, 187, 192, 201, 207, 224, 225, 245, 248, 249 ).

This Court should therefore deny Barrett's Motion as redundant, premature and preempted by an existing sua sponte duty.

### CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges the Court to deny Barrett's Motion for Evidentiary Hearing.

Dated: March 5, 2010.

Respectfully submitted,

SHELDON J. SPERLING
United States Attorney
Eastern District of Oklahoma

---

[2]Though prohibited by local rule, Barrett submitted his Brief in Support as to three Motions, his Second Amended Motion to Vacate (Doc. 95), his Motion to Expand the Record (Doc. 151), and the instant Motion for Evidentiary Hearing (Doc. 150).  *Cf.* LCvR 7.1(c) (requiring separate motions and briefs in support).

s/     Christopher J. Wilson
       CHRISTOPHER J. WILSON, OBA # 13801
       Assistant United States Attorney
       Eastern District of Oklahoma

s/     Jeffrey B. Kahan

       JEFFREY B. KAHAN, Pa. BAR #93199
       Trial Attorney
       U.S. Department of Justice
       1331 F Street, N.W.; Rm. 345
       Washington, D.C. 20530
       Tel: (202) 305-8910