**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT )
)
      Movant, )
)
v. ) Case No. 09-CV-00105-JHP
)
UNITED STATES OF AMERICA )
)
      Respondent. )

**RESPONSE TO PETITIONER'S MOTION TO EXPAND THE RECORD**

Now comes the United States of America and files this response in opposition to Barrett's

Motion to Expand the Record.

**PROCEDURAL HISTORY**

On March 16, 2009, Barrett filed a 377-page Motion for Collateral Relief, asserting 17

claims for relief. (Doc. 1.) The next day, Barrett filed a 379-page Corrected Motion for Collateral

Relief, to Vacate, Set Aside, or Correct Sentence and for New Trial, again asserting 17 claims for

relief. (Doc. 2.) In support of the Motion and Corrected Motion, Barrett submitted 135 exhibits.

(Docs. 1, 2, 3, 8.) On September 25, 2009, Barrett filed a 430-page Amended Motion for Collateral

relief, asserting 19 claims for relief. (Doc. 70.) In support of the Amended Motion, he appended

204 exhibits. (Docs. 70-72.) The Court subsequently directed Barrett to file a Second Amended

Motion that complied with the Rules Governing § 2255 Proceedings. (Doc. 81.) The Court also

provided Barrett with additional time to file a Brief in Support of his Motion. (*Id*.) On December

5, 2009, Barrett filed a 403-page Second Amended Motion to Vacate, Set Aside, or Correct a

Sentence, asserting 19 claims for relief. (Doc. 95.) On March 1, he filed a Brief in Support of the

Second Amended Motion to Vacate. (Doc. 149.) In support of the Motion and Brief, he purports

to rely on 118 unsealed exhibits previously filed with his First Amended Motion (*see* Doc. 149 at

2) and exhibits 119 through 205, which he filed on February 18, 2010. (Docs. 110, 114-45; *see* Doc. 149 at 2.) On February 26, 2010, this Court struck the First Amended Motion. (Doc. 147 at 6.)

On March 1, 2010, Barrett filed the instant Motion to Expand the Record to include the 204 exhibits referenced in Appendix B to the First Amended Motion.[1] (Doc. 151, hereinafter "Mot"). This Opposition follows.

**THIS COURT SHOULD DENY BARRETT'S MOTION TO EXPAND THE RECORD AS A PREMATURE AND UNNECESSARY**

Barrett requests that this Court expand the record to include the exhibits referenced in Appendix B of his stricken First Amended Motion to Vacate. He argues that the Court has the authority to direct the parties to augment the record and contends that the government has had ample time to refute his exhibits. Barrett argues that he is entitled to an evidentiary hearing and that record expansion provides a practical alternative to such a proceeding. (Mot. at 1-4.) This Court should deny Barrett's request as premature and extraneous.

Litigants in federal court may append exhibits to motions. *See* Fed. R. Civ. Proc., rules 7(b)(2) & 10(c). Indeed, the rules of court anticipate that defendants seeking collateral relief under 28 U.S.C. § 2255 will append exhibits to their motions. *See* Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Courts. Exhibits appended to briefs are not deemed part of the record unless permitted by the court. LCvR. 7.1(l). The Court has the authority to sua sponte order the expansion of the record in lieu of an evidentiary hearing. *See Miller v. United States*, 564 F.2d 103, 105-06 (1st Cir. 1977); Rule 7, Rules Governing § 2255 Proceedings in the United States District Courts. But the Court's duty to decide whether an evidentiary hearing is necessary does not arise until the government has filed an answer. *See Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (noting court's obligation to exercise discretion).

---

[1]On February 26, 2010, this Court struck the First Amended Motion. (Doc. 147 at 6.)

The Court cannot now determine if the answer, which has not been filed, creates any factual conflicts that will require resolution through evidentiary development.  Furthermore, the government has not had an opportunity through its answer to show that relief should not be granted even if Barrett can prove his factual allegations.  *See United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).  As such, any request to expand the record – by hearing or otherwise – is premature.  A decision to expand the record at this juncture would risk placing in evidence an enormous volume of irrelevant and unauthenticated documents, and this Court should not make such a ruling on the basis of Barrett's conclusory assertion that his Motion to Vacate demonstrates the need for evidentiary development.  Indeed, this Court has openly questioned the relevance of at least some of Barrett's exhibits (Doc. 147), and should not place any of them in evidence without permitting the government to show, through its answer, that none of the documents is necessary to the resolution of this matter.

Barrett is particularly unpersuasive in asserting that the government has had ample time to determine the correctness of his exhibits.  First, the government did not know what documents Barrett would ultimately rely upon until he filed his Second Amended Motion and Brief in Support.  Second, the government has never been ordered by this Court under Rule 7 to determine the correctness of the exhibits, and it has never independently considered the issue, because it is focused on demonstrating that Barrett's claims do not merit relief regardless of the self-serving and unauthenticated documents he appended to his pleadings.  The Court should not order the government to undertake such an analysis now, as time spent doing so would simply distract from the task of answering the Motion to Vacate in a manner that should obviate the need for evidentiary development.

Barrett's Motion to Expand the Record is thus a premature request for this Court to discharge an existing duty that will not arise until it is in a position to determine whether this case is in need of evidentiary development.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges the

Court to deny Barrett's Motion to Expand the Record.

Dated: March 5, 2010.

Respectfully submitted,

SHELDON J. SPERLING
United States Attorney
Eastern District of Oklahoma

s/    Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
Eastern District of Oklahoma

s/    Jeffrey B. Kahan

JEFFREY B. KAHAN, Pa. BAR #93199
Trial Attorney
U.S. Department of Justice
1331 F Street, N.W.; Rm. 345
Washington, D.C. 20530
Tel: (202) 305-8910