**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Oklahoma*

---

*1200 West Okmulgee*                                         *(918) 684-5100*
*Muskogee, Oklahoma 74401*                          *Main Fax (918) 684-5130*
                                                         *Criminal Fax (918) 684-5150*

February 16, 2005

*Via US Mail and E-mail to defender@pianosa.com*

John Echols
Bank of America Building
Suite 2112
PO Box 701196
Tulsa, OK 74170-1196

RE:    *United States v. Kenneth Barrett*
       Case No.  CR-04-115-P

Dear Mr. Echols:

In response to your correspondence requesting discovery, please consider the following:

1.    **Confidential Informant.**  It is not our intention to identify the confidential informant.  That situation would change should we determine to utilize this individual as a witness.

2.    **Chip Teague.**  As I previously orally advised you, we do not anticipate Chip Teague will be a witness in this matter.  There is no relevant discovery related to Teague in this case.  The reference to Teague, Doss Gann and Toby Barrett as "members of this organization" by Special Agent Craig Nixon is merely hearsay and "street intelligence."  The undersigned prosecuted both Chip Teague and Doss Gann.  At no time in either prosecution did the government possess reliable, credible, relevant or admissible information associating Kenneth Barrett with the above-named individuals in a legitimate, criminal conspiracy.

3.    **Tara Barrett.**  Ms. Barrett is not a witness in the instant matter.

4.    **Stephen Carl Smith**.  The government has no intention nor expectation of calling Mr. Smith as a witness in the instant matter.

EXHIBIT 4

Mr. Echols
February 9, 2005
Page 2

5.    **Drug Task Force Agents.** The only involvement of DEA Drug Task Force Agents in the instant matter is in regards to the service and execution of the warrant of September 24, 1999. Those matters have previously been provided in discovery. The warrants executed on September 24, 1999, were not DEA search warrants. DEA agents did not participate in either seeking or obtaining the warrants.

6.    **Gilbert Green.** The government is unaware of any involvement of Gilbert Green in the instant matter.

7.    **Personnel Files.** Said materials are not discoverable. The government has no control of personnel files of state agents and is under no obligation nor has authority to require a search of same. As to federal personnel files, the government has requested a "*Giglio*" search of personnel files of all known federal witnesses. We have been advised that no "*Giglio*" materials exist in regards to any identified federal agent.

8.    **Forensic Testing.** The agency/laboratory, identity and curriculum vitae, and results of examinations which you requested, have previously been provided. The government is currently in the process of obtaining testing methods and protocols followed and anticipates providing a response as soon as we are in receipt of such information.

9.    **Any and All Search and Arrest Warrants Relevant to this Case.** Other search and arrest warrants, to the extent they exist, are not relevant to the instant charges. You would have the same access we have through state district court clerks.

10.    **Records and Documents Concerning Barrett Prior to September 24, 1999.** The government has been advised by the DEA that no investigation regarding Barrett was ongoing prior to September 24, 1999. As such, there are no reports concerning Mr. Barrett to be discovered.

11.    **Documents, Records and Reports Subsequent to September 24, 1999.** Those materials have already been discovered.

12.    **No Knock Policies of the FBI and DEA.** Neither the FBI nor DEA were involved in the obtaining or entry in the service of this warrant. The policies of these agencies are irrelevant.

13.    **Deadly Force Policies.** Neither the FBI nor DEA were involved in the entry in the execution of the warrants in the instant case. Their deadly force policies are not relevant.

Mr. Echols
February 9, 2005
Page 3

14.    **Grand Jury Federal.** Grand Jury testimony will be provided when it is obtained.

15.    **Grand Jury Testimony State.** The government does not have possession of any Grand Jury testimony from any state proceedings.

16.    **Drug Task Forces.** This operation was not a DEA search warrant. The entry was not conducted by nor under the auspicious of the Drug Enforcement Administration. The fact that the DEA ultimately conducted the search as a courtesy to District 27 District Attorney's Office Drug Task Force as a consequence of the murder of David Eales by Kenneth Barrett does not make the internal policies of the DEA regarding the funding and operation of their Drug Task Force officers a discoverable item.

17.    **Page 34 of Disc "Barrett 01DEA.pdf."** A hard copy has been provided.

18.    **Letter dated August 25, 2004.** The letter is attached. As you can see, the letter only references a delay in the destruction of evidence. Its relevance to the instant matters escapes the undersigned.

19.    **The reference to Toby Barrett, Chip Teague and Doss Gann's as "members of this organization."** This has previously been addressed in paragraph 2 of this response.

I hope this letter satisfies your concerns.

Sincerely,

SHELDON J. SPERLING
United States Attorney

D. MICHAEL LITTLEFIELD
Assistant United States Attorney

DML:ljh:dlo



**U. S. Department of Justice**
Drug Enforcement Administration
McAlester Resident Office
McAlester, Oklahoma

---

*www.dea.gov*                                          August 25, 2004

Sheldon Sperling
United States Attorney
Eastern District Of Oklahoma
Muskogee, Oklahoma

Mr. Sperling,

I was in error when I said that I had received a letter or memo from Mr. Gray, I have not.

I sent Mr. Gray a registered letter on March 24, 2004 requesting Mr. Gray or a authorized representative to contact me in reference to the destruction or transfer of all evidence in this pending matter. As you can see, Mr. Gray signed for the registered letter on March 25, 2004.

As of today's date, the DEA McAlester Resident Office or myself, has not been contacted by Mr. Gray or an authorized representative of his office as requested in the letter dated, March 24, 2004 to Mr. Gray.

On April 6, 2004 the requests for the destruction of all evidence in this pending matter were sent to the DEA South Central Regional Laboratory, Dallas, Texas and the DEA Non-Drug Evidence Custodian, McAlester, Oklahoma.

On April 15, 2004, Captain Mike Grimes, Oklahoma Highway Patrol faxed me a letter requesting for a 120 day delay in the destruction of the evidence in DEA custody, the destruction was delayed and the requests were returned back to our office.

On June 29, 2004, we spoke via "e" mail, I gave you my thoughts on this matter and we left this matter there. At this point my thoughts are, Mr. Gray or his authorized representative did not contact the DEA McAlester Resident Office or myself, this tells me, Mr.Gray has, and or had no intention of pursuing any further state charges against Kenneth Barrett.

Mr. Gray may be waiting for the destruction of the evidence, and then stating, the evidence has been destroyed and he can no longer pursue state charges against Kenneth Barrett because there is no evidence.

Juan A. Beal