Westlaw.

287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah)))**

H

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott D. HEMSLEY, Defendant-Appellant.
**No. 07-4222.**

July 11, 2008.

**Background:** Defendant pleaded guilty in the United States District Court for the District of Utah to manufacture or attempted manufacture of methamphetamine and possession of firearm by restricted person. Defendant appealed. The Court of Appeals, 160 Fed.Appx. 804, affirmed. Defendant filed motion to vacate. The District Court, 2007 WL 2358622,denied motion, and, 2007 WL 3275305, denied defendant's request for certificate of appealability (COA). Defendant requested COA permitting his appeal.

**Holdings:** The Court of Appeals, Paul J. Kelly, Jr., Circuit Judge, held that:
(1) defendant was not prejudiced by defense counsel's failure to object to district court's adoption of iodine-to-methamphetamine conversion ratio of 33% at sentencing, and
(2) defense counsel did not render deficient performance by failing to raise *Booker* objection to judge-found facts that were basis for increase in defendant's sentence.

Request for certificate of appealability denied; appeal dismissed.

West Headnotes

**[1] Criminal Law 110 ⚷1957**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1952 Sentencing in General
               110k1957 k. Other Particular Issues. Most Cited Cases
Defendant, who pleaded guilty to manufacture or attempted manufacture of methamphetamine and possession of firearm by restricted person, did not show reasonable probability that he would have received different sentence had defense counsel objected to iodine-to-methamphetamine conversion ratio of 33% adopted by district court in calculating defendant's sentence, as required to establish prejudice prong of claim of ineffective assistance of counsel based on counsel's failure to object. U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 922(g)(3); Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(a)(1), 21 U.S.C.A. § 841(a)(1).

**[2] Criminal Law 110 ⚷1957**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1952 Sentencing in General
               110k1957 k. Other Particular Issues. Most Cited Cases
Defense counsel did not render deficient performance, as required to establish ineffective assistance of counsel, by failing to predict future law by raising *Booker* objection to judge-found facts that were basis for increase in defendant's sentence. U.S.C.A. Const.Amend. 6.
**\*650** Diana Hagen, Office of the United States Attorney, Salt Lake City, UT, for Plaintiff-Appellee.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT TWO

287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah)))**

Scott D. Hemsley, Safford, AZ, pro se.

Before TACHA, KELLY, and McCONNELL, Circuit Judges.

### ORDER DENYING CERTIFICATE OF APPEALABILITY

PAUL KELLY, JR., Circuit Judge.

**\*\*1** Scott Hemsley, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may challenge the district court's denial of his 28 U.S.C. § 2255(a) motion to vacate, set aside, or correct his sentence. Mr. Hemsley pleaded guilty to the manufacture or attempted manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g)(3). The district court sentenced him to 188 months' imprisonment followed by five years' supervised release. His conviction was affirmed on direct appeal. *See United States v. Hemsley,* 160 Fed.Appx. 804 (10th Cir.2005) (unpublished). He then sought relief pursuant to § 2255, asserting two claims of ineffective assistance of counsel, a claim of constitutional *Booker* error, and a claim that his sentence is unconstitutional under *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). He does not pursue his *Cunningham* claim on appeal. The district court denied relief. Having determined that Mr. Hemsley has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his appeal, *see Slack v. McDaniel,* 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Although Mr. Hemsley also argues that he should receive a COA based upon the government's failure to serve him its response to his petition and the district court's failure to fix a time for him to reply, Mr. Hemsley has not explained how these events deprived him of the ability to make a substantial showing of the denial of a constitutional right.

[1] We recounted the facts underlying Mr. Hemsley's case on direct appeal and need not restate them here. *See Hemsley,* 160 Fed.Appx. at 805-06. Mr. Hemsley first contends that his counsel was ineffective for failing to object to the iodine-to-methamphetamine conversion ratio of 33% adopted by the district court. A criminal defendant asserting ineffective assistance of trial counsel must show both deficient performance and prejudice to his defense in order to receive post-conviction relief. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mr. Hemsley argues that the prejudice to him was that, on direct appeal, we reviewed his claim for plain error instead of at a lower standard. This argument misunderstands the required showing of prejudice. Mr. Hemsley must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052, *i.e.,* that he would have likely received a different sentence had his counsel objected. Mr. Hemsley has not made this showing and we doubt on these facts that he could do **\*651** so, particularly where the district court held an evidentiary hearing on the drug-conversion issue and received a memorandum from a Drug Enforcement Administration representative saying that 33% was an ultra-conservative ratio. *Hemsley,* 160 Fed.Appx. at 807-08.

**\*\*2** [2] Second, Mr. Hemsley argues that his counsel was ineffective for failing to raise a *Booker* objection to the judge-found facts that were the basis for the increase in his sentence. We agree with the district court that because Mr. Hemsley was sentenced on December 8, 2003, before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) was decided on January 12, 2005, his counsel was not ineffective "for failing to predict future law," *Bullock v. Carver,* 297 F.3d 1036, 1052 (10th Cir.2002) (quotation omitted).

Finally, Mr. Hemsley argues that his sentence violated the Sixth Amendment because it was increased based on judge-found facts. The district court cor-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah)))**

rectly explained that *Booker* is not retroactive, relying on *United States v. Bellamy,* 411 F.3d 1182, 1186 (10th Cir.2005). On appeal, Mr. Hemsley argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was decided before he was sentenced and makes his sentence unconstitutional. However, *Apprendi* does not apply to sentencing factors which increase a defendant's guideline range but do not increase the sentence above the statutory maximum. *United States v. Willis,* 476 F.3d 1121, 1131 n. 3 (10th Cir.2007).

We DENY the motion for a COA and DISMISS the appeal.

C.A.10 (Utah),2008.
U.S. v. Hemsley
287 Fed.Appx. 649, 2008 WL 2725857 (C.A.10 (Utah))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.