# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:09-cv-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT THE PENDING AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT A JUDGMENT, ORDER AND/OR SENTENCE UNDER 28 U.S.C. SECTION 2255

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence

Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

**TABLE OF CONTENTS**

I.      Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Introduction and Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      This Court Should Grant Petitioner Leave to File the Motion to Supplement
                the Pending 2255 Motion to Vacate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.     Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Buder v. Merrill Lynch*, 644 F.2d 690 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Conley v. Gibson*, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Foman v. Davis*, 371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Gillette v. Tansy*, 17 F.3d 308 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Mayle v. Felix*, 545 U.S. 644 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Moore v. Balkcom*, 716 F.2d 1511 (11th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Riley v. Taylor*, 62 F.3d 86 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 7

*Woodford v. Williams*, 263 F.3d 1135 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### FEDERAL STATUTES

Fed.R.Civ.P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 09-CIV-105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT THE PENDING AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT A JUDGMENT, ORDER AND/OR SENTENCE UNDER 28 U.S.C. SECTION 2255

**I.      Motion**

Petitioner, Kenneth Eugene Barrett, by and through his undersigned counsel, hereby moves this Court for leave to amend and/or supplement his pending second amended Motion to Vacate, Set Aside Or Correct a Judgment, Order and/or Sentence, Under 28 U.S.C. Section 2255. (Doc. 95)

Mr. Barrett respectfully submits this Court should grant the motion because leave is to be freely given and it would be an abuse of discretion to withhold leave under the circumstances of this case.  Since filing the Second Amended Motion (Doc 95), substantive, relevant and material information has been discovered which relates back to Movant's claims.  The interests of justice, as well as the Fifth, Sixth and Eighth Amendments, require that this motion be granted.

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence      1      Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

## II.    Introduction and Summary of Argument

Since the filing of the Second Amended Motion, Mr. Barrett has, as he said he would, continued the investigation into the conduct of both the Government, its agents and appointed defense counsel which led directly to the unjust verdict and sentences sought to be vacated. Interviews of a number of witnesses have produced additional evidence to support the claims pending in Mr. Barrett's §2255 Motion (Doc 95).

The most critical of the newly produced witnesses is Paul D. Gordon, a retired OHP Internal Affairs Investigator originally responsible for the investigation of the September 24, 1999 shooting. Mr. Gordon's investigative efforts were blocked, hampered, and ultimately stopped because the investigation revealed the OHP was covering up the mistakes of the fatal raid on Mr. Barrett's residence. Based on the facts recited in Mr. Gordon's declaration, much of the evidence presented in this Court resulting in Mr. Barrett's convictions and sentences is untrue. In order to render Mr. Gordon either incredible or intimidated, either of which prevented the truth from emerging, the State of Oklahoma, primarily the same actors and agents who assisted the federal government in the current prosecution, went so far as to prosecute Mr. Gordon for acts of accepted policy within OHP despite knowing that perjury had been committed to secure his prosecution. The Government failed to disclose to the defense matters regarding Mr. Gordon's investigation which were unquestionably exculpatory and material both substantively and as impeachment of the Government's law enforcement witnesses. Mr. Gordon's proffered testimony is set out in significant detail and filed separately in support of this Supplemental §2255 Motion to Vacate, as well as Mr. Barrett's pending §2255 Motion to Vacate (Doc 95). It is this testimony that provides the substantial portion of additional evidence in

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence    2

Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

support of Mr. Barrett's claims of prosecutorial misconduct and ineffective assistance of counsel, as well as the related substantive claims of the unconstitutional use of restraints and judicial interference with the defense

Another witness who was interviewed is retired Sequoyah County District Judge John Garrett, who presided at Mr. Barrett's state trials. Because of his status as a retired judge, the evidence which Judge Garrett could offer is proffered by the Declaration of Leonard Post, an investigator retained by Mr. Barrett's counsel who, along with counsel David Autry, interviewed him. Judge Garrett's evidence goes to the good conduct of Mr. Barrett in the state trials. Judge Garrett's characterization of the conduct of Mr. Barrett as at all times respectful undermines this Court's acquiescence to the U.S. Marshal in unconstitutionally restraining Mr. Barrett with a visible stun belt, an unnecessary encumbrance which interfered with Mr. Barrett's communications with his counsel and prejudicially detracted from the presumption of innocence.

Kenneth Barrett's conviction and the resulting sentences of Life without Parole and Death are based on a web of lies and deceit, fabrication and prevarication, all of which was designed to spare the troopers of the East Tact Team of the Oklahoma Highway Patrol the embarrassment, humiliation and burden of having contributed to the death of their friend and fellow trooper, Rocky Eales. The Tact Team deliberately, intentionally and inexplicably ignored OHP policies and procedures in planning and executing the raid, thus ensuring that Kenneth Barrett's response to the Tact Team's presence could be nothing other than it was to defend his family, his home and his life against what he perceived to be an illegal intrusion and confrontational attack by persons unknown.

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence        3

Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

Since filing his original Section 2255 Motion to Vacate his convictions and sentences (Doc 1), the correction thereof (Doc 2) and the First and Second Amended Motions, (Docs.74, 95), previously undiscovered information has come into Movant's possession which demonstrates the United States Government, by and through its agents, including the State of Oklahoma and the Oklahoma State Highway Patrol, engaged in a continuous course of conduct to obscure, misrepresent, deceive and preclude discovery and/or presentation of matters which, when considered individually, cumulatively and/or together with the facts and claims currently pending, make clear that violations of Mr. Barrett's constitutional rights as guaranteed by the Fifth, Sixth, and Eighth amendments to the United States Constitution compel relief from both his convictions and sentences.

In the course of the continuing investigation in this matter, counsel for Mr. Barrett located and interviewed Paul Gordon, retired Oklahoma State Trooper, a former investigator for the Internal Affairs Division of the Oklahoma Highway Patrol. Mr. Gordon was the primary and lead investigator assigned to the shooting at the Barrett residence. Mr. Gordon recently disclosed matters previously known to the prosecution but which were not disclosed to the defense before and during the federal trial, in violation of the Government's obligation to produce exculpatory evidence. Independent of this constitutional violation, trial counsel were ineffective for failing to reasonably investigate, to Mr. Barrett's prejudice, evidence gleaned from Mr. Gordon's investigation. See Declaration of Paul Gordon (Doc. 199-1).

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence    4    Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

> **A.    This Court Should Grant Petitioner Leave to File the Motion to Supplement the Pending 2255 Motion to Vacate.**

This Court should permit the filing of the supplemental amendments to the pending Motion to Vacate, and should fully consider them in the interests of justice. Where an amendment is filed following the service of a responsive pleading, a court should "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). This is particularly true where, as here, no new claims are raised in the amendments to the petition, and therefore there is no violation of the statute of limitations and no prejudice to the opposing party.

In the following section, Petitioner presents grounds for allowing his amendment.

The phrase "freely given" in Rule 15(a)(2) is a limit on a district court's discretion. *Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir. 1994); *Riley v. Taylor,* 62 F.3d 86, 90, 92 (3rd Cir. 1995) (denial of leave to amend was reversible error; "the district court's order denying Riley leave to amend his petition for a writ of habeas corpus is inconsistent with the exercise of sound discretion in light of Rule 15(a)'s command that amendments should be freely allowed when justice so requires.")

Refusal to allow amendment of a §2255 motion in a capital case, where the cost to Petitioner may be his life, and where the Government can claim no prejudice, would be a particularly extreme abuse of discretion, and contrary to the Supreme Court's statement in the seminal Rule 15(a) case that "the purpose of pleading is to facilitate a proper decision on the merits." *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)); *see also, Moore v. Balkcom,* 716 F.2d 1511 (11th Cir. 1983) (affirming denial of leave to amend on "futility" grounds, but noting that "[c]ertainly in a capital case, the district court

should be particularly favorably disposed toward a petitioner's motion to amend"). Refusal to allow a habeas litigant to amend his petition in order to expand or clarify claims already made would constitute an abuse of discretion. *Gillette v. Tansy, supra.*

Declining leave to amend must be justified. *Foman v. Davis,* 371 U.S. at 182; *Riley,* 62 F.3d at 90. Permissible justification for refusing to allow amendment include: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice to the opposition; 4) repeated failures to correct deficiencies with previous amendments; and 5) futility of the amendment. *Foman,* 371 U.S. 182; *Riley,* 62 F.3d at 90. None of these potential justifications for denying an amendment is present here.

The Supplemental Motion to Vacate sought to be filed does not create "undue delay" because Mr. Barrett has already timely moved for relief under § 2255. The Court has yet to make any findings, preliminary or otherwise. Any delay in this case has been occasioned by the circumstances cited in Mr. Barrett's motion to toll the statute of limitations, the Government's untimely disclosure of information previously undisclosed, and the need to conduct further investigation or difficulties in obtaining additional evidence; and, the Court's failure to rule on pending motions to vacate the protective order and permit discovery on newly disclosed information. No undue delay is created by the amendments, which merely supplement, elaborate, clarify, and expand upon arguments already made.

The amendments for which leave to file is sought by Mr. Barrett do not evince "bad faith" or "dilatory motive." Mr. Barrett has not lain behind the log, springing new arguments that do not relate back to the timely filing. Rather, while the Court is still formulating its initial review, Mr. Barrett's counsel and those assisting them have continued to investigate and work on his

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence     6     Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

case.  Beyond that, any delay in the amendments or supplementation sought here is the direct result of the misconduct of the Government in its deliberate intent to hide the evidence now known, in part by intimidation, perjury, selective bad faith prosecution of the witness whose testimony is the primary basis of the pending amendments, and destruction of corroboration for that evidence.

There has been only one actual previous amendment to Mr. Barrett's §2255 motion, namely, the amendment timely and properly filed on September 25, 2009 under Rule 15(a)(1)(A), which by Court Order was transferred to a District Court's Indigent Prisoner §2255 form.  (Docs. 74, 81).  That properly amended motion was then transferred onto the Indigent Prisoner form at the direction of the Court.  (Doc 95).

The amendment  for which leave is sought is not "futile."  Amendments are futile if "they assert clearly frivolous claims."  *Riley,* 62 F.3d at 91 ("[t]hough we cannot say Riley will prevail on any of the [proposed amendments], we are equally unable to say the amendments he proposed are so unlikely to affect the outcome that they would be futile."); *Buder v. Merrill Lynch,* 644 F.2d 690, 695 (8th Cir. 1981).  In the supplemental amendment, Mr. Barrett does not advance new claims that would be barred by the limitation period, and thus futile, as in *Mayle v. Felix,* 545 U.S. 644 (2005).  The amendment elucidates, expands or clarifies matters already raised which relate back to the timely filed motion based on counsel's continuing investigation and research. The amendment simply asserts claims arising out of the "conduct, transaction or occurrence" set out before.  *See Woodford v. Williams*, 263 F.3d 1135 (10th Cir. 2001); *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000); *cf. Felix*, *supra*, 545 U.S. at 664. Unlike the situation in *Felix* and similar cases, Mr. Barrett's proposed supplemental amendments "relate

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence          7

Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

back" to the date of his timely filed motion under Rule 15( c)(1)(B), because they contain no new ground or grounds for relief supported by facts that differ both in time and type from those previously set forth.  The claims raised by Mr. Barrett are substantial, not frivolous.[1]

The Supplemental Motion sets out under each supplemented ground for relief the specific ground for relief to which  it relates back.

The grounds which Movant requests supplementation all relate to the proffered testimony of Paul Gordon, a retired OHP internal affairs investigator, and an interview with Hon. John Garrett, the presiding judge in the two state trials in which Movant faced a capital charge. The evidence pertains primarily to the previously alleged and currently pending claims of prosecutorial misconduct (Doc 95 Ground 5) and ineffective assistance of counsel (Doc 95 Ground 2) and to a lesser extent the claims of denial of due process and the presumption of innocence by the Court's order compelling Mr. Barrett to wear a visible stun belt during the proceedings (Doc 95 Ground 7), as well as judicial interference with the defense (Doc 95 Ground 1).

For reasons already alluded to, the amendment does not cause undue prejudice to the Government.  The amendment elaborates upon or clarifies claims already made in March, 2009. Counsel for Mr. Barrett did not "wait" to file the proposed amendment; they continued to collect

---

[1]  It is impossible for Mr. Barrett to say more regarding the relation-back doctrine because he has no notice whether this Court or the Government contests the timeliness of any part of the amended Petition.  Whether an amended claim relates back to an earlier filed claim is contingent both upon a comparison between two sets of facts alleged, and the substantive law governing the claim or claims.  *See Felix, supra,* 545 U.S. at 664 & n.7.

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence     8     Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

evidence, and filed when that evidence could be incorporated into the existing claims as supplements to the pending Motion to Vacate and the exhibits previously filed.

All the above demonstrates the court would abuse its discretion in not allowing the amendment.

## IV.    Conclusion

Based on the foregoing arguments and authorities, Mr. Barrett respectfully requests that this motion be granted.

DATED March 16, 2012

Respectfully submitted,

/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]

DANIEL J. BRODERICK
Federal Defender

/s/ Joan M. Fisher
JOAN M. FISHER
Idaho Bar No. 2854
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-6656 [fax]

Attorney for Petitioner,
Kenneth Eugene Barrett

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence    9    Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP

**Certificate of Service**

      I hereby certify that on this 16TH day of March, 2012, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401 and Jeffrey B. Kahan, U.S. Department of Justice, 1331 F Street, N.W., Washington, D.C. 20530.

/s/ Joan M. Fisher

Petitioner's Motion for Leave to Supplement Amended Motion
to Vacate, Set Aside or Correct Judgment, Order and/or Sentence    10     Barrett v. USA
OKED Case No. 6:09-cv-00105-JHP