## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT    )
         )
       *Movant*,    )
         )
v.         )    Case No. 09-CV-00105-JHP
         )
UNITED STATES OF AMERICA    )
         )
       *Respondent*.    )

## RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT THE PENDING AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT A JUDGMENT, ORDER AND/OR SENTENCE UNDER 28 U.S.C. § 2255

**COMES NOW** the United States of America by and through undersigned counsel and files this response in opposition to Barrett's Motion for Leave to Supplement the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence Under 28 U.S.C. § 2255 (Doc. 201). The Court should deny the Motion because the defendant has failed to establish that justice requires leave for filing his untimely supplement.

### PROCEDURAL HISTORY

On November 4, 2005, a jury empanelled by this Court convicted Barrett of three offenses charged by indictment: firearm murder in relation to drug trafficking crimes (18 U.S.C. § 924(c) & (j)); firearm murder in relation to a crime of violence (18 U.S.C. § 924(c) & (j)); and intentionally killing a state law enforcement officer during the commission of a drug trafficking crime (21 U.S.C. § 848(e)(1)(B)). Trl. Doc. 241. On November 17, 2005, at the conclusion of a penalty phase trial, the jury recommended a death sentence for Count Three (Trl. Doc. 257), which this Court imposed on December 19, 2005. The Tenth Circuit Court of Appeals affirmed the judgment. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007).

1

On March 16, 2009 (364 days after the Supreme Court denied certiorari from the Tenth Circuit's judgment), Barrett filed a 17-claim motion for relief under 28 U.S.C. § 2255.  Doc. 1.  On March 17, 2009, he filed a corrected § 2255 motion, again asserting 17 claims.  Doc. 2.  On September 25, 2009, he filed an amended motion for collateral relief, asserting 19 claims.  Doc. 70.  This Court then ordered Barrett to file a second-amended motion that complied with the Rules Governing § 2255 Proceedings, and also permitted him to file a brief in support.  Doc. 81.  On December 5, 2009, Barrett filed a second-amended § 2255 motion, asserting 19 claims (Doc. 95), and on March 1, 2010, he filed a supporting brief (Doc. 149).  On May 17, 2010, the government filed an Answer.  Doc. 174.

Barrett now moves for leave to supplement his second-amended § 2255 motion, raising five new claims and a restated assertion of cumulative error.  Doc. 201.  This Response in Opposition follows.

**BARRETT HAS NOT ESTABLISHED GOOD CAUSE FOR FILING AN UNTIMELY SUPPLEMENT TO HIS § 2255 MOTION**

Barrett argues that this Court should permit him to supplement his second-amended § 2255 motion because his new claims relate to existing contentions.  He asserts that any denial of his request would be an abuse of discretion under Federal Rule of Civil Procedure 15.  Doc. 201 at 5-9.  Barrett's supplemental claims, filed years after the deadline for timely inclusion in a § 2255 action, do not relate back to an existing issue because they are premised on new factual allegations.  Barrett has made no effort to identify circumstances outside of his control that prevented him from timely raising these claims.  Accordingly, the government urges this Court to deny the Motion to Supplement.

After the following of an answer, a § 2255 movant may amend his motion only with the government's written consent or with leave of court, which should be freely given when justice

requires.  Fed. R. Civ. Proc. 15(a)(2); *see United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) (concerning the applicability of the rule to § 2255 proceedings).  The courts' discretion to provide such leave is limited by the Antiterrorism and Effective Death Penalty Act of 1996, which imposes a one-year period of limitations in which federal prisoners may seek collateral relief from criminal judgments.  28 U.S.C. § 2255(f); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000).  The limitation period begins on the date the Supreme Court denies a defendant's petition for writ of certiorari from a direct appeal.  *Willis*, 202 F.3d at 1280-81.  The limitation period bars untimely amendments that add new claims to an initial § 2255 motion.  *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

The limitation period is not an absolute bar: Section 2255 movants may make untimely amendments that relate back to existing claims.  *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000).  Arguments premised on new facts do not, however, relate back to earlier contentions just because they both rely on the same constitutional principle.  *See id*.  An untimely amendment that "clarifies or amplifies" an existing claim relates back to the original motion.  *United States v. Weeks*, 653 F.3d 1188, 1206 n.12 (10th Cir. 2011) (quoting *Espinoza–Saenz*, 235 F.3d at 505); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the same conduct, transaction, or occurrence").  Thus, a proposed amendment may not introduce a new theory based on facts different from those underlying existing issues.  *See Dean v. United State*s, 278 F.3d 1218, 1221 (11th Cir. 2002) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts").  Section 2255 movants may justify otherwise inexcusably untimely pleadings by showing a need for equitable tolling based on

3

extraordinary circumstances beyond their control. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008); *see generally Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (holding equitable tolling applicable to § 2254 cases when the petitioner diligently pursued his rights but an extraordinary circumstance prevented timely filing).

Barrett's proposed supplement,[1] for which he never sought the government's consent, raises five new claims of relief and one restated assertion of cumulative error. Each new claim is a factual departure from the contentions raised in his prior Motions for § 2255 relief. The supplement raises the following issues: the government suppressed exculpatory information about the investigation of Oklahoma Highway Patrol Internal Affairs investigator Paul Gordon (Doc. 201-1 at 2-12); trial counsel ineffectively failed to investigate and present information and opinions possessed by Paul Gordon (*id*. at 13-28); trial counsel ineffectively failed to investigate and present information and opinions possessed by Oklahoma State Court Judge John Garrett (*id*. at 29-30); this Court failed to consider significant testimony (available through Judge Garrett) that the use of a stun belt was unnecessary to restrain the defendant (*id*. at 30-31); this Court interfered with the defense by compelling the withdrawal of John Echols who had previously relied on information from Paul Gordon (*id*. at 32-33).

Barrett makes no pretense that the novel claims are facially timely, nor could he. Over four years have passed since the Supreme Court denied a petition for writ of certiorari from the Tenth Circuit's opinion affirming the judgment in this case. The supplement clearly falls outside of the one-year period of limitations applicable to § 2255 motions. *See* 28 U.S.C. §2255(f).

---

[1] The government observes that "supplement" is a misnomer in this instance. A "supplement," under Rule 15(d), sets out events that occur after an initial pleading, while Barrett's new claims concern events that occurred at or around the time of trial. To avoid confusion, however, the government maintains reference to the new claims as a "supplement."

4

Barrett argues in conclusory terms that his new claims relate back to issues in his second-amended motion.[2]  Doc. 201 at 7-8.  He contends that he cannot address the relation-back doctrine absent notice that the government will contest the timeliness of his supplement.  Doc. 201 at 8 n.1.  Barrett misapprehends his burden: he must establish that he satisfied the relation back doctrine under Rule 15, rather than simply rebut arguments concerning a presumption of timeliness.  *See King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009) (placing burden on § 2254 petitioner); *In re Alstom S.A.*, 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005) (noting the plaintiff's burden to establish relation back under Rule 15).  Not only does Barrett avoid the effort of showing that his new arguments expand or clarify existing issues, he could not do so because his supplementary contentions arise from novel factual premises.  In truth, the only relationship between his new and old claims lies in generally-stated legal doctrines, such as the rights to due process and competent counsel.

Barrett's new claims rely, centrally, if not exclusively on information from Paul Gordon and Judge John Garrett, who go essentially unmentioned in the earlier § 2255 motions.  Barrett's most recent § 2255 Motion, filed in 2010, does not mention Gordon and refers to Judge Garrett once in the context of an unrelated case.  *See* Doc. 95 at 76 (concerning a letter Judge Garrett received while presiding over a domestic matter).  The Brief filed in support of the § 2255 Motion does not mention Gordon or Judge Garrett.  *See* Doc. 149.  Barrett's original two motions also lack references to Mr. Gordon and Judge Garrett that would suggest either man possessed information that might give rise to relief.  *See* Docs. 1 & 2.  While the proposed supplement asserts claims that are broadly reminiscent of existing contentions – ineffective assistance of counsel, prosecutorial misconduct and judicial interference – the new arguments do

---

[2] The government asserts that portions of that Motion are, themselves, untimely.  *See, e.g.*, Doc. 147 at 19, 62, 64-66, 92-93, 153, 169, 171-72, 217, 246, 269, 271, 273.

not relate back because they rely on factual allegations without any relationship to the earlier pleadings. *Espinoza-Saenz*, 235 F.3d at 504-05.

Barrett makes no attempt to excuse the lateness of his new claims by attributing his delay to extraordinary circumstances beyond his control, which might provide a basis for equitable tolling.   Surely, current counsel knew or could easily have determined within days of appointment that Judge Garrett presided over the Barrett's state court trials and that he might, as a result, have made observations or formed opinions that bore on the present litigation.  As to Paul Gordon, current counsel cannot assert that they were previously unaware of him, as his investigation was frequent referenced during trial.  *See e.g*., Tr. 3:630, 632; 4:686, 812, 816; 5:1071, 1075, 1119-20, 1129, 1142-43; 6:1204, 1291-94, 1297-98, 1325, 1329-30; 7:1549, 1559; 17:4040-41, 4047-51.   Despite obvious notice about the roles of Gordon and Judge Garrett, Barrett provides no hint why he required more than four years to identify them or their observations as bases of potential § 2255 claims.

Barrett may attempt to justify his tardiness by relying on his allegation that the government did not disclose exculpatory information about Paul Gordon, at least in regard to the new claims concerning that witness.  Doc. 201-1 at 2-12.  However, Barrett clearly knew of Gordon in 2005, having listed him as a trial witness.  *See id*. at 14.  Indeed, Barrett recognizes that Gordon made overtures to the defense before trial.  *Id*.  On these facts, it does not appear that Barrett could show that any discovery violation by the government created extraordinary circumstances beyond Barrett's control that prevented him from timely raising the supplementary claims.  *Cf. United States v. Gabaldon*, 522 F.3d at 1124.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges the Court to deny Barrett's Motion for Leave to Supplement the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence under 28 U.S.C. § 2255.

Dated: April 27, 2012

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779