## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,   )
             )
    Movant,      )
             )
v.           )   Case No. 6:09-cv-00105-JHP
             )
UNITED STATES OF AMERICA,  )
             )
    Respondent.    )

## REPLY TO RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT THE PENDING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT A JUDGMENT, ORDER AND/OR SENTENCE UNDER 28 U.S.C. § 2255

The Government asserts Mr. Barrett's supplemental arguments should not be considered by the Court because the issues, and the facts supporting them, were raised well after the one-year period of limitations expired. 28 U.S.C. §2244(d). The Government declares bluntly that the issues raised in the supplement do not "relate back" to arguments raised in Mr. Barrett's timely filed § 2255 motion and the previous amendment(s) to it, because he is raising entirely new issues predicated on facts different from those alleged before, and that Petitioner has not demonstrated how the claims raised in the supplement relate back to previously stated claims. (Doc. 206, pp. 1-6) The Government's arguments should be rejected.

Rule 15 ( c)(1)(B) of the Federal Rules of Civil Procedure states that "a party may properly raise a new claim or defense that would have been barred by the statute of limitations if the claim or defense 'arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.'" *Hodge v. United States,* 554 F.3d 372, 377 (3rd Cir. 2009).

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,
or Correct a Judgement, Order and/or Sentence  1  *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

In *Mayle v. Felix,* 545 U.S. 644, 664 (2005), the Supreme Court applied the "relation back"

provision of Rule 15 in the context of a § 2254 action.  Rule 15 and *Mayle* unquestionably apply

also in § 2255 proceedings, as the Government concedes in its response.  *United States v. Jordan,*

___F.3d___, No. 11-1108 (10th Cir. Feb. 15, 2012 (slip op.); *United States v. Weeks,* 653 F.3d

1188, 1206 n. 12 (10th Cir. 2011).  The Supreme Court defined in *Mayle* the phrase "conduct,

transaction, or occurrence" in the habeas context, holding that "[s]o long as the original and

amended petitions state claims that are tied to a common core of operative facts, relation back

will be in order." *Mayle v. Felix,* 545 U.S. at 664; *Hodge v. United States,* 554 F.3d. at 378.  Put

a slightly different way, in order for a claim or claims in an amended or supplemental motion to

"relate back" to the timely filed motion, they must be of the same "time and type" as those in the

original motion, such that they arise from the same set or core of operative facts.  *United States v.*

*Weeks, supra.*  Where the claims differ in time and type, amendment or supplementation will not

be allowed. *United States v. Jordan, supra.*  An untimely amendment to a timely filed petition

which, *by way of additional facts,* clarifies or *amplifies or expands* a claim or theory advanced in

the timely motion may, in the district court's discretion, relate back.  *United States v. Weeks*,

*supra*; *Espinoza v. Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).  An amendment or supplement that

serves to *expand facts* or cure deficiencies in an original claim or claims relates back to the

original claim.[1] *Dean v. United States,* 278 F.3d 1218, 1223 (11th Cir. 2002)(per curiam).  On the

_____

[1] In essence, the Government argues that any amendment or supplement purporting to
relate back to an original, timely filing cannot be predicated on facts that were not pled before
(Doc. 206 at p. 5), but this is incorrect.  If the Government were right, there would be literally no
occasion to invoke the "relation back" provision of Rule 15, since by definition such
amendments rely on or may rely on facts not previously addressed or presented.

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,                    *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence            2            OKED Case No. 6:09-cv-00105-JHP

other hand, an *entirely new* claim or theory of relief will not relate back. *Hodge v. United States,* 554 F.3d at 377, *citing United States v. Thomas,* 221 F.3d 430, 436 n. 4 (3rd Cir. 2000). The rationale behind the "relation back" provision of Rule 15 is that a party who has been notified of litigation concerning a particular type of conduct, transaction, or occurrence has been given all the notice the statute of limitations was intended to provide. *United States v. Mandacina,* 328 F.3d 995, 1100 (8th Cir. 2005).

Ground Twenty in Mr. Barrett's proposed supplement (Doc. 201-1, pp. 2-13), alleging that the Government suppressed exculpatory evidence from Paul Gordon's Internal Affairs investigation of the raid, information regarding what appears to be the red phosphorous that was planted on Mr. Barrett, that Mr. Gordon was pressured into retirement when he attempted to conduct an objective investigation, that agents of the government tried to silence him with bogus criminal charges, and that Gordon was intimidated by AUSA Littlefield during Mr. Barrett's federal trial, relates back to Ground Five of the original and amended § 2255 motions, in which Mr. Barrett claims that the Government knowingly relied on false evidence and suppressed exculpatory evidence. (Doc. 95, pp. 270-310)

The suppression of exculpatory evidence stemming from Mr. Gordon's investigation and its aftermath relates to a common core of facts of the same time and type previously raised, and of which the Government was on notice. *Valdovinos v. McGrath,* 598 F.3d 568, 574-75 (9th Cir. 2010)(where original petition alleged that Valdovinos was denied due process and a fair trial by the prosecution's withholding exculpatory evidence of prior photo lineups, evidence of drugs and guns found in a Government witness's possession, and the favorable treatment the witness

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,                    *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence          3          OKED Case No. 6:09-cv-00105-JHP

received for her testimony, amended claim that the prosecution suppressed *other and additional* exculpatory evidence in the form of anonymous letters and a photograph related back to the original petition; the claimed suppression of exculpatory evidence raised in the original and the amended petitions were both of the same time and type, since all the suppressed evidence was exculpatory information the government had in its file and of which it was aware); *Mandacina v. United States,* 328 F.3d 995, 1000 (8th Cir. 2003)(where original petition alleged the Government suppressed exculpatory evidence and the petitioner sought to amend his habeas petition to include the "Borland Report," which also contained alleged exculpatory evidence but was totally unmentioned in the original petition, relation back was appropriate because the report was "evidence of other suspects" obtained by the police during its investigation into the murder for which the petitioner was convicted).

There can be little question, in relation to the Twenty-First Ground in Petitioner's supplement (Doc. 201-1, pp. 13-30), that the Paul Gordon evidence relates back to, and amplifies and expands with additional facts, a number of ineffective assistance of counsel arguments already made by Mr. Barrett in his original and amended § 2255 motions. It has been argued that:

• Counsel were ineffective for failing to investigate and introduce expert and other evidence attacking the Government's evidence that the raid was properly planned, conducted according to accepted tactical operation protocol, and that Mr. Barrett had notice that law enforcement was on his property due to the display of emergency lights.  Had counsel conducted a professionally reasonable investigation, this evidence would have undermined Government testimony on these points and supported the defense theory that the Tact Team entered Mr. Barrett's property in a manner that led him to reasonably believe that trespassers, rather than law enforcement, were present. (*E.g.,* Doc. 95, Ground Two, parts A(3), (8), (10) at  pp. 47-58, 139-43, 149-54)

• Counsel failed to competently challenge and impeach the accounts of the raid and its aftermath given by the Tact Team witnesses and other law enforcement personnel with respect to

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,                    *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence            4            OKED Case No. 6:09-cv-00105-JHP

how the raid was conducted and how Mr. Barrett was taken into custody. (*E.g.,* Doc. 95, Ground Two, part 9 at pp. 143-49)

• Counsel failed to reasonably investigate and prepare to challenge the crime scene reconstruction testimony and trajectory analysis of Iris Dalley, which was intended to support the Government's theory that Mr. Barrett "ambushed" the Tact Team and had fair warning of the presence of law enforcement. Counsel was professionally unreasonable for failing to call as a witness crime scene reconstruction expert Ed Hueske to rebut Dalley's methodology and conclusions. (*E.g.,* Doc. 95, Ground Two, part A(7) at pp. 127-39)

• Counsel unreasonably failed to object to the "expert" testimony of James Horn, which was intended to legitimize the conduct of the Tact Team and excuse their incomplete and conflicting accounts of what actually transpired during the raid. (Doc. 95, Ground Two, part A (12) at pp. 163-76)

• Counsel unreasonably failed to introduce evidence that had law enforcement approached Mr. Barrett in a non-confrontational manner and properly identified themselves, Mr. Barrett would not have reacted with violence, but either would have tried to run way or surrendered peacefully. Counsel unreasonably failed to investigate and introduce evidence (and the Government failed to disclose) that a short time before the raid, Sheriff Philpot had gone to Mr. Barrett's residence without incident. (*E.g.,* Doc. 95, Ground Two, part A(11), pp. 159-63; Ground Five, part B(3) at pp. 307-08)

• Counsel unreasonably failed to investigate and introduce evidence which would have impeached the legal basis and supporting evidence for the no-knock, nighttime warrant, and shown that the warrant was issued in violation of *Franks v. Delaware,* 438 U.S. 154 (1978). (Doc. 95, Ground Two, part A( 2) at pp. 34-47, Ground Five, parts B(1) and B(3) at pp. 296-303, 307-08)

Because Mr. Gordon's evidence amplifies and expands with additional facts arguments already made or attempted to be made, of which the Government was and is on notice through the original and amended § 2255 motions, relation back is appropriate. The supplemental ineffective assistance claim arising from Mr. Gordon's evidence stems from the same attorney conduct as set forth previously, is tied to a common core of operative facts, and is of the same time and type as a variety of previously raised ineffectiveness arguments, all of which addressed counsels' professionally unreasonable failures to investigate and present evidence which would

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,          *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence          5          OKED Case No. 6:09-cv-00105-JHP

have refuted evidence supporting the search warrant, shown that the raid was poorly planned in violation of protocol, and that the raid itself violated law enforcement standards and unnecessarily created a situation fraught with danger to both the officers and Mr. Barrett, who was unaware police were on his property.  The exact same form of attorney misfeasance, going to the same factual issues, is present vis a vis Mr. Gordon's evidence and what was previously raised.  *E.g., Davenport v. United States,* 217 F.3d 1344, 1346 (11th Cir. 2000).

This is not an instance where a petitioner is asserting for the first time wholly new, distinct and separate grounds for relief on new legal theories which fail to tie back to ineffective assistance claims already made.  *Compare, United States v. Jordan, supra* (failure to present evidence vs. failure to object to the rejection of a proffer which would have resulted in a different standard of review on appeal; no relation back); *United States v. Gonzalez,* 592 F.3d 675, 679-80 (5th Cir. 2010)(attorney error during sentencing phase and error in advising defendant to proceed to trial in the face of overwhelming evidence vs. failure to file notice of appeal; no relation back); *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006)(claims relating to attorney's failure to cross-examine two witnesses and those relating to failure to object to evidence were "not similar enough to satisfy the 'time and type test' of *Felix*"); *United States v. Ciampi,* 419 F.3d 20, 24 (1st Cir. 2005)(attorney's alleged failure to discuss with the defendant his appellate rights did not relate back to original claim dealing with attorney's advice to accept plea bargain); *Hodge v. United States, supra* (claim that counsel was ineffective for failing to file notice of appeal related back to denial of right to appeal claim).

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,
or Correct a Judgement, Order and/or Sentence                6                *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

Judge Garrett's evidence attacking the credibility of Charles "Monk" Sanders and Task Force Officer Clint Johnson[2] unquestionably relates back to the claim that counsel were ineffective for failing to marshal evidence which would have undermined the testimony of Sanders and Johnson with respect to the *Franks* issue, and generally.  In Mr. Barrett's timely original and amended § 2255 motions, he argued at length that counsel was ineffective for failing to impeach Sanders' credibility with the full nature and number of his previous convictions and bad acts, as well as with witnesses who could attest that Sanders, by reputation and based on their personal opinions, was a dishonest, untruthful person.  It was argued also that counsel failed to investigate and introduce evidence of bad acts and dishonest conduct which reflected adversely on the credibility of Clint Johnson.  Judge Garrett's evidence on these scores simply amplifies, by way of additional facts, arguments previously made, or a theory or claim previously addressed.  Judge Garrett's evidence is tied to a common core of operative facts which are of the same or similar time and type – counsels' ineffectiveness in failing to investigate evidence which would have impeached Sanders and Johnson.  No new or entirely new claim for which the Government lacked notice is made.  (Doc. 95, Ground Two, parts 2, 5, pp. 34-47, 61-120)

The same analysis applies to Ground Twenty-Three in the supplement.  (Doc. 201-1, pp. 30-32)  Mr. Barrett argued previously (Ground Seven in the original and amended motions to vacate, *e.g.,* Doc. 95, pp. 326-30) that his constitutional rights were violated when the Court ordered that he would wear a "stun belt" during trial, because no factual or legal necessity was shown for the Court's order. Again, the evidence that could have been obtained from Judge

---

[2]  Twenty-Second Ground in supplemental motion, Doc. 201-1, pp. 29-30.

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,                    *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence          7          OKED Case No. 6:09-cv-00105-JHP

Garrett to the effect that Mr. Barrett was not a dangerous or disruptive presence at the state trials, and, in the alternative, that counsel was ineffective for failing to produce evidence that would have demonstrated use of a stun belt was completely unnecessary and impinged on Petitioner's constitutional rights, relates back to an argument already made, relates to the same core of operative facts addressed previously, and is of the same time and type as arguments already advanced and of which the Government was and is on notice.

The Twenty-Fourth Ground for relief in Mr. Barrett's supplement relates back to Ground One of the original and amended motions to vacate, in which it is argued that the trial court unconstitutionally interfered with and denied Mr. Barrett's Sixth Amendment rights by forcing John Echols off the case with unreasonable funding and other limitations. The trial court's actions, which have already been addressed and of which the Government is well aware, prevented Mr. Barrett from having a full, competent and complete defense in the ways argued previously, and in addition prevented competent counsel from using the Paul Gordon evidence, which would have devastated the Government's theory of the case. The Gordon evidence simply expands or amplifies with additional evidence a claim already made, is related to the same core of operative facts of the same or similar time and type, and therefore relates back to Ground One of the original and amended § 2255 petitions based on the authority cited above. (Doc. 95, pp. 7-33)

Likewise, with respect to the Twenty-Fifth Ground raised in Mr. Barrett's proposed supplement (Doc. 201-1, pp. 33), the Paul Gordon evidence and the evidence that could have been provided by Judge Garrett amplify and expand with additional evidence the cumulative

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,
or Correct a Judgement, Order and/or Sentence

8

*Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

effect of the constitutional errors committed at Petitioner's trial. Relation back to Ground Nineteen in the original and amended motions to vacate is appropriate, since it has been shown that the evidence outlined in the supplement clearly relates back to other issues previously raised. (Doc. 95, pp. 394-96)

As a final matter, the Government in its response argues that Mr. Barrett cannot excuse the lateness of his proposed supplemental claims "by attributing his delay to extraordinary circumstances beyond his control, which might provide the basis for equitable tolling," because Paul Gordon's investigation was referenced during trial and habeas counsel were clearly aware that Judge Garrett presided over Mr. Barrett's state trials. (Doc. 206 at p. 6) The Government's argument misses the mark. First, because the claims raised in the proposed supplement clearly, as shown above, relate back to grounds for relief previously raised or attempted to be raised and of which the Government was on notice, there is no necessity for Mr. Barrett to rely on an equitable tolling argument. Second, and in the alternative, equitable tolling would be appropriate in this case because the intimidation of Paul Gordon by both agents of the state and federal government (former AUSA Mike Littlefield) and the filing of baseless criminal charges against Mr. Gordon to render him an "impeachable" and "discredited" witness lulled petitioner into inaction based on reliance on that conduct (or, more appropriately, misconduct), and constituted extraordinary circumstances created by the Government which were beyond Mr. Barrett's control. *E.g., Maghee v. Ault,* 410 F.3d 473, 476 (8th Cir. 2005); *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005).

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,                    *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence          9          OKED Case No. 6:09-cv-00105-JHP

Accordingly, based on the above argument and authority, the Government's arguments should be rejected, and the Court should consider fully Mr. Barrett's supplemental motion, and all facts and arguments raised therein.

Respectfully submitted,

/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: 405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Joan M. Fisher
JOAN M. FISHER, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, Third Floor
Sacramento, California 95814
Telephone: 916-498-6666

Attorneys for Movant
KENNETH EUGENE BARRETT

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,
or Correct a Judgement, Order and/or Sentence    10    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 7th day of May, 2012, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing.  This document will be served electronically to all counsel in this case.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ Joan M. Fisher

Reply to Response in Opposition to Petitioner's Motion for
Leave to Supplement Amended Motion to Vacate, Set Aside,                    *Barrett v. USA*
or Correct a Judgement, Order and/or Sentence          11          OKED Case No. 6:09-cv-00105-JHP