# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA, MUSKOGEE

|  |  |  |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Movant, | ) | **DEATH PENALTY CASE** |
| | ) | |
| vs. | ) | |
| | ) | **No. 6:09-CIV-00105-JHP** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## BRIEF IN SUPPORT OF MOTION TO PRESERVE TESTIMONY OF JUDGE JOHN GARRETT, RETIRED, WITHOUT FURTHER DELAY

Kenneth Barrett, through counsel, files this Brief in support of his Motion to Preserve Testimony of Judge John Garrett, Retired, Outside of Court Without Further Delay.

### 1.        Background

Pending before this Court is an Amended Motion to Vacate (Docs 70, 95) upon which Petitioner seeks an evidentiary hearing. *See* Doc 95 at 268,354,357,371, 401; Doc 150 (Motion for Evidentiary Hearing)[1]. The Amended Motion to vacate has been pending for over two and one-half years (filed Dec. 4, 2009) and fully briefed for over a year and a half (Doc 178, Reply filed as of July 1, 2010). Also pending before the Court is a Sealed Motion for Leave to File

---

1. The Motion was denied as premature and because Court would review pleadings and if appropriate order an evidentiary hearing. Doc 157.

Discovery (Doc No 186, filed Feb. 11, 2011) and a Sealed Motion to Vacate Protective Order (Doc No. 184). Both are fully briefed and have been pending without further argument or disposition for well over a year. Further and additional discovery motions are anticipated.

**2.    Judge John Garrett's Testimony is Relevant and Necessary to the 2255 Motion.**

One of Mr. Barrett's principal witnesses concerning claims raised in his Amended Motion to Vacate, including judicial interference with the defense; prosecutorial misconduct; the deficient performance of his trial counsel; and the denial of a fair trial by compulsion to wear a stun belt during trial (Doc 95 at 326) is the Honorable Judge John Garrett, Retired. Doc 95 at 25, 34, 100, 180, 264, 270, 271,273, 296, 297, 326 [Claims 1, 2(A)(2), 2(A)(4)(c)(2), 4, 5(A)(1), 5(B)(1), 7]. Judge Garrett presided over Mr. Barrett's two state trials for capital murder arising out of the very same events upon which Mr. Barrett currently stands convicted and sentenced to death. A recent interview of Judge Garrett by undersigned counsel and an investigator discloses the lack of credibility of former Task Force Officer Clint Johnson and his purported "confidential informant" Monk Sanders, as well as Judge Garrett's observations and findings regarding Mr. Barrett's conduct and the lack of necessity of any extraordinary restraint. *See* Appendix 1 (Declaration of Leonard Post, investigator).[2]

By consulting a commercial public records database, a paralegal working on behalf of undersigned counsel has determined that Hon. John Garrett was born September 18, 1941, making him over 70 years of age.

---

2. For the Court's convenience and in support hereof, the declaration is attached hereto.

**3.      Unless Permitted to Depose Judge Garrett, His Testimony May Be Lost.**

The length of time Movant's Motion to Vacate and ancillary motions have been pending without any action by this Court, and the critical nature of the testimony sought and the importance of a fair and full adjudication of Mr. Barrett's constitutional claims, compel the conclusion that Judge Garrett's testimony should be taken sooner rather than later.  There is an arguable and unnecessary risk that the witness will not be available to either party if his testimony must await the scheduling of an in-court hearing, especially in light of the pace this case is being adjudicated.

This Motion is not made lightly and is unlikely to be the only Motion of its kind.  A number of witnesses relied upon by Mr. Barrett, whose testimony is critical to the claims raised in his §2255 Motion, are over the age of 70 and at significant risk of being unavailable to testify, especially in light of the lack of any demonstrable movement in this case. [3]

**a. The Testimony of the Witness is Necessary, Material and Relevant.**

Judge Garrett's importance to Mr. Barrett's case is demonstrated by the extensive summary of his proposed testimony in Mr. Barrett's Supplemental and/or Amended Motion to Vacate and the supporting declaration of Leonard Post.  Docs. 201, 200, 200-1.  In brief, Judge Garrett presided over the two state trials arising out of the same conduct for which Mr. Barrett stands convicted in this Court.  Judge Garrett is well familiar with the factual allegations originally asserted and with the conduct and good behavior of Mr. Barrett during the capital state

---

3. Counsel for Mr. Barrett notes for the Court the very recent death of Kenneth Barrett's father, Mr. Ernie Barrett, on June 4, 2012, who was (and is by Declaration) a material and relevant witness to Mr. Barrett's ineffective assistance of counsel claims at sentencing.

trials commencing with state capital murder charges in 1999 through the subsequent trials held in 2003 and 2004. As District Judge of Sequoyah County for many years, Judge Garrett is also well familiar with the credibility and reliability of the informant purportedly relied upon by the affiant, Monk Sanders, and Drug Task Force investigator, Clint Johnson. Judge Garrett had a unique vantage point of Mr. Barrett's lack of any threatening or hostile conduct, such as would necessitate extraordinary precautions like the compelled wearing of a stun belt. Judge Garrett also has knowledge of Mr. Johnson's and Mr. Sanders' credibility, which directly impacts questions surrounding the issuance of the search warrant and the likelihood that Mr. Barrett's behavior demanded or even supported the issuance and execution of a no-knock, nighttime warrant. *See* Claim 2(A)(1) (Doc 95). In his Amended §2255 Motion, Doc 95 at page 103, Mr. Barrett alleges '[c]ounsel unreasonably failed to interview and present at trial some of the witnesses discussed immediately above, and others who could have testified that Sanders is a pathological liar whose word should not have been relied upon by Clint Johnson or the jury." Judge Garrett is one of those "other witnesses." He is a material witness to that claim.

Judge Garrett is also a critical, material witness on the unnecessary use of restraints, which effectively denied Mr. Barrett his constitutional right to the presumption of innocence and to assist his counsel at trial in violation of the Sixth Amendment to the United States Constitution. Had appropriate judicial inquiry been made and/or had trial counsel presented the testimony of Judge Garrett in support of his Motion in opposition to the U.S. Marshall's request to restrain Mr. Barrett during trial, Judge Garrett would have advised the Court that Mr. Barrett was at all times respectful and submissive to court procedures and security, notwithstanding the capital charge for which he was standing trial. Judge Garrett would also have advised the Court

that Mr. Barrett was extraordinarily polite and helpful to both the judge and his secretary during the proceedings.  Appendix A.

The testimony which was available at the time of the federal trial illustrates counsel's failure to perform the necessary pretrial investigation which would have resulted in exculpatory and mitigating evidence.  His testimony relates directly to Mr. Barrett's §2255 claims of ineffective assistance of counsel in the investigation and litigation of issues including denial of his Fourth Amendment rights under *Franks v. Delaware* motion.  Additionally, had Judge Garrett's testimony been presented, there is a reasonable probability the jury would have disbelieved the drug-related evidence, as well as the numerous law enforcement officers and drug informants, and returned a verdict of not guilty or guilty of a lesser included offense.  Doc 95 at 103.  Judge Garrett's testimony would also have been relevant to counsel's failure to adequately contest the necessity of Mr. Barrett being compelled to wear a stun belt during trial. Doc 95 at 326-329.

Mr. Barrett's ability to prove the allegations raised in his §2255 Motion will be significantly prejudiced if Judge Garrett is unable to testify due to loss of the testimony by the increasing risk of death and/or lack of recall, made significantly more likely by age and the passage of time.  If Judge Garrett's testimony is not preserved and he becomes unavailable, Respondent would likely argue that Judge Garrett's statements to the investigator and Mr. Barrett's current counsel are inadmissible, or that the value of Judge Garrett's statements is diminished because of Respondent's inability to cross-examine him.

**b. The Law Supporting Preservation of the Testimony.**

This Court may order the taking of a deposition pursuant to Rule 27 if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed.R.Civ.P. 27(a)(3). Under Rule 27(b) the court "may" allow the perpetuation of testimony pending appeal where it is "proper to avoid a failure or delay of justice." Here, with an aging witness whose material and relevant testimony in a capital case relates to events transpiring eight to thirteen years ago, the circumstances clearly favor permitting the Movant to perpetuate that testimony as soon as practicable. *Ash v. Cort,* 512 F.2d 909, 913 (3d Cir.1975) (cited in *In re Eisenberg,* 654 F.2d 1107, 1111 (5th Cir.1981) (Unit B)); *see also Rose v. McNamara,* 375 F.2d 924, 925 & n. 2 (D.C.Cir.), *cert. denied,* 389 U.S. 856, 88 S.Ct. 70, 19 L.Ed.2d 121 (1967).

Because advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial or hearing, it is well-recognized as a ground for perpetuation of testimony under Rule 27. *See, e.g.*, *Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371 (D.C. Cir. 1995) (court erred by denying Rule 27 motion without considering that witness was 81 years old); *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) (abuse of discretion to deny permission to take testimony of a 71-year-old witness in a case otherwise stayed); *DeWagenknecht v. Stinnes*, 250 F.2d 414 (D.C. Cir. 1957) (Rule 27 used to take testimony of 74-year-old witness); *cf. Ash v. Cort*, 512 F.2d 909, 913 (3d Cir. 1975) (allegation that "it is probable that" witnesses "are over fifty years of age" is insufficient to invoke Rule 27). *See also, In re McBean,* __ F.Supp__, (D.Colo. No. 12-cv-00579, March 8, 2012), 2012 WL 769521 (citing with approval age-related reasons for permitting deposition). *A fortiori*, at age 70+, age alone justifies taking Judge Garrett's testimony out of court at this time.

**4.      Conclusion**

For the reasons stated, Mr. Barrett's Motion to preserve Judge John Garrett's testimony and permit it to be taken outside the courtroom without further delay, with video recording if respondent wishes, should be granted.

DATED this 18th day of June, 2012.

Respectfully submitted,

/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Joan M. Fisher
JOAN M. FISHER, ID Bar No. 2854
Assistant Federal Defender

TIVON SCHARDL, Fla. Bar No. 73016
Trial and Habeas Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: 916-498-6666

Attorneys for Movant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 18th day of June, 2012, I caused the foregoing Motion for Extension of Time to be filed with the Clerk of the Court using the ECF System for filing. A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

Jeffrey B. Kahan: jeffrey.kahan@usdoj.gov

Christopher Wilson: Chris.Wilson@usdoj.gov

/s/   *Joan M. Fisher*
Joan M. Fisher