## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-09-105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## ORDER

This matter comes on for decision on petitioner's motion for leave to supplement the pending amended motion to vacate, set aside, or correct a judgment, order and/or sentence under 28 U.S.C. § 2255 (Doc. # 201). The government has responded (Doc. # 206) and petitioner has filed a reply (Doc. # 207). For the reasons set forth herein, plaintiff's motion is denied.

Fed.R.Civ.P. 15 authorizes amendment or supplementation of a pleading subject to certain restrictions. Rule 15(c)(2) provides, in pertinent part, as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; . . . .

Pursuant to this rule, an amendment is intended to clarify or amplify a claim or theory raised

in the original pleading.  Under Rule 15(a), a petitioner may amend his pleading once as a matter of course at any time before a responsive pleading is served.  Once, however, a responsive pleading is served, a party may only amend a pleading if the opposing side consents in writing or the court grants leave to amend.  Fed.R.Civ.P. 15(a)(2).  "[L]eave to amend should be freely granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment or futility of amendment."  *United States v. Thomas*, 221 F.3d 430, 435 (3rd Cir. 2000).

> Whereas, Rule 15(d) of the Federal Rules of Civil Procedure provides
>
> . . . .the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that **happened after the date of the pleading to be supplemented**.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  (Emphasis added).

A supplemental pleading is not amendatory in effect.  Rather, a supplemental pleading deals with events or issues that arise *after* the filing of the original pleading.  Looking at the pleading petitioner proposes to file, there is no doubt in this Court's mind that none of the events set forth in the proposed supplement happened after September 25, 2009, the date of the filing of the Amended Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence, and for a New Trial.  Doc. 70.  Furthermore, based upon the fact that the petitioner has waited more than three years after the statute of limitations has expired to seek leave to add six propositions of error, all of which were discoverable by counsel at the time of their

appointment herein, this court finds the proposed amendments would be futile.  Accordingly, this Court hereby denies the Motion for Leave to Supplement (Doc. 201) the pending amended motion to vacate.

It is so ordered on this 20th day of June, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma