IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,              )         DEATH PENALTY CASE
                                     )
        Petitioner/Defendant,        )
                                     )
v.                                   )         Case No. 6:09-CV-00105-JHP
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent/Plaintiff,        )
_____)

MOTION FOR RECONSIDERATION OF COURT'S ORDER OF JUNE 20, 2012
(DOC. 210) AND BRIEF IN SUPPORT

Petitioner/Defendant, Kenneth Eugene Barrett, moves that the Court reconsider its denial of

his motion for leave to supplement his pending amended motion to vacate, set aside, or correct a

judgment, order and/or sentence under 28 U.S.C. § 2255. (See Docs. 201, 206, 207, 210)

The Court denied the motion for leave to supplement for two reasons. First, the Court relies

on Fed.R.Civ.P. 15(d) to hold that a supplemental pleading is not amendatory in effect and deals only

with events arising after the filing of the original pleading. The Court holds that none of the events

referred to in the proposed supplement happened or occurred after September 25, 2009, the date the

amended § 2255 petition was filed. (Doc. 210 at p. 2)

Motion for Reconsideration of Court's Order
of June 20, 2012 (Doc. 210) and Brief in Support          1          *Barrett v. United States*
                                                                     Case No. 6:09-CV-00105-JHP

Additionally, the Court holds that because over three years had elapsed from the running of the 1-year period of limitations, and Petitioner's supplemental claims of error were discoverable by counsel before the period of limitations expired, the amendments would be futile. (Doc. 210 at pp. 2-3)  The Order cites Fed.R.Civ.P. 15(a)(2), which states leave to amend should be freely granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment or futility of amendment."  *United States v. Thomas,* 221 F.3d 430, 435 (3rd Cir. 2000).  (Doc. 210 at p. 2)

The Court should reconsider its ruling and allow the proposed supplement or amendment. Regardless of the semantics involved, Mr. Barrett has shown that the additional arguments he makes clearly "relate back" to arguments previously made under Fed.R.Civ.P. 15(a).  Petitioner's proposed supplement or amendment simply expands or amplifies with additional facts claims or theories already set out or attempted to be set out in previous pleadings.  Both the original and previously amended § 2255 motions, and the proposed supplement or amendment, state claims tied to the same core of operative facts, and are of the same "time and type."  Mr. Barrett is not setting forth entirely new claims.  *E.g., Mayle v. Felix,* 545 U.S. 644, 664 (2005); *Hodge v. United States,* 554 F.3d 372, 377 (3rd Cir. 2009); *Valdovinos v. McGrath,* 598 F.3d 568, 574-75 (9th Cir. 2010).

As shown in Petitioner's reply to the Government's response (Docs. 206, 207), the additional facts pled in the proposed supplement or amendment simply expand arguments *already specifically made, and of the same time and type*, concerning the suppression of exculpatory evidence, ineffective assistance of counsel, forcing Mr. Barrett to wear a stun belt at trial, the Court's unconstitutional interference with trial counsel, and cumulative error.  Put simply, it is irrelevant whether the facts

**Motion for Reconsideration of Court's Order**
**of June 20, 2012 (Doc. 210) and Brief in Support**          2          *Barrett v. United States*
*Case No. 6:09-CV-00105-JHP*

relied upon "happened after the date of the pleading to be supplemented" under Rule 15(d), because, regardless of when the events or facts occurred, there is a clear "relation back" under Rule 15(a). If, as is the case here, "the amendment asserts a claim or defense that arose out of conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading," Rule 15(c)(2)(B), it does not matter whether the additional facts could have been discovered with the exercise of due diligence within the 1-year period of limitations, and an equitable tolling argument is unnecessary.  In any event, and in the alternative, Government misconduct creates a basis for equitable tolling.  (See Doc. 207 at p. 9)

In its order, the Court focuses on the "futility" of the proposed supplement or amendment, and does not make a finding that there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party."  (Doc. 210 at pp. 2-3) That the proposed amendment or supplement is not "futile" but is at the least arguably meritorious with respect to specific issues and arguments already raised is amply demonstrated by the additional amplifying and clarifying facts pled.  There can be little question that counsel for Mr. Barrett have been diligent in investigating and continuing to investigate his case.  Denying the proposed supplement or amendment is clearly not in the best interests of justice.

Throughout, Petitioner has asserted that the Government has suppressed exculpatory evidence.  The Government is under a continuing duty to disclose exculpatory evidence, and that duty extends even to habeas or collateral proceedings.  *Smith v. Roberts,* 115 F.3d 818, 820 (10th Cir. 1997); *United States v. Quintanilla,* 193 F.3d 1139, 1146-49 (10th Cir. 1999); *Steidl v. Freeman,* 494 F.3d 623, 630 (7th Cir. 2007).  Regardless of whether Petitioner could have previously discovered

**Motion for Reconsideration of Court's Order**
**of June 20, 2012 (Doc. 210) and Brief in Support**          3          *Barrett v. United States*
*Case No. 6:09-CV-00105-JHP*

the full depth and breadth of the information provided by Paul Gordon, for example, the Government failed to discharge its *independent* duty to reveal it, even up to the present day; but rather, intimidated him during Mr. Barrett's trial, and left undisclosed the fact that law enforcement concocted baseless criminal charges against him to keep him quiet.  The Government cannot profit from or take advantage of its own misconduct to keep these facts from being heard now.  *In re Pickard,* ___F.3d___, No. 11-3030 (10th Cir. June 18, 2012)(slip. op. at pp. 6-14)(holding that claim of suppression of exculpatory evidence relating to credibility of Government witness based on evidence secured through FOIA request after denial of § 2255 motion was a second and successive § 2255 petition, but remanding for determination on the merits of whether defendant was entitled to relief under Rule 60(b) because the Government's misconduct in falsely denying the existence of impeaching facts relative to the witness adversely affected the § 2255 proceedings themselves.) Here, Mr. Barrett's § 2255 motion is still pending and he is raising claims of misconduct that affect the ongoing § 2255 proceedings.  The issues sought to be raised relate back and should be determined now on the merits.

Finally, the Supreme Court ruled recently in *Martinez v. Ryan,* 566 U.S.___, No. 10-1001 (March 20, 2012) that where, as for example in § 2255 proceedings, *Massaro v. United States,* 538 U.S. 500 (2003), the first available avenue for raising claims of ineffective assistance of counsel is on collateral review, and counsel on collateral review fails to raise a substantial, meritorious claim of ineffective assistance of trial counsel, counsel on collateral review may be deemed ineffective, even though no Sixth Amendment right to counsel ordinarily attaches in collateral proceedings.  If, for the sake of argument, the facts sought to be raised in the proposed amendment or supplement do not relate back, and should have been raised in the original or amended petition, then § 2255

**Motion for Reconsideration of Court's Order**
**of June 20, 2012 (Doc. 210) and Brief in Support**                4                *Barrett v. United States*
*Case No. 6:09-CV-00105-JHP*

counsels' failure to raise them earlier is indicative of ineffective assistance.  Because, in the event the § 2255 motion were denied, this would be grounds for a Rule 60(b) motion since the § 2255 action would itself be adversely affected, the matters addressed in the proposed amendment or supplement should be heard now while the § 2255 action is still pending.  *E.g. In re Pickard, supra.* Given the heavy burden required in a 60(b) motions and the "freely given" dictate of Rule 15, it would be an abuse of discretion to deny the amendment/supplement requested.

Based on the foregoing argument and authority, the Court should reconsider its Order of June 20, 2012 (Doc. 210) and grant the motion to supplement.

DATED this 28th day of June, 2012.

Respectfully submitted,

/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: 405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Joan M. Fisher
JOAN M. FISHER, Idaho Bar No. 2824
Assistant Federal Defender
801 I Street, Third Floor
Sacramento, California 95814
Telephone: 916-498-6666

Attorneys for Movant
KENNETH EUGENE BARRETT

**Motion for Reconsideration of Court's Order**
**of June 20, 2012 (Doc. 210) and Brief in Support**     5     *Barrett v. United States*
*Case No. 6:09-CV-00105-JHP*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 28th day of June, 2012, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

Jeffrey B. Kahan: jeffrey.kahan@usdoj.gov

Christopher Wilson: Chris.Wilson@usdoj.gov

/s/ Joan M. Fisher
Joan M. Fisher

**Motion for Reconsideration of Court's Order**
**of June 20, 2012 (Doc. 210) and Brief in Support**          6          *Barrett v. United States*
**Case No. 6:09-CV-00105-JHP**