**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR**
**RECONSIDERATION OF COURT'S ORDER OF JUNE 20, 2012**

**COMES NOW** the United States of America by and through undersigned counsel and files this response in opposition to Barrett's Motion for Reconsideration of this Court's Order of June 20, 2012 (Doc. 212 (denying Barrett's request to add new claims to his § 2255 motion and to conduct discovery in support of those claims)). The Court should deny the Motion because the Barrett has failed to establish a legal basis for this Court to consider the proposed amendment to his § 2255 motion.[1]

**PROCEDURAL HISTORY**

On March 16, 2009, Barrett filed a 17-claim motion for relief under 28 U.S.C. § 2255, attacking his federal homicide conviction and death sentence. Doc. 1. His current collateral attack on the judgment – a second-amended § 2255 motion – was filed with on December 5, 2009 and raised 19 claims:

1. The Court's administration of the Criminal Justice Act and its ex parte meeting with prosecutors demonstrates bias that requires relief without a showing of prejudice.

---

[1] Barrett's motion referred to the new claims as a "supplement," but this Court found that they actually constituted a potential "amendment" to the existing § 2255 Motion. Doc. 210. Consistent with that finding, the government refers to the new arguments as an "amendment."

2. Barrett received ineffective assistance of counsel at trial.

3. The Court deprived Barrett of funding necessary to employ experts and purchase pre-trial hearing transcripts.

4. Newly discovered evidence requires this Court to grant a hearing to determine whether the police acted in good faith when they obtained a search warrant for Barrett's house.

5. The prosecutors committed misconduct, by suppressing evidence favorable to the defense, interfering with the defense, improperly examining witnesses, and unfairly arguing for a death sentence.

6. The Court erroneously excluded evidence of Barrett's remorse.

7. The Court improperly ordered Barrett to wear an electronic stun belt during the trial.

8. The Court permitted Barrett to stand trial while he was mentally incompetent.

9. The Court erroneously failed to instruct the jury on voluntary manslaughter as a lesser included offense to the three charged crimes.

10. The Court improperly failed to instruct the jury that it could consider residual doubt as a factor in mitigation during its penalty deliberations.

11. The Court improperly excused a juror based on her opinions about the death penalty.

12. The penalty phase instructions unconstitutionally relieved the jury of employing the reasonable doubt standard when it weighed the aggravating and mitigating factors.

13. Following Barrett's disruption of the trial, the Court and counsel improperly responded to the defendant's request to absent himself from the proceedings.

14. Statistical information demonstrates that the federal government disproportionately seeks the death penalty in cases involving White, rather than minority, victims.

2

15.  The indictment in this case that did not refer to the death penalty and did not allege the aggravating factors upon which the prosecution relied at trial.

16.  The Court failed to sequester the jury and, as a result, the jurors committed misconduct by consulting information outside the record.

17.  Barrett is not competent to be executed.

18.  Barrett received ineffective assistance of appellate counsel.

19.  Cumulative error requires reversal.

Doc. 95.  The government answered the second-amended motion (and supporting brief (Doc. 149)) on May 17, 2010.  Doc. 174.

On March 16, 2012, Barrett moved for leave to amend his second-amended § 2255 motion, raising five new claims and a restated assertion of cumulative error.  Doc. 201.  The amendment raises the following specific issues: the government suppressed exculpatory information about the investigation of Oklahoma Highway Patrol Internal Affairs investigator Paul Gordon (Doc. 201-1 at 2-12); trial counsel ineffectively failed to investigate and present information and opinions possessed by Paul Gordon (*id.* at 13-28); trial counsel ineffectively failed to investigate and present information and opinions possessed by Oklahoma State Court Judge John Garrett (*id.* at 29-30); this Court failed to consider significant testimony (available through Judge Garrett) that the use of a stun belt was unnecessary to restrain the defendant (*id.* at 30-31); this Court interfered with the defense by compelling the withdrawal of John Echols who had previously relied on information from Paul Gordon (*id.* at 32-33).  Barrett subsequently sought leave to preserve the testimony of Judge John Garrett in support of claims in the proposed amendment.  Docs. 208 & 209.  On June 20, 2012, this Court denied the motion to amend and the motion to preserve Judge Garrett's testimony.  Doc. 210.

On June 28, 2012, Barrett moved for reconsideration of the Court's order denying his previous two motions.  This Response in Opposition follows.

## BARRETT HAS NOT ESTABLISHED GOOD CAUSE FOR FILING AN UNTIMELY SUPPLEMENT TO HIS § 2255 MOTION

Barrett argues that this Court should reconsider its order denying his request to supplement his second-amended § 2255 motion because his new claims are of the same time and type as his original contentions.  Ignoring the statutory period of limitations, Barrett contends that his proposed amendment is timely under Federal Rule of Civil Procedure 15(a).  He also asserts that any delay in presenting his new claims is attributable to the government's failure to disclose exculpatory evidence and his present counsel's alleged ineffectiveness.  Doc. 212.  The proposed amendment is untimely, and Barrett has failed to demonstrate that it relates back to his existing motion.  Similarly, he has failed to identify any conduct attributable to the government that prevented him from timely filing it within the period of limitations.  Moreover, his counsel's alleged ineffectiveness cannot excuse an untimely filing.  The government therefore urges this Court to deny the Motion for Reconsideration.

Relying on Federal Rule of Civil Procedure 15(a), Barrett argues that this Court denied his proposed amendment without expressly finding that the request to add claims involved "undue delay, bad faith or dilatory motive."  Doc. 212 (citing Rule 15(a) as interpreted by *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir. 2000)).  Barrett's criticism misses the mark: the Court properly found that the proposed amendment was untimely under 28 U.S.C. § 2255(f).  *See* Doc. 210 ("based upon the fact that the petitioner has waited more than three years after the statute of limitations has expired to seek leave to add six propositions of error, all of which were discoverable by counsel at the time of their appointment herein, this court finds the proposed amendments would be futile").  While Rule 15 generally applies to § 2255 litigation, application

4

is limited "to the extent [the rule is] not inconsistent with any statutory provisions."  Rules foll. 28 U.S.C. § 2255, Rule 12; *see Mayle v. Felix*, 545 U.S. 644, 654 (2005).  The one-year period of limitations under § 2255(f), when applicable, takes precedence over Rule 15's directive to freely permit amendments.  *See Thomas*, 221 F.3d at 435-36.  Because Barrett submitted his amendment several years after the finality of the judgment, he must show relation back under Rule 15(c), irrespective of the fact that Rule 15(a) appears to otherwise encourage amendment. *Id*. at 435-37.  This he has failed to do.

Barrett presents a flawed construction of the relation back doctrine premised on an overly-expansive construction of Supreme Court authority.  An amendment relates back to an earlier pleading when it "clarifies or amplifies" an existing claim.  *United States v. Weeks*, 653 F.3d 1188, 1206 n.12 (10th Cir. 2011); *see also Mayle v. Felix*, 545 U.S. at 655 (holding that "Amendments . . . relate back . . . if the original and amended pleadings arise out of the same conduct, transaction, or occurrence").  Barrett ignores that standard and argues, on the basis of language in *Mayle v. Felix*, that his new claims relate back because they are of the same "time and type" as his earlier ones.  As used in *Mayle* and its progeny, new claims that are *not* of the same "time and type" *do not* clarify or amplify and *do not* relate back.  *See United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (holding new claims untimely because they of *different* time and type than earlier arguments, and citing similar Fourth, Eighth and Eleventh Circuit opinions).  But the inverse rule does not follow: arguments of the same time and type as earlier contentions do not invariably clarify or amplify those initial contentions and therefore relate back.  Thus, an untimely amendment may not introduce a new theory based on facts different from those underlying existing issues.  *See Dean v. United State*s, 278 F.3d 1218,

5

1221 (11th Cir. 2002) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts").

Barrett's proposed amendment does not clarify or amplify his existing § 2255 motion – it adds novel arguments that should not be reviewed. As set forth in the government's opposition to the motion to amend (Doc. 206), Barrett's new claims rely largely on information from Paul Gordon and Judge John Garrett, who are essentially unmentioned in the earlier § 2255 motions. While the proposed amendment asserts claims that are broadly reminiscent of existing ones, the new arguments do not relate back because they rely on new factual allegations. *Weeks*, 653 F.3d at 1206 n.12; *see Dean*, 278 F.3d at 1221.

As an alternative to the relation back doctrine, Barrett argues that this Court should permit the amendment because its tardiness is attributable to prosecutorial misconduct. Specifically, he alleges that the government has failed to meet its continuing duty to disclose exculpatory evidence concerning the official mistreatment of Paul Gordon, thereby preventing Barrett from timely raising the new issues. The government, however, has no continuing duty in a § 2255 action to disclose exculpatory evidence. The Supreme Court has held that the prosecution's obligation under *Brady* does not apply after a defendant has been convicted. *District Attorney's Office for the Third Judicial District v. Osborne*, 129 S. Ct. 2308, 2319-20 (2009); *see also Tevlin v. Spencer*, 621 F.3d 59, 70 (1st Cir. 2010) (noting that the Supreme Court in *Osborne* "explicitly rejected *Brady's* applicability to postconviction proceedings").

Regardless of the applicability of *Brady*, Barrett has not shown that the government actually or constructively possessed any exculpatory information about Gordon, who complains that Oklahoma state officials mistreated him and obstructed his Internal Affairs investigation of the circumstances surrounding the instant murder. *See e.g.*, Doc. 199 at ¶¶ 15-21, 62-74. The

only actions Gordon attributes to a federal official are statements by an Assistant U.S. Attorney who reportedly said he would "tear [Gordon] up on the witness stand" by impeaching him with a prior conviction and a lack of expertise in SWAT procedures. *Id*. at ¶ 84. The prosecutor's opinion of Gordon was not discoverable under *Brady*. *See United States v. Kohring*, 637 F.3d 895, 907 (9th Cir. 2011) (holding a prosecutor's opinions of a case are not discoverable unless they contain underlying exculpatory facts). Barrett cannot show that the supposed malfeasance alleged by Gordon against Oklahoma state officials (see Doc. 199), was known by the U.S. Attorney and was therefore discoverable. *See United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999).

Even if the government had a demonstrable duty to disclose information about Gordon, Barrett has not shown how the absence of that discovery prevented him from timely raising his new contentions. To justify his belated filing on the basis of government malfeasance, Barrett must show that he submitted the amendment within one year of "the date on which the impediment . . . created by governmental action in violation of the Constitution or laws of the United States [was] removed . . . ." 28 U.S.C. §2255(f)(2); *see Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Barrett makes no specific argument in that regard. He obtained the information that supports several of his new contentions by interviewing Gordon on November 3, 2011, and does not demonstrate that the government ever impeded that meeting. *See* Doc. 199 at ¶ 86. Indeed, Barrett cannot credibly assert prior ignorance of Gordon given the frequent references to him at trial. *See e.g*., Tr. 3:630, 632; 4:686, 812, 816; 5:1071, 1075, 1119-20, 1129, 1142-43; 6:1204, 1291-94, 1297-98, 1325, 1329-30; 7:1549, 1559; 17:4040-41, 4047-51. Even if Barrett showed some government-generated impediment to the discovery of issues concerning Gordon, it would not reach the claims in the amendment that do not concern Gordon.

7

Barrett is similarly unpersuasive in arguing that present counsel's ineffectiveness excuses his delay. As he observes, the Supreme Court recently recognized a doctrine of ineffective assistance of collateral counsel in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1320 (2011). However, the *Martinez* doctrine has far less reach than Barrett indicates and does not apply in this setting. *Id.* at 1315 (noting the majority opinion recognizes only a "narrow exception" to a 1991 opinion concerning the procedural default doctrine); *id.* at 1319 (observing that "this limited qualification" to prior jurisprudence "does not implicate the usual concerns with upsetting reliance interests protected by *stare decisis* principles"). Under *Martinez*, "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The procedural default rule "precludes federal review of . . . claims" denied on independent and adequate state law grounds. *Martinez*, 132 S. Ct. at 1316. As a limitation on subject matter jurisdiction, the procedural default doctrine permits different exceptions than the statutorily-defined one-year period of limitations applicable to federal collateral proceedings. *United States v. Goodwin*, Nos. CV–10–141–E–BLW, CR–06–259–E–BLW, 2010 WL 2404350, *2 (D. Idaho, June 9, 2010).

Congress allowed for only three circumstances in which a § 2255 claim could be reviewed if filed more than one year after the finality of the underlying judgment.

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To adopt Barrett's position, and permit the filing of belated § 2255 claims simply because counsel failed to timely submit them, would render nugatory the statutorily enumerated exceptions to the period of limitations.[2] *Cf. Planned Parenthood of Rocky Mountains Services, Corp. v. Owens*, 287 F.3d 910, 927 (10th Cir. 2002) (holding the courts may only consider interpretations of statutes that are "fairly possible"). In fact, Barrett's construction of the statue would excuse the negligent actions of counsel despite Congress's insistence that only duly diligent investigations could excuse an otherwise belated claim. *See* 28 U.S.C. § 2255(f)(4)*; cf. Andersen v. Director, Office Of Workers' Compensation Programs*, 455 F.3d 1102, 1106 (10th Cir. 2006) (prohibiting constructions of statutes that render any part of the law meaningless, redundant or superfluous). Thus, Barrett's attempt to expand the reach of *Martinez* would lead to the virtual nullification of § 2255's period of limitations.

The period of limitations does admit to one judicial exception, equitable tolling. Barrett, however, does not attempt to justify his belated amendment under the equitable tolling doctrine, nor could he. Equitable tolling lies only in "rare and exceptional circumstances," when the movant "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003) (internal quotations omitted). Absent "egregious misconduct," the negligence of counsel does not constitute an extraordinary circumstance meriting equitable tolling. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). Barrett, however, does not even admit that counsel acted negligently.

---

[2] An exception for equitable tolling, discussed below, applies only rarely "lest the exception swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Barrett argues only that his attorneys' prior omission of his new claims "is indicative of ineffective assistance." Doc. 212 at 5. He refuses to concede ineffectiveness, insisting, "There can be little question that counsel for Mr. Barrett have been diligent in investigating and continuing to investigate his case." *Id*. at 3. The diligence of Barrett's attorneys should bar a finding of ineffectiveness. *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir.) (denying a finding of ineffectiveness because counsel exercised "the skill, judgment and diligence of a reasonably competent defense attorney"). As a result, Barrett cannot meet the cause standard announced by *Martinez*, which requires a demonstrable Sixth Amendment violation. *See* 132 S. Ct. at 1318. Not only has Barrett failed to establish cause, he has failed to establish prejudice – the other prong of the test for excusing default. *See Martinez*, 132 S. Ct. at 1321. In regard to prejudice, Barrett makes no showing that errors of current counsel "worked to his *actual* and substantial disadvantage, infecting his entire [§ 2255 proceeding] with errors of constitutional dimension." *See Daniels v. United States*, 254 F.3d 1180, 1191 (10th Cir. 2001) (emphasis original and internal quotations omitted). Instead, he argues only that his untimely claims are "at the least arguably meritorious." Doc. 212 at 3.

None of the arguments advanced by Barrett demonstrate that this Court erred in denying his request to permit an untimely amendment to the § 2255 motion. By extension, he cannot justify his implied request that the Court permit, on reconsideration, a deposition of Judge Garrett, whose testimony supposedly supports claims in the amendment.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government respectfully urges the

Court to deny Barrett's Motion for Reconsideration of this Court's Order of June 20, 2012.

Dated: July 10, 2012

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779

**CERTIFICATE OF SERVICE**

I, hereby certify that on 10th day of July, 2012, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry, Attorney for Petitioner
Joan Fisher, Attorney for Petitioner

/S/ Christopher  J. Wilson
United States Attorney's Office