# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| | 6:09-cv-00105-JHP |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**DECLARATION OF COUNSEL IN SUPPORT OF
PETITIONER'S NOTICE REGARDING
AMENDED PETITION FILED PURSUANT TO COURT ORDER**

I, Tivon Schardl, declare the following:

1.      I am appointed co-counsel for Kenneth Eugene Barrett in this case.  As part of my responsibilities in the case, following the hearing held October 6, 2009, and in response to comments from the Court made during that hearing, I researched all capital habeas corpus cases filed in the Eastern District of Oklahoma since January 1, 1998.

2.      The purpose of this research was to determine whether I and lead counsel had understood Rule 2 of the Rules Governing § 2255 Proceedings, and the local rules, in a manner that was inconsistent with the understanding of other lawyers in capital cases in the Eastern District.

1

3.      I identified all capital habeas corpus cases filed after January 1, 1998 by logging onto the Court's CM/ECF system using the Federal Defender's generic login.  I clicked the "query" button and entered search parameters under the second option on the query page as follows:

In this way, I believed I was querying the CM/ECF database for all cases filed under the same code as Mr. Barrett's case, and therefore for all similarly situated cases.

4.      That query produced a list of seventeen (17) cases, including Mr. Barrett's.  I entered each of those cases into the table appended to this declaration.  Insofar as the issues I was researching involved the application of the local rules, that Mr. Barrett's case was classified the same way as capital habeas cases filed under 28 U.S.C. § 2254, and that L.Cv.R. 9.2 treated §

2

2255 and § 2254 cases identically, this list appeared to represent the complete set of relevant cases.

5.    I attempted to learn whether the petitions in the sixteen (16) cases other than Mr. Barrett's were different from his in the following respects:  (a) whether the petitions were filed on the form appended to the Rules Governing § 2254 Cases in the District Courts; (b) whether, if not, they contained "argument" and citations to law, i.e. whether they were in the form of a motion/brief; (c) whether, if the petitions were not filed on the form, they were longer than 25 pages; (d) whether the petitions sought various forms of relief including discovery or evidentiary hearings; and, (e) whether, if the answers to (a), (b), (c), or (d) were in the affirmative, the District Court had made an issue of it and requested the petitioners to modify their pleadings accordingly.

6.    In order to answer these questions, I first attempted to form at least an educated guess based upon the documents available through CM/ECF.  For nearly all the cases, the petitions and relevant orders, if any, were not available for download.  After reviewing the docket entries, and hypothesizing that no capital habeas petitioner on the list had used the form, or been faulted for failing to do so, I decided to conduct a telephone and e-mail survey of counsel in order to test that theory.  However, based on a review of the dockets, it appeared that one case, *Braun v. Keating*, Case No. 6:00-cv-00102-JHP-KEW, was a second or successive petition, and I therefore eliminated it from further inquiry.

7.    In ten (10) of the fifteen (15) similarly situated cases, counsel were current or former attorneys from the Capital Habeas Unit of the Federal Public Defender for the Western District of Oklahoma.  I spoke with some of these lawyers by telephone and then sent a

3

confirming e-mail regarding the five issues of concern.  Randy Bauman, Vicki Werneke, Kristi Christopher, and Scott Braden, lawyers I have known for many years, confirmed that the CHU had not in the past eleven years filed a petition on the form, had filed in the form of a motion/brief, that the petitions had exceeded 25 pages in length without seeking prior leave, and had sought evidentiary hearings (at least), and there had been no issue made of any of these things.  Mr. Braden reported, however, that in at least one case filed sometime before my survey period, he thought he recalled the Court requesting that a petition be refiled on the form.

8.      In addition to speaking with and/or e-mailing the CHU attorneys, I spoke by telephone with Steve Presson, Chris Eulberg, and Gregory Laird.  These attorneys represented the petitioners in four (4) of the five (5) cases not handled by CHU attorneys.  I asked them the same questions I had asked the CHU attorneys, and received the same responses.

9.      I resolved questions about the remaining case, *Wackerly v. Sirmons*, Case No. 6:01-cv-00567-FHS-KEW, by reviewing the District Court's opinion at 2007 WL 963210, and the opinion on appeal in *Wackerly v. Workman*, 580 F.3d 1171 (10th Cir. 2009).

10.      Based on the records and recollections of counsel, and in some cases counsel's review of the petitions they filed, no capital habeas corpus petitioner in the Eastern District of Oklahoma for the eleven years preceding Mr. Barrett's application for habeas relief, has been required to file on the form, seek leave for filing a petition containing argument in excess of 25 pages, or been faulted for seeking an evidentiary hearing or other process in his prayer for relief. In the majority of cases, the Court denied relief after the parties filed their answer and reply, respectively.  The Court had allowed limited time for filing replies.  Thus, the orderly processing

of capital habeas cases has appeared to rely upon argument being presented in the petitions themselves.

I declare, under penalty of perjury as provided in the laws of the United States of America, that the foregoing five-page declaration is true and correct.

Executed by me this 30th day of November, 2009, in Sacramento County, California.

/s/ Tivon Schardl

# APPENDIX A

**CAPITAL HABEAS CASES FILED IN THE EASTERN DISTRICT OF OKLAHOMA
BETWEEN JANUARY 1, 1998 AND MARCH 2009**

| | CASE | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|
| 1 | *Battenfield v. Ward*, 6:98-cv-00036-JHP<br>*Battenfield v. Gibson*, 236 F.3d 1215 (10th Cir. 2001). | 6/15/1998 (Doc. #16); Appendix filed 6/15/1998 (Doc. #17); denied without briefing, argument or hearing of any kind 5/5/1999 (Doc. #28) | No, per counsel, but contained all info req'd by form, contained brief, over 25 pages, appendix included exhibits | Robert Jackson<br>Steve Presson<br>10-20-09 |
| 2 | *Johnson v. Gibson*, 6:98-cv-00072-FHS-JHP<br>*Johnson v. Gibson*, 10th Cir. Case No. 99-7089, 2000 WL 1158335 (10th Cir. 8/16/2000) | 7/16/98 (Doc. # 11); State court appendix filed separately 5/1/98 (Doc. 8); response filed 9/30/98 (Doc. 18); reply filed 11/2/98 (Doc. 22); petition denied 6/29/99 (Doc. 30) | No, per counsel.  Separate motions for discovery & record expansion.  Denied after reply w/o fact-development. | Randy Bauman,<br>FDP CHU |
| 3 | *Johnson v. Gibson*, 6:98-cv-00331-FHS<br>*Johnson v. Gibson*, 254 F.3d 1155 (10th Cir. 2001) | Minute order of 12/1/98 says "all motions to be filed within petition" (Doc. 11); 2/1/99 petition filed (Doc. 12); brief filed separately 2/1/99 (Doc. 14); 3/23/99 response (Doc. 17); 6/30/99 reply (Doc. 24; 12/9/99 order denying (Doc. 30) [10th Cir. reversed and remanded] | No, per FPD CHU attorneys, no CHU case has been filed on form. | Stephen J. Greubel,<br>FPD CHU |
| 4 | *Humphreys v. Gibson*, 6:98-cv-00568-FHS-JHP<br>*Humphreys v. Gibson*, 261 F.3d 1016 (10th Cir. 2001) | 5/18/1999 (Doc. #11); Order denying filed 3/30/2000 (Doc. #24) after response and reply | No, per counsel, cites cases, 81 pages | Chris Eulberg<br>405-232-3450<br>10-21-09 |
| 5 | *Cummings v. Gibson*, 6:99-cv-00447-FHS-KEW<br>*Cummings v. Sirmons*, 506 F.3d 1211 (10th Cir. 2007) | Denied 8/11/2006, 2006 WL 2434462 | Apparently not.  Eulberg said he'd never used the form.  Neither district court opinion nor 10th Cir. opinion mentions. | Chris Eulberg<br>405-232-3450<br>10-21-09 |
| 6 | *Snow v. Gibson*, 6:00-cv-00070-FHS<br>*Snow v. Sirmons*, 474 F.3d 693 (10th Cir. 2007) | 7/31/2000 (Doc. #13); with appendix filed same day (Doc. # 14). | No, per counsel.  Not mentioned in 10th Circuit opinion. | Vicki Wernecki<br>10-20-09 |
| 7 | *Delozier v. Gibson*, 6:00-cv-00102- | 8/31/2000 (Doc. #18), withdrawn and | No, per counsel and docket entries | Randy Bauman |

|  | CASE | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|
|  | JHP-KEW<br>*Delozier v. Sirmons*, 532 F.3d 1306 (10th Cir. 2008) | supplemented on 10/10/2000 (Doc. # 23); appendix filed 10/10/2000 (Doc. #24); on 10/20/2003 JHP granted motion to amend with recent authority (Doc. ##48, 49) | on legal authority. Not mentioned in 10th Circuit opinion. | 10-20-09 |
| 8 | *Braun v. Keating*, 6:00-cv-00371-MB-JHP | 7/18/2000 (Doc. #3), appendix filed 7/18/2000 (Doc. 4) [This appears to have been a successor filed under warrant.] | n/a | Benjamin McCullar 405-214-2889 |
| 9 | *Phillips v. Gibson*, 6:01-cv-00045-JHP-KEW | 10/1/2001 (Doc. #18); Mot. Leave to Amend (post exhaustion) (Doc. #37); Order granting leave to amend (Doc. #40); Amendment to Pet. filed 4/15/2004 (Doc. #43) | No, counsel said it was a "brief" | Gregory W. Laird 405-632-6668 10-22-09 |
| 10 | *Taylor v. Workman*, 6:01-cv-00252-JHP-KEW<br>Opinion denying relief:  2007 WL 778043<br>*Taylor v. Workman*, 554 F.3d 879 (10th Cir. 2009). | 11/29/2001 (Doc. #14)[included request for evidentiary hearing]; 3/12/2007 Order denying petition & request for hearing (without briefing) (Doc. #32).  Although District Court opinion notes it was improper under Rule 2 for petitioner to name Attorney General as respondent, there is no other mention of rule or form. 2007 WL 778043 at *1 | No, per Randy Bauman. | Randy Bauman |
| 11 | *Hammon v. Gibson*, 6:01-cv-00253-FHS-KEW | 12/18/2001 (Doc. #18); 12/18/2001 separate mot expand record (Doc. #19); 2/13/2002 response filed; [Case dismissed after petitioner sentenced to life based on *Atkins v. Virginia*] | No, per counsel. | Kristi Christopher, Scott Braden, Vicki Werneke |
| 12 | *Wackerly v. Sirmons*, 6:01-cv-00567-FHS-KEW<br>*Wackerly v. Workman*, 580 F.3d 1171 (10th Cir. 2009) | 5/7/2002 (Doc. #19), appendix filed same day (Doc. #20), mot. expand record filed same day (Doc. #22); 7/15/2002 order granting mot. to expand for purpose of determining whether P entitled to evid hr'g; 8/7/2002 response; 9/13/2002 reply | Not mentioned in opinion 2007 WL 963210, or appeal. | James T. Rowan 405-239-2454 Joseph Wells 405-942-8800 |

| | CASE | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|
| 13 | *Murphy v. Mullin*, 6:03-cv-00443-RAW-KEW | 3/5/1004 (Doc.14); Amended Petition Removing unexhausted claims filed 9/10/2004 (Doc. #34); 2nd Amendment filed 12/28/2005 (Doc. #54) [not on form; includes points and authorities; requests hearing & briefing; is 46 pages long; list of exhibits; no verification]; 8/1/2007 opinion denying relief does not mention form of petitions | No, per counsel | Kristi Christopher |
| 14 | *Duty v. Mullin*, 6:05-cv-00023-FHS-SPS | 7/28/2005 (Doc. #32) | No, per counsel | Randy Bauman |
| 15 | *Ryder v. Mullin*, 6:05-cv-00024-JHP-KEW | 9/13/2005 (Doc. #13); Suppl. Auth filed 3/21/2006 contains argument (Doc. 21) | No, per counsel | Randy Bauman |
| 16 | *Derosa v. Mullin*, 6:05-cv-00213-JHP-SPS | 12/23/2005 (Doc. #17); Attachments filed 12/23/2005 (Doc. #18); Response filed 3/22/2006 with attachments (Doc. #19). | No, per counsel | Patti Palmer Ghezzi (FPD) |
| 17 | *Barrett v. USA*, 6:09-cv-00105-JHP | | Yes, per order of the court. | |