**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| *Movant*, | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-00105-JHP** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *Respondent*. | ) | |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION**
**TO ALTER OR AMEND JUDGMENT**

**COMES NOW** the United States of America by and through undersigned counsel and files this response in opposition to Barrett's Motion to Alter or Amend Judgment (Doc. 217). In its present form, the 59(e) Motion is procedurally defective and must be denied or amended, because it mixes successive substantive § 2255 claims with non-successive procedural claims attacking the conduct of the § 2255 proceeding. Alternatively, it fails to state any basis for reconsideration of this Court's orders denying relief, judicial recusal, an evidentiary hearing or a certificate of appealability.

**PROCEDURAL HISTORY**

On March 16, 2009, Barrett filed a 17-claim motion for relief under 28 U.S.C. § 2255, attacking his federal homicide conviction and death sentence. Doc. 1. On December 5, 2009, he filed a second-amended § 2255 motion, raising 19 claims. Doc. 95. On March 1, 2010, he filed a brief in support of his motion. Doc. 149. On May 17, 2010, the government answered the second-amended motion for collateral relief. Doc. 174. On August 16, 2012, this Court issued an Opinion and Order denying relief under § 2255 and denying a certificate of appealability. Doc. 214. On September 13, 2012, 28 days after the Court issued its Order, Barrett filed the

1

instant Motion to Alter or Amend Judgment and Brief in Support. Doc. 217 ("Mot."). This Response in Opposition follows.

## I. THE FIRST TWO CLAIMS ON RECONSIDERATION CONSTITUTE A SECOND OR SUCCESSIVE PETITION FOR RELIEF

Barrett has failed to heed the limitation on his ability to file successive applications for § 2255 relief by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified at 28 U.S.C. §§ 2244(b) & 2255(h).

A motion to reconsider the denial of a § 2255 motion is treated as a request to file a second or successive motion under § 2255 if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." *United States v. Pedraza*, 466 F.3d 932, 933–34 (10th Cir. 2006). Such claims should be transferred to the Court of Appeals. *Id*. District courts may, however, consider a "true" motion for relief from judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 528–32 (2005); *Pedraza*, 466 F.3d at 933–34. To avoid treatment as a successive motion, the movant must challenge "some defect in the integrity of the federal habeas process" rather than the "substance of the federal court's resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. Pleadings that mix "true" requests for relief under Rule 59(e) with second or successive § 2255 claims, are viewed as separate documents. *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir.2006).

Ordinarily, a claim of judicial bias in the determination of a § 2255 motion might fall outside the scope of the successive application rule. Here, however, Barrett presented two claims of judicial bias as part of his § 2255 Motion, and argued within it that the Court should recuse itself. *E.g*., Doc. 95 at 31 & 400. Indeed, Barrett specifically relied on alleged judicial bias as a basis for collateral relief. Doc. 95 at 31 ("For the foregoing reasons, the trial judge should recuse himself from this case. Thereafter, this Court should grant the relief sought

2

herein."). Barrett maintained the § 2255 request for recusal long after this Court had observed that the local rules required separate filings for separate motions. *See* Tran. Oct. 6, 2009 at 8. Barrett's maintenance of the request within the § 2255 motion clearly indicates his apparent belief that it directly supported collateral relief.

The procedural nexus between Barrett's request for recusal and § 2255 relief clearly reflect a desire for a substantive connection. Presumably, he anticipated that this Court would rely on recusal as a concession of bias supporting his § 2255 claims that the trial defense was improperly denied necessary resources. *See* Doc. 95 (claims I and III). Given the symbiosis between Barrett's claim of judicial bias in the collateral proceedings and his claim of bias during trial, the present claim "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." *United States v. Pedraza*, 466 F.3d at 933–34. Accordingly, this Court should refuse to consider it as a second or successive request for collateral relief.

Barrett's second claim, that the Court erroneously failed to grant an evidentiary hearing, appears facially to attack an alleged defect in the procedures employed in this case. Barrett begins his argument by identifying instances in which he believes the Court relied on its recollection to the exclusion of the record. Mot. at 15-16. However, his contentions devolve into substantive arguments about the bases of the Court's factual findings and legal rulings. For instance, he argues that the Court improperly rejected the opinion of Susan Otto (Mot. at 17); he argues that the Court baselessly found counsel learned in the law of capital cases (*id.*); he argues that the Court did not adequately address a declaration from former counsel Echols about foregone preparations for trial (*id.*); he argues that the Court relied on unsupportive facts in determining that Mr. Echols was seeking to obtain improper compensation (*id.* at 17-18); and he

3

argues that the Court relied on inappropriate information in determining the reasonableness of trial counsel's conduct (*id*. at 18-19).  Barrett then drops any guise of arguing that he was deprived of an evidentiary hearing and simply takes issue with the Court's interpretation of his proffered mitigation evidence.  *Id*. at 19-21.

Barrett's claim, in large measure a naked attempt to relitigate the § 2255 motion, should be treated as a second or successive petition.

## II.  BARRETT HAS NOT IDENTIFIED ANY ERROR MERITING RECONSIDERATION

Assuming, arguendo, that this Court construes any of Barrett's arguments as "true" requests for reconsideration, rather than as second or successive petitions for collateral relief, it should deny relief as to each contention.  Barrett has failed to meet the pertinent standard for reconsideration of this Court's final order denying relief.

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."  *Miller v. State of Kan. Highway Patrol*, 383 F. App'x 813, 814 (10th Cir.2010) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)); *Ysais v. Richardson*, 603, F.3d 1175, 1178 n.2 (10th Cir. 2010).  The rules permit litigants to request alteration or amendment of an adverse judgment under Federal Rule of Civil Procedure 59(e).  *Van Skiver*, 603 F.3d at 1178 n.2.  "Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Devon Energy Production Co., v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

A.  Barrett Fails to Establish a Basis to Alter or Amend the Denial of a Judicial Recusal

Barrett has not identified any change in the law or evidence[1] that would support judicial recusal following this Court's denial of his repeated requests for such action (*see* Docs. 1, 2, 45, 70, 95 & 178).  In fact, the only changed circumstance identified by Barrett is the Court's issuance of an opinion denying relief.  He makes a perfunctory attempt to rely on the language of the opinion to demonstrate bias (Mot. at 6-10) but his effort is for naught.  For example, he complains that the court disparaged him by observing that he expanded the record to "voluminous proportions."  But Barrett, himself, conceded as much when he sought permission to file an oversized brief: "Petitioner cites as grounds for the oversized brief the serious nature and complexity of the subject matter; the *voluminous nature of the record and the Amended Motion*."  Doc. 111-2 (emphasis added).  Putting aside Barrett's concession of the obvious, the Court had long-ago noted the out-sized proportions of the pleadings in this case.  *See, e.g.*, Doc. 66 ("the Court is aware that the voluminous § 2255 motion"); Doc. 74 (referring to the "voluminous Motion").

Apart from the references to the size of the record, Barrett also complains about the Court's opinion that his attorneys have not acted entirely in good faith and have filed documents with the intent to delay disposition.  Of course, adverse rulings are not a basis for recusal.  *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988).  Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-

---

[1] Barrett relies in part on an exhibit that purports to compare this Court's treatment of his motion for collateral relief with those of other litigants.  Mot. Ex. B.  The declaration does not constitute new evidence.  Barrett presented the same information orally to this Court and as an exhibit in support of his mandamus request to the Tenth Circuit.  Tran. Oct. 6, 2009 at 27-28; Doc. 94-2; Petitioner's Reply to Brief for the United States in Opposition to the Petition for Writ of Mandamus, at Appendix A, *In re Barrett*, No. 09-7096 (10th Cir. Dec. 8, 2009).

seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (holding that issuance of contempt decision against attorney did not require recusal).

Not only has Barrett failed to identify any changed circumstance supporting reconsideration, he has not shown any clear error, nor could he. The Tenth Circuit's decision on mandamus precludes a finding of clear error at this juncture. The law of the case doctrine applies to mandamus decisions actually deciding issues on the merits. *See Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir.2001). In rejecting mandamus in this case, the Tenth Circuit held, "We are not convinced that Mr. Barrett has established a *clear and indisputable right* to the district judge's recusal under any of § 455's subsections or that this case presents the exceptional circumstances required to issue a writ of mandamus." *In re Barrett*, No. 09-7096, Doc. No. 01018330196 (10th Cir. Dec. 14, 2009) (emphasis added). The Tenth Circuit's ruling, on ostensibly the same facts advanced here, demonstrates a lack of clear error in this Court's own recusal ruling and should preclude any relief here.

Accordingly, the Court should deny the request to alter or amend the judgment.

B. Barrett Fails to Establish a Basis to Alter or Amend the Denial of an Evidentiary Hearing

In arguing that the Court erroneously denied him an evidentiary hearing, Barrett does not identify an intervening change in controlling law or any new evidence in support of his initial request. Instead, he attempts to demonstrate clear error by arguing that the Court improperly relied on its recollection of events, thereby providing untested evidence and avoiding an evidentiary hearing. Mot. at 10-22.

Barrett's effort to demonstrate error fails on a legal and a factual basis. Courts may rely on their recollections in ruling on § 2255 motions, so long as they do not do so to the exclusion

6

of a corroborative or contradictory record: "Where a record is available which would support or contradict a defendant's factual challenge to his conviction, the district court judge cannot rely solely on his own recollection of events to rule on the merits." *United States v. Scully*, 798 F.2d 411, 413 (10th Cir.1986)). In this case, the record expressly supported the Court's findings.

According to Barrett, the Court has improperly opined that it encouraged trial counsel, following a change in appointments, to submit an amended budget request because of their lack of familiarity with the prior state court proceedings. Mot. at 15. In fact, the Court's opinion cites Trial Document 133, which specifically explained the Court's concern and motivation, consistent with its recollection in the opinion:

> Counsel shall have until May 27, 2005, to submit an amended budget proposal if they feel (1) delegation of hours needed to be shifted between counsel, or (2) certain categories may require additional hours due to the unfamiliarity of both counsel with the background of the case. . . . [T]his Court is not so concerned with counsel shifting the approved number of hours . . . as it is with counsel exceeding the total number of hours approved."

Tr. Doc. 133 at 1-2.

Barrett also inaccurately accuses the Court of relying on its present-day opinion when it wrote that it attempted to get counsel to "focus" on the need for expert witnesses. Mot. 16. The Court, in fact, expressly premised the pertinent portion of its opinion on the record:

> *[T]he record makes it clear* that the budget was not carved in stone but was an estimate of what might reasonably be required. . . . Thus [this] court, in carrying out its administrative functions in this case, *attempted to get counsel to focus on exactly what would be needed in the way of experts in order to ensure that the requests were reasonable and necessary to provide fair compensation.* . . . since the underlying incident had been the focus of two prior state court trials, counsel should have been able to utilize the factual investigations completed in the earlier cases to [defray expenses]. Once the court approved a budget, however, counsel were not prevented from . . . [requesting increases in] budgeted amounts and the court, on several occasions, encouraged defense counsel to submit supplemental budget requests if they felt they needed additional funding.

7

Doc. 214 at 32 (emphasis added).   In support, the Court relied on three documents from the record (Tr. Docs. 321, 318 and 128), explaining its citations with parentheticals.   Doc. 214 at 32-33 n.93.   The Court's order appointing Messrs. Hilfiger and Smith, while not cited, also set forth the Court's concern for identifying expert witness expenses.   Doc. 133 at 2-3.   Thus, the opinion denying § 2255 relief reflected the record, rather than the Court's present-day recall of events.

Barrett also attacks the Court's opinion that Messrs. Hilfiger and Smith were active members of the CJA defense panel.   But these facts are supported by contemporaneous records. In May of 2005, the Court noted Mr. Hilfiger's substantial experience, as prosecutor and defense counsel, in its order granting Mr. Echols's request to withdraw.   Tr. Doc. 128 at 5.   As to Mr. Smith, the Court's records amply demonstrate his federal court experience at the time of appointment.   A search of his name as attorney in this District's PACER system, indicates that he had appeared as counsel in 66 cases when he was appointed in this one.   Ex. A.

Barrett claims the Court improperly dismissed as "ludicrous" a declaration concerning qualifications for appointment as defense counsel in a capital case.   Mot. at 17.   While the Court characterized as "ludicrous" a single, erroneous assertion in that declaration, it made no such determination as to the balance of the document.[2]   Doc. 214 at 24 n.62.   More significantly, the Court amply explained its reasoning for finding Barrett's lead trial counsel, Mr. Hilfiger, learned in the law applicable to capital cases – he had served as a defense attorney, the U.S. Attorney, and as defense counsel for a capital defendant in the Eastern District of Oklahoma, facts the Court recounted when it appointed him in Mr. Echols's place.   Tr. Doc. 128 at 5.

Barrett next argues that the Court improperly relied on its present-day opinions of Mr. Echols, who withdrew as lead trial counsel prior to trial.   Mot. at 18.   Barrett's argument simply

---

[2] Barrett makes no attempt to defend the accuracy of the declarant's statement.

disregards the record citations in support of the Court's findings. *See* Doc. 214 at 141-43 & nn. 192-94.

Barrett also faults the Court for failing to rely on the declarations of experts that he submitted in support of his ineffective assistance of counsel claims. Specifically, Barrett complains that the Court failed to heed the command of *Strickland v. Washington*[3] to impose an objective standard of reasonableness on counsel's conduct. Mot. at 18-19. He misconstrues the opinion, which states that "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant."  466 U.S. at 688-89. The opinion continues in this vein: "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance . . . .and it is all too easy for a court . . . to conclude that a particular act or omission . . . was unreasonable." *Id*. at 690. This Court stood on firm legal ground in rejecting the opinions of Barrett's speculative experts in favor of the explanations offered by trial counsel and cited in the opinion denying § 2255 relief. *See* Doc. 214 at 178-79.

Barrett also complains that this Court improperly rejected his position that counsel's alleged errors had prejudiced him. Doc. 19-20. Barrett does not attempt to demonstrate legal error: he simply states his disagreement with the Court's judgment. He does rely on the declaration of a supposed jury expert in contradicting the Court's findings about the value of certain omitted evidence. That declaration was never presented to the Court prior to the filing of this Motion, but the reasoning and information offered in it could not carry the day for Barrett. The declarant purports to forecast the views of the jury in this case based on his extensive

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

interviews of capital case jurors. Were the jurors in this case available, their own opinions would not be admissible. Fed. R. Evid. 606(b). A witness's speculation, premised on the hearsay views of jurors in other cases does not demonstrate any error, much less clear error.

Finally, Barrett argues that the Court did not properly analyze the prejudice prong of his ineffective assistance of counsel claims in light of *Porter v. McCollum*, 558 U.S. 30 (2009). Mot. at 20-22. He appears to take the position that this Court must give weight to any mitigation evidence he can identify, but he has once again misconstrued the pertinent law. A determination of prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. In the context of a challenge to a sentence of death, the question is whether "there is a reasonable probability that [the judge and jury] would have returned with a different sentence." *Wiggins v. Smith*, 539 U.S. 510, 536 (2003). "To assess that probability, [courts] consider the totality of the available mitigation evidence – both that adduced at trial, and the evidence adduced in the habeas proceeding – and reweig[h] it against the evidence in aggravation." *Porter*, 558 U.S. at ___, 130 S. Ct. at 453-54 (citation and internal quotes omitted). "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011). As the Supreme Court did in *Porter*, this Court properly considered the weight of the mitigation evidence offered by the petitioner. *Porter* did not obligate the Court to blindly credit Barrett's proffer, and this Court correctly declined to do so. Accordingly his attempt to demonstrate clear error should fail.

Barrett's entire attack on the decision to deny him an evidentiary hearing is fraught with legal and factual error. This Court should therefore deny the request to alter or amend the judgment.

C.  Barrett Fails to Establish a Reason to Alter or Amend the Denial of a Certificate of Appealability

10

Barrett asks this Court to reconsider its denial of a certificate of appealability as to every issue raised in his § 2255 motion. He asserts that the length of the Court's opinion denying relief is evidence that his claims are "debatable" and therefore merit appeal. Mot. at 22-24. Barrett's inference finds no support in the law or the record.

A petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In other words, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484. The length of an opinion denying collateral relief does not necessarily signal that reasonable jurists would find the claims debatable. No inference of debatability arises if the claims contain legal, factual or logical flaws that the court must address at length in order to place the assertions in context. *See Pantano v. Donat*, No. 3:08–cv–00685–ECR–VPC, 2012 WL 3929515, *58 (D. Nev. Sept. 7, 2012).

Barrett cannot show, based on the length of the Court's opinion, that it was clearly obligated to grant him an appeal. In fact, the sheer size of the case, discussed above, necessitated a lengthy opinion. The Court confronted a 403-page Second Amended Motion for § 2255 relief (Doc. 95) that was supported by a 277-page legal brief (Doc. 149), a 215-page reply brief (Doc. 178) and a total of 219 exhibits (Docs. 95 & 178). The Court's opinion addressed Barrett's 895 pages of argument and a few thousand pages of exhibits in a little under 170 pages of text. The Court's brevity, under the circumstances, provides no basis for concluding that it identified issues subject to debate. Instead, it confronted several claims that were time or procedurally barred. *E.g.*, Doc. 214 at 56, 77, 102, 109-10, 12, and 167. It also corrected factual flaws (e.g., *id.* at 70 and 78) and legal errors (*e.g. id.* at 8 n. 13, 40) in Barrett's claims. On this record,

Barrett cannot show that the denial of a certificate of appealability constituted clear error because the Court required a lengthy opinion to address his claims. *See Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009) (251-page slip opinion denying § 2255 relief in a capital case reduced to 104-pages in official reporter), *certificate of appealability denied*, 2010 WL 2775402 (W.D.N.C. July 13, 2010), *certificate of appealability denied, sub nom.*, *United States v. Jackson*, No. 09-10, Doc. 30 (4th Cir. 2011), *cert. denied, sub. nom., Jackson v. United States*, ___ S. Ct. ___, 2012 WL 4475543 (2012).

### CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges the Court to transfer in part or deny in total Barrett's Motion to Alter or Amend the Judgment.

Dated: October 29, 2012

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ Christopher J. Wilson
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ Jeffrey B. Kahan
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779

**<u>CERTIFICATE OF SERVICE</u>**

I, hereby certify that on 29th day of October, 2012, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry, Attorney for Petitioner
Joan M. Fisher, Attorney for Petitioner
Tivon Schardl, Attorney for Petitioner

<u>/S/ Christopher  J. Wilson</u>
United States Attorney's Office
