383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
Barney MILLER, Plaintiff-Appellant,
v.
STATE OF KANSAS HIGHWAY PATROL, Defendant-Appellee.

No. 10-3046.
June 23, 2010.

**Background:** Applicant brought action alleging that state highway patrol discriminated against him, in violation of Americans with Disabilities Act (ADA), by not allowing him to test for position for which he had applied. The United States District Court for the District of Kansas, 2010 WL 497651, dismissed complaint and denied applicant's motion to reconsider. Applicant appealed.

**Holdings:** The Court of Appeals, Deanell Reece Tacha, Circuit Judge, held that:
(1) applicant's complaints did not provide basis for altering or amending judgment, and
(2) applicant forfeited his right to appellate review.

Affirmed.

West Headnotes

**[1] Federal Civil Procedure 170A 🔑2653**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(G) Relief from Judgment
            170Ak2651 Grounds

170Ak2653 k. Error in general. Most Cited Cases

**Federal Civil Procedure 170A 🔑2655**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(G) Relief from Judgment
            170Ak2651 Grounds
                170Ak2655 k. Further evidence or argument. Most Cited Cases

Plaintiff's complaint about adequacy of his attorney's representation in employment discrimination case and his request to have his case reinstated so he could bring claim under different statute did not implicate manifest errors of law or newly discovered evidence, and thus did not provide basis for altering or amending judgment. Fed.Rules Civ.Proc.Rule 59(e), 28 U.S.C.A.

**[2] Federal Courts 170B 🔑915**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)7 Waiver of Error in Appellate Court
                170Bk915 k. In general. Most Cited Cases

Pro se plaintiff in employment discrimination action forfeited his right to appellate review of district court's dismissal of his complaint as result of his failure to present court with any reasoned arguments supported by citations to record or legal authority. F.R.A.P.Rule 28(a)(5-9), 28 U.S.C.A.

**\*813** Barney Miller, Dwight, IL, pro se.

Christopher M. Grunewald, Kimberly Michelle Grunewald, Attorney General for the State of Kansas, Topeka, KS, for Defendant-Appellee.

Before TACHA, HOLLOWAY, and ANDERSON, Circuit Judges.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT ONE

383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.)))**

**\*814 ORDER AND JUDGMENT** FN*

FN* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

DEANELL REECE TACHA, Circuit Judge.

**\*\*1** Barney Miller, proceeding pro se, appeals from the district court's dismissal of his complaint and the denial of his motion to reconsider. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

*Background*

Mr. Miller filed a pro se "Employment Discrimination Complaint" against the State of Kansas Highway Patrol, alleging that the State discriminated against him in violation of the Americans with Disabilities Act (ADA) by not allowing him to "test" for a "Communication Specialist" position for which he had applied. *See* R. at 6-11. The district court later appointed counsel to assist Mr. Miller with his case. The State filed a motion to dismiss Mr. Miller's complaint, arguing that his ADA employment discrimination claim was barred by the State's sovereign immunity under the Eleventh Amendment. Mr. Miller responded through counsel, asserting that the State's immunity to suit only applied to claims brought under Title I of the ADA and that his claim should be allowed to proceed under Title II of the ADA. The district court granted the motion to dismiss based on the following reasoning:

If the plaintiff is asserting the claim pursuant to Title I of the ADA, the claim[ ] is dismissed pursuant to Rule 12(b)(1) for a lack of jurisdiction,

as the State is immune from suit. If the plaintiff is asserting a claim pursuant to Title II of the ADA, the claim is dismissed pursuant to Rule 12(b)(6) for failure to state claim, as the plaintiff has not shown that Title II of the ADA applies to employment discrimination claims.

*Id.* at 53.

Mr. Miller then filed a pro se motion to reconsider the district court's dismissal of his complaint. Mr. Miller first notified the court that he was no longer represented by an attorney. He then asked the district court to "consider reversing the[ ] earlier dismissal of [his] case" and to have his case "reinstated under section 504 of the rehabilitation act of 1973." *Id.* at 55. The district court denied the motion to reconsider. Mr. Miller then filed a pro se notice of appeal.

*Discussion*

We first consider the district court's decision to deny Mr. Miller's motion to reconsider.

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).

*Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). Here, Mr. Miller did not specify whether he was seeking relief under Rule 59(e) or Rule 60(b). In his motion, Mr. Miller asked the court to reconsider the dismissal of his complaint and to allow him to amend his complaint to add a new claim under section 504 of the Rehabilitation Act of 1973. He asserted that he did not know about the possibility of bringing such a claim until after his **\*815** complaint was dismissed and that his attorney had not adequately represented him.

**\*\*2** Without a specific reference to Rule 59(e) or Rule 60(b), the district court considered the mo-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT ONE

383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.)))**

tion to reconsider under both rules. The district court first concluded that, if the motion was seeking relief under Rule 59(e), then it was not timely filed because it was filed more than ten days after judgment was entered. The district court then determined that Mr. Miller's motion failed to set forth any grounds for relief under Rule 60(b). Accordingly, the district court denied the motion to reconsider.

We review the denial of a Rule 59(e) or Rule 60(b) motion for abuse of discretion. *See Ysais v. Richardson,* 603 F.3d 1175, 1180 (10th Cir.2010), *petition for cert. filed,* (June 10, 2010) (No. 09-11225); *Manning v. Astrue,* 510 F.3d 1246, 1249 (10th Cir.2007). Mr. Miller initially complains about the district court's decision to deny his motion to reconsider because it was filed more than ten days after the district court's dismissal order. He contends that his attorney did not give him timely notice of the district court's ruling. We conclude that the district court erred in denying the motion as untimely because Mr. Miller's motion was timely filed under the amended Rules of Civil Procedure that took effect on December 1, 2009.

[1] The district court entered judgment on December 18, 2009; as a result, Mr. Miller had twenty-eight days to file a motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). His motion was filed on January 11, 2010, which was timely under Rule 59(e) because it was twenty-four days after judgment was entered. But denial of a Rule 59 motion as untimely is harmless error if there was no basis for granting the motion on its merits. *See Anderson v. Deere & Co.,* 852 F.2d 1244, 1246 (10th Cir.1988); *Monod v. Futura, Inc.,* 415 F.2d 1170, 1175 (10th Cir.1969). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir.1997) (quotations omitted). In his motion to reconsider, Mr. Miller complained about the adequacy of his attorney's representation and asked to have his case reinstated so he could bring a claim under a different statute. Neither of

these issues implicate manifest errors of law or newly discovered evidence. We therefore conclude it was harmless error for the district court to deny the motion as untimely.[FN1]

> FN1. Mr. Miller's brief does not articulate a challenge to the district court's decision that he was not entitled to relief under any of the provisions of Rule 60(b). Accordingly, he has waived any challenge to that portion of the district court's decision. *See Becker v. Kroll,* 494 F.3d 904, 913 n. 6 (10th Cir.2007).

[2] As for the district court's decision to dismiss his complaint, Mr. Miller has not provided this court with any substantive basis on which to overturn the district court's decision. His pro se brief contains a rambling narrative about his case in which he includes complaints about his attorney[FN2] and the district court judge. *See* Aplt. Br. at 1-6. He has made no attempt to comply with Federal Rule of Appellate Procedure 28. His brief fails to include a statement of issues for review, a statement of the case, a statement of the facts, a summary of the argument, and an **\*816** argument section with citations to legal authority or to the record-all of which are required by Rule 28(a)(5)-(9).

> FN2. We note that any alleged ineffective assistance by Mr. Miller's counsel is not a basis for appeal or retrial. *See Nelson v. Boeing Co.,* 446 F.3d 1118, 1119 (10th Cir.2006); *MacCuish v. United States,* 844 F.2d 733, 735-36 (10th Cir.1988). His remedy is a legal malpractice suit against his attorney. *See id.*

**\*\*3** Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants. Thus, although we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT ONE

383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.)))**

various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.
*Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005) (quotations, citations, and alterations omitted). We conclude that Mr. Miller has forfeited his right to appellate review of the district court's dismissal of his complaint because he has failed to comply with Rule 28 and he has not presented this court with any reasoned arguments that are supported by citations to the record or legal authority.[FN3] *See id.* at 840-841 (concluding that appellant had forfeited his right to appellate review where his brief failed to comply with Rule 28 and his issues on appeal consisted of "mere conclusory allegations with no citations to the record or any legal authority or support"); *see also Eateries, Inc. v. J.R. Simplot Co.,* 346 F.3d 1225, 1232 (10th Cir.2003) (concluding that appellant's superficial argument with no record citations or legal authority was "insufficient to garner appellate review"). Accordingly, the judgment of the district court is AFFIRMED. Mr. Miller's "Motion to Recuse" is DENIED.

> FN3. Mr. Miller appears to summarize the basis for his appeal as follows:

> I'm appealing Judge Brown['s] decision to dismiss this case under inadequate representation of counsel, evidence of malicious intent by the state of Kansas, the EEOC, and the Attorney General, and even though Judge Brown used case law against me he also did it out of spite and even though it can't be directly proven its v[e]ry suspicious.

> Aplt. Br. at 5.

C.A.10 (Kan.),2010.
Miller v. State of Kansas Highway Patrol

383 Fed.Appx. 813, 2010 WL 2511544 (C.A.10 (Kan.))

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT ONE