**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CIV-105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**ORDER**

This matter comes before the Court on Petitioner's Unopposed Motion to Modify Scheduling Order (Dkt. # 247). For the reasons set out herein, Petitioner's Motion is **denied**.

This case arose out of a death which occurred on September 24, 1999. An indictment was filed in this Court on November 9, 2004, Criminal Case No. 04-CR-115-JHP. Because the petitioner/defendant had been tried twice in state court before being indicted in federal court, the underlying facts of the case were well known at the time the indictment was filed herein. The case was tried in this Court beginning in September, 2005 and concluding on November 17, 2005 when the jury returned their verdicts. On December 19, 2005, this Court sentenced the defendant. The case was affirmed on appeal by the Tenth Circuit on July 25, 2007[1] and certiorari was denied on March 17, 2008.[2]

---

[1] *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007).

[2] *Barrett v. United States*, 552 U.S. 1260 (2008).

Two days after the United States Supreme Court denied *certiorari* the defendant filed a Motion for Appointment of Counsel to Pursue Post-Conviction Remedies. On March 27, 2008, this Court appointed counsel who subsequently filed their entries of appearance on April 2 and 3, 2008. On March 17, 2009, a motion to vacate was filed. This Court denied said motion on August 16, 2012. On August 19, 2015, the Tenth Circuit issued its order reversing and remanding this matter for an evidentiary hearing on the sole issue of "whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether the Defendant suffered prejudice from any deficiency *during the penalty phase of his trial*." Dkt. # 230. Thereafter, Petitioner sought certiorari in the United States Supreme Court and leave to file a successive motion to vacate in the Tenth Circuit Court of Appeals. As a result, this Court struck the evidentiary hearing it had set for June 2, 2016.

In their motion to now extend the evidentiary hearing, which this Court set for February 16, 2017, the parties indicate they need a minimum of six more months to conduct discovery herein. In support of his original motion to vacate, however, Petitioner submitted documents, declarations and assessments of three experts: Dr. Bill Sharp, who examined Defendant in 2002; Dr. Myla Young, a clinical neuropsychologist who examined Defendant in 2009 and reviewed his records; and Dr. George Woods, a psychiatrist who also reviewed Defendant's records and examined him in 2009. *See*, *United States v. Barrett*, 797 F.3d 1207, 1229 (10th Cir. 2015). In the current motion, Petitioner states Dr. Woods will now need to do an additional evaluation of Mr. Barrett and a new expert will have to evaluate Mr.

Barrett. The evidentiary hearing herein is not to decide what evidence could be presented about Mr. Barrett's mental health today. Rather, the sole purpose is to determine what evidence could have been presented at the sentencing phase of Petitioner's trial in 2005 and whether Petitioner was prejudiced as a result of a lack of presenting that evidence in his trial. While this Court's docket is extremely busy, this Court is mindful that this particular case was not a complex case and yet, it has now been over twelve years since the jury rendered their verdicts herein. Petitioner has had ample time, since the Tenth Circuit ordered this Court to hold an evidentiary hearing on August 19, 2015, to get ready for that hearing. As a result, this Court denies the motion to extend the evidentiary hearing or any other deadlines set herein.

It is so ordered on this 15th day of November, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma