**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar 122664
Federal Defender of the Eastern District of California
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-5700
(916) 498-5710 [fax]
Joan_Fisher@fd.org

Attorneys for Petitioner,
Kenneth Eugene Barrett

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 6:09-cv-00105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MOTION FOR LEAVE TO** |
| | ) | **CONDUCT CIVIL** |
| Respondent, | ) | **DISCOVERY** |
| _____ | | |

**TABLE OF CONTENTS**

MOTION FOR LEAVE TO CONDUCT CIVIL DISCOVERY ...............................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................2

  I.   GOVERNING LEGAL STANDARDS ....................................................2

  II.  MR. BARRETT'S REQUESTS FOR DISCOVERY .....................................4

    A.  FOR GOOD CAUSE SHOWN. ......................................................4

    B.  DISCOVERY REQUESTED. ........................................................5

      1.  Disclosure of Exculpatory Information. ....................................5

      2.  Depositions and subpoenas duces tecum of government experts, trial counsel, and other witnesses. ...................................................7

        a.  J. Randall Price, Ph.D. .......................................................8

          i.  Subpoena Duces Tecum. ...............................................8

          ii.  Deposition .................................................................8

            a)  Dr. Steven Pitt, D.O., Government Requested Psychiatrist. ..........10

            b)  Roger Hilfiger and Bret Smith, Appointed Trial Counsel. .............10

          iii.  Depositions of Trial Counsel .........................................10

          iv.  Subpoenas Duces Tecum. ...........................................11

          v.  Request for Production .................................................11

            a)  Alan Frank Lloyd, former District 27 Drug Task Force Agent......12

          vi.  Deposition .............................................................12

          vii.  Subpoena Duces Tecum. .............................................13

            a)  Michael Littlefield, former Assistant United States Attorney........14

      3.  Requests for Production of Documents. ..................................16

      4.  Request For Additional Subpoenas Duces Tecum. ..................................20

      5.  Motion to Order the Government to Collect and Preserve Evidence from the Scene. .........................................................................22

  III.  COMPLIANCE WITH LOCAL CIVIL RULE 7.1(g). .............................23

  IV.  CONCLUSION .....................................................................23

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities    i    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

# TABLE OF AUTHORITIES

**Federal Cases**

*Bracy v. Gramley*, 520 U.S. 899 (1997) .............................................................. 2, 3

*Brady v. Maryland*, 373 U.S. 83 (1963) ................................................................. 7

*Browder v. Dir., Dep't of Corr.*, 434 U.S. 257 (1978) ....................................... 2, 3

*Giglio v. United States*, 405 U.S. 150 (1972) ........................................................ 7

*Hilton v. Braunskill*, 481 U.S. 770 (1987) ............................................................ 3

*Hooks v. Workman*, 689 F.3d 1148 (10th Cir. 2012) ............................................ 5

*Houston v. Lack*, 487 U.S. 266 (1988) ................................................................. 3

*Johnston v. Love*, 165 F.R.D. 444 (E.D. Pa. 1996) .............................................. 3, 4

*Lockett v. Ohio*, 438 U.S. 586 (1978) .................................................................... 6

*Murray v. Giarratano*, 492 U.S. 1 (1989) ............................................................ 3

*Pa. v. Finley*, 481 U.S. 551 (1987) ....................................................................... 2

*Teague v. Scott*, 60 F.3d 1167 (5th Cir. 1995) ..................................................... 3

*Toney v. Gammon*, 79 F.3d 693 (8th Cir. 1996) ................................................... 3

*United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015) .................................. 4, 9

*Wiggins v. Smith*, 539 U.S. 510 (2003) ................................................................. 7

**Federal Statutes**

28 U.S.C. § 2255 ........................................................................... 2, 9, 11, 18, 19

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities        ii              *Barrett v. USA*
                                                        OKED Case No. 6:09-cv-00105-JHP

## MOTION FOR LEAVE TO CONDUCT CIVIL DISCOVERY

Pursuant to the Court Order dated November 7, 2016 (Doc 246), for good cause shown Mr. Barrett asks the Court to enter an Order authorizing the discovery requested in the supporting Memorandum of Points and Authorities that follows. This motion is being made pursuant to Rule 6 of the Rules Governing Section 2255 Cases; Rules 26, 30, 33 and 34 of the Federal Rules of Civil Procedure; Local Rules of Criminal Procedure and Local Rules of Civil Procedure 7.1, 26.1, 37.1, 12.1 and the Fifth and Eighth Amendments to the United States Constitution.

Based on the authority and good cause set out in the attached Memorandum of Points and Authority, Petitioner is entitled to and requests this Court enter an Order permitting Counsel to conduct the discovery requested below.

DATED:  November 18, 2016          Respectfully submitted,

/s/ *Joan M. Fisher*
JOAN M. FISHER, Idaho Bar No. 2854
Assistant Federal Defender


/s/ *David Autry*
DAVID AUTRY, OBA No. 11600
Attorney at Law

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          1                    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  GOVERNING LEGAL STANDARDS

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court.  Rule 6 contemplates that the Court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause."

A habeas corpus petitioner is entitled to discovery if he can establish "good cause" for his request.  *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997).  A petitioner establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)); *see also* Rule 6 of the Rules Governing § 2255 Cases.

In exercising its discretion and in determining whether Petitioner has established "good cause" for the requested discovery, this Court should be guided by the recognition that habeas corpus litigation is a civil proceeding.  The more restrictive rules which apply to discovery in criminal cases do not control.  *See e.g., Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (habeas proceeding is "not part of the criminal proceeding itself, and it is in fact considered to be civil in nature."), citing, *Fay v. Noia,* 372 U.S. 391, 423-424 (1963 ); *Browder v. Director, Department of Corrections*, 434 U.S. 257, 269 (1978 ) ("It is well settled that

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          2                    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

habeas corpus is a civil proceeding"); *Murray v. Giarratano*, 492 U.S. 1, 8 (1989); *Houston v. Lack*, 487 U.S. 266, 272 (1988); *Hilton v. Braunskill*, 481 U.S. 770, 775-76 & n.5 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings are civil in nature. . . Where [] the need is evident for principles to guide the conduct of habeas proceedings, it is entirely appropriate to 'use . . . [civil] rules by analogy or otherwise'") (quoting *Harris v. Nelson*, 394 U.S. 286, 294 (1969)); *Browder v. Director*, 434 U.S. 257, 269 (1978).

A court's denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded development of the material facts found.   *Toney v. Gammon*, 79 F. 3d 693, 700 (8th Cir. 1996) (finding discovery was essential to petitioner's ineffective assistance of counsel claim.)  "Denial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of the claim." *Teague v. Scott,* 60 F.3d 1167, 1172 (5th Cir. 1995).

When a habeas petitioner has shown good cause for the discovery he seeks, discovery must be allowed.  "[I]t is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 909.  The purpose of post-conviction discovery "is to ensure that the facts underlying a [habeas] claim are adequately developed." *Johnston v. Love*, 165 F.R.D. 444, 445 (E.D. Pa. 1996).  Discovery is appropriate whenever "a petitioner has provided a

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          3                          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief." A discovery request may not be denied "if there is a sound basis for concluding that the requested discovery might allow him to demonstrate" his entitlement to relief. *Id.*

## II. MR. BARRETT'S REQUESTS FOR DISCOVERY

In the following subsections, Petitioner lists his discovery requests, how they are relevant to the issues before the Court, and good cause supporting the requests.

### A. FOR GOOD CAUSE SHOWN.

In *United States v. Barrett,* 797 F. 3d 1207, 1232 (10th Cir. 2015), the Tenth Circuit Court of Appeals addressed the issue of whether Mr. Barrett's trial counsel "prepared a mitigation case that measures up to professional norms and, if not, whether that made a difference" and found that the record before them was "inadequate." *Id.* at 1224. Consequently, the Court reversed and remanded Mr. Barrett's death sentence to this Court for an evidentiary hearing on whether the performance of trial counsel was deficient in not investigating [Mr. Barrett's] background and mental health and whether [he] suffered any prejudice from any deficiency during the penalty phase of his trial." The hearing now contemplated must address both deficiency in performance and prejudice. *Id.* at 1214 (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)). Prejudice is determined by

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          4                    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

the cumulative impact of deficient performance. *Hooks v. Workman,* 689 F.3d 1148, 1187–88 (10th Cir. 2012).

Within that mandate there are four areas of inquiry:

1.) The mental health of Mr. Barrett as it relates to any mitigating factor that was, could or should have been discovered, investigated and presented to the jury;

2.) Whether or not the facts and circumstances surrounding the execution of the no-knock, nighttime warrant, when viewed by a person suffering from Mr. Barrett's mental problems (which were not investigated, developed, or ever presented to the jury) made Mr. Barrett deserving of the death penalty;

3.) Whether it is reasonably probable that a jury made aware of these facts would have imposed a sentence less than death; and

4.) Whether the evidence described above and proffered to a jury would have raised, at a minimum, residual doubt of Mr. Barrett's guilt, which is in itself a significant mitigating factor.

It is to these inquiries that the discovery requested below is directed.

## B. DISCOVERY REQUESTED.

### 1. Disclosure of Exculpatory Information.

Petitioner requests the government disclose any and all mitigating evidence in its actual or constructive possession. This includes anything that disputes, refutes or undermines the credibility of any evidence relied upon by the government at sentencing.

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities            5            *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

**Good Cause.** There is reason to believe the government, through its agents or former agents, have in their actual or constructive possession mitigating evidence to which Mr. Barrett is constitutionally entitled.

Mitigating evidence is any evidence concerning the defendant or the offense, whether admissible under the rules of evidence or not, that reduces the moral blameworthiness and culpability of the defendant, suggesting that a life sentence rather than the death penalty is appropriate. *See Lockett v. Ohio*, 438 U.S. 586, 600, 604 (1978).   A sentencing jury may not be precluded from hearing "any aspect of a defendant's character or record and any of the circumstances of the offense" that could reasonably have been proffered "as a basis for a sentence less than death." *Id.* at 604.

Thus Mr. Barrett asks the Court to order the government to state and disclose any document, note, memoranda, or other tangible form of communication and/or documentation, including audio and video recordings, whether found in the government's files related to the prosecution and sentencing of Mr. Barrett, or known to exist and in the possession of third parties, that would mitigate punishment.  The agencies from which Petitioner seeks discovery of this evidence include, but are not limited to: 1) the Sequoyah County Sheriff's Office; 2) the City of Sallisaw Police Department; 3) the District 27 Multi-County Drug Task Force; 4) the DEA; 5) the FBI; 6) the ATF; 7) the Oklahoma Bureau of Narcotics and

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities            6            *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

Dangerous Drugs; ["OBNDD"]; 8) The Oklahoma State Bureau of Investigation ["OSBI"]; 8) the Oklahoma Highway Patrol ["OHP"]; and 9) the Oklahoma Department of Public Safety ["ODPS"].

Good cause for this specific request rests on the United States Supreme Court decisions in *Brady v. Maryland,* 373 U.S. 83, 87 (1963) (holding the "suppression by the prosecution of evidence favorable to the accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *Giglio v. United States*, 405 U.S. 150, 155(1972) (extending *Brady* to impeachment evidence). *Strickland v. Washington*, *supra; Wiggins v. Smith,* 539 U.S. 510, 534 (2003) (finding deficient performance in trial counsel's strategic decision to end an investigation was not supported by reasonable professional judgement.)

### 2. *Depositions and subpoenas duces tecum of government experts, trial counsel, and other witnesses.*

Based upon good cause, Mr. Barrett requests the right to depose the individuals named below. FED.R.CIV.P. 26, 30.

Movant seeks to depose trial counsel concerning matters relevant to their failure to adequately investigate and present mitigating evidence. The evidence omitted at trial includes, but is not limited to, Mr. Barrett's mental health, including evidence that would tend to negate the requisite intent to kill or which would diminish his ability to form such intent, as well as mitigating aspects of his

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities                    7                         *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

personal history and background.  Petitioner seeks to depose government experts to determine what their testimony will be and to develop evidence favorable to him.

### a.  J. Randall Price, Ph.D.

#### i.    *Subpoena Duces Tecum*

Petitioner requests the Court issue an order authorizing counsel to serve subpoenas duces tecum regarding the mental health evaluation of Mr. Barrett prior to trial conducted by government expert J. Randall Price that requires Dr. Price to produce any and all documentation of his examination. This includes, but is not limited to, all notes, reports, memoranda, materials of whatever form or nature in the possession of Dr. Price, or within his constructive possession.  Petitioner also seeks production of the entirety of any video or audio record of Dr. Price's examination of him.

Counsel are advised that the government again seeks to unseal the result of the complete mental health examination.  Mr. Barrett has no opposition to the unsealing and disclosure of all related documentation, including a video-taped interview of Mr. Barrett.

#### ii.    *Deposition*

Mr. Barrett seeks to depose Dr. Price within thirty days of full disclosure by the Court and/or United States Attorney of the complete mental health evaluation conducted by him, and all records related to the examination.

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          8          *Barrett v. USA*
                                                  OKED Case No. 6:09-cv-00105-JHP

**Good Cause**.  Pursuant to Court Order, a Sealed Psychological Evaluation/Risk Assessment of Mr. Barrett was prepared by Dr. J. Randall Price. The report was provided to a fire-walled Assistant United States Attorney in the Northern District of Oklahoma. The fire-walled attorney filed the sealed report with the Court. (Trl. Doc. 237.) The report remained sealed through the conclusion of trial, and remains sealed today.

There is no question Dr. Price's evaluation was considered by the Court in denying Mr. Barrett § 2255 relief.  *See* Doc. 214 at 91 n.159 & 189 (citing Trl. Doc. 237).  On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to consider whether counsel were ineffective in the penalty phase for failing, among other things, to present mitigating mental health evidence.  *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).  The Tenth Circuit noted this Court relied on Dr. Price's report, noting its potential effect on Mr. Barrett's claim.  *Id.*  Dr. Price's evaluation is without question relevant to Petitioner's claim that he received ineffective assistance of counsel in the penalty phase.

Mr. Barrett is entitled to Dr. Price's report and all material related to his examination.  Mr. Barrett is also entitled to depose, and serve a subpoena duces tecum on, Dr. Price.

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          9                                    *Barrett v. USA*
                                                                           OKED Case No. 6:09-cv-00105-JHP

a) *Dr. Steven Pitt, D.O., Government Requested Psychiatrist.*

Mr. Barrett moves to depose, and serve a subpoena duces tecum on, Dr. Steven Pitt, D.O., or any other mental health expert designated and relied upon by the government, assuming his objection to a government psychiatric exam is overruled.

Petitioner seeks an Order authorizing counsel to depose Dr. Pitt and to serve him with a subpoena duces tecum for any and all documents or recordings of whatever form or nature that relate to his examination of Mr. Barrett and his communications with the government. If the government elects to call Dr. Pitt as a witness at the evidentiary hearing, counsel further request full and complete disclosure of the written expert report under Rule 26.

b) *Roger Hilfiger and Bret Smith, Appointed Trial Counsel.*

Mr. Barrett seeks to depose trial counsel Roger Hilfiger and Bret Smith. He also seeks permission to serve them with subpoenas duces tecum.

### iii.    Depositions of Trial Counsel

Depositions of trial counsel are necessary for adequate preparation of the evidentiary hearing. It is a matter of record that former trial counsel Hilfiger and Smith submitted affidavits against Mr. Barrett without first securing a court order to determine the extent and scope of the waiver of attorney-client confidentiality. This raises an appearance of hostility toward Mr. Barrett, making depositions of Messrs. Hilfiger and Smith critical to preparation for the evidentiary hearing, a

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          10          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

hearing at which Mr. Barrett bears the burden of proof. *See Strickland v. Washington, supra.*

> iv.    *Subpoenas Duces Tecum.*

Mr. Barrett requests an Order permitting him to serve subpoenas duces tecum on trial counsel Roger Hilfiger and Bret Smith to produce any and all documentation memorialized in any manner (including records, files, or written indicia, including emails, texts, notes, memoranda, reports or any other means of documentation, as well as any and all recordings, including voicemails) relating to their representation of Mr. Barrett and not previously provided to Mr. Barrett's § 2255 counsel. These materials will be held in confidence by Mr. Barrett's § 2255 counsel until review makes clear what, if any, of the requested materials are the subject of a waiver of confidentiality by Mr. Barrett.

> v.    *Request for Production*

Related to these requests, Mr. Barrett also seeks production of any and all documentary evidence (including emails, texts or other digital communications, phone call messages, voicemail, notes, memoranda, reports, and recordings [audio or video]) of every communication between trial counsel Roger Hilfiger and/or Bret Smith with AUSA Christopher Wilson, or any agent of the United States Attorney's Office for the Eastern District of Oklahoma and/or Jeffrey Kahan,

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities        11                          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

United States Department of Justice, or any agent of the United States Department of Justice.  *See also* Requests for Production 3 and 4 below.

> a) <u>*Alan Frank Lloyd,*</u> *former District 27 Drug Task Force Agent.*
>
> vi.   *Deposition*

Mr. Barrett requests an Order permitting him to depose Alan Frank Lloyd, who was employed as an investigator for the District Attorney and who assisted in setting up Mr. Barrett for a 1996 one-quarter gram delivery charge.  Although the charge was ultimately dismissed, a bench warrant was issued for failure to appear. This incident served in part as "probable cause" for the no-knock warrant that resulted in the trooper's tragic death.  Mr. Lloyd is also the agent for the District 27 Drug Task Force Unit who contacted OHP Trooper Danny Oliver to arrange for the OHP's participation in the execution of the no-knock, nighttime warrant on September 24, 1999.  Mr. Lloyd was a fellow agent of Clint Johnson, who allegedly advised both OHP (and later the OSBI) that Mr. Barrett had purportedly made threats against law enforcement that made execution of the warrant a high risk.

On information and belief, former Agent Lloyd's activities surrounding the original charges of delivery of drugs (including approaching Mr. Barrett before the December 19, 1996 date of the alleged delivery charged on March 24, 1997 and advising him that he must become an informant and turn three deals to avoid

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          12          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

"going down" for 25 years) likely exacerbated Mr. Barrett's paranoia and overall mental illness. Evidence of this triggering event would have produced admissible mitigating evidence related to Mr. Barrett's mental state and what he believed to be the reasonableness of his conduct.

**Good Cause.** Mr. Lloyd was a purported witness in the delivery case. He was subpoenaed to testify at the preliminary hearing. Although he was in the courthouse, the hearing was aborted and he was not called to testify. Nonetheless, OBN Agent Kevin Ottwell admitted under oath that Agent Lloyd may have attempted to flip Mr. Barrett to give evidence against drug users or dealers. Former Sallisaw Police officer Larry Blount was also involved in the 1997 drug delivery, and has now admitted under oath that he lied when he said he observed the sale. (Cr.0115, Doc 433 Exh. 4). The testimony of Agent Lloyd is relevant and material to the claims of second stage ineffective assistance of counsel. Had counsel investigated the circumstances surrounding the drug delivery charge, and subsequent acts and failures to act by law enforcement, which impacted Mr. Barrett's mental health and mental state, his actions on the night OHP Trooper Rocky Eales was killed could have been cast in a mitigating light.

*vii.   Subpoena Duces Tecum.*

Mr. Barrett requests a court Order permitting him to serve a subpoena duces tecum on Mr. Lloyd to produce any and all documentation memorialized in any

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          13          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

manner whatsoever (including but not limited to emails, texts, records, files, or written indicia including notes, memoranda, reports or any other means of documentation and/or any and all recordings including but not limited to voicemail) related to Mr. Barrett from January 1996 (i.e., prior to the approach to Mr. Barrett to turn informant) through 2005, the start of the federal trial.

There is good cause to believe former Agent Lloyd possesses such files. Mr. Barrett asserts that an interview by his investigator with DEA Agent Juan Beal revealed Mr. Lloyd "had two secret rooms in his house, one upstairs in his bedroom with an escape route, and one in which he stores old DTF files and reports." Cr-0115 Doc 432 Exh. 1 (Interview of Juan Beal). The manner in which Mr. Barrett had been used and abused by law enforcement in Sallisaw and Sequoyah County over many years is relevant to establishing his mental state when his property was raided by the OHP Tact Team.

a) *Michael Littlefield, former Assistant United States Attorney.*
Michael Littlefield was the lead investigating attorney for the United States in the prosecution of Mr. Barrett. Mr. Littlefield is the only person known to have cultivated and interviewed the seven informant witnesses who testified against Mr. Barrett at the federal trial. These witnesses did not testify at the state trials. What they said to Mr. Littlefield in his interviews of them is relevant, one way or the other, to the question of Mr. Barrett's mental health and general conduct in the

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities        14                              *Barrett v. USA*
                                                                 OKED Case No. 6:09-cv-00105-JHP

months preceding the raid on his home. Trial counsels' failure to demand full disclosure of those conversations and to insist on unimpeded access to those witnesses was in part a function of the failure to appropriately investigate penalty phase evidence. Mr. Barrett's request is grounded in his burden to show prejudice stemming from ineffective assistance of counsel in the penalty phase.

In addition to any documents or materials relating to the interviews of these informant witnesses, Petitioner also requests that the deposition subpoena command Michael Littlefield (and the government, which likely retained Mr. Littlefield's files after his departure from the U.S. Attorney's Office) to produce at the deposition any notes, memoranda or writing, audio-recordings or photographic or video recordings, or digital evidence that Mr. Littlefield, or any person acting at his direction, may have made or possessed prior to Petitioner's sentencing concerning Mr. Barrett's state of mind, and evidence of any intimidation practiced by Mr. Littlefield on any of the seven informant witnesses, including Charles "Monk" Sanders, Travis Crawford, Randy Weaver, Randy Turman, Karen Real, Brandy Price and/or Cindy Crawford, by law enforcement agents or government retained experts. Any evidence that these witnesses were threatened or intimidated by Mr. Littlefield is relevant mitigating evidence, because it calls into question the credibility of the government's case. The testimony of the seven informants was

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          15                    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

the most damning evidence of Mr. Barrett's purported state of mind, which profoundly reflected the state of his mental health.

### 3. *Requests for Production of Documents.*

Mr. Barrett further requests this Court grant him permission to conduct the following Discovery pursuant to FED.R.CIV.P. 33 and 34 by submitting to the government the following Motion to Produce.

a. <u>Request for Production No. 1</u>:  Produce for inspection and copying any writing or documentation in the government's actual or constructive possession, whether admissible or not, whether in hard or electronic copy form, and of whatever nature, including  emails, texts, or other digital communications, notes, memoranda, logs, contracts or agreements, monies, surveillance reports, offense reports, and all evidence or information concerning Mr. Barrett's mental condition prior to the raid on his home on September 24, 1999.

b. <u>Request for Production No. 2</u>:  Produce for inspection and copying any writing or documentation, whether in hard or electronic copy form, and of whatever nature, including emails, texts, other digital forms of communication, notes, memoranda, logs, contracts or agreements, monies, surveillance reports, offense reports, audio or video recordings or reproductions, including voicemail, or the like, related to any and all of the evidence offered by the government in

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities        16        *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

aggravation of sentence, including the evidence submitted at the guilt/innocence stage which was relied upon to seek the death penalty.

That evidence includes but is not limited to the evidence presented by following witnesses called by the government to testify at the sentencing hearing: William DeWeese, Stanley Philpot, Johnny Philpot, Cindy Crawford, Charles Sanders, Larry Lane, Shannon Smith (RT CR-115 vol. 22); Shannon Smith (cont'd) Nancy Eales Stalcup, Bobbie Eales, Gene Hise, Kelli Eales (RT Cr-0115, vol. 23); Joshua Arnold; Lloyd Vellek, Rick Fargo, Richard Carter, George Borman, Michael Hendricks (RT Cr-0115, vol. 26).

It further relates to the non-testimonial evidence offered at sentencing including Government Exhibit Nos. 302, 306, 309, 316, 318, 326, 329 (RT Cr-0115, vol. 23); Government Exhibits Nos. 330, 331,332, 334, 335, 336, 337, 338, 339, 340, 341 (RT Cr-0115, vol. 24); Government's Exhibits No. 344, 345 (RT Cr-0115, vol. 25).

It further relates to any evidence possessed regarding defense witnesses called at sentencing including:  Maudeen Vann, Kathy Trotter, Jimmy Wilson, Abby Stites, Craig Edgmon, Clyde Edgmon (RT Cr -0115, vol. 24); Robert Gude, Courtney Burk, Martin Daggs, Steven Wayne Barrett, Roger Crawford, Gelene Dotson, Ernest Barrett, Doris Barrett (RT Cr-0115 vol. 25).

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities            17                          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

It further relates to the non-testimonial evidence offered at sentencing including Defendant's Exhibit Nos.  230, 231, 232,233, 234, 235, 240-249 (RT CR-115 vol. 24).

c.  Request for Production No. 3:  Produce for inspection and copying the following:

i.      Any and all interview notes, reports and video-conferences between trial counsel and AUSA Christopher Wilson, DOJ attorney Jeffrey Kahan, or any agents thereof, individually or together, during these § 2255 proceedings regarding counsel's representation of Mr. Barrett, and including in preparation of the affidavits filed as exhibits with their Answer.

ii.     Any and all communications documented in any way, written or oral, including but not limited to calendar entries, notes, memos, reports, files, records, emails, text messages or other digital communications, including those held by the U.S. Attorney's Office and/or DOJ with Mr. Barrett's appointed trial counsel, Roger Hilfiger and/or Bret Smith.

iii.    Any and all written or oral memoranda, recorded or otherwise, memorialized in any manner whatsoever, by email, text, or voicemail, held in the records and files of either the United States Attorney's Office for the Eastern District of Oklahoma or the Department of Justice regarding any *ex parte*

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          18                          *Barrett v. USA*
                                                                OKED Case No. 6:09-cv-00105-JHP

communications between the United States Attorney's Office and/or the Department of Justice with the Hon. James H. Payne.

iv.   The complete files of the United States Attorney for the Eastern District of Oklahoma and Department of Justice files related to:

A. the determination to file federal capital charges, and to the federal or state trials and § 2255 proceedings regarding Kenneth Barrett;

B. the OBNDD and DEA investigations of Clint Johnson;

C. the DEA files related to the investigation of Kenneth Barrett, Janesse Thomas, Monk Sanders, Travis Crawford, and/or Chip Teague on or prior to September 24, 1999.

D.  Any and all information relevant to mitigation, including but not limited to the mental health and/or the actual innocence of Kenneth Barrett, which is in the possession of the United States Attorney's Office, the Department of Justice, or any governmental agency, including but not limited to the DEA, the ATF, and/or the FBI, related to any investigation of Kenneth Barrett.

**Good Cause.**  Mr. Barrett asserts each and every item requested in this Request for Production is relevant to questions raised in Mr. Barrett's § 2255 petition concerning ineffective assistance of counsel in failing to investigate, develop, raise and present evidence in mitigation of the death sentence.  Trial counsels' communications with the Court and the prosecutors relating to the very

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          19                    *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

claim upon which the Tenth Circuit has granted a hearing should be available to Mr. Barrett for full exploration and investigation in anticipation of trial counsels' testimony at the hearing to show the bias and interests of trial counsel. This information will shed light on counsels' failure to investigate, develop, and introduce mitigating evidence. It will also shed light on both Mr. Barrett's state of mind and mental health at the time of these investigations and determinations.

### 4. *Request For Additional Subpoenas Duces Tecum.*

FED.R.CIV.P. 34(c) and 45 permit a litigant to subpoena documents in the possession of a non-party. Good cause exists to permit Mr. Barrett to disclose any documents related to government investigations possessed by the government or held by third parties identified below related to:

a. A Drug Task Force and/or DEA investigation of Mr. Barrett during the six-month period during which the warrant for failure to appear was issued but left unserved, despite the ready availability of Mr. Barrett and the lack of any reason to believe Mr. Barrett could not be peaceably served with it.

Petitioner further requests this Court permit the service of subpoenas duces tecum on the District 27 Drug Task Force, the DEA and OBN regarding the investigation of Kenneth Barrett and his supposed drug-related activities from January 1999 through the conclusion of the investigation, at least through September 24, 1999.

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities        20        *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

b.      An Oklahoma Bureau of Narcotics investigation of Drug Task Force Agent Clint Johnson, the affiant on the no-knock warrant, execution of which led directly to the events giving rise to the death of Trooper Eales and Mr. Barrett's conviction and sentence of death.

Petitioner further requests this Court permit service of subpoenas duces tecum on the District 27 Drug Task Force, the DEA and OBN on the investigation of Clint Johnson in relation to Clint Johnson's possession of stolen evidence.  Cr.-0115 Doc 433 Exh. 12 (Det. Courtney Bates), Exh. 14, 15 (Former D.A. Richard Gray), Exh. 16 (Marshal Sgt. Michael Reese), Exh. 17 (Interview of Earl Beaver).

**Good Cause.**  Mr. Barrett believes that these productions will shed light on both Mr. Barrett's state of mind and mental health at the time of these investigations and how the government perceived his state of mind and mental health at the times of these investigations and determinations.

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities      21      *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

**5.** ***Motion to Order the Government to Collect and Preserve Evidence from the Scene.***

On April 18, 2016, Mr. Barrett's counsel Joan Fisher and investigator Leonard Post visited the crime scene. While observing the scene, it was determined that a bullet was still lodged in the wall directly behind the door of Mr. Barrett's former residence. The bullet appeared to be in a direct line of trajectories of other bullets fired by law enforcement during the fatal incident. Ms. Fisher advised United States Attorney Mark Green and Assistant United States Attorney Chris Wilson of the lodged bullet and requested that we be present when it was extracted. Mr. Wilson stated he would discuss the matter with the DEA because it was their case. Now months later, we still have heard nothing further from the United States Attorney's Office.

The bullet is potentially significant mitigating evidence, because, upon examination, it could well rebut the ballistics and crime scene reconstruction testimony presented by the government at trial, and perhaps establish the most mitigating factor of all, Mr. Barrett's actual innocence. Mr. Barrett requests that the United States Attorney make arrangements for the extraction of the lodged bullet, document and process the same against all other weapons at the scene, and grant the defense full access to the evidence and to conduct any relevant testing beyond the government's handling of the evidence.

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          22                          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

## III.    COMPLIANCE WITH LOCAL CIVIL RULE 7.1(g).

The undersigned has conferred with counsel for the government by email to apprise the Court of the government's position on this Motion on Thursday, November 17, 2016.  Counsel did not confer in person because they are more than thirty (30) miles apart, a distance which renders face-to-face consultation unfeasible.  On November 18, 2016, Counsel for Respondent advised Petitioner that the Government objects to the following: 1.) Any further disclosure requested under *Brady v. Maryland* as the government believes it has previously satisfied its obligations under that doctrine; 2.) Depositions of anyone other than Drs. Pitt and Price; 3) All demands for document production.

## IV.    CONCLUSION

Based upon the requests and showings made above, Mr. Barrett requests an Order granting him leave to conduct the discovery sought.

DATED:  November 18, 2016          Respectfully submitted,

/s/ Joan M. Fisher
JOAN M. FISHER

/s/ David Autry
DAVID AUTRY

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities          23          *Barrett v. USA*
OKED Case No. 6:09-cv-00105-JHP

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 18th day of November, 2016, I caused the foregoing Motion for Leave to Conduct Discovery and Memorandum and Authorities to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

DATED:  November 18, 2016

/s/ Joan M. Fisher
JOAN M. FISHER

Motion for Leave to Conduct Civil Discovery
and Memorandum of Points and Authorities        24                                                  *Barrett v. USA*
                                                                                OKED Case No. 6:09-cv-00105-JHP