# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**KENNETH EUGENE BARRETT**,            )
                                        )
      Petitioner/Defendant,            )
                                         )
  v.            )            Case No. CV-09-00105-JHP
                                         )
**UNITED STATES OF AMERICA**,            )
                                         )
      Respondent/Plaintiff.            )

## GOVERNMENT'S MOTION TO SECURE TRIAL COUNSEL'S FILES

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to order Barrett to disclose his trial attorneys' files and records concerning their representation of him.  Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail with Barrett's attorney, David Autry, who stated he and co-counsel "have no objection to this motion assuming reciprocity and disclosure of the government's files related to presentation of aggravation at penalty phase, consistent with the scope of the waiver related to the IAC claims, which includes guilt/innocence claims as they relate directly to evidence considered at the penalty phase of trial, and the question of residual doubt.  [Counsel] make this request because, to properly apply the *Strickland* standard to Mr. Barrett's IAC sentencing claim, the Court must consider all the available but uninvestigated, undeveloped and unpresented mitigating evidence as it related to Mr. Barrett's mental health in connection with the intent requirements of the charges themselves and penalty phase findings, as well as all Brady evidence as it affects sentencing.  All this would undoubtedly have been weighed in the aggregate by the jury in determining punishment."

1

## PROCEDURAL HISTORY

Barrett was convicted and sentenced to death by a jury. Following affirmance on appeal by the Tenth Circuit, Barrett sought collateral relief under 28 U.S.C. § 2255. This Court denied relief on all grounds (Doc. 214), but the Tenth Circuit reversed on a single issue, and remanded the case for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase counsel in the investigation and presentation of mitigating evidence. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). After the Tenth Circuit denied a request to file a second and successive collateral action under 28 U.S.C. § 2255(h), this Court ordered the parties to submit any discovery requests by November 18, 2016.

The government now moves for this Court to order Barrett to disclose his trial counsel's files to the government. Alternatively, the government seeks authorization to serve a subpoena duces tecum on trial counsel so that it may secure the necessary records.

## **<u>ARGUMENT</u>**

### **BARRETT SHOULD DISCLOSE TRIAL COUNSEL'S RECORDS CONCERNING THE INVESTIGATION AND PRESENTATION OF PENALTY PHASE EVIDENCE**

This Court should order Barrett to disclose his trial attorneys' files and records concerning their representation of him during the penalty phase of his trial, as the information contained within those documents is necessary for a full and fair adjudication of counsel's performance, which the defendant has placed in issue.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court. Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." For the government to meaningfully reply to Barrett's assertions, it requires access to the documents that informed and reflect trial counsel's contemporaneous impressions and actions.

As such, good cause exists for disclosure of counsel's files. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (stating that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

Barrett has, of course, waived his attorney-client privilege in regard to communications concerning his claims of ineffective assistance. A habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove his claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir.2009). Given the breadth of Barrett's claim at issue, the government urges this Court to issue an order pursuant to Federal Rule of Civil Procedure, Rules 26 and 34,[1] requiring Barrett to disclose within 15 days trial counsel's complete case files relating to their representation of Barrett at the penalty phase. Any electronically stored information should be produced in its original form. To the extent that Barrett denies having custody and control over the requested records, the government seeks, in the alternative, this Court's authorization to serve subpoenas duces tecum on John Echols, Roger Hilfiger and Brett Smith, in order to secure the necessary records.

To the extent Barrett intends to assert that records in his possession remain protected by privilege in spite of his claim of ineffectiveness (*see generally United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)), he should bear the burden of identifying such records in a log. The log should describe any identified documents with sufficient particularity to permit the government to dispute the assertion of privilege if necessary. As to Barrett's argument that his

---

[1] The government relies upon the Rules of Civil Procedure because no Rule of Criminal Procedure provides an ample procedural vehicle for the scope of disclosures that should flow from the defendant to the government in this instance.

3

assertion of a claim of ineffective assistance of counsel provides with a right of access to

prosecution files, the government disagrees.  Among other things, Barrett has premised his

argument on an incorrect assumption that Strickland permits him to retrospectively dictate the

government's case at trial.  No such right exists.

**CONCLUSION**

Based on the foregoing, the government respectfully urges this Court to order the

disclosure of trial counsel's files regarding the penalty phase.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit

6