## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,            )
                                   )
    Petitioner/Defendant,          )
                                   )
  v.                               )         Case No. CV-09-00105-JHP
                                   )
UNITED STATES OF AMERICA,          )
                                   )
    Respondent/Plaintiff.          )

## GOVERNMENT'S MOTION TO OBTAIN CIVIL RULE 26 DISCOVERY FROM DEFENSE EXPERTS

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order that will require written reports from Barrett's mental health experts and permit the government to depose those witnesses. Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail with Barrett's attorney, David Autry, who stated, "We have no such reports to disclose, other than those that are already filed with the § 2255 petition. We also believe that the deadlines proposed (e.g., within 30 days of signing the Court's Order, or within 30 days of evaluations for newly retained experts) are unnecessarily and overly restrictive, and the parties should stipulate to an alternate date just prior to the evidentiary hearing."

## PROCEDURAL HISTORY

Barrett was convicted and sentenced to death by a jury. Following affirmance on appeal by the Tenth Circuit, Barrett sought collateral relief under 28 U.S.C. § 2255. This Court denied relief on all grounds (Doc. 214), but the Tenth Circuit reversed on a single issue, and remanded the case for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase

1

counsel in the investigation and presentation of mitigating evidence. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). After the Tenth Circuit denied a request to file a second and successive collateral action under 28 U.S.C. § 2255(h), this Court ordered the parties to submit any discovery requests by November 18, 2016.

The government now moves for an order for Barrett to provide reports from his mental health expert witnesses consistent with the requirements of Federal Rule of Civil Procedure 26. It further moves for permission to depose those witnesses ahead of the evidentiary hearing.

## ARGUMENT

### THE COURT SHOULD ORDER BARRETT TO SUBMIT EXPERT REPORTS AND PERMIT THE GOVERNMENT TO DEPOSE DEFENSE EXPERTS WHO HAVE OPINED ABOUT BARRETT'S MENTAL HEALTH AND SOCIAL HISTORY

Barrett asserts that his attorneys inadequately presented evidence of his mental health and social history. In support of those arguments, Barrett relies upon several expert witnesses, including Bill Sharp, George Woods, Jeanne Russell, and Myla Young. This Court should permit the government to depose the expert witnesses in anticipation of the upcoming hearing.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court. Rule 6 contemplates that the court may, for good cause, allow discovery under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure. Good cause exists when a need exists to investigate scientific developments that post-date the trial. *See Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012).

2

In this case, good cause exists for the Court to order Barrett to make written disclosures under Federal Rule of Civil Procedure 26(a)(2) with regard to each of his experts.[1] At present, Barrett's principle expert, George Woods, has presented a declaration that contains a single paragraph to outline the basis of his opinion. *See* Doc. 95 Ex. 117 at ¶ 14. Within it, he vaguely refers to unnamed academic, medical and social records of various people, whom he does not identify beyond the defendant's parents and ex-wife. As for Dr. Young, the other mental health expert retained for the § 2255 proceedings, Barrett's counsel has informed the government that she passed away, and that they will seek the appointment of another neuropsychologist in her stead. The government will, of course, seek to learn the bases of any opinion rendered by Dr. Young's successor. The government observes that Dr. Young's declaration also lacks a complete recitation of such preliminary matters as the documents she reviewed. *See* Doc. 95 Ex. 89. Instead, it states that she relied on unspecified "excerpts of academic records" and "medical records" from various named sources. *See id*. at ¶ 20.

The thumbnail sketches provided by Barrett's experts do not lend themselves to meaningful testing. The government requires a complete understanding of the facts underlying these opinions, and the credentials and experience of their authors, in order to meaningfully respond, and Rule 26 disclosures provide an ideal vehicle for the communication of such information. The government proposes that Barrett serve the reports within 30 days of this Court's order. It further proposes that it will serve any reports on behalf of any newly-retained expert within 30 days of his or her evaluation of Barrett.

---

[1] With regard to the sealed report authored by Dr. Randall Price, the government has already moved, without opposition, for its disclosure to all counsel, and will refile the request in accordance with the Court's previous denial without prejudice. Docs. 234, 237.

Good cause also exists to permit the government to depose Barrett's experts. As noted, Barrett presently relies on the opinions of Sharp, Woods, Russell, and Young, who respectively speak to four areas of expertise – psychology, psychiatry, risk assessment, and neuropsychology. All their analyses and conclusions occurred outside of trial. In particular, the psychiatric and neuropsychological opinions post-date the judgment in this case. Given the centrality of those witnesses to the claim of ineffectiveness (*see* Doc. 95 at 230-55), the government seeks to depose them, pursuant to Federal Rule of Civil Procedure 26(b)(4), and thereby determine the scope and reliability of their opinions. *See* Fed. R. Civ. P. 32(a)(1) ("Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence").

Barrett has, of course, waived any privilege concerning his mental health. Numerous courts have concluded that a therapist-patient privilege is not absolute and that "similar to [the] attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir.2000) (collecting cases) (cited in *Fisher v. Sw. Bell Tel. Co.*, 361 F. App's 974, 978 (10th Cir.2010) (unpublished decision); *see also Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (stating the psychotherapist-patient privilege is not absolute and therefore a plaintiff who seeks damages for emotional distress "places his or her psychological state in issue, [and] the defendant is entitled to discover any records of that state."). Barrett has placed in issue his mental health and cannot validly assert an ongoing privilege in any evidence related to those subjects, including the records, recollections, and analyses of his expert witnesses.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to require written disclosures by Barrett's mental health experts and to permit government counsel to depose those experts.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

**CERTIFICATE OF ECF FILING AND DELIVERY**

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office

6