**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S MOTION TO PROPOUND INTERROGATORIES**

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order authorizing the government to propound interrogatories to Barrett concerning the sources of records concerning his physical and mental health and that of the relatives upon whom he has premised his claim. Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail with Barrett's attorney, David Autry, who stated, "With respect to the health related matter of Mr. Barrett's relatives, this request is too burdensome in the time permitted by the Court's scheduling order. As to their personal records, we have no objection, so long as the personal records sought relate to health information and not every aspect of their lives. Their relevant statements are contained in the declarations already filed with the §2255 applications."

**PROCEDURAL HISTORY**

Barrett was convicted and sentenced to death by a jury. Following affirmance on appeal by the Tenth Circuit, Barrett sought collateral relief under 28 U.S.C. § 2255. This Court denied relief on all grounds (Doc. 214), but the Tenth Circuit reversed on a single issue, and remanded

1

the case for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase counsel in the investigation and presentation of mitigating evidence. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). After the Tenth Circuit denied a request to file a second and successive collateral action under 28 U.S.C. § 2255(h), this Court ordered the parties to submit any discovery requests by November 18, 2016. Doc. 246.

The government now moves for this Court to issue an order that will permit it to propound interrogatories to Barrett in order to facilitate its investigation into his mental health.

<u>**ARGUMENT**</u>

**THE COURT SHOULD PERMIT THE GOVERNMENT TO PROPOUND INTERROGATORIES TO BARRETT CONCERNING THE DEFENDANT'S MENTAL HEALTH AND THAT OF HIS FAMILY MEMBERS**

This Court should permit the government to propound interrogatories designed to permit it to determine the scope and sources of Barrett's medical treatment in the community, as the information is necessary for the government to efficiently investigate Barrett's claim that his trial attorneys ineffectively failed to present evidence concerning his mental health.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court. Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." As a premise of Barrett's current claim, he asserted that his attorneys knew of a need to "'engage an expert capable of assessing the likelihood that Mr. Barrett suffers from any identifiable psychological or physiological deficits, including possible organic brain disorders, affecting his judgment and ability to respond cognitively in a crisis setting.'" Doc. 95 at 190. Absent the ability to investigate Barrett's medical history, the government must rely entirely on those documents the defendant chooses to adduce in support of his claim, including his self-reports and

2

those of his relatives.  To fully explore the evidence probative of counsel's investigation and effectiveness, the government requires access to Barrett's health history and that of the family members whose health histories form a factual premise of his claim.

Barrett has, of course, waived his any privilege concerning his health records by placing his medical history in issue.  Numerous courts have concluded that a therapist-patient privilege is not absolute and that "similar to [the] attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (collecting cases) (cited in *Fisher v. Sw. Bell Tel. Co.*, 361 F. App's 974, 978 (10th Cir. 2010) (unpublished decision); *see also Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (stating the psychotherapist-patient privilege is not absolute and therefore a plaintiff who seeks damages for emotional distress "places his or her psychological state in issue, [and] the defendant is entitled to discover any records of that state.").  Here, Barrett has placed in issue both his mental health and his physical health, including recreational drug use, as it relates to his mental health.  Thus, he cannot assert an ongoing privilege in any evidence related to his own mental health, including the records of his caregivers, employers and educators.

Barrett's relatives have likewise placed their mental health in issue, as they volunteered information about their disorders and health histories in support of the defendant's claim, by way of sworn declarations.  *See e.g.*, Doc. 95 at 197-213; *see e.g.*, Doc. 95 Exs. 77 (admitting depression, mood swings and illicit drug use); 78 (admitting bipolar disorder and Welbutrin use); 81 (admitting family mental problems, alcohol abuse); 83 (admitting own bipolarism, moodiness and drug abuse and asserting her children's mental health issues); 86 (admitting mental hospitalization, chemical imbalance, anxiety and depression); 87 (admitting Welbutrin use,

3

family therapy and possible depression and observing mental health issues in other relatives); 91 (admitting depression and observing mental health issues in other relatives).  At least one relative noted the supposed mental health of family members, observations that Barrett presumably intends to rely upon as support for his claim.  *See* e.g., Doc. 95 Ex. 84 (referring to alcohol abuse by the defendant's parents and noting mental health issues supposedly suffered by other relatives).

None of Barrett's witnesses have made any effort to assert privilege in their declarations. A witness may waive a claim of privilege by failing to properly assert it during testimony. *United States v. Bolander*, 722 F.3d 199, 223 (4th Cir. 2013) (citing *United States v. Hayes*, 227 F.3d 578, 586 (6th Cir. 2000)).  Accordingly, the government assumes, to the extent Barrett intends to rely on the information in the declarations, that the declarant-relatives will forgo any claim of privilege as to their medical histories.  Significantly, it appears those declarations informed the opinion of at least one defense expert, as George Woods stated that he premised his opinion, in part, on "declarations and/or medical and social records of various family members." Doc. 95 Ex. 117 at ¶ 14.

Because such information is closely held, the government cannot as a practical matter direct its investigators to identify the schools, employers and medical providers who have provided care to Barrett and who might retain records pertinent to the issue of his mental health. Investigation of this material is complicated by the fact that Barrett has lived in several states, from New Jersey to Idaho.  Doc. 95 at 187.  Given that Barrett is in the best position to identify his medical caregivers, educators and employers, the government respectfully seeks authorization to propound to the defendant interrogatories under Federal Rule of Civil Procedure

33 to identify all relevant individuals and entities.[1]  In particular, the government will seek the identity and last known contact information for any medical or mental health professional who has diagnosed or treated Barrett for 1) any mental health condition; 2) any abuse of drugs, whether illicit or not; 3) any physical condition that may have impacted the defendant's mental health; and 4) any genetic condition that may have impacted the defendant's mental health.  The government will also seek the name and last known address of any of Barrett's schools and employers.  This information will facilitate the government's investigation, specifically its efficient service of subpoenas duces tecum.[2]

Because Barrett's claim also relies on the alleged conditions of his relatives, the government also seeks to propound interrogatories intended to facilitate its discovery of information relevant to those contentions.  Specifically, the government requests leave to propound interrogatories to Barrett to 1) identify and provide addresses and phone numbers for all of the relatives he believes suffer from conditions that are supportive of his claim of personal mental illness; 2) identify all of the documents produced to his expert witnesses to substantiate those conditions 3) identify and provide the last known contact information for any medical or mental health professional who has diagnosed or treated each of the named relatives for a) any mental health condition; b) any abuse of drugs, whether illicit or not; c) any physical condition that may have impacted the defendant's mental health; and d) any genetic condition that may have impacted the defendant's mental health.

---

[1] The government relies upon the Rules of Civil Procedure because no Rule of Criminal Procedure provides an ample procedural vehicle for the scope of disclosures that should flow from the defendant to the government in this instance.

[2] The government seeks authorization to serve subpoenas in a separately-filed motion.

To the extent Barrett intends to assert that information in his possession remains protected by privilege in spite of his health-based claims, he should bear the burden of asserting those claims in a log.  The log should describe any omitted information with sufficient particularity to permit the government to dispute the assertion of privilege if necessary.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to permit it to serve interrogatories on Barrett concerning the identities of his schools, employers and health care providers.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

7

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office

8