**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S MOTION FOR PSYCHIATRIC EVALUATION OF DEFENDANT**

**COMES NOW** the United States of America, by and through undersigned counsel and

respectfully moves this Court to issue an order that permits the government to have a psychiatrist

evaluate Barrett in anticipation of providing testimony as an expert witness.  Pursuant to Local

Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail

with Barrett's attorney, David Autry, who stated "We think this should be re-named a motion for

a government psychiatric exam, not an independent psychiatric exam because Dr. Pitt is your

expert.  Also, we object to a government psychiatric examination absent the presence of counsel

on Sixth Amendment grounds, and object to a government psychiatric examination on Fifth and

Sixth Amendment grounds.  Should the court grant your request, we object to any examination

outside the presence of counsel on Fifth and Sixth Amendment grounds."

**PROCEDURAL HISTORY**

Barrett was convicted and sentenced to death by a jury.  Following affirmance on appeal

by the Tenth Circuit, Barrett sought collateral relief under 28 U.S.C. § 2255.  This Court denied

relief on all grounds (Doc. 214), but the Tenth Circuit reversed on a single issue, and remanded

1

the case for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase counsel in the investigation and presentation of mitigating evidence. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). After the Tenth Circuit denied a request to file a second and successive collateral action under 28 U.S.C. § 2255(h), this Court ordered the parties to submit any discovery requests by November 18, 2016.

The government now moves for this Court to issue and order that will permit Steven Pitt, D.O., a psychiatrist retained by the U.S. Attorney's Office, to evaluate Barrett ahead of the evidentiary hearing.

### ARGUMENT

### THE COURT SHOULD PERMIT THE GOVERNMENT'S PSYCHIATRIC EXPERT WITNESS TO EVALUATE BARRETT

Barrett asserts that his attorneys inadequately presented evidence of his mental health and social history. In support of those arguments, Barrett relies, directly upon the expert opinions of psychiatrist George Woods in addition to that of neuropsychologist Myla Young.[1] To date, the government has only had an opportunity to obtain a neuropsychological evaluation of the defendant. This Court should permit a psychiatrist retained by the government to evaluate Barrett, placing the prosecution on equal footing with the defense.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court. Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." Federal Rules of Civil Procedures 34(c) and 45 permit a litigant to subpoena documents in the

---

[1] Barrett's counsel has informed the government that Dr. Young passed away, and that they will seek the appointment of another neuropsychologist in her stead.

possession of a non-party.  Good cause exists to permit the government to permit a psychiatric evaluation by the government.

Because Barrett asserts that his psychiatric condition informs his mental state at the time of the crime and, by extension, the reasonableness of trial counsel's conduct, good cause exists for the government to evaluate his present mental condition.  Federal Rule of Civil Procedure 35(a)(1) authorizes courts to order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner.  In this case, Barrett has placed in controversy his psychiatric health as diagnosed by Dr. Woods.  *E.g.* Doc. 95 at 231-33 (citing Doc. 95 Ex. 117).  Woods has opined, based on clinical observations of Barrett, that the defendant exhibits "neurologically impaired cognitive and psychosocial functioning, including severe depression, mania, psychotic ambivalence, adhedonia, sleep disturbance, suicidality, hypervigilance, avoidant behavior, withdrawal, constricted emotional range, and inability to sustain lasting relationships secondary to his severe mental illness."  Doc. 95 Ex. 117 at ¶ 15.  Barrett places particular emphasis on Dr. Woods's opinion, relying on it as the basis of his assertions that his abnormal brain function sprung from a mixture of genetics and chemical "insults" in vitro.  *See* Doc. 95 at 232-33.

For the government to independently assess the reliability of Dr. Woods's findings, it should have an opportunity to evaluate Barrett's psychiatric health.  Accordingly, the government proposes that within the next 60 days, Steven Pitt, D.O. will evaluate Barrett at the Special Confinement Unit in Terre Haute, where the defendant is currently housed by the Bureau of Prisons.  The government further requests that the order permitting the evaluation also allow Dr. Pitt to bring electronic audio and video recording equipment into the facility and use it to record his meeting with Barrett.  Finally, the government asks that the order exclude any third

parties from the room in which Dr. Pitt conducts the evaluation with Barrett, as the government will make the audio and video recordings of the meeting available to the defense. *See e.g., United States v. Fell*, 372 F.Supp.2d 753, 762 (D. Vt. 2005) (defendant's rights adequately safeguarded through audio-taping of evaluation); *United States v. Johnson*, 362 F.Supp.2d 1043, 1091 (N.D. Iowa 2005) (same); *United States v. Sampson*, 335 F.Supp.2d 166, 247-48 (D. Mass 2004) (setting forth criteria for evaluating whether defendant had right to presence of his own expert during government expert examination); *United States v. Kaczynski*, No. CR-S-96-259GEB, 1997 WL 668395, at *3 (E.D.Cal. Oct. 22, 1997) (allowing examinations to be audio-taped and permitting defense counsel to view examinations via live audio or video feed, but denying government request to videotape examinations); *United States v. Byers*, 740 F.2d 1104, 1172 (D.C. Cir.1984) (suggesting in dissent that "a taped record would facilitate constitutional aims without impairing the interview process itself.") (internal citations omitted).

**CONCLUSION**

Based on the foregoing, the government respectfully urges this Court to permit its expert

Steven Pitt to perform a psychiatric evaluation of Barrett.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150


/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office

6