**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S MOTION TO SERVE DISCOVERY ON THIRD PARTIES**
**RELATED TO DEFENDANT'S MENTAL HEALTH AND SOCIAL HISTORY**

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order that will permit the government to serve subpoenas on third parties so that it can investigate contentions of familial mental illness that allegedly reflect upon the defendant's mental health and social history. Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail with Barrett's attorney, David Autry, who stated, "We object because your requests are overbroad, seek privileged information, infringe upon privacy interests, and are not limited to records relevant to mitigation of punishment."

**PROCEDURAL HISTORY**

Barrett was convicted and sentenced to death by a jury. Following affirmance on appeal by the Tenth Circuit, Barrett sought collateral relief under 28 U.S.C. § 2255. This Court denied relief on all grounds (Doc. 214), but the Tenth Circuit reversed on a single issue, and remanded the case for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase counsel in the investigation and presentation of mitigating evidence. *United States v. Barrett*,

1

797 F.3d 1207, 1232 (10th Cir. 2015).  After the Tenth Circuit denied a request to file a second and successive collateral action under 28 U.S.C. § 2255(h), this Court ordered the parties to submit any discovery requests by November 18, 2016.

The government now moves for this Court to issue an order that will permit it to utilize discovery on third parties, specifically depositions, written or oral, of Barrett's relatives, principally to determine if and when they have ever been diagnosed with or treated for a relevant physical or mental condition, by whom they were diagnosed or treated, and whether they will execute a waiver of any state or federal privileges with regard to their health care providers' records.  The government further seeks authorization to serve subpoenas duces tecum on those health care providers in an effort to obtain any records concerning treatment and diagnosis.

**ARGUMENT**

**THE COURT SHOULD PERMIT THE GOVERNMENT TO DEPOSE BARRETT'S RELATIVES AND SUBPOENA THEIR HEALTH CARE PROVIDERS**

Barrett asserts that his attorneys inadequately presented evidence of his mental health and social history.  In support of those arguments, Barrett has relied upon the asserted medical histories of several of his family members.  This Court should permit the government to depose those family members and subpoena their health care providers so that it can determine the scope and veracity of the relatives' claimed conditions.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court.  Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." Federal Rules of Civil Procedures 34(c) and 45 permit a litigant to subpoena documents in the possession of a non-party.  Good cause exists to permit the government to subpoena the medical history documents of Barrett's relatives, as he has specifically relied upon the declarations of his

2

relatives attesting to their mental health disorders.  Moreover, Barrett's experts have premised their opinions, in part, upon the self-reports of the defendant's family members.  *See* Doc. 95 Exs. 89 & 117.  Given the apparent importance of family medical information to Barrett's claims, the Court should permit the government to subpoena records from the medical providers of those relatives.  Access to the records of disinterested professionals – including any notes, interview notes, raw test data, normative data, diagnostic criteria, and other documents – will doubtless prove more enlightening than the self-reports of Barrett's supporters.

The government does not view this request as an open-ended "fishing expedition," and has separately sought leave to serve interrogatories on Barrett with which it intends to identify all of the relatives he believes suffer from conditions that support his claim of personal mental illness; 2) identify all of the documents produced to his expert witnesses to substantiate those conditions 3) identify and provide the last known contact information for any medical or mental health professional who has diagnosed or treated each of the named relatives for a) any mental health condition; b) any abuse of drugs, whether illicit or not; c) any physical condition that may have impacted the defendant's mental health; and d) any genetic condition that may have impacted the defendant's mental health.  The government intends to limit its use of subpoenas on the basis of Barrett's responses to those interrogatories.

By volunteering information about their disorders in sworn declarations, Barrett's relatives have placed their mental health in issue.  *See e.g.* Doc. 95 Exs. 77 (admitting depression, mood swings and illicit drug use); 78 (admitting bipolar disorder and Welbutrin use); 81 (admitting family mental problems, alcohol abuse); 83 (admitting own bipolarism, moodiness and drug abuse and asserting her children's mental health issues); 86 (admitting mental hospitalization, chemical imbalance, anxiety and depression); 87 (admitting Welbutrin use,

3

family therapy and possible depression and observing mental health issues in other relatives); 91 (admitting depression and observing mental health issues in other relatives).  None of the declarants have made any effort to assert a privilege.  A witness may waive a claim of privilege by failing to properly assert it during testimony.  *United States v. Bolander*, 722 F.3d 199, 223 (4th Cir. 2013) (citing *United States v. Hayes*, 227 F.3d 578, 586 (6th Cir. 2000)).

Given the lack of any reservation of rights in the declarations, the government assumes that if Barrett intends to rely on the information in those statements, his declarant-relatives will forgo any claim of privilege as to their medical histories.  Because the declarants are not parties to this action, the government will seek written releases from them as necessary.  To the extent that Barrett's relatives are not willing to permit an independent investigation into their medical histories, the government reserves the right to seek the exclusion of evidence concerning their health, whether presented directly or through an expert.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to permit it to utilize discovery on third parties, specifically depositions, written and oral, of Barrett's relatives, and for authorization to serve subpoenas duces tecum on Barrett's health care providers.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office