## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## GOVERNMENT'S MOTION TO SERVE SUBPOENAS DUCES TECUM REGARDING RECORDS RELATED TO DEFENDANT'S MENTAL HEALTH

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order that will authorize the government to serve subpoenas duces tecum concerning the defendant's mental health. Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail with Barrett's attorney, David Autry, who stated, "We object because your requests are overbroad, seek privileged information, infringe upon privacy interests, and are not limited to records relevant to mitigation of punishment."

### PROCEDURAL HISTORY

Barrett was convicted and sentenced to death by a jury. Following affirmance on appeal by the Tenth Circuit, Barrett sought collateral relief under 28 U.S.C. § 2255. This Court denied relief on all grounds (Doc. 214), but the Tenth Circuit reversed on a single issue, and remanded the case for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase counsel in the investigation and presentation of mitigating evidence. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). After the Tenth Circuit denied a request to file a second

and successive collateral action, this Court ordered the parties to submit any discovery requests by November 18, 2016.

The government now moves for this Court to issue and order that will permit it to serve subpoenas duces tecum to individuals and entities in possession of documents probative of Barrett's mental health.

## ARGUMENT

### THE COURT SHOULD PERMIT THE GOVERNMENT TO SERVE SUBPOENAS DUCES TECUM ON ENTITIES AND INDIVIDUALS IN POSSESSION OF RECORDS CONCERNING BARRETT'S MENTAL HEALTH

Barrett asserts that his attorneys inadequately presented evidence of his mental health and social history. In support of those arguments, Barrett relies, directly and indirectly, upon his personal history – including aspects of his education, employment, family life, and medical history – and the opinions of several expert witnesses. This Court should permit the government to subpoena documents relating to Barrett's life history and the files of various witnesses, including trial counsel and the defense's experts.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the district court. Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." Federal Rules of Civil Procedures 34(c) and 45 permit a litigant to subpoena documents in the possession of a non-party. Good cause exists to permit the government to subpoena documents related to Barrett's personal history. Indeed, Barrett has related his claim to events as distant as the Trail of Tears, the Depression, and the westward migration of Oklahomans during the Dust Bowl. *See* Doc. 95 at 195-230. Moreover, Barrett's conduct and performance at work, at school, and in custody bear on the reliability of his mental health diagnoses, which form the core of

several of his ineffective assistance of counsel claims. Of course, his physical medical records also inform the reliability of his mental health diagnoses, as Barrett has specifically cited physical trauma as a source of his supposed mental health issues. Additionally, the records of many other institutions – such as schools, employers and government agencies – will likely shed light on Barrett's claims of mental health disorders and a mitigating personal history.

Given the significance of life history records to Barrett's claims, the Court should permit the government to subpoena records from the following third parties: the U.S. Social Security Administration (for all records of Barrett's benefits and paid employment), all organizations and individuals who employed Barrett in a paid or unpaid capacity (for all records of his employment); all schools that Barrett attended (for all of his academic, administrative, behavioral and counseling records); all judicial and administrative courts in which Barrett has been a litigant or witness (for any sealed transcripts of his testimony or any non-public records related to litigation in which he was a party or witness); all penal and detention facilities in which Barrett has been an inmate (for all records of his custody), all medical professionals who have treated or diagnosed Barrett (for all of medical records related to his mental health), all mental health professionals who have treated or diagnosed Barrett (for all of his mental health records).

To the extent any such records are privileged under state or federal law, this Court should order Barrett to execute the waivers necessary for the government to obtain the material. With regard to any records in existence but not physically in the possession or custody of Barrett or his attorneys, the government asks that he execute an authorization to allow it to examine and obtain copies of the documents from their custodians by way of subpoena.

Barrett has, of course, waived his any privilege concerning his health records by placing his medical history in issue. Numerous courts have concluded that a therapist-patient privilege is

not absolute and that "similar to [the] attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir.2000) (collecting cases) (cited in *Fisher v. Sw. Bell Tel. Co.*, 361 F. App's 974, 978 (10th Cir.2010) (unpublished decision); *see also Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (stating the psychotherapist-patient privilege is not absolute and therefore a plaintiff who seeks damages for emotional distress "places his or her psychological state in issue, [and] the defendant is entitled to discover any records of that state."). Here, Barrett has placed in issue both his mental health and his physical health, including recreational drug use, as it relates to his mental health. Accordingly, he cannot validly assert an ongoing privilege in any evidence related to those subjects, including the records of his caregivers, employers and educators.

As noted, Barrett has relied upon the opinions of several medical and mental health experts as the bases for his claims of ineffective assistance of counsel. *See* Doc. 95 at 230-42. To permit the government to test the veracity and reliability of the experts' testimony, it should have the opportunity to subpoena the documents that they considered in forming those opinions. Accordingly, good cause exists for the government to issue subpoenas for such material, including any notes, interview notes, raw test data, normative data, diagnostic criteria, and other documents provided by the defendant or his attorneys that were considered in forming the experts' opinions.

To the extent Barrett intends to assert that information in his possession remains protected by privilege in spite of the fact that he has put his mental and physical health in issue, he should bear the burden of identifying such information in a log. The log should describe any

4

omitted information with sufficient particularity to permit the government to dispute the

assertion of privilege if necessary.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to permit it to serve

subpoenas duces tecum on Barrett's schools, employers and health care providers.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office

6