## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## GOVERNMENT'S UNOPPOSED MOTION TO PERMIT INSPECTION OF THE EXPANDED RECORD

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to formally expand the record in this § 2255 case to include a mental health evaluation report that was sealed before trial (Trl. Doc. 238).[1]  Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, counsel for the government consulted by e-mail with Barrett's attorney, David Autry, who stated, "As to Dr. Randall Price's examination/report(s), we have no objection as long as we receive these materials as well, and the request to unseal includes all the related documentary evidence of the examination, including but not limited to rough notes and other notes, testing, the testing protocols, memoranda, communications between the government and Dr. Price, and any and all video and audio recordings of the same or related thereto which are in possession of Dr. Price, the Court, or the government. We also request access to all records reviewed by Dr. Price in formulating his

---

[1] "Trl. Doc." refers to the docket in case no. 04-115-JHP.  "Doc." refers to the docket under the instant case number.

1

diagnosis or conclusions. In short, we do not object to unsealing these materials, provided they cannot be used in the (remote) event of retrial in order to secure conviction(s)."

## PROCEDURAL HISTORY

On September 23, 2005, Barrett's trial counsel filed Document 208, a Notice of Expert Evidence of a Mental Condition Pursuant to F.R.Cr.P. 12.2. The notice prompted the Government to file a Motion for Psychiatric Examination (Trl. Doc. 214), which the Court granted (Trl. Doc. 216). Pursuant to that Order, a Sealed Psychological Evaluation/Risk Assessment was prepared by J. Randall Price, Ph.D., ABPP, ABPN. The entire report was provided to a fire-walled Assistant United States Attorney in the Northern District of Oklahoma. The fire-walled attorney filed the sealed report with the Court. Trl. Doc. 237. The report remained sealed through the conclusion of trial.

Following the affirmance of the conviction, Barrett sought § 2255 relief in a motion that asserted, inter alia, that he suffered from mental health issues. Docs. 1, 2 & 95. As a result, the government moved to unseal the fire-walled mental health evidence, arguing that it was relevant to rebut claims about Barrett's mental health and probative of trial counsel's efforts to investigate those issues. Doc. 52. The Court, however, found that three of the documents at issue (Trl. Docs. 208, 210 and 238) were already available to government counsel, while it denied the motion with regard to the complete mental health evaluation report of Dr. Price (Trl. Doc. 237). Doc. 67. In so doing, the Court reasoned that Federal Rule of Criminal Procedure 12.2(c)(2) precluded disclosure because Barrett had not introduced mental health evidence at trial.

Subsequently, the Court denied § 2255 relief, relying in part on Dr. Price's report. *See* Doc. 214 at 91 n.159 & 189 (citing Trl. Doc. 237). On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to consider the alleged

2

ineffective assistance of penalty phase counsel in the presentation of, among other things, mental health evidence. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). In its opinion, the appellate panel observed that this Court had relied on Dr. Price's report, and noted that his testimony was potentially "devastating" to Barrett's claim. *Id.* The Tenth Circuit subsequently denied Barrett's motions for rehearing en banc and for a stay of mandate pending a petition for writ of certiorari. § 2255 App. Docs. 01019508445 & 01019512751. Barrett did not seek a stay of mandate in the Supreme Court. *See generally* Sup. Ct. R. 23.

The government now moves, without opposition, for this Court to formally expand the record to include Dr. Price's report and to permit the parties to inspect and copy it.

## ARGUMENT

### THE COURT SHOULD PERMIT COUNSEL FOR BOTH PARTIES ACCESS TO DR. PRICE'S REPORT

This Court should formally expand the record in this § 2255 proceeding to include Dr. Price's report, providing access for all counsel. The prior opinions of this Court and the Tenth Circuit make manifest the fact that the report is relevant to the issue of ineffective assistance of counsel. This Court has authority under the Rules following § 2255 to disregard any limitations imposed by Rule 12.2 as to disclosure.

By their own terms, the Rules following § 2255 supersede those concerning criminal trials: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules foll. § 2255, R. 12; *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). In the § 2255 setting, then, the Rules of Criminal Procedure apply only with the permission of the court and to the extent they are consistent with "the overall frame work of habeas corpus." *See United States v. Quin*, 836 F.2d 654, 657-58 (1st Cir. 1988) (noting

the permissive application of the Civil rules under § 2255 under *United States v. Frady*, 456 U.S. 152, 166-68 n.15 (1982)).  In particular, Rule 7 of the Rules Following § 2255 provides that "the judge may direct the parties to expand the record by submitting additional materials relating to the motion.  Furthermore, Rule 7 presumes the rights of the parties to view expanded-record materials, as subpart (a) contemplates that one party will submit documents, while subpart (c) provides a right of inspection to the opposing party.

At this juncture, the Court has, de facto, expanded the record to include Dr. Price's report, which it twice cited in its opinion denying § 2255 relief.  *See* Doc. 214.  The Court's action was consistent with the spirt of Rule 7, as its Advisory Committee Notes explain that "Revised Rule 7(a) is not intended to restrict the court's authority to expand the record through means other than requiring the parties themselves to provide the information."  The government respectfully urges the Court to formally expand the record and permit counsel to access the report.  Given the rights of the parties to view record augmentations under Rule 7, any prohibition under the auspices of Rule 12.2 would be inconsistent with framework of the evidentiary hearing required by the Tenth Circuit, which contemplated a fulsome exploration of the pertinent facts and specifically mentioned Dr. Price's report.  797 F.3d at 1232.

The equities of the case as presently postured also support disclosure.  When the Court previously denied the government access to the report under Rule 12.2, Barrett's challenges to his conviction remained pending.  Since then, this Court and the Tenth Circuit have disposed of every request for collateral relief concerning questions of guilt and innocence.  Accordingly, there exists little likelihood Barrett will ever face retrial on guilt and, likewise, little likelihood that exposure to the report will taint government counsel in seeking another conviction.

4

**CONCLUSION**

Based on the foregoing, the government respectfully urges this Court to formally expand the record to include Dr. Price's report and to permit counsel for the parties to inspect and copy it.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office