### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,           )
                                  )
    Petitioner/Defendant,         )
                                  )          Case No. CV-09-00105-JHP
  v.                              )
                                  )
UNITED STATES OF AMERICA,          )
                                  )
    Respondent/Plaintiff.         )

### GOVERNMENT'S UNOPPOSED MOTION TO UNSEAL DOCUMENTS AND PROVIDE THEM TO A POTENTIAL EXPERT WITNESS SUBJECT TO A PROTECTIVE ORDER

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order unsealing certain exhibits to Barrett's Motion for Relief under 28 U.S.C. § 2255 (Docs. 1, 2, 70 & 95) so that the government can furnish the documents to a potential expert witness, subject to a protective order.  Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, government counsel consulted by e-mail with Barrett's attorney, David Autry, who stated "Assuming Dr. Pitt is allowed to conduct an evaluation for Mr. Barrett, over our objection, we have no objection, so long as all documents of whatever form or nature are used for purposes of the evaluation only, are preserved, and are kept confidential throughout. If our objection to a government psychiatric exam is denied, and if Dr. Pitt is permitted by the court to conduct an examination outside our presence, we would at the very least request to be present to make introductions before the exam, be allowed to consult with Mr. Barrett as needed, and be allowed to visit Mr. Barrett upon the conclusion of the examination."

1

## PROCEDURAL HISTORY

Barrett was convicted and sentenced to death.  The Tenth Circuit Court of Appeals subsequently affirmed the judgment on direct appeal.  On March 11, 2009, this Court granted Barrett's motion to seal certain exhibits in support of a motion for § 2255 relief.  Doc. 5.  This Court subsequently denied § 2255 relief on all grounds.  Doc. 214.  On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to consider the alleged ineffective assistance of penalty phase counsel in the presentation of, among other things, mental health evidence.  *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).  On November 30, 2015, this Court entered an order scheduling an evidentiary hearing and requiring the parties to submit discovery requests in anticipation of the hearing.  Doc. 233.  The Court later vacated the scheduling order to permit Barrett to seek Supreme Court review of the Tenth Circuit's opinion.  Doc. 237.  After the Tenth Circuit denied a request to file a second and successive collateral action under 28 U.S.C. § 2255(h), this Court ordered the parties to submit any discovery requests by November 18, 2016.

The government now moves for this Court to issue an order that will permit it to provide a psychiatrist who may testify as an expert witness in the ordered evidentiary hearing with access to sealed material submitted by Barrett.  Barrett's attorneys [[[do not object]]] to this request.

## ARGUMENT

### THE COURT SHOULD PERMIT THE GOVERNMENT TO PROVIDE A POTENTIAL EXPERT WITNESS WITH ACCESS TO DOCUMENTS NECESSARY FOR HIM TO EVALUATE BARRETT'S MENTAL HEALTH

Barrett asserts that his attorneys inadequately presented evidence of his mental health and relies upon the opinions of several expert witnesses.  Those experts, in turn, relied on records Barrett later attached to his § 2255 motion as sealed exhibits.  As such, it has contacted a

psychiatrist, Dr. Steven Pitt, who has agreed to undertake a preliminary investigation in anticipation of his potential evaluation of Barrett. This Court should permit the government to furnish Dr. Pitt with access to sealed documents necessary for him to complete his preliminary evaluation of the case.

By placing his mental state at issue, Barrett has waived any protection of his supporting evidence, at least insofar as necessary for the government to investigate and respond to the contentions. The Supreme Court has held that a government's use of properly obtained mental health evidence to rebut a "mental status" defense does not violate the Fifth or Sixth Amendments. *Buchanan v. Kentucky*, 483 U.S. 402, 422-24 (1987). As the Fifth Circuit has succinctly stated, "a defendant who puts his mental state at issue with psychological evidence may not then use the Fifth Amendment to bar the state from rebutting in kind." *Schneider v. Lynaugh*, 835 F.2d 570, 575 (5th Cir. 1988); *see United States v Madrid*, 673 F.2d 1114, 1121 (10th Cir. 1982) (permitting admission of evidence from a government mental health examination authorized under Fed. R. Crim. Proc. 12.2).

In this case, Barrett has squarely placed his mental health in issue by presenting the opinions of experts who relied on the documents the government seeks to utilize. Barrett's psychiatric expert, George Woods, not only relied on the material but made clear that his review was within the standard of care for mental health professionals:

> I . . . reviewed and considered the declaration of neuropsychologist, Myla Young, PhD; Mr. Barrett's institutional records, to include available academic, medical and custodial records; declarations and/or medical and social records of various family members, including his father, Ernie Barrett; his mother, Gelene Dotson; and his former wife, Abby Stites. These are the types of data customarily relied upon by qualified mental health professionals to perform an accurate and reliable neuropsychiatric assessment.

3

Doc. 95 Ex. 117 at 5.  Likewise, neuropsychologist Dr. Young reviewed social, medical and educational history documents about Barrett.  Doc. 95 Ex. 89 at 6.

For the government's potential mental health expert, Dr. Pitt, to have a fair opportunity to evaluate the defendant, he must have access to the same range of material that informed the opinions of Barrett's experts.  Accordingly, the government requests that the Court unseal the exhibits to Barrett's § 2255 motion (Doc. 95) to the extent necessary to permit their release to Dr. Pitt, so that he can evaluate the defendant:  Exhibits 119 through 134 (birth and death certificates); Exhibit 135 (Brandon Smith Social Security Records, Itemized Statement of Earnings); Exhibit 136 (Education Records for Kenneth Barrett); Exhibit 137; (Education Records for Gwendolyn Barrett); Exhibit 138 (Education Records for Ernest Barrett); Exhibit 139 (Medical Records for Carolyn Joseph); Exhibit 140 (Medical Records for Kathy Trotter); Exhibit 141 (Medical Records for Brandie Hill); Exhibit 142 (Medical Records for Toby Barrett); Exhibit 143 (Medical Records for Travis Crawford); Exhibit 145 (Medical Records for Linda Riley);Exhibit 146 (Medical Records for A.J. Barrett); Exhibit 147A-G (Medical Records for Kenneth Barrett); Exhibit 148 (Report of Interview with Kenneth Barrett by OSBI); Exhibit 149 (Marriage Certificate for Ernest and Diana Barrett); Exhibit 150 (Divorce File for Eugene and Sylvia Gelene Dudley); Exhibit 151 (Divorce File for Kenneth Barrett and Abigail Barrett); Exhibit 152 (*Kimberly Pulice v. Richard Barrett*, Case No. JFP-2004-17); Exhibit 153 (*In the Matter of Guardianship of Brandon Leroy Smith*, Case Number PG);  Exhibit 154 (*In re: Sale of Inherited Lands of Lewis Dotson*, Case Number 481); Exhibit 155 (Sylvia Gelene Dotson's Genealogy Memorandum); Exhibit 182 (Bill Ed Rogers's File); Exhibit 195 (*State of Oklahoma vs. Randy Turman*, Case Number CF-02-477); Exhibit 196 (Military Records for Travis Crawford); Exhibits 197-99 (birth certificates); Exhibit 200 (Education Records for Kenneth

Barrett); Exhibit 201 (Medical Records for Gwen Crawford); Exhibit 202 (Medical Records for

Carolyn Joseph); Exhibit 203 (Social Security Records for Travis Crawford).

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to unseal pertinent exhibits to Barrett's § 2255 motion.

Dated: November 18, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 18, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Christopher J. Wilson*
Christopher J. Wilson
United States Attorney's Office