**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar No. 122664
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-5700
(916) 498-5710 [fax]
Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | **CAPITAL CASE** |
| Petitioner, | ) | |
| | ) | Case No. 6:09-cv-00105-JHP |
| v. | ) | |
| | ) | PETITIONER'S RESPONSE |
| UNITED STATES OF AMERICA, | ) | TO GOVERNMENT'S MOTION |
| | ) | TO SECURE TRIAL COUNSEL'S |
| Respondent, | ) | FILE |
| _____ | ) | |

Pursuant to the Court Order dated November 7, 2016 (Doc 246), Petitioner

through his counsel files his Response to the Government's Motion to Secure Trial

Counsel Files (Doc 250).

**PETITIONER'S RESPONSE TO**                                    *Barrett v. USA*
**GOVERNMENT'S MOTION TO SECURE**              OKED Case No. 6:09-cv-00105-JHP
**TRIAL COUNSEL'S FILES**                1

## I. INTRODUCTION

### A. The Scope of the Remand and Waiver of the Attorney-Client Privilege.

As indicated in the Government's Motion (Doc 250 at 1), to the extent trial counsel has surrendered the files in question,[1] Petitioner has no objection to disclosing the requested files as it relates to relevant and material information regarding trial counsel's investigation and preparation for the penalty phase of Mr. Barrett's proceedings.  Even then, the disclosure should rest in reciprocity and disclosure of the government's files. The conditions requested by Petitioner are consistent with the order of remand by the Tenth Circuit Court of Appeals.   It is apparent from the requested discovery of both parties that the parties rely on a reading of the Tenth Circuit opinion that envisions a broad scope of relevant evidence at the evidentiary hearing, including matters related to guilt/innocence and thus a broad waiver.  To that extent, Mr. Barrett stands ready to disclose the

---

[1]  Petitioner believes and anticipates that appointed trial counsel, Roger Hilfiger and Bret Smith have, in fact, delivered to the undersigned counsel all of the files save any and all email communications other than actual pleadings.  Counsel only recently requested the same and anticipate delivery of the same as soon as practicable.  If and when trial counsel discover other and additional files in their possession, Petitioner has requested and anticipates that those files be maintained consistent with the attorney-client privilege of confidentiality and will be delivered directly to counsel, at which point, counsel will disclose the same to the government to the extent constitutionally required assuming a Court Order to that effect.

relevant and material trial counsel files that relate to the penalty phase, assuming the government's similar disclosure.

Petitioner does not waive generally his rights of attorney-client privilege beyond that required by law and the constitution as laid out in the Due Process clause of the Fifth and as contemplated by the Eighth Amendment's prohibition of the infliction of cruel and unusual punishment, including freedom from the arbitrary and capricious infliction thereof, and the Sixth Amendment right to counsel. Counsel further relies upon the Government's ethical obligations in a capital case and argues that in the spirit of fairness, equity and judicial efficiency, the reciprocity required is mandated.

### B.    The Tenth Circuit Order of Remand

It is apparent from the parties' discovery requests that both the Respondent and Petitioner contemplate a broad array of relevant evidence under the remand order. In *United States v. Barrett,* 797 F. 3d 1207, 1232 (10th Cir. 2015), the Tenth Circuit Court of Appeals addressed the issue of whether Mr. Barrett's trial counsel "prepared a mitigation case that measures up to professional norms and, if not, whether that made a difference" and found that the record before them was "inadequate." *Id.* at 1224. Consequently, the Court reversed and remanded Mr. Barrett's death sentence to this Court for an evidentiary hearing on whether the performance of trial counsel was deficient in not investigating [Mr. Barrett's]

background and mental health and whether [he] suffered any prejudice from any deficiency during the penalty phase of his trial." The hearing now contemplated must address both deficiency in performance and prejudice. *Id.* at 1214 (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)). Prejudice is determined by the cumulative impact of deficient performance. *Hooks v. Workman,* 689 F.3d 1148, 1187–88 (10th Cir. 2012).

As Petitioner laid out in his Motion for Leave to Conduct Discovery, the evidentiary hearing must necessarily address all of the available mitigation. Doc 249 at 4-5. Failure of trial counsel to investigate, develop, and present mitigation in all areas including mental health, background, residual doubt, and actual innocence necessarily impacts this Court's finding on both performance and prejudice.

## II.  GOVERNING LAW

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance to practices and principles of law. Unlike regular discovery, discovery in a 2255 proceeding requires a showing of good cause. "[I]t is appropriate for the court, in exercising its discretion . . . , to undertake some substantive balancing of interests . . . ." *Laxalt v. McClatchy*, 809 F.2d 885, 890 (D.C. Cir. 1987).

As Petitioner laid out in his Motion for Leave to Conduct Discovery, the evidentiary hearing must necessarily address all of the available mitigation.  Doc 249 at 4-5. Failure of trial counsel to investigate, develop, present mitigation in all areas including mental health, background, residual doubt, and actual innocence necessarily impacts this Court's finding on both performance, and prejudice.

## II.   THE GOVERNMENT'S REQUEST FOR TRIAL COUNSEL FILES IS TOO BROAD AND UNSUPPORTED BY SPECIFITY OR GOOD CAUSE.

### A.   Respondent's request is overbroad and does not comply with specificity requirements

Petitioner objects to respondent's request on grounds that it is vague, overbroad and ambiguous, and as such, does not comply with the dictates of  § 2255 Rule 6 requiring "specific allegations before the court" and additionally because it seeks discovery of trial preparation materials within the meaning of Federal Rule of Civil Procedure 26(b)(3).  The Due Process Clause protects a defendant from burdensome requirements not imposed on the State or government. See *Wardius v. Oregon*, 412 U.S. 470 472 (1973).

Respondent's only showing of cause is the vague and conclusory assertion that the documents are sought "for the government to meaningfully reply to Barrett's assertions, it requires access to the documents that informed and reflect trial counsel's contemporaneous impressions and actions[.]" Doc 250 at p.2. Such

an assertion falls far short of establishing good cause under Habeas Rule 6(a).  See

*Campbell v. Blodgett*, 982 F.2d 1356, 1359 (9th Cir. 1993) (because petitioner

failed to establish that his requested discovery would lead to evidence supporting

specifics of his claim, district court did not abuse its discretion in denying request);

*Calderon v. U.S. District Court* (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996)

("'Conclusory allegations are not enough to warrant discovery under Rule 6,'"

quoting *Ward v. Whitley*, 21 F.3d 1355, 1364 (5th Cir. 1994)).  "[T]he *Bracy*

requirement that proposed discovery be based upon 'specific allegations before the

court' . . .  mean[s] something other than merely the recitation of a generic claim,"

of an inability to construct a defense and to "meaningfully reply to Barrett's

assertions." *Sherman v. McDaniel,* 333 F.Supp. 2d 960, 967 (2004).  Because of

the general and nonspecific basis on which respondent seeks discovery, this Court

should find that respondent has failed to demonstrate good cause within the

meaning of *Bracy* to justify this discovery. [2]

　　　Respondent's vague and conclusory statements are also insufficient to

establish that it "has substantial need of the materials in the preparation of the

---

[2]　The government's attempt to wholly circumvent the Sixth Amendment's protections with its suggestions that any files not in Mr. Barrett's current counsel's files should be subject to an expansive unmonitored subpoena duces tecum on Mr. Barrett's prior attorneys (Doc 250 at 3) suggests a total lack of appreciation or respect for Mr. Barrett's rights under the Fifth, Sixth and Eighth Amendments and must be summarily rejected in its breathtaking breadth and constitutional violations.

**PETITIONER'S RESPONSE TO**　　　　　　　　　　　　　　　　*Barrett v. USA*
**GOVERNMENT'S MOTION TO SECURE**　　　　　OKED Case No. 6:09-cv-00105-JHP
**TRIAL COUNSEL'S FILES**　　　　　　6

party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). Respondent has no substantial need; it has only the commonly shared, if unrealized, longing of a lawyer to peer over the shoulder of opposing counsel.

Respondent's obvious goal is to construct a post-hoc rationalization of trial counsel's indisputable failure to conduct an adequate investigation at the penalty phase of the trial. See Doc. 250 at 2. As "necessary to a full and fair adjudication of trial counsel's performance, Respondent requests the entire trial attorney record, including "informal notes on scraps of paper. The governing substantive law precludes such a strategy. *See Wiggins v. Smith*, 539 U.S. 510, 526-27 (2002). "Just as a reviewing court should not second guess the strategic decisions of counsel with the benefit of hindsight, it should also not construct strategic defenses which counsel does not offer." *Harris v. Reed*, 894 F.2d 871, 878 (7th Cir. 1990), citing *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

### B.   Respondent requests documents that are subject to

1. The Attorney-client privilege.

The files of trial counsel in this matter are, in general, protected by the attorney-client privilege and the work-product privilege. These privileges are rooted in the constitutional guarantees of the Sixth and Fourteenth Amendments. *See, United States v. Rosner*, 485 F.2d 1213, 1224 (2nd Cir. 1992). However, as

**PETITIONER'S RESPONSE TO**                                    *Barrett v. USA*
**GOVERNMENT'S MOTION TO SECURE**              OKED Case No. 6:09-cv-00105-JHP
**TRIAL COUNSEL'S FILES**                    7

the government points out in the motion, the attorney-client privilege may be waived, "with respect to communications necessary to prove or disprove his claim. *United States v. Pinson*, 584 F. 3d 972, 978 (10th Cir. 2009). The waiver, however, is limited to "*communications*" between the petitioner and his attorney" "necessary to prove or disprove his claim." *Id.* Nothing in *Pinson* suggests the broad waiver to everything in trial counsel's files. *Id.; see also, Bittaker v. Woodford*, 331 F.3d 715, 718-721 (9th Cir. 2003)(en banc). Indeed, the Tenth Circuit specifically finds the "potential scope and lack of specificity in that case "troubling." *Id.,* at 979. As *Bittaker* notes, in such a situation there has been an implied waiver as to communications between attorney and petitioner with regard to matters relevant to the subject matter of the claim. See 331 F.3d 719-721. Mr. Barrett does not deny the broad nature of the claim on which the the Tenth Circuit remanded this matter for an evidentiary hearing to include the entire penalty phase of Mr. Barrett's case; he does, however, dispute that the breadth of the claim permits unlimited access to trial counsel's file without more specificity of the need for the files beyond *communications* between counsel and Petitioner on the penalty phase investigation, preparation, strategy and presentation.

The implied waiver concept is founded upon the notion of fairness. A party cannot assert attorney mistake or ineffectiveness without allowing the other party some inquiry into matters relevant to the mistake or ineffectiveness. As explained

**PETITIONER'S RESPONSE TO**                                   *Barrett v. USA*
**GOVERNMENT'S MOTION TO SECURE**            OKED Case No. 6:09-cv-00105-JHP
**TRIAL COUNSEL'S FILES**                    8

in *Tasby v. United States*, 503 F.2d 332, 336 (8th Cir. 1974) (cited in the *Bittaker*

opinion): the "privilege is waived when a client attacks his attorney's competence

in giving legal advice, [and] puts in issue that advice. . . A client is not allowed to

make allegations of misconduct while preventing the attorney from responding."

As *Bittaker* also notes, however, the waiver of the privilege is limited by the

scope of the claim, and must be narrowly contoured to the allegations presented:

> [T]he court must impose a waiver no broader than needed to ensure
> the fairness of the proceedings before it.  Because a waiver is required so as
> to be fair to the opposing side, the rationale only supports a waiver broad
> enough to serve that purpose.  Courts, including ours, that have imposed
> waivers under the fairness principle have therefore closely tailored the scope
> of the waiver to the needs of the opposing party in litigating the claim in
> question.

*Bittaker*, 331 F.3d at 720.

Again, the touchstone is fairness: "an overarching consideration is whether

allowing the privilege to protect against disclosure of the information would be

'manifestly unfair' to the opposing party."  *Home Indemnity Company v. Lane*

*Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995), quoting *Hearn v.*

*Rhay,* 68 F.R.D. 574, 581 (E.D. Wash. 1975); see *In re Von Bulow*, 828 F.3d 94,

102-103 (2nd Cir. 1987).  Consequently, the waiver exists only as to matters put in

issue by the claim, and then only if, as a matter of fairness, the government has

demonstrated "a real need for the evidence."  *United States v. Amlani*, 169 F.2d at

1195.

PETITIONER'S RESPONSE TO                                          *Barrett v. USA*
GOVERNMENT'S MOTION TO SECURE                       OKED Case No. 6:09-cv-00105-JHP
TRIAL COUNSEL'S FILES              9

2.  The Work-Product privilege

The work-product privilege is a separate, but related, privilege.  Like the attorney-client privilege, the work-product privilege can be waived by certain types of ineffective assistance of counsel allegations, but only as to matters actually put in issue by the petitioner.  *See, e.g., Osband v. Woodford*, 290 F.3d 1036, 1038 (9th Cir. 2002).  Under Federal Rule of Civil Procedure 26(b)(3), the work-product privilege protects documents from disclosure unless the party seeking disclosure "has substantial need of the materials in the preparation of the party's case and . . . is unable without undue hardship to obtain the substantial equivalent of the materials elsewhere."  Once again, the overarching consideration is fairness: whether the respondent has demonstrated that it can only fairly respond to petitioner's allegations by having access to the materials otherwise protected by privilege.  See *Hickman v. Taylor,* 329 U.S. 495, 509-510 (1947).  The government has not made such a showing.

The government seeks discovery of every piece of paper that the trial attorneys had in their possession.  The language of *Pinson* and/or *Bittaker* fails to support the scope of this demand and, indeed, instructs the opposite:  the court must impose a narrowly drawn, "closely tailored" waiver no broader than necessary to allow a respondent a chance to refute the allegations.  *Bittaker, supra,*

**PETITIONER'S RESPONSE TO**                                              *Barrett v. USA*
**GOVERNMENT'S MOTION TO SECURE**                      OKED Case No. 6:09-cv-00105-JHP
**TRIAL COUNSEL'S FILES**                     10

331 F.3d at 720; *see also Amlani*, 169 F.3d at 1195; *Home Indemnity Company,* 43 F.3d at 1326.

Respondent has not shown sufficient reason, nor good cause, to warrant discovery of these documents.

### C.     Petitioner is entitled to a Protective Order under *Bittaker.*

Respondent's motion makes no mention of the need for a protective order. See *Bittaker*, 331 F.3d at 717 n. 1.  Should this Court grant respondent's request for discovery, petitioner requests a protective order as appropriate, using language comparable to the language of the order approved in *Bittaker*.  Petitioner would request an opportunity to submit a proposed protective order to this Court.

### III.    FAIRNESS IN A CAPITAL CASE REQUIRES PETITIONER BE ENTITLED TO RECIPROCAL DISCOVERY.

The government has not shown sufficient good cause to set aside these privileges and compel discovery.  To the extent there is a waiver and the government is entitled to trial counsel's files, equity and fairness, due process of the Fifth and Sixth Amendments to the United States Constitution and the Criminal and Civil Rules of Discovery demand equal access by Petitioner to the government's files and communications regarding preparation, investigation, development and presentation of its case in aggravation.  *See e.g., Wardius v.*

*Oregon; Jenkins v. Atkins*, 515 F. 2d 1078 (10th Cir. 1975); *see generally,* Fed. R. Crim. Proc. Rule 16.

The scope of reciprocity includes any and all mitigating evidence in the government's actual or constructive possession. This includes anything that disputes, refutes or undermines the credibility of any evidence relied upon by the government at sentencing. To do less is place a heavy and unfair burden on Petitioner without a similar burden on the government. Whatever discovery this court finds appropriate must be framed in reciprocal terms. *Id.*

DATED: November 23, 2016          Respectfully submitted,


                                 /s/ *David Autry*
                                 DAVID AUTRY
                                 Attorney at Law

                                 /s/ *Joan M. Fisher*
                                 JOAN M. FISHER
                                 Assistant Federal Defender


                                 Attorneys for Petitioner,
                                 KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 23rd day of November, 2016, I caused the foregoing Petitioner's Response to the Government's Motion to Secure Trial Counsel's Files to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ Joan M. Fisher
JOAN M. FISHER