**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  (916) 498-6666
Facsimile:   (916) 498-6656
Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Movant/Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | PETITIONER'S RESPONSE |
| | ) | TO GOVERNMENT'S |
| United States of America | ) | MOTION FOR RULE 26 |
| | ) | DISCOVERY FROM |
| Respondent. | ) | DEFENSE EXPERTS |
| _____ | ) | |

Petitioner, Kenneth Eugene Barrett, submits the following as his response to the Government's motion to obtain Rule 26 Discovery from Defense Experts (Doc 251).

1. The Government seeks broad expert discovery under Rule 6 of the Rules Governing § 2255, including expert reports and depositions. Respondent lacks any authority for its overly broad request. The sole case cited by Respondent justifies Petitioner's discovery for "good cause" due to new scientific developments that post-date trial—specifically, where developments in the science of arson investigation rendered the Government's expert Guilt Phase trial testimony unreliable. *Lee v. Glunt*, 667 F.3d 397 (3d. 2012). Here, Petitioner's post-conviction experts relied on methodologies and techniques in neuropsychology and psychiatry concurrent with trial, not cutting-edge scientific developments, and no Government expert testified at trial. No authority supports Respondent's overreaching request.

2. Petitioner opposes Respondent's request for additional "expert reports" from Dr. George Woods and Dr. Myla Young, premised on its disapproval of the "preliminary matters" reviewed by such experts as detailed in their declarations. At present, Petitioner has no additional expert reports from Dr. Woods and Dr. Young, other than those filed with the original § 2255 petition. Petitioner proposes

disclosures from any newly-retained experts whose testimony Petitioner intends to offer to the court should be made consistent with the timing proposed hereinafter.

3. Petitioner opposes Respondent's burdensome request for depositions in advance of the evidentiary hearing. Instead, Petitioner proposes live testimony from Mr. Barrett's experts at the evidentiary hearing in support of his ineffective assistance of counsel claim, subject to narrow rebuttal testimony by Respondent's experts. *See* Petitioner's Response to Government's Motion for Psychiatric Evaluation of Defendant (Government's rebuttal testimony may not be predicated on new testing). However, we do not disagree, that the court, in its discretion, may order such depositions at the government's expense, § 2255 Rule 6 (c), but suggest to order the same with insufficient time to prepare and conduct them would be an abuse of discretion.

4. Petitioner opposes the request for depositions of Bill Sharp and Jeanne Russell, as these are not Petitioner's experts, but fact witnesses whose opinions were ignored by trial counsel. The ultimate reliability of their opinions is irrelevant. Rather, the question at issue is whether trial counsel rendered objectively reasonable performance when they ignored what they learned from Drs. Sharp and Russell, key witnesses whose reports, Petitioner alleges, would have triggered further investigation by competent counsel.

5. Petitioner opposes the timing of Respondent's request for discovery. The Government's proposed deadlines are unnecessarily and overly restrictive. Mr. Barrett proposes Rule 26 disclosures either two weeks prior to the start of the evidentiary hearing (i.e., on present schedule, February 2, 2017), or thirty days from the date of evaluation of Mr. Barrett by any new defense experts—whichever date is later. Petitioner opposes the evaluation of Mr. Barrett by any new Respondent's experts, *see* Petitioner's Response to Government's Motion for Psychiatric Evaluation of Defendant. Accordingly, all Government disclosures should be made at least two weeks prior to the start of the evidentiary hearing.

6. WHEREFORE, Petitioner requests that the Government's request to obtain Rule 26 discovery be denied consistent with the above objections.

DATED:  November 23, 2016                Respectfully submitted,

                                         /s/ *Joan M. Fisher*
                                         JOAN M. FISHER

                                         /s/ *David Autry*
                                         DAVID AUTRY

                                         Attorneys for Petitioner,
                                         KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 23rd day of November, 2016, I caused the foregoing Petitioner's Response to Government's Motion for Rule 26 Discovery From Defense Experts to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, United States Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ Joan M. Fisher
JOAN M. FISHER