**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  (916) 498-6666
Facsimile:   (916) 498-6656
Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Movant/Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | PETITIONER'S RESPONSE |
| | ) | TO GOVERNMENT'S |
| | ) | MOTION TO SERVE |
| United States of America | ) | DISCOVERY ON THIRD |
| | ) | PARTIES RELATED TO |
| Respondent. | ) | DEFENDANT'S MENTAL |
| | ) | HEALTH AND SOCIAL |
| | ) | HISTORY |
| _____ | ) | |

PETITIONER'S RESPONSE TO GOVERNMENT'S                    *Barrett v. United States*
MOTION TO SERVE DISCOVERY ON THIRD          OKED Case No. CV-09-00105-JHP
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY        1

Kenneth Eugene Barrett, Movant/Petitioner, through his attorneys files his Response to the Government's Motion to Serve Discovery on Third Parties Related to Defendant's Mental Health and Social History.

## I.  INTRODUCTION

In its Motion, the government seeks an order allowing it to depose Petitioner's relatives "principally to determine if and when they have ever been diagnosed with or treated for a relevant physical or mental condition, by whom they were diagnosed or treated, and whether they will execute a waiver of any state or federal privileges with regard to their health care providers' records. The government further seeks authorization to serve subpoenas duces tecum on those health care providers." (Doc. 254 at 2).

Petitioner objects to these requests because they are overbroad, seek privileged information, infringe on the privacy interests of Petitioner's family and are not limited to records relevant to the evidentiary hearing regarding trial counsel's performance in the investigation and presentation of mitigation evidence at the penalty phase. Moreover, the purpose of these requests is to cause embarrassment to Petitioner's family.

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE DISCOVERY ON THIRD
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY        2

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

## II. ARGUMENT

**A. The Government's request is overbroad and not limited to records relevant to mitigation of punishment.**

Rule 6 of the Rules Governing § 2255 Proceedings permits discovery for "good cause." The government cannot demonstrate "good cause" for discovery without first "provid[ing] reasons for the request" related to the "essential elements" of the claim. Rule 6(b), Rules Governing Section 2255 Proceedings; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Generalized statements about the possible existence of discovery material are insufficient; Rule 6 "does not . . . authorize fishing expeditions." *Harris v. Johnson*, 81 F.3d 535, 540 (5th Cir. 1996).

The government's claimed "good cause" for needing this information is that Petitioner "specifically relied upon the declarations of his relatives attesting to their mental disorders." (Doc 254 at 2-3). The government further states that it does not view this request as a "fishing expedition," but will limit its use of subpoenas after Petitioner responds to interrogatories regarding family members. (Doc 254 at 3).

The government is not specifying exactly who it wants to depose or serve subpoenas duces tecums upon. Instead, the government speaks in broad brushstrokes stating only that it wants to depose Petitioner's "relatives" regarding their health care information.  This request is excessively broad, especially given

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE DISCOVERY ON THIRD
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY          3

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

the fact that the government easily could have specifically referred to the named relatives who gave declarations. By framing its Motion in this unrestricted manner, the government is seeking permission to depose any of Petitioner's relatives about any plausible health matter. This is not a reasonable request. Although the government assures that it will limit its use of subpoenas for the health care providers after Petitioner responds to interrogatories, there is no excuse for this excessive over-reach.

The question before the court is what, if anything, trial counsel did in the investigation and development of mitigation for sentencing. The declarations and documents relied upon by Petitioner will be made available to the government – it is to those allegations the government's response must be directed. If warranted, the government has the opportunity to depose or cross-examine the witnesses and challenge the documents.

The Tenth Circuit has upheld district courts' decisions to be prudent in controlling the breadth of discovery:

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE DISCOVERY ON THIRD
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY        4

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

> [I]t is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be `relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] `a party or person from annoyance, embarrassment, [or] oppression. . . .'" *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed.R.Civ.P. 26(c)(1)); *see also Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir.1994) (no abuse of discretion where "privacy interests, coupled with [the district court's] determination to keep the trial focused . . ., justified limiting [plaintiff's discovery of] personnel files").

*Regan-Tougy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008); *see also Calderon v. US District Court,* 98 F.3d 1102, 1106 (9th Cir. 1996) ("Conclusory allegations are not enough to warrant discovery under Rule 6.") (citation omitted). Here, the government's far-reaching requests for disclosure of sensitive information are nothing more than an excuse to annoy, harass and embarrass Petitioner's relatives.

### B. The Government's Requests Seek Privileged Information that Infringes on the Privacy Interests of Petitioner's Relatives.

There is perhaps nothing more sacred and private than mental health information:

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE DISCOVERY ON THIRD
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY      5

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

> The psychiatric patient confides more utterly than anyone else in the world. He exposes to the therapist not only what his words directly express; he lays bare his entire self, his dreams, his fantasies, his sins, and his shame. Most patients who undergo psychotherapy know that this is what will be expected of them, and that they cannot get help except on that condition. * * * It would be too much to expect them to do so if they knew that all they say — and all that the psychiatrist learns from what they say— may be revealed to the whole world from a witness stand.

*Taylor v. United States,* 222 F.2d 398, 401 (DC Cir. 1955), *quoting* from Guttmacher and Weihofen, Psychiatry and the Law 272 (1952). In this situation the stakes are higher, because the privacy interests belong to non-parties to this action.

There is no doubt that the sensitive medical and psychiatric information of Petitioner's relatives is protected privileged information under federal law. *See Jaffee v. Redmond,* 518 U.S. 1, 15 (1996). However, the government asserts that because none of Petitioner's relatives has made any effort to assert this privilege thus far, they have waived any claim of privilege regarding their medical histories. (Doc 254 at 4) ("Given the lack of any reservation of rights in the declarations, the government assumes that if Barrett intends to rely on the information in those statements, his declarant-relatives will forgo any claim of privilege as to their medical histories.").

In reliance of this statement, the government cites to *United States v. Bolander,* 722 F.3d 199, 223 (4th Cir. 2013) (citing *United States v. Hayes,* 227

F.3d 578, 586 (6th Cir. 2000)) (holding that a witness may waive a claim of privilege by failing to properly assert it during testimony). *Bolander* presented a far different situation that is distinguishable from the case at hand. In *Bolander*, the court held that a defendant waived his claim of privilege when he disclosed his own psychiatric records to his expert during depositions without claiming privilege. *See id.* ("By answering questions without asserting the psychotherapist—patient privilege, Bolander waived any privilege he may have enjoyed.") The government somehow extends that holding to mean that a non-party must claim privilege when simply stating in a declaration that they have had mental health treatment; otherwise, failure to do so will result in waiver of that privilege with respect to *all* medical records for the entirety of all proceedings. That giant leap is simply not a logical extension of the *Bolander* holding.

In sum, Petitioner's family has a protected privilege in their confidential medical records. They have not waived that privilege. Petitioner intends to provide all underlying documentation of his expert witnesses, including relevant documents of his health and social history. *See* Doc. 251 at 1. Beyond that, the government has not shown that this Court should order disclosure of privileged information of non-parties.

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE DISCOVERY ON THIRD
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY          7

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

**C. To Any Extent that the Court Grants the Government's Motion, Petitioner Requests a Protective Order for Sensitive Medical and/or Psychiatric Information of Petitioner's Relatives.**

Upon motion by a party and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c). Trial courts have broad discretion in determining what constitutes good cause, whether good cause exists, and, if it does exist, what protection is appropriate when considering a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Accordingly, Petitioner requests an opportunity to submit an appropriate proposed protective order to this Court for any such disclosed records.

DATED:  November 23, 2016            Respectfully submitted,

/s/   *David Autry*
DAVID AUTRY
Attorney at Law

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

PETITIONER'S RESPONSE TO GOVERNMENT'S                          *Barrett v. United States*
MOTION TO SERVE DISCOVERY ON THIRD                      OKED Case No. CV-09-00105-JHP
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY            8

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 23rd day of November, 2016, I caused the foregoing Petitioner's Response to the government's Motion to Serve Discovery on Third Parties Related to Defendant's Mental Health and Social History to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE DISCOVERY ON THIRD
PARTIES RELATED TO DEFENDANT'S
MENTAL HEALTH AND SOCIAL HISTORY          9

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP