**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:  (916) 498-6666
Facsimile:  (916) 498-6656
Joan_Fisher@fd.org

Attorneys for Petitioner
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Movant/Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | PETITIONER'S RESPONSE |
| | ) | TO GOVERNMENT'S |
| | ) | MOTION TO SERVE |
| United States of America | ) | SUBPOENAS DUCES |
| | ) | TECUM REGARDING |
| | ) | RECORDS RELATING TO |
| | ) | DEFENDANT'S |
| Respondent. | ) | MENTAL HEALTH |
| _____ | ) | |

PETITIONER'S RESPONSE TO GOVERNMENT'S                             *Barrett v. United States*
MOTION TO SERVE SUBPOENA DUCES TECUM                   OKED Case No. CV-09-00105-JHP
REGARDING RECORDS RELATING TO
DEFENDANT'S MENTAL HEALTH                         1

Kenneth Eugene Barrett, Movant/Petitioner, through his attorneys files his

Response to the Government's Motion to Serve Subpoenas Duces Tecum

Regarding Records Relating to Defendant's Mental Health.

## I.  INTRODUCTION

In its Motion, the government seeks an order allowing it to subpoena records

from the following third parties:

> the U.S. Social Security Administration (for all records of
> Barrett's benefits and paid employment), all organizations and
> individuals who employed Barrett in a paid or unpaid capacity
> (for all records of his employment); all schools that Barrett
> attended (for all of his academic, administrative, behavioral
> and counseling records); all judicial and administrative courts
> in which Barrett has been a litigant or witness (for any sealed
> transcripts of his testimony or any non-public records related
> to litigation in which he was a party or witness); all penal and
> detention facilities in which Barrett has been an inmate (for all
> records of his custody), all medical professionals who have
> treated or diagnosed Barrett (for all of medical records related
> to his mental health), all mental health professionals who have
> treated or diagnosed Barrett (for all of his mental health
> records).

(Doc. 255 at 3).

The government further seeks to subpoena the documents of the "several

medical and mental health experts" that Barrett relies upon for his claims of

ineffective assistance of counsel, "including any notes, interview notes, raw test

data, normative data, diagnostic criteria, and other documents provided by the

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE SUBPOENA DUCES TECUM
REGARDING RECORDS RELATING TO
DEFENDANT'S MENTAL HEALTH        2

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

defendant or his attorneys that were considered in forming the experts' opinions" (Doc 255 at 4).

Petitioner objects to these requests because they are overbroad, seek privileged information, infringe on privacy interests and are not limited to records relevant to the evidentiary hearing regarding trial counsel's performance in the investigation and presentation of mitigation evidence at the penalty phase.

## II. ARGUMENT

### A. The Government's request is overbroad and not limited to records relevant to mitigation at the penalty phase.

Rule 6 of the Rules Governing § 2255 Proceedings permits discovery for "good cause." The government cannot demonstrate "good cause" for discovery without first "provid[ing] reasons for the request" related to the "essential elements" of the claim. Rule 6(b), Rules Governing Section 2255 Proceedings; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Generalized statements about the possible existence of discovery material are insufficient; Rule 6 "does not . . . authorize fishing expeditions." *Harris v. Johnson*, 81 F.3d 535, 540 (5th Cir. 1996).

The government's claimed "good cause" for needing this information is that "Barrett's conduct and performance at work, at school, and in custody bear on the reliability of his mental health diagnoses, which form the core of several of his

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE SUBPOENA DUCES TECUM
REGARDING RECORDS RELATING TO
DEFENDANT'S MENTAL HEALTH          3

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

ineffective assistance of counsel claims." (Doc. 255 at 2-3).  This very general, conclusory statement does not establish a relationship with the "essential elements" of Petitioner's claim. The government is, in effect, stating that Petitioner's entire life is relevant to his claim. This is not a proper discovery request.

In fact, the expanse of information sought by the government borders on the absurd. The government does not ask for any enumerated or specific documents or reports from any specific institutions or professionals for any specific time frames; instead, the government seeks virtually every record of every aspect of Petitioner's life. This is the very definition of unduly burdensome. Petitioner acknowledges that he has put aspects of his mental health and background at issue; however, that does not give the government carte blanche to explore *every single component of his entire life,* unlimited in time and regardless of its relevancy to mitigation available to trial counsel at the time of sentencing.

The Tenth Circuit has upheld district courts' decisions to be prudent in controlling the breadth of discovery:

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE SUBPOENA DUCES TECUM
REGARDING RECORDS RELATING TO
DEFENDANT'S MENTAL HEALTH                    4

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

> [I]t is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be `relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] `a party or person from annoyance, embarrassment, [or] oppression. . . .'" *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed.R.Civ.P. 26(c)(1)); *see also Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir.1994) (no abuse of discretion where "privacy interests, coupled with [the district court's] determination to keep the trial focused . . ., justified limiting [plaintiff's discovery of] personnel files").

*Regan-Tougy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008); *see also Calderon v. US District Court,* 98 F.3d 1102, 1106 (9th Cir. 1996) ("Conclusory allegations are not enough to warrant discovery under Rule 6.") (citation omitted).

The government's Motion is requesting the very "willy-nilly" sort of disclosure discussed in *Regan-Tougy.* This Court should deny the government's fishing expedition.

### B. The Government's Requests Seek Privileged Information that Infringes on Petitioner's Privacy Interests.

The government states "Barrett has, of course, waived his any [sic] privilege concerning his health records by placing his medical history in issue." (Doc 255 at 3). The government assumes that because Petitioner's mental health is an issue – which Petitioner acknowledges – that Petitioner has waived any and all privilege to

PETITIONER'S RESPONSE TO GOVERNMENT'S                                            *Barrett v. United States*
MOTION TO SERVE SUBPOENA DUCES TECUM                              OKED Case No. CV-09-00105-JHP
REGARDING RECORDS RELATING TO
DEFENDANT'S MENTAL HEALTH                                5

any medical, psychological or social record from his entire life. That is simply not the case.

The government cites *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000), for the proposition that a patient waives the psychiatrist-patient privilege when he places his medical condition at issue. The law is not quite that settled. *See generally* 21 George Mason Law Review 117, "*The Psychotherapist Privilege: Privacy and "Garden Variety" Emotional Distress"* (Fall 2013). In contrast to *Schoffstall*, a Massachusetts District Court held otherwise, declining to find waiver of the psychiatrist-patient privilege in a plaintiff who raised a claim of emotional distress. *See Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 225-30 (D.Mass.1997).

The government glibly asks this Court for an Order to subpoena mental health records from *all* of Petitioner's physicians, mental health professionals, school counselors, employers and the Social Security Administration. (Doc 255 at 3). This is a blanket request with no specified dates or specified named professionals. Petitioner has submitted detailed declarations by two mental health experts and does not oppose depositions of its experts, if time permits. Petitioner will provide all of the underlying documentation including relevant documents of Mr. Barrett's health and social history. *See* Doc 251 at 1. Mr. Barrett does not

object to disclosing all of the documents that § 2255 counsel have submitted in support of the claim. Petitioner's objection and concern goes to the breadth and lack of specificity in the government's request. The government has illustrated no need to expand its search beyond the claim presented or to impose on Petitioner in the manner it suggests.

The government further asserts that to any extent that Petitioner claims that this information is privileged, he should bear the burden of identifying this information in a privilege log. (Doc 255 at 4). Petitioner disagrees. The government has an obligation to specify which records it wants short of everything from your entire life before Petitioner could begin to attempt to create a privilege log.

**C. To Any Extent that the Court Grants the Government's Motion, Petitioner Requests a Protective Order for Sensitive Medical and/or Psychiatric Information.**

Upon motion by a party and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c). Trial courts have broad discretion in determining what constitutes good cause, whether good cause exists, and, if it does exist, what protection is appropriate

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO SERVE SUBPOENA DUCES TECUM
REGARDING RECORDS RELATING TO
DEFENDANT'S MENTAL HEALTH                7

*Barrett v. United States*
OKED Case No. CV-09-00105-JHP

when considering a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Medical and/or psychiatric records are highly sensitive as evidenced by the protections accorded to them under federal law by the Health Insurance Portability and Accountability Act of 1996 (HIPPA). *See also* 45 C.F.R. § 164.512(e)(1) (defining a qualified protective order under HIPPA). Accordingly, Petitioner requests an opportunity to submit an appropriate proposed protective order to this Court for any such disclosed records.

DATED: November 23, 2016          Respectfully submitted,

/s/ *David Autry*
DAVID AUTRY
Attorney at Law

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 23rd day of November, 2016, I caused the foregoing Petitioner's Response to the Government's Motion to Serve Subpoena Duces Tecum Regarding Records Relating to Defendant's Mental Health to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER