## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,              )
                                     )
    Petitioner/Defendant,        )
                                     )    Case No. CV-09-00105-JHP
v.                                   )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Respondent/Plaintiff.        )

## GOVERNMENT'S PARTIAL OPPOSITION TO MOTION FOR LEAVE TO CONDUCT CIVIL DISCOVERY

**COMES NOW** the United States of America, by and through undersigned counsel and partially opposes Barrett's request for leave to conduct discovery.

## PROCEDURAL HISTORY

Barrett was convicted and sentenced to death. The Tenth Circuit Court of Appeals affirmed the judgment on direct appeal, and this Court denied § 2255 relief. Doc. 214. On appeal from the § 2255 denial, the Tenth Circuit remanded the case for an evidentiary hearing to consider the alleged ineffective assistance of counsel in investigating and presenting mitigating evidence relating to the defendant's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015); *see also* Docs. 233 at 1, 246 at 1, 248 at 2. In anticipation of that hearing, Barrett moved for leave to depose the government's mental health experts and engage in several other forms of discovery. Doc. 249 ("Mtn"). With the exception of the proposed expert depositions and associated requests for the witnesses' notes, the government objects to Barrett's discovery requests.

1

**ARGUMENT**

**THE COURT SHOULD DENY BARRETT'S DISCOVERY REQUESTS, APART FROM THOSE CONCERNING THE GOVERNMENT MENTAL HEALTH EXPERTS**

Barrett, like the government, seeks leave to depose the opposing party's mental health experts. Having advocated that it has shown good cause to take such depositions, the government does not object to Barrett's request in that regard or his related request for the experts' notes. Barrett also asks to engage in the following forms of discovery: receipt of government disclosures under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 155 (1972); depositions of Barrett's trial counsel, a former federal prosecutor, and a former drug task force agent; service of subpoenas duces tecum on government mental health experts, Barrett's trial counsel, a former prosecutor, a former drug task force agent, and a pair of law enforcement agencies; and production of government documents concerning all aspects of this case. Mtn. at 4-21. The government objects, as further explained below.

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the court, based on good cause shown. In this case, apart from the requests concerning the government's mental health experts in this case, Barrett fails to establish good cause for his proposed discovery. Moreover, several of his requests contemplate irrelevant and privileged material.

1.   Requests for Production of Exculpatory/Mitigating Evidence

Barrett requests that the government produce exculpatory or mitigating evidence under *Brady* and *Giglio*, and argues that he is entitled to disclosures from a vast swath of local and federal agencies, most of which had tenuous, if any, connections to the prosecution. Mtn. at 6-7. The Court should deny the request as moot and unsupported by law.

This Court has previously found that the government complied with its *Brady* obligations, despite Barrett's many claims to the contrary. *See generally* Doc. 214 at 35-73.

Moreover, the Court has agreed with the government that it did not bear the burden of obtaining favorable evidence from agencies that were not working with it or otherwise under its authority. *See id.* at 37 (citing *United States v. Beers*, 189 F.3d 1297, 1303 (10th Cir. 1999) and *Moon v. Head*, 285 F.3d 1301, 1309 (11th Cir. 2002) (finding the U.S. Attorney and DEA comprised the prosecution team)). Given that the government has discharged its disclosure obligations, which did not require it to obtain information from local agencies outside its control, Barrett's request is not only moot but vastly overstates the prosecution's obligation to have sought evidence from such disparate agencies as the Sequoyah County Sheriff's Department; the Sallisaw Police Department; the District 27 Drug Task Force; the Federal Bureau of Investigation; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Oklahoma Bureau of Narcotics and Dangerous Drugs; the Oklahoma Bureau of Investigation; the Oklahoma Highway Patrol; and the Oklahoma Department of Public Safety. The government did not prosecute this case in association with those agencies and has no authority over them. *See generally United States v. Hall*, 434 F.3d 42, 55 (1st Cir.2006) (holding the *Brady* obligation "does not extend to information possessed by government agents not working with the prosecution").

Barrett's reliance on *Brady* is also legally unsupportable, as its doctrine does not apply during collateral review. *District Attorney v. Osborne*, 557 U.S. 52, 68-69 (2009).

For all the foregoing reasons, the Court should deny Barrett's requests.

2.  Subpoena Duces Tecum for Drs. Pitt and Price

In addition to the proposed depositions of mental health experts, to which the government has not objected, Barrett requests authority to serve subpoenas duces tecum on Drs. Steven Pitt and J. Randall Price for all documents related to their examination of Barrett and their communications with the government. Mtn. at 7-10. The government objects to subpoenas

duces tecum, but is amenable to an exchange of notes from all the mental health experts.

The government has agreed to provide Barrett with a recording of any evaluation performed by Dr. Pitt, mooting any request in that regard. The government would ask Dr. Pitt to produce his notes at or before his deposition as part of a mutual exchange of information. As to Dr. Price, the government cannot speculate what documents will be exposed to inspection if the Court grants the pending motion to expand the record to include firewalled mental health evidence (Doc. 256). *See* Rules foll. 28 U.S.C. § 2255, R. 7(c). Potentially, the firewalled material includes Dr. Price's notes, but if they remain in the witness's possession, the government would request that material as part of an exchange with opposing counsel, mooting the need for a subpoena.

The government also objects to any subpoena intended to target communications between the prosecutors and expert witnesses. Barrett has not identified any legal basis upon which he might premise a demand for such communications. *See generally* Fed. R. Civ. Proc., R. 26(a)(2) (setting forth the disclosure obligations for expert witnesses); Fed. R. Crim. Proc. 12.2. At one time, Rule 26 supported such disclosures. *See In re Application of Ecuador*, 735 F.3d 1179, 1186 (10th Cir. 2013). However, the current rules of discovery do not expose draft reports or attorney-expert communications to disclosure, and Barrett has not demonstrated any reason to ignore that doctrine in this case. *See id.*

Because the requested subpoenas are either unnecessary or legally unjustifiable, the government urges the Court to deny the request.

3.    Depositions of Trial Counsel

Barrett requests the opportunity to depose his former trial attorneys, Bret Smith and Roger Hilfiger. In support of his request, he argues that the witnesses created an appearance of

4

hostility toward him by submitting declarations to the government without first securing a court order that set forth the extent to which Barrett's claims of ineffective assistance had waived attorney-client privilege.  Mtn. at 10-11.  Barrett fails to justify his request with good cause.

This Circuit has clearly defined the extent to which a claim of ineffective assistance of counsel implies a waiver of attorney-client privilege.  *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (holding "a habeas petitioner [who] claims ineffective assistance of counsel . . . waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim").  Barrett does not identify any authority for the proposition that trial counsel had an obligation to secure this Court's imprimatur on the scope of his privilege waiver.  Tellingly, Barrett makes no effort to show that counsel exceeded the bounds of that waiver or evinced any actual hostility toward him.  At bottom, Barrett provides no basis for this Court to conclude that depositions of Messrs. Smith and Hilfiger would materially advance preparations for the hearing, especially given that the two attorneys outlined their views of the case in sworn declarations attached to the government's answer.  Doc. 174 Exhs. 11 & 12.

For the foregoing reasons, Barrett has failed to establish good cause for his deposition request, which the Court should deny.

4.   Subpoenas Duces Tecum for Trial Counsel

Barrett seeks leave to serve subpoenas duces tecum upon his trial counsel for them to produce any documentation concerning their representation of him.  Mtn. at 11.  He fails to show good cause for this request.

Barrett has been litigating this § 2255 action for more than seven years and has never previously indicated that his trial attorneys deprived him of any documents.  *Cf. e.g*., Doc.. 150 (premising a request for discovery on alleged error by the court and the government).  The

absence of such an allegations is hardly surprising, as Barrett is legally entitled to his former counsel's files and loyalty. *See* Okla. Rules of Prof. Conduct, R. 1.16(d); *Bar Ass'n v. Wilcox*, 227 P.3d 642, 653 (Okla. 2009). Given trial counsel's obligation to have disgorged their files, Barrett fails to explain why he should now invoke this Court's authority to mandate the same result. Indeed, Barrett provides no basis for this Court to suspect that trial counsel has failed to surrender property to which the law entitled him.

Given Barrett's manifest failure to establish good cause for this entirely speculative form of discovery, the Court should deny the request.

5.   Disclosure of Communications between the Government and Trial Counsel

Barrett seeks to obtain, via subpoena and request for production, disclosures of communications between the government and Messrs. Smith and Hilfiger. Mtn. at 11-12, 18. Barrett's requests are overbroad and unsupportable under the law.

Barrett does not confine his request to discovery of communications between the government and trial counsel. Rather, he seeks all documents relating to those communications, a body of material that sweeps across the privileged work product of government counsel. That privilege is well established as a matter of rule and common law. *See United States v. Nobles*, 422 U.S. 225, 236-37 (1975); *see generally*. Fed. Rules of Crim. Proc., R. 16(a)(1)(E). Barrett provides no factual or legal basis for piercing the privilege to allow him access to the government's internal communications and files. Indeed, Barrett fails to so much as hint how the government's work product would shed light on the credibility or reliability of Messrs. Smith and Hilfiger, if and when they appear as witnesses in this action.

To the extent Barrett seeks communications between trial counsel and the government, he fails to demonstrate good cause. As noted, the government appended the defense attorneys'

declarations to its answer.  Doc. 174 Exhs. 11 & 12.   Those declarations contained the relevant observations of trial counsel concerning their representation in this case.  As statements the witnesses expressly adopted, the declarations satisfy the government's obligation under the *Jencks* Act.  18 U.S.C. § 3500(e).  The government's summaries of the witnesses' interview remarks are not subject to disclosure.  *See Palermo v. United States*, 360 U.S. 343, 352-53 (1959); *United States v. Marshall*, 985 F.2d 901, 908 (7th Cir. 1993).  Likewise, any earlier iterations of the declarations that the witnesses refused to adopt are not subject to disclosure and could not possibly assist Barrett in examining the witnesses.  *See United States v. Phibbs*, 999 F.2d 1053, 1088-89 (6th Cir. 1993) (holding no duty to disclose notes a witness did not adopt as substantially verbatim); *United States v. Ricks*, 817 F.2d 692, 697-98 (11th Cir. 1987) (holding no duty to disclose memoranda that witnesses never adopted).  Barrett cannot show how statements the witnesses refused to adopt would advance his understanding of the case or his preparation for the hearing.

As this Court has previously observed, the Messrs. Smith and Hilfiger are sophisticated members of the criminal defense bar.  *E.g.*, Doc. 214. at 24 n.64, 33.   Despite the witnesses' sophistication, Barrett does not identify any reason to suspect they were misled by the government or that they executed deceptive declarations.  As such, he has not shown good cause to obtain discovery related to the preparation of those declarations.

6.   <u>Deposition of and Subpoena Duces Tecum for Frank Lloyd</u>

Barrett requests leave to conduct discovery of Frank Lloyd because he "may have attempted to flip Mr. Barrett to give evidence against drug users or dealers."  Barrett specifically asks to depose Mr. Lloyd and to serve a subpoena duces tecum on him.  Mtn. 12-13.  Barrett cannot show good cause for the requested discovery, which does not concern facts germane to

his only remaining § 2255 claim – the alleged ineffectiveness of trial counsel.

As noted, the Tenth Circuit remanded this case for evidentiary development of a claim that trial counsel ineffectively investigated and presented evidence relating to Barrett's background and mental health. *Barrett*, 797 F.3d at 1232. Until filing this discovery motion, Barrett has never intimated that Mr. Lloyd possessed information about the ineffectiveness issue. Barrett's claim of ineffectiveness spans 63 pages of text (Doc. 95 at 185-248), which he supported with another 23 pages of briefing (Doc. 149 at 102-25). None of that material mentions Mr. Lloyd. In fact, Lloyd's name received only passing reference in Barrett's § 2255 motion. Doc. 95 at 117, 122 (summarizing trial testimony of Randy Turman). As such, it appears that the present discovery request has less to do with Barrett's pending claim and more to do with reviving issues the Tenth Circuit recently rejected, when it refused to let him file a second and subsequent § 2255 action. *See In re Barrett*, ___ F.3d ___, ___, 2016 WL 6576389, *7-8 (10th Cir. 2016). Barrett cannot show good cause for discovery of irrelevant information.

Given the lack of nexus between the proposed discovery and the issue at bar, this Court should deny the requests concerning Mr. Lloyd.

7. <u>Subpoena Duces Tecum for Michael Littlefield</u>

Barrett seeks leave to conduct discovery concerning former Assistant U.S. Attorney Michael Littlefield's interviews with seven guilt phase trial witnesses. Barrett argues the seven witnesses testified to facts probative of his criminal intent and that Mr. Littlefield therefore possess information about his mental health. Mtn. 14-16. Barrett cannot show good cause for the proposed discovery. Like his requests concerning Frank Lloyd, this one does not concern facts probative of the issue at bar.

As repeatedly noted, the surviving claim in this case stems from an allegation that trial

counsel failed to properly investigate and present evidence of Barrett's background and mental health.  Barrett has never claimed Mr. Littlefield possessed any information about the defendant's mental health or personal history.  *See* Docs. 95 at 185-248, 149 at 102-25.   If Mr. Littlefield did glean that information during his investigative interviews, Barrett is free to interview or subpoena the witnesses, who presumably possess first-hand knowledge of the relevant facts.  Instead, he asks permission to engage in a speculative and roundabout effort to determine the state of mind of a hearsay witness who could have last engaged in a relevant discussion more than a decade ago.  "Mere speculation" of some exculpatory material is "unlikely to establish good cause for a discovery request on collateral review."  *Strickler v. Greene*, 527 U.S. 263, 286 (1999).

Ultimately, it appears that Barrett's theories about Mr. Littlefield are entirely irrelevant to the inquiry at hand.  In advancing his subpoena request, Barrett argues that Mr. Littlefield's alleged intimidation of witnesses constitutes mitigating evidence.  Mtn. at 15.  The argument suggests that Barrett hopes to breathe life into another failed claim, concerning the former prosecutor's alleged mistreatment of witnesses.  *See* Docs. 95 at 283-89, 214 at 72-73.  But Barrett's contention that he could rely in mitigation upon evidence of witness intimidation should fail.  The argument misapprehends the permissible scope of mitigation evidence, which involves only the defendant's character or record and any circumstance of the offense.  *See Roper v. Simmons*, 543 U.S. 551, 568 (2005); *Eddings v. Oklahoma*, 455 U.S. 104, 110-12 (1982); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality opinion); *see also* 18 U.S.C. § 3592(a)(8).  Putting aside the fact that this Court rejected the claims that Mr. Littlefield intimidated witnesses, his actions would not mitigate Barrett's crimes.

Barrett has not demonstrated good cause to serve discovery on an individual with no

personal knowledge of any facts relevant to the upcoming hearing.  Accordingly, this Court should deny the request.

8.    Requests for Production

Barrett makes a series of requests for the government to produce documents.  The requests expand upon one another, first, seeking access to evidence about Barrett's mental condition; second, concerning evidence presented by the parties at trial; third, concerning trial counsel's representation of the defendant; fourth, concerning ex parte communications between the Court and U.S. Attorney's Office; fifth, concerning the government's files about the litigation of Barrett's case at trial and on collateral review; sixth, concerning investigations of third parties; and seventh, seeking information about Barrett's actual innocence.  Mtn. 18-19.  The requests nakedly seek to invade the government's work-product privilege without any attempt at justification, and Barrett has no right to such protected material. *See Nobles*, 422 U.S. at 236-37.

To the extent the government possessed evidence subject to disclosure under *Brady* or any related doctrine, it discharged those obligations long ago, and Barrett need not obtain further copies of that material.  The remainder of the government's records are privileged work product.  Given that defense counsel did not have access to the government's files, apart from properly disclosed evidence, the attorneys' performance could not have been affected by the prosecutors' privileged work product.  Accordingly, the requested information is immaterial to the upcoming hearing, which concerns only defense counsel's performance in the penalty phase of trial, and Barrett cannot show good cause to access it.  *See Brady*, 373 U.S. at 87 (holding that the prosecutor need not deliver his entire file, only evidence favorable to the accused); *see also United States v. McVeigh*, 954 F. Supp. 1441, 1449 (D. Colo. 1997) (holding "The Constitution does not require the government's lawyers to defend against the evidence they present or to take

affirmative action to prepare a defense for the accused").

The Court should deny Barrett's request for an invasive fishing expedition in the government's privileged records.

## CONCLUSION

Except as expressly conceded above, the government respectfully urges the Court to

reject Barrett's discovery requests.

Dated: November 25, 2016:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 25, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Defendant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org

/S/ *Jeffrey B. Kahan*
Jeffrey B. Kahan
United States Dept. of Justice

13