# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, ) <br> ) <br> Petitioner/Defendant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent/Plaintiff. ) | Case No. 09-CIV-105-JHP |

## ORDER re: DISCOVERY

Before the Court are the requests of the parties for discovery[1] pursuant to Rule 6 of the Rules Governing Section 2255 proceedings. Under this rule, discovery is available, but is only granted in the court's discretion, and after a showing of "good cause."

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). While the broad discovery provisions of the Federal Rules of Civil Procedure do not apply in habeas proceedings, the All Writs Act, 28 U.S.C. § 1651 gives federal courts the authority to allow discovery where "good cause" is established by the requesting party. *See*, Rule 6 of the Rules Governing § 2255Cases. In order to determine whether either party has established "good cause" for their discovery requests, this Court begins by reminding the parties that the evidentiary hearing ordered by the Tenth Circuit is not a license to completely "re-try" the case. Rather, defendant stands convicted of three

---

[1] Dkt. #s 249-257. Responses have been filed to all of these motions (Dkt. #s 258-266).

counts, *i.e.* Count I and II, Committing a murder through the use of a firearm during or in relation to a drug trafficking crime, or possession of a firearm in furtherance of such crime; and, Count III, Intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties. The defendant was sentenced on Counts I and II to Life in Prison without possibility of release and to death on Count III. Cr. Dkt. No. 285. These convictions and sentences were affirmed in *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 522 U.S. 1260, 128 S.Ct. 1646, 170 L.Ed.2d 359 (2008). Thereafter, petitioner moved for relief under 28 U.S.C.§ 2255. This Court denied relief. Dkt. # 214. Petitioner filed an appeal and, after consideration of the merits, the Tenth Circuit affirmed all but one claim of ineffective assistance of counsel in the penalty phase of trial. *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015), *cert. denied*, 137 S.Ct. 36 (2016). As to that one claim, the Tenth Circuit indicated an evidentiary hearing was needed to enable this court to make findings on the sole issue of "whether Defendant's trial attorneys prepared a mitigation case that measures up to professional norms and, if not, whether that made a difference." *Id.*, 797 F.3d, at 1224. Thus, this is the only issue before this Court and any discovery requests must, therefore, be narrowly tailored to address this specific issue and no others.

**I. Petitioner's Motion for Leave to Conduct Discovery (Dkt. # 249)**

    **A.    Disclosure of Exculpatory Information**

Petitioner seeks broad ranging discovery in this federal habeas proceeding in an attempt to retry many issues which have previously been disposed of and are, therefore, not relevant to this proceeding. For instance, Petitioner asks this Court to require the "disclosure of exculpatory information" asking this Court "to order the Government to state and disclose any document, note, memoranda, or other tangible form of communication and/or documentation, including audio and video recordings, whether found in the government's files related to the prosecution and sentencing of Mr. Barrett, or known to exist and in the possession of third parties, that would mitigate punishment." Dkt. # 249, at p. 9. Petitioner then lists nine different county, state, and federal agencies from which the requested discovery should be ordered. During the course of these proceedings, this Court found the Government had complied with its *Brady*[2] obligations.[3] Discovery is not intended to allow "fishing expeditions." This Court finds Petitioner has failed to establish "good cause" for this discovery request. It is, therefore, denied.

---

[2]*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 2115 (1963).

[3]Dkt. # 214, at pp. 35-73.

**B.     Depositions and subpoenas duces tecum of government experts, trial counsel and other witnesses**

**(1) Trial Counsel**

Next, Petitioner asks this Court to allow him to "depose trial counsel concerning matters relevant to their failure to adequately investigate and present mitigating evidence." Dkt. # 249, at p. 10. Petitioner claims this evidence "includes, but is not limited to, Mr. Barrett's mental health, including evidence that would tend to negate the requisite intent to kill or which would diminish his ability to form such intent,[4] as well as mitigating aspects of his personal history and background." *Id.*, at pp. 10-11. This Court finds, however, that the **only** issue before this court is whether or not mitigating evidence existed to justify a sentence less than death. As to petitioner's request to submit requests for production, to issue a subpoena duces tecum to and allow depositions of trial counsel, this Court finds Petitioner has not demonstrated that trial counsel have refused to cooperate or, that simply by submitting declarations on issues raised by Petitioner in this § 2255 proceeding, trial counsel have become hostile toward Mr. Barrett. Accordingly, this request is denied.

**(2) J. Randall Price, Ph.D.**

Petitioner also requests this Court to issue and order "authorizing counsel to serve subpoenas duces tecum regarding the mental health evaluation" conducted by Dr. Price in

---

[4]On direct appeal, the Tenth Circuit found the "evidence presented by the government was more than sufficient to allow the jury to reasonably find that Barrett intentionally killed Eales." *United States v. Barrett*, 496 F.3d 1079, 1113 (10th Cir. 2007). Thereafter, the Tenth Circuit held the Defendant did not present any "available expert testimony to establish he could not form the intent to shoot the victims (or any other relevant *mens rea*)," *United States v. Barrett*, 797 F.3d 1207, 1217 (10th Cir. 2015). Therefore, any evidence regarding intent to kill is no longer an appropriate topic for discussion in this proceeding. As a result, no discovery of any kind will be allowed on this issue.

anticipation of testifying during the sentencing stage of trial. Cr. Dkt. # 237. Additionally, Petitioner requests authorization to depose Dr. Price. These requests are denied for the reasons discussed in paragraph II(G) herein.

### (3) Alan Frank Lloyd, former District 27 Drug Task Force Agent

Petitioner also requests this Court allow him to issue a subpoena duces tecum to depose Mr. Lloyd, who was employed as an investigator for the Sequoyah District Attorney's office in 1996 and 1999. Petitioner states that Mr. Lloyd was "a purported witness" on the underlying crime from which the failure to appear warrant that the Oklahoma Highway Patrol was attempting to serve when the crimes in this case occurred and, therefore, his testimony is relevant and material to the claims of second stage ineffective assistance of counsel. This Court disagrees and finds this request is nothing more than an attempt to revive issues which the Tenth Circuit Court has previously rejected. *See*, *In re Barrett*, --- F.3d ---, 2016 WL 6576389, *7-8 (10th Cir. 2016).

### (4) Michael Littlefield, former Assistant United States Attorney

Next, Petitioner requests leave to conduct discovery from a former United States Attorney regarding his interviews with seven guilt phase trial witnesses. To support this request, Petitioner states "[a]ny evidence that these witnesses were threatened or intimidated by Mr. Littlefield is relevant mitigating evidence, because it calls into question the credibility of the government's case." Dkt. # 249, at p. 18. Again, this is not the issue before this Court.

Petitioner also asks to be allowed to serve requests for production of documents on the government for evidence concerning Mr. Barrett's mental condition prior to the raid on his home on September 24, 1999 and/or related to any evidence offered in aggravation by the government, "including the evidence submitted at the guilt/innocence stage which was relied upon to seek the death penalty." Dkt. # 249, 15 20. This Court has previously denied all *Brady* claims which were raised in this particular case. Dkt. # 214, at pp. 35-73. No appeal was perfected on these issues. Petitioner does not now present any evidence to establish that the government suppressed any records which were subject to disclosure under *Brady*. Moreover, the government is not required to deliver its entire file to a defendant. Rather, it is only evidence favorable to an accused that falls within the purview of *Brady*. Furthermore, as to Petitioner's request for files relating to the determination to file federal capital charges, the OBNDD and DEA investigations of Clint Johnson or the DEA files related to the investigation of individuals prior to September 24, 1999, the Court finds these requests are nothing more than "fishing expeditions" related to issues which have previously been decided against Petitioner. Further, the Court finds these matters are not currently before the Court. For these reasons, it appears Petitioner has failed to establish "good cause" to depose or serve subpoena duces tecum or requests for production of documents on either Mr. Littlefield or any government agency. Accordingly, the request is denied.

### (5) Request for Additional Subpoenas Duces Tecum

On pages 23-24 of the motion for discovery, Petitioner requests additional subpoenas be served upon third parties regarding matters underlying the investigation of state drug-related activities from January 1999 through September 24, 1999. Despite Petitioner's belief that "these productions will shed light on both Mr. Barrett's state of mind and mental health at the time of these investigations and how the government perceived his state of mind and mental health at the times of these investigations and determinations," none of the requested information is relevant to the issue to be decided. Rather, this is simply yet another "fishing expedition" aimed at trying to revive issues which have previously been rejected. Accordingly, this request is denied.

### (6) Motion to Order the Government to Collect and Preserve Evidence from Scene

Finally, Petitioner claims there is a bullet lodged in a wall directly behind the door of Mr. Barrett's former residence. Petitioner claims that "[t]he bullet is potentially significant mitigating evidence, because, upon examination, it could well rebut the ballistics and crime scene reconstruction testimony presented by the government at trial, and perhaps establish the most mitigating factor of all, Mr. Barrett's actual innocence." Dkt. # 249, at p. 25. Despite the fact it has now been more than seventeen (17) years since Petitioner intentionally fired at law enforcement officers attempting to serve an arrest warrant at his residence, Petitioner now claims a lone bullet in his wall behind the door of his former residence could prove he is "actually innocent." A barrage of bullets were fired from multiple guns during

the raid on defendant's residence. Regardless of how this particular bullet got into the wall, it does nothing to rebut the substantial evidence at trial of Barrett's intent to kill a law enforcement officer. *See*, *United States v. Barrett*, 496 F.3d 1079, 1112-1115 (10th Cir. 2007). Moreover, the bullet has nothing whatsoever to do with Barrett's background or mental health. Therefore, this request is also denied.

## II. Government's Discovery Requests

### A. Government's Motion to Secure Trial Counsel's Files (Dkt. # 250)

The government requests this Court order Barrett to disclose his defense counsel's files to the government. Alternatively, the government seeks authorization to serve a subpoena duces tecum on defense counsel so that it may secure necessary records. Petitioner states he has no objection to disclosing the requested files "as it relates to relevant and material information regarding defense counsel's investigation and preparation for the penalty phase of Mr. Barrett's proceedings." Dkt. # 258. However, Petitioner claims his disclosure of these files "should rest in reciprocity and disclosure of the government's files." *Id*., at p. 2. Petitioner continues by stating: "It is apparent from the requested discovery of both parties that the parties rely on a reading of the Tenth Circuit opinion that envisions a broad scope of relevant evidence at the evidentiary hearing, **including matters related to guilt/innocence** and thus a broad waiver." *Id.* (Emphasis added). Regardless of the parties understanding of the nature of the evidence which will be heard at the evidentiary hearing, this Court believes the scope of the evidentiary hearing is extremely narrow. Since Mr. Barrett stands convicted of three crimes which have been affirmed on appeal, the evidentiary

hearing will **not** deal with guilt/innocence issues. Rather, the hearing will deal solely with mitigating evidence which could have been presented during the sentencing stage of trial.

How to deal with the government's motions for discovery makes this proceeding unusual. In a criminal case, unlike a civil matter, the government is required to put on their case and the defendant is able to, for the most part, do nothing unless the government puts on sufficient evidence to sustain a conviction. *See*, Rule 16 of Fed.R.Cr.P. Obviously, defense counsel is hopefully marshaling evidence to defend the case should their motion for judgment of acquittal be denied and in a capital case preparing evidence in anticipation of a second stage of trial. Where, as in this case, a defendant gives notice under rule 12.2(b), of expert evidence of a mental condition, certain procedures authorize a court to order the defendant to submit to a mental examination. This aspect of criminal proceedings will be discussed in more detail when the Court deals with the government's motion for psychiatric exam (Dkt. # 253) below.

To determine whether the government has shown "good cause" for the discovery requested, this Court must first identify the "essential elements" of petitioner's claim. According to the Tenth Circuit, "Defendant's . . . . . argument is that his trial attorneys were ineffective by failing to properly investigate his background and mental health in preparation for the penalty phase of his case." *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015). When a habeas petitioner claims that he received ineffective assistance of counsel, "he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." *United States v. Pinson*, 584 F.3d 972, 977-78

9

(10th Cir. 2009). The waiver, however, must be no broader than needed to ensure the fairness of the proceeding before the court. *Id.*

The government's motion asks this Court to order "disclosure of his trial attorneys' files and records concerning their representation of him during the penalty phase of his trial." Dkt. # 250, at p. 2. Since the issue of defense counsel's effectiveness during this phase of trial has been placed directly in issue, this Court finds "good cause" exists and, therefore, grants the government's motion. Petitioner's counsel shall disclose, within fifteen (15) days of this order, all of petitioner's defense attorneys' files and records which could in any way be considered impacting their representation of Petitioner during the penalty phase of his trial. These files should contain, at a minimum, any communications which Barrett had with his counsel regarding his family, mitigation, and/or what evidence, if any, counsel would pursue in the event of a conviction.

**B.     Government's Motion to Obtain Civil Rule 26 Discovery
         from Defense Experts (Dkt. # 251)**

In this motion, the government requests this Court "issue an order that will require written reports from Barrett's mental health experts and permit the government to depose those witnesses." Dkt. # 251. Petitioner claims depositions are too burdensome and therefore, he proposes "live testimony from Mr. Barrett's experts, . . . . . subject to narrow rebuttal testimony by Respondent's experts." Dkt. # 259. Depositions are not routinely granted in § 2255 proceedings. *United States v. Hollis*, 2010 WL 892196 (D. Alaska 2010). The Court does not believe depositions should be granted in this case.

Trial counsel was required, pursuant to Rule 12.2 (b) of the Federal Rules of Criminal Procedure, to provide notice if they intended to put the defendant's mental health at issue. Once notice was provided, the government had the right to request a written summary of any testimony that the defendant intended to use at trial. Fed.R.Cr.P. 16(b)(1)(C). As a result, the Court directs Petitioner's counsel to provide a written summary of any mental health expert which he intends to call at the evidentiary hearing scheduled herein by January 3, 2017. At the evidentiary hearing, the government will be able to present whatever evidence they have to rebut this testimony. The government will **not** be limited as suggested by Petitioner so long as their witnesses are providing rebuttal testimony as contemplated by the Federal Rules of Criminal Procedure.

### C. Government's Motion to Propound Interrogatories (Dkt. # 252)

This motion requests this Court to "issue an order authorizing the government to propound interrogatories to Barrett concerning the sources of records concerning his physical and mental health and that of the relatives upon who he has premised his claim." Dkt. # 252. While this Court's duty is to ensure both parties get a fair hearing in this matter, the Court does not believe this information would have been readily available to the government at the time of trial. Rather, the government would have been required to rebut whatever evidence the defendant put on at trial in a very short amount of time, *i.e.,* overnight in many instances. In fact, other than a summary of an expert's testimony describing the witness's opinions, the basis and reasons for those opinions, and the witness's qualifications, *see*, Fed.R.Cr.P. 16(C), the government would have had nothing more than the names and addresses of any defense

witnesses on the day trial began. Based upon the wealth of information post-conviction counsel has uncovered in the years since the trial in this case, the government has much more information at this point than it would have had at trial.

Much of the information contained in the petitioner's declarations, however, is hearsay and will not be admissible at an evidentiary hearing herein. In order to have this Court consider his physical and mental health and that of his relatives, someone will have to provide live testimony regarding these matters. Obviously, if no documents or medical records exist to support this testimony, the Court will consider that when determining the credibility of the witnesses. If such records do exist and they are authenticated such as to be admissible, the government will be provided a copy of these exhibits. As a result, this motion is denied.

D. **Government's Motion for Psychiatric Evaluation of Defendant (Dkt. # 253)**

In this motion, the government asks this Court to "issue an order that permits the government to have a psychiatrist evaluate Barrett in anticipation of providing testimony as an expert witness." Dkt. # 253. Petitioner objects on Fifth and Sixth Amendment grounds, claiming the government is seeking "to amass new statutory and non-statutory aggravating evidence." Dkt. # 265.

The various discovery requests filed herein point out the very real problem with trying to recreate portions of a trial twelve years after the trial. First, trial counsel did not have sufficient time to find all of the mitigating evidence that post-conviction counsel has

provided and they would not have been able to locate all of the mitigating evidence which post-conviction counsel has now accumulated within the amount of time between the filing of the indictment and the criminal trial. Second, the prosecutor would have been required to rebut whatever evidence trial counsel put on in a very short amount of time (with the exception of expert testimony), *i.e.*, overnight in many instances.

In the underlying criminal case,[5] the defendant gave notice at trial, pursuant to Rule 12.2(b)(2) of the Federal Rules of Criminal Procedure, of his intent to introduce expert evidence through the testimony of Jeanne Russell, Ed.D., a licensed psychologist regarding defendant's mental and medical health records. As a result, the government was given permission to have the defendant examined by a psychiatrist or other mental health professional(s) selected by the government. *See,* Cr. Dkt. # 216. According to the Court's order authorizing the examination, the sole purpose of the government's examination was to "confirm or rebut mental health evidence presented by the defendant." *Id*., at p. 5. Such examination was ultimately conducted and was filed under seal pursuant to Rule 12.2(c)(2). *See*, Cr. Dkt. # 237. Since, however, the defendant never advised the government that he intended to call a psychiatrist, this Court finds it would be unfair to not allow the government an opportunity to rebut evidence which the government anticipates the petitioner will present at the evidentiary hearing through Dr. George Woods who performed a neuropsychiatric

---

[5]Case No. CR-04-115-JHP.

evaluation on Mr. Barrett in February of 2009.[6] Pursuant to Fed.R.Cr.P. 12.2(c), the government would have had an opportunity to have an examination conducted to rebut the defendant's expert opinion if it had known of the expert at that time of trial; therefore, this Court finds such an examination should be permitted now. The right of the government to offer rebuttal evidence of the defendant's mental condition would be meaningless unless the government is provided an opportunity to conduct discovery on this issue. In this Court's opinion, how the government would have met the introduction of the evidence at trial is relevant in determining whether prejudice occurred as a result of the omission of this evidence. This Court can not effectively assess the prejudice prong of *Strickland*,[7] without hearing the evidence which the government would have brought forward to rebut the evidence which will be offered by petitioner. Accordingly, the government's motion to have Petitioner submit to a psychiatric examination is granted. The government shall have forty-five (45) days from the date of this order to conduct a psychiatric examination of the Petitioner at the Special Confinement Unit in Terre Haute, where the defendant is currently housed by the Bureau of Prisons. The examiner shall be permitted to bring electronic audio

---

[6]Petitioner suggests this request is nothing more than an attempt by the government to uncover new aggravating evidence. While that could occur, it is just as likely that it will not occur. Regardless, had mitigating evidence relating to Mr. Barrett's background and/or mental health been introduced at the sentencing stage of Petitioner's criminal trial, the government would have been allowed to rebut such evidence. Even if Petitioner shows that counsel's performance was deficient, he must also show prejudice. This Court can not determine prejudice without hearing how Petitioner's mitigating evidence would have been rebutted. In *Williams v. Taylor*, 529 U.S. 362, 394, 120 S.Ct. 1495, 1513-1514, 146 L.Ed.2d 389 (2000), the Supreme Court indicated "it is insufficient to show only that the errors had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test. The petitioner bears the 'highly demanding' and 'heavy burden' in establishing actual prejudice." Additionally, the purpose of the effective assistance guarantee of the Sixth Amendment is "to ensure that criminal defendants receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674. In determining whether or not the defendant received a fair trial, the government must have an opportunity to rebut evidence which was never presented to the jury in this case.

[7]*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

and video recording equipment into the facility and use it to record his examination of Petitioner. No third parties shall be permitted in the examining room during the evaluation of Petitioner other than the physician (and, if necessary, his staff) conducting said evaluation, as the government will be required to make copies of the audio and video recordings of the meeting available to defense counsel ten (10) days prior to the evidentiary hearing herein. Failure of the defendant to participate in this court-ordered examination shall result in forfeiture of the right to present mental health testimony in the upcoming evidentiary hearing. *See*, Fed.R.Crim.P. 12.2(d).

### E. Government's Motion to Serve Discovery on Third Parties Related to Defendant's Mental Health and Social History (Dkt. # 254)

This motion requests this Court to issue an order to "permit the government to serve subpoenas on third parties so that it can investigate contentions of familial mental illness that allegedly reflect upon the defendant's mental health and social history." Dkt. # 254. In essence, the government wants to depose the petitioner's relatives and subpoena their health care providers so that it can determine the scope and veracity of the relatives' claimed conditions. Petitioner objects on the grounds that the requests are overbroad, seek privileged information, infringe upon privacy interests, and are not limited to records relevant to mitigation.

For the reasons discussed in paragraph II(c) herein, this request is denied.

### F. Government's Motion to Serve Subpoenas Duces Tecum Regarding Records related to Defendant's Mental Health (Dkt. # 255)

Next, the government requests an order authorizing it to serve subpoenas duces tecum on entities and individuals in possession of records concerning defendant's mental health. Petitioner objects to this request because he claims the request is overbroad and not limited to records relevant to mitigation at the penalty phase of trial.

Again, this information would not have been readily accessible to the government in the criminal trial of this matter. Therefore, for the reasons discussed herein, this request is denied.

### G.  Government's Unopposed Motion to Permit Inspection of the Expanded Record (Dkt. # 256)

In this motion, the Government requests this Court to formally expand the record in this § 2255 proceeding to include the mental health evaluation report that was filed under seal in Petitioner's Criminal Case No. 04-CR-115-JHP, Cr. Dkt. # 238.[8] Petitioner does not object to the unsealing of these materials "provided they cannot be used in the event of retrial in order to secure conviction(s)."[9] Dkt. # 263. Barrett also requests that "all related documentary evidence of the examination including but not limited to rough notes and other notes, testing, the testing protocols, memoranda, communications between the government and Dr. Price, and any and all video and audio recordings of the same or related thereto that

---

[8] The motion references Cr. Dkt. # 238. Cr. Dkt. # 238 contains only an excerpt taken from Cr. Dkt. # 237, which is the Psychological Evaluation/Risk Assessment. Counsel for both parties received a copy of Cr. Dkt.# 238 at the time of trial.

[9] Since the only remaining issues in this case deal with the sentencing phase of trial, the only purpose for which this material could be utilized is the evidentiary hearing or, possibly a new sentencing trial, Petitioner's concerns regarding use of this material in a new guilt/innocence phase of trial are unwarranted.

are in the possession of Dr. Price, the Court, or the government" also be disclosed. Dkt. # 263, at p 2.

Since Petitioner claims counsel provided ineffective assistance of counsel by not presenting evidence regarding his mental health, this Court finds this report, dealing with an evaluation of Petitioner conducted at the time of trial, is relevant and should be made a part of this proceeding. Due to the confidential nature of the information contained within said report, the Court will not order the report to be unsealed. The Clerk of Court is, however, directed to make a copy of the report available to counsel for both parties. If counsel desires to review the videotape, they will have to make arrangements with the Clerk of Court to view the same during regular business hours. Accordingly, the motion is granted and the record in this §2255 is expanded to include the sealed mental health evaluation as well as the videotape of the evaluation, Cr. Dkt. # 237 from Case No. O4-CR-115-JHP. If Dr. Price is ultimately called at the evidentiary hearing herein, he will be required to provide any notes made during his evaluation and testing of the defendant to defense counsel at the time of his testimony.

**H. Government's Unopposed Motion to Unseal Documents and provide them to a potential expert witness subject to a protective order (Dkt. # 257)**

In this motion, the government requests the Court unseal various documents so they can be provided to the physician who conducts the evaluation of Mr. Barrett. Petitioner does not object to the unsealing the documents for the purpose of providing them to the evaluator so long as the documents are kept confidential.

The Court finds no reason to unseal any of the documents identified by the government. The government, however, may provide copies of any documents contained in this case, Case No. 09-CIV-105-JHP, or the related criminal case, Case No. 04-CR-115-JHP, to the evaluator retained to examine Mr. Barrett. The government shall mark any document "sealed" if said document has been sealed in either of these two cases. The Court further orders that said evaluator is directed to maintain the privacy and confidentiality of any document marked "sealed." The evaluator may not, without prior authorization of this Court, disseminate such sealed records or information to any person, apart from his own staff, who is not directly involved in the preparation of the government's presentation of this case. At the conclusion of these proceedings, the evaluator shall destroy all copies of the sealed records, whether held in physical or electronic form. Accordingly, this motion is denied in part and granted in part.

It is so ordered on this 6th day of December, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma