# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH E. BARRETT,** | ) | **CAPITAL CASE** |
| | ) | Case No. 6:09-cv-00105-JHP |
| **Movant/Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **PETITIONER'S EXPEDITED** |
| | ) | **MOTION FOR ORDER OF** |
| | ) | **ACCESS TO PETITIONER BY** |
| **UNITED STATES OF AMERICA,** | ) | **MENTAL HEALTH EXPERT** |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

Petitioner, Kenneth E. Barrett, by and through his attorneys of record hereby moves this Court for an Order granting access to Mr. Barrett by consulting, licensed psychiatrist, Pablo Stewart, M.D., well-experienced in all phases of capital litigation and correctional psychiatry, whose expertise involves a variety of psychiatric, forensic, substance abuse and organizational issues at the Federal Correctional Institute at Terre Haute, Indiana.

Petitioner requests that Dr. Stewart be allowed to administer a complete pharma-psychiatric evaluation of Mr. Barrett.

The Motion is based upon the following grounds:

1.      The purpose of the interview is to enable Dr. Stewart to address potentially mitigating aspects of Mr. Barrett's mental health at the time of the offense for which he stands convicted with an emphasis on the substance abuse both long term and as it affected Mr. Barrett on the September 24, 1999.

2.      Dr. Stewart's evaluation is not and will not be duplicative of the evaluation conducted by Dr. George Woods, whose evaluation and declaration laid out Mr. Barrett prima

facie showing of prejudice as a result of trial counsel's failure to develop mitigating evidence, including mental health evidence, at Mr. Barrett's capital sentencing;

3.    The services of Dr. Stewart are necessary and material to the adequate and competent representation of Petitioner in his evidentiary hearing scheduled for March 13, 2017 in his § 2255 Motion to Vacate proceedings.

4.    Counselor Andrew Sutton of FCT-Terre Haute has advised that Dr. Stewart can meet with Mr. Barrett on January 5-6, 2017 once a Court Order is entered.  The Federal Correctional Institution's requirement of a Court Order is a newly imposed requirement, not statutory in nature.

5.    Because this matter addresses concerns of Mr. Barrett's litigation strategy and development, the motion should appropriately be considered *ex parte* in nature, requiring no position nor response from the government.  In order to expedite the ability of Dr. Stewart to meet with and evaluate Mr. Barrett, however, counsel did on this date advise the government of its intent to request access to Petitioner for Dr. Stewart.  The government's counsel Jeffrey Kahan advised:  "To the extent you intend to expand your existing claim through Dr. Stewart, we object as untimely under 28 U.S.C. § 2255(f).  Apart from that, we have no objection.

6.    The motion is specifically based on the claim upon which the Tenth Circuit remanded this matter for an evidentiary hearing.  It does not expand the claim.  Any objections to its admissibility will be addressed at the evidentiary hearing and cannot preclude our access, including by experts of our choice, to our client in preparation for the hearing.

7.    Mr. Barrett is compelled to seek this Order only because the correctional institute in which Mr. Barrett is being held has changed its internal policies since Mr. Barrett's prior experts evaluated him to require a court order before giving counsel access to their own client on

matters related to the development of evidence in preparation for litigation. Mr. Barrett has a Sixth Amendment right to the assistance of counsel which includes access to expert witnesses retained thereby; he has a Fifth Amendment right to Due Process in the full and fair adjudication of the ineffective assistance of counsel claim now before the court; and, he has an Eighth Amendment right to a reliable and accurate capital sentencing.  Denial of this request will violate those constitutional right under the Fifth, Sixth and Eighth Amendments to the United States Constitution.

THIS MOTION is based upon the files, records and proceedings in this case.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order granting access to Petitioner by Dr. Pablo Stewart, as follows:

1.  Dr. Stewart shall be granted access to Mr. Barrett to evaluate, interview and obtain information from Petitioner at the USP-Terre Haute Institution, in Terre Haute, Indiana, on January 5-6, 2017 as arranged by USP Terre Haute between the hours of 9:00 a.m. and 5:00 p.m.

2.  Dr. Stewart shall be provided a private place to meet with the Petitioner which will allow face-to-face access without a glass barrier so the interview can be conducted under confidential and privileged conditions;

3.  Mr. Barrett's hands shall not be shackled during the interview; and

4.  Dr. Stewart shall bring with him only paper and pen or pencils.

5.  Dr. Stewart shall comply with any and all instructions and directives of prison staff deemed necessary to ensure security, except that prison staff shall not require that guards be present or within earshot of the interview.

DATED this 12th day of December, 2016          Respectfully submitted,


/s/ Joan M. Fisher
JOAN M. FISHER

/s/ David Autry
DAVID AUTRY

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 12th day of December, 2016, I caused the foregoing Motion for Leave to Conduct Discovery and Memorandum and Authorities to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

DATED:  December 12, 2016

/s/ Joan M. Fisher
JOAN M. FISHER