# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | Case No. 09-CV-00105-JHP |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## GOVERNMENT RESPONSE TO EXPEDITED MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT

**COMES NOW** Respondent, United States of America, by and through undersigned counsel and, pursuant to this Court's order (Doc. 272), files this response to Movant's expedited motion for order of access to petitioner by mental health expert.

## PRELIMINARY STATEMENT

Following the affirmance of his convictions for three homicide crimes and the imposition of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255.  Docs. 1, 2, 70 & 95. This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222).  The Tenth Circuit Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and personal history.  Doc. 230.  This Court has scheduled the hearing to commence March 13, 2017.  Docs. 246 & 270.

Barrett's counsel has indicated that one of the defense's original mental health experts, neuropsychologist Myla Young, Ph.D., passed away after the filing of the § 2255 motion.  *See* Doc. 247 at 3.  Counsel further indicated "[a] new expert will have to evaluate Mr. Barrett or

1

undertake a thorough review of Dr. Young's work." *Id*. On December 12, 2016, Barrett filed the instant motion to have Pablo Stewart, M.D. evaluate him at U.S. Penitentiary, Terre Haute. Doc. 271. On December 13, 2016, the Court ordered this expedited response.

## ARGUMENT

### THE GOVERNMENT OBJECTS TO A MENTAL HEALTH EVALUATION DESIGNED TO INTRODUCE A NEW THEORY INTO THIS CASE

Barrett claims the Fifth, Sixth and Eighth Amendments to the Constitution entitle him to an evaluation by Dr. Stewart. Doc. 271. Barrett overstates the authority supporting his request to investigate claims on a motion for collateral relief. While Barrett may have a statutory right to conduct a mental health evaluation ahead of the scheduled evidentiary hearing, he has no right to authorization of any investigation intended to expand his existing § 2255 claim.

Barrett does not have a Sixth Amendment right to counsel during collateral proceedings. The Sixth Amendment right to counsel guarantees assistance "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Ash*, 413 U.S. 300, 309 (1973). Like the Sixth Amendment, the Eighth Amendment does not vest convicted capital defendants with any right of assistance during collateral proceedings. *See Murray v. Giarratano*, 492 U.S. 1, 10 (1989). As such, there is no "constitutional right to counsel in federal habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)), *superseded by statute on other grounds*, *Thomas v. Superintendent*, 136 F.3d 227, 229 (2d Cir. 1997).

Indigent defendants have a due process right to public funding only to the "basic and integral tools" needed to present an adequate defense. *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985); *see Medina v. California*, 505 U.S. 437, 445 (1992). But convicted defendants do not have the same due process rights as those presumed innocent under the law. *Dist. Attorney's Office for*

2

*Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (citing *Herrera v. Collins*, 506 U.S. 390, 399 (1993)).  Thus, the due process clause of the Fifth Amendment does not guarantee Barrett the right to any particular investigative tools.  *See Finley*, 481 U.S. 551, 559 (1987).  The contraction of due process rights after conviction reflects the primacy of trial, the "'main event'" in the criminal process.  *See Williams v. Trammell*, 782 F.3d 1184, 1211 (10th Cir. 2015) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977)).

In regard to this case, Barrett cannot establish any constitutional right to the requested mental health evaluation.  He does enjoy the right to counsel, previously appointed under 18 U.S.C. § 3599.  Moreover, it appears that this Court has, under § 3599(f), exercised its discretion to permit the retention of Dr. Stewart as a mental health expert.  The government does not intend to interfere in Barrett's relationship with counsel, counsel's investigation of this case, or the Court's funding of the defense.  As such, it does not interpose any objection to Dr. Stewart's evaluation of the defendant, except to the extent that counsel intends to use the fruits of that visit as the basis of some novel claim not contemplated by the existing § 2255 litigation.

Federal inmates must file any § 2255 motion within one year of the date upon which their convictions becomes final.  28 U.S.C. § 2255(f)(1).  Barrett's conviction became final on March 17, 2008, the date the Supreme Court denied certiorari from his direct appeal.  Doc. 214 at 17. Barrett timely filed his § 2255 motion on March 17, 2009.   Under the Rules of Civil Procedure, Barrett may amend his motion with claims that relate "back to the date of the original pleading." Fed. R. Civ. Proc. 15(c).  But the law does not permit him to amend an existing motion to "add a new claim or to insert a new theory into the case."  *United States v. Espinoza–Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

To the extent Barrett proposes that Dr. Stewart conduct an evaluation to facilitate his testimony about existing allegations, the government has no objection. But at this late date, nearly nine years after the judgment became final, the Court should not permit a mental health evaluation intended to smuggle a new theory into this case. Barrett seems intent upon concealing his aims for the evaluation: he requests authorization for prison staff to remain out of earshot during the testing[1] and for Dr. Stewart to attend the meeting with nothing more than paper and pen, rather than an electronic recording device. Doc. 271 at 3. Furthermore, Dr. Stewart is – unlike the late Dr. Young – a psychiatrist, not a neuropsychologist. *Compare* Ex. 1; *with* Doc. 95, Ex. 89. Accordingly, the government has reason to believe that Dr. Stewart cannot and will not attempt to replicate the Dr. Young's findings. Given that another psychiatrist, George Woods, has already evaluated Barrett (*see* Doc. 95, Ex. 117), Dr. Stewart may intend to investigate a new and untimely theory. Barrett has no right to such an investigation at this juncture of his post-conviction litigation.

---

[1] The Bureau of Prisons has informed government counsel that it will visually monitor the visit if the Court grants Barrett's request to attend the meeting without hand restraints. While officers will not be able to hear the evaluation, the Bureau's need to ensure institutional security and Dr. Stewart's safety requires observation of Barrett's proposed "contact" visit. Additionally, Barrett asks that the evaluation occur between 9:00 a.m. and 5:00 p.m., but the prison only accommodates such visits between 8:00 a.m. and 3:30 p.m., and prefers a 3:00 p.m. cutoff.

## CONCLUSION

The government respectfully urges this Court to deny Barrett's request for a mental health evaluation, to the extent it is intended to investigate a novel theory.

Dated: December 15, 2016,

Respectfully submitted,

MARK F. GREEN
United States Attorney

CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov


*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on December 15, 2016, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com


/S. *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney