## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH E. BARRETT,** | ) | **CAPITAL CASE** |
| | ) | Case No. 6:09-cv-00105-JHP |
| **Movant/Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MOTION TO RECONSIDER** |
| | ) | **EXPEDITED MOTION FOR** |
| | ) | **ORDER OF ACCESS TO** |
| **UNITED STATES OF AMERICA,** | ) | **PETITIONER BY MENTAL** |
| | ) | **HEALTH EXPERT** |
| **Respondent.** | ) | |
| _____ | ) | |

Kenneth E. Barrett asks the Court to reconsider its order denying Dr. Pablo Stewart access to him at USP Terre Haute for the purpose of conducting a mental health examination. (Docs. 271, 276)

The Court misunderstands the purpose of Mr. Barrett's motion. Although he is indigent, Mr. Barrett is not asking the Court to authorize funds to pay Dr. Stewart for his time and services. Dr. Stewart has been hired from funds available to the Federal Defenders Office in the Eastern District of California. All counsel is asking is that the Court authorize Dr. Stewart to go to the prison to examine Mr. Barrett in aid of developing relevant mitigating evidence for the evidentiary hearing. The only reason counsel is seeking an order authorizing access for Dr. Stewart is because USP Terre Haute requires a court order before permitting an expert to examine an inmate. (Exh. 1 to Government's Response, Doc. 275-1) This is a relatively new policy instituted by the current warden. In recent times past, no such order was required.

Counsel know of no precedent for the Court's order denying one of their experts access to the client. In the context the request was made, the government did not object.

MOTION TO RECONSIDER PETITIONER'S
EXPEDITED MOTION FOR ACCESS
TO PETITIONER BY EXPERT                    1

The Court's order usurps counsels' right to engage, with funds available to them, expert assistance they deem necessary to the development of their case at the evidentiary hearing. *E.g.*, *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985) (an indigent defendant is entitled to expert assistance if reasonably necessary to advance his defense; likewise, counsel who have funds available to engage expert assistance they believe necessary to their case are certainly entitled – and indeed are duty bound – to do so). Any testimony Petitioner might glean from Dr. Stewart will not go to a new claim. If favorable to Mr. Barrett, Dr. Stewart's testimony will complement that of Dr. Woods, and the findings made by Dr. Young.

The trial featured abundant evidence of Mr. Barrett's involvement with methamphetamine. Mr. Barrett's current counsel have argued that trial counsel were ineffective, in part, for failing to prepare a mitigating response to that evidence. *E.g.*, *Anderson v. Sirmons*, 476 F.3d 1131, 1144-45 (10th Cir. 2007); *Johnson v. United States*, 860 F.Supp.2d 663, 869-73 (N.D. Iowa 2012) (in light of other mitigating facts, drug use can be explained in an extenuating light). Dr. Stewart is a psycho-pharmacologist. Evidence he develops could mitigate Mr. Barrett's drug use by showing it was the product of or was exacerbated by other mental and organic impairments; could represent independent evidence of Mr. Barrett's mental illnesses; and could well be relevant to the intent questions the jury had to resolve in both stages of trial. Dr. Woods and the late Dr. Young commented on Mr. Barrett's drug use in their evaluations in the context of his mental and organic problems. Again, if Dr. Stewart appears as a witness at the evidentiary hearing, he will not be testifying to matters that constitute a "new" claim or claims. Dr. Stewart's services are reasonably necessary in making Mr. Barrett's case.

For the above reasons, the Court's order denying Dr. Stewart access to Mr. Barrett at USP Terre Haute is unreasonable, and should be re-considered. The Court's order improperly

MOTION TO RECONSIDER PETITIONER'S
EXPEDITED MOTION FOR ACCESS
TO PETITIONER BY EXPERT                    2

interferes with Mr. Barrett's right to counsel and his right to develop his case at the evidentiary hearing, in violation of the Fifth and Sixth Amendments. The Court's ruling also unfairly circumscribes the scope of the hearing ordered by the Tenth Circuit.

There are other troubling aspects to the Court's ruling.

The Court believes "the testing and examination of Petitioner which has occurred over the past fourteen (14) years is more than sufficient to adequately address the issues in the upcoming evidentiary hearing." (Doc. 276) This signals that before a single witness has been heard, the Court has formed an opinion as to the credibility and sufficiency of Mr. Barrett's mental health case. In fact, the only evidence of "testing and examination of Petitioner" over the past 14 years (absent the examination of Mr. Barrett by Dr. Randall Price, which was conducted at the time of trial) was presented in the § 2255 petition and supporting declarations and reports. The Court previously found the evidence in the record and expanded record inadequate to even warrant an evidentiary hearing, a conclusion the appeals court emphatically rejected.

The Court recently granted the government's motion to have an expert of their choosing examine Mr. Barrett. (Doc. 269 at 12) The Court stated it "would be unfair to not allow the government an opportunity to rebut evidence which the government anticipates the petitioner will present at the evidentiary hearing through Dr. George Woods." (Doc. 269 at 13) But in denying Dr. Stewart access to Mr. Barrett, this Court is both unjustifiably precluding him from fully developing his case and preventing the development of rebuttal evidence to the expert testimony offered by the government. This is in clear derogation of Mr. Barrett's right to a full and fair hearing.[1]

---

[1] In combination, the Court's order denying Dr. Stewart access to Mr. Barrett, its apparent prejudgment of Mr. Barrett's mental health case as it reflects on trial counsels' effectiveness, and

MOTION TO RECONSIDER PETITIONER'S
EXPEDITED MOTION FOR ACCESS
TO PETITIONER BY EXPERT                    3

Accordingly, the Court should reconsider its ruling and allow Dr. Stewart access to Mr. Barrett.

DATED:  December 19, 2016

Respectfully submitted,
*/s/ Joan M. Fisher*
JOAN M. FISHER, Idaho Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-6656 [fax]

*/s/ David Autry*
DAVID AUTRY, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]

Lawyers for Petitioner,
KENNETH E. BARRETT

---

its permitting the government, over objection, to have Mr. Barrett examined by its expert while denying access to a defense expert reasonably necessary to Petitioner's case raises questions as to the Court's impartiality.  *E.g., In re Murchison*, 349 U.S. 133, 136 (1955), citing *Tumey v. Ohio*, 273 U.S. 510, 532 (1927).

MOTION TO RECONSIDER PETITIONER'S
EXPEDITED MOTION FOR ACCESS
TO PETITIONER BY EXPERT                4

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 19th day of December, 2016, I caused the foregoing Motion to Reconsider Expedited Motion for Order of Access to Petitioner by Mental Health Expert to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

DATED:  December 19, 2016

/s/ Joan M. Fisher
JOAN M. FISHER