**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | Case No. 09-CV-00105-JHP |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT RESPONSE IN OPPOSITION TO MOTION FOR
RECONSIDERATION**

**COMES NOW** Respondent, United States of America, by and through undersigned

counsel and files this response in opposition to Movant's motion for reconsideration of his

motion for order of access to petitioner by mental health expert (Doc. 277).

**PRELIMINARY STATEMENT**

Following the affirmance of his convictions for three homicide crimes and the imposition

of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255. Docs. 1, 2, 70 & 95.

This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222). The Tenth Circuit

Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an

allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental

health and personal history. Doc. 230. This Court has scheduled the hearing to commence

March 13, 2017. Docs. 246 & 270. On December 12, 2016, Barrett filed the instant motion to

have Pablo Stewart, M.D. evaluate him at U.S. Penitentiary, Terre Haute. Doc. 271. On

December 15, 2016, the Court denied the motion. Doc. 276.

## ARGUMENT

## THE COURT SHOULD NOT RECONSIDER ITS ORDER DENYING AN ADDITIONAL MENTAL HEALTH EVALUATION

In his motion to reconsider, Barrett once against claims a Fifth Amendment right to an evaluation by Dr. Stewart. Doc. 277 (citing *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985)). Barrett fails to demonstrate that the Court's denial of the requested evaluation constitutes a clear error or manifest injustice that would merit reconsideration of the existing order.

Courts evaluate motions to reconsider under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g., United States v. Thompson*, 125 F.Supp.2d 1297 (D. Kan. 2000). Accordingly, they may grant reconsideration on three discrete grounds: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Doc. 221 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994).

As the government has previously argued, Barrett does not have a Sixth Amendment right to counsel during collateral proceedings. The Sixth Amendment right to counsel guarantees assistance "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Ash*, 413 U.S. 300, 309 (1973). Moreover, convicted defendants do not have the same due process rights as those presumed innocent under the law. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (citing *Herrera v. Collins*, 506 U.S. 390, 399 (1993)). Thus, the due process clause of the Fifth Amendment does not guarantee Barrett the right to any particular investigative tools. *See Finley*,

2

481 U.S. 551, 559 (1987).  This Court enjoys discretion to determine the scope of the ordered evidentiary hearing.  *See Raysor v. United States*, 647 F.3d 494, 494 (2d Cir. 2011).

Barrett fails to identify a clear error of law or manifest injustice stemming from the denial of the requested mental health evaluation.  Barrett has had many years, and the services of several experts, to investigate and present his mental illness claims.  *See* Doc. 276.  Neither his original motion nor his request for reconsideration demonstrate that he will suffer any prejudice from the absence of the requested evaluation.  Indeed, it appears Barrett aims to investigate novel evidence in service of claims he could have presented long ago, before the limitations period expired under 28 U.S.C. § 2255(f).

To the extent that the Court does grant the requested meeting, the Bureau of Prisons has informed government counsel that it will visually monitor the visit if the Court grants Barrett's request to attend the meeting without hand restraints.  It will only permit Barrett to attend the meeting without handcuffs if such an arrangement is required to complete the evaluation.  As previously noted, the prison only accommodates such visits between 8:00 a.m. and 3:30 p.m., and prefers a 3:00 p.m. cutoff.  Further, the institution requests that any order for an evaluation not specify a date, so that it can react to unanticipated emergencies.

## **CONCLUSION**

The government respectfully urges this Court to deny Barrett's request for reconsideration.

Dated: December 20, 2016,

Respectfully submitted,

MARK F. GREEN
United States Attorney

CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov

*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

4

## CERTIFICATE OF SERVICE

I, hereby certify that on December 20, 2016, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com


/S. *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney