**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,                )
                                        )
                    Petitioner/Defendant,    )
                                        )
vs.                                     )       Case No. 09-CIV-105-JHP
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent/Plaintiff.     )

**ORDER**

This matter comes before the Court on Petitioner's Motion to Reconsider Expedited Motion for Order of Access to Petitioner by Mental Health Expert (Dkt. # 277).    The government has filed a response in opposition to said motion (Dkt. # 278).

Petitioner claims "[t]he Court misunderstands the purpose of [his] motion." Additionally, Petitioner claims this "Court has formed an opinion as to the credibility and sufficiency of Mr. Barrett's mental health case." Dkt. # 277.  For the record, this Court has not made any decision on the merits of the issues currently pending herein.  The concern this Court has with Petitioner's request, however, is counsel's continued assertion that the evidence he seeks to present "could well be relevant to the intent questions the jury had to resolve in **both stages of trial**." *Id*.  The Tenth Circuit has not allowed this evidentiary hearing for the purpose of trying to resurrect issues which have been fully resolved, *i.e.*, the defendant has been convicted on three counts, *i.e.* Count I and II, Committing a murder through the use of a firearm during or in relation to a drug trafficking crime, or possession

of a firearm in furtherance of such crime; and Count III, Intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, as discussed in this Court's order entered on December 6, 2016. Any questions regarding defendant's intent in the first stage of trial is not relevant to the issues for which this case has been remanded. *See*, Dkt. # 269.

Petitioner claims this Court's order denying the requested mental health examination, which will undoubtedly focus upon Petitioner's current mental health as opposed to his mental health on September 24, 1999, is a denial of his rights under *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). The issue in *Ake*, however, dealt with the rights of a criminal defendant to have expert assistance to prepare a defense in his criminal trial prior to taking away the defendant's liberty interests. "A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Dist. Attorney's Office for third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009).

Moreover, this is not a case where the defendant has never been examined by any psychiatric or mental health experts. Rather, according to the record herein, Petitioner has been examined by mental health professionals hired by counsel on, at least four separate occasions.[1] Specifically, as previously noted by this Court, Dr. Bill Sharp, a licensed clinical psychologist performed an assessment, including an interview with Mr. Barrett and the administration of psychological tests on September 28, 2002 in preparation for his state court

---

[1]These examinations do not include medical records from petitioner's stays at Eastern State Hospital or Sequoyah Memorial Hospital.

2

trials arising out of the shooting on September 24, 1999 (*see*, Dkt. # 72-5); Dr. Myla Young, a clinical psychologist conducted a neuropsychological evaluation of approximately 16 hours over the course of three days on February 9 - 11, 2009 (*see*, Dkt. # 72-38);[2] and Dr. George Woods, a licensed physician specializing in psychiatry and neuropsychiatry,[3] conducted a neuropsychiatric evaluation of Mr. Barrett over the course of two full days on February 17 and 18, 2009 (*see*, Dkt. # 72-66).[4]  Additionally, the record indicates in 2002 Dr. Jeanne Russell performed a risk assessment on Mr. Barrett.  Now Mr. Barrett seeks to have another licensed psychiatrist "whose expertise involves a variety of psychiatric, forensic, substance abuse and organizational issues at the Federal Correctional Institute at Terre Haute, Indiana" to administer "a complete pharma-psychiatric evaluation of Mr. Barrett." Dkt. # 271.  While counsel have stated the examination will not be duplicative, this Court is not convinced that the evaluation would not be a repeat of previous evaluations.  Furthermore, as the Court has tried to communicate previously, *see* Dkt. #s 248 and 276, this Court does not believe a psychological evaluation conducted fourteen years after the shooting in this case, provides any insight to the Court regarding mitigating evidence which was available to counsel at the time of Petitioner's criminal trial in this Court.  As a result, Petitioner's Motion to Reconsider

---

[2]In performing her evaluation, Dr. Young reviewed the "[s]ocial and medical history data obtained in interviews with Mr. Barrett and contained in records that reportedly were available at the time of his trial."  Dkt. # 72-38.

[3]It should be noted that this Dr. Woods' private practice focuses on "neuropsychiatry, psychopharmacology, workplace safety, and forensic consultations."  Dkt. # 72-66.

[4]In performing his evaluation, Dr. Woods "reviewed and considered the declaration of neuropsychologist, Myla Young, PhD."  Dkt. # 72-66.

Expedited Motion for Order of Access to Petitioner by Mental Health Expert (Dkt. # 277)

is **denied**.

      **IT IS SO ORDERED** this 21st day of December, 2016.


James H. Payne
United States District Judge
Eastern District of Oklahoma