**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | PETITIONER'S MOTION FOR |
| | ) | RECONSIDERATION OF THE |
| UNITED STATES OF AMERICA, | ) | COURT'S ORDER DENYING |
| | ) | THE GOVERNMENT'S |
| Respondent. | ) | UNOPPOSED MOTION FOR |
| | ) | CONTINUANCE |
| | ) | |
| _____ | ) | |

Kenneth Eugene Barrett asks this Court to reconsider its order denying the government's

unopposed motion for continuance of the March 13, 2016 hearing date (Doc. 273, 274). The

Court denied the request for continuance based on the unavailability of government witness

PETITIONER'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING THE
GOVERNMENT'S UNOPPOSED MOTION FOR
CONTINUANCE

*Barrett v. United States*
CV—09-00105-JHP

1

Roger Hilfiger, but stated that "[i]f either party believes that Mr. Hilfiger's testimony is essential after hearing the remaining witnesses, the Court will continue the hearing to March 31, 2017, for the sole purpose of hearing Mr. Hilfiger's testimony." (Doc. 274).

Petitioner submits that this Order, as written, is prejudicial to him. Petitioner had and continues to have no objection to the government's Motion for Continuance. Petitioner's objection is to the bifurcation of the hearing such that a second date has now been established for the sole purpose of Mr. Hilfiger's testimony.

Mr. Hilfiger is one of four witnesses on the government's witness list and is also on Petitioner's witness list. He served as lead trial counsel for Petitioner. The subject of the hearing is his ineffectiveness. The Court has denied Petitioner's Motion to Depose Mr. Hilfiger. It is safe to assume that Mr. Hilfiger's testimony will be essential.

A bifurcated hearing is prejudicial to Petitioner for a myriad of reasons including, but not limited to, the following:

- Petitioner's right to rebuttal witnesses after Mr. Hilfiger's testimony is not addressed in the Order but is essential to Mr. Barrett's right to a full and fair hearing;

- The unlikely completion of Mr. Hilfiger's testimony and Petitioner's rebuttal on March 31, 2017 makes continuance of the hearing into the following week more than likely, compounding the expense and delay, as well as, disrupting the orderly presentation of evidence;

- The parties' legal teams will have to incur additional travel expenses for the team and relevant rebuttal witnesses; and,

PETITIONER'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING THE
GOVERNMENT'S UNOPPOSED MOTION FOR
CONTINUANCE

*Barrett v. United States*
CV—09-00105-JHP

2

- If Mr. Hilfiger testifies at a later date he will have an opportunity to confer with Bret Smith and other witnesses who have previously testified.[1]

Petitioner has no objection to a continuance in this case. There have been no previous motions for continuances granted. The prejudice to Mr. Barrett by the decision to deny the government's motion and continue the hearing for the testimony of a single witness rendered "unavailable" by vacation plans is unreasonable and should be reconsidered.

DATED: January 3, 2017.

Respectfully submitted,

/s/ *David Autry*
DAVID AUTRY
Attorney at Law

*/s/ Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

---

[1] Mr. Barrett will seek to minimize the damage by seeking an Order of sequestration and will hold Mr. Hilfiger to ethical standards enunciated by the American Bar Association Formal Opinion 10-456 (20110) "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim" and *U.S. v. Pinson,* 584 F. 3d 972, 978 (10th Cir. 2009)(finding implied waiver of attorney-client privilege only to extent necessary communications are necessary to prove or disprove his claim.")

PETITIONER'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING THE
GOVERNMENT'S UNOPPOSED MOTION FOR
CONTINUANCE

*Barrett v. United States*
CV—09-00105-JHP

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 3rd day of January 2017, I caused the foregoing Petitioner's Motion for Reconsideration of the Court's Order Denying the Government's Unopposed Motion for Continuance to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

PETITIONER'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING THE
GOVERNMENT'S UNOPPOSED MOTION FOR
CONTINUANCE

*Barrett v. United States*
CV—09-00105-JHP

4