**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:          dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:          Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | UNOPPOSED MOTION TO |
| | ) | TRANSPORT PETITIONER TO |
| | ) | PERSONALLY ATTEND |
| UNITED STATES OF AMERICA, | ) | EVIDENTIARY HEARING |
| _____ | ) | |

Kenneth Eugene Barrett, Petitioner, asks the Court for an ORDER requiring his personal

presence at the evidentiary hearing commencing March 13, 2017.

The reasons for this request are set forth in the following memorandum.

UNOPPOSED MOTION TO TRANSPORT PETITIONER          *Barrett v. United States*
TO PERSONALLY ATTEND EVIDENTIARY                          CV—09-00105-JHP
HEARING

1

## I.    INTRODUCTION

Following a sentence of death, Petitioner sought collateral relief pursuant to Section 2255 in this Court. (Doc. 95). This Court denied relief on all grounds. (Doc. 214). On appeal, the Tenth Circuit issued an order reversing and remanding the case for an evidentiary hearing on "whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether the Defendant suffered prejudice from any deficiency during the penalty phase of his trial." *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015); *see also* Doc. 230. In its Scheduling Order issued November 7, 2016, this Court stated that "[a]ny request for Petitioner to attend the evidentiary hearing in person or to participate via video conference shall be filed no later than January 3, 2017." (Doc. 246). The hearing is now set to commence on March 13, 2017. (Doc. 270). Petitioner submits that his presence is necessary at the hearing.

## II.    ARGUMENT

### A.  Applicable Law

The United States Supreme Court has made clear that "[w]hether the prisoner should be produced depends upon the issues raised by the particular case. Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing." *United States v. Hayman,* 342 U.S. 205, 223 (1952); *see also Sanders v. United States,* 373 U.S. 1. 320-21 (1963); *Machriboda v. United States*, 368 U.S. 487, 495-96 (1962). In *Hayman,* the Court upheld the constitutionality of Section 2255,

UNOPPOSED MOTION TO TRANSPORT PETITIONER                    *Barrett v. United States*
TO PERSONALLY ATTEND EVIDENTIARY                                    CV—09-00105-JHP
HEARING

2

specifically addressing the Ninth Circuit's concern that the prisoner could not be produced at the

hearing. *Hayman,* 345 U.S at 220.

Additionally, the Tenth Circuit has stated

Under § 2255, the court may entertain and determine the motion without requiring
the production of the prisoner. We do not think it was intended by such provision
to give the court an absolute discretion. Rather, we think the intention was to
provide that the court may entertain and determine the motion without requiring
the production of the prisoner when the motion or the records and files of the case
conclusively show that the prisoner is not entitled to any relief, or where the
presence of the prisoner is unnecessary to afford him the relief to which he is
entitled, or where only issues of law are presented. *But where the motion and any
response thereto present material and substantial issues of fact requiring a
hearing, generally, in the exercise of a sound discretion, the Court should require
the production of the prisoner.*

*Barrett v. Hunter*, 180 F.2d 510, 514 (10th Cir. 1950) (emphasis added).

The First Circuit agreed. "Where there are substantial issues of fact as to events in which

the prisoner participated, the trial court should require his production for a hearing." *Kent v.

United States*, 272 F.2d 795, 797 (1st Cir. 1959) (holding that it was error to hold a hearing

without having defendant present). The Seventh Circuit has likewise stated that "[c]ourts in

construing section 2255 require the presence of the movant at a hearing when there are

substantial issues of fact to be resolved." *Stirone v. Markley,* 345 F.2d 473, 475 (7th Cir. 1965)

(*citing United States v. Hayman*, 342 U.S. 205 (1952)).

**B. There are substantial issues of fact to be resolved at the hearing; accordingly,
Petitioner's presence is required.**

In ordering the evidentiary hearing, the Tenth Circuit specifically noted many factual

issues to be resolved. *See generally, Barrett v. United States,* 797 F. 3d 1207, 1223 - 1232 (10th

Cir. 2015). The Tenth Circuit recognized that trial counsel all but failed to put on a mitigation

UNOPPOSED MOTION TO TRANSPORT PETITIONER                    *Barrett v. United States*
TO PERSONALLY ATTEND EVIDENTIARY                             CV—09-00105-JHP
HEARING

3

case (*id.* at 1225); ignored numerous red flags indicating Petitioner's significant mental health issues (*id.* at 1226 -1227); and failed to conduct even a rudimentary investigation of Petitioner's chaotic and abusive childhood and of his family history which is replete with serious mental disease (*id*. at 1225 -27). These issues revolve around trial counsel's performance and actions during trial, most directly involving Petitioner himself. Petitioner's current counsel cannot effectively represent Petitioner's interests at the hearing without Petitioner's first-hand knowledge of these factual matters.

One of the most significant issues outlined by the Tenth Circuit to be addressed was whether Petitioner was cooperative in allowing trial counsel to present mitigation evidence. *See Barrett,* 797 F.3d at 1227. Petitioner is in a singular position to assist counsel at the hearing with regard to these matters.

Counsel will not be able to question witnesses without consulting Petitioner to assure factual accuracy. This is precisely the situation the above-cited cases envisioned when they require the presence petitioners at hearings.

**C. Petitioner has a right to effective counsel at the hearing.**

There is no question that Petitioner is entitled to representation by counsel at this hearing. *See* Rule 8(c), Rules Governing Section 2225 Proceedings. It necessarily follows that the right to such representation includes the right to *effective* representation. *Strickland v. Washington*, 466 U.S. 688 (1984). In order to provide effective assistance of counsel at the hearing, counsel requires the presence of Petitioner. Otherwise, counsel will not be able to fully and fairly address the factual issues of which only Petitioner may be aware. It would certainly be ironic if counsel

is denied the ability to provide adequate representation at a hearing held to determine whether their client was prejudiced by his former counsel's ineffective representation. To disallow Petitioner's presence at this hearing would not only be an abuse of discretion, it would be a denial of due process and fundamental fairness.

### D. Video conferencing is not an appropriate substitute for Petitioner's presence at the hearing.

Video conferencing, even if available, is not a viable substitute for the client's presence at the hearing. Essential and necessarily contemporaneous, unmonitored (private) consultations between attorney and Petitioner would be impossible. Beyond that, video-conferencing is unreliable and could unreasonably delay the proceedings or deny Mr. Barrett's presence at the hearing. Neither is acceptable.

Finally, the Court should not consider the cost to transport the Petitioner as a reason to deny Petitioner's request. Cost cannot undermine Mr. Barrett's right to a full and fair hearing.[1]

### E. Government's position on the Motion.

On this date, counsel for Petitioner, Joan Fisher, contacted counsel for the government to inquire of the government's position on the motion. Respondent's counsel has advised Petitioner's counsel of their position. They do not oppose the motion.

---

[1] Of note, cost does not appear to be a factor given the Court's accommodation to trial counsel Mr. Hilfiger's travel plans notwithstanding the significant additional costs to the court and the parties.

UNOPPOSED MOTION TO TRANSPORT PETITIONER                          *Barrett v. United States*
TO PERSONALLY ATTEND EVIDENTIARY                                        CV—09-00105-JHP
HEARING

### III.     CONCLUSION

Petitioner's presence is required at the hearing so that counsel can consult with Petitioner on factual matters and provide effective representation. Video conferencing is not appropriate in this situation. Accordingly, Petitioner respectfully requests an Order requiring his presence at the hearing.

DATED:  January 3, 2017

Respectfully submitted,

/s/ *David Autry*
DAVID AUTRY
Attorney at Law

*/s/ Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

UNOPPOSED MOTION TO TRANSPORT PETITIONER                    *Barrett v. United States*
TO PERSONALLY ATTEND EVIDENTIARY                                   CV—09-00105-JHP
HEARING

6

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 3rd day of January, 2017, I caused the foregoing Petitioner's Unopposed Motion to Personally Attend Evidentiary Hearing commencing March 13, 2017 and Memorandum in Support to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

UNOPPOSED MOTION TO TRANSPORT PETITIONER
TO PERSONALLY ATTEND EVIDENTIARY
HEARING

*Barrett v. United States*
CV—09-00105-JHP