**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH E. BARRETT,** | ) | **CAPITAL CASE** |
| | ) | |
| **Movant/Petitioner,** | ) | Case No. 6:09-cv-00105-JHP |
| | ) | |
| **v.** | ) | **[OPPOSED]** |
| | ) | **PETITIONER'S MOTION FOR** |
| | ) | **ACCESS TO PETITIONER BY** |
| | ) | **GEORGE WOODS, M.D.** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Petitioner, Kenneth E. Barrett, respectfully moves this Court for an Order granting access

to Petitioner KENNETH BARRETT at the United States Penitentiary at Terre Haute, Indiana, by

consulting psychiatrist, GEORGE W. WOODS, M.D. a physician specializing in psychiatry and

Petitioner's Motion For Access To
Petitioner By George Woods, M.D.      – Page 1

neuropsychiatry, whose prior evaluation of Petitioner is relevant to his claims of ineffective assistance of counsel in the penalty phase of trial.

The Motion is based on the following grounds:

1. Dr. Woods evaluated Petitioner in 2009 and submitted a sworn declaration which was filed in support of Mr. Barrett's § 2255 Motion to Vacate. Doc 3, Exh. 117, as incorporated into Doc 95 at 249-50.

2. In its decision to vacate Petitioner's death sentence and remand this matter for an evidentiary hearing on the claim of ineffective assistance of counsel at the penalty phase, the Tenth Circuit relied in significant part on Dr. Woods' 2009 evaluation and declaration. *See United States v. Barrett,* 797 F. 3d 1207, 1229 (10th Cir. 2015).

3. Dr. Woods will be a witness for Mr. Barrett at the evidentiary hearing scheduled for March 13, 2017. In preparation for the hearing, Dr. Woods requests to meet with Mr. Barrett for a period of no less than six (6) hours. The reasons supporting his request are set out in the declaration by Dr. Woods, attached hereto, Appendix A. They include his desire to refresh his memory regarding the evaluation conducted approximately seven (7) years ago, to determine the impact of continued structured institutionalization on Mr. Barrett's mental health as it relates to his 2009 state of mental health and to prepare for rebuttal testimony, if necessary, to the government's named experts, particularly Dr. Steven Pitt, who pursuant to this Court's Order is scheduled to evaluate Mr. Barrett prior to January 20, 2017. See Appendix A.

4. Mr. Barrett has a right to secure reasonably necessary expert assistance. 18 U.S.C. § 3599(f). For the reasons stated in the Tenth Circuit's opinion and in Dr. Woods' attached declaration, the requested access is necessary for adequate and competent representation of Mr. Barrett at his evidentiary hearing.

5.  Because this motion concerns Mr. Barrett's litigation strategy, it should be considered *ex parte*, requiring no response from the government. However, as a matter of courtesy, Mr. Barrett, through counsel, advised the government of their intent to request access to Petitioner by Dr. Woods.  On January 9, 2017, the government's counsel, Assistant United States Attorney Chris Wilson advised Petitioner's counsel that the government opposes the motion.

6.  Mr. Barrett has a Sixth Amendment right to the assistance of counsel, which includes access to expert witnesses.  He has a Fifth Amendment due process right to a full and fair adjudication of his ineffective assistance of counsel claim.  He has an Eighth Amendment right to a reliable and accurate capital sentencing proceeding.  Denial of this request will violate those constitutional rights.

7.  Mr. Barrett is compelled to seek this order only because the prison in which Mr. Barrett is being held has changed its internal policies since Mr. Barrett's prior evaluation by Dr. Woods. The prison now requires a court order before it will permit an expert witness to see Mr. Barrett.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order granting access to Petitioner by Dr. Woods, as follows:

1. Dr. Woods shall be granted access to Mr. Barrett for no less than six (6) hours to evaluate, interview and obtain information from Petitioner at the USP Terre Haute, at a time convenient to Dr. Woods and USP Terre Haute;

2. Dr. Woods shall be provided a private place to meet with Petitioner that permits face-to-face access without a glass barrier so the interview can be conducted under confidential and privileged conditions;

3. Petitioner's hands shall not be shackled during the interview;

4.  Dr. Woods shall comply with any and all instructions and directives of prison staff; and

5.  Prison staff shall not be present or within earshot of the interview.

 DATED this 11th day of January, 2017

RESPECTFULLY SUBMITTED,

/s/ Joan M. Fisher
JOAN M. FISHER

/s/ David Autry
DAVID AUTRY

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 11th day of January, 2017, I caused the foregoing [Opposed] Petitioner's Motion for Access to Petitioner by George Woods, M.D. to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

DATED:  January 11, 2017

/s/ Joan M. Fisher
JOAN M. FISHER

# APPENDIX A

## DECLARATION OF GEORGE W. WOODS, JR., M.D.

I, George W. Woods, M.D., declare as follows:

1.     I am a licensed physician specializing in psychiatry and neuropsychiatry. I currently maintain a private practice focusing on neuropsychiatry, psychopharmacology, workplace safety, and forensic consultations.

2.     At the request of counsel representing Kenneth Barrett, I performed a neuropsychiatric evaluation to determine whether Mr. Barrett suffers from any mental disease or defect and, if so, what functional impact his condition may have had before, during and after the commission of his current commitment offense.  In order to complete this assessment, I evaluated Mr. Barrett, including conducting a structured clinical interview, at the federal prison in Terre Haute, Indiana, over the course of two full days on February 17 and 18, 2009.

3.     Counsel advises that an evidentiary hearing in which I will be called to testify to my professional findings regarding Mr. Barrett's mental health is now scheduled to commence on March 13, 2017.

4.     In anticipation and preparation for my testimony, it will be helpful and useful to the accuracy and completeness of my testimony to see and re-interview Mr. Barrett prior to testifying.  The reasons for so doing include:

a.     Because it has been very nearly ten (10) years since my evaluation, seeing Mr. Barrett will significantly aid my testimony by refreshing my recollection and allowing me to carefully consider the prior evaluation and professional opinions;

1

b.   The ability to view Mr. Barrett at the present time after more than ten years in a highly structured environment will significantly aid and enhance my ability to explain and assist the court in understanding Mr. Barrett's mental health in 2005.

c.   It will also aid in determining whether the symptoms and behaviors previously observed are stuck in stone or if there have been changes as a function of age or institutionalization or other facts, all of which may need to be carefully considered and explained to the court.

d.   I am given to understand that a government's expert witness will evaluate Mr. Barrett and may be called to testify as to any professional opinion he adopts as a result of the evaluation. It will be helpful to see what the government witness sees.

5.   In sum, it is my professional opinion that my testimony will be enhanced and of greater assistance to the court in the decisions to be made if I am able to meet and interview Mr. Barrett before testifying to the professional observations, conclusions and opinions derived from the 2009 evaluation.

6.   It is also my understanding that I may be called in rebuttal to respond to the government's mental health experts, at least one of whom will have evaluated Mr. Barrett as recently as this month. In order to fully assess the accuracy and reliability of government expert's evaluation, it is necessary, or at the very least, useful to see Mr. Barret at or near the same time.

7.   I am available to meet with Mr. Barrett at the USP- Terre Haute facility Wednesday – Friday and will need approximately _____6_____ hours.

2

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and was executed on January 7, 2017.

/s/ *George W. Woods*
George W. Woods, Jr., M.D.

3