IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT          )
                                )
    Movant,                 )
                                )    Case No. 09-CV-00105-JHP
v.                              )
                                )
UNITED STATES OF AMERICA,       )
                                )
    Respondent.             )

## GOVERNMENT RESPONSE IN OPPOSITION TO MOTION FOR ACCESS TO PETITIONER BY GEORGE WOODS, MD

**COMES NOW** Respondent, United States of America, by and through undersigned counsel and files this response in opposition to Movant's motion for access to petitioner by George Woods (Doc. 285).

### PRELIMINARY STATEMENT

Following the affirmance of his convictions for three homicide crimes and the imposition of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255, relying in part on a mental health evaluation by Dr. George Woods.  Doc. 95 Exh. 117.  This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222).  The Tenth Circuit Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and personal history.  Doc. 230.  In anticipation of the hearing, this Court has permitted the government to conduct a mental health evaluation of the defendant in order to investigate rebuttal evidence under Federal Rule of Criminal Procedure 12.2.  Doc. 269 at 14.  On January

1

11, 2017, Barrett moved to have Dr. Woods reevaluate him at U.S. Penitentiary, Terre Haute.

Doc. 285.  The Court ordered this expedited response.  Doc. 286.

## ARGUMENT

### CONSISTENT WITH ITS EARLIER ORDERS, THE COURT SHOULD DENY FURTHER MENTAL HEALTH EVALUATIONS BY DR. WOODS

Citing the Constitution, Barrett asks this Court to order the Bureau of Prisons ("BOP") to permit Dr. Woods to evaluate him in an undivided visiting room.  Barrett further requests that the Court bar BOP from physically restraining him during the evaluation or placing staff within earshot of the visiting room.  Doc. 285.  Barrett cannot demonstrate any legal right to the evaluation, and this Court has previously indicated that it sees limited utility in contemporaneous mental health evaluations by defense experts, given the existing record.  It should therefore deny the requested evaluation.  However, if the Court is inclined to grant the motion, the government asks that it permit BOP to determine the appropriate security measures and date for the evaluation.

The Constitution does not vest Barrett with any right to the requested mental health evaluation, by way of the rights to counsel, due process or freedom from cruel and unusual punishment.  Defendants do not have a Sixth Amendment right to counsel during collateral proceedings.  The Sixth Amendment right to counsel guarantees assistance "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor." *United States v. Ash*, 413 U.S. 300, 309 (1973).  Furthermore, convicted defendants do not have the same due process rights as those presumed innocent under the law.  *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (citing *Herrera v. Collins*, 506 U.S. 390, 399 (1993)).  Thus, the Due Process Clause of the Fifth Amendment does not guarantee the right to any particular investigative tools. *See Pennsylvania v. Finley*, 481 U.S.

551, 559 (1987). Furthermore, the Eighth Amendment does not vest convicted capital defendants with any right of assistance during collateral proceedings. *See Murray v. Giarratano*, 492 U.S. 1, 10 (1989). Finally, capital defendants lack any statutory right to expert assistance during collateral review. *See* Doc. 276 at 1.

Accordingly, Barrett cannot sustain his arguments that the Constitution guarantees him the right to the requested mental health evaluation, and he has otherwise failed to justify the need for one as a factual matter. As this Court has observed, Barrett's defense has obtained evaluations by four experts, psychologist Bill Sharp, psychologist Myla Young, psychologist Jeanne Russell, and neuropsychiatrist George Woods. *See* Doc. 279 at 2-3. In view of those evaluations, the Court has expressed skepticism that a current assessment will provide "insight . . . regarding mitigating evidence which was available to counsel at the time of Petitioner's criminal trial." *Id*. at 3. Here, Barrett requests an evaluation by Dr. Woods, an expert who already authored a 28-page declaration, so the witness can refresh his recollection and prepare rebuttal to the government's case in light of "the impact of continued structured institutionalization." Doc. 285 at 2. Certainly, Dr. Woods can refresh his recollection with his own notes and reports. As to the notion that he requires a new evaluation to rebut the government's case, that argument finds no basis in law or reason.

Barrett has no right of rebuttal in this context. This Court has indicated that the upcoming hearing will explore the impact of a foregone penalty phase trial conducted within the bounds of Federal Rule of Criminal Procedure 12.2. Doc. 269. Rule 12.2 does not provide Barrett with a right to seek rebuttal evidence. *See United States v. Sampson*, 82 F. Supp. 3d 502, 513 (D. Mass. 2014) (holding that Rule 12.2 seeks to protect the *government's* right of rebuttal, among other things). In fact, this Court has observed "The right of the government to offer

3

rebuttal evidence of the defendant's mental condition would be meaningless unless the government is provided an opportunity to conduct discovery on this issue." Doc. 269 at 14. The right of the government to offer rebuttal evidence would be just as meaningless if Barrett could now obtain new diagnoses expressly intended to upend any findings by the prosecution's expert.

Furthermore, the requested evaluation appears superfluous to any effort by Dr. Woods to preemptively attack possible government evidence. According to Barrett, Dr. Woods intends to determine the extent to which incarceration has stabilized Barrett's mental health. Doc. 285 at 2. Presumably, Dr. Woods intends to rely on such findings to blunt any government evidence that Barrett does not presently suffer from a major mental illness. But Dr. Woods presaged such testimony in his 2009 declaration, asserting that "Mr. Barrett was unable rationally to assist his attorneys in the preparation of his trial. His triad of neuropsychiatric impairments . . . were not bound, as they are today, in a structured environment without the overwhelming stress Mr. Barrett was facing at the time of trial." Doc. 95 Exh. 117 ¶ 81. Barrett fails to explain why Dr. Woods would need to reassess him to reach the same conclusion now.

Assuming the Court does grant the requested meeting, the Bureau of Prisons has informed government counsel that it will visually monitor the visit if the Court grants Barrett's request to attend the meeting without restraints. It will only permit Barrett to attend the meeting without handcuffs if such an arrangement is required to complete the evaluation. As previously noted, the prison only accommodates such visits between 8:00 a.m. and 3:30 p.m., and prefers a 3:00 p.m. cutoff. Further, the institution requests that any order for an evaluation not specify a date, so that it can react to unanticipated emergencies.

## CONCLUSION

The government respectfully urges this Court to deny Barrett's request for a new mental health evaluation by Dr. George Woods.

Dated: January 13, 2017,

Respectfully submitted,

MARK F. GREEN
United States Attorney

CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov


*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

**CERTIFICATE OF SERVICE**

I, hereby certify that on January 13, 2017, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com


/S. *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney