**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,      )
          )
          Petitioner/Defendant,     )
          )
vs.          )     Case No. 09-CIV-105-JHP
          )
UNITED STATES OF AMERICA,    )
          )
          Respondent/Plaintiff.   )

**ORDER**

This matter comes before the Court on Petitioner's Motion for Access to Petitioner by George Woods, M.D. (Dkt. # 285). The respondent has filed a response opposing said motion (Dkt. # 287).

According to Petitioner's Motion, Dr. Woods desires "to meet with Mr. Barrett for a period of no less than six (6) hours" in order to refresh his memory regarding an evaluation he conducted approximately seven (7) years ago, "to determine the impact of continued structured institutionalization on Mr. Barrett's mental health as it relates to his 2009 state of mental health and to prepare for rebuttal testimony, if necessary, to the government's named experts, particularly Dr. Steven Pitt . . . . . . . ." Dkt. # 285, at ¶ 3. In its objection, the government correctly identifies the reason the Court authorized the government to conduct a mental health evaluation of the defendant, *i.e.* to rebut defendant's mental health evidence pursuant to Fed.R.Cr.P. 12.2.

As this Court has pointed out on several occasions, the Tenth Circuit Court of Appeals has remanded this § 2255 proceeding for an evidentiary hearing on two very limited issues - whether or not trial counsel's performance was deficient during the penalty phase of trial for failing to investigate defendant's background and mental health; and, if so, whether the defendant suffered prejudice. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). In considering the appellate court's order, this Court is reminded that the defendant's trial in federal court was somewhat different than a normal criminal federal trial.  In particular, two state court trials had occurred prior to the defendant being indicted in federal court.  As a result, substantial information was available to trial counsel regarding the evidence against the defendant, as well as background information which had been accumulated by the state court defense counsel for use, if necessary, in the anticipated penalty phases of those trials. This Court interprets the appellate court's order as directing this Court to ascertain these issues within the parameters of the evidence which was available to defense counsel in 2005. Petitioner's mental health in 2017 is not very useful to this Court's determination regarding his mental health in 2005.

If the government had been provided notice of Dr. Woods proposed testimony, at the time of trial, the government would have had an opportunity to examine the defendant with a similarly qualified expert.  After the government's proposed expert examined the defendant, the defendant's expert would not have needed an additional examination because the two examinations would have occurred close in time such that each expert would have hopefully observed the same behaviors regardless of how those behaviors were characterized

by the respective experts. Asking Dr. Woods to remember his prior evaluation of Mr. Barrett approximately eight (8) years after his examination such that he can explain his prior evaluation is not realistic. As a result, this Court hereby grants Petitioner's motion to allow Dr. Woods to re-interview Mr. Barrett. Both parties, however, are reminded that the focus of any mental health testimony at the upcoming evidentiary hearing should be Mr. Barrett's background and mental health at the time of his criminal trial before this Court in late 2005 as opposed to his mental health in 2017.

For the reasons stated herein, it is hereby ordered that:

1. Dr. George W. Woods shall be granted access to Petitioner, Kenneth E. Barrett, at the USP-Terre Haute Institution, in Terre Haute, Indiana, on a day to be agreed upon by the parties prior to February 10, 2017 and access on that day shall be allowed between the hours of 8:00 a.m. and 3:00 p.m.

2. Dr. George W. Woods shall comply with any and all instructions and directives of prison staff.

3. To the extent security allows, Dr. Woods shall be provided as much privacy as possible when meeting with Mr. Barrett.

It is so ordered on this 18th day of January, 2017.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

3