**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,              )
                                     )
        Petitioner/Defendant,        )
                                     )     Case No. CV-09-00105-JHP
v.                                   )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent/Plaintiff.        )

### GOVERNMENT'S MOTION TO EXCLUDE A PROPOSED WITNESS

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order excluding the testimony of Dale Anderson. Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, government counsel consulted by e-mail with Barrett's attorney, David Autry, who opposes this motion.

### PROCEDURAL HISTORY

Barrett was convicted of three homicide offenses he committed when a state police tactical unit attempted to serve a warrant at his home. The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008). This Court subsequently denied § 2255 relief on all grounds. Docs. 214 & 215. On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to determine whether trial counsel, Roger Hilfiger and Bret Smith,

ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

Pursuant to the Court's scheduling order (Doc. 246), Barrett transmitted a list of 71 proposed witnesses for appearance at the evidentiary hearing (Ex. 1), by declaration or live testimony. The government moves to exclude the testimony of Dale Anderson, whom it unintentionally omitted from its earlier motion to exclude witnesses, (Doc. 289).

## ARGUMENT

### THE COURT SHOULD LIMIT BARRETT TO WITNESSES WHO CAN TESTIFY ABOUT FOREGONE PENALTY PHASE EVIDENCE

This Court has noted the limited nature of the hearing contemplated by the Tenth Circuit, explaining that it "expects to hear live testimony from trial counsel whose conduct is at issue but otherwise encourages the submission of written exhibits in lieu of live testimony." Doc. 246. The hearing has one purpose: "to determine what evidence could have been presented at the sentencing phase of Petitioner's trial in 2005 and whether Petitioner was prejudiced as a result of a lack of presenting that evidence in his trial." Doc. 248. More specifically, the Court has observed "The Tenth Circuit has not allowed this evidentiary hearing for the purpose of trying to resurrect issues which have been fully resolved." Doc. 279 at 1 (further noting that questions regarding intent are irrelevant to the upcoming hearing).

Despite the narrow scope of the upcoming hearing, Barrett appears intent upon calling a witness who can only offer irrelevant testimony. The Federal Rules of Evidence generally apply to evidentiary proceedings under 28 U.S.C. § 2255. *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975); *see Bonfillo v. United States*, Civil no. 15-1015, 2016 WL 6124487, *7 (W.D. Pa. Oct. 20, 2016). While the upcoming § 2255 hearing concerns the presentation of

2

evidence at a capital penalty phase proceeding, relevance remains a threshold concern, despite the liberal evidentiary provision of the Federal Death Penalty Act, 18 U.S.C. § 3593(c). *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010). Relevance has the same meaning under § 3593(c) as it does under Federal Rule of Evidence 401. *Lujan*, at 854. (citing *United States v. McVeigh*, 153 F.3d 1166, 1212-13 (10th Cir. 1998) and *United States v. Basham*, 561 F.3d 302, 331-32 (4th Cir. 2009)). Specifically, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information]." Fed. R. Evid. 401.

Barrett intends to call Dale Anderson, a witness who can offer testimony relevant only to issues that the Court previously decided. Ex. 1. At the outset of the case, Anderson provided a declaration that recounted his interview of Cindy Crawford.[1] Doc. 95 Ex. 14. According to Anderson's hearsay account, Crawford claimed to have experienced intimidation by law enforcement officials, including former Assistant U.S. Attorney Michael Littlefield, and to have received indications – but not outright promises – of lenience if she cooperated with the government. Anderson further reported Ms. Crawford's admission that she was under the influence of methamphetamine prior to her trial testimony and an interview with Mr. Littlefield. Anderson asserted that Ms. Crawford had claimed to suffer from post-traumatic stress disorder, to which she supposedly attributed a possible embellishment of her penalty phase testimony about Barrett's assault on her with a firearm. Anderson also related Ms. Crawford's claims that prosecutors threatened her because her guilt phase testimony did not sufficiently assist the government. Finally, Anderson claimed that Ms. Crawford knew of an incident in which Sheriff John Philpott had visited Barrett's home shortly before the murder in this case.

---

[1] Anderson declared that he conducted the interview with another listed defense witness, Leonard Post. As such, Anderson's proposed testimony appears cumulative as well as irrelevant.

3

Anderson does not appear to have any first-hand knowledge of this case, much less the questions before the Court in its present procedural posture. This Court long ago disposed of the witness intimidation claims that fill the bulk of Anderson's declaration. *See* Doc.. 214 at 72-73; Doc. 215. The Court described as "meritless" Barrett's attacks on Ms. Crawford and her testimony, despite Anderson's declaration and other documentary evidence. Doc. 214 at 53. The Court also rejected a claim of evidence suppression arising from Sheriff Philpott's supposed visit to the defendant's home. *Id*. at 72. Admittedly, Anderson's declaration briefly touches on one aspect of the penalty phase, Ms. Crawford's supposed embellishment of an incident in which Barrett assaulted her with a firearm. But no aspect of that incident or Ms. Crawford's testimony informs the allegation that trial counsel allegedly omitted mental health and social history evidence.

Because it appears that Anderson can offer only irrelevant, second-hand, and possibly cumulative testimony, this Court should exclude him as a witness.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to exclude the

testimony of Dale Anderson.

Dated: February 1, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 1, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section