**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | Case No. CV-09-00105-JHP |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE OF UNAVAILABLE
WITNESSES BY DECLARATION ALONE**

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order partially excluding the declarations of Ernest Barrett and Warren Dotson, to the extent they specifically comment on the performance of trial counsel.  Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, government counsel consulted by e-mail with Barrett's attorney, David Autry, who opposes this motion.

**<u>PROCEDURAL HISTORY</u>**

Barrett was convicted of three homicide offenses he committed when a state police tactical unit attempted to serve a warrant at his home.  The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on appeal.  *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008).  This Court subsequently denied § 2255 relief on all grounds.  Docs. 214 & 215.  On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to determine whether trial counsel, Roger Hilfiger and Bret Smith,

1

ineffectively failed to investigate and present evidence about Barrett's background and mental health.  *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

Pursuant to the Court's scheduling order (Doc. 246), Barrett transmitted a list of 71 proposed witnesses for appearance at the evidentiary hearing (Ex. 1), by declaration or live testimony.  The government moves to exclude, in part, the declarations of two of those witnesses, Ernest Barrett and Warren Dotson, because they are unavailable for cross-examination and speak to issues outside the evidentiary standard applicable to penalty phase trials.

## ARGUMENT

### THE COURT SHOULD LIMIT BARRETT TO WITNESSES WHO ARE AVAILABLE FOR CONFRONTATION

This Court should bar Barrett from presenting, the declarations of two unavailable witnesses as to information that the defense could not present during a penalty phase trial.

The Federal Rules of Evidence generally apply to evidentiary proceedings under 28 U.S.C. § 2255.  *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975); *see Bonfillo v. United States*, Civil no. 15-1015, 2016 WL 6124487, \*7 (W.D. Pa. Oct. 20, 2016).  The upcoming § 2255 hearing concerns the omission of evidence from a capital penalty phase proceeding, at which the Court would apply the liberal evidentiary provision prescribed in the Federal Death Penalty Act, 18 U.S.C. § 3593(c).  *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010).  But "Courts have generally found . . . where a witness is unavailable, the affidavit testimony should not be allowed unless the opposing party had the opportunity to cross examine the witness."  *West v. United States*, No. 205-CR-124-FTM-29SPC, 2009 WL 1043962, at \*6 (M.D. Fla. Apr. 16, 2009); *see generally* Fed. R. Evid. 801.

In this case, Barrett has presented declarations, in lieu of testimony by five deceased witnesses, Ernest Barrett (Doc. 95 Ex. 81; Doc. 178 Ex. 206), Ada Blount (Doc. 95 Ex. 74), Carl Cook (Doc 95 Ex. 102), Warren Dotson (Doc. 95 Ex. 100), and Myla Young (Doc. 95 Ex. 89). To the extent those declarations concern social history or mental health evidence Barrett might have offered in mitigation, the government does not object under the liberal evidentiary standard applicable to § 3593 proceedings.[1]  However, the government does object to those portions of Ernest Barrett and Warren Dotson's declarations that speak to issues other than the defendant's allegedly omitted mitigation evidence.  Ernest Barrett declared that one of the defendant's attorneys "only interviewed me a few minutes before I testified."  Doc. 95 Ex. 81 at 10.  In his supplemental declaration, Ernest Barrett recounted the performance of defense attorneys and investigators, but nothing about his son or family.  Doc. 178 Ex. 206.  Warren Dotson offered an opinion that "the law did not have to go to Kenny's place in the middle of the night to arrest him" because the defendant was not dangerous.  Doc. 95 Ex. 100 at 4.  Because this evidence concerns the actions of third parties, and could not have been offered in mitigation, the Court should not consider it, as the government had no opportunity to cross-examine these witnesses about these subjects.

---

[1] The government limits its position to this § 2255 proceeding, which contemplates the alleged omission of evidence a trial in 2005, when the five witnesses were alive.  The government reserves the right to object to the declarations under § 3593, should this Court order a retrial.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to exclude in part

the declarations of Ernest Barrett and Warren Dotson.

Dated: February 1, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

4

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 1, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section