**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. 6:09-CV-00105-JHP |
| | ) | |
| | ) | **PETITIONER'S MOTION IN LIMINE** |
| v. | ) | **TO PRECLUDE POST-HOC** |
| | ) | **RATIONALIZATIONS, AND** |
| UNITED STATES OF AMERICA, | ) | **SUPPORTING BRIEF** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Kenneth Eugene Barrett, moves the Court for an order precluding the

government from eliciting testimony from trial counsel regarding what they would have done

with information they did not possess or know about at the time of trial.  The law prevents the

government from seeking to defeat Mr. Barrett's penalty phase ineffective assistance of counsel

claim with post-hoc justifications or rationalizations for their acts and omissions.

Based on its Answer in this Court, its brief in the Tenth Circuit and its exhibit list, the government plans to have trial counsel justify their acts and omissions in representing Mr. Barrett in the second stage of trial with post-hoc rationalizations or excuses or otherwise testify about matters of which they lacked personal knowledge at the relevant time.

For example, trial counsel refer in their declarations to Dr. Bill Sharp's psychological report, which was done during the pendency of the state case, even though they state they never saw it before or during trial and it obviously could not have played a part in their strategic decisions.  Doc. 175, Smith Decl., Exh. 11, ¶¶ 8-10, Hilfiger Decl. Exh. 12, ¶¶ 10-12.

The government also relies on the declarations of trial counsel (couched in identical language) for the claim that "Kenneth Barrett did not want to present a case in mitigation that centered on sympathy for him or dwelled on his family."  Doc. 175, p. 116.  Along the same lines, and again in identical language, trial counsel parrot the non-sequitur that neither "want[ed] to premise our mitigation case on Mr. Barrett's drug use because [he] did not believe that the jury would be sympathetic to such a strategy."  Hilfiger Decl. ¶ 18, Smith Decl. ¶ 14.  The government argues the mitigation evidence submitted in this § 2255 proceeding would not have been presented based on what Mr. Barrett allegedly told them, or because the evidence was supposedly premised on Mr. Barrett's drug use.

Even though trial counsel's post-conviction declarations defending their conduct make no mention whatsoever of reports done during the state case from Faust Bianco, Ph.D. and Kathy LaFortune, Ph.D., the government's exhibit list indicates it is now seeking to have counsel justify their omissions based on this information. Govt's Exh. List, pp. 1, 3.

> It is also apparent the government will seek to excuse counsel's acts and omissions with "evidence" from Mr. Barrett's Bureau of Prisons file. Gov't Exh. List, p. 4. This information was not available to counsel

when they were preparing for trial or at trial and therefore it could not have played a part in any claimed decisions as to what lines of mitigating evidence to pursue. The same is true of any psychiatric report by the government's eleventh-hour expert, Dr. Steven Pitt, D.O.

It is rudimentary that witnesses may only testify regarding matters of which they have personal knowledge. Fed. R. Evid. 602. The requirement of personal knowledge precludes questions that call for speculation about past events such as "what if" questions. *Elyria-Lorain Broad. Co. v. Loraine J. Co.*, 298 F.2d 356, 360 (6th Cir. 1961).

In assessing whether trial counsel failed to conduct a professionally reasonable penalty phase investigation to Mr. Barrett's prejudice under *Strickland v. Washington,* 466 U.S. 668 (1984), the court is to view counsels' conduct from their perspective at the time of investigation and trial. *Strickland*, 466 U.S. at 689; *Wiggins v. Smith,* 539 U.S. 510, 523 (2003) (relying on *Strickland* to conclude that deficient performance analysis is "context dependent"). This includes, of course, what types of mitigating evidence counsel could have developed and introduced with a professionally reasonable investigation. The court "may not indulge 'post-hoc rationalizations' for counsel's decision-making that contradicts the available evidence of counsel's actions." *Harrington v. Richter,* 562 U.S. 86, 109 (2011) (quoting and citing *Wiggins*, 539 U.S. at 526-27). *See also Smith v. Mullin,* 379 F.3d 919, 929 (10th Cir. 2004)(citing *Wiggins* and holding that a court considering a second-stage ineffectiveness claim "must eschew post hoc rationalizations for [trial counsel's] deliberations, investigations, and defense strategy, or lack thereof"). Put another way, "an actual failure to investigate cannot be excused by a hypothetical decision not to use its unknown results." *Soffar v. Dretke,* 368 F.3d 441, 474 (5th Cir. 2004), *amended*, 391 F.3d 703 (5th Cir. 2004).

These principles were applied by the Tenth Circuit in Mr. Barrett's case. In response to the government's argument that trial counsels' actions were justified because they presented

some evidence, the court noted "an uninformed choice is not a reasonable tactical decision."

*Barrett v. United States,* 797 F.3d 1207, 1228 (10th Cir. 2015). This court is to determine whether counsel made informed decisions based on a professionally reasonable investigation. Permitting the government to elicit testimony from trial counsel as to how information they did not have at the relevant time "justified" their omissions would deviate from the Tenth Circuit's remand order and confuse the issues. Hypothetical and speculative testimony about what counsel "would have done" based on information they did not possess or consider is simply irrelevant and outside their personal knowledge at the critical time. Fed. R. Evid. 401, 602; *Koch v. Koch Industries, Inc.*, 2 F. Supp. 2d 1385, 1388-89 (D. Kan. 1998) (relevance by legal standards governing what is "properly provable in the case").

Petitioner respectfully requests this Court grant the instant motion, and that the evidence and testimony identified above, and any evidence like it, be precluded.

### Certificate of Conference

Mr. Barrett's counsel conferred by email with opposing counsel regarding this motion. The government advised Mr. Barrett's counsel that it opposes this motion.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 1st day of February 2017 I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsels' knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Motion in Limine
To Preclude Post-Hoc Rationalizations,
And Supporting Brief                              5                    *Barrett v. United States*,
                                                                       OK-ED No. 6:09-cv-00105-JHP