**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:        dbautry77@gmail.com


**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org


Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA


| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. 6:09-cv-00105-JHP |
| | ) | |
| v. | ) | **OPPOSED MOTION FOR** |
| | ) | **18 U.S.C. § 3500 MATERIALS** |
| UNITED STATES OF AMERICA, | ) | **CONCERNING TRIAL COUNSEL** |
| | ) | **TESTIMONY AND BRIEF IN** |
| Respondent. | ) | **SUPPORT** |
| | ) | |

Mr. Barrett moves for an order requiring the early production of material described in 18

U.S.C. § 3500 as it relates to the Mr. Barrett's trial counsel and government witnesses, Roger

Hilfiger and Bret A. Smith.


Opposed Motion for 18 U.S.C. § 3500
Materials Concerning Trial Counsel
Testimony and Brief in Support            1                *Barrett v. United States*,
                                                        OK-ED No. 6:09-cv-00105-JHP

The government has indicated its intent to call trial attorneys Roger Hilfiger and Brett Smith. Their testimony will be directed toward Mr. Barrett's § 2255 allegations of ineffective assistance of counsel. See Doc. 95 at 185. Indeed, the government has submitted sworn testimony from each. Doc 175-12 (Exhibit 11: Declaration of Bret Smith, SEALED, Doc 175-13 (Exhibit 12).

Mr. Barrett is entitled to know what transpired in the acquisition of the sworn testimony.

Section 3005 materials include:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement;

18 U.S.C. § 3500 (e). In other words, Mr. Barrett is entitled to every document, written or recorded, electronic or not, surrounding the government's acquisition of their sworn statements, and their upcoming testimony, from initial contact until now, and ongoing, until they testify. Because this is capital case and because little to no discovery has been granted in this matter, it would be appropriate for this Court to order the early production of *Jencks* material.

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of *Criminal* Procedure or Civil Procedure, *or in accordance with the practices and principles of law.*" Rule 6 (a), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules") (emphasis added). Available discovery in § 2255 proceedings is, thus, broader than Rule 6(a) of the Rules Governing § 2254 proceedings ("Habeas Rules"), which provides for discovery pursuant to the civil rules of procedure only. Habeas Rule 6 governing § 2254 Proceedings. In § 2255 Proceedings, Petitioner for good cause is entitled to

Opposed Motion for 18 U.S.C. § 3500
Materials Concerning Trial Counsel
Testimony and Brief in Support                          2                          *Barrett v. United States*,
                                                                                 OK-ED No. 6:09-cv-00105-JHP

discovery under either the civil or *criminal* rules of procedure. § 2255 Rules, Rule 6 ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.")  Because 18 U.S. C § 3500 is embraced by the criminal rules of procedure, and in accordance with the practices and principles of law, Mr. Barrett is entitled to discovery of the materials identified therein.  *See also* § 2255 Rule 8(d).

Such production is especially appropriate where material covered by the *Jencks* Act also contains information covered by the attorney-client privilege and where production is necessary in order to ensure that the defendant receives effective assistance of counsel. *See generally, United States v. Lujan*, 530 F. Supp.2d 1224, 1254 (D. N.M. 2008); *United States v. Beckford*, 962 F. Supp. 780, 795 (E.D. Va. 1997).  Beyond § 3500, Petitioner is also entitled to any evidence that may corroborate his claim of ineffectiveness. *Cf. Lujan, supra,* at 1224 (discussing *Brady* material).

The question of whether a criminal defense attorney facing ineffective assistance of counsel claim may help the prosecution establish the attorney's competency by disclosing confidential information without either the former client's informed consent or a court order has been addressed by the American Bar Association. ABA Opinion 10-456 (July 14, 2010).  It concludes that while "[t]he lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel . . ., it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable."[1]  *Id.* Counsel have acted with reckless disregard in their communications with the

---

[1] Beyond Rule 6, § 2255 Rule 8(d) addressing statements by witnesses in an evidentiary hearing makes clear disclosure of *Jencks'* materials under § 3500 is contemplated by the 2255 Rules.

government, made without benefit of a court order defining the scope of the limited waiver.  See ABA Opinion.

The government's interviews with trial counsel Hilfiger and Smith which informed the proffered testimony by declarations were conducted without notice to Mr. Barrett or pursuant to a court order defining the *limited scope* of the waiver of the attorney-client privilege implied by an ineffective assistance of counsel claim. *See Bittaker v. Woodford*, 331 F.3d 715, 722, 726 (9th Cir. 2003)(en banc), *cert. denied,* 540 U.S. 1013 (2003).  Beyond the need to prepare for the hearing that determines whether the sentence of death is constitutional or not, Petitioner must be advised of full substantive content of communications between the government and  attorneys Hilfiger and Smith to determine if there is a breach of confidentiality and the scope of the breach, if there is one.

Any waiver is narrow, limited by the claim of ineffectiveness. In *United States v. Pinson,* 584 F. 3d 972, 978 (10th Cir. 2009), the Tenth Circuit Court of Appeals acknowledged the implied waiver of the attorney-client privilege in ineffectiveness claims but warned it is no "'broader than needed to ensure the fairness of the proceeding before it.'"  *Id.,* at 978, quoting *Bittaker v. Woodford,* 331 F. 3d 715, 716 (9th Cir. 2003).  Disclosure of the communications is essential to the protection of Mr. Barrett's attorney-client privilege.

Given the attorneys' duty not to divulge privileged information absent a court order, the gravity of the punishment imposed on Mr. Barrett, in the interest of due process and the effective assistance of counsel, and to minimize delays during the hearing, this Court should grant Petitioner's motion.

**Certificate of Conference**

Mr. Barrett's counsel conferred with opposing counsel in an effort to resolve this issue.

The government opposes this motion.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
 DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

This is to certify that on this 1st day of February 2017 I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER