**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:   (405) 521-9600
Facsimile:   (405) 521-9669
E-mail:      dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:   (916) 498-6666
Facsimile:   (916) 498-6656
E-mail:      Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. 6:09-cv-00105-JHP |
| | ) | |
| v. | ) | **OPPOSED MOTION TO** |
| | ) | **RECONSIDER ORDER DENYING** |
| UNITED STATES OF AMERICA, | ) | **DISCOVERY OF TRIAL COUNSEL'S** |
| | ) | **E-MAILS, AND BRIEF IN SUPORT** |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Kenneth Eugene Barrett, moves the court to reconsider the discovery request

for subpoenas duces tecum for trial counsels' e-mails and digital communications regarding their

representation of Mr. Barrett, including their electronic/digital/recorded communications with

Opposed Motion to Reconsider
Order Denying Discovery of Trial Counsel's
E-mails, and Brief in Support            1            *Barrett v. United States*,
                                           OK-ED No. 6:09-cv-00105-JHP

government counsel in aid of compiling their post-conviction affidavits and in preparation for their testimony at the evidentiary hearing. (Doc. 269, p. 4)

Should the court decide to reconsider its earlier ruling, Petitioner asks that trial counsel be directed to bring these materials to the United States District Courthouse in Muskogee sufficiently in advance of the March 13, 2017 evidentiary hearing date to allow Mr. Barrett's lawyers sufficient time to review them in preparation for the hearing. While under review to determine whether the requested materials are relevant to the issues at the evidentiary hearing or subject to a waiver of confidentiality, these items will be held in confidence and not disseminated to third parties.

This motion is being filed pursuant to Rule 6 of the Rules governing § 2255 proceedings, and other relevant provisions. These include Fed.R.Civ.P. 45; LCvR 7.1, 26.1. 37.1, 12.1; the due process clause of the Fifth Amendment; the Sixth Amendment right to counsel; and the Eighth Amendment, as this is a capital case.

In its discovery order, which denied Mr. Barrett's request for these materials, the court found Petitioner had failed to establish "good cause," since it had not been shown that trial counsel were being hostile or uncooperative with current counsel. (Doc. 269, p. 4)  But no such showing is required.

Although trial counsel has turned over what purport to be all their hard copy files related to Mr. Barrett's case, they have not disclosed their e-mail communications, despite a request by current counsel. (See Exhibit A)

The e-mails and other materials requested in this motion are part and parcel of the files in Petitioner's case. The files belong to the client, not the lawyers. Therefore, Messrs. Hilfiger and Smith are required to produce what might be termed the "electronic" portion of their files.

Opposed Motion to Reconsider
Order Denying Discovery of Trial Counsel's
E-mails, and Brief in Support                2                *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

Regardless of the current posture of the case, trial counsel still have a duty of loyalty to their client, Mr. Barrett. See ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, Guideline 10.3 (2003). Trial counsels' e-mail and other electronic or digital communications – including their communications in these forms with government counsel in an effort to mount a defense to the claim of penalty phase ineffectiveness – are relevant to whether they conducted a professionally reasonable investigation into available mitigating evidence, and whether errors and omissions on their part prejudiced Mr. Barrett in the determination of punishment.

Petitioner has established good cause for the production of the requested materials. He has made "specific allegations before the court [to] show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997), quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969). The materials requested in this motion are necessary to a fair, rounded development of material facts relating to Mr. Barrett's ineffective assistance of counsel claim. *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996). In the context of this request, "[d]enial of an opportunity for discovery is an abuse of discretion," because the discovery asked for here "is necessary to fully develop the facts of the claim." *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995).

Accordingly, Mr. Barrett moves the court to reconsider its previously ruling and order the discovery requested in this motion.

Opposed Motion to Reconsider
Order Denying Discovery of Trial Counsel's
E-mails, and Brief in Support                    3                    *Barrett v. United States*,
                                                                      OK-ED No. 6:09-cv-00105-JHP

## Certificate of Conference

Mr. Barrett's counsel conferred with opposing counsel in an effort to resolve this issue.

The government opposes this motion.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Opposed Motion to Reconsider
Order Denying Discovery of Trial Counsel's
E-mails, and Brief in Support                4                *Barrett v. United States*,
                                                           OK-ED No. 6:09-cv-00105-JHP

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 1st day of February 2017 I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Opposed Motion to Reconsider
Order Denying Discovery of Trial Counsel's
E-mails, and Brief in Support                    5                    *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

# Exhibit A

 **Barrett v.United States, 09-civ-105-JHP**
**Joan Fisher**   to: Roger Hilfiger, Bret Smith                11/18/2016 03:03 PM
Cc: "david autry (dbautry77@gmail.com)"

Counsel:

Judge Payne has set Kenny Barrett's evidentiary hearing for February 16, 2017.
It appears to be an immovable.  Both of you will be called to testify.

We have one immediate request of each of you, and a reminder to both of you,
which is laid out fully in  ABA Opinion-10-456, which is attached..



2010-07-14 ABA Formal Opinion 10_456 re Privilege and IAC.pdf

First, the request. Please forward to me ALL your writings concerning Kenneth
Barrett, including correspondence, pre-appointment to present ,in whatever form,
including electronic:

    1.   Between both of you
    2.   Between each of you and any government entity, including but not
    limited to the U.S. attorney's office, the justice department and the Court.
    For the purpose of this request, transmittal letters for filings are excepted
    as are the filings themselves.

If we can help facilitate this request, please do not hesitate to ask for our
assistance. We would ask that you comply within 10 business days. If you need
additional time, please let me know as soon as possible. The court has indicated
it will not grant an extension.

Second, the reminder, really a caveat. Ken Barrett has NOT waived, for any
purposes, HIS attorney-client privilege re your representation of him. We know
you take this responsibility seriously. I will not try to interpret the Model Rule for
you. The fact that Ken has raised effective assistance of counsel is not a general
waiver, nor should you construe it as such. You must, with certain very limited
exceptions in limited circumstances, invoke his privilege.  Any waiver by
operation of the allegations is narrow and limited to the scope of the allegations
so until you are fully apprised of the specific allegations and the questions, you
should continue to protect Mr. Barrett's attorney-client privilege.  Please read it
thoroughly and discuss with me any government requests that you speak with
them and/or waive this privilege AND give me advance notice of how you intend
to respond so that we can assert the privilege on his behalf, if such assertion
would not be frivolous -- if ever you intend to waive it under whatever

circumstances, for whatever reason.

Thank you both.

Joan Fisher
David Autry
Attorneys for Kenneth Barrett


Joan M. Fisher
Assistant Federal Defender
Federal Defender's Office for the Eastern District of California
801 I St., 3rd Flr.
Sacramento, CA  95814
Telephone: 916-498-6666
Facsimile:  916-498-6656

*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify me by reply e-mail.  Thank you for your cooperation.