**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| KENNETH EUGENE BARRETT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CAPITAL CASE**<br><br>CASE NO. CV-09-00105-JHP<br><br>**PETITIONER'S COMBINED SUPPLEMENTAL MOTION TO EXPAND THE RECORD AND BRIEF IN SUPPORT** |
|---|---|---|

Petitioner, Kenneth Eugene Barrett, by and through undersigned counsel, respectfully moves this Court for an order adding the exhibits listed herein to those with which this Court expanded the record by order filed March 30, 2010. (Doc. 161.) This Court's previous order granted Mr. Barrett's motion to expand the record with Exhibits 1 through 57, 59 through 118, 139 through 143, 144A, 144B, 145, 146, and 147A-G. Order (Doc. 161). Those exhibits

Petitioner's Combined Supplemental
Motion to Expand the Record and Brief
In Support                    1                    *Barrett v. United States*,
                                                    OK-ED No. 6:09-cv-00105-JHP

constitute most of Mr. Barrett's evidence for his case in chief, i.e. the direct testimony of most witnesses and related exhibits. Mr. Barrett now seeks the same treatment for the following additional exhibits that he previously submitted in support of the Second Amended Motion for § 2255 Relief (Doc. 96):

- Exhibit 206        Suppl. Decl. of Ernie Barrett (supplements Ex. 81)

- Exhibit 207        Suppl. Decl. of Doris Barrett (supplements Ex. 80)

- Exhibit 208        Suppl. Decl. of Issac Barrett (supplements Ex. 84)

- Exhibit 209        Suppl. Decl. of Phyllis Crawford (supplements Ex. 91)

- Exhibit 210        Suppl. Decl. of Gelene Dotson (supplements Ex. 97)

- Exhibit 211        Suppl. Dec. of Mark Dotson (supplements Ex. 98)

- Exhibit 212        Suppl. Decl. of Ruth Harris (supplements Ex. 93)

- Exhibit 213        Suppl. Decl. of Carolyn Joseph (supplements Ex. 78)

- Exhibit 214        Suppl. Decl. of Linda Riley (supplements Ex. 87)

- Exhibit 215        Suppl. Decl. of Janice Sanders (supplements Ex. 85)

- Exhibit 216        Suppl. Decl. of Abbie Stites (supplements Ex. 103)

- Exhibit 217        Suppl. Decl. of Kathy Trotter (supplements Ex. 86)

- Exhibit 218        Suppl. Decl. of Leonard Post (supplements Ex. 31)

- Exhibit 219        Suppl. Decl. of Richard Burr (supplements Ex. 118)

- Exhibit 220        Suppl. Decl. of Toby Barrett (supplements Ex. 96)

Rule 7 of the Rules Governing § 2255 Proceedings provides that if the motion is not dismissed, this Court "may direct the parties to expand the record by submitting additional materials relating to the motion."  R. Gov. § 2255 Proc. 7(a).

> The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written

> interrogatories propounded by the judge.  Affidavits also may be submitted and considered as part of the record.

R. Gov. § 2255 Proc. 7(b).  Rule 7's only constraint on the Court's discretion to expand the record with the listed documents is that the Court "give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."  R. Gov. § 2255 Proc. 7(c).

The exhibits listed herein *supra* are declarations. A declaration under penalty of perjury is admissible to the same extent as an affidavit, 28 U.S.C. § 1746, and therefore falls within Rule 7. Each listed declaration was appended to Mr. Barrett's Reply to the Government's Response in Opposition to the Second Amended Motion to Vacate (Doc. 178). These exhibits have the same qualities as those with which this Court previously expanded the record. Indeed, each declaration merely supplements a declaration with which this Court has already expanded the record.

The Government has possessed all exhibits referenced in this motion since July 1, 2010, and has never questioned the authenticity of these declarations.

The Court of Appeals' decisions to remand this case for an evidentiary hearing expands upon the grounds this Court previously found to warrant record expansion. Section 2255(b) of the Judicial Code provides (with emphasis added):

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.

Rule 8(a) of the Rules Governing § 2255 Proceedings provides:

> If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

The use of mandatory language indicates this Court is required, on its own motion; to order an evidentiary hearing unless there is conclusive evidence Mr. Barrett is entitled to no relief. The Tenth Circuit's holding that an evidentiary hearing is warranted and this Court's previous order expanding the record with the initial declarations of the listed declarants demonstrates that it would be appropriate to expand the record with their supplemental declaration.

## Certificate of Conference

Mr. Barrett's counsel conferred by email with opposing counsel in an effort to resolve this issue. The Government advised that it opposes this Motion.

## Conclusion

For the foregoing reasons, Mr. Barrett respectfully requests this Court enter an order expanding the record with the supplemental declarations listed herein *supra*.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,
/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 1st day of February 2017, I caused the foregoing Petitioner's Motion in Limine to Preclude Post-Hoc Rationalizations and Brief in Support to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER