**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:          dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:          Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT,<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CAPITAL CASE**<br><br>CASE NO. 6:09-cv-00105-JHP<br><br>**PETITIONER'S MOTION FOR AN ORDER BARRING WITNESS COLLUSION AND BRIEF IN SUPPORT** |

Petitioner, Kenneth Eugene Barrett, moves the Court for an order directing the

Government not to attempt to shape witness testimony by exposing witnesses to the statements

of other witnesses, and barring further Government-mediated collusion between witnesses.

On March 30, 2010, the Court entered an order expanding the evidentiary record with

declarations Mr. Barrett submitted in support of his Motion to Vacate and his amended motion.

Petitioner's Motion for an
Order Barring Witness Collusion and
Brief in Support                                        1                         *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

(Doc. 161.) On May 5 and 10, 2010, the Government secured declarations from witnesses Bret Smith and Roger Hilfiger. Those declarations show the Government asked the witnesses to review declarations by other witnesses, at a minimum Bill Sharp and Jeanne Russell, whose testimony had already been admitted into the record. Hilfiger Decl. at ¶¶ 10-12; Smith Decl. at ¶¶ 8-10. The Government also asked Mr. Hilfiger and Mr. Smith to opine in their declarations on the veracity of Dr. Russell's declaration. *See* Smith Decl. at ¶ 8-9. Parts of the two declarations are worded identically or almost identically. *E.g.*, *compare* Hilfiger Decl. at ¶¶ 6, 10, 15-16 & 18 *with* Smith Decl. at ¶¶ 7, 8, 11-12 & 14.

Had Mr. Barrett been given the opportunity before the Government submitted its declarations, he would have invoked the witness sequestration rule, Fed. R. Evid. 615. "The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981). Rule 615 has been applied to bar a party from providing witnesses transcripts of other witness testimony. *Ibid.* The court's reasoning applies to Mr. Barrett's case:

> The opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced with a witness who reads trial transcripts than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony.

*Ibid.*

The Government's tactics deviated from a tradition

> which goes back to "our inheritance of the common Germanic law," [and] serves two purposes: it "exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid." *Geders v. United States*, 425 U.S. 80, 87 (1976).

Petitioner's Motion for an
Order Barring Witness Collusion and
Brief in Support                                        2                      *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

*United States v. Jackson*, 60 F.3d 128, 133 (2nd Cir. 1995). Although this Court must take into account these tactics when evaluating the credibility of the exposed witnesses, it cannot undo what has been done. Mr. Barrett seeks an order preventing further tailoring and mediated collusion.

The Government's tactics further deviated from long-established norms when it asked these key witnesses whether they agreed or disagreed with Dr. Russell's account, Hilfiger Decl. at ¶ 11; Smith Decl. at ¶ 9, rather than giving their own, independent account of events. It is black-letter law that a prosecutor may not ask one witness to speculate on whether another witness is being truthful. 5 Handbook of Fed. Evid. § 611.18, n.6 (7th ed. 2016) (collecting cases); *cf. United States v. Velarde*, 214 F.3d 1204, 1211 (10th Cir. 2000) ("testimony which essentially simply vouches for the truthfulness of another witness is impermissible"). Although the Government was careful to couch the witnesses' answers in terms of their personal recollections, the intention is unmistakable. The Government chose to expose the attorney-witnesses to the testimony of other witnesses. In doing so, the Government knew the attorney-witnesses were hand-picked by this Court against the advice of people with a demonstrated and unadulterated commitment to Mr. Barrett's interest in effective representation. *See* Decl. Julia O'Connell (Ex. 67) at ¶ 4-6. The Government's effort to play off this Court's favoritism for trial counsel succeeded until the Court of Appeals remanded for the present proceedings. *Compare* Order Denying Motion to Vacate at 145-46 (discussing ex parte statement of trial counsel about Russell's work while omitting mention of Russell's declaration giving her own account) *with United States v. Barrett*, 797 F.3d 1207, 1225 (10th Cir. 2015) (quoting Russell's conflicting account).

In order to bring the future proceedings into line with long-established law, Mr. Barrett

Petitioner's Motion for an
Order Barring Witness Collusion and
Brief in Support                                  3                        *Barrett v. United States*,
                                                                            OK-ED No. 6:09-cv-00105-JHP

moves this Court to enter an order (a) stating that Fed. R. Evid. 615 is in effect and will remain in effect throughout the evidentiary hearing; (b) directing the Government not to present the proffered testimony of any witness to any other witness whether that testimony is in written or oral form, and whether or not the witness has already testified; (c) ordering the Government to direct its witnesses not to collude on their testimony; (d) directing the Government to cease its actions mediating collusion by presenting witnesses with written testimony that is identical or nearly identical with that of another witness or witnesses.

### Certificate Of Conference

Mr. Barrett's counsel conferred by email with opposing counsel by telephone in an effort to resolve this issue. The Government advised the undersigned that it opposes this Motion.

### Conclusion

For the foregoing reasons, Mr. Barrett respectfully requests this Court enter an order granting the relief specified herein.

DATED this 1st day of February, 2017

> RESPECTFULLY SUBMITTED,
> /s/ *David Autry*
> DAVID AUTRY
>
> /s/ *Joan M. Fisher*
> JOAN M. FISHER
>
> Attorneys for Petitioner,
> KENNETH EUGENE BARRETT

Petitioner's Motion for an
Order Barring Witness Collusion and
Brief in Support                    4                    *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 1st day of February 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Motion for an
Order Barring Witness Collusion and
Brief in Support                                    5                          *Barrett v. United States*,
                                                                              OK-ED No. 6:09-cv-00105-JHP