**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Movant/Petitioner, | ) | CASE NO. 6:09-cv-00105-JHP |
| | ) | |
| v. | ) | **MOTION TO RECONSIDER** |
| | ) | **ORDER DENYING REQUEST** |
| UNITED STATES OF AMERICA, | ) | **TO DEPOSE ROGER HILFIGER** |
| | ) | **AND BRIEF IN SUPPORT** |
| Respondent, | ) | |
| _____ | ) | |

Petitioner, Kenneth Eugene Barrett, asks the court to reconsider its denial of his

discovery request to take the deposition of one of his trial lawyers, Roger Hilfiger. (Docs. 246,

Motion To Reconsider Order Denying                          *Barrett v. United States*
Request to Depose Roger Hilfiger and                        OK-ED No. 6:09-cv-00105-JHP
Brief in Support

269).[1]  In denying the request to depose Mr. Hilfiger, the court found Mr. Barrett failed to demonstrate "good cause" because it was not shown trial counsel was uncooperative or hostile to Petitioner's current counsel. But no such showing is required. Depositions of trial counsel are routine where claims of ineffective assistance of counsel are made, whether requested by the petitioner or the government. *E.g., Smith v. Workman,* 550 F.3d 1258, 1264 (10th Cir. 2008); *Myrick v. Maschner,* 799 F.2d 642 (10th Cir. 1986); *Hurd v. Mondragon,* 851 F.2d 324, 327 (10th Cir. 1988); *White Thunder v. Hunter,* 149 F.2d 149 F.2d 578, 579 (10th Cir. 1945).

Permitting Mr. Barrett's counsel to depose Mr. Hilfiger will unquestionably advance the interests of the court and the parties, and will help ensure a just result. Discovery depositions serve to fully frame the areas of dispute and assist in narrowing the issues. This conserves scarce judicial resources. A pre-hearing deposition will also allow for a more complete exploration of the facts related to the ineffectiveness claim.

Perhaps most importantly, this court's somewhat unique scheduling order (Docs 274, 283), which delays the testimony of the chief target of the ineffective assistance claim from March 13, 2017 to March 30, 2017, makes a deposition necessary in the interests of justice. A deposition of Mr. Hilfiger will permit the parties to prepare adequately in order to ensure a full and fair evidentiary hearing. It will give sufficient notice of Mr. Hilfiger's testimony beyond his previously submitted affidavit[2] should the government seek to broaden the scope of what he said in the affidavit. Allowing a deposition will conserve judicial resources by making the immediate

---

[1] This motion is being filed under the authority of Rule 6 of the rules governing § 2255 cases; Fed.R.Civ.P. 26 and 30; LCvR 7.1, 26.1, 37.1, and 12.1; and the Fifth, Sixth and Eighth Amendments of the United States Constitution.

[2] The government's interview with Mr. Hilfiger which informed his affidavit was conducted without notice to Mr. Barrett or pursuant to a court order defining the *limited scope* of the waiver of the attorney-client privilege implied by an ineffective assistance of counsel claim. *E.g.,*

| | |
|---|---|
| Motion To Reconsider Order Denying | *Barrett v. United States* |
| Request to Depose Roger Hilfiger and | OK-ED No. 6:09-cv-00105-JHP |
| Brief in Support | |

presentation of rebuttal evidence possible instead of Petitioner's counsel having to seek a

continuance in order to investigate and rebut any unanticipated testimony. As a related matter,

permitting a deposition will allow Petitioner to efficiently identify and schedule rebuttal

witnesses. Finally, allowing a deposition of Mr. Hilfiger will prevent any further collusion

between the government and Mr. Hilfiger in preparing his testimony.[3]

Based on Mr. Barrett's original discovery request and the above argument and authority,

he has established good cause for his request to take Mr. Hilfiger's deposition. He has made

specific allegations which show reason to believe he can fully develop facts demonstrating he is

entitled to relief. *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997). Allowing Mr. Barrett's

counsel to depose Mr. Hilfiger will "ensure that the facts underlying a [habeas] claim are

adequately developed," which is the purpose of post-conviction discovery. *Johnston v. Love,*165

F.R.D.444, 445 (E.D. Pa. 1996). Taking Mr. Hilfiger's deposition is indispensable to a fair,

rounded development of material facts essential to proving Mr. Barrett's ineffective assistance of

counsel claim. *Toney v. Gammon,* 79 F.3d 693, 700 (8th Cir. 1996). Conversely, denying

Petitioner the opportunity to take the requested deposition will constitute an abuse of discretion,

since this discovery is necessary to fully develop the facts. *Teague v. Scott,* 60 F.3d 1167, 1172

(5th Cir. 1995).

The court should reconsider its previous order and permit counsel for Petitioner to depose

Roger Hilfiger.[4]

---

*Bittaker v. Woodford*, 331 F.3d 715, 722, 726 (9th Cir. 2003)(en banc), *cert. denied,* 540 U.S.
1013 (2003).

[3] Mr. Barrett has filed a separate motion requesting that collusion between witnesses be
prohibited.

[4] This motion for reconsideration is not intended to waive Mr. Barrett's objection to the
Court's earlier wholesale denial of his request for leave to conduct discovery. Should it be
necessary, he reserves the right to appeal that denial.

Motion To Reconsider Order Denying                                        *Barrett v. United States*
Request to Depose Roger Hilfiger and                              OK-ED No. 6:09-cv-00105-JHP
Brief in Support

3

**Certificate of Conference**

Mr. Barrett's counsel conferred with opposing counsel in an effort to resolve this issue.

The government opposes this motion.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Motion To Reconsider Order Denying                           *Barrett v. United States*
Request to Depose Roger Hilfiger and                          OK-ED No. 6:09-cv-00105-JHP
Brief in Support

4

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 1st day of February 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M.FISHER

Motion To Reconsider Order Denying                            *Barrett v. United States*
Request to Depose Roger Hilfiger and                          OK-ED No. 6:09-cv-00105-JHP
Brief in Support

5