**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
|---|---|---|
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | PETITIONER'S MOTION IN LIMINE TO |
| | ) | RELY UPON DECLARATIONS FOR |
| UNITED STATES OF AMERICA, | ) | DIRECT-EXAMINATION TESTIMONY |
| | ) | AND BRIEF IN SUPPORT |
| Respondent. | ) | |
| | ) | |

## MOTION

Petitioner, Kenneth Eugene Barrett, moves the Court for an order accepting as direct-examination testimony previously filed declarations of lay witnesses. By order filed March 30, 2010, the great majority of these declarations are already part of the evidentiary record. (Doc. 161) (expanding the record with Exhibits 1 through 57, 59 through 118, 139 through 143, 144A,

Petitioner's Motion in Limine to Reply
Upon Declarations for Direct-Examination
Testimony and Brief in Support                    1                    *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

144B, 145, 146, and 147A-G).

By separate motion, Mr. Barrett is seeking to expand the record with Exhibits 206-219. Mr. Barrett may further supplement the direct-examination testimony of some witnesses who provided declarations, and he will make available for cross-examination all those whom the Government wishes to cross-examine. For the reasons stated *infra*, the relief requested is lawful, *see* 18 U.S.C. § 3593(c); R. Gov. § 2255 Proc. 7(b), is consistent with this Court's prior order and the purposes of Rule 7 of the Rules Governing § 2255 Proceedings, and, as the rule intended, will save time and expenses.

## BRIEF

Mr. Barrett intends to present a minimum of twelve (12) professionals as witnesses and thirteen (13) lay witnesses, and may present more witnesses in each category. The vast majority of these witnesses have provided declarations that were previously made part of the record under Rule 7 of the Rules Governing § 2255 Proceedings. (Doc. 161.) Contemporaneous with this Motion, Mr. Barrett is moving the Court to expand the record with the supplemental declarations of fifteen (15) of these witnesses.

As the Court has already recognized, Rule 7(b) specifically authorizes expansion of the record with affidavits. (A declaration under penalty of perjury is admissible to the same extent as an affidavit. 28 U.S.C. § 1746.) Rule 7's only constraint on the Court's discretion to expand the record with the listed documents is that the Court "give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." R. Gov. § 2255 Proc. 7(c). The Government has never questioned the authenticity of the declarations at issue. The Government will have further opportunity at the hearing to question their correctness.

The Advisory Committee Notes on the adoption of Rule 7 state that record expansion is

Petitioner's Motion in Limine to Reply
Upon Declarations for Direct-Examination
Testimony and Brief in Support                    2                    *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

permissible when a hearing is required, and that the procedure can save time and money. R. Gov. § 2254 Cases, advisory committee notes (referenced in R. Gov. § 2255 Proceedings, advisory committee notes). The Committee refers to *Harris v. Nelson*, 394 U.S. 286 (1969), which states:

> At any time in the proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly "dispose of the matter as law and justice require," either on its own motion or upon cause shown by the petitioner, it may . . . take or authorize such proceedings . . . before or in conjunction with the hearing of the facts . . . as may be necessary and appropriate . . . .

*Harris*, 394 U.S. at 300 (cited and quoted in part in R. Gov. § 2254 Cases, advisory committee notes on R. 7 adoption). *See also Blackledge v. Allison*, 431 U.S. 63, 82-83 (1977). Even "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful." R. Gov. § 2254 Cases, advisory committee notes on R. 7 adoption (cited by R. Gov. § 2255 Proceedings, advisory committee notes on R. 7 adoption). Mr. Barrett merely proposes to shorten the hearing by not repeating testimony that is already in the record and that may be added to it if his recent Rule 7 motion is granted.

Much of the testimony Mr. Barrett seeks to introduce through declarations is relevant to mitigation and therefore to the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). An assessment of prejudice requires that the Court take into account the law that governs a capital sentencing proceeding in the relevant jurisdiction. *Strickland*, 466 U.S. at 695; *Wiggins v. Smith*, 539 U.S. 510, 536-537 (2003). The Federal Death Penalty Act provides that during a capital sentencing hearing

> [i]nformation is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.

Petitioner's Motion in Limine to Reply
Upon Declarations for Direct-Examination
Testimony and Brief in Support                    3                    *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

18 U.S.C. § 3593(c).

In the context of mitigation, § 3593(c)'s relaxed standard is consistent with Supreme Court law "recogniz[ing] that reliable hearsay evidence that is relevant to a capital defendant's mitigation defense should not be excluded by rote application of a . . . hearsay rule." *Sears v. Upton*, 561 U.S. 945, 950 (2010) (citing *Green v. Georgia*, 442 U.S. 95, 97 (1979) (*per curiam*), and *Chambers v. Mississippi*, 410 U.S. 284, 320 (1973)).

Other courts conducting hearings on ineffective-assistance claims have employed the same or similar procedures. *See*, *e.g.*, *Thomas v. Kelley*, No. 6:14-CV-06038 (W.D. Ark. Jul. 22, 2015); *Eaton v. Wilson*, No. 2:09-cv-00261-ABJ (D. Wy. Jul. 9, 2013); *Riel v. Warden of San Quentin*, No. 2:01-cv-00507-KJM-WB (E.D. Ca. May 20, 2010); *Sanders v. Ayers*, No. 1:92-cv-05471-LJO (E.D. Ca. Sept. 12, 2008); *United States v. Battle*, No. 1:95-CR-528-ODE (N.D. Ga. Mar. 13, 2002) (appended hereto).

## Certificate Of Conference

Mr. Barrett's counsel conferred by email with opposing counsel by telephone in an effort to resolve this issue. The Government advised the undersigned that it opposes this Motion.

## Conclusion

For the foregoing reasons, Mr. Barrett respectfully requests the Court enter an order stating that any declaration that has been made part of the record under Rule 7 of the Rules

////

////

////

Petitioner's Motion in Limine to Reply
Upon Declarations for Direct-Examination
Testimony and Brief in Support                4                *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

Governing Section 2255 Proceedings may stand as the witness's direct testimony or a portion thereof.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Motion in Limine to Reply
Upon Declarations for Direct-Examination
Testimony and Brief in Support                5                *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 1st day of February 2017, I caused the foregoing instrument

to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF

to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and

to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are

counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Motion in Limine to Reply
Upon Declarations for Direct-Examination
Testimony and Brief in Support                6                *Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP