**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. 6:09-CV-00105-JHP |
| | ) | |
| v. | ) | **PETITIONER'S MOTION IN LIMINE** |
| | ) | **TO EXCLUDE NOVEL THEORIES** |
| UNITED STATES OF AMERICA, | ) | **OF AGGRAVATION, AND BRIEF** |
| | ) | **IN SUPPORT** |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Kenneth Eugene Barrett, moves to preclude the government from relying on

new theories and evidence of aggravation never presented to the jury at trial in an effort to defeat

Mr. Barrett's penalty phase ineffective assistance of counsel claim.

The Government's exhibit list indicates the Government intends to rely on theories of

aggravation, and evidence, that either was not available to the Government at the time of trial or

Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation,
And Brief in Support                    1                    *Barrett v. United States*,
OF-ED 6:09-cv-00105-JHP

that would not have been presented in Mr. Barrett's mitigation case. Mr. Barrett objects to the following examples listed in the Government's exhibit list, and to any other similar evidence the Government might attempt to introduce:

1. Testimony from, and evidence related to the work done by Faust Bianco, Ph.D.;

2. Testimony or evidence of any "risk assessment" of Kenneth Barrett by Jeanne Russell, Ed.D.;

3. Testimony or evidence related to a psychological evaluation of Kenneth Barrett by Kathy LaFortune, Ph.D.;

4. The Federal Bureau of Prisons file on Kenneth Barrett;

5. Testimony and evidence related to the "psychiatric evaluation" of Kenneth Barrett by Steven E. Pitt, D.O.;

6. Roseann Schaye's State of Arizona Board of Behavioral Health Examiners 2009 Disciplinary Action Record.

The sole focus of the upcoming evidentiary hearing is whether counsel rendered ineffective assistance in the second stage of trial. *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015). Despite this, the government wants to use the hearing to inject novel evidence and theories of aggravation. These include Mr. Barrett's institutional records from the Bureau of Prisons post-dating his trial, as well as an eleventh-hour "psychiatric" examination by Dr. Steven Pitt, D.O.[1]

This evidence is not relevant to whether counsel, faced with the aggravating

---

[1] Petitioner's lawyers have not yet received a report from Dr. Pitt, who examined Mr. Barrett less than two weeks ago. Mr. Barrett seeks to exclude his testimony as an anticipatory matter, and is moving for additional time to file any necessary motion in limine respecting his proposed testimony after counsel have an opportunity to review his report.

Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation,
And Brief in Support                    2                    *Barrett v. United States*,
                                                              OF-ED 6:09-cv-00105-JHP

circumstances for which they had notice and the evidence in aggravation the jury heard at trial, rendered ineffective assistance by unreasonably failing to investigate, develop, and introduce the mitigating evidence offered in these § 2255 proceedings. The new theories and evidence in aggravation in the form of the prison records and Dr. Pitt's examination do not have a tendency to make the material issue here – whether counsel provided ineffective assistance in the penalty phase – more or less probable. *E.g., Koch v. Koch Industries, Inc.,* 2 F.Supp.2d 1385, 1388-89 (D. Kan. 1998)(defining relevant evidence); Fed.R.Evid. 401.

The government cannot now argue trial counsel made reasonable strategic decisions to forego certain lines of investigation and the types of mitigating evidence developed in the post-conviction proceedings based on theories of aggravation and evidence not in existence at the time of trial. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Wiggins v. Smith*, 539 U.S. 510, 523 (2003); *Harrington v. Richter*, 562 U.S. 86, 109 (2011); *Smith v. Mullin*, 379 F.3d 919, 929 (10th Cir. 2004); *Soffar v. Dretke*, 368 F.3d 441, 474 (5th Cir. 2004), *amended*, 391 F.3d 703 (5th Cir. 2004).

In the penalty phase of a capital case, the government is limited to aggravating circumstances of which it gave pretrial notice. 18 U.S.C. § 3592(b). The relevant law also precluded the government from presenting at trial expert evidence for which it failed to give notice. Fed.R.Crim.P. 16(a)(1)(G).

Just as a reviewing court may not uphold a conviction or sentence on the basis of a theory or theories not presented to the jury, *e.g., Chiarella v. United States,* 445 U.S. 222, 236 (1980); *Rewis v. United States*, 401 U.S. 808, 814 (1971); *Dunn v. United States*, 442 U.S. 100, 106 (1979), claims of ineffective assistance are not to be weighed against theories and evidence of aggravation the jury never heard. For purposes of the evidentiary hearing, the government is

Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation,
And Brief in Support                                    3                          *Barrett v. United States*,
                                                                                        OF-ED 6:09-cv-00105-JHP

stuck with the aggravating circumstances and the evidence supporting them it presented at trial. The evidentiary hearing is not the sentencing or resentencing hearing the government wants to transform it into.

Put simply, the court is to reweigh the mitigating evidence presented at trial and the evidence in mitigation which could have and should have been developed against the aggravating circumstances and the evidence supporting them *that were presented at trial.  Porter v. McCollum,* 539 U.S. 30, 41 (2009) (quoting *Williams (Terry) v. Taylor,* 529 U.S. 362, 397-98 (2000)) (in determining whether defendant was prejudiced by professionally unreasonable acts and omissions by counsel, the court must "consider 'the totality of the available mitigation evidence – both that adduced at trial, and the evidence adduced in the habeas proceeding' and '*re*weig[h] it against the evidence in aggravation.'")(emphasis added); *Wiggins v. Smith,* 539 U.S. 510, 536 (2003)("in assessing prejudice, the court *re*weighs the evidence in aggravation against the totality of the *available* mitigating evidence)(emphasis added); *Hooks v. Workman,* 689 F.3d 1148, 1202  (10th Cir. 2012)("[t]o assess prejudice arising out of counsel's errors at a capital-sentencing proceeding, we must 'reweigh the [original] evidence in aggravation against the totality of available mitigating evidence'"); *Smith v. Mullin,* 379 F.3d 919, 941-44 (10th Cir. 2004)(concluding defendant was prejudiced by counsel's performance where the original mitigating evidence and mitigating evidence developed in collateral proceedings outweighed the original aggravating circumstances, and the evidence supporting them that were presented to the jury at trial). Case law requires that a reviewing court look *back* to assess "whether there is a reasonable probability that, absent the errors [of trial counsel], the sentencer . . . *would have concluded* that the balance of aggravating and mitigating circumstances *did not* warrant death."

Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation,
And Brief in Support                                    4                          *Barrett v. United States,*
OF-ED 6:09-cv-00105-JHP

*Strickland*, 466 U.S. at 695 (emphasis added).[2]

The same holds true for the reports done by Faust Bianco, Ph.D., and Kathy LaFortune, Ph.D., who examined Mr. Barrett during the pendency of the state case. Neither trial counsel nor the trial jury ever heard evidence from them or relating to any findings (preliminary as they were) they made. And, as stated in Petitioner's motion to preclude counsel from indulging in post-hoc rationalizations for their acts and omissions respecting the penalty phase, neither trial counsel, in their post-conviction declarations, state that any strategic decisions they made were informed in any way by the reports of these psychologists.

Mr. Barrett asks that this motion be granted to include the "new aggravation" outlined above and any similar evidence including any evidence that post-dates the trial.

### Certificate of Conference

Mr. Barrett's counsel conferred by email with opposing counsel in an effort to resolve this issue. The government's counsel advise that they oppose this motion.

DATED this 1st day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

---

[2] *See also Strickland*, 466 U.S. at 696 (prejudice determination requires consideration whether "verdict or conclusion [was] only weakly supported by the record," and that reviewing court "[t]ak[e] the unaffected findings as *given*, and tak[e] due account of the effect of the errors on the *remaining* findings") (emphasis added).

Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation,
And Brief in Support                    5                    *Barrett v. United States*,
OF-ED 6:09-cv-00105-JHP

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 1st day of February 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to  be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants   who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation,
And Brief in Support                6                *Barrett v. United States*,
OF-ED 6:09-cv-00105-JHP