### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,            )
                                   )
        Petitioner/Defendant,      )
                                   )        Case No. CV-09-00105-JHP
    v.                             )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent/Plaintiff.      )

### GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR 18 U.S.C. § 3500 MATERIALS CONCERNING TRIAL COUNSEL TESTIMONY

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully submits this brief in opposition to Barrett's motion for information subject to disclosure under the *Jencks Act*, 18 U.S.C. § 3500 (Doc. 297).

### PROCEDURAL HISTORY

Barrett was convicted of three homicide offenses he committed when a state police tactical unit attempted to serve a warrant at his home. The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008). In response to Barrett's motion for collateral relief, which claimed ineffective assistance of trial counsel, the government filed an opposition that included the declarations of the defendant's former attorneys, Bret Smith and Roger Hilfiger. Doc. 174 Exs. 11 & 12. This Court denied § 2255 relief on all grounds. Docs. 214 & 215. On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded the case for an evidentiary hearing to

1

determine whether Messrs. Smith and Hilfiger ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

In anticipation of the evidentiary hearing, Barrett unsuccessfully moved for discovery of all documentary evidence of every communication between his trial counsel and the government. Doc. 249 at 11-12; Doc. 269 at 4. Barrett now requests production of the same material under the *Jencks Act* among other authority. Doc. 297. This opposition follows.

## ARGUMENT

### THE COURT SHOULD MAINTAIN ITS PRIOR ORDER DENYING ACCESS TO PRIVILEGED GOVERNMENT WORK PRODUCT

Barrett requests that this Court order this disclosure every document, in any form, concerning the government's acquisition of trial counsel's declarations. In support of this request, Barrett relies largely on the *Jencks Act*, but also reasserts the discretionary availability of discovery under § 2255. Barrett also attempts to justify his request based on his due process right to disclosure of exculpatory information and a need to enforce his attorney-client privilege. Doc. 297. Barrett's motion should fail because the submission of counsel's declarations satisfied the *Jencks* Act,[1] which does not contemplate production of statements and information the witnesses did not adopt. To the extent Barrett once again asserts counsel's communications in discovery, he fails to show why the Court should revisit its earlier denial. Moreover, Barrett's due process and privilege arguments are neither legally apt nor factually supportable.

Barrett's request for all the government's communications with Messrs. Smith and

---

[1] The Tenth Circuit has held that the *Jencks* Act applies to § 2255 proceedings, though at least one court of appeals has disagreed. *Compare United States v. Kelly*, 269 F.2d 448, 451 (10th Cir. 1959); *with Beavers v. United States*, 351 F.2d 507, 509 (9th Cir. 1965).

Hilfiger captures privileged work product. *See United States v. Nobles*, 422 U.S. 225, 236-37 (1975); *see generally*. Fed. Rules of Crim. Proc., R. 16(a)(1)(E).  Barrett provides no factual or legal basis for piercing the privilege to allow him access to the government's internal communications and files.  Indeed, Barrett fails to so much as hint how the government's work product would shed light on the credibility or reliability of Messrs. Smith and Hilfiger, if and when they appear as witnesses.

Trial counsel's previously-filed declarations contained their relevant observations.  As statements the witnesses adopted, the declarations satisfied any disclosure obligation under the *Jencks* Act.  18 U.S.C. § 3500(e).  In contrast, notes and summaries of the witnesses' interview remarks do not come within the Act.  *See Palermo v. United States*, 360 U.S. 343, 352-53 (1959); *United States v. Marshall*, 985 F.2d 901, 908 (7th Cir. 1993).  Likewise, any earlier iterations of the declarations that the witnesses refused to adopt are not subject to disclosure under *Jencks* and could not assist Barrett in examining the witnesses.[2]  *See United States v. Phibbs*, 999 F.2d 1053, 1088-89 (6th Cir. 1993) (holding no duty to disclose notes a witness did not adopt as substantially verbatim); *United States v. Ricks*, 817 F.2d 692, 697-98 (11th Cir. 1987) (holding no duty to disclose memoranda that witnesses never adopted).

Barrett's other justifications fare no better than his argument under *Jencks*.  Insofar as Barrett seeks discretionary discovery under Rule 6 of the Rules following § 2255, he has not even attempted to demonstrate that the Court erred in its earlier denial of that request.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (reciting the standard for reconsideration).  Barrett also fails in his effort to establish that disclosure is required under due

---

[2] Assuming the Court adopts Barrett's sweeping construction of the Jencks Act, the government presumes that it will order similar disclosures from defense counsel's files as to all of his 72 witnesses.  *See* Fed. R. Crim. Proc. 26.2

process as explicated in *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The *Brady* doctrine does not apply during collateral review.  *District Attorney v. Osborne*, 557 U.S. 52, 68-69 (2009).

Finally, Barrett cannot sustain his argument that the Court should order disclosure to determine whether trial counsel violated the defendant's attorney client privilege in their communications with the government.  While Barrett correctly notes that a claim of ineffective assistance of counsel claim implies only a limited waiver of privilege (*United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009), he does not indicate how his attorneys might have run afoul of that limitation, given the depth, breadth, and quantity of his complaints about them.  *See generally* Doc. 95.  He fatuously argues that counsel – in communicating with the government – acted recklessly because they did not first seek the court's guidance under ABA guidelines that did not exist when the attorneys executed their declarations and do not, in any event, enjoy the force of law.  *Compare* Doc. 174 Exs. 11 & 12 (executed in May of 2010); *with* ABA Opinion 10-456 (July 14, 2010).

Assuming, arguendo, that trial counsel had exceeded the scope of the implied attorney-client privilege in their communications with the government, Barrett fails to demonstrate that their disclosure of irrelevant information might prejudice him in the upcoming hearing.  The hearing concerns a claim of ineffective assistance in penalty phase representation, and Barrett makes no effort to show how the government might use such a procedural vehicle to make prejudicial use of information that fell outside the waiver of privilege.  Such information would, by definition, have no relevance to the issue at hand.  *See Pinson*, 584 F.3d at 978.  Should the government adduce arguably irrelevant testimony, Barrett can interpose a timely relevance objection.  But at this juncture, he cannot show good cause for discovery to forestall the presentation of irrelevant testimony.

Given that Barrett has identified no basis in law or reason for the disclosure of privileged government communications, this Court should deny his request.

**CONCLUSION**

Based on the foregoing, the government respectfully urges this Court to deny Barrett's

motion for disclosure of documents under 18 U.S.C. § 3500.

Dated: February 8, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 8, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section