IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,          )
                                 )
        Petitioner/Defendant,    )
                                 )     Case No. CV-09-00105-JHP
    v.                           )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent/Plaintiff.    )

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER
ORDER DENYING DISCOVERY OF TRIAL COUNSEL'S E-MAILS**

**COMES NOW** the United States of America, by and through undersigned counsel and

respectfully submits this brief in opposition to Barrett's motion for reconsideration of the Court's

order denying discovery of trial counsel's e-mails (Doc 298).

**PROCEDURAL HISTORY**

Barrett was convicted of three homicide offenses that he committed when a state police

tactical unit attempted to serve a warrant at his home. The trial jury recommended a death

sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment

on appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260

(2008). In response to Barrett's request for collateral relief, the government filed an opposition

that included the declarations of the defendant's trial attorneys, Bret Smith and Roger Hilfiger,

responsive to multiple claims of ineffective assistance. Doc. 174 Exs. 11 & 12; *cf*. Doc. 95. This

Court denied collateral relief. Docs. 214 & 215. On appeal, the Tenth Circuit denied relief as to

all guilt-phase issues, but remanded for an evidentiary hearing to determine whether Messrs.

1

Smith and Hilfiger ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

In a motion for discovery ahead of the hearing, Barrett asked to depose and serve subpoenas duces tecum on his trial attorneys and for production, by government counsel, of every communication between his trial counsel and the government. Doc. 249 at 10-12. Barrett argued that trial counsel had demonstrated hostility toward him by submitting declarations about the case without seeking a judicial permission. This Court denied the request, finding that "Petitioner has not demonstrated that trial counsel have refused to cooperate or, that simply by submitting declarations on issues raised by Petitioner in this § 2255 proceeding, trial counsel have become hostile toward Mr. Barrett." Doc. 269 at 4. Barrett now requests reconsideration. Doc. 298. This opposition follows.

## ARGUMENT

### THE COURT SHOULD MAINTAIN ITS ORDER DENYING DISCOVERY OF TRIAL COUNSEL'S CORRESPONDENCE

Barrett asks this Court to reconsider his request to serve subpoenas for trial counsel's correspondence with the government as to the drafting of their declarations and preparation for their hearing testimony. Barrett argues that he is entitled to this material because it is part of his own case file. Doc. 298. Barrett fails to demonstrate that the Court erred in denying his initial request and cannot show that he has maintained an attorney-client relationship with lawyers he has repeatedly accused of ineffective assistance.

Courts evaluate motions to reconsider under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g.*, *United States v. Thompson*, 125 F.Supp.2d 1297 (D. Kan. 2000). Accordingly, they may grant reconsideration on

three discrete grounds: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See* Doc. 221 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

Rather than attempting to establish that this Court erroneously denied the requested discovery, Barrett incorrectly asserts that the law of professional conduct vests him with a proprietary right to communications made by his former attorneys in regard to his attacks upon them. Barrett's claim of ineffectiveness implied a waiver of his attorney-client privilege. *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (holding "a habeas petitioner [who] claims ineffective assistance of counsel . . . waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim"). Give his de facto waiver of privilege, Barrett cannot show that he has an ongoing attorney-client relationship with lawyers he has attacked as ineffective. Indeed, the law of professional responsibility bars representation of client when "significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer." Okla. Rules of Prof. Conduct, Rule 1.7. Accordingly, Barrett cannot sustain his argument that former counsel have a continuing obligation to maintain records on his behalf.

Barrett may argue in response that his severance of the attorney-client relationship creates "hostility" between with former counsel that should have resulted in the granting of his initiall discovery request. But the present conflict of interest does not demonstrate that the trial attorneys have acted with hostility. In particular, Barrett fails to demonstrate that counsel have

3

demonstrated any enmity toward the defendant, much less have they attempted to mislead the Court or otherwise act in bad faith in this case. *See Bishop v. Smith*, 760 F.3d 1070, 1099 (10th Cir. 2014 (collecting definitions of "hostile"). As such, Barrett still has not shown good cause for discovery.

Accordingly, Barrett has failed to identify any error of law or fact that might give rise to reconsideration of this Court's order denying discovery of trial counsel's correspondence.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to deny Barrett's

motion for reconsideration of its order denying discovery of trial counsel's correspondence.

Dated: February 8, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 8, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section