## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,    )
    )
    Petitioner/Defendant,    )
    )    Case No. CV-09-00105-JHP
    v.    )
    )
UNITED STATES OF AMERICA,    )
    )
    Respondent/Plaintiff.    )

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO RECUSE AND DISQUALIFY THE COURT

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully submits this brief in opposition to Barrett's motion to recuse and disqualify the court (Doc. 294).

## PROCEDURAL HISTORY

Barrett was convicted of three homicide offenses he committed when a state police tactical unit attempted to serve a warrant at his home. The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008). On March 16, 2009, Barrett filed his initial motion for relief under 28 U.S.C. § 2255. Doc. 1. On May 29, 2009, Barrett moved unsuccessfully to recuse and disqualify the Court. Docs. 45 & 66. On October 5, 2009, Barrett moved unsuccessfully for a second time to recuse the Court. Docs. 66 & 78. On October 14, 2009, Barrett unsuccessfully sought a writ of mandamus from the Tenth Circuit to require this Court's recusal. *See In re Barrett*, case. no. 09-

1

7096, Doc. 01018330196 (10th Cir. Dec. 14, 2009).  This Court subsequently denied § 2255 relief on all grounds.  Docs. 214 & 215.

Barrett unsuccessfully requested that the Court of Appeals grant him a certificate of appealability with regard to the denial of his recusal requests.  *Compare United States v. Barrett*, case no. 12-7086, Doc. 01019024041 (Mar. 22, 2013); *with United States v. Barrett*, case no. 12-7086, Doc. 01019047087 (May 2, 2013).  On an appeal limited to issues other than the recusal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to determine whether trial counsel, Roger Hilfiger and Bret Smith, ineffectively failed to investigate and present evidence about Barrett's background and mental health.  *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

On remand this Court scheduled motions for discovery.  Based in large measure on an order that denied most of the government's discovery motions (Doc. 269), Barrett now asserts that Court evinced bias and prejudgment when noting the difficulties of recreating, twelve years post hoc, the conditions prevailing at trial.  As such, he seeks to recuse the Court for the fourth time.  Doc. 294.  This opposition follows.

## ARGUMENT

### THE COURT SHOULD CONTINUE TO PRESIDE OVER THIS MATTER

Barrett claims this Court should recuse itself because it demonstrated partiality by commenting that present counsel have had a greater opportunity to amass evidence in mitigation than did the trial attorneys.  He contends that the Court's statement indicates that it has prejudged the issue or had an extra-judicial source of information.  Barrett further argues that the Court expressed bias when it recently denied him a mental health evaluation but permitted one to the government.  Doc. 294.  Barrett cannot establish the existence of bias based on a few lines of

dicta and a discovery order that has placed the government nearly a decade behind the defense in seeking rebuttal evidence.

A court must recuse itself if "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Erickson*, 561 F.3d 1150, 1169 (10th Cir. 2009); *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000); *see* 28 U.S.C. § 455(a). As the Supreme Court has noted, "[n]ot *all* unfavorable disposition towards an individual (or his case)" amounts to bias or prejudice. *Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis in original). Bias and prejudice "connote a . . . disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." *Id*. (emphasis in original). An opinion or view held by a judge based on information received in earlier proceedings is "not subject to deprecatory characterization as 'bias' or 'prejudice.'" *Id*. at 551. A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as [he has] when there is." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (internal quotation marks omitted).

Barrett cannot succeed in showing this Court has prejudged the case by seizing on its observation that present counsel have had a greater opportunity to amass mitigation evidence, over the last nine years, than did trial counsel, in the months ahead of trial. Barrett quotes the Court's finding that trial "counsel did not have sufficient time to find all of the mitigating evidence that post-conviction counsel has provided" as an indication that the judge has already determined the adequacy of the prior attorneys' work. Doc. 269 at 12-13. The Court's statement helped explain its decision but was neither necessary to the order nor prejudicial to Barrett's position in the litigation. In any event, trial counsel's performance is not measured with

3

reference to the work of § 2255 attorneys, but according to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Strickland*, at 689 (holding "[w]ithin "the wide range of reasonable professional assistance . . . [e]ven the best criminal defense attorneys would not defend a particular client in the same way"). The Court did not, as Barrett would have it, base its observation on extra-judicial evidence. The Court managed the budgets of trial counsel and one current § 2255 attorney. *See* Docs. 85, 92, 105; Trl. Docs. 93, 96, 261, 262, 410.

Furthermore, the Court appropriately permitted the government to conduct a mental health evaluation at this juncture (Doc. 269), while barring the defense from performing one because it would produce evidence of limited mitigating value (Doc. 279 at 3-4). The Court granted the government's request, recognizing "[t]he right of the government to offer rebuttal evidence of the defendant's mental condition would be meaningless unless the government is provided an opportunity to conduct discovery on this issue." Doc. 269 at 14.

The Court did not, however, attempt to place the government on equal footing with the defendant, who performed mental health evaluations much closer in time to the crime and trial. Presumably, had this evidentiary hearing occurred earlier, the Court would have permitted the government to complete its investigation closer to Barrett's evaluations. Given that the Court has no power to alter the passage of time, the government must develop its rebuttal evidence at this juncture. But the Court's inability to create parity in this regard provides no evidence of bias against Barrett, and did not obligate it to order another psychiatric evaluation by the defense that would have, at best, repeated earlier findings. At worst, such an evaluation would have introduced new and untimely theories to the case. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

Barrett has failed to demonstrate any wrongful or inappropriate action connoting bias on the part of the Court, which was entitled to consider information from all aspects of this protracted case in making its rulings.  As such, it should deny the motion to recuse.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to deny the motion

to recuse and disqualify itself.

Dated: February 8, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150


/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 8, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section