**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | Case No. CV-09-00105-JHP |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S OBJECTION TO
SUBMITTING FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully submits this brief in opposition to Barrett's objection to submitting proposed findings of fact and conclusions of law (Doc. 301).

### PROCEDURAL HISTORY

Barrett was convicted of three homicide offenses that he committed when a state police tactical unit attempted to serve a warrant at his home. The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on direct appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008). This Court denied collateral relief on all grounds. Docs. 214 & 215. On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to determine whether trial counsel ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

1

Following the remand, this Court issued a scheduling order that requires the parties to submit proposed findings of fact and conclusions of law on February 16, 2017.  Docs. 246, 270. Barrett objects to that requirement.  Doc. 301.  This opposition follows.

<u>**ARGUMENT**</u>

**THE COURT SHOULD MAINTAIN THE OBLIGATION TO SUBMIT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Barrett objects to the Court's order that the parties submit proposed findings of fact and conclusions of law, arguing that the case has not involved formal discovery and asserting that he cannot identify the evidence he might present.  Doc. 301.  The government disagrees.  Barrett bears the burden of persuasion and cannot maintain that, less than a month before the hearing, he cannot describe his evidence with reasonable certainty.

Habeas petitioners bear the burden of persuasion under 28 U.S.C. § 2255.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  To prevail, a § 2255 petitioner must establish the existence of a defect that resulted in a "complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).

In an effort to meet his burden, Barrett filed a 403-page motion for § 2255 relief (Doc. 95), supported by 202 exhibits, encompassing thousands of pages of records, including dozens of witness declarations.  He subsequently filed a 277-page brief in support of his motion (Doc. 149) and a 215-page reply (Doc. 178), to which he appended an additional 14 witness declarations. On December 13, 2017, Barrett transmitted to the government a list of 71 potential witnesses. Ex. 1.  He subsequently provided a list 263 potential exhibits (Ex. 2) and filed a catalog of nine potential experts (Doc. 280).  He has since indicated that he "present a minimum of twelve (12)

professionals as witnesses and thirteen (13) lay witnesses, and may present more witnesses in each category," most of whom had already provided declarations.  Doc. 303 at 2.

Under these circumstances, Barrett cannot show that the absence of formal discovery prevents him from describing his evidence.  He has spent close to a decade marshalling evidence in anticipation of the upcoming hearing.  With the proceeding at hand, he cannot credibly claim an inability to identify and describe the same information he has curated for nine years.  His sudden request to avoid a recitation of facts and law – about which he has filed multiple briefs – seems designed to maintain a tactical advantage over the government.

Accordingly, the Court should overrule Barrett's objection to the requirement that he file proposed findings of fact and law.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to overrule

Barrett's objection to the submission of proposed findings of fact and law.

Dated: February 8, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 8, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section