### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,                )
                                        )
          Petitioner/Defendant,         )
                                        )          Case No. CV-09-00105-JHP
     v.                                 )
                                        )
UNITED STATES OF AMERICA,               )
                                        )
          Respondent/Plaintiff.         )

### GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION IN LIMMINE TO EXCLUDE NOVEL THEORIES OF AGGRAVATION

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully submits this brief in opposition to Barrett's motion to exclude novel theories of aggravation (Doc 304).

### PROCEDURAL HISTORY

Barrett was convicted of three homicide offenses that he committed when a state police tactical unit attempted to serve a warrant at his home. The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008). In response to Barrett's request for collateral relief, the government filed an opposition that included the declarations of the defendant's trial attorneys, Bret Smith and Roger Hilfiger, concerning multiple claims of ineffective assistance. Doc. 174 Exs. 11 & 12. This Court denied § 2255 relief. Docs. 214 & 215. On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to determine whether Messrs. Smith and Hilfiger

1

ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

Following remand, this Court ordered Barrett to disclose trial counsel's files to the government. Doc. 269 at 8-10. On December 13, 2017, the government informed Barrett's counsel of its intention to call psychiatrist Steven Pitt as a witness. On January 6, 2017, the government identified Barrett's Bureau of Prisons records and some of the material from trial counsel's file as potential evidentiary hearing exhibits. The government also noted its intention to present evidence that defense investigator Roseann Schaye was disciplined by the State of Arizona Board of Behavioral Health Examiners. Barrett objects, asserting the aforementioned evidence supports novel theories of aggravation. Doc. 304. This opposition follows.

## **ARGUMENT**

### **THE GOVERNMENT'S PROPOSED EXHIBITS ARE RELEVANT TO THE ISSUES BEFORE THE COURT**

Barrett claims that the Court has calendared the upcoming evidentiary hearing solely to determine whether trial counsel ineffectively failed to present mitigation evidence, and that the focus of the proceeding bars any reliance on any government evidence, apart from that which it adduced at trial. Doc. 304. Despite the narrow subject matter of the upcoming hearing, the government is not foreclosed from rebutting Barrett's evidence.

The operative test for ineffective assistance of counsel contemplates more than a simple review of evidence that could have been presented at trial. To demonstrate ineffective assistance, Barrett must show his attorneys' performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He bears the burden of demonstrating that counsel's performance fell below prevailing professional norms. *Knowles v. Mirzayance*, 556

U.S. 111, 124 (2009); *United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003).  To establish prejudice, Barrett must show that, absent his attorney's error, a reasonable probability exists that he would have received a more favorable verdict.  *See id. United States v. Haddock*, 12 F.3d 950, 958 (10th Cir. 1993).

Within the context of the operative test for ineffectiveness, the Tenth Circuit's remanded this case to address concerns beyond a straight forward recapitulation of foregone trial evidence. *Barrett*, 797 F.3d at 1224-32.  The court asked whether trial counsel "ever *asked* about Defendant's mental health, background, or family history."  *Id*. at 1226 (emphasis original).  The court also observed ambiguity in the record concerning assertions that Barrett had barred his attorneys from presenting mental health and social history evidence.  *Id*. at 1227.  It further noted a lack of clarity regarding the extent to which trial counsel made an informed choice to present a defense that constituted a viable alternative to the evidence Barrett now claims they mistakenly omitted.  *Id*. at 1228-29.  In view of the Tenth Circuit's opinion, the subject matter of the hearing is narrow, but nonetheless responsive to two-prong *Strickland* analysis.  As such, Barrett cannot sustain his argument that the Court should restrict the upcoming hearing to a mere review of novel evidence, during which the government must sit mutely in view of the trial record.

In a § 2255 evidentiary hearing, the government has a right, on pain of possible forfeiture, to adduce evidence in rebuttal to the defendant's presentation.  *See Smith v. Richert*, 35 F.3d 300, 305 (7th Cir. 1994) (citing *Boykins v. Wainwright*, 737 F.2d 1539, 1545-46 (11th Cir. 1984)).  To the extent the upcoming hearing contemplates evidence that the parties could have introduced at Barrett's capital penalty trial, relevance remains a threshold concern, despite the liberal evidentiary provision of the Federal Death Penalty Act, 18 U.S.C. § 3593(c).  *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010).  Relevance has the same meaning under §

3593(c) as it does under Federal Rule of Evidence 401.  *Lujan*, at 854.  Specifically, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information]."  Fed. R. Evid. 401.

The government's challenged evidence is relevant to the ineffective assistance claim, and not intended to introduce novel theories of aggravation.[1]  The government intends to adduce the affidavit of Faust Bianco to demonstrate that trial counsel possessed a sworn expert's statement that Barrett did not suffer from any significant neurological deficit.  The government also intends to adduce reports from Jeanne Russell to demonstrate that counsel possessed an expert opinion that Barrett did not exhibit symptoms of a major mental illness but that his negative behaviors were "exacerbated by drug use."  Similarly, the government will seek to introduce a report from psychologist Kathy LaFortune, who, among other findings, recommended against the retention of a mental health expert.  Such evidence should assist the Court in determining whether trial counsel acted on the basis of sound information and whether the omission of mental health evidence likely prejudiced the verdict.

The government seeks to adduce the testimony of its mental health expert, Steven Pitt, to show that Barrett does not now suffer from a major mental illness, nor did he at the time of the crime.  It will seek to corroborate Dr. Pitt's opinion, in part, with evidence from Barrett's BOP records, which indicate that the defendant has never displayed evidence of a major mental illness or defect.  Dr. Pitt reviewed the BOP records in reaching his findings about the defendant.

---

[1] Barrett attempts to reserve the right to interpose the same objection to "similar" evidence.  Doc. 304 at 2.  Given that he has premised his arguments on an overly-restrictive characterization of the upcoming proceeding, any further relevance objections should also fail.

Finally, the government will seek to adduce a State of Arizona report concerning the discipline of a defense witness, Roseann Schaye.  According to the report, Ms. Schaye suffered a suspension of her counseling credentials for, among other things, "engaging in a dual relationship with a client that could impair [her] objectivity or professional judgement [sic] or create a risk of harm to the client."  The government believes the evidence impeaches the witness's credibility.  *See* Fed. R. Evid. 607 (permitting any party to impeach a witness).

Given that the government does not intend to adduce any of the challenged evidence in order to pursue a novel theory of aggravation, this Court should deny Barrett's motion.

## **CONCLUSION**

Based on the foregoing, the government respectfully urges this Court to deny Barrett's

motion in limine to exclude novel theories of aggravation.

Dated: February 8, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 8, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section