**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | Case No. 09-CV-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO**
**PRECLUDE POST-HOC RATIONALIZATIONS**

**COMES NOW** Respondent, United States of America, by and through undersigned counsel and files this response in opposition to Movant's motion to preclude post-hoc rationalizations (Doc. 295).

## PRELIMINARY STATEMENT

Following the affirmance of his convictions for three homicide crimes and the imposition of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255. Docs. 1, 2, 70 & 95. This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222). The Tenth Circuit Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and personal history. Doc. 230. This Court has scheduled the hearing to commence March 13, 2017. Docs. 246 & 270. On February 1, 2017, Barrett filed the instant motion and an expedited answer was ordered to be submitted by February 8, 2017. Doc. 307.

1

## ARGUMENT

In this motion in limine, Barrett requests the Court enter an order "precluding the government from eliciting testimony from trial counsel regarding what they would have done with information they did not possess or know about at the time of trial." Motion at 1. He commences his motion with an observation that trial counsel previously admitted ignorance of Dr. Bill Sharp, who has declared he told former counsel he found evidence of mental health issues. See Doc. 95 Ex. 55. Barrett goes on to attack the attorneys for recalling their own tactical choice -- to avoid evidence of their client's drug use -- and their memory of the defendant's resistance to the presentation of mitigation evidence about his family. Barrett also seeks to prevent reliance on mental health evaluations performed by Faust Bianco, Ph.D. and Kathy LaFortune, Ph.D., which were disclosed to the government as part of the trial attorneys' files. Barrett suggests these documents did not influence counsel because the attorneys did not make mention of them in their previously-filed declarations. Taken as a whole, it appears that Barrett seeks to cast as post hoc rationalizations any testimony concerning the attorneys' tactics.

In its opinion remanding the case to the District Court for an evidentiary hearing, the Tenth Circuit directed this Court to determine "whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial." *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir.2015). To demonstrate ineffective assistance, Barrett must show his attorneys' performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He bears the burden of demonstrating that counsel's performance fell below prevailing professional norms. *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009); *United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003). To establish prejudice, Barrett must show that,

absent his attorney's error, a reasonable probability exists he would have received a more favorable

verdict. *See id.*; *United States v. Haddock*, 12 F.3d 950, 958 (10th Cir. 1993).

In his motion, Barrett makes much of the Tenth Circuit's admonition in this case that "an

uninformed choice is not a reasonable tactical decision." *Barrett v. United States*, 797 F.3d 1207,

1228 (10th Cir. 2015). But in his effort to foreclose any testimony about counsel's tactics, Barrett

overstates the significance of the Tenth Circuit's statement, and the Supreme Court's recognition

that "courts may not indulge "post hoc rationalization" for counsel's decision-making that

contradicts the available evidence of counsel's actions." *Harrington v. Richter*, 562 U.S. 86, 109

(2011). A closer reading of the Supreme Court's opinion reveals a far more nuanced and

permissive attitude than Barrett suggests, chiding the lower court for its reliance on the very

premise the defendant extols in his motion:

> The Court of Appeals erred in dismissing strategic considerations . . . as an inaccurate account of counsel's actual thinking. Although courts may not indulge "post hoc rationalization" for counsel's decisionmaking that contradicts the available evidence of counsel's actions, . . . neither may they insist counsel confirm every aspect of the strategic basis for his or her actions. There is a "strong presumption" that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than "sheer neglect." [Citation.] . . . even the most experienced counsel may find it difficult to resist asking whether a different strategy might have been better . . . *Strickland*, however, calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.

*Id*. at 109-10.

Ultimately, *Harrington* undermines Barrett's attempt to bar this Court from considering

the evidence that did or may have influenced counsel's strategies. Significantly, the opinion does

not bar any evidence; it merely guides the discretion of the courts in considering the reasons for

counsel's actions. The opinion requires Barrett to demonstrate that counsel have engaged in "post

hoc rationalizations" if he wishes to prevent the Court from considering them, but he cannot simply

preclude counsel from explaining themselves. Even if Barrett successfully demonstrates that counsel have offered justifications they did not possess at the time of trial, *Harrington* permits the Court to consider the circumstances surrounding counsel's actions to determine their objective reasonableness.

As Barrett notes, Mr. Hilfiger and Mr. Smith have declared their ignorance of Dr. Sharp. The government can rely on consistent testimony to show that the attorneys were unaware of evidence that might have reasonably led them to undertake further investigative efforts. Such evidence is not a rationalization, it explains the circumstances in which counsel made decisions. In this § 2255 action, Barrett bears the burden of demonstrating that counsel knew or had reason to know of Sharp's findings and that the information available to them would have led reasonable attorney to undertake further investigation.

Evidence concerning the Bianco and LaFortune evaluations of Barrett's mental health is probative of counsel's tactics and the likely impact of their decision to forego further investigation into that area. The reports, which were disclosed as part of trial counsel's file, indicate that two mental health professionals assessed Barrett's mental health as generally sound around the time of trial. Presumably trial counsel knew of these records and made tactical decisions in accordance with them. The experts' findings would have tended to confirm trial counsel's lay opinions that Barrett did not suffer from any mental illness that might yield meaningful mitigation.

Barrett observes that counsel did not mention the Bianco and LaFortune reports in their 2010 declarations. Their silence is best explained by an innocent failure of recollection over the half decade that elapsed between trial and the drafting of counsel's declarations. Given that Barrett only disclosed the reports within the last several weeks, the government could hardly have inquired about the documents when interviewing trial counsel in anticipation of an answer it filed in 2010.

4

*See* Doc. 174.  Even if trial counsel have no present recall of the reports, the documents remain probative of the circumstances that would have informed a reasonable attorney's decision making. Any contrary result would require this Court to determine the reasonableness of counsel's conduct on the basis of evidence they necessarily did not have – the post-trial mental health opinions offered by the defense – in favor of evidence they did.  In any event, the Bianco and LaFortune reports substantially weaken Barrett's efforts to demonstrate that the omission of mental health evidence in any way prejudiced the verdict, calling into question the reliability of retrospective opinions offered by the defense's current experts.

## CONCLUSION

Based upon the argument and authority above, the government respectfully urges this Court

to deny Barrett's motion in limine.

Dated: February 8, 2017.

Respectfully submitted,

MARK F. GREEN
United States Attorney

s/ Christopher J. Wilson
CHRISTOPHER J. WILSON
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov


/S. Jeffrey B. Kahan
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

**CERTIFICATE OF SERVICE**

I, hereby certify that on February 8, 2017, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com

/s *Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney