**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | Case No. 09-CV-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR ORDER
BARRING WITNESS COLLUSION**

COMES NOW Respondent, United States of America, by and through undersigned counsel and files this response in opposition to Movant's motion to bar witness collusion (Doc. 300).

## PRELIMINARY STATEMENT

Following the affirmance of his convictions for three homicide crimes and the imposition of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255. Docs. 1, 2, 70 & 95. This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222). The Tenth Circuit Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and personal history. Doc. 230. This Court has scheduled the hearing to commence March 13, 2017. Docs. 246 & 270. On February 1, 2017, Barrett filed the instant motion, and an expedited answer was ordered to be submitted by February 8, 2017. Doc. 306.

1

## ARGUMENT

Petitioner requests this Court enter an order, prior to the commencement of the evidentiary hearing, invoking the rule of sequestration pursuant to Federal Rule of Evidence 615. Rule 615 does not control this stage of the litigation. The Rule states in relevant part: "At a party's request, the court must order witnesses so excluded that they cannot hear other witnesses' testimony or the court may do so on its own." On its face, the rule applies to testimony, and none has been taken in this case, as the evidentiary hearing has not yet begun.[1] *See United States v. Aguilar*, 948 F.2d 392, 397 n.6 (7th Cir. 1991) (refusing a defense attorney's attempt to obtain pretrial sequestration to prevent an AUSA from interviewing witnesses).

Petitioner premises his request on an unfounded allegation that government counsel has colluded with witnesses. As evidence of the supposed misconduct, Barrett cites similarities in the declarations offered by trial counsel. The resemblance is not accidental, it reflects the fact that government counsel prepared the declarations for the witnesses' review and execution. "There is nothing unusual or improper about an attorney drafting a witness's declaration, so long as the witness reviews the declaration, agrees with its contents." *Luxottica Grp. v. Light in the Box Ltd.*, No. 16-CV-05314, 2016 WL 6092636, at *4 (N.D. Ill. Oct. 19, 2016); *see also Rygg v. Hulbert*, no. C11-1827JLR, 2012 WL 12847290, *19 (W.D. Wash. July 16, 2012) (noting lack of impropriety in declaration prepared by counsel).

Barrett also accuses the government of misconduct for offering recollections of trial counsel that contradicted the assertions in Jeanne Russell's declaration for the defense. Barrett baselessly accuses the government of presenting, through trial counsel's declarations, speculative

---

[1] Assuming the Court grants Barrett's motion, it appears that the order will preclude contact between the defendant's 72 named witnesses.

2

opinion testimony about Ms. Russell's truthfulness.  In truth, the declarations were confined to factual assertions without any comment on the credibility of any other person.

Barrett also argues the government took advantage of this Court's favoritism for trial counsel, who were supposedly appointed over the advice of more committed advocates for the defendant.  This allegation is likewise unfounded.  The government chose, interviewed and presented the declarations of Messrs. Smith and Hilfiger because they represented Barrett at trial, and because the defendant had accused them of ineffectiveness.  It hardly would have profited the government to have sought the memories of lawyers who did not represent Barrett to elicit their understanding of trial counsel's experience and tactics.  The government does not commit misconduct by interviewing pertinent witnesses.  *See generally United States v. Hillman*, 642 F.3d 929, 937-38 (10th Cir. 2011) (rejecting a claim that a criminal defendant has a due process right in a prosecutor's questions during a witness interview before indictment).

Given the absence of any applicable authority or factual basis for the motion, the Court should deny the request to exclude witnesses from extra-judicial contact with one another.

3

## CONCLUSION

The government respectfully urges this Court to deny Barrett's motion.

Dated: February 8, 2017.

Respectfully submitted,

MARK F. GREEN
United States Attorney

*s/ Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov

*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on February 8, 2017, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com


/s *Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney

5