**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | Case No. 09-CV-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION
FOR RECONSIDERATION OF ORDER DEYING REQUEST
TO DEPOSE ROGER HILFIGER**

**COMES NOW** Respondent, United States of America, by and through undersigned counsel and files this response in opposition to Movant's motion for reconsider order denying request to depose Roger Hilfiger (Doc. 302).

**PRELIMINARY STATEMENT**

Following the affirmance of his convictions for three homicide crimes and the imposition of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255.  Docs. 1, 2, 70 & 95. This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222).  The Tenth Circuit Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and personal history.  Doc. 230.  This Court has scheduled the hearing to commence March 13, 2017.  Docs. 246 & 270.  On November 18, 2016, Petitioner filed a Motion for Leave to Conduct Civil Discovery (Doc. 249) requesting, among other things, to depose trial counsel.  In an Order dated December 6, 2016, the Court denied Petitioner's request.  Doc. 269.  On February

1

1, 2017, Barrett filed the instant motion for reconsideration, and an expedited answer was ordered to be submitted by February 8, 2017. Doc. 306.

## ARGUMENT

Rule 6 of the Rules Governing § 2255 Cases authorizes discovery with leave of the court, based on good cause shown. In his previous motion, Barrett requested leave to depose trial counsel Bret Smith and Roger Hilfiger. In support, Barrett claimed there was "an appearance of hostility toward Mr. Barrett" because Messrs. Hilfiger and Smith prepared declarations addressing the claims of ineffective assistance of counsel. Motion for Leave to Conduct Civil Discovery at 10. This Court denied the motion, finding that "Petitioner has not demonstrated that trial counsel have refused to cooperate or, that simply submitting declarations on issues raised by Petitioner in this § 2255 proceeding, trial counsel have become hostile toward Mr. Barrett." Order at 4.

Barrett now reasserts his motion for leave to conduct a deposition of only Mr. Hilfiger, but fails to establish sufficient grounds for reconsideration. Courts evaluate motions to reconsider under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g.*, *United States v. Thompson*, 125 F.Supp.2d 1297 (D. Kan. 2000). Accordingly, they may grant reconsideration on three discrete grounds: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See* Doc. 221 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp*., 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

Petitioner offers four justifications for his renewed deposition request: 1) to "allow for a more complete exploration of the facts related to the ineffectiveness claim," 2) to "permit the

parties to prepare adequately," 3) to allow Petitioner to efficiently identify and schedule rebuttal witnesses," and 4) to "prevent further collusion between the government and Mr. Hilfiger in preparing his testimony." None of these grounds warrant reconsideration of the Court's previous order.

The Tenth Circuit has clearly defined the scope of the upcoming evidentiary hearing. Despite Petitioner's repeated attempts to resurrect issues that have been repeatedly rejected (*e.g*. OHP's execution of the warrant, credibility of government witnesses, crime scene investigation, or intimidation of witnesses by former AUSA Mike Littlefield), the March 13th hearing will contemplate one issue: whether trial counsel ineffectively investigated and presented evidence of Defendant's background and mental health. A deposition of Mr. Hilfiger for "additional exploration of the facts" is unnecessary, especially given that Mr. Hilfiger outlined his views of the case in a sworn declaration attached to the government's answer. Doc. 174, Ex 11. Likewise, the requested deposition will not materially advance hearing preparations or promote identification of rebuttal witnesses. As demonstrated by the length of the list of potential witnesses and exhibits, Petitioner's legal team has undoubtedly seined through trial counsel's files, interviewed counsel and spoken to scores of potential witnesses. Barrett's motion for reconsideration fails to provide good cause for the requested deposition.

Finally, the allegations of collusion between the government and Mr. Hilfiger are baseless and do not provide good cause for additional discovery. During the course of this litigation, Petitioner has repeatedly claimed the government improperly obtained declarations from trial counsel. The Tenth Circuit has clearly defined the extent to which a claim of ineffective assistance of counsel implies a waiver of the attorney-client privilege. *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (holding "a habeas petitioner [who] claims ineffective assistance of

counsel . . . waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim).  Barrett does not demonstrate that Mr. Hilfiger exceeded the implied waiver of privilege nor does he identify any authority that might have obliged him to secure this Court's guidance before communicating with the government.  Petitioner's empty allegations of corruption and witness tampering do not provide good cause for discovery much less reconsideration of an existing order.

## CONCLUSION

The government respectfully urges this Court to deny Barrett's motion to reconsider.

Dated: February 8, 2017.

Respectfully submitted,

MARK F. GREEN
United States Attorney

*s/ Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov

*/s Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on February 8, 2017, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com


/s *Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney