**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-00105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO RELY**
**UPON DECLARATIONS FOR DIRECT-EXAMINATION TESTIMONY**

**COMES NOW** Respondent, United States of America, by and through undersigned counsel and files this response in opposition to Movant's motion to rely upon declarations for direct examination testimony (Doc. 303).

## PRELIMINARY STATEMENT

Following the affirmance of his convictions for three homicide crimes and the imposition of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255. Docs. 1, 2, 70 & 95. This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222). The Tenth Circuit Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and personal history. Doc. 230. This Court has scheduled the hearing to commence March 13, 2017. Docs. 246 & 270. On February 1, 2017, Barrett filed the instant motion and an expedited answer was ordered to be submitted by February 8, 2017. Doc. 307.

1

## ARGUMENT

The Petitioner moves this Court for an order "accepting as direct examination testimony previously filed declarations of lay witnesses." Motion at 1. The government acknowledges that the Rules following 28 U.S.C. § 2255 authorize expansion of the record by submission of additional materials. The government also recognizes that courts can and do rely on declarations in lieu of direct testimony during § 2255 evidentiary proceedings. The government, however, objects to the evasiveness of Barrett's request, which fails to identify any particular witness, declaration or portion of declaration upon which he might seek to rely.

Rule 7 of the Rules following § 2255 authorizes habeas courts to expand the record. Within the bounds of the rule, district courts occasionally adopt witness declarations as substitutes for direct testimony. *See e.g., United States v. McCaleb*, CV 10–4313 CBM, 2103 WL 2040013, *4 (C.D. Cal. May 13, 2013); *Christian v. Frank*, Civil No. 04–00743 DAE–LEK, 2008 WL 4055817, *3 (D. Haw. Aug. 29, 2008).

In view of that authority, the government does not offer a legal objection to Barrett's proposal that he rely on declarations in favor of direct examination. Rather, the government objects to the vagueness of Barrett's proposal. Barrett's motion does not identify any particular witness or declaration who might come within the proposed order. That silence is consistent with Barrett's approach when inquiring as to the government's position on the motion. In e-mail correspondence, Barrett's attorney informed the government, "I didn't mean to imply that we were going to present our whole case via declaration. Some of our witnesses might be presented in that fashion, but others will be called live to at least supplement their declarations. Some may just be called live."

2

The vagueness of Barrett's proposal places government counsel at a substantial disadvantage, having to simultaneously prepare for a case presented by live testimony and by unidentified portions of declarations. Many of the declarations that Petitioner has submitted in support of his § 2255 motion are arguably irrelevant or otherwise inadmissible, in part or in whole, as evidence bearing on the upcoming evidentiary hearing. On the other hand, the government may not contest the contents of some witnesses' declarations. Without knowing who might actually appear to testify in court, the government is left to prepare for a multitude of different scenarios. The government will not accede to an arrangement in which Barrett can, at the last moment, determine who will testify in person or who will appear by way of untold portions of declarations, some of which go uncited in the operative claim of ineffective assistance.

Accordingly, the government urges the Court to deny Barrett's motion. Assuming the Court is inclined to accept Barrett's offer of direct testimony by way of declaration, the government urges it to direct the defense to state with specificity who will testify in court and who will do so by way of specified portions of existing declarations.

## **CONCLUSION**

The government respectfully urges this Court to deny Barrett's motion or, alternatively, to grant it on the condition that Barrett provide a timely identification of witnesses and documents he intends to present as his case-in-chief.

Dated: February 8, 2017.

Respectfully submitted,

MARK F. GREEN
United States Attorney

*s/ Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov

*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on February 8, 2017, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David B. Autry: dbautry44@hotmail.com

Joan M. Fisher joan.fisher@fd.org, Paul_Mann@fd.org, jmfisher@turbonet.com

/s *Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney

5