**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:     dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:     Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | CASE NO. 6:09-cv-00105-JHP |
| Petitioner, | ) | |
| | ) | PETITIONER'S RESPONSE TO |
| v. | ) | GOVERNMENT'S MOTION TO |
| | ) | EXCLUDE EVIDENCE OF |
| UNITED STATES OF AMERICA, | ) | UNAVAILABLE WITNESSES BY |
| | ) | DECLARATION ALONE |
| Respondent. | ) | |
| | ) | |

The government has moved to exclude certain evidence from now-deceased witnesses based on the declarations they submitted as exhibits in 2009 to Mr. Barrett's § 2255 petition and court-ordered amended petition. (Doc 292)

The government concedes that "[t]o the extent those declarations concern social history and mental health evidence Barrett might have offered in mitigation, the government does not

Petitioner's Response to Government's
Motion to Exclude Evidence of Unavailable
Witnesses by Declaration Alone                1                *Barrett v. United States*,
OK-ED 6:09-cv-00105-JHP

object under the liberal evidentiary standard applicable to § 3593 proceedings." (footnote omitted)(Doc. 292, p. 3)  Thus, the government agrees the court can consider the declaration of Myla Young, Ph.D., the neuropsychologist who examined Mr. Barrett in 2009.  (Doc. 95, Exh. 89)  It also agrees, for example, that Petitioner's deceased father Ernie Barrett's declaration regarding family history (including a paternal multi-generational history of mental problems and impairments), Petitioner's upbringing and immediate family background, and his evident mental or emotional problems may be considered substantively.  (Doc. 95, Exh. 81, Doc. 178, Exh. 206)

However, the government argues that absent an opportunity to "confront" the portion of Ernie Barrett's declaration stating the trial attorneys "only interviewed me a few minutes before I testified," and the statements in his supplemental declaration about the performance of trial counsel and any "investigator" they may have employed, these statements should be excluded from consideration.  The government's argument should be rejected.  (Doc. 292, pp. 2-3)

First, as a broad matter, the government does not have a right to "confront" Mr. Barrett's witnesses. The Sixth Amendment right of confrontation belongs to the accused in a criminal case, not to the government prosecutors.

Second, the government is seeking to take unfair advantage of the court's error in denying an evidentiary hearing, which was later corrected by the Tenth Circuit.  Mr. Barrett should not be made to suffer again from the consequent passage of time, by excluding relevant evidence about trial counsels' deficient performance, particularly with respect to their failure to conduct professionally reasonable interviews of family members.

Mr. Barrett filed his petition and amended petition in 2009.  (Docs. 1, 95)  The

Petitioner's Response to Government's
Motion to Exclude Evidence of Unavailable
Witnesses by Declaration Alone                          2                          *Barrett v. United States*,
                                                                                    OK-ED 6:09-cv-00105-JHP

government filed its response and Mr. Barrett filed his reply in 2010. (Docs. 153, 154) The court denied relief on all issues, including second-stage ineffectiveness and the request for an evidentiary hearing, in 2012. (Docs. 214, 216) The Tenth Circuit vacated Mr. Barrett's death sentence and ordered an evidentiary hearing on the claim of penalty phase ineffectiveness in 2015. *United States v. Barrett,* 797 F.3d 1207, 1232 (10th Cir. 2015). Ernie Barrett died on June 4, 2012. But for the fact the court wrongly denied Petitioner a *timely* evidentiary hearing in the first instance, an error that had to be corrected by the appeals court, Ernie Barrett would have been alive and able to testify.

Third, the government (and trial counsel) have already conceded that trial counsel, just as Ernie Barrett stated in his declarations, failed to interview him in "preparation" for his second- stage testimony in anything approaching a professionally reasonable manner and that, based on his observations, their penalty phase investigation respecting Petitioner's family was inadequate.

In his petition, amended petition, and appellate brief, Mr. Barrett stated that family members who appeared in the second stage of trial, including Ernie Barrett, were interviewed for only a few minutes each at the courthouse before they took the stand, and that no previous mitigation investigation as to what they could and would say had been conducted. Other available family witnesses were not interviewed at all. (Doc. 71, Exh. 37, Doc. 3, Exhs. 74, 77-78, 80-81, 83-87, 90-93, 95-99, 100-104, Doc. 178, Exhs. 206-217, Tenth Cir. brief, pp. 61-63) The government never contested this in its response to the § 2255 petition(s), or in its response brief in the Tenth Circuit. (Doc. 174, pp. 115-146, Tenth Cir. response brief, pp. 55- 68)

Petitioner's Response to Government's
Motion to Exclude Evidence of Unavailable
Witnesses by Declaration Alone                    3                    *Barrett v. United States*,
OK-ED 6:09-cv-00105-JHP

More importantly, trial counsel submitted declarations or affidavits in connection with the government's response to the petition and amended petition.  (Doc. 175, Exhs. 11, 12) Although the government was well aware of what Ernie Barrett (and the other family witnesses who testified)[1] had said about the last-minute, totally unilluminating courthouse "interviews" ahead of his (and their) testifying, and surely inquired of Messrs. Hilfiger and Smith about these matters in preparing their affidavits, trial counsel deny none of it.  Therefore, the statements of Ernie Barrett, which the government wants to exclude, are reliable.  If nothing else, they are admissible under the residual exception of the hearsay rule for unavailable witnesses. Fed.R.Evid. 807 (a)(1)-(4).  If further notice is needed, Petitioner gives the government notice under Fed.R.Evid. 807(b) that he intends to offer the statements of Ernie Barrett to which the government objects.

Fourth, while the government cites cases to the effect that the rules of evidence *generally apply* to § 2255 evidentiary hearings, *e.g., United States v. Fancischine,* 512 F.2d 827, 829 (5th Cir. 1975),[2]  it cannot be invoked in this instance, for the reasons stated above. *See also Green v. Georgia,* 442 U.S. 95, 97(1979) (citing *Lockett,* 438 U.S. at 604–05, 98 S.Ct. 2954) (per curiam).

The government makes similar arguments to exclude the declaration of Warren Dotson, who is deceased.  The government moves to exclude Mr. Dotson's statement, who says in his declaration, "the law did not have to go to Kenny's place in the middle of the night to arrest

---

[1]  Of some note is the possibility that other family witnesses are, at this time, unavailable.  For example, Phyllis Crawford, Mr. Barrett's maternal aunt, reportedly now suffers from dementia and may be unable to testify. Likewise, Ruth Harris suffers from a heart condition, which stress exacerbates.

[2]  *Francischine,* which involved the revocation of federal probation, discussed the proposition cited by the government in *dicta.*

Petitioner's Response to Government's
Motion to Exclude Evidence of Unavailable
Witnesses by Declaration Alone                4                *Barrett v. United States*,
OK-ED 6:09-cv-00105-JHP

him" because he was non-violent.  The government says this statement does not constitute

mitigating evidence, for which the relaxed rules of admissibility of 18 U.S.C. § 3593(c) might

apply.  This is incorrect.  Mitigating evidence encompasses testimony about a defendant's

character and background.  *E.g., Lockett v. Ohio,* 438 U.S. 586 (1978).

The government's motion should be denied.

DATED this 8th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ David Autry
DAVID AUTRY

/s/ Joan M. Fisher
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Response to Government's
Motion to Exclude Evidence of Unavailable
Witnesses by Declaration Alone                    5                    *Barrett v. United States,*
OK-ED 6:09-cv-00105-JHP

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

This is to certify that on this 8th day of February 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Response to Government's
Motion to Exclude Evidence of Unavailable
Witnesses by Declaration Alone                    6                    *Barrett v. United States*,
OK-ED 6:09-cv-00105-JHP