**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com


**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org


Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. 6:09-cv-00105-JHP |
| | ) | **REPLY TO RESPONSE IN** |
| v. | ) | **OPPOSITION TO MOTION TO** |
| | ) | **RECONSIDER ORDER DENYING** |
| UNITED STATES OF AMERICA, | ) | **DISCOVERY OF TRIAL COUNSEL'S** |
| | ) | **E-MAILS, AND BRIEF IN SUPPORT** |
| Respondent. | ) | |
| | ) | |

Petitioner, Kenneth Eugene Barrett, replies to the government's Response in Opposition

to Motion to Reconsider Order Denying Discovery of Trial Counsel's E-mails (Doc. 310), as

Reply to Response in Opposition to Motion                                *Barrett v. United States*,
to Reconsider Order Denying Discovery of                          OK-ED No. 6:09-cv-00105-JHP
Trial Counsel's E-mails

1

follows.

In his request, Mr. Barrett seeks no more than the law and ethical considerations mandate. He merely requests true and correct copies of Mr. Barrett's entire trial counsel file, including electronic communications by and between both counsel, the U.S. attorney's office, the Court and any other person or entity with whom communication was made regarding their representation of Mr. Barrett.

The motion is directed to the court's decision denying the same due to an inadequate showing of hostility from trial counsel. (Doc. 269, p. 4)   As noted in the motion, no showing of hostility is required to oblige trial counsel to disclose the client's file. The motion is a renewed request for the *complete* file, including the electronic, digital and recorded communications.  See ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, Guideline 10.3.  It is critical that, in accordance with Guideline 10.13, "counsel cooperate fully with successor counsel and turn over all relevant files promptly."  *Id.,* 31 Hofstra L.Rev. 913, 1086 (2003).

Mr. Barrett seeks no more than what he is entitled to by law and under the rules which govern the conduct of lawyers.  The Oklahoma Rules of Professional Responsibility require:

> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expenses that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Okla. R. 1.6 (d).

The right to the content of the files is also reflected in a state bar opinion.  *See* Gena

Reply to Response in Opposition to Motion                                     *Barrett v. United States*,
to Reconsider Order Denying Discovery of                          OK-ED No. 6:09-cv-00105-JHP
Trial Counsel's E-mails

2

Hendryx, General Counsel, OSBA GC File Retention Guidelines, OBJ vol. 82, No. 2 (Jan. 15, 2011).  There, the Oklahoma state bar expressly states that "[t]he client *may have the file* upon expiration of the time period [designated for destruction]" and notes that "clients should be sent a closing letter notifying them of *their right to take any documents* not previously furnished to them." *Id.*  The files include the emails and other electronically held documents requested but not provided by trial counsel. (Doc. 298, Exh. A)[1]

Accordingly, the court should grant Mr. Barrett's renewed request, reconsider its previously ruling and grant the issuance of the Subpoena Duces Tecum requested.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

---

[1]  Cf.   Formal Opinion No. 2007-174, Ca St Bar, Standing Committee on Professional Responsibility and Conduct, citing New Hampshire Bar Association Ethics Committee Opn. NO. 2005-06/3 (concluding that, under New Hampshire Rules of Professional Conduct, the contents of the file would necessarily include  both paper and electronic forms of communications, documents and other records pertaining to the client"); Illinois State Bar Association Advisory Opn. No. 01-01 (2001) (concluding a similar effect under the Illinois Rules of Professional Conduct).

Reply to Response in Opposition to Motion                          *Barrett v. United States*,
to Reconsider Order Denying Discovery of                         OK-ED No. 6:09-cv-00105-JHP
Trial Counsel's E-mails

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 15th day of February 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Reply to Response in Opposition to Motion                                    *Barrett v. United States*,
to Reconsider Order Denying Discovery of                              OK-ED No. 6:09-cv-00105-JHP
Trial Counsel's E-mails

4