**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | CASE NO. CV-09-00105-JHP |
| Petitioner, | ) | |
| | ) | **PETITIONER'S REPLY TO** |
| v. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **MOTION TO RECUSE AND** |
| UNITED STATES OF AMERICA, | ) | **AND DISQUALIFY THE COURT** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### CERTIFICATE OF CONFERENCE

Petitioner, Kenneth Eugene Barrett, submits the following as his reply to the government's

response to his motion to recuse and disqualify the court. (Docs. 294, 311)  The government's

arguments in opposition to the motion should be rejected.

In his motion, Mr. Barrett argues the court should disqualify itself because it has prejudged

Petitioner's Reply to Government's Response                                *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                              OK-ED No. 6:09-cv-00105-JHP

1

the performance prong of the test under *Strickland v. Washington,* 466 U.S. 668, 684 (1984) for judging claims of ineffective assistance of counsel. In its discovery order, the court made the factual determination (which even the government concedes was unnecessary to its order, Doc. 311, p. 3) that trial "counsel did not have sufficient time to find all of the mitigating evidence that post-conviction counsel has provided." (Doc. 311, p. 3, Doc. 269, pp. 12-13)

Petitioner contends this prejudgment of trial counsels' effectiveness before any evidence has been heard at the hearing ordered by the Tenth Circuit would lead a reasonable, objective person, based on all the facts, to question the court's impartiality, *United States v. Erickson,* 561 F.3d 1150, 1169 (10th Cir. 2009); 28 U.S.C. § 455(a). It reflects a "disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." *Liteky v. United States,* 510 U.S. 540, 550 (1994).

The government argues the court's observation is immune from attack because it was based on what was learned in the course of litigation, rather than an outside source. As Petitioner pointed out in his motion, the "outside source" doctrine is not the be-all and end-all in determining whether the facts show a reasonable observer would question the court's impartiality. (Doc. 294) The challenged passage from the court's discovery order shows it has already concluded, at a minimum, that trial counsel's performance was professionally reasonable under *Strickland* and its progeny. Thus, the court has signaled it has all the information it needs, ahead of the evidentiary hearing, to rule against Mr. Barrett. The court's peremptory stance is both wrongful and inappropriate, since the court has apparently made up its mind before hearing any testimony.

The government is wrong on another score. To all appearances, the court had to arrive at

Petitioner's Reply to Government's Response                                     *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                                 OK-ED No. 6:09-cv-00105-JHP

its opinion regarding the adequacy of trial counsels' performance from an outside source.  The time-line sketched out in Petitioner's motion shows habeas counsel had even less time, in light of the imperative to review the record before launching their investigation, than trial counsel did to investigate and prepare a persuasive mitigation case. (Doc. 294) Because the record flatly contradicts the court's observation on the time constraints faced by trial counsel versus those imposed on habeas counsel, the court's conclusion that trial counsel did not have the luxury of time habeas counsel supposedly enjoyed must derive from an "outside source."

The government's attempt to place the court's remark in the context of the nine years from the time habeas counsel were appointed to the time of the evidentiary hearing, as compared to the time between indictment and trial, is a red herring. (Doc. 311, pp. 3-4) The basis of Mr. Barrett's penalty phase ineffectiveness claim is grounded firmly in the mitigating evidence that was developed preceding his initial habeas filing in March, 2009. (The amended petition filed in the Fall of 2009 stated no new facts or evidence, but was simply re-formatted, at the court's direction, on the habeas form used by *pro se* prisoner litigants.) Any mental health expert witnesses in addition to Dr. George Woods who Petitioner wishes to call at the evidentiary hearing are either: 1) in substitution to Dr. Young, who is deceased; 2) in rebuttal of the anticipated testimony of government witness Dr. Randall Price; or 3) would corroborate the findings of Drs. Woods and Young against an attack on their validity by the government. These experts are not testifying to anything beyond the parameters laid out in the Tenth Circuit's opinion remanding the case for an evidentiary hearing.

The government again tries to shift the focus by claiming trial counsel's effectiveness is not measured by the evidence developed by post-conviction counsel, but based on what was available to trial counsel. (Doc. 311, pp. 3-4) Petitioner could not agree more. He has and will

Petitioner's Reply to Government's Response                              *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                          OK-ED No. 6:09-cv-00105-JHP

show that had trial counsel conducted a professionally reasonable investigation, the same types of mitigating evidence presented on post-conviction could and should have been presented at trial. If, however, the government is attempting to argue that the evidence developed in these post-conviction proceedings is simply irrelevant, it is obviously wrong. Otherwise, the effectiveness of *any* trial counsel would be immune to challenge on collateral attack, and the Tenth Circuit never would have remanded the case for an evidentiary hearing based on the mitigating evidence developed in the post-conviction proceedings.

Last, the government says the court appropriately granted its request to have Mr. Barrett examined by Dr. Steven Pitt, D.O., while denying access to Petitioner by defense expert Dr. Pablo Stewart, and that these decisions reflect no improper bias or its appearance. (Doc. 311, pp. 4-5) The government maintains the court "has no power to alter the passage of time" (Doc. 311, p. 4), but this overlooks that much of that time is attributable to the court having denied an evidentiary hearing the Tenth Circuit says Mr. Barrett deserves.

Moreover, nothing other than, at least, the appearance of bias explains the difference in treatment between Dr. Pitt and Dr. Stewart. As Petitioner has pointed out elsewhere, the court's permitting Dr. Pitt to examine Mr. Barrett in 2017 makes no sense when the court, at the government's urging, denied access to Petitioner by Dr. Stewart on the ground that any examination at this "late date" would only reflect Mr. Barrett's current mental state.

The government continues to insist that had counsel mounted a penalty phase mental health case such as the one featured in these post-conviction proceedings, it would have been entitled to rebut that case. (Doc. 311, p. 4) But this ignores, as Petitioner has argued elsewhere, that in determining whether trial counsel rendered ineffective assistance in the penalty phase of trial, the court is to measure the omitted evidence trial counsel could have discovered and

Petitioner's Reply to Government's Response                                    *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                              OK-ED No. 6:09-cv-00105-JHP

4

presented with the exercise of due diligence and through a reasonable investigation against the

aggravating evidence the jury heard *at trial*, not augmented by new theories or evidence of

aggravation.

Accordingly, the government's arguments should be rejected and the court should recuse

itself from further participation in this case.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Reply to Government's Response                              *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                      OK-ED No. 6:09-cv-00105-JHP

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

This is to certify that on this 15th day of February 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to Government's Response                    *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                    OK-ED No. 6:09-cv-00105-JHP

6