**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:       Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CAPITAL CASE**<br><br>CASE NO. CV-09-00105-JHP<br><br>**PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION IN LIMINE TO EXCLUDE NOVEL THEORIES OF AGGRAVATION** |

Petitioner Kenneth Eugene Barrett has moved this Court for an order precluding the

government from relying at the evidentiary hearing on new theories and evidence of aggravation

never presented to the jury at trial. (Doc. 304.) The government has filed a Response in

Opposition. (Doc. 313.) For the reasons stated in the Motion and in this Reply, the government's

position must be rejected and Mr. Barrett's motion should be granted.

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

1

The government lacks a coherent position before this Court. First, the government, with no good faith factual basis, accuses Mr. Barrett of exceeding the scope of the remand by "call[ing] several expert witnesses who can offer opinion [*sic*] that was not available to trial counsel or event [*sic*] § 2255 counsel at the time they filed their last four § 2255 motions." Doc. 289 at 8. The government bizarrely accuses Mr. Barrett of improperly "undertak[ing] a dress rehearsal for a wholly reconceived penalty phase trial," *id.* at 9, although the sole purpose of the hearing is determining whether trial counsel for the *defense* unreasonably misconceived their penalty phase case. *United States v. Barrett*, 797 F.3d 1207, 1229-1232 (10th Cir. 2015).

Then the government contradicts itself. It asserts, "the Tenth Circuit remanded this case to address concerns *beyond* a straightforward recapitulation of the foregoing trial evidence." Doc. 313 at 3 (emphasis added). The government cites the pages of the Tenth Circuit's decision that discuss the mitigation Mr. Barrett could have presented and the government's likely response. But in doing so the Tenth Circuit described evidence that existed at the time of trial. *Barrett*, 797 F.3d 1231-32. Nothing in the Tenth Circuit's opinion, or in the governing Supreme Court case law, suggests the *government* may present a reconceived case in aggravation because, unlike at the time of trial, it now knows the extent of the mitigation case available to the defense. Allowing the government to present a fresh case because of the insights it gained through the post-conviction process deviates wildly from *Strickland v. Washinton*'s focus on the reliability of the adversarial process that occurred at trial. *Strickland*, 466 U.S. 668, 696 (1984).

To the extent the remand is limited, it most surely is limited by the gravamen of Mr. Barrett's claim. That claim manifestly did not accuse the government of unreasonably failing to present aggravating evidence as the government suggests when it claims "the upcoming hearing contemplates evidence that the *parties* could have introduced at Barrett's capital penalty trial."

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

2

Doc. 313 at 3 (emphasis added). Even accepting the government's framing, because the government at trial would not have had foreknowledge of all of Mr. Barrett's evidence, and would not have had years to prepare its case in response to that evidence, allowing the government to construct novel theories of aggravation skews the inquiry. That inquiry, under *Strickland*, 466 U.S. at 695, and 18 U.S.C. § 3593(e), is limited to whether "there is a reasonable probability that at least one juror would have struck a different balance" if the evidence omitted by trial counsel had been presented.[1] *Wiggins v. Smith*, 539 U.S. 510, 537 (2003).

The government asserts that at trial it would have had the right to rebuttal. Doc. 313 at 3. That is true as far as it goes, but it does not go so far as to allow evidence the government could not have developed or adduced between the close of the defense case-in-chief and the resumption of the trial this Court wanted to conclude quickly. *See*, *e.g.*, *United States v. Jackson*, 327 F.3d 273, 306-307 (4th Cir. 2003) (trial court abused discretion in allowing entire videotape of defendant's rants as "rebuttal"); *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) (district court abused its discretion in allowing victim impact evidence in rebuttal after government failed to give notice of aggravator). Moreover, any evidence the government might have been able to present in rebuttal could have been countered by reasonably well-performing defense counsel on

---

[1] The government wrongly relies upon *United States v. Haddock*, 12 F.3d 950 (10th Cir. 1993), as a case illustrating that Mr. Barrett must show "a reasonable probability exists that he would have received a more favorable verdict." Doc. 313 at 3. *Haddock* supports the proposition that a defendant who attacks his *conviction* on grounds of ineffective assistance must show a reasonable probability of a different verdict. But here the question is whether there is a reasonable probability of a different penalty phase result on Count 3. A jury deciding liability must unanimously agree on discrete factual questions that together constitute an offense. But the balancing and unanimity requirements of the Federal Death Penalty Act, 18 U.S.C. § 3593(e), mean the question before this Court is whether "there is a reasonable probability that at least one juror would have struck a different balance" if the evidence omitted by trial counsel had been presented. *Wiggins*, 539 U.S. at 537.

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

3

sur-rebuttal. *United States v. Barnette*, 211 F.3d 803, 821-22 (4th Cir. 2000) (error to bar defense from presenting expert in surrebuttal of expert testimony government presented in rebuttal).

The government does not dispute two sets of authorities Mr. Barrett offered in support of his Motion and that are fatal to the government's position. First, the government does not dispute that it could only have presented at trial evidence of which it gave adequate notice under Fed. R. Crim. P. 16(a)(1)(g) and 18 U.S.C. §§ 3591 and 3593(b). *Stitt*, *op. cit.* Second, the government does not dispute the well-established rule that a reviewing court may not uphold a conviction or sentence on the basis of a theory that was not tried to the jury. *Chiarella v. United States,* 445 U.S. 222, 236 (1980); *Rewis v. United States*, 401 U.S. 808, 814 (1971); *Dunn v. United States*, 442 U.S. 100, 106 (1979).

The government only offers improper purposes for the objected-to evidence.

**Faust Bianco & Kathy LaFortune.** The government asserts that it "intends to adduce the affidavit of Faust Bianco to demonstrate that trial counsel *possessed* a sworn expert's statement that Barrett did not suffer from any significant neurological deficit." Doc. 313 at 4 (emphasis added). Similarly, the government intends to "introduce a report from psychologist Kathy LaFortune, who, among other things, recommended against the retention of a mental health expert. For the reasons stated in Mr. Barrett's Motion in Limine to Preclude Post Hoc Rationalizations (Doc. 295), and in the instant Motion (Doc. 304 at 3), unless the government has evidence that trial counsel had personal *knowledge* of and *relied upon* Bianco's statement or LaFortune's recommendation, the fact that they *possessed* either, if proved, would have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. (That is, unless the government intends to prove, consistent with Mr. Barrett's allegations, that

Petitioner's Reply to the Government's Response                                    *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine to                          OK-ED No. 6:09-cv-00105-JHP
Exclude Novel Theories of Aggravation

4

trial counsel unreasonably failed to undertake a timely, thorough review of all the files of prior counsel before deciding what investigation it should undertake.)

The government previously submitted declarations from trial counsel in which they admitted not being aware of Dr. Bill Sharp's prior evaluation of Mr. Barrett. The government manifested its adoption and belief in trial counsel's statements when the government relied upon them. Trial counsel's failure to mention Dr. Bianco or Dr. LaFortune in response to Mr. Barrett's specific allegation that they failed to conduct a psychiatric or neuropsychological evaluation should be viewed as an adoptive admission by silence that neither state-court consultant played any role in their decision-making. *Cf. United States v. Pulido-Jacobo*, 377 F.3d 1124, 1132 (10th Cir. 2004); Fed. R. Evid. 801(d)(2).[2] The government is merely attempting to construct for trial counsel a post-hoc rationalization that is expressly prohibited by the governing case law. *Barrett*, 279 F.3d at 1228; *Wiggins*, *supra*, 539 U.S. at 526-527.

If this Court allows any evidence related to Bianco and LaFortune, it should hold the government to its assertion that the only purpose for which it wishes to present them is as attenuated evidence to "rebut" Mr. Barrett's allegations of deficient performance. Doc. 313 at 4 & 5. The government asserts no grounds for admitting the proposed evidence as relevant to prejudice. *Id.* at 5.

However, in responding to Mr. Barrett's Motion to Preclude Post-Hoc Rationalizations (Doc. 295), the government asserts it intends to offer Bianco and LaFortune in order to "weaken Barrett's efforts to demonstrate that the omission of mental health evidence in any way prejudiced the verdict." Doc. 314 at 5. The government cannot contend these witnesses would

---

[2] The government has acknowledged that it prepared the trial attorneys' declarations and they adopted them as their own statements. Doc. 318 at 2.

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

5

have been available to it at the time of trial in that the government admits it only learned of them through discovery associated with Mr. Barrett's post-conviction claim. *Id.* at 4. Therefore, these witnesses are irrelevant to any prejudice inquiry.

**Jeanne Russell.** The government's proposed use of Dr. Russell's reports as "expert opinion that Mr. Barrett did not exhibit symptoms of a major mental illness but that his negative behaviors were 'exacerbated by drug use'" (Doc. 313 at 4), must be rejected. As to prejudice, due to this Court's order precluding the trial prosecutors from knowing of her evaluation unless she was called by the defense, any expert opinion she had to offer was not available to the government.

As to either deficient performance or prejudice, the government cannot present Dr. Russell as an expert because it failed to comply with this Court's Scheduling Order by designating Dr. Russell as an expert witness. Further, the government is fishing in an empty pond. Dr. Russell has already provided this Court with a declaration stating that she did not evaluate Mr. Barrett's psychological make-up and her focus was solely on whether he would pose a future risk of violence, concluding, correctly, that he would not. Ex. 56. *Cf. Wiggins*, 539 U.S. at 532 (rejecting attempt to rationalize trial counsel's omissions with their decision to hire a psychologist because "counsel's decision to hire a psychologist sheds no light on the extent of their investigation into petitioner's social background").

As to deficient performance, by her own account, Dr. Russell did not evaluate Mr. Barrett to determine the existence *vel non* of a major mental illness, Ex. 56, and, also by her own account, trial counsel approached her too late for her to conduct a thorough investigation of his background. *Ibid.* The government's evidence is irrelevant and an attempt to misrepresent the historical facts of what occurred prior to the penalty phase.

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

**Steven Pitt.** The government again demonstrates its lack of coherence when it asserts that it intends to present expert testimony "that Barrett does not *now* suffer from a major mental illness, nor did he at the time of the crime," Doc. 313 at 4 (emphasis added), and to "corroborate" that opinion (formed, apparently, before Dr. Pitt evaluated Mr. Barrett) "with evidence from Barrett's BOP records," *ibid*. This Court has ruled that Mr. Barrett may not present evidence of his current mental health condition, although Mr. Barrett indicated no intention to do so. The government asserts that Dr. Pitt has already relied upon records that did not exist at the time of trial when forming or reforming his opinions. For the reasons previously stated, given that Dr. Pitt supported his opinions with evidence that did not exist at the time of trial, his opinions could not have been presented at the time of trial. At the same time the government affirmatively states it does not intend "to pursue a novel theory of aggravation." Doc. 313 at 5. Therefore, Dr. Pitt has no relevant testimony.

**Roseann Schaye.** Lastly, the government intends to offer reports from Roseann Schaye, Govt. Ex. List, and then to impeach her professional judgment and credibility with evidence that she "suffered a suspension of her counseling credentials." Doc. 313 at 5. Again, the government's position is incoherent. Mr. Barrett asserts, as defense counsel John Echols did pretrial, that Ms. Schaye's work during the state court proceedings was preliminary and inadequate, that counsel demonstrated that they recognized the need to go beyond Schaye's efforts (or what they knew of them) when they asked Dr. Russell to conduct a mitigation investigation, and that due to counsel's lack of diligence, no thorough investigation was conducted. The parties agree the mitigation investigation by Ms. Schaye was inadequate. The attack on her, however, is inaccurate, inadmissible and unnecessary.

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

7

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests this Court enter an order binding the government to its representations and precluding the evidence proffered in the government's Response in Opposition.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

8

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 15th day of February 2017, I caused the foregoing

Petitioner's Reply to the Government's Response in Opposition to Petitioner's Motion in Limine

to Preclude Novel Theories of Aggravation to be filed with the Clerk of the Court using the ECF

System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey

B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge,

there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Exclude Novel Theories of Aggravation

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

9