DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:          dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:          Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF OKLAHOMA

| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
|---|---|---|
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S REPLY TO THE** |
| | ) | **GOVERNMENT'S RESPONSE IN** |
| UNITED STATES OF AMERICA, | ) | **OPPOSITION TO PETITIONER'S** |
| | ) | **MOTION IN LIMINE TO EXCLUDE** |
| Respondent. | ) | **POST-HOC RATIONALIZATIONS** |
| | ) | |

Petitioner, Kenneth Eugene Barrett, by and through undersigned counsel, has moved this

Court for an order precluding the government from relying on post-hoc rationalizations for trial

counsel's challenged acts and omissions. (Doc. 295.) The government has filed a Response in

Opposition (Doc. 314). Mr. Barrett makes the following reply to the government's Response.

Petitioner's Reply to Government's Response                                          *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine                                     OK-ED No. 6:09-cv-00105-JHP
To Exclude Post-Hoc Rationalizations

1

Lacking a valid legal basis for its strategy, the government seeks to recast Mr. Barrett's motion as relating to "any testimony concerning the attorneys' tactics." Doc. 314 at 2; *id.* at 3 ("effort to foreclose any testimony about counsel's tactics"). As stated in the Motion, Mr. Barrett objects to the government introducing trial counsel to information of which they lacked personal knowledge at the time relevant to these proceedings.

The government attempts to circumvent the Tenth Circuit's admonition that "'an uninformed choice is not a reasonable tactical decision,'" Doc. 314 at 3 (quoting *United States v. Barrett*, 279 F.3d 1207, 1228 (10th Cir. 2015)), with what the government unconvincingly claims is "a far more nuanced and permissive attitude" to be found in *Harrington v. Richter*, 562 U.S. 86, 109 (2011), which "does not bar any evidence; it merely guides the discretion of the courts in considering the reasons for counsel's actions." Doc. 314 at 3. Mr. Barrett submits that if *Richter* bars post-hoc rationalizations for counsel's actions, as it plainly does, then evidence supporting those "reasons" is irrelevant. The Tenth Circuit was aware of the then-four-year-old decision in *Richter* when it announced its decision in this case. The Tenth Circuit's view is consistent with *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and *Wiggins v. Smith*, 539 U.S. 510, 526-27 (2003), two leading cases applied in *Richter*, whereas, for the reasons stated in the Motion, the government's strategy is utterly inconsistent with that clearly established law.

The government is free to ask trial counsel to "explain[] themselves," Doc. 314 at 4, provided those explanations are for counsel's *conduct* and the explanations are based on information counsel actually possessed and considered when they acted or failed to act. This Court has clear instructions to make "every effort . . . to eliminate the distorting effects of hindsight, to *reconstruct the circumstances* of counsel's challenged *conduct*, and to evaluate *the conduct from counsel's perspective at the time*." *Strickland*, 466 U.S. at 689 (emphasis added).

Petitioner's Reply to Government's Response     *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine    OK-ED No. 6:09-cv-00105-JHP
To Exclude Post-Hoc Rationalizations

2

What the government offers is not *re*constructive testimony about counsel's *conduct*, but newly constructed *opinions*, also known as hindsight, about information trial counsel failed to uncover. Present-day opinions about information trial counsel did not consider at the relevant time do not make counsel's explanations for their conduct at the time any more or less likely. Clearly the government lacks a reasonable explanation for those decisions, and that is why the government wants to waste this Court's time with evidence "of the circumstances that *would have* informed a reasonable attorney's decision making." Doc. 314 at 5 (emphasis added).

Consider the government's intention "to show that the attorneys were unaware of evidence that might have reasonably led them to undertake further investigative efforts" because it "explains the circumstances in which counsel made decisions." Doc. 314 at 4. As the Tenth Circuit's decision indicates, Mr. Barrett is prepared to "demonstrat[] that counsel knew or had reason to know of [Dr.] Sharp's findings and that the information available to them would have led reasonable attorney [*sic*] to undertake further investigation." *Ibid.* But that does not support the *converse* position taken by the government now, i.e. that trial counsel *would not have* pursued information if they had been aware of it because of an uninformed "decision" to pursue a different tack. *Barrett*, 279 F.3d at 1228.

The government's absurd inversion of the inquiry reaches its zenith when the government suggests that excluding post-hoc rationalizations "would require this Court to determine the reasonableness of counsel's conduct on the basis of evidence they necessarily did not have – the post-trial mental health opinions offered by the defense – in favor of evidence they did." Doc. 314 at 5.

In keeping with previously cited Supreme Court and Tenth Circuit law, this Court may not indulge in speculation about what trial counsel "[p]resumably . . . knew." Doc. 314 at 4. The

Petitioner's Reply to Government's Response
In Opposition to Petitioner's Motion in Limine
To Exclude Post-Hoc Rationalizations

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

3

purpose of the hearing is determining what counsel *actually* knew and what they did or didn't do with that knowledge. If the government is unable to establish a foundation based on counsel's actual, personal knowledge, as Fed. R. Evid. 602 requires, it may not ask trial counsel about Faust Bianco and Kathy LaFortune. If trial counsel had relied upon either of those state-court consultants, they would have said so in their declarations responding to Mr. Barrett's assertion that counsel unreasonably failed to investigate his mental health history and condition. Trial counsel did not mention either, and, as the government admits, trial counsel were ignorant of the more recent evaluation by Dr. Sharp. Doc. 314 at 4.

Trial counsel's failure to mention Dr. Bianco or Dr. LaFortune in response to Mr. Barrett's specific allegation that they failed to conduct a psychiatric or neuropsychological evaluation should be viewed as an adoptive admission by silence that neither state-court consultant played any role in their decision-making, *Cf. United States v. Pulido-Jacobo*, 377 F.3d 1124, 1132 (10th Cir. 2004); Fed. R. Evid. 801(d)(2), in the absence of any evidence that the omissions were "innocent failure[s] of recollection." Doc. 314 at 4. It is extraordinarily unlikely that both trial counsel forgot not only the unusual names Faust Bianco and Kathy LaFortune, but that they also forgot that there was *any* expert opinion that lay behind their failure to consult mental health experts.

Petitioner's Reply to Government's Response                                          *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine                                      OK-ED No. 6:09-cv-00105-JHP
To Exclude Post-Hoc Rationalizations

4

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests this Court enter an order precluding the government from asking trial counsel what they would have done with information they did not possess and consider at the time of their challenged conduct.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Reply to Government's Response                                   *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine                                OK-ED No. 6:09-cv-00105-JHP
To Exclude Post-Hoc Rationalizations

5

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 15th day of February 2017, I caused the foregoing Petitioner's Reply to the Government's Response in Opposition to Petitioner's Motion in Limine to Preclude Post-Hoc Rationalizations to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to Government's Response       *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine      OK-ED No. 6:09-cv-00105-JHP
To Exclude Post-Hoc Rationalizations

6