DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:        dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
|---|---|---|
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S REPLY TO THE** |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| UNITED STATES OF AMERICA, | ) | **PETITIONER'S COMBINED** |
| | ) | **SUPPLEMENTAL MOTION TO** |
| Respondent. | ) | **EXPAND THE RECORD** |
| | ) | |

On February 1, 2017, Petitioner Kenneth Eugene Barrett filed his Supplemental

Motion to Expand the Record (Doc. 299), requesting that this Court repeat its prior order

(Doc. 161) by expanding the record with Exhibits 206-220, which were proffered with

Mr. Barrett's Reply to the Government's Response in Opposition to the Second Amended

Petitioner's Reply to Government's Response                    *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                  OK-ED No. 6:09-cv-00105-JHP

1

Motion to Vacate (Doc. 178).[1] On February 8, 2017, the government timely filed its Response (Doc. 317). The government's position is unclear: it does not oppose Mr. Barrett's Motion "to the extent the Government maintains the right to interpose objections to the admissibility of certain contents of the exhibits should they be offered as evidence in the evidentiary hearing." (Doc. 317.) Mr. Barrett makes the following Reply to the government's Response.

On December 6, 2016, this Court issued a scheduling order directing the parties to file motions in limine and *Daubert* motions by February 1, 2017. (Doc. 270.) Mr. Barrett viewed his Supplemental Motion as consistent with the basic purpose of a motion in limine which is "to enable[] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 302-03 (1996) (quotation omitted); *Starling v. Union Pacific Railroad Co.*, 203 F.R.D. 468, 482 (D. Kan. 2001). The Advisory Committee Notes on the Adoption of Rule 7 of the Rules Governing § 2254 Cases state that record expansion similarly serves to improve the efficiency of the fact-finding process by expanding the evidentiary record in lieu of live testimony. R. Gov. § 2254 Cases 7, Advisory Committee Notes on Adoption (cited by R. Gov. § 2255 Proceedings, Advisory Committee Notes on Adoption). In light of the government's Response to Mr. Barrett's Motion in Limine to Rely Upon Declarations for Direct-Examination Testimony, it is clear that the government understood Mr. Barrett's purpose. Doc. 320 at 2.

---

[1] This Court's prior order granted Mr. Barrett's Motion to Expand the Record with Exhibits 1 through 57, 59 through 118, 139 through 143, 144A, 144B, 145, 146, and 147A-G.

Petitioner's Reply to Government's Response
To Motion to Recuse and Disqualify the Court

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

The government's vague statement "maintaining the right to interpose objections" is, in fact, no response. The Response contradicts itself in that it does not oppose expansion of the record but leaves open the possibility of objecting to the evidence after it is in the record. The Response is inconsistent with the Scheduling Order inviting motions in limine and directing the parties to file statements of disputed and undisputed facts and to state how long the hearing will be. And the Response is at odds with the purpose of Rule 7 and motions in limine more generally. Mr. Barrett's Motion "g[a]ve the party against whom the additional materials are offered an opportunity to admit or deny their correctness." R. Gov. § 2255 Proc. 7(c).

The government has had more than six years to ascertain whether the declarations are correct. The plain language of Rule 7(c) and this Court's prior order put the government on notice that it should have presented in its Response any objections the government has to the admission into evidence of the specified declarations.

## CONCLUSION

For the reasons presented here and in the Motion, Mr. Barrett respectfully requests that this Court enter an Order admitting into the record Supplemental Exhibits 206-220.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Reply to Government's Response
To Motion to Recuse and Disqualify the Court

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 15th day of February 2017, I caused the foregoing Petitioner's Reply to the Government's Response to Petitioner's Combined Supplemental Motion to Supplement the Record to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to Government's Response                    *Barrett v. United States*,
To Motion to Recuse and Disqualify the Court                    OK-ED No. 6:09-cv-00105-JHP

4