**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com


**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org


Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S REPLY TO THE** |
| | ) | **GOVERNMENT'S RESPONSE IN** |
| UNITED STATES OF AMERICA, | ) | **OPPOSITION TO PETITIONER'S** |
| | ) | **MOTION IN LIMINE TO PREVENT** |
| Respondent. | ) | **WITNESS COLLUSION** |
| | ) | |

Petitioner, Kenneth Eugene Barrett, has moved this Court for an order precluding the

government from distorting witnesses' hearing testimony by advising them of factual

information they did not possess at the relevant time. (Doc. 300.) The government has filed a

Response in Opposition to that motion. (Doc. 318.) Mr. Barrett makes the following reply.

"A fair assessment of attorney performance requires that every effort be made to

Petitioner's Reply to the Government's Response                                    *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine to                                  OK-ED No. 6:09-cv-00105-JHP
Prevent Witness Collusion                                1

eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The government's responses to Mr. Barrett's motions in limine leave no doubt that the government hopes to confront trial counsel with statements and writings without a laying a foundation of personal knowledge, *cf.* Fed. R. Evid. 602, in the hope that counsel will testify either that they would have been influenced by a statement or writing if they had known about it, *e.g.*, Doc. 314 at 5, or that they would not have presented a witness's testimony if they had known what the witness would say. *See generally* Doc. 314.

It is undisputed that in furtherance of this strategy the government has already shown trial counsel evidence they did not possess in the form of Dr. Bill Sharp's opinions, Doc. 314 at 4, and that the government asked trial counsel to review his declaration and the declaration of Jeanne Russell after this Court expanded the record to include them. *See* Doc. 300 at 1-2. Under these undisputed circumstances, this Court is being asked to issue an order that will eliminate the distorting effects of the government's strategic reliance on hindsight and extra-judicial efforts to "reconstruct" trial counsel's perspective.

The government is correct that the witness sequestration rule "[o]n its face . . . applies to testimony," Doc. 318 at 2, but the government is wrong that "none has been taken here." *Ibid.* Mr. Barrett previously moved this Court to expand the record with his witnesses' declarations and this Court granted that motion *before* the government presented those declarations to other witnesses. Order (Doc. 161). More importantly, the government could not and does not dispute this Court's power to enter orders directed at achieving the purposes of the witness sequestration rule prior to the hearing. Those purposes—"to prevent the shaping of testimony by one witness

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Prevent Witness Collusion                    2

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

to match that of another, and to discourage fabrication and collusion"[1]—are entirely consistent with *Strickland*'s requirements for a fair assessment of trial counsel's conduct. Under the undisputed circumstances of this case, an order directing the government not to expose trial counsel to information they did not rely upon at the relevant time is necessary to ensure a fair assessment.

Indeed, the government's methods are unfair to trial counsel insofar as they will make it far more difficult for trial counsel to distinguish between those writings or statements that actually formed part of their perspective at the time and those that existed prior to trial, but that counsel did not review. In sum, allowing the government to expose trial counsel to information extra-judicially, without first establishing that counsel possessed and considered the information at the relevant time, can only serve to make more difficult the job of reconstructing the circumstances of counsel's challenged conduct.

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests this Court enter an order precluding the government from further exposing trial counsel to statements or writings of other witnesses or potential witnesses, or other documents that trial counsel have not already identified as containing information they relied upon.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,
/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

---

[1] *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981).

Petitioner's Reply to the Government's Response                                    *Barrett v. United States*,
In Opposition to Petitioner's Motion in Limine to                                  OK-ED No. 6:09-cv-00105-JHP
Prevent Witness Collusion                          3

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 15th day of February 2017, I caused the foregoing Petitioner's Reply to the Government's Response in Opposition to Petitioner's Motion in Limine to Preclude Witness Collusion to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to the Government's Response
In Opposition to Petitioner's Motion in Limine to
Prevent Witness Collusion                    4

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP