DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S REPLY TO THE** |
| | ) | **GOVERNMENT'S RESPONSE IN** |
| UNITED STATES OF AMERICA, | ) | **OPPOSITION TO PETITIONER'S** |
| | ) | **MOTION IN LIMINE TO RELY** |
| Respondent. | ) | **UPON DECLARATIONS FOR** |
| | ) | **DIRECT-EXAMINATION** |
| | ) | **TESTIMONY** |

Petitioner Kenneth Eugene Barrett has filed a Motion asking that the Court accept

as direct-examination testimony previously filed declarations of lay witnesses. (Doc.

303.) The government then filed a Response in Opposition. (Doc. 320). In its Response,

the government admits that there is no legal basis to oppose Mr. Barrett's Motion ("The

Petitioner's Reply to Government's Response
In Opposition to Petitioner's Motion in Limine
to Rely Upon Declarations For Direct-Examination
Testimony

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

1

government also recognizes that courts can and do rely on declarations in lieu of direct testimony during § 2255 evidentiary proceedings." (Doc. 320 at 2.)) Instead, the government objects to the "vagueness" of Mr. Barrett's request, stating that Mr. Barrett's motion "does not identify any particular witness or declaration who might come within the proposed order." *Id.* Mr. Barrett now submits this Reply to the government's Response.

If the Court grants his Motion, Mr. Barrett will present most of his lay witnesses' direct-examination testimony by declaration, although he will supplement some witnesses' testimony with oral examination. The government points to no authority stating that Mr. Barrett must identify at this point exactly which declarations or parts of declarations he will rely upon as direct-evidence testimony.

The government asserts that "[w]ithout knowing who might actually appear to testify in court, the government is left to prepare for a multitude of different scenarios." (Doc. 320 at 3). That statement borders on the ridiculous. The parties have exchanged potential witness lists and are preparing a detailed prehearing statement. By providing the government with a witness list and proposing to present direct-examination testimony by declaration—declarations the government has had for six to eight years—the government has far greater ability to prepare than it would have before a trial. Litigation necessarily entails the preparation of a "multitude of different scenarios." In any event, Mr. Barrett is under no obligation to lessen the government's labors. The self-evident purpose of Mr. Barrett's motion is aiding the *Court*.

Offering evidence by declaration saves time and court resources. In its Scheduling Order, this Court stated that it "encourages the submission of written exhibits in lieu of

Petitioner's Reply to Government's Response                                          *Barrett v. United States,*
In Opposition to Petitioner's Motion in Limine                               OK-ED No. 6:09-cv-00105-JHP
to Rely Upon Declarations For Direct-Examination
Testimony

live testimony." (Doc. 246.). Mr. Barrett is doing that. The government is obstructing the Court's efforts.

The government is put at no disadvantage by Mr. Barrett's reliance on declarations. The government has never questioned the reliability of the declarations. Most important, Mr. Barrett stated in his Motion that he will make available for cross-examination any witness whom the government wishes to cross-examine. Thus, the government will have every opportunity at hearing to question Mr. Barrett's direct-examination testimony.

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests that this Court grant his Motion allowing him to rely upon declarations as direct-examination testimony.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Reply to Government's Response
In Opposition to Petitioner's Motion in Limine
to Rely Upon Declarations For Direct-Examination
Testimony

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 15th day of February 2017, I caused the foregoing Petitioner's Reply to the Government's Response in Opposition to Petitioner's Motion In Limine To Rely Upon Declarations For Direct-Examination Testimony to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to Government's Response
In Opposition to Petitioner's Motion in Limine
to Rely Upon Declarations For Direct-Examination
Testimony

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP