**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:      (405) 521-9600
Facsimile:      (405) 521-9669
E-mail:         dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:      (916) 498-6666
Facsimile:      (916) 498-6656
E-mail:         Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
|---|---|---|
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S REPLY TO** |
| | ) | **GOVERNMENT'S RESPONSE IN** |
| UNITED STATES OF AMERICA, | ) | **OPPOSITION TO COMBINED** |
| | ) | **MOTION IN LIMINE TO EXCLUDE** |
| Respondent. | ) | **TESTIMONY FROM, AND ANY** |
| | ) | **EVIDENCE RELATED TO,** |
| | ) | **PROPOSED EXPERT J. RANDALL** |
| | ) | **PRICE** |
| | ) | |

Mr. Barrett moved to exclude testimony from, and any evidence related to, proposed expert

J. Randall Price, on grounds that admission of any such testimony by Price, and in particular his

risk assessment, would violate Federal Rules of Evidence 702, 104 (a), 18 U.S.C. § 3593(c), and

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

1

the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution. In its Response, the government: (1) asserted that *Daubert* and the Rules of Evidence do not dictate the admission of evidence at a federal penalty phase trial, and that Mr. Barrett's attempt to exclude Price "should fail as a matter of law," notwithstanding its refusal to address binding statutory and constitutional authority; (2) claimed that the government "had a right to rebut Dr. [George] Woods' findings with those of Dr. Price," despite the fact that Dr. Price hazarded his "rebuttal" opinions *years before* Dr. Woods was even retained by Mr. Barrett; and (3) purported that Dr. Price "only made a limited finding" regarding psychopathy as a reliable predictor of future dangerousness, and that diagnosis "remains probative of that aggravator," "would have informed the decision" of trial counsel "to present mental health evidence" had his original report been available to them, and that Price more broadly responds to Mr. Barrett's post-conviction evidence of neurocognitive deficits.

The government's response altogether ignores the law and the substance of the issues before this Court to the extent that it borders on incoherence. The confusion stems from the government's bald desire to introduce highly prejudicial evidence of future dangerousness premised on an entirely new theory, psychopathy, not previously presented to the jury and contravened by governing authority, both scientific and legal. Accordingly, Dr. Price's testimony must be excluded from the evidentiary hearing.

## I.    The Government's Response Ignores and Mischaracterizes the Law

The government does not address whether Dr. Price's opinions are admissible under 18 U.S.C. § 3593(c)'s exclusionary rule and does not address the related question whether the Fifth, Sixth, and Eighth Amendments bar the admission of Dr. Price's opinions. Overmatched by these authorities, the government wrestles with the more narrow *Daubert* issue.

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

2

The "government disagrees that *Daubert* and the Rules of Evidence dictate the admissibility of evidence for purposes of any penalty phase trial." Doc. 321 at 5. But the government ignores authorities cited in the Motion that relate *Daubert* and Rule 702 to § 3593(c)'s exclusionary rule and to Eighth Amendment prohibitions on unreliable aggravating evidence. Unable to the defend on scientific or legal grounds the reliability of Dr. Price's opinion that psychopathy predicts future dangerousness in prison, the government sheepishly demurs that "Dr. Price made only a limited finding in this regard" and he "did not make a particular effort to correlate psychopathy with dangerousness." *Id.* at 5-6. For the reasons exhaustively demonstrated by Dr. Reidy's declaration in support of petitioner's motion, Dr. Price's methods and conclusions are not probative of the only issues on which the government would have him testify, namely, future dangerousness *in prison* and whether Dr. Woods or Dr. Young accurately diagnosed Mr. Barrett.

Arguing that relaxed evidentiary standards govern penalty phase proceedings, the government unintelligibly asserts "the relaxed evidentiary standard of the Federal Death Penalty Act serves, rather than undermines, the Constitution's insistence on heightened reliability. *United States v. Fell*, F.3d 135, 145 (2d. Cir. 2004); *United States v. Jones*, 132, F.3d 232, 241-42 (5th Cir. 1998). As such, the Court need not make separate determination (*sic*) under § 3593 and the Eighth Amendment." *Id.* at 5, n. 1.

First, the government's argument altogether ignores the exclusionary rule in § 3593(c). That rule provides *greater protection* than the Federal Rules of Evidence, not "more relaxed evidentiary standards." *Compare* 18 U.S.C. § 3593(c) ("information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

3

misleading the jury;") *with* Fed. R. Evid. 403 ("court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence") (emphasis added); *see also* Doc. 305 at 12.

Second, even under the scant authority the government cites, § 3593(c) still bars any and all testimony that proves more prejudicial than probative—regardless of *Daubert* and the Federal Rules. *Compare* Doc. 321 at 5, n. 1 (citing *Fell)* with *Fell,* 360 F.3d at 145 (noting *inter alia* that Fed. R. Evid. are not "the only means to safeguard [petitioner's] rights," and that the balancing test under § 3593(c) continues to exclude testimony found more prejudicial than probative; "under the FDPA Standard, 'judges continue their role as evidentiary gatekeepers and[, pursuant to the balancing test set forth in § 3593(c),] retain the discretion to exclude any type of unreliable or prejudicial evidence that might render a trial fundamentally unfair" . . . . [I]f the district court were to conclude that admission of statements . . . would unfairly prejudice [him], it would be obligated by the FDPA Standard to exclude them . . . .") (citations omitted). The government does not dispute the studies cited in Dr. Reidy's declaration finding that psychopathy is a highly prejudicial diagnosis, and it does not dispute the studies finding that psychopathy is not probative of future dangerousness in a prison setting. Thus, the government effectively concedes that the statutory balancing test—which remains in full force—mandates the exclusion of Dr. Price's nominally probative testimony.

Third, the tenuous authority the government cites in support of its argument for disregarding the Eighth Amendment is also inapposite. The government cites *Jones,* which *also* makes plain that prejudicial evidence must be excluded by operation of the Eighth Amendment

Petitioner's Reply to Government's Response                                          *Barrett v. United States*,
In Opposition to Combined Motion in Limine                                    OK-ED No. 6:09-cv-00105-JHP
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

4

and the statutory balancing test of 18 U.S.C. § 3593(c). *Compare* Doc. 321 at 5, n. 1 (citing *Jones*) *with Jones*, 132 F.3d at 241-42 (quoting Eighth Amendment authority *Gregg v. Georgia*, 248 U.S. 153, 204, "*So long as the evidence introduced and the arguments made . . . do not prejudice a defendant*, it is preferable not to impose restrictions . . . .") (emphasis added); concluding "[a]lthough the sentencing hearing will not be governed by traditional evidentiary restraints, the district court will prevent the evidentiary free-for-all prophesied by [petitioner] by excluding unfairly prejudicial information under the standard enunciated in . . . . § 3593(c) . . . . Consequently, the . . . evidentiary standard . . . helps to accomplish the individualized sentencing required by the constitution . . . .").

Additionally, *Jones* inexplicably ignores the constitutional evidentiary requirements imposed by the U.S. Supreme Court in *Barefoot v. Estelle*. *See* Doc. 305 at 15-17. The government does not attempt to validate Price's testimony with a purported, known error for his PCL-R based prediction of violence, because any such error rate would exceed the constitutional floor of two-thirds mandated by *Barefoot*: accordingly, the government's proffered testimony still derogates the Eighth Amendment. *Id.*

Fourth, the government fails to address the issues arising under the Fifth and Sixth Amendments. The government silence indicates it has no response to this Court's prior ruling that the Fifth and Sixth Amendments bar Price's rebuttal without the introduction of testimony by Dr. Jeanne Russell, which Dr. Price's opinion was singularly intended to refute. *See generally* Doc. 305 at 4-5. Nor does the government present any argument as to why wholly unreliable "expert" testimony by Price would not render the sentencing hearing fundamentally unfair. *Id.* at 17. Indeed, given that this case has been remanded for the purpose of determining whether trial counsel were

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

5

ineffective for, among other things, making an uninformed decision to have Dr. Russell update her 2003 risk assessment while conducting no real investigation of mental health mitigation, the use of Dr. Price would amount to quintessential unfair prejudice under § 3593(c).

Fifth, as to *Daubert*—the sole issue addressed in the Response—the government's argument fatally miscarries. The government cites *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), in support of its claim that the "Barrett's attempt to forestall the psychopathy diagnosis . . . should fail as a matter of law." Doc. 321 at 5. *Lee*, however, remains easily distinguishable. In *Lee*, the defendant introduced expert mental health evidence *at trial,* and the government then "exceeded the scope of . . . direct" examination by cross-examining on psychopathy. *Lee*, 274 F.3d at 495.

In the instant matter, Mr. Barrett never introduced testimony by Dr. Jeanne Russell at trial. The evidence Mr. Barrett has proffered in these post-conviction proceedings is of an entirely different kind than that proffered in Dr. Russell's report. Accordingly, Mr. Barrett has never "opened the door" to testimony about a risk assessment, and Dr. Price's opinions remain barred by the Fifth and Sixth Amendments. As well, Dr. Price's testimony now presents a novel theory of aggravation over a decade after trial—long after the jury rejected a finding of future dangerousness. On this basis, also, Dr. Price's testimony must be excluded. *See generally* Doc. 304. Finally, notwithstanding its factual distinction from the instant matter, the *Lee* opinion has never been followed—never been cited—by any federal or state court for the proposition the government asserts, i.e., the government can exceed the scope of direct testimony on mental health by introducing unreliable, allegedly "non-prejudicial" testimony of psychopathy on cross-examination.

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

6

Instead, federal courts have repeatedly applied *Daubert* to evaluate the reliability of expert predictions of future violence in capital sentencing proceedings, s*ee, e.g., Flores v. Johnson*, 210 F.3d 456, 463-70 (5th Cir. 2000) (Garza, J., concurring); *United States v. Sampson*, 335 F. Supp. 2d 166, 218-23 (D. Mass. 2004). In keeping with *Daubert*, federal courts at the time of petitioner's trial routinely excluded use of the PCL-R and diagnoses of psychopathy in predicting danger as insufficiently reliable. *See, e.g., United States v. Taylor*, 320 F. Supp. 2d 790, 794 (N.D. Ind. 2004) ("due to the uncertainty of the validity and reliability of the PCL–R as it is used in capital sentencing hearings, the government and any of its experts is prohibited from utilizing this test in evaluating [defendant] . . . ."). *Daubert* dictates that predictions of future danger premised on the PCL-R and psychopathy should be excluded as invalid and unreliable.

## II.    The Government Does Not Have a "Right" to Rebut Dr. Woods' Mental Health Testimony with Testimony on Psychopathy by Dr. Price

The government's assertion that it has a "right" to rebut Dr. Wood's mental health testimony with Dr. Price's findings on psychopathy are specious. The case law the government cites stands for no such proposition, but instead merely states that the government has an obligation to present defenses—not a right—and any defenses not so presented remain waived. *Compare* Doc. 321 at 3 (asserting "right to rebut, citing *Smith*) *with Smith v. Richards*, 35 F.3d 300, 305 (7th Cir. 1994) ("the respondent must put in all his defenses, on pain of forfeiture if he does not . . . ."). Moreover, rebuttal testimony must be "reasonably tailored to the evidence it seeks to refute." *United States v. Stitt*, 250 F.3d 878, 897-98 (4th Cir. 2001) (abuse of discretion to admit irrelevant testimony in rebuttal); *accord Tanberg v. Sholtis*, 401 F.3d 1151, 1166-67 (10th Cir. 2005) ("rebuttal evidence is evidence which attempts to 'disprove or contradict' the evidence to which it is contrasted . . . . Rebuttal evidence is not any evidence an aggrieved litigant may wish to admit

Petitioner's Reply to Government's Response                                                    *Barrett v. United States*,
In Opposition to Combined Motion in Limine                                    OK-ED No. 6:09-cv-00105-JHP
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

7

in response to a topic introduced by his opponent; whether or not rebuttal evidence is admissible depends on "whether the initial proof might affect the case and whether the rebuttal evidence fairly meets the initial proof"; upholding trial court's exclusion of proffered rebuttal evidence as proper due to confusion of issues) (citations omitted).

Plainly, Dr. Price's report and attendant testimony are not reasonably tailored to refute Dr. Woods' opinions—opinions which *followed* Price by some four years. Dr. Price's "rebuttal" presents a novel theory of psychopathy absent from Dr. Woods' mental health opinions, and Price therefore proves inadmissible. *Boles v. United States*, No. 1:13 CV 489, 2015 U.S. Dist. LEXIS 42332, at *5 (M.D.N.C. Apr. 1, 2015) ("'[R]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.'") (citation omitted).

Further, Dr. Price's report must be excluded because it does not specifically address the mental health opinions of petitioner's experts it allegedly seeks to "refute." *Id.* ("[e]xpert reports that . . . do not directly contradict or rebut the actual contents of [a previously-submitted] report . . . do not qualify as proper rebuttal or reply reports . . . .") (citation omitted). Dr. Price's testimony on psychopathy, the PCL-R, and antisocial personality features do not fall within the scope of proper rebuttal to petitioner's mental health evidence, as federal courts have concluded. *See, e.g., United States v. Williams*, 731 F. Supp. 2d 1012, 1021-24 (D. Haw. 2010) ("To allow the government experts to go beyond rebutting Defendant's expert testimony that he has [mental health conditions and brain damage] and affirmatively assert that Defendant suffers from psychosis or Anti-Social Personality Disorder and that either of those conditions actually caused him to commit the alleged acts, is tantamount to using Defendant's own statements, for which he has not

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

8

waived his *Fifth Amendment* rights, against him in a criminal proceeding . . . ."; "[i]n response [to [petitioner's proffer], the government asserts that the possible introduction of evidence that Defendant is a psychopath or has Anti-Social Personality Disorder is appropriate to rebut Defendant's [evidence of mental health conditions and brain damage]. Such a proposition is not tenable . . . . The Court finds . . . the PCL-R exceeds the scope of admissible rebuttal by the prosecution . . . . [A]ny diagnosis made as a result of the PCL-R exceeds the scope of the examination required to directly rebut Defendant's [evidence of mental health conditions and brain damage], and is therefore inadmissible . . . ."). Again, the government does not dispute Dr. Reidy's conclusion that the scientific community has rejected the PCL-R and risk assessment methodology generally as part of the process of differential diagnosis. There is no evidence in existence or before this Court that Dr. Price's methods or conclusions have any bearing on the opinions of Dr. Woods or Dr. Young. Therefore, Dr. Price's testimony does not properly rebut petitioner's mental health evidence, and it must not be admitted at the hearing.

### III.     The Government's Claim that Dr. Price Made a "Limited Finding" of Psychopathy is Misplaced, Given the Prejudice Such a "Finding" Engenders

The government asserts that Price made a "limited finding" of psychopathy that "remains probative" of future danger, and that somehow, Dr. Price's findings—"had they been known to defense counsel—would have informed the decision [of trial counsel] to present mental health evidence . . . ." Doc. 321 at 5-6. However, the government's conjectural argument puts the cart before the horse: trial counsel did not present any mental health evidence, nor did it present risk assessment testimony by Dr. Jeanne Russell at trial. The existence of Dr. Price's later evaluation rebutting Russell—whose opinions trial counsel and post-conviction counsel never relied upon as

Petitioner's Reply to Government's Response                                                         *Barrett v. United States*,
In Opposition to Combined Motion in Limine                                                    OK-ED No. 6:09-cv-00105-JHP
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

9

evidence in mitigation and never presented to the jury—remains utterly beside the point, as to trial counsel's deficiencies. The government is merely attempting to construct a post-hoc rationalization for trial counsel's failures. That line of argument is foreclosed by the law governing this hearing, including the Tenth Circuit's decision in this very case. *United States v. Barrett*, 279 F.3d 1207, 1228 (10th Cir. 2015); *Wiggins v. Smith*, 539 U.S. 510, 526-527 (2003); *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Moreover, *even if* Price's finding of psychopathy has any probative value of dangerousness—a contention petitioner disputes—Mr. Barrett has demonstrated that the strong prejudicial effect of any such testimony outweighs its utility. *See generally* Doc. 305 at 12-15. As such, Price must be excluded altogether from the evidentiary hearing. If the Court admits any testimony by Price, it must bar his use of the PCL-R, MMPI, PAI, along with his diagnosis of "psychopathy" and "personality disorder, NOS, with Antisocial, Psychopathic . . . Traits/Features," and his predictions of future danger, and it must narrowly circumscribe his opinions to petitioner's mental health diagnoses and his neuropsychological functioning. However, in view of the Court's possible admission of rebuttal testimony by Dr. Steven Pitt, whose evaluation of Mr. Barrett post-dates evaluations by petitioner's experts Dr. Woods and Dr. Young, the risks of admitting any "rebuttal" testimony by Dr. Price prove too great. Dr. Price's testimony and report should be excluded from the upcoming evidentiary hearing.

## IV.    REQUEST FOR EVIDENTIARY HEARING

The government has not disputed the facts, methods or conclusions contained in Dr. Reidy's declaration. The government has put forth no evidence or factual averment calling Dr. Reidy's conclusions into question. However, should this Court believe there is a factual question to be

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

10

resolved under *Daubert* or the other authorities on which the parties rely, Mr. Barrett requests a

hearing on the disputed factual issue.

## V.   CONCLUSION

For all of the foregoing reasons, Mr. Barrett respectfully requests this Court enter an

order precluding the government from adducing at the evidentiary hearing any testimony from,

and any evidence related to, its proposed expert J. Randall Price.

DATED:  February 15, 2017

Respectfully submitted,

/s/ *David Autry*
DAVID AUTRY
Attorney at Law

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

Petitioner's Reply to Government's Response
In Opposition to Combined Motion in Limine
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

*Barrett v. United States*,
OK-ED No. 6:09-cv-00105-JHP

11

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 15th day of February 2017, I caused the foregoing

Petitioner's reply to government's Response in Opposition to Combined Motion in Limine to

Exclude Testimony from, and Any Evidence Related to, Proposed Expert J. Randall Price, to be

filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be

made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all

counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in

this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER

Petitioner's Reply to Government's Response                    *Barrett v. United States*,
In Opposition to Combined Motion in Limine                    OK-ED No. 6:09-cv-00105-JHP
To Exclude Testimony From, And Any Evidence Related
To, Proposed Expert J. Randall Price

12