**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S REPLY TO THE** |
| | ) | **GOVERNMENT'S RESPONSE IN** |
| UNITED STATES OF AMERICA, | ) | **OPPOSITION TO PETITIONER'S** |
| | ) | **MOTION FOR 18 U.S.C. § 3500** |
| Respondent. | ) | **MATERIALS CONCERNING TRIAL** |
| | ) | **COUNSEL TESTIMONY** |

Petitioner Kenneth Eugene Barrett has filed a Motion asking for early production of 18 U.S.C. § 3500 ("Jenck's Act") materials concerning trial counsel/government witnesses Roger Hilfiger and Bret Smith. (Doc. 297). Mr. Barrett further asserts that this material may go beyond the limited waiver of attorney-client privilege. The government filed a Response in Opposition to Mr. Barrett's request. (Doc. 309). Mr. Barrett now submits this Reply.

The government objects to Mr. Barrett's Motion, stating: 1) Mr. Barrett is seeking materials that the witnesses did not adopt which do not fall under the purview of the Jenck's Act; 2) due process does not require the disclosures that Mr. Barrett is seeking and; 3) Mr. Barrett failed to indicate how the witnesses may have violated the attorney-client privilege and, even if they did, Mr. Barrett points to no resulting prejudice. The government is wrong on all counts.

In addition to written statements adopted by the witnesses, the Jencks Act requires production of

1

> a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement

18 U.S.C. § 3500 (e).

The government has not stated whether a contemporaneous recorded statement or transcription was made of the sworn statements that have submitted; if so, Mr. Barrett is entitled to these recordings and/or transcriptions. The government cannot shirk its disclosure obligations by labeling material that falls squarely under the Jencks Act as "work product." This is disingenuous at best.

Next, the government boldly claims that Mr. Barrett cannot even make a due process argument, stating, "The *Brady* doctrine does not apply during collateral review."[1] This is simply not the law.

Finally, the government makes a circuitous challenge to Mr. Barrett's attorney-client privilege arguments. The government acknowledges that ineffective assistance of counsel claims imply only a limited waiver of that privilege yet argues that Mr. Barrett does not indicate how his attorneys might have run afoul of that limitation. *This is exactly the point that Mr. Barrett is making.* Mr. Barrett cannot make adequate arguments or assess whether the attorney-client privilege has been violated without adequate knowledge of the disclosures to which he is entitled under the Jencks Act.

The government further speculates that Mr. Barrett makes no showing of how the government might use such improper information. Again, Mr. Barrett cannot blindly

---

[1] For this statement, the government relies on the Supreme Court case of *District Attorney v. Osborne*, 557 U.S. 52, 68-69 (2009). That case held that post-conviction prisoners have no constitutional right to their DNA evidence.

shoot fish in a barrel. Without knowing what the improper information is, Mr. Barrett is helpless to guess how he might suffer prejudice. Mr. Barrett is not required to make any such showing before waiving his attorney-client privilege beyond the limits necessary for his ineffective assistance of counsel claims.

## Conclusion

For the foregoing reasons, Mr. Barrett respectfully requests that this Court grant his Motion for 18 U.S.C. § 3500 Materials Concerning Trial Counsel Testimony.

DATED this 15th day of February, 2017

RESPECTFULLY SUBMITTED,


*/s/ David Autry*
DAVID AUTRY

*/s/ Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

3

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 15th day of February 2017, I caused the foregoing Petitioner's Reply to the Government's Response in Opposition to Petitioner's Motion For 18 U.S.C. § 3500 Materials Concerning Trial Counsel Testimony to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

*/s/ Joan M. Fisher*
JOAN M. FISHER