**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | Case No. CV-09-00105-JHP |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF UNAVAILABLE**
**WITNESSES BY DECLARATION ALONE**

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully submits this reply in support of its motion to partially exclude the declarations of Ernest Barrett and Warren Dotson. Doc. 292. The government declines to reiterate the arguments in its motion, but incorporates them by reference.

**PROCEDURAL HISTORY**

Pursuant to a Tenth Circuit order remanding this case, the Court has scheduled an evidentiary hearing to determine whether trial counsel, Roger Hilfiger and Bret Smith, ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). The government moved to exclude, in part, the declarations of two of Barrett's proposed witnesses, Ernest Barrett and Warren Dotson, because they speak to issues outside the evidentiary standard applicable to penalty phase trials and the witnesses are unavailable for cross-examination. Doc. 292. The government now files this reply to Barrett's opposition (Doc. 322).

1

## ARGUMENT

### THE COURT SHOULD LIMIT BARRETT TO WITNESSES WHO ARE AVAILABLE FOR CROSS-EXAMINATION

The Court should bar Barrett from offering hearsay evidence unamenable to any exception, including those portions of declarations by unavailable witnesses that concern evidence other than allegedly foregone mitigation testimony.

As observed, the Federal Rules of Evidence generally apply to evidentiary proceedings under 28 U.S.C. § 2255. *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975). "Courts have generally found . . . where a witness is unavailable, the affidavit testimony should not be allowed unless the opposing party had the opportunity to cross examine the witness." *West v. United States*, No. 205-CR-124-FTM-29SPC, 2009 WL 1043962, at *6 (M.D. Fla. Apr. 16, 2009); *see generally* Fed. R. Evid. 801.

Barrett defends his right to rely on the hearsay declarations by observing that the government has no Sixth Amendment right of confrontation. Doc. 322. But the government has not claimed any such right, and limited its objections to portions of declarations that are not amenable to presentation under the Federal Death Penalty Act, 18 U.S.C. § 3593(c). Barrett fails in his attempts to analogize the evidence at issue to testimony in mitigation. *See* Doc. 322 at 4 (citing inter alia *Green v. Georgia*, 442 U.S. 95, 97(1979)). The government only seeks to exclude evidence that goes to counsel's performance or to the actions of the state police.

Barrett attempts to justify his reliance on hearsay by arguing that his witnesses would not have been unavailable but for this Court's refusal to grant a hearing earlier. The fact that the witness died before he could be called to the stand does not render his declaration reliable, or

otherwise amenable to some hearsay exception.  Barrett also argues that the government "conceded" the witnesses' factual assertions by failing to contradict them in earlier pleadings. Were this the case, Barrett would not need to present the evidence, much less do so by declaration.  Finally, Barrett argues that one declaration is amenable to the residual hearsay exception because no one has contradicted it, despite the opportunity to do so.  "Courts must use caution when admitting evidence under . . . the residual exception . . . . As this court has warned, Rule 803(24) should be used only "in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice."  *United States v. Farley*, 992 F.2d 1122, 1126 (10th Cir.1993).  Barrett makes no effort to satisfy that rule, nor could he in reference to the accounts of the defendant's necessarily interested, and possibly biased, relatives.

Accordingly, the Court should grant the motion to partially exclude declaration evidence.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to exclude in part

the declarations of Ernest Barrett and Warren Dotson.

Dated: February 15, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150


/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 15, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section