**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,           )
                                  )
            Petitioner/Defendant, )
                                  )
vs.                               )    Case No. 09-CIV-105-JHP
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent/Plaintiff. )

**ORDER**

This matter comes before the Court on the Government's Motion to Exclude Evidence of Unavailable Witnesses by Declaration Alone (Dkt. # 292). On February 8, 2017, Petitioner filed his reply (Dkt. # 322). At 9:11 p.m. on February 15, 2017, the government filed its reply (Dkt. # 335).

The government requests exclusion, in part, of the declarations of two witnesses, Ernest Barrett and Warren Dotson, because "they are unavailable for cross-examination and speak to issues outside the evidentiary standard applicable to penalty phase trials." Dkt. # 292, at p. 2. The government's motion continues by stating

> . . . .Barrett has presented declarations, in lieu of testimony by five deceased witnesses, Ernest Barrett, Ada Blount, Carl Cook, Warren Dotson and Myla Young. To the extent those declarations concern social history or mental health evidence Barrett might have offered in mitigation, the government does not object under the liberal evidentiary standard applicable to § 3593 proceedings. However, the government does object to those portions of Ernest Barrett and Warren Dotson's declarations that speak to issues other than the defendant's allegedly omitted mitigation evidence.

*Id.*, at p. 3.

Barrett counters by saying the government "does not have a right to 'confront' Mr. Barrett's witnesses." Dkt. # 322, at p. 2. Additionally, he argues the government is seeking to take unfair advantage of the court's error in originally denying an evidentiary hearing. According to Barrett, "[b]ut for the fact the court wrongly denied Petitioner a timely evidentiary hearing in the first instance, . . . Ernie Barrett would have been alive and able to testify." Finally, because the government did not specifically contest the information contained in the declarations in their answer to the § 2255, petitioner claims it should be admissible under the residual exception of the hearsay rule for unavailable witnesses.

In *United States Francischine*, 512 F.2d 827 (5th Cir. 1975), the Fifth Circuit in a revocation proceeding stated that a § 2255 proceeding is "a formal procedure with all of the usual accouterments of a civil trial. The legal issues are determined under the established requirements of the Constitution, the statutes, and the judicial precedents. The issues of fact will be resolved under the Federal Rules of Evidence, Rule 1101(e)." *Id.*, at p. 829.

"Courts have generally found that in situations where a witness is unavailable, the affidavit testimony should not be allowed unless the opposing party had the opportunity to cross examine the witness." *West v. United States*, 2009 WL 1043962 (M.D.Fla. 2009) (unpublished), citing *Crawford v. Washington*, 541 U.S. 36, 52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) which held in a criminal case that out-of-court statements by witnesses are barred, under the Confrontation Clause, unless witnesses are unavailable and defendant had a prior opportunity to cross-examine the witness, regardless of whether the statements are deemed reliable by the court. *See also*, Fed.R.Evid. 801.

Under 18 U.S.C. § 3593(c), a defendant can "present any information relevant to a mitigating factor."  To the extent the declarations relate to mitigating evidence concerning petitioner's mental health and/or background which was available at the time of trial, this Court will allow the declarations under § 3593(c).  However, the portions of the declarations which speak to other aspects of the § 2255 matter will not be admitted since the government has not been given an opportunity to cross-examine the declarants.

For the reasons stated herein, the Government's motion (Dkt. # 292) is granted.  The Petitioner will not be allowed to introduce any declarations or portions thereof that do not relate to Kenneth Eugene Barrett's background and/or mental health.

It is so ordered on this 24th day of February, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3