# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,       )
                                       )

          Petitioner/Defendant,     )
                                       )

vs.                                 )     Case No. 09-CIV-105-JHP
                                       )

UNITED STATES OF AMERICA,    )
                                       )

          Respondent/Plaintiff.    )

## ORDER

This matter comes on before the Court on Petitioner's Motion to Exclude Novel Theories of Aggravation (Dkt. # 304) and Motion in Limine to Exclude Testimony of Randall Price (Dkt. # 305). On February 8, 2017, the Government filed its response to each motion (Dkt. #s 313 and 321, respectively). Petitioner filed replies to each response (Dkt. #s 327 and 333, respectively).

Petitioner requests the Court to "preclude the government from relying on new theories and evidence of aggravation never presented to the jury at trial in an effort to defeat Mr. Barrett's penalty phase ineffective assistance of counsel claim." Dkt. # 304. Petitioner continues by stating, based on the Government's exhibit list, that "the Government intends to rely on theories of aggravation, and evidence, that either was not available to the Government at the time of trial or that would not have been presented in Mr. Barrett's mitigation case." Petitioner then cites the following examples of evidence which he is seeking to exclude:

1.  Testimony from, and evidence related to the work done by Faust Bianco, Ph.D.;

2.  Testimony or evidence of any "risk assessment" of Kenneth Barrett by Jeanne Russell, Ed.D.;

3.  Testimony or evidence related to a psychological evaluation of Kenneth Barrett by Kathy LaFortune, Ph.D.;

4.  The Federal Bureau of Prisons file on Kenneth Barrett;

5.  Testimony and evidence related to the "psychiatric evaluation" of Kenneth Barrett by Steven E. Pitt, D.O.;

6.  Roseann Schaye's State of Arizona Board of Behavioral Health Examiners 2009 Disciplinary Action Record.

*Id.*, at p. 2.   Additionally, Petitioner objects to the Government submitting institutional records from the Bureau of Prisons post-dating the trial as well as a "psychiatric" examination by Dr. Steven Pitt, D.O.   According to Petitioner, the focus of the upcoming hearing bars the government from introducing evidence that was not introduced at trial. Petitioner claims this Court is limited to reweighing "the mitigating evidence presented at trial and the evidence in mitigation which could have and should have been developed against the aggravating circumstances and the evidence supporting them *that were presented at trial*."   *Id.*, at p. 4 (citations omitted).

The government counters that they have the right to rebut whatever evidence is presented by the defendant.   Moreover, the government claims the challenged evidence is relevant to Petitioner's ineffective assistance claim.

In remanding this case, the Tenth Circuit was careful to caution that

". . . . . we do not consider omitted mitigation evidence in a vacuum." *Wilson v. Trammell*, 706 F.3d 1286, 1305 (10th Cir. 2013). "[W]e must consider not just the mitigation evidence that Defendant claims was wrongfully omitted, but also what the prosecution's response to that evidence would have been." *Id.* at 1306; *cf. Burger v. Kemp*, 483 U.S. 776, 788-95, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987) (reasonable for counsel not to present evidence of defendant's background in mitigation because it would have revealed defendant's violent tendencies).

*United States v. Barrett*, 797 F.3d 1207 (2015).

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court indicated a defendant must establish that the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms. In deciding whether or not counsel was ineffective, this court is required to "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Id.*, 466 U.S., at 690. To the extent Petitioner claims counsel was ineffective for failing to conduct more investigation regarding his mental health, the government will be permitted to introduce evidence of prior mental health diagnosis which counsel was aware of when they made their decision to forego searching for additional mental health opinions and/or background information regarding the defendant. Moreover, the government will be allowed to rebut any evidence offered by Petitioner to establish whether or not counsel's decisions were reasonable. To the extent Petitioner obtained mental health opinions from expert witnesses post-trial that he intends to introduce to establish counsel was ineffective for not obtaining such evidence, the government will be allowed to

introduce the evidence they accumulated after Petitioner put them on notice of such expert testimony.

In a similar motion, Petitioner asks this Court to exclude the testimony of Dr. J. Randall Price because that evidence was developed to rebut testimony of Dr. Jeanne Russell, who the defendant ultimately did not call at trial.  Additionally, Petitioner raises a *Daubert* challenge to Dr. Price's testimony.  To the extent, Petitioner has put in issue whether or not counsel was ineffective for failing to put on evidence of his mental health at the time of trial, this Court finds it is appropriate for the government to be allowed to rebut this evidence with the testimony of Dr. Price which was specifically obtained to rebut Petitioner's mental health expert at the time of trial.  Moreover, during the penalty phase of trial, a defendant is allowed to present any "information relevant to a mitigating factor."   18 U.S.C. § 3593(c). "Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded it its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  *Id.*  Both the government and the defendant are allowed to rebut any information received at the sentencing hearing.[1]   In *United States v. Scheffer*, 523 U.S. 303, 334, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), Justice Stevens, in a dissenting opinion, stated "There is no legal requirement that expert testimony must satisfy a particular degree of reliability to be admissible.  Expert testimony about a defendant's 'future dangerousness' to determine his eligibility for the death penalty, *even if wrong 'most of the time,' is routinely admitted."*

---

[1]

(emphasis added). No other justices disagreed with Justice Stephens observation. In *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007), the Fifth Circuit stated it was unaware of any circuit that had applied *Daubert* in a federal death penalty sentencing hearing. *See also*, *United States v. Beiermann*, 584 F.Supp.2d 1167 (N.D. Iowa 2008) (a party is not entitled to *Daubert*-style determination of the reliability of expert evidence at sentencing, even in a death-penalty case). *But see*, *Flores v. Johnson*, 210 F.3d 456, 458 (5th Cir. 2000)(specially concurring, Garza, J.)(questioning the constitutionality of admitting an expert's testimony regarding future dangerousness after *Daubert*). Therefore, the Court hereby denies petitioner's *Daubert* challenge of Dr. Price's opinion and finds the government will be allowed to rebut any evidence presented at the evidentiary hearing by Petitioner.

For the reasons stated herein, Petitioner's motions (Dkt. #s 304 and 305) are denied.

It is so ordered on this 24th day of February, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma