**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| Petitioner, | CASE NO. CV-09-00105-JHP |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**EXHIBIT C TO
PETITIONER'S COMBINED
RESPONSE IN OPPOSITION
TO THE GOVERNMENT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
AND BRIEF IN SUPPORT OF OPPOSITION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA,

                                                    CR-01-389 (S-5) (RJD)

            -against-


EMILE DIXON,

                        Defendant.

--------------------------------------------------X


## PENALTY PHASE:
## SPECIAL VERDICT FORM

## SECTION I. REQUIRED PRELIMINARY FACTORS

### General directions for Section I:

- As used in this section, the term "capital counts" refers to Counts Five, Seven, Eight, and Ten of the indictment.

- Please indicate whether the government has proven beyond a reasonable doubt a required preliminary factor for each count. Mark your responses in Part A.

**Part A.** Required Preliminary Factor – Intent

1. That EMILE DIXON acted with the requisite intent.

   ___✓___ We unanimously find that the requisite intent has been proved beyond a reasonable doubt with regard to all of the capital counts.

   _____ We unanimously find that the requisite intent has been proved beyond a reasonable doubt with regard to the following capital counts only (identify each count by number):

   _____

   _____

   _____

   _____

   _____ We do not unanimously find that the requisite intent has been proved beyond a reasonable doubt with regard to any of the capital counts.

**Part B.**   After reviewing your findings in Section I, Part A, please identify by count number those capital counts, if any, for which you have not unanimously found that the government has proven beyond reasonable doubt the existence of any required preliminary factor.

_____

_____

_____

2

**Directions:**

- For each capital count, if you do not unanimously find that the government has proven beyond a reasonable doubt a required preliminary factor with respect to that count, then your deliberations are over as to that count. That is to say, you are not to consider in Section II (or thereafter until Section VI) any of the counts you have specified in Section I, Part B.

- If there is no capital count for which you unanimously find a required preliminary factor has been proved beyond a reasonable doubt, skip forward to Section VI and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- If you have found a required preliminary factor with regard to one or more capital counts, continue on to Section II.

## SECTION II. STATUTORY AGGRAVATING FACTORS

### General directions for Section II:

- As used in <u>this</u> section, the term "capital counts" refers only to those counts for which you found one required preliminary factor in Section I. Do not consider statutory aggravating factors in this section with regard to any counts for which you have not found one required preliminary factor in Section I.

- In this section, please indicate which, if any, of the following statutory aggravating factors you unanimously find that the government has proven beyond a reasonable doubt. For each of the two statutory aggravating factors listed in Part A below, you must mark one of the responses.

**Part A.**

1. Grave Risk of Death:

      ✓    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>all</u> of the capital counts.

          We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital counts <u>only</u> (identify each count by count number):

3

_____    We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the capital counts.

2.    Substantial Planning and Premeditation

_____    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>all</u> of the capital counts.

___✓___    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital counts <u>only</u> (identify each count by count number):

_____7, 8 9 10_____

_____

_____

_____    We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the capital counts.

**Part B.**    After reviewing your findings in Section II, Part A, please identify by count number those capital counts, if any, for which you have <u>not</u> unanimously found that the government has proven beyond a reasonable doubt the existence of <u>any</u> statutory aggravating factor:

_____

_____

_____

**Directions:**

•    For each capital count you are considering in this section, if you do <u>not</u> unanimously find that the government has proven beyond a reasonable doubt at least one of the above statutory aggravating factors with respect to that count, then your deliberations are over as to that capital count. In other words, you are not to consider in Section III (or thereafter

4

until Section VI) any of the counts you have specified above in Section II, Part B.

- If there is no capital count for which you unanimously find that at least one statutory aggravating factor has been proved beyond a reasonable doubt, skip forward to Section VI and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- If you have found one or more statutory aggravating factors with regard to one or more capital counts, continue on to Section III.

## SECTION III. NON-STATUTORY AGGRAVATING FACTORS

### General directions for Section III:

- As used in this section, the term "capital counts" refers only to those counts for which you have found one required preliminary factor in Section I and at least one statutory aggravating factor in Section II. Do not consider non-statutory aggravating factors in this section with regard to the counts for which you have not found one required preliminary factor in Section I and at least one statutory aggravating factor in Section II.

- In this section, please indicate which, if any, of the following three non-statutory aggravating factors you unanimously find that the government has proven beyond a reasonable doubt. For each of the proposed factors, you must mark one of the responses provided.

1.   Nature of the Offense:

____✓____   We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the capital counts.

_____   We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital counts only (identify each count by count number):

_____

_____

_____

_____   We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the capital counts.

5

2.    Future Dangerousness of the Defendant:

_____✓_____    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>all</u> of the capital counts.

_____    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital counts <u>only</u> (identify each count by count number):

_____

_____

_____

_____    We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the capital counts.

3.    Victim Impact Evidence:

_____✓_____    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>all</u> of the capital counts.

_____    We unanimously find that this factor has been proved beyond a reasonable doubt with regard to the following capital counts <u>only</u> (identify each count by count number):

_____

_____

_____

_____    We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the capital counts.

**Directions:**

•    After you have completed your findings in this section (whether or not you have found any of the above non-statutory aggravating factors to have been proved), continue on to

6

Section IV.


# SECTION IV. MITIGATING FACTORS

## General directions for Section IV:

- As used in this section, the term "capital counts" refers only to those counts for which you found one required preliminary factor in Section I and at least one statutory aggravating factor in Section II.

- As to the alleged mitigating factors which are listed below, please indicate which, if any, you find that the defendant has proven by a preponderance of the evidence.

- Recall that your vote as a jury need not be unanimous with regard to each question in this section. A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established in making his or her individual determination of whether or not a sentence of death shall be imposed, regardless of the number of other jurors who agree that the factor has been established.

- In the space provided, please indicate the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence with regard to each of the capital counts.

A.

1.    Certain persons, equally or more responsible than EMILE DIXON for both the Gooden and the Thompson homicides, will not be subject to the death penalty.

Number of jurors who find 1. ___0___

2.    With respect to the Gooden homicide, the government does not allege that EMILE DIXON fired the fatal shot.

Number of jurors who find 2. ___12___

3.    EMILE DIXON, as reflected in his school records, suffered from intellectual and emotional deficits.

Number of jurors who find 3. ___8___

4.    EMILE DIXON has human qualities that make his life worth saving.

7

Number of jurors who find 4. ___0___

5. EMILE DIXON grew up with risk factors not of his own making, including family and academic considerations and related emotional deficits;

Number of jurors who find 5. ___12___

6. EMILE DIXON grew up in a community in which drugs and violence were rampant;

Number of jurors who find 6. ___3___

7. EMILE DIXON's family, including four children who are innocent of any wrongdoing, would be grievously harmed if their father were killed.

Number of jurors who find 7. ___5___

8. Should EMILE DIXON be sentenced to life in prison rather than death he will never be free again and would not present a risk to anyone outside prison.

Number of jurors who find 8. ___0___

9. The likelihood is that EMILE DIXON will make a positive adjustment in prison.

Number of jurors who find 9. ___3___

10. The government has not proven EMILE DIXON's guilt with respect to each homicide to the exclusion of all doubt.

Number of jurors who find 10. ___0___

11. EMILE DIXON exhibited concern for the privacy and dignity of his family by his decision not to permit the introduction of his social history report or to permit his family members to testify on his behalf.

Number of jurors who find 11. ___6___

The law does not limit your consideration of mitigating factors to those that can be articulated in advance. Therefore, you may consider during your deliberations any other factor or factors in the EMILE DIXON's background, record, character, or any other circumstances of the offense that mitigate against imposition of a death sentence.

The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors. If more space is needed, write "CONTINUED" and use the

reverse side of this page.

_____ N/O _____

_____

Number of jurors who so find _____.

_____

_____

Number of jurors who so find _____.

_____

_____

Number of jurors who so find _____.

**Directions:**

- After you have completed your findings in this section (whether or not you have found any mitigating factors in this section), continue on to Section V.

## SECTION V. DETERMINATION OF SENTENCE

### General directions for Section V:

- As used in <u>this</u> section, the term "capital counts" refers only to those counts for which you found one required preliminary factor in Section I and at least one statutory aggravating factor in Section II. You may not impose a sentence of death on a particular capital count unless you have first found with regard to that count, unanimously and beyond a reasonable doubt, one required preliminary factor in Section I and at least one statutory aggravating factor in Section II.

- In this section, enter your determination of the defendant's sentence with regard to each of the capital counts. Your vote as a jury must be unanimous with regard to each question in this section.

After considering the information presented by both sides during the penalty phase and individually balancing the aggravating factors found to exist against the mitigating factors found

9

to exist:

_____ We, the jury, unanimously find that the government has failed to prove beyond a reasonable doubt that death is the appropriate sentence for EMILE DIXON for <u>any</u> of the capital counts.

_____ We, the jury, unanimously find beyond a reasonable doubt that a sentence of life in prison without possibility of release is the appropriate sentence for EMILE DIXON for <u>all</u> of the capital counts.

_____ We, the jury, unanimously find beyond a reasonable doubt, for some of the capital counts, that a sentence of life in prison without possibility of release is the appropriate sentence for EMILE DIXON with regard to each of the following capital counts <u>only</u> (identify each count by count numbers):

_____

_____

_____ We, the jury, unanimously find beyond a reasonable doubt, for <u>all</u> of the capital counts, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence of any mitigating factors, that the aggravating factor or factors are themselves sufficient – so that death is the appropriate sentence for EMILE DIXON. We vote unanimously that EMILE DIXON should be sentenced to death separately as to each count.

_____ We, the jury, unanimously find beyond a reasonable doubt, for some of the capital counts, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence of any mitigating factors, that the aggravating factor or factors are themselves sufficient – so that death is the appropriate sentence for EMILE DIXON with regard to each of the following capital counts <u>only</u> (identify each count by count number):

_____

_____

10

_____    With regard to the above-listed capital counts, we vote unanimously that the defendant shall be sentenced to death separately as to each count. With regard to each of the remaining counts, we sentence the defendant to life imprisonment without the possibility of release separately as to each count.

____✓____    We, the jury, are unable to reach a unanimous verdict in favor of a life sentence or in favor of a death sentence, for any of the capital counts. We understand that the consequence of this is that the defendant will be sentenced to life imprisonment without the possibility of release.

Each juror must sign his or her juror number below, indicating that the above sentence determination reflects the jury's unanimous decision:

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                  Foreperson (Juror No. ▮▮▮

                                  The foreperson shall indicate the date
                                  of signing:
                                  Date: __12/22/03__

**Directions**:

• After you have completed your sentence determination in this section (regardless of what that determination was), continue on to Section VI.

## SECTION VI. CERTIFICATION

11

By signing your juror number below, each of you individually certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victims was not involved in reaching your individual decision. Each of you further certifies that you, as an individual, would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendant, or the victims.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
Foreperson (Juror No. █

_____        The foreperson shall indicate the date
of signing:
Date: _____

After you have completed this form, you will each be given a new certification, headed Juror No. \_\_\_\_ , and an envelope which bears your juror number on the outside. Please sign that certificate using your real name, place the certificate in the envelope, seal the envelope and give the envelope to the Marshal. All of the certificates bearing your real name will be kept by the Court under seal.

12