**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:    dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar # 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:    Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. CV-09-00105-JHP |

**EXHIBIT E TO**
**PETITIONER'S COMBINED**
**RESPONSE IN OPPOSITION**
**TO THE GOVERNMENT'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**
**AND BRIEF IN SUPPORT OF OPPOSITION**

App. Pet'r's Resp. Opp. Govt. MSJ        *U.S. v. Barrett*, CV-09-00105-JHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60216-CR-COHN/SNOW(s)(s)

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

KENNETH PAUL WILK
    a/k/a "Wolfpackeines,"
        Defendant.
_____/

## SPECIAL VERDICT

We, the jury, make the following findings, relevant to a sentence of death or life imprisonment without the possibility of release:

A.    Age

1.    All jurors unanimously agree that the Government has proved beyond a reasonable doubt that Defendant Kenneth Paul Wilk was eighteen (18) years of age or older at the time of the offense.

Yes  ✓_____          No _____

*If you answered "yes" in Subpart "A" then proceed to answer Subpart "B." If you answered "no" in Subpart "A," then your verdict is for life imprisonment without the possibility of release as to Counts One and Two and either life imprisonment without the possibility of release or a term of imprisonment to be determined by the Court as to Count Four. Do not answer the questions in Subparts "B" thru "F". You should proceed directly to Subpart "G" and then sign and date the verdict form.*

B.    Intent

1.    All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant:

a.    intentionally killed Todd M. Fatta.

Yes ✗        No ✓

*If your answer is "yes" you should proceed to Subpart "C" regarding determination of necessary aggravating factors. If your answer is "no" you should proceed to determine whether the Government has proven intent factor "b."*

b.    intentionally inflicted serious bodily injury that resulted in the death of Todd M. Fatta.

Yes ✓        No _____

*If your answer is "yes" you should proceed to Subpart "C" regarding determination of necessary aggravating factors. If your answer is "no" you should proceed to determine whether the Government has proven intent factor "c."*

c.    intentionally participated in an act, contemplating that a life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Todd M. Fatta died as a direct result of the act.

Yes _____        No _____

*If your answer is "yes" you should proceed to Subpart "C" regarding determination of necessary aggravating factors. If your answer is "no" you should proceed to determine whether the Government has proven intent factor "d."*

d.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Todd M. Fatta died as a direct result of the act.

Yes _____        No _____

2

*If your answer is "yes" you should proceed to Subpart "C" regarding determination of necessary aggravating factors.*

*If you answered "no" to all 4 intent factors in Subpart "A," then your verdict is for life imprisonment without the possibility of release as to Counts One and Two and either life imprisonment without the possibility of release or a term of imprisonment to be determined by the Court as to Count Four. Do not answer the questions in Subparts "C" thru "F". You should proceed directly to Subpart "G" and then sign and date the verdict form.*

C.    <u>Necessary Aggravating Factors</u>    *(Answer all questions in this section)*

1.    All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant Kenneth Paul Wilk, killed or attempted to kill more than one person, that is, Todd M. Fatta and Angelo Cedeno, in the same criminal episode.

Yes __✓__          No _____

2.    All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant committed the offense after substantial planning and premeditation to cause the death of Todd M. Fatta.

Yes _____          No __✓__

3.    All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant in the commission of the offense knowingly created a grave risk of death to one or more persons in addition to Todd M. Fatta and Angelo Cedeno.

Yes _____          No __✓__

*If you answered "yes" to <u>any one of the three</u> questions "C.1", "C.2," or "C.3" then proceed to answer the remaining questions on this verdict form. If you answered "no" to <u>all three</u> questions "C.1"; "C.2"; and "C.3" then your verdict is for life imprisonment without the possibility of release as to Counts One and Two and either life imprisonment without the possibility of release or a term of imprisonment to be determined by the Court as to Count Four. Do not answer*

3

*the questions in Subparts "D" thru "F". You should proceed directly to Subpart "G" and then sign and date the verdict form.*

D.     <u>Additional Aggravating Factors</u>     (*Answer all questions in this section*)

     1.     All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant killed Todd M. Fatta in an effort by the Defendant to obstruct justice or tamper with a witness as described in Count Seven of the Superseding Indictment.

         Yes _____          No __✓__

     2.     All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant has been convicted of, in addition to the capital offenses, an endeavor to obstruct justice through threats or force as charged in Count Five of the Superseding Indictment.

         Yes __✓__          No _____

     3.     All jurors unanimously agree that the Government has proved beyond a reasonable doubt that in the context of a life in prison setting, the Defendant poses a continuing danger to the lives and safety of other persons, alleged to be evidenced by specific threats of violence to law enforcement officers, a continuing pattern of violence toward law enforcement officers, specific admissions of violence, low rehabilitative potential and lack of remorse for his criminal activities.

         Yes _____          No __✓__

     4.     All jurors unanimously agree that the Government has proved beyond a reasonable doubt that the Defendant caused injury, harm, and loss to the family of Todd M. Fatta because of Todd M. Fatta's personal characteristics as an individual human being and the impact of his death upon those persons.

         Yes __✓__          No _____

E.    Mitigating Factors    (*Answer all questions in this section*)

For each of the following factors indicate the number of jurors, if any, who have

found the existence of the mitigating factor by a preponderance of the evidence:

1.    For the first 40 years of Mr. Wilk's life, he was never arrested for any crime.

Yes __✓__        If "yes", number of jurors __12__

No _____

2.    For the first 40 years of Mr. Wilk's life, he was a productive, contributing member of society.

Yes __✓__        If "yes", number of jurors __12__

No _____

3.    If not sentenced to death, Mr. Wilk will spend the rest of his life in prison without the possibility of release.

Yes __✓__        If "yes", number of jurors __12__

No _____

4.    Even though not sufficient to constitute a defense to the charges, Mr. Wilk's capacity to fully appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was impaired.

Yes __✓__        If "yes", number of jurors __2__

No _____

5.    Mr. Wilk was under duress, even though not to such a degree as to constitute a defense to the charges.

Yes __✓__        If "yes", number of jurors __12__

No _____

5

6.      Mr. Wilk has obeyed all rules and regulations of the jail, and has had no disciplinary problems, during his pre-trial detention at the Federal Detention Center from August 19, 2004 to the present.

Yes ___✓___          If "yes", number of jurors __12__

No _____

7.      Even though not sufficient to constitute a defense to the charges, Mr. Wilk committed the offense under some degree of mental or emotional disturbance.

Yes ___✓___          If "yes", number of jurors __12__

No _____

8.      Mr. Wilk is not likely to commit future acts of violence if sentenced to life in prison without release.

Yes ___✓___          If "yes", number of jurors ___9___

No _____

9.      From late 2000 through 2001, following the deterioration of Mr. Wilk's health and Kelly Jones' arrests, Mr. Wilk's life entered a downward spiral.

Yes ___✓___          If "yes", number of jurors __12__

No _____

10.     Mr. Wilk showed respect and decorum in this courtroom, even under the significant stress of a capital trial.

Yes ___✓___          If "yes", number of jurors __12__

No _____

11.     After the brief, initial exchange of shots had stopped, Mr. Wilk did not fire any remaining rounds and voluntarily walked out of his home.

Yes ___✓___          If "yes", number of jurors __12__

No _____

12. Evidence you have heard of planning and premeditation may have been partially attributable to Mr. Wilk's mental or emotional disturbance.

Yes ✓                    If "yes", number of jurors 12

No _____

13. Although not sufficient to establish self defense, the following factors may have contributed to Mr. Wilk's reaction when the police forcibly entered his home:

a. Mr. Wilk suffered from hearing loss.

Yes ✓                    If "yes", number of jurors 4

No _____

b. Mr. Wilk suffered prior acts of vandalism and harassment at his home.

Yes ✓                    If "yes", number of jurors 5

No _____

c. The entry team was not in full police uniform.

Yes ✓                    If "yes", number of jurors 3

No _____

d. Visibility inside Mr. Wilk's home may have been impaired.

Yes ✓                    If "yes", number of jurors 2

No _____

e. Dep. Fatta may have been in a crouched position with his firearm pointed at Mr. Wilk when Mr. Wilk fired.

Yes ✓                    If "yes", number of jurors 2

No _____

f.    Mr. Wilk was lawfully in his home when the officers made the forced entry into his home.

Yes __✓__          If "yes", number of jurors __7__

No _____

g.    Mr. Wilk had no advance knowledge that the police would forcibly enter his home on the morning of August 19, 2004.

Yes __✓__          If "yes", number of jurors __4__

No _____

14.    Mr. Wilk's mental and/or emotional decline was at least partially attributable to matters beyond his control, including but not limited the following:

a.    Kelly Jones' conduct, criminal behavior and controlling nature.

Yes __✓__          If "yes", number of jurors __12__

No _____

b.    Mr. Wilk's personal stressors led him to drugs/alcohol.

Yes __✓__          If "yes", number of jurors __9__

No _____

c.    Mr. Wilk suffered from depression.

Yes __✓__          If "yes", number of jurors __12__

No _____

d.    Mr. Wilk suffered from some degree of dementia.

Yes __✓__          If "yes", number of jurors __2__

No _____

8

e.    Mr. Wilk had some degree of organic brain damage.

Yes ✓          If "yes", number of jurors 2

No _____

f.    Mr. Wilk knew he had the fatal disease of AIDS.

Yes ✓          If "yes", number of jurors 10

No _____

15.    Mr. Wilk was subjected to a series of significant stressors between 2001 and 2004, which had an effect on his mental and emotional well-being.

Yes ✓          If "yes", number of jurors 12

No _____

16.    Mr. Wilk was ill-equipped to cope with the combination of stress factors that led to his mental and/or emotional decline.

Yes _____          If "yes", number of jurors _____

No ✓

17.    During his life, Mr. Wilk has showed acts of generosity, kindness and charity to others.

Yes ✓          If "yes", number of jurors 12

No _____

18.    In light of the fact that Mr. Wilk has full blown AIDS, imprisonment until his death will be a particularly severe punishment for him.

Yes ✓          If "yes", number of jurors 4

No _____

19.   Mr. Wilk saved the life of a woman at a Miami Subs restaurant in Hollywood by performing the Heimlich Maneuver on her when she was choking.

Yes √        If "yes", number of jurors  5

No _____

20.   Mr. Wilk counseled and helped Jim Sipowicz when Jim Sipowicz revealed to him that he had been abused as a child.

Yes √        If "yes", number of jurors  4

No _____

21.   Defendant Kenneth P. Wilk has been a good and loyal friend to Jim Sipowicz, Richard Murphy and Donn Crothers.

Yes √        If "yes", number of jurors  6

No _____

## F.   Additional Mitigating Factors

Describe and identify any other factors that mitigate against the imposition of a sentence of death and identify the number of jurors, if any, who find such factor to have been established by a preponderance of the evidence:

Kelly Ray Jones presence, intimidation and corrupt influence on. Mr. Wilk

Number of jurors  12

The manner in which the search & arrest warrants were planned a carried out.

Number of jurors  10

_____,

Number of jurors _____

_____,

Number of jurors _____

10

_____,

Number of jurors _____

_____,

Number of jurors _____

G.   Determination of Sentence

1.   As to **Count One**, the Intentional Killing of Deputy Sheriff Todd M. Fatta, as a State or Local Law Enforcement Officer engaged in the performance of his duties, we the jury unanimously find:

a.   that the aggravating factor(s) to which we have provided a unanimous "yes" answer above sufficiently outweigh(s) the mitigating factor(s) to justify a sentence of death, or in the absence of a mitigating factor, that the aggravating factor(s) alone is (are) sufficient to justify a sentence of death, and that the Defendant should be sentenced to death.

Yes _____          No __✓____

b.   that the Defendant should be sentenced to life imprisonment without the possibility of release.

Yes __✓____          No _____

2.   As to **Count Two**, the murder of Todd M. Fatta, a person assisting a Federal Law Enforcement Officer engaged in the performance of that officer's duties, we the jury unanimously find:

a.   that the aggravating factor(s) to which we have provided a unanimous "yes" answer above sufficiently outweigh(s) the mitigating factor(s) to justify a sentence of death, or in the absence of a mitigating factor, that the aggravating factor(s) alone is (are) sufficient to justify a sentence of death, and that the Defendant should be sentenced to death.

Yes _____          No __✓____

11

b. that the Defendant should be sentenced to life imprisonment without the possibility of release.

Yes ✓          No _____

3. As to **Count Four**, the Using, Carrying, or Possessing a firearm which crime caused the murder of Todd M. Fatta, as defined in Counts 1 and 2, we the jury unanimously find:

a. that the aggravating factor(s) to which we have provided a unanimous "yes" answer above sufficiently outweigh(s) the mitigating factor(s) to justify a sentence of death, or in the absence of a mitigating factor, that the aggravating factor(s) alone is (are) sufficient to justify a sentence of death, and that the Defendant should be sentenced to death.

Yes _____          No ✓

b. that the Defendant should be sentenced to life imprisonment without the possibility of release.

Yes ✓          No _____

c. that the Defendant should be sentenced to a lesser sentence to be determined by the Court.

Yes _____          No ✓

SO SAY WE ALL,



Foreperson

6/13/07
Date

12

Each juror must sign below, indicating that the above sentence reflects the jury's unanimous decision:



_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

_6/13/07_
Date

13

By signing below, each of us, individually, hereby certifies that consideration of the race, color, religious beliefs, national origin, or sex of the Defendant Kenneth Paul Wilk or the victim Todd M. Fatta was not involved in reaching our individual decisions. Each of us, individually, further certifies that the same decision regarding a sentence for the crime in question would have been made no matter what the race, color, religious belief, national origin, or sex of Kenneth Paul Wilk or Todd M. Fatta may have been.



6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

6/13/07
_____
Date

14