IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,           )
                                  )
    Petitioner/Defendant,         )
                                  )
  v.                              )          Case No. CV-09-00105-JHP
                                  )
UNITED STATES OF AMERICA,          )
                                  )
    Respondent/Plaintiff.         )

## GOVERNMENT'S SECOND MOTION TO EXCLUDE PROPOSED WITNESSES

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully moves this Court to issue an order excluding Roger Crawford, Judy House, Gary Nelson and Iva Hines as witnesses in the upcoming evidentiary hearing.  Pursuant to Local Civil Rule 7.1(g) and Local Criminal Rule 12.1, government counsel consulted with Barrett's attorney, David Autry, via telephone who opposes this motion.

## PROCEDURAL HISTORY

Barrett was convicted of three homicide offenses he committed when a state police tactical unit attempted to serve a warrant at his home.  The trial jury recommended a death sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed the judgment on appeal.  *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008).  This Court subsequently denied § 2255 relief on all grounds.  Doc. 214.  On appeal, the Tenth Circuit denied relief as to all guilt-phase issues, but remanded for an evidentiary hearing to determine whether trial counsel, Roger Hilfiger and Bret Smith, ineffectively failed to investigate

1

and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

In accordance with this Court's scheduling order (Doc. 246), Barrett provided the government with a list of 71 proposed witnesses for appearance at the evidentiary hearing (Ex. 1). On January 30, 2017, the government moved to exclude several of those witnesses. On February 16, 2017, Barrett listed 49 witnesses for purposes of the parties' joint statement, not all of whom appeared on his original list. On February 24, 2017, the Court partially granted the government's motion to exclude and ordered the parties to submit an amended joint statement. Doc. 361. Based on the witness list and testimonial summary offered in the joint statement, the government now respectfully moves this Court to issue an order excluding four witnesses: Roger Crawford, Judy House, Gary Nelson, and Iva Hines.

## ARGUMENT

### THE COURT SHOULD LIMIT BARRETT TO WITNESSES WHO CAN TESTIFY ABOUT FOREGONE PENALTY PHASE EVIDENCE

This Court has noted the limited nature of the hearing contemplated by the Tenth Circuit, explaining that it "expects to hear live testimony from trial counsel whose conduct is at issue but otherwise encourages the submission of written exhibits in lieu of live testimony." Doc. 246. Elaborating on that statement, the Court recently stated, "The parties should be aware that this Court intends to strictly limit the evidence which will be admitted in the upcoming evidentiary hearing to evidence which is relevant to the issues which are currently before the Court." Doc. 361 at 8. The hearing has one purpose: "to determine what evidence could have been presented at the sentencing phase of Petitioner's trial in 2005 and whether Petitioner was prejudiced as a result of a lack of presenting that evidence in his trial." Doc. 248.

2

Despite the narrow scope of the upcoming hearing, Barrett still appears intent upon calling witnesses who can only offer irrelevant testimony.  The Federal Rules of Evidence generally apply to evidentiary proceedings under 28 U.S.C. § 2255.  *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975); *see Bonfillo v. United States*, Civil no. 15-1015, 2016 WL 6124487, *7 (W.D. Pa. Oct. 20, 2016).  While the upcoming hearing concerns the presentation of evidence at a capital penalty phase proceeding, relevance remains a threshold concern, despite the liberal evidentiary provision of the Federal Death Penalty Act, 18 U.S.C. § 3593(c).  *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010).  Relevance has the same meaning under § 3593(c) as it does under Federal Rule of Evidence 401.  *Lujan*, at 854. (citing *United States v. McVeigh*, 153 F.3d 1166, 1212-13 (10th Cir. 1998) and *United States v. Basham*, 561 F.3d 302, 331-32 (4th Cir. 2009)).  Specifically, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information]."  Fed. R. Evid. 401.

According to the joint statement (Doc. 340 at 5), Barrett intends to call Roger Crawford to testify in accordance with his previously submitted declaration.  Doc. 95 Ex. 92.[1]  As the government's objection to that declaration indicates (Doc. 340 at 17), the document contains an attack on the credibility of Cindy Crawford and a lengthy hearsay account of an interview he heard between his son and Leonard Post, a defense investigator.  None of the information offered

---

[1] On January 6, 2017, Barrett provided notice of his intent to call certain witnesses at issue in this motion including Roger Crawford, Judy House and Gary Nelson.  The government did not seek to preclude those witnesses in its original motion to exclude because they appeared, based on their relationships to the defendant, to have some potentially relevant observations to offer.  Now that Barrett has summarized their testimony in light of existing declarations, the irrelevance of their putative testimony has become clear, prompting this motion.

in the declaration concerns Barrett's mental health or social history, much less counsel's efforts to investigate and present such evidence.

According to the joint statement (Doc. 340 at 5), Barrett intends to call Judy House to testify in accordance with her recent declaration, submitted to the government in January. Ex. 2. Although Ms. House refers to Barrett as her second cousin, it appears from the relationship she describes that they are first cousins once removed, five degrees of consanguinity from one another. In her declaration, Ms. House describes mental illnesses that have allegedly afflicted her children and other distant relations to Barrett. Given the attenuated genetic connection between Barrett and the people identified by Ms. House, her proffered testimony would not assist the court. The putative testimony will not corroborate the existing evidence that Barrett has close relatives, including his aunts and first cousins, who have allegedly suffered with mental illness. *See e.g.*, Doc. 95 Ex. 78 at 1-2, Ex. 91 at 3, Ex. 98 at 1-2. Moreover, Ms. House's declaration does not suggest Barrett had a familial connection to her mentally ill relatives that might have merited mitigating weight. For instance, if House's allegedly schizophrenic or bipolar kin had participated in Barrett's upbringing, his trial attorneys might have relied on their influence as evidence in mitigation. But no such connection appears to exist, leaving Ms. House to describe irrelevancies.

Gary Nelson is another distant relative who complains of mental illness – in his case severe panic anxiety and post-traumatic stress disorder. As a second cousin once removed from Barrett, Nelson's mental illness does not establish any useful fact. Apart from the genetic distance between Nelson and Barrett, at least one of the witness's two diagnosed illnesses, PTSD, necessarily stems from his own trauma, not that of the defendant. The balance of Nelson's declaration vaguely describes encounters between Barrett and unidentified law

enforcement officials who did not arrest the defendant while a warrant remained pending. The foregone arrests, even if established, would not illuminate any issue before the Court, as they have nothing to do with trial counsel's performance or the allegedly omitted mitigation evidence.

Iva Hines is a former employer of Barrett's.[2]  According to the summary offered in the joint statement, Ms. Hines will testify as follows:

> Thomas and Iva Hines run Thomas Hines Construction. Iva is 60 years old. Ken worked for them for years, dined at their table, been to their house 100s of times. Mrs. Hines will testify that Ken was a good worker, a good guy. They had no right to come in on him like they did. They all would have done the same as him. She will also testify that her husband and she were never contacted by Mr. Hilfiger and/or Mr. Smith. She does remember speaking to someone from the defense before the first state trial. … She will add that "Ken would do anything for you, give you the shirt off his back." If she had been contacted by his federal lawyers, she would have told them of her potential testimony and would have testified if called. "Kenny got along with everybody. He had no enemies."

Doc. 340 at 5. None of the information attributed to Ms. Hines has any relevance to the upcoming hearing. In fact, Barrett's attorneys presented testimony much like this during the penalty phase of trial. *See Barrett*, 797 F.3d at 1224 (noting the presentation of evidence about Barrett's non-violence, lack of prior felonies, good behavior in prison, and demonstrated abilities as a car mechanic). The defendant is now complaining that trial counsel failed to present evidence of a different stripe, and it would not assist the Court to hear testimony that corroborated a mitigation strategy Barrett has characterized as inadequate.

Because the putative testimony of the foregoing witnesses will not assist the Court in finding facts pertinent to the issue on remand, it should not permit their testimony.

---

[2] The purported testimony of Iva Hines was first made known to the Government in the Joint Pretrial Hearing Statement, which was submitted by the parties on February 16, 2017 (Doc. 340) prompting the necessity and preparation of this motion.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to exclude the

testimony of Roger Crawford, Judy House, Gary Nelson, and Iva Hines.

Dated: February 28, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150


/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on February 28, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney