DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:         dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:         Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
|---|---|---|
| | ) | |
| Petitioner, | ) | CASE NO. CV-09-00105-JHP |
| | ) | |
| vs. | ) | **PETITIONER'S RESPONSE TO** |
| | ) | **GOVERNMENT'S SECOND MOTION** |
| UNITED STATES OF AMERICA, | ) | **TO EXCLUDE PROPOSED** |
| | ) | **WITNESSES (DOC. 368)** |
| Respondent. | ) | |
| | ) | |

Petitioner, Kenneth Eugene Barrett, by and through undersigned counsel, identified four

witnesses – Roger Crawford, Judy House, Gary Nelson and Iva Hines – whom he intends to call

to testify at the evidentiary hearing in this Court.  Joint Pre-Hearing Statement at 5, filed

February 16, 2017 (Doc. 340) (hereinafter "Joint Statement").[1]  The Government filed a motion

---

[1] All references to the docket are to No. 6:09-cv-00105-JHP, unless otherwise specified.

Petitioner's Response to Government's                                              *Barrett v. United States*,
Second Motion to Exclude Proposed                                              OK-ED No. 6:09-cv-00105-JHP
Witnesses

to exclude these proposed witnesses.  Government's Second Motion to Exclude Proposed Witnesses, filed February 28, 2017 (Doc. 368) (hereinafter "Second Motion").  Because excluding these witnesses would deny Mr. Barrett his right to a full and fair evidentiary hearing that accords with due process, Mr. Barrett objects and offers this response.

I.      Relevant Procedural History

The Government set forth the procedural history leading up to the evidentiary hearing.  Second Motion at 1-2.  In short, the Tenth Circuit reversed and remanded this Court's orders denying Mr. Barrett's request for an evidentiary hearing and denying Mr. Barrett's Amended Motion to Vacate, Set Aside or Correct Sentence, filed December 4, 2009.  Doc. 95 (hereinafter "§ 2255 Motion").  *See* Order dated March 29, 2010 (Doc. 157) (denying evidentiary hearing); Order dated August 16, 2012 (Doc. 214) (denying § 2255 Motion).

Mr. Barrett appealed.  The Tenth Circuit held that this Court erred in denying Mr. Barrett's request for an evidentiary hearing on his ineffective assistance of counsel claim because he had "presented sufficient evidence of deficient performance and prejudice to entitle him to an evidentiary hearing." *United States v. Barrett,* 797 F.3d 1207, 1232 (10th Cir. 2015).

Mr. Barrett contended that his trial attorneys were ineffective in failing properly to investigate his background and mental health. *Id*. at 1223.  The Tenth Circuit phrased the question as:  "whether Defendant's trial attorneys prepared a mitigation case that measures up to professional norms and, if not, whether that made a difference." *Id*. at 1224.  The Court could not decide those issues on the record before it. *Ibid*.

As to deficient performance, the Tenth Circuit found that the evidence that Mr. Barrett proffered showed that his trial attorneys did little to investigate his background or mental health through his family. *Id*. at 1225.  The Tenth Circuit directed this Court to determine whether Mr.

Petitioner's Response to Government's                                      *Barrett v. United States*,
Second Motion to Exclude Proposed                                  OK-ED No. 6:09-cv-00105-JHP
Witnesses

Barrett's trial counsel ever asked family members or Dr. Russell about Mr. Barrett's mental health, background, or family history. *Id*. at 1226. The Tenth Circuit concluded that Mr. Barrett's trial attorneys had an obligation to investigate carefully before deciding on a strategy for the penalty phase, and "there is evidence that they did not do so." *Id*. at 1229.

As to prejudice, the Tenth Circuit found that Mr. Barrett's family "has a long history of mental-health problems, alcoholism, and abuse." *Id*. at 1229. The Court relied on information about Mr. Barrett's extended family, including "relatives of his grandparents" who committed suicide or were involuntary committed to psychiatric hospitalizations. *Ibid*.

The Court further found that Mr. Barrett's childhood was marked by a largely absent father who drank, physically abused Mr. Barrett and Mr. Barrett's mother, and had extramarital affairs. *Ibid*. Mr. Barrett's mother also drank heavily, including while she was pregnant with Mr. Barrett, and "subjected him to physical and emotional abuse and neglect." *Id*. at 1229, 1230. Dr. George Woods, a psychiatrist proffered by Mr. Barrett, opined that Mr. Barrett's genetic history and poor upbringing increased his risk for developing mental disorders. *Id*. at 1230. The Court concluded that Mr. Barrett, "presented sufficient evidence of deficient performance and prejudice to entitle him to an evidentiary hearing." *Id*. at 1232. The Tenth Circuit charged this Court with determining "whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial." *Ibid*.

II.    Legal Standards

A federal court must conduct evidentiary hearings in § 2255 proceedings in accordance with due process. A defendant must be allowed to be heard and to support his allegations with evidence. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). *See also Walker v. Johnston*,

Petitioner's Response to Government's          *Barrett v. United States*,
Second Motion to Exclude Proposed          OK-ED No. 6:09-cv-00105-JHP
Witnesses

3

312 U.S. 275, 287 (1941) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.").

To decide a claim of ineffective assistance of counsel at the penalty phase of a capital trial, a reviewing court must determine whether trial counsel's performance comported with prevailing professional norms. "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision," *Strickland v. Washington*, 466 U.S. 668, 695 (1984), in this case the decision whether life or death is an appropriate sentence.

"The governing legal standard plays a critical rule in defining the question to be asked in assessing the prejudice from counsel's errors." *Strickland*, 466 U.S. at 695. Beginning with *Lockett v. Ohio*, 438 U.S. 586 (1978), the Supreme Court consistently has overturned efforts to limit the scope of information that juries must consider when offered by a defendant as a reason for imposing a sentence less than death. *See, e.g., Woodson v. North Carolina*, 428 U.S. 280, 303 (1976) (invalidating mandatory death-sentencing law before *Lockett* due to its "failure to allow the particularized consideration of relevant aspects of the character and record of each convicted defendant before the imposition upon him of a sentence of death"); *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982) ("the sentencer in capital cases must be permitted to consider any relevant mitigating factor"); *Hitchcock v. Dugger*, 481 U.S. 393 (1987) (unanimously invalidating death sentence where jury was precluded by instruction from considering aspects of defendant's background that he offered in mitigation); *McKoy v. North Carolina*, 494 U.S. 433 (1990) (invalidating State's requirement that mitigating circumstances must be found unanimously); *id*. 494 U.S. at 442 ("The Constitution requires States to allow consideration of mitigating evidence

Petitioner's Response to Government's                                    *Barrett v. United States*,
Second Motion to Exclude Proposed                                    OK-ED No. 6:09-cv-00105-JHP
Witnesses

4

in capital cases. Any barrier to such consideration must therefore fall.") (emphasis in original); *Tennard v. Dretke*, 542 U.S. 274, 284 (2004) (overturning Fifth Circuit standard for "constitutional relevance" of mitigation evidence on grounds it "has no foundation in the decisions of this Court"); *ibid.* (when Court has "addressed directly the relevance standard applicable to mitigating evidence in capital cases . . . [the Court] spoke in the most expansive terms"); *Smith v. Texas*, 543 U.S. 37, 44-45 (2004) (*per curiam*) (rejecting "Texas nexus" requirement that mitigation be causally related to the offense); *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007) ("sentencing juries must be able to give meaningful consideration and effect to all mitigating evidence that might provide a basis for refusing to impose the death penalty on a particular individual, notwithstanding the severity of his crime or his potential to commit similar offenses in the future").

The Supreme Court has held that it is "unquestioned" that counsel for a capital defendant must conduct a thorough investigation of the defendant's background.  *Porter v. McCollum*, 558 U.S. 30, 39 (2009) (*per curiam*), citing *Williams v. Taylor*, 529 U.S. 362, 396 (2000).  This is because the Eighth Amendment requires that the sentencer be able to give meaningful consideration to any aspect of a defendant's character, background or record that he offers in mitigation.  *Eddings v. Oklahoma*, 455 U.S. 104, 110-112 (1982), citing *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality).  The sentencer may determine the weight to give to relevant mitigating evidence, but may not give such evidence no weight by refusing to consider it.  *Eddings*, 455 U.S. at 114.  Likewise, a reviewing court may not discount entirely proffered mitigating evidence.  *Porter*, 558 U.S. at 43.  As one court put it, "more is generally better when it comes to the quantity of evidence that a jury should be permitted to consider when deciding between life or death."  *United States v. Cheever*, 423 F. Supp. 2d 1181, 1194 (D. Kan. 2006).

In keeping with Supreme Court precedent, the Tenth Circuit has held that it was error to prevent the defendant from presenting family background information. *Dutton v. Brown*, 812 F.2d 593, 601 (10th Cir. 1987). *See also Hooks v. Workman*, 689 F.3d 1148, 1207 (10th Cir. 2012) (finding prejudice where counsel failed to present, *inter alia*, family background evidence).

The Federal Death Penalty Act authorizes a capital defendant to put forth virtually anything as a mitigating factor. 18 U.S.C. § 3592(a). Mitigating evidence is admissible in a capital sentencing proceeding "regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). As such, the Federal Rules of Evidence do not apply in the penalty phase. *See United States v. Fell*, 531 F.3d 197, 231-232 (2d Cir. 2008).

"Relevant" evidence in the penalty phase context must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without such information." *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010), quoting Rule 401, Federal Rules of Evidence. The United States Supreme Court has described the "low threshold for relevance" applicable to mitigating evidence in capital cases:

> When we addressed directly the relevance standard applicable to mitigating evidence in capital cases in *McKoy v. North Carolina*, 494 U.S. 433, 440-441, 108 L. Ed. 2d 369, 110 S. Ct. 1227 (1990), we spoke in the most expansive terms. We established that the "meaning of relevance is no different in the context of mitigating evidence introduced in a capital sentencing proceeding" than in any other context, and thus the general evidentiary standard—"any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" —applies.

*Tennard v. Dretke*, 542 U.S. 274, 284 (2004), quoting *McKoy*, 494 U.S. at 440.

Petitioner's Response to Government's                          *Barrett v. United States*,
Second Motion to Exclude Proposed                          OK-ED No. 6:09-cv-00105-JHP
Witnesses

6

On the page of *McKoy* cited in *Tennard*, *supra*, the Court said, "our holdings in *Skipper v. South Carolina,* 476 U.S. 1 (1986), and *Eddings v. Oklahoma*, *supra*, show that the mere declaration that evidence is 'legally irrelevant' to mitigation **cannot bar the consideration of that evidence if the sentencer could reasonably find that it warrants a sentence less than death**." *McKoy*, 494 U.S. at 441 (emphasis added).

The Eighth Amendment thus requires that the defendant be permitted to present evidence about his character and background to argue for a sentence of less than death. As such, the Sixth Amendment requires that counsel representing a person charged with a capital murder conduct a thorough investigation into the defendant's character and background. Finally, § 2255 requires this Court to allow Mr. Barrett to present evidence that is relevant as mitigation, as the Tenth Circuit directed.

III.   Witnesses at Issue

   A. Roger Crawford

      1. Testimony

Roger Crawford is Mr. Barrett's uncle by marriage. He is married to Phyllis, who is the sister of Mr. Barrett's mother, Gelene Dotson. Doc. 71, Exhibit 92 to § 2255 Motion. Mr. Crawford was Mr. Barrett's neighbor. *Id*. at 1. Roger Crawford will be called to testify to three relevant mitigating concerns:

(1) Travis Crawford, Roger Crawford's son, is a blood relative of Kenneth Barrett (first cousin). Travis also suffers from serious mental health issues. Roger can attest to that familial genetic component, as well as that of other of his progeny and their progeny.

(2) Cindy Crawford was called by the government as a witness in aggravation at the penalty phase (Doc 350, FedTr vol.22, pp. 4575-4586).

(3) On February 21, 2017, the undersigned counsel met with Phyllis Crawford, mother to Travis Crawford, sister to Gelene Dotson (Mr. Barrett's mother), and wife to Roger Crawford, a witness who lays out in her declaration (Exh 91, Doc 404-3 at 90) her family history and her observations of Petitioner, Gelene Dotson and Ernie Barrett (Petitiner's father). Phyllis Crawford is now suffering from dementia. Undersigned counsel Joan Fisher met with Phyllis and Roger Crawford to discuss their anticipated testimony and to determine Phyllis Crawford's availability to testify personally to the contents of her declarations. Mrs. Crawford unquestionably appears to be suffering from symptoms consistent with dementia, which are sufficiently debilitating to render her testimony unavailable. Roger Crawford, as her husband, can and will testify to Phyllis Crawford's inability to testify. Roger Crawford is personally aware of the substantive matters relayed by Phyllis Crawford in her declarations. Roger Crawford witnessed the execution of those declarations and can attest to the fact that Phyllis Crawford signed her declarations.

2.   Objection

The government objects to Roger Crawford's testimony as follows:

> According to the joint statement (Doc. 340 at 5), Barrett intends to call Roger Crawford to testify in accordance with his previously submitted declaration. Doc. 95 Ex. 92.[1] As the government's objection to that declaration indicates (Doc. 340 at 17), the document contains an attack on the credibility of Cindy Crawford and a lengthy hearsay account of an interview he heard between his son and Leonard Post, a defense investigator. None of the information offered in the declaration concerns Barrett's mental health or social history, much less counsel's efforts to investigate and present such evidence.

Second Motion at 3-4.

3.   Response

The fact that much of Roger Crawford's testimony may be based on hearsay does not render it inadmissible. It falls well within the broad definition of mitigation and relates directly to trial counsel's failure to properly investigate and prepare a witness it called on behalf of Mr.

Barrett at sentencing.  Roger Crawford's testimony is relevant, material and admissible at the evidentiary hearing. The government's motion to exclude it should be denied.

B.  Judy House

1.  Testimony

Judy House is a relative of Mr. Barrett's.  Her father, Warren Dotson, was the brother of Mr. Barrett's maternal grandfather, Hugh Dotson.  Ms. House will testify to mental illness in the Dotson side of the family (Mr. Barrett's mother's family).  Ms. House will testify:

> There was a lot of mental illness on the Dotson side of the family.  For example, my son Steve Kitterman has been diagnosed with manic depression . . . .  My nephew, Gary Nelson, has an anxiety disorder.  My daughter, Starla Willingham, has been diagnosed with manic depression and schizophrenia.  My nephew Marty Luper is very mentally ill.  My first cousin Sue Raby has two sons who also have serious mental health issues.  Sue's dad was John E. Dotson, brother to Warren & Hugh Dotson.  Sue also has a brother David Dotson that has mental health issues.  Sue had a brother Richard Dotson who was a doctor in Poteau, OK that shot & killed himself a few yrs [sic] back.

Declaration of Judy House, dated August 2016.

2.  Objection

The Government objects to Ms. House's testimony on relevance grounds.  Second Motion at 4.  The Government argues that Ms. House's familial relationship is too "attenuated" to assist the court.  *Ibid*.  See also ibid. ("Ms. House's declaration does not suggest that Barrett had a familial connection to her mentally ill relatives that might have merited mitigating weight.").

3.  Petitioner's Response

Whether testimony will assist the court is the standard for admission of expert testimony, not the standard for relevance.  *See* Rule 702(a), Fed. R. Evid.  The standard for relevance in capital sentencing proceedings is that stated in *McKoy*:  evidence is relevant if "the sentencer

Petitioner's Response to Government's                                    *Barrett v. United States*,
Second Motion to Exclude Proposed                                   OK-ED No. 6:09-cv-00105-JHP
Witnesses

9

could reasonably find that it warrants a sentence less than death." *McKoy*, 494 U.S. at 441. Ms. House's testimony is relevant to the issues that the Tenth Circuit required this Court to consider: "whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health. *Barrett*, 797 F.3d at 1232.

In forming his opinion regarding Mr. Barrett, Dr. George Woods relied on information about mental illness in Mr. Barrett's extended family. *See* Doc. 71, Exh. 117 at 7-10. Mental health experts typically rely on such evidence of multi-generational mental illness to perform a reliable assessment. *Id*. at 5.

Ms. House's testimony is relevant to this issues that the Tenth Circuit directed this Court to decide, specifically Mr. Barrett's family background and mental health and the extent to which trial counsel conducted a reasonable investigation into these issues. This Court should overrule the Government's objection and permit Mr. Barrett to present Ms. House's testimony.

C. Gary Nelson

1. Testimony

Gary Nelson will testify that he is Mr. Barrett's second cousin, once removed. Mr. Nelson's mother, Karen, was Warren Dotson's daughter. Joint Statement, Affidavit 1 at 1 (Doc. 340) (Declaration of Gary Nelson).

Mr. Nelson will testify that several of his cousins suffer from various forms of mental illness. He will testify that, "You could pretty much throw a rock at any member of my family and hit someone who is mentally ill. Mr. Nelson himself has been diagnosed with severe panic anxiety and post-traumatic stress disorder. *Id*. at 1.

Mr. Nelson will testify that he has known Mr. Barrett all his life, and knows him to be kind, honest and compassionate. Mr. Nelson has never seen Mr. Barrett violent. *Id*. at 1.

Petitioner's Response to Government's                                    *Barrett v. United States*,
Second Motion to Exclude Proposed                                    OK-ED No. 6:09-cv-00105-JHP
Witnesses

2. Objection

The Government objects to Mr. Nelson's testimony because, like Judy House, the Government does not think that his familial relationship to Mr. Barrett is close enough to "establish any useful fact." Second Motion at 4. The Government does not discuss Mr. Nelson's testimony about Mr. Barrett's character for kindness, honesty and compassion.

3. Response.

For the reasons discussed in connection with Judy House, Section III.B.3, *supra*, the Government's view of relevance in the capital sentencing context is contrary to *McKoy*. Further, Mr. Nelson's testimony about Mr. Barrett's character expressly is made relevant by Supreme Court precedent and the Federal Death Penalty Act. *Penry v. Lynaugh*, 492 U.S. 302, 303 (1989) ("[R]espect for humanity underlying the Eighth Amendment requires consideration of the character and record of the individual offender . . . ."), quoting *Woodson v. North Carolina*, 428 U.S. 280, 304 (plurality opn.)[2]; 18 U.S.C. § 3592(a)(8).

Mr. Nelson's testimony is relevant to the issues that the Tenth Circuit directed this Court to decide, specifically Mr. Barrett's family background and mental health and the extent to which trial counsel conducted a reasonable investigation into these issues. This Court should overrule the Government's objection and permit Mr. Barrett to present Mr. Nelson's testimony.

D. Iva Hines

1. Testimony

Iva Hines will testify that Mr. Barrett worked for her and her husband at their construction company. Joint Statement at 5. Mr. Barrett has visited the Hineses in their home hundreds of times. Mr. Barrett was a good worker and a good guy. *Ibid.* Mr. Barrett "would do

---

[2] *Penry* was abrogated on other grounds by *Atkins v. Virginia*, 536 U.S. 304 (2002).

Petitioner's Response to Government's                                              *Barrett v. United States*,
Second Motion to Exclude Proposed                                          OK-ED No. 6:09-cv-00105-JHP
Witnesses

11

anything for you, give you the shirt off his back." *Ibid*.  Mr. Barrett "got along with everybody. He had no enemies." *Ibid*.

Mrs. Hines will testify that Mr. Barrett's federal trial attorneys did not contact her.  *Ibid*. If she had been contacted by his federal trial attorneys, she would have told them this information and would have testified for Mr. Barrett.

2.  Objection

The Government objects to Mrs. Hines's testimony on relevance grounds.  Second Motion at 5.  In the next sentence, the Government observes that Mr. Barret's trial attorneys "presented testimony much like this during the penalty phase of the trial."  *Ibid*.  Therefore, the Government argues, Mrs. Hines's testimony "would not assist the Court."  *Ibid*.

3.  Response

Evidence that was relevant at trial is relevant in these proceedings, where this Court must determine what evidence was available that Mr. Barrett's trial attorneys failed to discover and present.  The fact that Mrs. Hines's testimony was consistent with the theory of mitigation that Mr. Barrett's trial attorneys presented establishes its relevance.  *Salladhin v. Gibson*, 275 F.3d 1211, 1240 n.10 (10th Cir. 2002) (that proffered evidence was consistent with trial counsel's penalty phase theory is relevant to reasonableness of counsel's failure to pursue and present proffered evidence).

As discussed in connection with Judy House's testimony, the standard for admissibility of proposed testimony is not whether it would assist the court.  The standard is whether "the sentencer could reasonably find that it warrants a sentence less than death."  *McKoy*, 494 U.S. at 441.  *See* Section III.B.3, *supra*.

As to the Government's argument that "it would not assist the Court to hear testimony that corroborated a mitigation strategy that Barrett has characterized as inadequate," Second Motion at 5, evidence on a point that was not established at trial is not cumulative of the evidence presented in support of that point. The sentencing jury was asked to make special findings regarding mitigation. Only seven out of 12 jurors found that the defense had established that Mr. Barrett was a good neighbor and friend. Penalty Phase Special Verdict Form at 20, 23, 26. Doc. 258, No. 6:04-cr-00115-JHP. Only one juror found that the defense had established "other factors in defendant's childhood, background or character [that] mitigated[d] against imposition of the death sentence." *Id*. at 21, 24. Not all 12 members of the jury agreed that the defense established that Mr. Barrett was a good neighbor and friend. As such, Mrs. Hines's testimony as to Mr. Barrett's character is not cumulative of the evidence that trial counsel presented.

Mrs. Hines's testimony is relevant to this issues that the Tenth Circuit directed this Court to decide, specifically Mr. Barrett's family background and mental health and the extent to which trial counsel conducted a reasonable investigation into these issues. This Court should overrule the Government's objection and permit Mr. Barrett to present Mrs. Hines's testimony.

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests that this Court enter an order denying the Government's Second Motion to Exclude Proposed Witnesses.

Petitioner's Response to Government's                                    *Barrett v. United States*,
Second Motion to Exclude Proposed                                  OK-ED No. 6:09-cv-00105-JHP
Witnesses

13

DATED this 2nd day of March, 2017

                                                 RESPECTFULLY SUBMITTED,

                                                 /s/ *David Autry*
                                                 DAVID AUTRY

                                                 /s/ *Joan M. Fisher*
                                                 JOAN M. FISHER

                                                 Attorneys for Petitioner,
                                                 KENNETH EUGENE BARRETT

Petitioner's Response to Government's                    *Barrett v. United States*,
Second Motion to Exclude Proposed                         OK-ED No. 6:09-cv-00105-JHP
Witnesses

14

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 2nd day of March 2017, I caused the foregoing Petitioner's Response to Government's Second Motion to Exclude Proposed Witnesses to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER