**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:     Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, | **CAPITAL CASE** |
| Petitioner, | CASE NO. CV-09-00105-JHP |
| vs. | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

I, Tivon Schardl, declare the following:

1.     I am an attorney licensed to practice law by the State of Florida. Since 2000 I have been employed by the Federal Defender for the Eastern District of California. In 2008, the Defender assigned me the case of Kenneth Eugene Barrett. Although I ceased regular work on the case in 2010, I have been assigned responsibilities for the upcoming evidentiary hearing in Mr. Barrett's case. One of those responsibilities is presenting the testimony of Dr. Erin Bigler,

Decl. Counsel re Mot. Suppl. Resp. MSJ                              *Barrett v. U.S.A.*, CV-09-00105-JHP

Dr. Deborah Miora, and attorney Richard H. Burr.

2.      On or about February 28, 2017, co-counsel received a draft report from Dr. Erin Bigler, Ph.D. I reviewed the draft on the morning of March 1, 2017, and that afternoon I spoke with Dr. Bigler about it. Based on my review and that conversation, I asked Dr. Bigler whether I correctly understood the import of his opinions to support the following statements, and he confirmed that my understanding was accurate:

> that Dr. Bianco failed to perform a complete test of Mr. Barrett's executive functioning, the general area of brain function that is most pertinent to a murder case like this one. Executive functions include decision-making, impulse control and changing a course of action in response to new information. Due to Dr. Bianco's failure to complete the tests of executive functioning, there was no basis for him to state in his affidavit that "further neurological testing is unwarranted," Mot. Ex. 5 at ¶ 3, and that "[f]urther testing . . . would not be indicative of significant deficits in Mr. Barrett's functioning," *id.* at ¶ 4. Dr. Bigler's testimony would show that Dr. Bianco's statement that "[f]urther testing will not provide evidence that is inconsistent with Mr. Barrett's neuropsychological test results," *ibid.*, is meaningless because (a) Dr. Bianco did not perform a complete test for impaired executive functioning, (b) tests he did perform indicated brain dysfunction, and (c) his test results were consistent with the evidence of organic brain syndrome that Dr. Bill Sharp found two years later.

3.      On March 2, 2017, I spoke by telephone with Dr. Miora and asked for her opinion on the foregoing sentences. Co-counsel had previously retained Dr. Miora to review and, if appropriate, to be prepared to present the testing and conclusions of Dr. Myla Young, Ph.D., who died in 2013. We also had asked Dr. Miora to review Dr. Bianco's work and affidavit. Dr. Miora informed me that she concurred in Dr. Bigler's view and that she would include in her report her observations and opinions regarding Dr. Bianco's tests of executive functioning.

4.      In October 2016, co-counsel Assistant Federal Defender Joan Fisher prepared a contract for Mr. Burr to serve as an expert at the evidentiary hearing. She subsequently provided Mr. Burr with background materials on the case.

5.      In January and February 2017, I conferred with Mr. Burr about his work on the

case. We discussed his ability to provide a report by March 3, 2017. On February 16, 2017, I spoke with Mr. Burr and he advised that he would provide a draft of his report by March 1, 2017.

6.      Upon my arrival at work on February 21, 2017, I opened an email Mr. Burr sent a few minutes earlier. The email stated that on February 17, 2017, Mr. Burr learned that he had one or more blockages in one or more arteries around his heart. Mr. Burr said that he was going into hospital on February 21, 2017, for a procedure intended to correct the problem. Although he expressed uncertainty about his time for returning to work, he advised that at best he would be out for two days. Mr. Burr said he would need until at least March 6, 2017, to complete his report.

7.      The same day I drafted a motion for extension of time to file Mr. Burr's report. Lead counsel David Autry forwarded the draft to counsel for the government. Later that afternoon, Mr. Autry forwarded to me an email from counsel for the government stating that there was no opposition to the motion.

I declare, under penalty of perjury, as provided in the laws of the United States of America, that the foregoing is true and correct and based on my personal knowledge.

Subscribed to by me this 2nd day of March 2017 in Sacramento County, California.


*/s/ Tivon Schardl*
TIVON SCHARDL