DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:      (405) 521-9600
Facsimile:      (405) 521-9669
E-mail:          dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:      (916) 498-6666
Facsimile:      (916) 498-6656
E-mail:          Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| Petitioner, | CASE NO. CV-09-00105-JHP |
| vs. | **PETITIONER'S PROFFER OF EXPERT TESTIMONY** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, Kenneth Eugene Barrett, by and through undersigned counsel, herey proffers the qualifications, opinions, reasons and bases therefor, rendered in this case by Deborah Miora, Ph.D.; Pablo Stewart, M.D.; Thomas Reidy, Ph.D.; Erin Bigler, Ph.D.; George Kirkham, Ph.D.; and Thomas Kosten, M.D. This Court previously excluded their testimony. Order (Doc. 361) at 10-11.

The attached exhibits demonstrate that Mr. Barrett was prepared to comply with this Court's scheduling order (Doc. 270), and Fed. R. Civ. P. 26(a)(2). The exhibits further demonstrate that the witnesses' previously excluded testimony would have been admissible under the Eighth Amendment to the United States Constitution, 18 U.S.C. § 3593(c) to show that Mr. Barrett suffered from mental and emotional problems that made him less culpable and that therefore stood as reasons to impose a sentence less than death, and, under the same provisions, to rebut the government's evidence in aggravation, including, but not limited to, the government's evidence of future dangerousness. *See*, *e.g.*, *Lockett v. Ohio*, 438 U.S. 586 (1978); *Woodson v. North Carolina*, 428 U.S. 280, 303 (1976) (invalidating mandatory death-sentencing law before *Lockett* due to its "failure to allow the particularized consideration of relevant aspects of the character and record of each convicted defendant before the imposition upon him of a sentence of death"); *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982) ("the sentencer in capital cases must be permitted to consider any relevant mitigating factor"); *Skipper v. South Carolina*, 476 U.S. 1 (1986) (jury must be permitted to consider positive adjustment to jail after arrest); *Hitchcock v. Dugger*, 481 U.S. 393 (1987) (unanimously invalidating death sentence where jury was precluded by instruction from considering aspects of defendant's background that he offered in mitigation); *McCoy v. North Carolina*, 494 U.S. 433 (1990) (invalidating State's requirement that mitigating circumstances must be found unanimously); *id.* 494 U.S. at 442 ("The Constitution *requires* States to allow consideration of mitigating evidence in capital cases. Any barrier to such consideration must therefore fall.") (emphasis in original); *Tennard v. Dretke*, 542 U.S. 274, 284 (2004) (overturning Fifth Circuit standard for "constitutional relevance" of mitigation evidence on grounds it "has no foundation in the decisions of this Court"); *ibid.* (when Court has "addressed directly the relevance standard applicable to mitigating evidence in capital

cases . . . [the Court] spoke in the most expansive terms"); *Smith v. Texas*, 543 U.S. 37, 44-45 (2004) (*per curiam*) (rejecting "Texas nexus" requirement that mitigation be causally related to the offense); *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007) ("sentencing juries must be able to give meaningful consideration and effect to all mitigating evidence that might provide a basis for refusing to impose the death penalty on a particular individual, notwithstanding the severity of his crime or his potential to commit similar offenses in the future"). Accordingly, the witnesses' excluded testimony is relevant to assessing prejudice from trial counsel's unreasonable errors. *Strickland v. Washington*, 466 U.S. 668, 695 (1984).

DATED this 3rd day of March, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

/s/ *Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 3rd day of March 2017, I caused the foregoing Petitioner's Proffer Expert Testimony to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER