**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | Case No. CV-09-00105-JHP |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO BARRETT'S MOTION TO
SUPPLEMENT HIS RESPONSE TO PARTIAL SUMMARY JUDGMENT**

**COMES NOW** the United States of America, by and through undersigned counsel and

respectfully submits this response in opposition to Barrett's motion to supplement his response to

a motion for partial summary judgment (Doc. 374).

**PROCEDURAL HISTORY**

On appeal from the denial of relief under 28 U.S.C. § 2255, the Tenth Circuit Court of

Appeals remanded this case for an evidentiary hearing to determine whether Barrett's trial

attorneys, Roger Hilfiger and Bret Smith, ineffectively failed to investigate and present evidence

about the defendant's background and mental health.  *United States v. Barrett*, 797 F.3d 1207,

1232 (10th Cir. 2015).  Based on the disclosure of "trial counsel's files" and the alleged

provenance of those documents, the government moved for summary judgment with regard to

the supposed ineffectiveness of counsel in the investigation and presentation of evidence.  Doc.

347.  Barrett filed an opposition (Doc. 366), and the government replied (Doc. 372).  Barrett

filed the instant motion to supplement (Doc. 374) immediately before this Court ordered a sur-

reply regarding Barrett's position on the government's statement of facts (Doc 375).  The instant opposition addresses only the motion to supplement.

**ARGUMENT**

**THE COURT SHOULD DENY THE REQUEST TO SUPPLEMENT THE OPPOSITION TO SUMMARY JUDGMENT WITH IRRELEVANT ASSERTIONS**

The government moved for partial summary judgment based on recent disclosures about the documents available to trial counsel.  Among the documents was an affidavit authored by Faust Bianco, who indicated that he had performed neuropsychological testing on the defendant and determined he did not suffer from brain damage.  The government argued that the affidavit would have justified a reasonable attorney in ceasing investigation of that line of potential mitigation.  In his motion to supplement, Barrett seeks to dispute the reliability of Bianco's findings.  Doc. 374.  The accuracy of Bianco's findings are not legally assured.  Because counsel could properly rely on the opinion of an expert, the extant correctness of his findings should not impact any assessment of counsel's actions.

As the government argued in its motion for partial summary judgment, "reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Rompilla v. Beard*, 545 U.S. 374, 383 (2005).  Counsel are generally entitled to rely on the opinions of mental health experts. *Williams v. Woodford*, 384 F.3d 567, 611 (9th Cir. 2002); *see also Bell v. Thompson*, 545 U.S. 794, 809-10 (2005) (suggesting defendant "would have faced an uphill battle" to convince a court the mental health investigation should have continued despite an expert opinion defendant was not mentally ill).  Indeed, counsel may justifiably rely on an expert, though a better strategy becomes available in hindsight. *Stokley v. Ryan*, 659 F.3d 802, 814 (9th Cir. 2011); *see also Earp v. Cullen*, 623 F.3d 1065, 1077 (9th Cir.

2

2010) (holding defendants have no constitutional right to the effective assistance of experts); *Hamilton v. Workman*, 217 Fed. Appx. 805, 809-10 (10th Cir. 2007) (agreeing with an analysis that observed that the "Constitution does not entitle a criminal defendant to the effective assistance of an expert witness").

In this case, Echols possessed an affidavit from Bianco that would have justified reasonable counsel in foregoing further investigation of brain damage. *See Rompilla v. Beard*, 545 U.S. 374, 383 (2005); *Williams v. Woodford*, 384 F.3d 567, 611 (9th Cir. 2002). Had Echols transmitted Bianco's affidavit to Messrs. Smith and Hilfiger, they also would have been justified in forgoing an investigation of brain damage. The fact that subsequent experts have contradicted Bianco's findings is not a fact of any consequence in the assessment of trial counsel's actions. *See Stokley*, 659 F.3d at 814; *Earp*, 623 F.3d at 1075-77 (holding, inter alia, "We cannot fault trial counsel for failing to further investigate potential mitigating evidence of organic brain damage when the thorough defense investigation, that explicitly pursued the possibility of organic brain damage, uncovered no helpful information.").

Given the irrelevance of the newly proffered opinion on brain damage, this Court should disregard it and deny the motion to supplement.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to deny and dismiss Barrett's request to supplement his opposition to the government's motion for partial summary judgment.

Dated: March 3, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on March 3, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section