**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | Case No. CV-09-00105-JHP |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**REPLY IN SUPPPORT OF GOVERNMENT'S SECOND MOTION TO EXCLUDE**
**PROPOSED WITNESSES**

---

 **COMES NOW** the United States of America, by and through undersigned counsel, and respectfully submits this reply in support of its second motion to exclude witnesses (Doc. 368). The government declines to reiterate the arguments in its motion, but incorporates them by reference.

**PROCEDURAL HISTORY**

 On appeal from the denial of relief under 28 U.S.C. § 2255, the Tenth Circuit remanded this case for an evidentiary hearing to determine whether trial counsel ineffectively failed to investigate and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). On January 30, 2017, the government moved to exclude several of the 71 witnesses Barrett had noticed in correspondence. On February 16, 2017, Barrett listed 49 witnesses in the parties' joint statement. On February 24, 2017, the Court partially granted the government's motion to exclude. Doc. 361. Based on the witness list and testimonial summary offered in the joint statement, the government moved to exclude four

1

witnesses: Roger Crawford, Judy House, Gary Nelson, and Iva Hines.  Doc. 368.  Barrett filed an

opposition (Doc. 373), and this reply follows.

## ARGUMENT

### THE COURT SHOULD LIMIT BARRETT TO WITNESSES WHO CAN TESTIFY ABOUT FOREGONE PENALTY PHASE EVIDENCE

In his opposition, Barrett argues that the four witnesses subject to objection will offer

relevant testimony.  Doc. 373.  The government disagrees that Barrett has demonstrated the

relevance and admissibility of testimony from Hines, Nelson, House and Roger Crawford.

In his opposition to the motion, Barrett proposes that Crawford will testify about his son,

Travis Crawford's, mental health issues; his daughter-in-law, Cindy Crawford's, credibility

issues; and his wife, Phyllis Crawford's, current dementia and unavailability as a witness.  Doc.

373.  While Cindy Crawford testified during the penalty phase of his trial, her credibility is not

presently in issue.  Likewise, Phyllis Crawford's infirmities have no bearing on the issues at bar.

Apparently, Roger Crawford can offer personal accounts of his relatives' mental health,

but the declaration previously used to summarize his putative testimony does not describe such

recollections.  Doc. 95 Ex. 92.  Instead, it summarizes Travis Crawford's thoughts.  Though the

Federal Death Penalty Act does not categorically bar hearsay mitigation evidence, it excludes

information "if its probative value is outweighed by the danger of creating unfair prejudice,

confusing the issues, or misleading the jury."  18 U.S.C. § 3593(c).  Roger Crawford's hearsay

account of his son's interview is confusing, especially given that Barrett now asserts Roger

Crawford can testify to his own observations.  On March 2, 2017, Barrett informed the

government that Roger Crawford would testify that "Travis Crawford . . . is a blood relative of

Kenneth Barrett . . . .  Travis also suffers from serious mental health issues.  Roger can attest to

that familial genetic component, as well as that of other of his progeny and their progeny." Assuming Barrett intends to adduce Roger Crawford's personal observations about mental health issues among his relatives, the government withdraws its objections, but requests a more detailed summary. However, if Barrett seeks to adduce his opinions about genetic risks, the government objects to an apparent lack of expertise. *See* Trl. Tran. 25:5053; Fed. R. Evid. 702(a).

The government objects to the testimony of Judy House and Gary Nelson, concerning the incidence of mental illness among their relatives, because they have an attenuated relationship to Barrett. Barrett argues that his mental health expert relied upon evidence of multi-generational mental illness in assessing the defendant. Doc. 373 at 10. The government does not dispute that the expert considered genetic evidence in support of his diagnosis. Indeed, the expert's declaration indicates he has had the necessary evidence at hand for nearly eight years. *See* Doc. 95 Ex. 117. If Barrett's mental health expert requires further corroboration from distant relations, he may rely on extra-judicial information. *See* Fed. R. Evid. 702. For purposes of this hearing, live testimony about the mental illnesses of distant cousins has no mitigating value or any bearing on the actions of trial counsel.

The government objected to the relevance of testimony offered through Iva Hines, who would provide the Court with a positive character assessment of Barrett. Barrett argues, however, that any testimony admissible at the penalty phase remains admissible at this hearing. But Barrett overstates the scope of this proceeding, which concerns only the alleged omission of mental health and social history evidence. Foregone evidence on other subjects will not assist the Court, as the Tenth Circuit did not remand this case to determine the scope of any other type of foregone evidence. In this regard, the government also objects to the relevance of any

character evidence the defense might seek to offer at the evidentiary hearing from Hines, Gary Nelson or any other witness.

Because the testimony of the foregoing witnesses, as described by Barrett, will not assist the Court, it should exclude them from the hearing.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to exclude the testimony of Judy House, Gary Nelson, and Iva Hines, and to limit any testimony from Roger Crawford to his personal observations of mental illness amongst Barrett's relatives, as more fully summarized before the upcoming hearing.

Dated: March 3, 2017:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150


/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on March 3, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney

5