**DAVID AUTRY.** OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile       (405) 521-9669
E-mail           dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:         Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | Case No. CIV-0900105-JHP |
| Petitioner, | ) | |
| | ) | **OBJECTION TO COURT'S ORDER** |
| v. | ) | **BIFURCATING THE HEARING,** |
| | ) | **MOTION TO RECONSIDER,** |
| UNITED STATES OF AMERICA, | ) | **AND MOTION TO STAY** |
| | ) | **EVIDENTIARY HEARING** |
| Respondent. | ) | **IN ORDER TO PURSUE APPELLATE** |
| | ) | **REMEDIES** |

Ten days before the evidentiary hearing is to begin, the court has ordered the hearing to be

bifurcated. The reason given is because there are two prongs to the *Strickland v. Washington,* 466

U.S. 668 (1984) test – attorney performance and prejudice. Since there are two prongs to the test,

the court has divided the hearing into two parts. The first part is to be devoted to the

1

"performance prong" and the second is to address the "prejudice prong," with a Chinese wall erected between the two until the court makes its findings on deficient performance. The court has signaled in its order that if it finds, after the first part of the hearing, that trial counsel's performance was not constitutionally deficient, there will be no hearing on prejudice, and the matter will be concluded.  (Doc. 378).

Petitioner objects and asks the court to reconsider its order. Failing that, Petitioner asks that the hearing be continued to March 30, 2017. This is the date Mr. Hilfiger is set to testify. Since he is an indispensable witness on the question of deficient performance, it would be more efficient to continue the hearing to the time he is available. Otherwise, under the court's order, there will be an inefficient "trifurcated" proceeding, with perhaps the key witness on the question of deficient performance (Mr. Hilfiger) testifying at or near the tail-end.

The court's order bifurcating the hearing violates the Tenth Circuit's remand order. The Tenth Circuit found Mr. Barrett has made a prima facie showing *as to both* the performance and prejudice prongs of the *Strickland* test. The Tenth Circuit remanded the case for an evidentiary hearing based on Mr. Barrett's *unitary claim* of ineffective assistance of counsel, which obviously encompasses both prongs of the test. *United States v. Barrett,* 797 F.3d 1207, 1223-1232 (10th Cir. 2015) (discussing evidence relating to both performance and prejudice, and stating, at page 1224, that an evidentiary hearing is required where a petitioner's allegations as to both, if true, would entitle him to relief).

Instead, the court has ordered two hearings with the distinct prospect that the court will hear *no evidence* on prejudice if it finds trial counsels' performance was professionally reasonable. This would improperly allow the court to terminate the hearing after only half the story was presented.  But the Tenth Circuit has ordered a single evidentiary hearing for the court

2

to consider evidence bearing on *both prongs* of the *Strickland* test, not a piecemeal approach which would permit the court to hear evidence as to only one prong and then terminate the proceedings if it finds against Mr. Barrett.  The Tenth Circuit neither authorized nor contemplated a bifurcated hearing. *Barrett,* 797 F.3d at 1232 (2015) ("In short, we believe that Defendant presented sufficient evidence of deficient performance *and* prejudice to entitle him to *an* evidentiary hearing. Based on the evidence presented at *a* hearing, the district court can make findings of fact and render its decision, *both* on performance *and* prejudice.") (emphasis added). "An important corollary of the [law of the case] doctrine, known as the "mandate rule," provides that a district court "must comply strictly with the mandate rendered by the reviewing court." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir.1992)." *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997).  *See also, Zinna v. Congrove,* 755 F. 3d 1177, 1182  (10th Circuit 2014).

The court's order also apparently means that a number of witnesses, such as members of Mr. Barrett's family, would have to testify twice. Under the court's bifurcated approach, the family witnesses would have to appear to testify only to the nature and extent of their exceedingly brief contacts with trial counsel, and to what trial counsel *did not ask them*, without having any opportunity to say what they would have said regarding the significant mitigating evidence they could have offered, but which was omitted from trial due to a failure to investigate. Such an exercise would be largely pointless in light of the fact that *trial counsel's post-conviction affidavits never dispute what Mr. Barrett's family members say* about the perfunctory, last- minute "interviews" they had with trial counsel shortly before taking the stand. (Doc. 175, Exhs. 11, 12). The government has had years to try to refute what these witnesses say about the nature and extent of their contacts with trial counsel, and the mitigating evidence they could have offered on behalf

3

of Mr. Barrett if an effective investigation had been undertaken, but has not done so. Nor could it, based on the post-conviction affidavits of Messrs. Hilfiger and Smith and the declarations of Mr. Barrett's family members. *Barrett,* 797 F.3d at 1225 ("Defendant's trial attorneys also apparently did little to investigate his background and mental health through his family. According to the declarations of family members who testified during the sentencing phase, the trial attorneys' preparation for their testimony consisted more or less of five-minute interviews before going on the stand, and none were asked about Defendant's background, mental health, or family history[,]" and going on to analyze the government's arguments, *none of which* contested the family members' declarations about the nature and extent of their contact with trial counsel).

On the other hand, if the court intends to hear evidence on both prongs of the *Strickland* test and is not contemplating possibly ending the hearing after receiving evidence on deficient performance, then there is no need for bifurcation. The court is required to hear all the evidence in the single, undivided hearing ordered by the Tenth Circuit.

Having Mr. Barrett's family members testify twice in an unnecessary bifurcated proceeding would also work significant hardship on them. Many are elderly and in poor health. Some are employed and would have to re-arrange their work schedules twice. If there is a bifurcated hearing against this objection and motion to reconsider, the hearing will be unnecessarily extended as witnesses are compelled to appear twice instead of being able to tell the whole story once. If a bifurcated hearing is to be held (over objection), with the prospect that the proceeding may be terminated after evidence is heard on only the "performance prong" of *Strickland*, Petitioner asks that he be able to depose witnesses as to "prejudice," in order to get the entirety of the relevant testimony of the witnesses on the record.  This is particularly important with respect to family witnesses who are elderly and have health problems – and whose testimony

4

may never be heard under this Court's current Order.

Mr. Barrett is clearly prejudiced by the arrangement ordered by the court, because he cannot effectively, intelligibly, and persuasively present his case in the kind of hearing the court has directed. Under the court's order, the hearing(s) will frequently be punctuated by one side or the other objecting to whether a question or area of questioning goes to one "prong" or the other, adding an interminable "stop-start" quality to the proceedings. At the least, this is an inefficient use of resources, for all involved. Beyond all this, of course, the order bifurcating the hearing denies Mr. Barrett the hearing the Tenth Circuit ordered.

The Court's Order violates Mr. Barrett's right to Due Process under the Fifth Amendment to the United States Constitution and deprives him of a full and fair evidentiary hearing. The Court should reconsider and rescind its order for a bifurcated hearing.

On this date, Mr. Autry contacted counsel for Respondent regarding their position on this Objection and Motion to Reconsider and Rescind.  Respondent's counsel object to this Motion.

DATED:  March 6, 2017                              RESPECTFULLY SUBMITTED,

*/s/ David Autry*
DAVID AUTRY

*/s/ Joan M. Fisher*
JOAN M. FISHER

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

5

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 6th day of March, 2017, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service being made via CM/ECF to Jeffrey B. Kahan, U.S. Department of Justice, and Christopher J. Wilson, AUSA. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

*/s/ Joan M. Fisher*
JOAN M. FISHER

6