**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | Case No. 09-CV-00105-JHP |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT RESPONSE IN OPPOSITION TO OBJECTION TO COURT'S ORDER
BIFURCATING THE HEARING, MOTION TO RECONSIDER AND MOTION TO
STAY EVIDENTIARY HEARING TO PURSUE APPELLATE REMEDIES**

**COMES NOW** Respondent, United States of America, by and through undersigned

counsel and files this response in opposition to Petitioner's objection to court's order bifurcating

the hearing, motion to reconsider and motion to stay evidentiary hearing to pursue appellate

remedies (Doc. 385).

## PRELIMINARY STATEMENT

Following the affirmance of his convictions for three homicide crimes and the imposition

of a death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255.  Docs. 1, 2, 70 & 95.

This Court denied relief (Docs. 214 & 215), and Barrett appealed (Doc. 222).  The Tenth Circuit

Court of Appeals affirmed in part, but remanded the case for an evidentiary hearing regarding an

allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental

health and social history.  Doc. 230.  This Court has scheduled the hearing to commence March

13, 2017.  Docs. 246 & 270.

1

On March 3, 2017, the Court issued a sua sponte order bifurcating the hearing.  Doc. 378.  The order recognized that the operative standard for assessing claims of ineffective assistance requires Barrett to establish that trial counsel's performance was both deficient and caused actual prejudice.  Doc. 378 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  The order stated that the Court would not consider evidence of prejudice until Barrett had established deficient performance.  Doc. 378.  Barrett filed an objection and motion to reconsider (Doc. 385), and this opposition follows.

### ARGUMENT

**THE COURT SHOULD NOT RECONSIDER ITS ORDER BIFURCATING THE HEARING, EXCEPT FOR THE CONVENIENCE OF LAY WITNESSES**

In his motion to reconsider, Barrett argues that this Court lacks the authority to bifurcate in light of the Tenth Circuit's opinion remanding this case.  Doc. 385.  While the government disagrees with the legal merits of Barrett's arguments, it agrees that the Court should not insist on bifurcation to the detriment of lay witnesses.

Courts evaluate motions to reconsider under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g., United States v. Thompson*, 125 F.Supp.2d 1297 (D. Kan. 2000).  Accordingly, they may grant reconsideration on three discrete grounds: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  See Doc. 221 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994).

2

In this instance, Barrett fails to demonstrate any intervening change in law or fact, much less any error in the Court's order. Indeed, the Supreme court has consistently recognized the trial court's broad discretion in regulating its proceedings: "'(T)he judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.'" *Geders v. United States*, 425 U.S. 80, 86 (1976) (quoting *Quercia v. United States*, 289 U.S. 466, 469 (1933)). As the Court has further recognized:

> A criminal trial does not unfold like a play with actors following a script; there is no scenario and can be none. The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. To this end, he may determine generally the order in which parties will adduce proof; his determination will be reviewed only for abuse of discretion.

*Geders,* at 86 (citing *Goldsby v. United States*, 160 U.S. 70, 74 (1895)). The Supreme Court has likewise recognized the discretion of courts to omit consideration of either prong of the *Strickland* test "if the defendant makes an insufficient showing on one." Doc. 378 at 1 (citing, inter alia, *Strickland*, 466 U.S. at 697).

Given the Court's broad authority to regulate proceedings before it, and especially its discretion in the analysis of *Strickland* claims, Barrett cannot show that it lacks the authority to bifurcate the hearing. Likewise, he cannot establish that the Tenth Circuit opinion remanding this case requires a unitary analysis of the *Strickland* issue. First, the Tenth Circuit did not consider the question and its opinion is not authority for a proposition it did not consider. *In re Cox Enterprises*, 835 F.3d 1195, 1212 (10th Cir. 2016) (citing *Planned Parenthood of Kansas & Mid–Missouri v. Moser*, 747 F.3d 814, 830–35 (10th Cir. 2014)). Second, the circuit court has no power to overrule the express command of the Supreme Court's opinion in *Strickland*, authorizing a flexible analysis.

While Barrett has not demonstrated any limitation in the Court's authority to bifurcate, the government is sensitive to the burdens the order may impose on lay witnesses. Accordingly, the government encourages the Court to permit testimony on both prongs from lay witnesses who can demonstrate meaningful inconvenience resulting from the possible need to testify twice.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges this

Court to deny Barrett's motion for reconsideration.

Dated: March 7, 2017,

Respectfully submitted,

MARK F. GREEN
United States Attorney

CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov


*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on March 7, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section