IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT          )
                                )
      Petitioner,               )
                                )        Case No. 09-CV-00105-JHP
  v.                            )
                                )
UNITED STATES OF AMERICA,       )
                                )
      Respondent.               )

GOVERNMENT'S MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S
DISCOVERY ORDER

**COMES NOW** Respondent, United States of America, by and through undersigned

counsel, and files this motion to compel discovery in compliance with this Court's discovery

order (Doc. 269).  Undersigned counsel conferred in person with counsel for Barrett who oppose

this motion.

## PRELIMINARY STATEMENT

Following the remand of this matter for an evidentiary hearing regarding allegations of

ineffective assistance of counsel, the government moved for Barrett to disclose his trial counsel's

files to the government.  Doc. 250.  In determining that the government had shown "good cause"

for the requested discovery, the Court observed that Barrett's claims of ineffective assistance of

counsel "impliedly waive[d] attorney-client privilege with respect to communications with his

attorney necessary to prove or disprove his claim."  Doc. 269 at 9-10 (citing *United States v.*

*Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)).  Finding that Barrett had placed trial counsel's

penalty phase effectiveness  "directly in issue," the Court ordered disclosure of "all of

1

petitioner's defense attorneys' files and records which could in any way be considered impacting their representation of Petitioner during the penalty phase of his trial."

On December 20, 2016, Barrett's current counsel transmitted to each attorney for the government a DVD containing four .pdf files.  The discs were accompanied by a cover letter that stated, "Enclosed please find . . . disclosure of [Mr. Barrett's] trial attorneys' files and records concerning their representation of him during the penalty phase of his trial."  Those files contained multiple copies of reports authored by an investigator named Roseanne Schaye, which the government has marked as Exhibits 18 through 25, inclusive, for purposes of the ongoing evidentiary hearing.

On the first day of the hearing, Barrett called as a witness Jack Gordon, a criminal defense attorney who represented the defendant during state proceedings arising from the same homicide at issue in this case.  During his testimony, Mr. Gordon stated that he had previously refreshed his recollection with, among other things, a set of investigative reports authored by Roseanne Schaye.  Exs. 1 to 10.  The reports concern Barrett's social history and mental health and were patently prepared in anticipation of a possible penalty phase trial.  *See id.*  Mr. Gordon stated that he had received the reports from Barrett's current counsel, and the Court granted the government's motion for copies of the material.  *See* Fed. R. Evid. 612.  After comparing the documents with those received in Barrett's discovery disclosure, it appears that the government never received nine of the reports disgorged through Mr. Gordon.  Exs. 1-9.

Mr. Gordon testified that he continues to maintain a file from his representation of the defendant.  He also stated that Barrett's federal trial attorneys, Bret Smith and Roger Hilfiger never contacted him to request that material.  However, Mr. Smith previously declared that he contacted Mr. Gordon before the federal trial in an effort to obtain his files.  Doc. 174 Ex. 11 at ¶

2.  According to Mr. Smith, "Mr. Gordon said that he had no materials because he had turned over all of his records to his state court co-counsel, John David Echols." *Id.*  Given the discrepancy over the documents available to Mr. Smith, the government orally sought an order requiring Mr. Gordon to disclose his file.  Barrett responded that the implied waiver of privilege found in the discovery order did not embrace the requested materials because Mr. Gordon did not represent the defendant during his federal trial and is, as a result, was not subject to the claim of ineffectiveness.

The government now moves to compel full compliance with this Court's discovery order, including disclosure of Mr. Gordon's file, should it exist.

## ARGUMENT

### THE COURT SHOULD COMPEL THE DEFENSE TO DISCLOSE ALL DOCUMENTS EMBRACED BY THE EXISTING DISCOVERY ORDER, INCLUDING THOSE POSSESSED BY MR. GORDON

Given that Barrett provided documents to Mr. Gordon that should have been disclosed in discovery, the government moves to compel discovery consistent with this Court's existing order.  The government has previously satisfied this Court that it has good cause for the disclosures of trial counsel's file.  *See* Doc. 269.  Based on the documents received through Mr. Gordon, it now appears that Barrett's current attorneys have failed to comply with the standing discovery order.

Accordingly, the government requests that this Court order Barrett to identify, by Bates number, the location of the Exhibits 2 through 10 in the existing discovery files.  If Barrett cannot demonstrate that the reports were disclosed to the government, this Court should order Barrett's counsel to reexamine all of their files so that they can provide assurances of full compliance with their discovery obligations.  If need be, the Court should permit the government

3

to call additional witnesses at the hearing after Barrett has disclosed all the documents contemplated by the current discovery order.

Furthermore, the Court should order Jack Gordon to disclose the contents of his file, which clearly relates to the Schaye investigative reports. By his own admission, Gordon relied on those reports to refresh his recollection. During his testimony, he indicated which reports contained information previously known to him. Accordingly, Barrett, his current counsel, and Gordon all appear to believe that Schaye's reports bear on the witness's memory of the events.

The Court should not permit Barrett to maintain that he did not waive any privilege as to Gordon because the attorney did not represent him in the federal trial. Barrett waived his privilege by calling Gordon to testify about his work product. Criminal defendants waive attorney-client privilege by failing to object to the testimony of former attorneys. *United States v. King*, 484 F.2d. 924, 927-28 (10th Cir. 1973). The client holds the privilege and decides whether to claim or waive it. *Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 656 (N.D. Okla. 2005). If the client permits his attorney to testify as to privileged communications, the privilege is deemed waived. *Id.* Merely indicating an attorney will testify may provide sufficient grounds for a waiver of privilege. *Id.* (citing *Rutgard v. Hayne*s, 185 F.R.D. 596, 601–02 (S.D. Cal. 1999); *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 295–96 (D. Mont. 1998). Likewise, a witness cannot offer testimony based on documents that he simultaneously claims are protected work product. *Id.* (citing *United States v. Nobles*, 422 U.S. 225, 239-40 (1975)).

In this case, Barrett waived his attorney-client privilege and work-product privilege when he called Jack Gordon to testify about his files and trial strategies. The government did not seek to place any of this information in question, Barrett did. Barrett first presented Gordon's declaration as to his motion for § 2255 relief. Doc. 95 Ex. 82. Barrett than presented Gordon as

4

a witness.  Having placed Gordon's work, strategies and opinions at issue, the defendant cannot now resort to a claim of privilege to obscure the scope of information and documents controlled, and potentially disseminated, by the witness.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges this Court to grant the motion to compel.

Dated: March 28, 2017,

Respectfully submitted,

DOUG HORN
Acting United States Attorney

*/S/ Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 345
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on March 28, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section