DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:         dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Capital Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:         Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. CV-09-00105-JHP<br><br>**PETITIONER'S PROFFER OF EXPERT TESTIMONY FROM RICHARD H. BURR** |

Petitioner, Kenneth Eugene Barrett, by and through undersigned counsel, hereby proffers

the qualifications, opinions, reasons and bases therefor, rendered in this case by attorney Richard

H. Burr. This Court previously excluded Mr. Burr's testimony, Order (Doc. 361), and denied Mr.

Barrett's unopposed motion for additional time to submit Mr. Burr's report pursuant to Fed. R.

Civ. P. 26(a)(2). Min. Order (Doc. 362).

The attached declarations are a proffer of the testimony Mr. Barrett would present if he were given an opportunity to conduct a direct examination of Mr. Burr in his case in chief. Mr. Barrett reserves the right to proffer rebuttal testimony from Mr. Burr based on any testimony from trial counsel that differs from their previously filed declarations, or other evidence presented by the government that departs from the theory it presented to the Tenth Circuit. *See United States v. Barrett*, 797 F.3d 1207, 1225-29 (10th Cir. 2015).

Mr. Burr's declarations demonstrate that he has relevant first-hand knowledge of trial counsel's acts, omissions, and the information that was before them at the time in question and that he is qualified to offer an opinion on the issue of deficient performance. More specifically, Mr. Burr's testimony would have provided the following material evidence:

- case-specific explanations as to how the prevailing professional norms of defense practice in federal death penalty cases tried in 2005 apply to the circumstances faced by Mr. Barrett's counsel;

- evidence showing how defense attorneys trying federal death penalty cases in 2005 viewed their roles;

- evidence of how prevailing norms would call upon counsel to respond to specific information that was available to trial counsel in this case;

- fact-specific descriptions of the techniques of capital defense practitioners commonly used to combat the government's penalty phase theme in this case, and a demonstration of trial counsel's failure even to recognize the government's strategic goal;

- fact-specific descriptions of common techniques used by capital defense counsel in 2005 if and when a client expressed reticence about mitigation evidence, as the government alleges occurred in this case.

Mr. Burr's evidence would "assist the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, namely, whether specific acts and omissions of trial counsel in this case were consistent with prevailing professional norms, not merely as a matter of law, as the District Court presumed, but based on the resources and techniques available to trial counsel and commonly employed in federal death penalty cases in 2005. "The general approach of the Rules is to relax traditional barriers to expert opinion testimony. The presumption under the Rules is that expert testimony is admissible." 4 Joseph M. McLaughlin, ed., *Weinstein's Federal Evidence* § 702.01 at p. 702-6 (2d ed. 2002). "The intent of the Rule is to liberalize the admissibility standards for expert testimony . . . all that is required is that expert testimony on the subject matter will assist the factfinder." S. Saltzburg, *et al.*, 3 *Federal Rules of Evidence Manual* § 702.02[1] (9th ed. 2006), citing, *e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In this Circuit, "expert legal witnesses have not been barred from testifying . . . about claims of ineffective assistance of counsel." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (discussing Tenth Circuit law and practice). *See also Bryan v. Mullin*, 335 F.3d 1207, 1223 nn. 22 & 24 (10th Cir. 2003); *Fisher v. Gibson*, 282 F.3d 1283, 1309 (10th Cir. 2002); *Hooks v. Ward*, 184 F.3d 1206, 1212 (10th Cir. 1999); *Stafford v. Saffle*, 34 F.3d 1557, 1563 (10th Cir. 1994); *Dutton v. Brown*, 788 F.2d 669, 671 (10th Cir. 1986). In other jurisdictions, "[i]t is well settled that in the prosecution of a lawyer for conduct stem[ing] from his or her representation of a client, expert testimony on the lawyer's ethical obligations is relevant to establish the lawyer's

intent and state of mind." *United States v. Kellington*, 217 F.3d 1084, 1098 (9th Cir. 2000).

Thus, it is not surprising that this Court and many others have admitted testimony from attorney experts in evidentiary hearings on ineffective-assistance claims. *See*, *e.g.*, *Marshall v. Cathel*, 428 F.3d 452, 468 (3rd Cir. 2005); *Burdine v. Johnson*, 262 F.3d 336, 371 n.16 (5th Cir. 2001); *Sowell v. Bradshaw*, 372 F.3d 821, 828 (6th Cir. 2004); *Jones v. Delo*, 258 F.3d 893 (8th Cir. 2001); *Middleton v. Dugger*, 849 F.2d 491, 494 (11th Cir. 1988). *See also Johnson v. United States*, 860 F. Supp. 2d 863, 881 (N.D. Iowa 2012) (noting role of Richard Burr in case).

DATED this 29th day of March 2017.

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

HEATHER E. WILLIAMS
Federal Defender

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

/s/ *Tivon Schardl*
TIVON SCHARDL
Trial & Habeas Counsel

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 29th day of March 2017, I caused the foregoing Petitioner's Proffer Richard Burr's Expert Testimony to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Tivon Schardl*
TIVON SCHARDL