**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,              )
                                      )
    Petitioner/Defendant,              )
                                      )
v.                                    )    Case No. CV-09-00105-JHP
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Respondent/Plaintiff.              )

**GOVERNMENT'S UNOPPOSED MOTION TO EXCLUDE EXPERT WITNESSES
FROM THE COURT'S ORDER OF SEQUESTRATION**

---

**COMES NOW** the United States of America, by and through undersigned counsel and respectfully submits this unopposed motion to exempt the parties' expert witnesses from the Court's sequestration Order.  In support, the government would submit the following:

**<u>PROCEDURAL HISTORY</u>**

On appeal from the denial of relief under 28 U.S.C. § 2255, the Tenth Circuit Court of Appeals remanded this case for an evidentiary hearing to determine whether Barrett's trial attorneys ineffectively failed to investigate and present evidence about the defendant's background and mental health. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).  On December 6, 2016, Judge Payne ordered the hearing to commence on March 13, 2017.  On February 24, 2017, Judge Payne indicated his expectation that the hearing would require no more than five days of court time.  Doc 361 at 14.  On March 8, 2017, in response to a defense motion to reconsider an order bifurcating the hearing, Judge Payne continued the proceeding to March 27, 2017, and

1

referred the evidentiary hearing to Magistrate Judge Steven P. Shreder for Findings and Recommendation. (Doc. 391).

On March 10, 2017, the government filed a motion requesting a partial continuance of the evidentiary hearing due to conflicts in the government expert witnesses' schedules. The Court granted the motion and ordered that the evidentiary would commence on March 27, 2017, and further testimony would be presented on June 12, 2017. (See Order, Doc. 393). The evidentiary hearing began on March 27, 2017 and, at request of Petitioner's counsel, the Court entered a sequestration order pursuant to Rule 615, Fed.R.Evid. Neither party made a contemporaneous request to exempt expert witnesses from the order. Thereafter, Petitioner presented evidence, including the testimony of his expert, Dr. George Woods, M.D. The government anticipates calling Dr. J. Randall Price and Dr. Steven Pitt during the June 12, 2017 hearing. On April 19, 2017, Joan Fisher, counsel for Mr. Barrett was consulted via telephone and advised the Petitioner has no objection to the government's requested relief, but would reserve the right to move the Court for exclusion of additional expert witnesses from the Rule of Sequestration should the need arise.

## ARGUMENT

### EXEMPTING EXPERT WITNESSES FROM THE RULE OF SEQUESTRATION IS PROPER PURSUANT TO RULE 615(c) FED.R.EVID.

Rule 615 of the Federal Rules of Evidence provides:

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
(a) a party who is a natural person;
(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
(c) *a person whose presence a party shows to be essential to presenting the party's claim or defense*; or

2

**(d)** a person authorized by statute to be present.

Rule 615 Fed.R.Evid. (emphasis added). Although decided prior to the enactment of Rule 615, in

*Lewis v. Owen*, 395 F.2d 537, 541 (10th Cir.1968) the Tenth Circuit discussed the general principle

of sequestration in the context of expert witnesses:

> Notwithstanding a court order excluding witnesses from the courtroom during the presentation of evidence, it is within the sound discretion of the court to permit an expert to remain in the court while other witnesses are testifying, and the court's action is reviewable only for abuse of discretion and prejudice to the complaining party.

The application of Rule 615(c) to expert witnesses retained by parties has been considered by other

Circuit Courts of Appeal. See *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 629-30

(6th Cir.1978); *Indemnity Ins. Co. of North America v. Electrolux Home Products, Inc.*, 520

Fed.Appx.107 (3rd Cir.2013); *Opus Ltd. V. Heritage Park, Inc.*, 91 F.3d 625, 628-29 (4th

Cir.1996). In these cases, the Courts have consistently found expert witnesses called to provide

opinion testimony pursuant to Rule 702 Fed.R.Evid. are excepted from Rule 615.

In the instant case, the parties have retained certain expert witnesses to provide opinion

testimony which is essential to the question at issue. The Petitioner has retained and presented the

testimony of Dr. George Woods. M.D., who testified Mr. Barrett was suffering from bipolar

disorder, posttraumatic stress disorder and dysexecutive syndrome at the time of his actions giving

rise to the murder conviction. The government expects to call Dr. J. Randall Price and Dr. Steven

Pitt. These witnesses will provide opinion testimony that Mr. Barrett was not suffering from a

major mental disorder or defect.

## CONCLUSION

Based on the foregoing, the government respectfully requests the Court grant the following

relief: 1) exclude Dr. Steven Pitt, Dr. J. Randall Price and Dr. George Woods from the Order of

Sequestration entered on March 27, 2017; 2) authorize counsel for the parties to discuss testimony

previously presented during the evidentiary hearing with said experts; and 3) provide said expert

witnesses access to transcripts of witness testimony from the evidentiary hearing.

Dated: April 19, 2017:

Respectfully submitted,

DOUGLAS A. HORN
Acting United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on April 19, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/s/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON
Assistant United States Attorney