DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:        dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. CV-09-00105-JHP<br><br><br>**PETITIONER'S MOTION TO EXCLUDE EXPERT TESTIMONY FROM J. RANDALL PRICE BASED ON FAILURE TO DISCLOSE OPINIONS, REASONS AND BASES THEREFOR** |

COMES NOW Petitioner, KENNETH EUGENE BARRETT, by and through

undersigned counsel, who moves this Court pursuant to its scheduling order and Fed. R. Crim. P.

16(d)(2)(C), to enter an order excluding the testimony of J. Randall Price, Ph.D. This motion is

based on the files and records in this case, the attached exhibits, and the following points and

authorities. Together they show the government has failed to submit a report of Dr. Price's

opinions regarding the mitigation evidence presented by Mr. Barrett in these post-conviction proceedings, and the reasons and bases for why Dr. Price holds whatever opinions he holds about that evidence.

The issue before this Court is whether Mr. Barrett suffered prejudice from his trial counsel's unreasonable failure to conduct a thorough investigation for mental health mitigation. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015), *cert. denied*, ___ U.S. ___, 137 S. Ct. 36 (2016); Order (Doc. 248) at 3; Order (Doc. 269) at 2. The government intends to offer the testimony of Dr. Price to rebut the evidence presented by the only expert this Court would allow from Mr. Barrett, psychiatrist George Woods, M.D. *See Barrett*, 797 F.3d at 1232. As the Tenth Circuit indicated, and as the record shows, at the time the case was remanded to this Court, Mr. Barrett had not been shown the report Dr. Price prepared in 2005. *Ibid.*

In 2005, pursuant to Federal Rule of Criminal Procedure 12.2(c)(1), this Court permitted the government to have Dr. Price examine Mr. Barrett so that the government could prepare rebuttal to the opinions of Dr. Jeanne Russell. Order (Doc. 216) in Case No. 6:04-cr-00105-P (hereinafter "Crim. Doc."). Because Mr. Barrett's trial counsel did not present Dr. Russell, pursuant to Rule 12.2(c)(2), Dr. Price's report was not disclosed to Mr. Barrett. *See* Order (Crim. Doc. 216) at 6; Crim. Doc. 237; Order (Doc. 269) at 13-14, 16-17.

The order authorizing Dr. Price's evaluation specified that the "sole purpose of the government's examination shall be to confirm or rebut mental health evidence presented by the defendant." Order (Crim. Doc. 216) at 5; Order (Doc. 269) at 13. The sole source of "mental health evidence" the government had from Mr. Barrett was the risk assessment conducted by Dr. Russell in 2003 and updated in 2005. As the Court of Appeals correctly found, "Dr. Russell's

work was restricted to an assessment of Defendant's future dangerousness," *Barrett*, 797 F.3d at 1225, an issue the government presented in its case in chief, *id.* at 1224.

On December 6, 2016, this Court directed the parties to this § 2255 proceeding to exchange expert reports no later than March 3, 2017. Order (Doc. 270) at 2. This Court also specified that the government's expert would be limited to "providing rebuttal testimony as contemplated by the Federal Rules of Criminal Procedure." Order (Doc. 269) at 11.

The purpose of the disclosure required by Rule 12.2(b) is to give the government notice "sufficient to allow the government to find mental health experts from the same field . . . ." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1239 (D. N.M. 2008). This Court has found Dr. Price is not from the same field as Dr. Woods. Order (Doc. 269) at 13.

Rule 16(a)(1)(G) requires that "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition." Fed. R. Crim. P. 16(a)(1)(G). Rule 16(a)(1)(G) specifies that the report "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Ibid.* This Court's scheduling and discovery orders plainly required the exchange of such a report. Order (Doc. 269) at 11. Under the circumstances of this case, then, Rule 16(c) of the Federal Rules of Criminal procedure required the government to promptly disclose "additional evidence or material" that it discovered after its initial disclosures.

The only report Mr. Barrett's counsel have received from Dr. Price is the report that was filed with this Court under seal in 2005. That report addresses the specifics of Dr. Russell's risk assessment, something that Mr. Barrett has not offered in evidence. The report does not summarize any opinions regarding the mental health mitigation evidence that Mr. Barrett has

proffered in these post-conviction proceedings. Dr. Price's report also contains no statement of the reasons or the bases for any opinions he may have in rebuttal to the mental health evidence presented in these post-conviction proceedings, a matter this Court has previously found. Order (Doc. 269) at 13.

Just as this Court's 2005 order stated, rebuttal testimony offered in a federal capital sentencing trial must respond to the evidence proffered by the opponent. *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001). *See also United States v. Fell*, 537 F.3d 197, 227 (1st Cir. 2008) ("sensible" for trial court to defer ruling on scope of mental health rebuttal until after defense presented mental health mitigation). A trial court appropriately excludes "rebuttal" testimony where the party offering it has long had notice of the opponent's position, and yet fails to present its expert's opinion in its case in chief. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1224-25 (10th Cir. 2000) (affirming trial court's exclusion of rebuttal evidence where plaintiffs were reasonably on notice of defense case). Here, the government was on notice of Mr. Barrett's experts' opinions in 2009, was under an obligation to provide expert disclosures by March 3, 2017, and submitted nothing with regard to Dr. Price that puts Mr. Barrett on notice of how Dr. Price will purport to rebut the opinions of Dr. Woods.

Dr. Price's 2005 report contains no proper rebuttal because he never mentions the evaluation done by Dr. Woods or Dr. Myla Young and it relates to the central issue presented in the government's case in chief, *viz.* future dangerousness. There is no opinion that anything in Dr. Price's report undermines the evaluations considered by the Tenth Circuit. *See Boles v. United States*, 2015 U.S. Dist. LEXIS 42332 (M.D. N.C. Apr. 1, 2015) (excluding as improper rebuttal testimony about psychopathy where not responsive to other party's case).

Presumably, because the government has been in communication with Dr. Price, *see* Doc. 392, the government had the ability, over the past eight years of litigation, to have Dr. Price consider and opine on the opinions of Dr. Woods or state the reasons and bases for how his earlier opinions rebut Dr. Woods, if they do. Had the government done so, it was required by this Court's Order (Doc. 270) at 2, and Rules 12.2(c) and 16(c) of the Federal Rules of Criminal Procedure to update Dr. Price's report no later than March 3, 2017. The government has not submitted any supplemental disclosure from Dr. Price.

The government's failure to provide meaningful, timely disclosures precludes it from presenting testimony from Dr. Price that would purport to be rebuttal of Dr. Woods. Due to the extraoridinary amount of time the government has had to comply with the rule, and this Court's often expressed view that the issues remanded for hearing are narrow and should be resolved quickly, the appropriate remedy is exclusion. *Cf. United States v. Ivy*, 83 F.3d 1266, 1280-81 (10th Cir. 1996); *United States v. Red Elk*, 2005 WL 5327776 (W.D. Ok. Oct. 18, 2005).

The Government acknowledged in its Motion for Mental Examination by Dr. Pitt, that at most Dr. Price "had the opportunity to obtain a neuropsychological evaluation of the defendant." Mot. (Doc. 253) at 2.[1]  The delay in presenting Dr. Price's testimony has given the government an extraordinary amount of time, far more than that available to Mr. Barrett, to supplement its disclosures as required by Rule 16(c). Yet, this Court has said its goal in these proceedings is to recreate the conditions that obtained at the time of trial. Order (Doc. 269) at 12-13. The government's failure to play fair and take advantage of the extraordinary amount of time it had to

---

[1] Mr. Barrett does not imply or concede that Dr. Price conducted a neuropsychological evaluation. He administered a neuropsychological screening instrument. No credible neuropsychologist would characterize that as an examination comparable to Dr. Young's. Furthermore, the government's statement was false and misleading. This Court's order in the criminal case authorized the government to have Mr. Barrett "examined by a psychiatrist or other mental health professional(s) selected by the government, if the government chooses to do so." Order (Crim. Doc. 216) at 4.

supplement Dr. Price's report, merits a heavy sanction given this Court's many expressions of frustration with the time this case has gone on. *See*, *e.g.*, Order (Doc. 246).

This motion is different than Mr. Barrett's earlier motion to exclude Dr. Price. That motion was due before the deadline for expert reports. In that motion, Mr. Barrett put the government on notice that he would object to Dr. Price testifying that his evaluation could rebut the conclusions of Mr. Barrett's expert. See Mot. (Doc. 305) at 6, 13-15; Mot. Ex. B (Decl. Thomas Reidy) (Doc. 305-2) at ¶¶ 23-24; Mot. Ex. C (Decl. Deborah Miora) (Doc. 305-3) at 2-3. Now that the deadline for the government to supplement disclosures has passed, and the government submitted no supplemental report from Dr. Price, Mr. Barrett objects that he cannot prepare to cross-examine Dr. Price on any undisclosed opinions, reasons or bases at this late date.

Any disclosure at this late date will jeopardize the hearing schedule. Mr. Barrett will not have time to present any supplemental report to his experts. Mr. Barrett is already prejudiced by the Court not allowing him to have a copy of Dr. Price's videotape even though it contains impeachment material.

Pursuant LCvR 7.1, Mr. Barrett's counsel conferred with counsel for the government in an effort to resolve this matter informally. Mr. Barrett's counsel advises the Court that the government intends to file an opposition to this Motion.

WHEREFORE, this Court should enter an order precluding the government from presenting any testimony from Dr. Price as to how his opinions rebut those of Mr. Barrett's experts, and, since that is the only issue before this Court, the order should preclude him from offering any opinion testimony at all.

///

DATED:        May 9, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

HEATHER E. WILLIAMS
Federal Defender

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

/s/ *Tivon Schardl*
TIVON SCHARDL
Trial & Habeas Counsel

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

This is to certify that on this 9th day of May 2017, I caused the foregoing Petitioner's Motion to Exclude Expert Testimony by J. Randall Price Due to Discovery Violation to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Tivon Schardl*
TIVON SCHARDL