DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:        dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO. CV-09-00105-JHP<br><br><br>**PETITIONER'S  MOTION TO EXCLUDE WITNESS STEVEN PITT** |

# Exhibit D

Sealed Ex. Pet'r's Mot. Exclude Pitt                    *Barrett v. U.S.*, CV-09-00105-JHP

**DAVID AUTRY**, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, | **CAPITAL CASE** |
| Petitioner, | CASE NO. CV-09-00105-JHP |
| vs. | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE WITNESS STEVEN PITT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

I, Tivon Schardl, declare the following:

1.     I am an attorney licensed to practice law by the State of Florida. Since 2000, I have been employed by the Federal Defender for the Eastern District of California. In 2008, the Defender assigned me the case of Kenneth Eugene Barrett. In 2009, I retained George W. Woods, M.D., and Myla Young, Ph.D., to review background materials, evaluate Mr. Barrett, and inform me whether their evaluations provided any information that could aid in his defense. I

Decl. Counsel re Mot. Exclude Pitt                                    *Barrett v. U.S.A.*, CV-09-00105-JHP

am making this declaration in support of Mr. Barrett's motion to exclude testimony by Steven Pitt, M.D., on grounds that Dr. Pitt's opinions are not fair rebuttal to those of Dr. Woods or Dr. Young.

2.     I have reviewed contemporaneous records regarding the retention and work of Dr. Woods and Dr. Young in Mr. Barrett's case. Based on these records, I believe I first contacted Dr. Young about working on this case in December 2008. I have no record of contact with Dr. Woods regarding this case before January 2009. During the week of January 19, 2009, I contacted Mr. Barrett's counselor at the United States Penitentiary, Terre Haute, to arrange times for each expert to meet with Mr. Barrett. I signed the necessary form contract for each expert on January 27, 2009, and, after completing the Federal Defender's internal contracting process, I mailed the contracts on January 30, 2009. I believe the background materials were sent to them at the same time. The date on the cover sheet for each expert's initial packet of background materials is January 26, 2009. Those materials came from the files of Mr. Barrett's trial counsel.

3.     I supervised the production of the background materials that my paralegal assembled for Dr. Woods and Dr. Young. Based on the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), I made sure that the experts considered only information that was available to Mr. Barrett's trial counsel at the time of their work in 2005. Similarly, in my discussions with Dr. Woods and Dr. Young, I instructed them to use methods and diagnostic criteria that were contemporaneous with the work of trial counsel.

4.     In December 2016 and early 2017, I consulted additional experts Deborah S. Miora, Ph.D., Thomas Reidy, Ph.D., Thomas Kosten, M.D., and Erin Bigler, Ph.D. With each expert, I followed the same *Strickland*-based practices when providing them materials to review, and when soliciting their opinions on the issues in this case. The purpose of consulting Dr. Miora

was to have her review and be prepared to present the findings of Dr. Young, who died in 2013. The purpose of consulting Dr. Reidy was to obtain the same information about risk assessments in prison populations that Mr. Barrett's initial lead attorney, John Echols, sought to obtain pre-trial from Mark Cunningham, Ph.D., who I knew was Dr. Reidy's co-author on relevant studies. The purpose of consulting Dr. Kosten was to prepare rebuttal on the government's theory that Mr. Barrett's problems were all about drugs. The purpose of consulting Dr. Bigler was to obtain information about the possible etiologies of Mr. Barrett's brain impairment and about the neuropsychological testing that had been done previously.

I declare, under penalty of perjury as provided in the laws of the United States of America, that the foregoing is true and correct and based on my personal knowledge.

Subscribed to by me this 11th day of May 2017 in Sacramento County, California.


                                */s/ Tivon Schardl*
                                TIVON SCHARDL