**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 09-CV-00105-JHP |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY FRM J. RANDALL PRICE BASED ON FAILURE TO DISCLOSE OPINIONS, REASONS AND BASES THEREFOR**

**COMES NOW** Respondent, United States of America, by and through undersigned counsel and files this response in opposition to Petitioner's motion to exclude expert testimony from J. Randall Price based on failure to disclose opinions, reasons and bases therefor (Doc. 425).

**<u>PRELIMINARY STATEMENT</u>**

Just prior to trial in this capital case, Barrett gave notice of expert evidence of a mental condition. Trl. Doc. 206. In response, the government sought authorization to conduct a mental health exam of the defendant. Trl. Doc. 214. This Court granted the government's request, but required that the government's "fire-walled" counsel receive all mental health documents regarding Barrett. Trl. Doc. 216. The order prohibited fire-walled counsel from disclosing the mental health records unless Barrett was convicted of a capital crime and confirmed his intent to offer mental health evidence during sentencing proceedings. *Id.* Following conviction, Barrett

1

declined to give notice of his intent to offer mental health evidence, and eventually received the death penalty for a single count of homicide.

Following the affirmance of his death sentence, Barrett sought collateral relief under 28 U.S.C. § 2255. Docs. 1, 2, 70 & 95. He appended to those filings, as Exhibits 89 and 117, declarations from two mental health experts, Myla Young and George Woods. Both experts opined that Barrett's alleged mental illnesses played a role in his commission of this murder. *See e.g.* Doc. 95 Ex. 89 at 24; Ex. 117 at 27. In light of those exhibits, the government sought access to the "firewalled" mental health report submitted by neuropsychologist J. Randall Price. Doc. 52. Barrett opposed the motion (Docs. 61 at 8-15; 65), and the Court denied it, holding that "because Petitioner did not introduce evidence of his mental condition at trial, Rule 12.2(c)(2) prevents the disclosure of the evaluation." Doc. 67 at 14.

This Court subsequently denied § 2255 relief, relying in part on Dr. Price's report. *See* Doc. 214 at 91 n.159 & 189 (citing Trl. Doc. 237). On appeal from the denial of § 2255 relief, the Tenth Circuit affirmed in part, but remanded the case for an evidentiary hearing regarding an allegation that trial counsel ineffectively investigated and presented evidence of Barrett's mental health and social history. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015). In its opinion, the appellate panel observed that this Court had relied on Dr. Price's report, and noted that his testimony was potentially "devastating" to Barrett's claim. *Id.* On October 26, 2015, the Tenth Circuit issued its mandate. Doc. 232.

On November 30, 2015, this Court issued an order scheduling the evidentiary hearing, and directing the parties to file any motions for discovery by December 30, 2015. Doc. 233. On December 6, 2015, the government filed an unopposed motion for access to Dr. Price's report. Doc. 234. However, after Barrett filed a response formally expressing his intent to seek Supreme

2

Court review of the Tenth Circuit's decision (Doc. 236), this Court vacated the evidentiary hearing and denied the motion for access to the Price report (Doc. 237).

On October 3, 2016, the Supreme Court denied Barrett's petition for writ of certiorari. Doc. 243. On November 7, 2016, this Court scheduled the evidentiary hearing to commence on February 16, 2017, and gave the parties 11 days in which to file any requests for discovery. Doc. 246.[1] On November 18, 2017, the government filed a series of discovery motions, including an unopposed request for access to Dr. Price's report and an opposed motion for a psychiatric evaluation by Dr. Pitt. Docs. 253 & 256. On December 6, 2017, the Court granted the government's motions. Doc. 269. Dr. Price's report sets forth a finding that Barrett is not brain damaged but is a psychopath. *See. id.*

Barrett filed the instant motion to exclude the testimony of Dr. Price (Doc. 425), and this opposition follows. The government observes that Barrett filed the motion out of time (*see* Doc. 270), but fully responds in order to rebut its specious assertions of misconduct.

## ARGUMENT

### THE COURT SHOULD PERMIT DR. PRICE'S TESTIMONY AS REBUTTAL, FOR WHICH THE GOVERNMENT HAS PROVIDED ADEQUATE NOTICE

Barrett claims that Dr. Price's report does not directly contradict the findings of his experts and therefore does not constitute proper rebuttal. Furthermore, he speculates that the government has, over the course of the last eight years, ignored the firewall and engaged in substantive discussions with Dr. Price, eliciting from him opinions that contradict the defense experts. Barrett further asserts that the government has suppressed Dr. Price's new findings from its pre-hearing disclosures. On the basis of this imagined misconduct, Barrett contends that this

---

[1] The Court subsequently continued the hearing to March 27, 2017. Docs. 270 & 414.

Court should bar Dr. Price from testifying.  Doc. 426.  In truth, the government remained almost entirely blind to Dr. Price's findings until after the deadline for discovery requests had passed. But within the context of this § 2255 case, in which the Court has admitted expert testimony under standards set forth in the Federal Death Penalty Act (18 U.S.C. § 3593(c) ("FDPA")), Dr. Price's report reflects proper, admissible rebuttal of Barrett's evidence.

The FDPA, not the Rules of Evidence control the admission of evidence in capital penalty hearings.  18 U.S.C. § 3593(c); *United States v. Lee*, 274 F.3d 485, 494 (8th Cir. 2001). During the penalty phase, a court may exclude evidence only "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  *Id*.  "[R]ebuttal evidence must be reasonably tailored to the evidence it seeks to refute. Rebuttal evidence is defined as 'evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party.  That which tends to explain or contradict or disprove evidence offered by the adverse party.'"  *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) (quoting BLACK'S LAW DICTIONARY 1267 (6th ed.1990)).  Furthermore, "there must be a nexus between the purported rebuttal evidence and the evidence that the purported rebuttal evidence seeks to rebut."  *Id*. (citing *United States v. Curry*, 512 F.2d 1299 (4th Cir.1975)).

Under the FDPA's liberal evidentiary standard, the government may elicit on cross-examination of a defense expert evidence of the defendant's psychopathy, even if the witness did not testify about such a condition on direct.  *See Lee*, 274 F.3d at 495.  In fact, the FDPA's evidentiary standard generally permits the introduction of alternative mental health theories when the defendant introduces psychological evidence: "By introducing a mental health expert in defense, Lee opened the door to testimony concerning psychological diagnosis. Moreover, the FDPA provides for a broad scope of evidence at the penalty phase in a capital case."  *Id*.

4

In this case, the government intends to call Dr. Price to testify to, among other things, his diagnosis of Barrett as a psychopath.  Barrett opened the door to the psychopathy testimony by offering expert evidence of a mental illness.  *See Lee*, 274 F.3d at 495.  As Barrett observes, the psychopathy diagnosis does not directly contradict the findings of his experts, nor could it, as Dr. Price evaluated the defendant several years before Drs. Young and Woods.  Nonetheless, his findings "counteract" those of Young and Woods.  Not only did Dr. Price rule out brain damage with a screening test, his psychopathy finding provides alternative mental health explanation for the defendant's violence.  Dr. Price's testimony tends to demonstrate that any omission by Barrett's trial attorneys did not prejudice the defense, for purposes of this § 2255 case.  Additionally, Dr. Price's findings support those of the government's other mental health expert, Dr. Pitt, who relied on the 2005 report as part of his evaluation of the defendant.

Furthermore, the government has remained entirely aboveboard in its avoidance of firewalled evidence and its disclosures of Dr. Price's findings.  In keeping with this Court's orders barring access to Dr. Price's reports, government counsel have assiduously avoided any substantive discussion with the witness until December of this year, when his report became available.[2]  By the time government counsel had access to Dr. Price's report, the time for requesting any further evaluation had already passed.  *Compare* Doc 269 at 17 (granting access to the Price report on December 6, 2017); *with* Doc. 246 (setting a November 18, 2016 deadline for discovery motions).  Accordingly, government counsel had no updated findings to disclose because it rigorously honored its obligations, not because it violated them.

---

[2] Since 2009, undersigned counsel Jeffrey Kahan has attended two professional conferences at which Dr. Price was a speaker.  On one such occasion, Mr. Kahan introduced himself as an attorney involved in this case and that of Edward Fields (at whose trial Dr. Price testified), but avoided any discussion of this litigation in view of the then-existing firewall.

In an effort to maintain his position that the government engaged in misconduct, Barrett may argue that firewall counsel could have moved to update Dr. Price's report, even if government counsel remained ignorant of a basis for making the request. Of course, the record is devoid of any filing by any attorney employed by the United States seeking access to Barrett for purposes of further neuropsychological testing, forestalling any argument that government counsel on either side of the firewall asked Dr. Price to engage in any updates. Moreover, during the 11-day window in which the parties were permitted to file discovery requests, government counsel had no reason to ask the firewall attorney to seek an update of admissible findings that the Tenth Circuit had already described as potentially "devastating." 797 F.3d at 1232.

Given that the government has committed no misconduct, and intends to offer Dr. Price for wholly proper purposes, this Court should deny Barrett's motion.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government respectfully urges this

Court to deny Barrett's motion to exclude Dr. Price's testimony.

Dated: May 12, 2017,

Respectfully submitted,

DOUGLAS A. HORN
Acting United States Attorney

CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov


*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 656
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on May 12, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/c/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA #13801
Assistant United States Attorney