DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:     (405) 521-9600
Facsimile:     (405) 521-9669
E-mail:        dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:     (916) 498-6666
Facsimile:     (916) 498-6656
E-mail:        Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO. CV-09-00105-JHP <br><br> **PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO EXCLUDE WITNESS STEVEN PITT** |

Petitioner Kenneth Eugene Barrett, by and through undersigned counsel, makes the following Reply to the Government's Response in Opposition to Mr. Barrett's Motion to Exclude Witness Steven Pitt. Mr. Barrett's Motion, which is Doc. 432, was filed May 12, 2017. The government's Response, Doc. 440, was timely filed May 19, 2017. For the reasons previously stated, and set forth *infra*, Dr. Pitt's opinions are not relevant because they are based

on information that was not available at the time of trial. In keeping with this Court's prior orders

and the government's many filings, the government is estopped from relying upon Dr. Pitt, and,

under Fed. R. Evid. 403, his testimony must be excluded as cumulative, misleading, and

entailing wasted time.

### 1. The Government Continues to Ignore the Plain Language of This Court's Orders

The essential facts are undisputed: the government's expert, Steven Pitt, D.O., based his

opinions on documents and diagnostic criteria that were not available at the time of trial.

Specifically, Dr. Pitt inferred that Mr. Barrett was not mentally ill in 1999 because the Bureau of

Prisons ("BOP") has not treated Mr. Barrett for a mental illness since he was committed to its

custody in 2006. [1] Sealed Mot. Ex. A at 60, 67. In defining the scope of his inquiry and

conclusions, Dr. Pitt exclusively relied upon diagnostic criteria that were not published until

2013.[2] *Id.* at 62-64, 67-68. It also is undisputed that Mr. Barrett's experts exclusively relied upon

documents, testing and diagnostic criteria that were contemporary with the trial.[3] *See* Mot. Ex. D

at ¶¶ 3-4.

---

[1] It is undisputed that Dr. Pitt also relied upon other materials that were not available at the time of trial, including privileged materials that the government had no right to disclose. *See* Mot. (Doc. 432) at 2-3. Mr. Barrett focuses on the BOP records because Dr. Pitt expressly and most extensively relied upon them as bases for his conclusions. *See* Sealed Ex. A (Doc. 432-1) at 11, 31, 60, 63-64, 67.

[2] The government avers that Dr. Pitt will explain away differences between the criteria he relied upon and those available at the time of trial. Resp. (Doc. 440) at 6-7. At best, the averment is hearsay that is not supported by any evidence. If the government has asked Dr. Pitt to reconsider his opinions in light of the appropriate diagnostic criteria (a) the government has acknowledged, at least to itself, that it erred, and (b) the government is withholding notice of Dr. Pitt's opinions as required by Fed. R. Crim. P. 16(c)(2) and this Court's prior orders. The government's averment, if true, therefore provides additional grounds for excluding Dr. Pitt's testimony. Fed. R. Crim. P. 16(g).

[3] The government seems to argue that it was somehow induced into asking Dr. Pitt to rely upon non-contemporaneous evidence. Resp. 5-6. The government's problem is entirely of the government's own making. First, the extensive record cited in the Motion demonstrates that if

---

Three conclusions follow axiomatically from these undisputed facts. First, the opinions of Mr. Barrett's experts were available in 2005. Second, the government could not have presented Dr. Pitt's opinions in 2005 to rebut the opinions of Mr. Barrett's experts. Third, the government exceeded the scope of this Court's Order authorizing Dr. Pitt's examination. That Order specifically stated that the purpose of Dr. Pitt's examination was to enable the Court to "hear[] the evidence which the government *would have* brought forward to rebut the evidence which will be offered by petitioner" at the evidentiary hearing. Order (Doc. 269) at 14 (emphasis added). *See also id.* at 14 n.6 (rejecting objection on grounds that Court is attempting to "hear[] how Petitioner's mitigating evidence *would have been* rebutted") (emphasis added).

Tellingly, the government's Response entirely ignores the language this Court used when authorizing Dr. Pitt's examination. Instead, in a transparent act of chutzpah and desperation, the government repeatedly and falsely asserts that Mr. Barrett exclusively relies on different orders in which this Court's statements about the scope of the hearing are mere dicta. Resp. (Doc. 440) at 5, 6, 7, 8. Although this Court's prior orders speak for themselves and create an absolutely clear record, one of the the government's attempts at revisionism merits a separate reply. The government falsely equates this Court's Order allowing Petitioner's expert, George W. Woods, M.D., to re-examine Mr. Barrett with Dr. Pitt's extensive reliance upon post-trial evidence. Resp. 7-8. A more honest and complete account of the record belies the government's argument.

This Court's Order identified three grounds from Mr. Barrett's motion to have Dr. Woods see him again. To wit:

> [1] to refresh his memory regarding an evaluation he conducted approximately seven (7) years ago, [2] "to determine the impact of

---

the government had believed Mr. Barrett's experts relied upon post-judgment prison records, the government would have sought to exclude them on that basis. Second, if the government was in doubt, all it had to do was ask. (There is a difference between asking what an expert relied upon and asking for the materials themselves.)

> continued structured institutionalization on Mr. Barrett's mental health as it relates to his 2009 state of mental health and [3] to prepare for rebuttal testimony, if necessary, to the government's named experts, particularly Dr. Steven Pitt . . . . . . . ."

Order (Doc. 288) at 1. The Court said that in its Opposition to the Motion, "the government correctly identifies the reason the Court authorized the government to conduct a mental health evaluation of the defendant, *i.e.* to rebut defendant's mental health evidence pursuant to Fed.R.Cr.P. 12.2." *Ibid.*

In granting Dr. Woods a second interview, this Court accepted the first and third of the three grounds asserted in Mr. Barrett's motion—*viz.*, Dr. Woods's need to refresh his recollection and prepare to rebut Dr. Pitt—and rejected the second, the need to assess how instituitionalization has affected Mr. Barrett. This Court wrote,

> If the government had been provided notice of Dr. Woods proposed testimony, at the time of trial, the government would have had an opportunity to examine the defendant with a similarly qualified expert. After the government's proposed expert examined the defendant, the defendant's expert would not have needed an additional examination because the two examinations would have occurred close in time such that each expert would have hopefully observed the same behaviors regardless of how those behaviors were characterized by the respective experts. Asking Dr. Woods to remember his prior evaluation of Mr. Barrett approximately eight (8) years after his examination such that he can explain his prior evaluation is not realistic. As a result, this Court hereby grants Petitioner's motion to allow Dr. Woods to re-interview Mr. Barrett. Both parties, however, are reminded that the focus of any mental health testimony at the upcoming evidentiary hearing should be Mr. Barrett's background and mental health at the time of his criminal trial before this Court in late 2005 as opposed to his mental health in 2017.

Order (Doc. 288) at 2-3.

This Court's Order undermines the government's position in at least two ways. First, in language the government now claims it was free to ignore as dicta, this Court specifically advised the government that the focus of Dr. Pitt's testimony should be on "Mr. Barrett's

*background and mental health at the time of his criminal trial* before this Court in late 2005." Second, the Court contemplated that at the hearing, as at a penalty trial conducted pursuant to 18 U.S.C. 3593(c), Mr. Barrett would have the right to rebut Dr. Pitt. The government's Response asserts Mr. Barrett has no right to rebuttal at the evidentiary hearing. Resp. 13-14.

### 2. Dr. Pitt's Novel Theories Based on Unavailable Information are Not Relevant and Are Inconsistent with the Government's Prior Positions

The government attempts to evade the difference between Dr. Pitt's reliance upon post-trial information and Dr. Woods's reliance only on information that was available at the time of trial by labeling all the evaluations "retrospective." Resp. 1, 4, 5, 7, 8, 9, 10, 11. The government's claim that Dr. Pitt's examination is the same as those of Mr. Barrett's experts because both are retrospective is as "objectively baseless [as] a claim by an apple farmer that he is entitled to subsidies allotted to growers of oranges because apples and oranges both are fruits." *N.L.R.B. v. Allied Mechanical Services, Inc.*, 734 F.3d 486, 498 (6th Cir. 2013). Unless the crime happened to have occurred during a mental health evaluation, all opinions about a defendant's mental state at the time of the offense are retrospective.[4] Nevertheless, this Court's orders and a long line of Supreme Court precedent cited in the Motion establish that there is a big difference between evidence that was available at the time of trial to support a retrospective opinion and evidence that was not available at the time of trial.

The only cases the government cites in support of its position on relevance are not only distinguishable but utterly inapposite. Whereas Mr. Barrett has referred this Court to a long line of Supreme Court cases deciding ineffective-assistance claims, Mot. (Doc. 432) at 3-4, 5 n.2, the government cites to one ineffectiveness case that contradicts the government's position. One of

---

[4] As evidence of the government's internally inconsistent argument, consider that the government argues both that all the mental health opinions in this case are the same because they are retrospective, and that Mr. "Barrett seeks to bar retrospective opinion testimony." Resp. 9.

the government's two cases is a district court decision on determining intellectual disability. Resp. 8 (citing *United States v. Hardy*, 762 F. Supp. 2d 849, 881 (E.D. La. 2010)). That case does not involve an ineffectiveness claim. The other is a district court decision on determining competence to stand trial where the allegation is that trial counsel was ineffective for failing to assert that the defendant was incompetent. *Id.* (citing *United States v. West-Bey*, 188 F. Supp. 2d 576, 584-86 (D. Md. 2002)). *West-Bey* contradicts the government's position here insofar as the court there noted that courts accept retrospective competency determinations *when they are supported by contemporaneous evidence*. 188 F. Supp. 2d at 584-85.

In response to Mr. Barrett's assertion of judicial estoppel, the government attempts to evade its prior arguments by claiming they were directed solely at excluding a "novel theory," not non-contemporaneous evidence. Resp. 10-11. The argument is contradicted by the record set forth in the Motion. Moreover, the argument only deepens the government's problem because Dr. Pitt's theory is novel. No other expert in this case has relied upon the absence of treatment in post-trial prison records to infer Mr. Barrett's condition in 1999.

The government also dug itself deeper into a hole in its Response to Mr. Barrett's Motion to Exclude J. Randall Price which adds to the inconsistent positions the government has taken in this case. In its motion for authorization to have Dr. Pitt examine Mr. Barrett, the government averred that at most Dr. Price "had the opportunity to obtain a neuropsychological evaluation of the defendant." Mot. (Doc. 253) at 2. But in responding to Mr. Barrett's motion to exclude Dr. Price, the government stated that Dr. Price would testify that his "psychopathy" finding would provide an "alternative mental health explanation" to Dr. Woods's testimony about Mr. Barrett's actions. Resp. (Doc. 436) at 5. By mentioning only Dr. Price's neuropsychological screening in the Pitt motion, and omitting any mention of his psychopathy opinion, the government strongly

implied that it could not rebut Dr. Woods with Dr. Price's opinion about psychopathy as it now says it can and will.

Betraying the weakness of its position on whether it took inconsistent positions, the government relies upon inapposite rules such as the anti-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989), to argue that this Court should not apply judicial estoppel. Resp. 11-12. None of the cited cases even remotely support the government's position. One of the cases the government relies upon is *United States v. Frady*, 456 U.S. 152 (1982). Resp. 11, 12. To restate the obvious, this is an ineffective-assistance case. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court specifically stated that concerns such as those expressed in *Frady* are weakest in ineffectiveness cases and therefore limitations like those the government relies upon have no place in collateral proceedings on ineffective-assistance claims:

> The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the "cause and prejudice" test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *See United States v. Frady*, 456 U.S. 152, 162–169 (1982); *Engle v. Isaac*, 456 U.S. 107, 126–129 (1982). An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceeding whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, see *id.*, at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings.

*Strickland*, 466 U.S. at 697-98. Applying the government's erroneous legal theory rather than estoppel would be an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("district court would necessarily  abuse its discretion if it based its ruling on an erroneous view of the law"); *Cartier v. Jackson*¸ 59 F.3d 1046, 1048 (10th Cir. 1995).

Judicial estoppel "'is intended to prevent improper use of judicial machinery,'" and "'to protect the integrity of the judicial process.'" *Eastman v. Union Pacific R. Co.*, 493 F.3d 1151,

1156 (10th Cir. 2007) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). The record in this case includes too many filings by the government and orders from this Court rejecting evidence that was unavailable at the time of trial for this Court to allow Dr. Pitt's opinions and maintain integrity. The record shows, *inter alia*,

(a) the government withheld material information about how it intended to use Dr. Price when it obtained authorization for Dr. Pitt's evaluation;

(b) the government disregarded the plain language of the order authorizing Dr. Pitt's evaluation which stated its purpose was to gather "the evidence which the government *would have* brought forward to rebut the evidence which will be offered by petitioner," and the obvious implications of the same order refusing to allow the government to subpoena evidence that was not available at the time of trial; and,

(c) the government is continuing to make improper use of the judicial machinery by misrepresenting the record and the law in the instant Response.

### 3. Dr. Pitt Must be Excluded under Fed. R. Evid. 403 and this Court's Prior Orders

The government argues that the Federal Rules of Evidence govern here, and not the Federal Death Penalty Act's provisions regarding the information that may be presented in a penalty trial. Resp. 12-13. Mr. Barrett replies that where the issue is prejudice, *Strickland* expressly requires this Court to apply the law applicable in a capital sentencing proceeding. *See*, *e.g.*, *Strickland*, 466 U.S. at 695; *Sears v. Upton*, 561 U.S. 945, 950 & n. 6 (2010). Thus, the government's attempt to distinguish the rebuttal requirement of 18 U.S.C. § 3593(c), Resp. 13-14, fails. Consequently, the government also fails to counter Mr. Barrett's argument that Dr. Pitt's reliance upon the BOP records will require a collateral trial on the reliability of the BOP's mental health services at USP Terre Haute from 2006 to the present.

This Court has applied Fed. R. Evid. 403 to exclude Mr. Barrett's experts, and it should apply the same rule to exclude Dr. Pitt. Mr. Barrett and the government are not similarly situated. The Due Process Clause and the Eighth Amendment require courts to admit and sentencers to consider all available mitigation evidence, and the Supreme Court has expressly applied that rule to ineffective-assistance cases. *Porter v. McCollum*, 558 U.S. 30, 42 (2009) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982)); *Sears*, 561 U.S. at 950 n. 6. There is no correlative right of the government to present any and all "rebuttal" either in a § 2255 proceeding or in a capital sentencing hearing. To be sure, the government would have had a right to attempt to rebut Mr. Barrett's experts in 2005. But that right was not absolute. The government's ability to present rebuttal obviously was limited to information then available, and by the constraints of this Court's order authorizing the evaluation, and by the government's compliance with other rules, such as Fed. R. Crim. P. 16.

Without acknowledging that it withheld information from this Court when it sought Dr. Pitt's evaluation, the government contends the opinions of Dr. Price and Dr. Pitt are "harmonious" but "not cumulative." Resp. 13. The government in particular points out that they conducted different types of evaluations. *Ibid.* The same arguments apply to Mr. Barrett's experts that this Court excluded at the government's request. Therefore, the government is adding to the inconsistent positions appearing in the record. The government points out that Dr. Price is a neuropsychologist who administers tests, and Dr. Pitt, like Dr. Woods, is a psychiatrist who does not. Resp. 13. Dr. Young was a neuropsychologist completed a battery of tests on Mr. Barrett, but this Court barred Mr. Barrett from presenting any neuropsychologist who could testify about that testing. This Court found testimony about Dr. Young's evaluation cumulative and excluded it. Order (Doc. 361) at 10-11. The government's newly acknowledged intentions

regarding Dr. Price mean there is no principled way to admit Dr. Pitt's opinions after excluding testimony about Dr. Young's testing.

This Court's prior orders plainly and repeatedly stated that the Court saw little to no probative value in opinions based on information that was not available at the time of trial. Whatever difference there might be between "harmonious" and "cumulative" testimony, the government has failed to describe it or demonstrate that Drs. Price and Pitt represent the former and not the latter. The government has completely failed to demonstrate that Dr. Pitt's reliance upon BOP records will not necessitate a mini-trial on the reliability of those records. The government's only argument on this issue—that Mr. Barrett in these § 2255 proceedings does not have the right of rebuttal he would have under § 3593(c)—is a misstatement of the law. Therefore, admitting Dr. Pitt's testimony under the government's theory would be an abuse of discretion.

DATED: May 25, 2017

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

HEATHER E. WILLIAMS
Federal Defender

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

/s/ *Tivon Schardl*
TIVON SCHARDL
Trial & Habeas Counsel

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 25th day of May 2017, I caused the foregoing Petitioner's Reply to the Government's Response in Opposition to Petitioner's Motion to Exclude Witness Steven Pitt to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Tivon Schardl*
TIVON SCHARDL