**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | Case No. 09-CV-00105-JHP |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**GOVERNMENT MOTION TO CALL ADDITIONAL REBUTTAL WITNESSES**

**COMES NOW** Respondent, United States of America, by and through undersigned

counsel and files this motion to call additional rebuttal witnesses.

**PRELIMINARY STATEMENT**

Barrett was convicted of three homicide offenses, and the trial jury recommended a death

sentence that this Court imposed, and the Tenth Circuit Court of Appeals affirmed on appeal.

*United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008).

This Court subsequently denied § 2255 relief.  Doc. 214.  On appeal, the Tenth Circuit remanded

for an evidentiary hearing to determine whether trial counsel ineffectively failed to investigate

and present evidence about Barrett's background and mental health. *United States v. Barrett*, 797

F.3d 1207, 1232 (10th Cir. 2015).

In accordance with the Court's scheduling order (Doc. 246), Barrett transmitted a list of

71 proposed witnesses for appearance at the evidentiary hearing.  Doc. 289 Ex. 1.  Among those

witnesses was Dr. Deborah Miora, whom the government successfully moved to exclude.  The

government argued that Dr. Miora could properly testify as a hearsay conduit about the findings

of Myla Young – an unavailable neuropsychologist who evaluated Barrett in 2009 – but should not be allowed to offer any novel opinion.  Doc. 336 at 4.  The Court ruled that Miora's proposed testimony appeared cumulative to other evidence.  Doc. 361 at 11.  Nonetheless, Barrett proffered Dr. Miora's expert witness report.  Doc. 376.

During the course of the hearing, Barrett offered psychiatrist George Woods, who provided a hearsay account of the 2009 opinion to which Dr. Miora might have also testified. *See e.g*., Tr. Mar. 27, 2017, 207-10.  When the government presented the testimony of neuropsychologist J. Randall Price, the Court granted Barrett's request for reconsideration of the decision barring Dr. Miora's testimony.  But having permitted Barrett to call the additional witness, the Court ordered Barrett to disclose the raw testing data from Dr. Young's 2009 evaluation, and he complied.  The Court continued the hearing to June 26, 2017 to accommodate Dr. Miora's schedule.

The government now requests permission to call two rebuttal witnesses: Dr. Jorge Herrera, a neuropsychologist who will evaluate the raw data generated in 2009, and Dr. Faust Bianco, whose 2000 evaluation of the defendant is the subject of criticism in Dr. Miora's report. *See* Doc. 376-1 at 8.

When reached by phone concerning this motion, Barrett's attorney David Autry objected.

## **ARGUMENT**

### **THE COURT SHOULD PERMIT THE GOVERNMENT TO PRESENT EVIDENCE DESIGNED TO REBUT DR. MIORA'S TESTIMONY**

The Court should permit the government to present witnesses whose testimony could respond to the opinions offered by Dr. Miora.

The Federal Death Penalty Act permits the prosecution "to rebut any information received at the [sentencing hearing], and shall be given a fair opportunity to present argument as

to the adequacy of the information to establish the existence of any ... mitigating factor." 18

U.S.C. § 3593(c); *United States v. Fell*, 372 F. Supp. 2d 753, 759 (D. Vt. 2005). Courts,

including this one, have recognized that the right to offer rebuttal to a defendant's mental health

mitigation case, would be hollow without discovery into the alleged condition of the defendant.

*Fell*, at 759; see also Doc. 269 at 14 (holding "[t]he right of the government to offer rebuttal

evidence of the defendant's mental condition would be meaningless unless the government is

provided an opportunity to conduct discovery on this issue.").

In this case, the government presented the testimony of Dr. Price, who offered opinions

based on his 2005 evaluation of the defendant. Dr. Price could not speak to Dr. Young's

subsequent testing of the defendant, because neither he nor the government had access to her

data. Now that the government has that data, which forms the basis of Dr. Miora's proposed

testimony, it seeks to exercise its right of fair rebuttal under the Federal Death Penalty Act.[1] The

government could not have fairly been expected to rebut Dr. Miora's opinion without the data

that underpins it. In the present circumstances, the government seeks permission to present Dr.

Herrera, who will reanalyze Dr. Young's data, and Dr. Bianco, who will respond directly to Dr.

Miora's criticism of his findings. While the government might typically request the opportunity

to have a retained neuropsychologist evaluate the defendant, it is sensitive of the need to expedite

this matter and it believes that Dr. Bianco's testing, which occurred close in time to the crime,

will provide the most relevant window into the defendant's neurological health.

---

[1] Though this hearing contemplates alleged ineffectiveness by trial counsel, this Court has already held that it cannot assess any prejudice arising from the attorneys' alleged errors "without hearing the evidence which the government would have brought forward to rebut the evidence which will be offered by petitioner."

The government proposes to provide an expert report from Dr. Herrera on or before June 23, 2017.  As to Dr. Bianco, his opinion is already well known to Barrett, as evidenced by Dr. Miora's report.  Additionally, Dr. Bianco has previously met with counsel for Barrett.  As such, the government seeks leave to dispense with the need for Dr. Bianco to submit a report.

In view of the imminent hearing date, the government respectfully requests an expedited ruling on this motion.

## **CONCLUSION**

Based on the foregoing reasoning and authority, the government respectfully urges this Court to permit it to call as witnesses Drs. Faust Bianco and Jorge Herrera.

Dated: June 16, 2017,

Respectfully submitted,

DOUGLAS A. HORN
Acting United States Attorney

CHRISTOPHER J. WILSON
Assistant United States Attorney
1200 West Okmulgee
Muskogee, OK  74401
Telephone: (918) 684-5100
FAX: (918) 684-5150
chris.wilson@usdoj.gov


*/S. Jeffrey B. Kahan*
JEFFREY B. KAHAN
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; Rm. 656
Washington, DC 20530
Telephone: (202) 305-8910
FAX:  (202) 353-9779
Jeffrey.kahan@usdoj.gov

5

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on June 16, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org


/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section