DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:    dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Attorney
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:    Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| Petitioner, | CASE NO. CV-09-00105-JHP |
| vs. | **PETITIONER'S MOTION FOR IMMEDIATE PRODUCTION OF REPORT FROM EXPERT WITNESS** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Kenneth Eugene Barrett, by and through undersigned counsel, respectfully

moves this Court, pursuant to its discovery and scheduling orders and the authorities cited herein,

for an order directing the government immediately to produce a summary and report from Faust

Bianco, Ph.D., that sets forth all the information required by Fed. R. Crim. P. 16(a)(1)(F) and (G). Mr. Barrett states the following as good cause for granting this Motion:

## I.    RELEVANT BACKGROUND

Mr. Barrett incorporates by this specific reference all averments and arguments made in his Response in Opposition to the Government's Motion to Call Additional Rebuttal Witnesses, as if fully set forth herein.

On December 6, 2016, the District Judge issued an order requiring the defense to provide the government with written summaries of expert testimony under Fed. R. Crim. P. 16(b)(1)(C). Order (Doc. 270) at 11. That ruling triggered a corresponding requirement that the government produce summaries to Mr. Barrett's counsel. The Order also required the government to provide the defense with the audio and video recording Dr. Pitt's evaluation at least ten days before the evidentiary hearing. Order (Doc. 270) at 15. In the same Order, the Court directed the Clerk to make a copy of Dr. Price's report available to both parties. *Id.* at 17.

On June 16, 2017, the government filed a motion for leave to present additional rebuttal experts, Jorge Herrera and Dr. Bianco. Mot. (Doc. 455). The government promised in its motion to produce a report from Dr. Herrera, but made no such promise regarding Dr. Bianco. *Id.* at 4. The government stated that it would present Dr. Bianco's testing from 2000. *Id.* at 2, 4.

On June 19, 2017, without giving Mr. Barrett a fair opportunity to be heard in response, the Court granted the government's motion to the extent the government sought to call Dr. Bianco. Min. Order (Doc. 459).

The following day, the government informed Mr. Barrett's counsel that it was moving beyond the 2000 testing and providing Dr. Bianco the opinions of Mr. Barrett's experts so that he

could form new opinions in rebuttal to them.[1] Ex. A (email from Chris Wilson dated June 20, 2017). Contrary to the government's claim that Mr. Barrett's counsel are familiar with Dr. Bianco's opinions, Mot. (Doc. 455) at 4, Mr. Barrett has already submitted expert declarations stating that Dr. Bianco's data do *not* reveal his opinions, the reasons and the bases therefor, and counsel cannot be familiar with opinions Dr. Bianco has not yet formed.

On June 21, 2017, the government advised Mr. Barrett's counsel that the government would oppose the instant Motion on grounds that (a) state-court trial counsel John Echols instructed Dr. Bianco not to prepare a report, and (b) "we know from the Affidavit he prepared (and introduced during the hearing), [that Dr. Bianco] found 'any further neurological testing is unwarranted at this time' and 'Further testing will not provide evidence that is inconsistent with Mr. Barrett's neurological test results, and would not be indicative of significant deficits in Mr. Barrett's functioning.'" Ex. B.

## II.    CONTINUED ASSERTION OF PRIVILEGE & WORK PRODUCT PROTECTION

Mr. Barrett continues to assert that Dr. Bianco's testimony is barred by attorney-client privilege and the work-product doctrine. Resp. Opp. Mot. Call Add'l Wits. (Doc. 457) at 15-16. The government obtained Dr. Bianco's raw data and scoring sheet only through this Court's order granting the government access to trial counsel's files. That order, and the case law

---

[1] To the extent the government intends to call Dr. Bianco to respond to criticisms of his work, as stated in Mr. Barrett's Response in Opposition to Motion for Leave to Call Additional Rebuttal Witnesses, there will be no testimony from Dr. Miora to rebut. Mr. Barrett had only one reason to mention Dr. Bianco and that was to respond to the government's claim in its Motion for Partial Summary Judgment that trial counsel's failure to conduct neuropsychological testing was not deficient performance. Now that trial counsel have testified and it is clear that Dr. Bianco's affidavit, prepared at the direction of a state-court investigator, played no role their decisionmaking, Mr. Barrett has no reason to elicit from Dr. Miora any opinions about Dr. Bianco's testing. That is, unless the government is allowed to use Dr. Bianco for purposes of its case on prejudice or as a post-hoc rationalization for trial counsel's omissions.

underlying it, grants the government access to the extent necessary to defend against a claim of ineffectiveness, which is to say, the performance prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009), *cert. denied*, 559 U.S. 955 (2010). Absent the implied waiver that gave the government access to trial counsel's files, the government would never have known about the work of Dr. Bianco who was a confidential consultant to Mr. Barrett's state-court counsel. Fed. R. Crim. P. 16(b)(2). Mr. Barrett has never relied upon any evidence related to Dr. Bianco for purposes of the prejudice prong of *Strickland* and therefore there could be no implied waiver for that purpose. Additionally, in 2009, Dr. Bianco served as a consulting expert for Mr. Barrett's post-conviction counsel regarding the work performed by Dr. Myla Young. *See* Mot. Disqualify Govt. Expert Faust Bianco. Mr. Barrett has never waived the attorney-client privilege or work-product protections that attach to that work. This Motion is made without waiver or forfeiture of those claims of privilege and work-product protection.

### III.   GOVERNING LAW ON DISCOVERY

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), R. Gov. § 2255 Proc. ("2255 R."). "A party requesting discovery must provide reasons for the request. The request must also . . . specify any requested documents." 2255 R. 6(b).

Under 2255 Rule 6(a), good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy v. Gramley*, 520 U.S. 899, 908-09

(1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). Then, "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Ibid.*

Federal Rule of Criminal Procedure 16(a)(1)(G) provides in relevant part:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. * * * The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

In addition, Mr. Barrett is entitled to the disclosure of favorable evidence in the possession of the prosecution. *Brady v. Maryland*, 373 U.S. 83 (1963).[2] "'Impeachment evidence, ... as well as exculpatory evidence, falls within the *Brady* rule.'" *United States v. Headman*, 594 F.3d 1179, 1183 (10th Cir. 2010) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). The "government's disclosure duty 'continues throughout the judicial process.'" *Headman*, 594 F.3d at 1183 (quoting *Douglas v. Workman*, 560 F.3d 1156, 1174 (10th Cir. 2009)). Due process requires that favorable evidence must be disclosed in time for the defense to make use of it. *United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009).

## IV.    GROUNDS FOR GRANTING DISCOVERY

### A.  Mr. Barrett Satisfied *Bracy*

The Tenth Circuit's conclusion that Mr. Barrett has presented facts which, if proved, would entitle him to relief, *United States v. Barrett*, 797 F.3d 1207, 1224, 1232 (10th Cir. 2015), *cert. denied*, ___ U.S. ___, 137 S. Ct. 36 (2016); *id.* at 1229 ("Taking Defendant's proffered

---

[2] Supreme Court Justices recently reminded prosecutors that the duty to disclose is not based on the probable consequences of non-disclosure, but on whether the evidence is favorable to the defense. Tr. O.A. at 28-29 (comments of Breyer, J.) *Smith v. Cain*, 565 U.S. 73 (2012) (No. 10-8145), 2011 WL 5360052 at *28-*29; *id.* at 30-31 (comments of Roberts, C.J.); *id.* at 49 (comments of Kennedy, J.), *48; *id.* at 51-52, *52 (comments of Scalia, J.); *id.* at 52-53, *51-*52 (comments of Sotomayor, J.).

mitigation as true, it is sufficient to require an evidentiary hearing."), means he has already surpassed the good cause standard with respect to the claim at issue here, because a showing of good cause under 2255 Rule 6(a) requires less than a showing of a prima facie case.[3] *Bracy* unanimously held that a district court abused its discretion when it denied the petitioner's discovery requests because the petitioner had "made a sufficient factual showing to establish 'good cause,' as required by Habeas Rule 6(a)." *Bracy*, 520 U.S. at 901. The *Bracy* Court found the petitioner's factual showing sufficient even though his "sort of compensatory bias" claim was "quite speculative," "only a theory at this point," and premised on facts that "might be equally likely" to support an inference contrary to the one the petitioner advanced. *Bracy*, 520 U.S. at 905, 909.

In order to obtain discovery, Mr. Barrett need not show that he may be entitled to relief, only that there is "*reason to believe*" he "*may*" be able establish an entitlement for relief "*if* the facts are *fully developed*." *Bracy*, 520 U.S. at 908-09 (emphasis added). This standard is more permissive than the standard for establishing entitlement to an evidentiary hearing, i.e., "whether such a hearing could enable an applicant to *prove* the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (emphasis added).[4] Accordingly, the Tenth Circuit has already found Petitioner's

---

[3] Although *Harris v. Nelson* used the "prima facie case" language, 394 U.S. at 290, the Court in *Bracy* makes clear that the *Bracy* holding applies to the standard adopted in Habeas Rule 6(a) which was created after *Harris*. *Bracy*, 520 U.S. at 904. The *Bracy* Court held that the "reason to believe . . ." language from *Harris* was to be applied in the context of Rule 6(a). Neither *Bracy* nor the Advisory Committee Notes on Rule 6(a) refer to the "prima facie case" language of *Harris*.

[4] *See also* Advisory Committee Notes to R. Gov. § 2254 Cases 6 ("Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing."). *Accord Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977) (approving common practice of granting discovery to habeas petitioners before need for an evidentiary hearing has been determined); *Jones v. Wood*, 114 F.3d

allegations as to exceed the showing required for discovery. The Tenth Circuit's decision goes far beyond concluding that Mr. Barrett presented a speculative, theoretical claim.

The Tenth Circuit asked whether an evidentiary hearing would enable Mr. Barrett to prove "'factual allegations, which, if true, would entitle the [movant] to ... relief.'" *Barrett*, 797 F.3d at 1224 (quoting *Landrigan*, *supra*, 550 U.S. at 474). The Court of Appeals answered that question by holding that "an evidentiary hearing is necessary" and "remand[ing] for further proceedings on the issue." *Ibid.*

In *Moore v. Gibson*, 195 F.3d 1152 (10th Cir. 1999), *cert. denied*, 530 U.S. 1208 (2000), the Tenth Circuit held that a district court abused its discretion when it denied discovery on a claim after it concluded the "trial record … lends some support and does not contravene petitioner's allegations which, if proved, would warrant habeas relief." *Moore*, 195 F.3d at 1166. Given that the Court of Appeals has reached the same conclusion in this case, "it is the duty of the court[] to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 909 (internal quotation marks and citation omitted).

### B.  The Facts Support Ordering a Report

Mr. Barrett was required to produce expert reports and the government was required to produce a report from its other rebuttal witnesses. The government acknowledges that Dr. Bianco has not produced a report. Ex. B. Dr. Bianco's 2002 affidavit, as quoted in Exhibit B, makes *predictions* about what *future* testing would reveal. It does not summarize his own findings from his 2000 testing and it obviously does not summarize his opinions about the testing

---

1002, 1009 (9th Cir. 1997) (under Rule 6(a) "discovery is available to habeas petitioners at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing").

done by Dr. Young that Dr. Miora will testify to. As to bases and reasons, the affidavit says nothing.

The government asserted in its motion for leave to call Dr. Bianco, that "his opinion is already well known to Barrett, as evidenced by Dr. Miora's report." Mot. (Doc. 455) at 4. That assertion is false and contradicted by the record. With respect to Dr. Bianco's 2000 testing, as set forth in the declaration of Erin Bigler, Ph.D., Doc. 376-2, Dr. Bianco has never produced a report or other statement setting forth his opinions, the bases and the reasons therefor. Mr. Barrett's counsel also have no complete or current information about Dr. Bianco's qualifications as required by Fed. R. Crim. P. 16(a)(1)(G). Dr. Bigler and Dr. Miora identified *omissions* in the raw data and scoring that Dr. Bianco produced in 2000. Doc. 376-2 at ¶¶ 6-15, 25-26; Doc. 376-1 at pp. 7-8. Omitted information includes, but is not limited to, the areas of neuropsychological functioning on which Dr. Bianco formed opinions, what opinions he formed regarding specific areas of neuropsychological functioning, the normative data Dr. Bianco relied upon, the meaning of handwritten notations on his scoring sheet, whether he formed an opinion about executive functioning despite having not completed testing in that area. In other words, the point of Dr. Miora's and Dr. Bigler's declarations, consistent with their focus on the performance prong of *Strickland*, was that Dr. Bianco's opinions about specific areas of neuropsychological functioning cannot be known, and therefore could not be relied upon, because he never produced a report, did not complete testing instruments, did not explain indecipherable notations on his scoring sheet, and did not identify the normative data he relied upon. Without that information, Mr. Barrett's counsel cannot be prepared to file a motion to exclude Dr. Bianco under Fed. R. Evid. 702(b)-(d), as contemplated in the Scheduling Order (Doc. 270), and counsel cannot be prepared to conduct *voir dire* of Dr. Bianco at the hearing or to cross-examine him.

With respect to Dr. Bianco's opinions about Mr. Barrett's post-conviction experts, Dr. Bianco consulted with Mr. Barrett's post-conviction counsel but produced no report. Mr. Barrett's counsel cannot prepare to cross-examine Dr. Bianco.

In *United States v. Jackson*, 51 F. 3d 646 (7th Cir. 1995), the Seventh Circuit held a summary was "barely" sufficient under Rule 16(a)(1)(G) where it identified the *specific* areas experts would testify to. *See United States v. Goxcon-Chagal*, 866 F. Supp. 2d 1222, 1253 (D. N.M. 2012). Dr. Bianco's affidavit contains no specifics. Given that neuropsychologists use specific tests to assess functioning in specific areas of the brain and their conclusions on each specific area and test must be based on appropriate normative data for the individual being evaluated, Rule 16 requires far more detail than can be found in Dr. Bianco's affidavit. *See United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001) (finding insufficient summary that listed general topics but not actual opinions); *United States v. White*, 492 F.3d 380, 406-407 (6th Cir. 2007); *United States v. Liscomb*, 539 F.3d 32, 38 (10th Cir. 2010) (where scientific or technical knowledge will be relied upon great detail is required to comply with rule).

In addition, Mr. Barrett will be prejudiced in the sense that the government has had eight years to prepare to cross-examine Dr. Miora on Dr. Young's declaration, and will have had 13 days to examine Dr. Young's raw data in relation to her declaration. Without a report from Dr. Bianco, Mr. Barrett cannot undertake the same or similar preparations.

As set forth in Mr. Barrett's Response in Opposition to the Government's Motion to Call Additional Witnesses, which is fully incorporated herein by this specific reference, Mr. Barrett's counsel and Dr. Miora are already experiencing difficulty preparing on short notice to present direct testimony on June 26, 2017. Each day's delay in receiving a report from Dr. Bianco makes it less likely that Mr. Barrett's counsel will be prepared for cross-examination.

Pursuant to 18 U.S.C. § 3599(a)(2) and (c), Mr. Barrett is entitled to effective representation in these proceedings. These proceedings are Mr. Barrett's only opportunity to vindicate his Sixth Amendment right to effective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 505 (2003). As such, these are initial-review collateral proceedings. *See Trevino v. Thaler*, 569 U.S. ___, 133 S. Ct. 1911, 1919 (2013); *Ramirez v. United States*, 799 F.3d 845, 852-85 (7th Cir. 2015). The Tenth Circuit has held that Mr. Barrett has presented facts which, if proved, will entitle him to relief. Under a due-process balancing test, Mr. Barrett is entitled to a report from Dr. Bianco: (1) the Tenth Circuit's conclusion that Mr. Barrett pled a prima facie case of ineffective assistance shows there is a significant risk of an erroneous deprivation of a fundamental right if Mr. Barrett does not receive a full and fair hearing, including through the cross-examination of a witness designated in the last week before his testimony will be presented; (2) this Court has already held that Mr. Barrett is entitled to receive reports from the government's experts; (3) there is no cost to providing the report.

**CONCLUSION**

For the foregoing reasons, this Court should order the government to produce a report from Dr. Bianco immediately.

///

///

///

///

///

///

///

Pet'r's Mot. Expert Rpt.                                    10                          *Barrett v. U.S.*, CV-09-00105-JHP

DATED:          June 21, 2017

                                     RESPECTFULLY SUBMITTED,

                                       /s/ *David Autry*
                                       DAVID AUTRY

                                       HEATHER E. WILLIAMS
                                       Federal Defender

                                       /s/ *Joan M. Fisher*
                                       JOAN M. FISHER
                                       Assistant Federal Defender

                                       /s/ *Tivon Schardl*
                                       TIVON SCHARDL
                                       Trial & Habeas Counsel

                                       Attorneys for Petitioner,
                                       KENNETH EUGENE BARRETT

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 21st day of June 2017, I caused the foregoing Petitioner's Motion for Immediate Production of Report from Expert Witness to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Tivon Schardl*
TIVON SCHARDL