### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

### GOVERNMENT'S MOTION FOR EXTENSION OF TIME
### TO OBJECT TO MAGISTRATE'S REPORT AND RECOMMENDATION

**COMES NOW** the United States of America, by and through undersigned counsel, and hereby moves this Court for a sixty-day extension of time, to and including October 23, 2018, in which to file its objection to the Magistrate's Report and Recommendation.

On August 14, 2018, the United States attempted to contact Joan Fisher, Counsel for Kenneth Barrett, to ascertain the defense position on the Government's requested relief. On August 15, 2018 at 11:21 a.m., the Government received the following via electronic mail from Ms. Fisher: "We have no objection to an extension of 30 days to file any objections to the August 10th Magistrate's Report and Recommendation." Later on August 15, 2018 at 4:21 p.m., the Government received the following additional email from Ms. Fisher:

> ". . . we anticipate any extension to file objections would apply equally to both parties. I trust that is amenable to you and will be included in your motion."

Fed. R. Civ. P. 6(b)(1) allows extensions "for good cause" and should be liberally construed. *Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016). When requests are made before the time to respond has expired, as here, "district courts should normally grant extension requests, . . . in the absence of bad faith by the requesting party or prejudice to another party."

1

Generally, decisions on whether to grant an extension of time are upheld in the absence of an abuse of discretion. *Id.*

## PROCEDURAL BACKGROUND

After being convicted by a jury in 2005, Plaintiff Kenneth Eugene Barrett was sentenced to death by this Court in Case No. CR-04-115-JHP, Docket No. #85. The Tenth Circuit affirmed on direct appeal. *See United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007).

Barrett's post-conviction claim was denied by this Court without a hearing. *See Barrett v. United States*, Case No. CIV-09-105, Docket Number 214, 2012 WL 3542609 (E.D.Ok. Aug. 16, 2012) (unpublished opinion). The Tenth Circuit affirmed as to all but one claim: whether Barrett's trial attorneys were ineffective in "failing to investigate and present evidence of his background and mental health for the trial's penalty phase." *Barrett v. United States*, 797 F.3d 1207, 1211 (10th Cir. 2015). The appellate court remanded for an evidentiary hearing on that issue.

After extensive pre-hearing litigation, (Doc. # 233-390), this Court referred the matter to the Magistrate for an evidentiary hearing and a report and recommendation. (Doc. #391). The seven-day hearing was conducted on March 27-30, 2017, June 12-13, 2017 and June 26, 2017. (Doc. #399, 403, 407, 410, 448, 451, 463). The parties submitted proposed findings and conclusions on July 31, 2017. (Doc. # 465-466).

On August 10, 2018, the Magistrate Judge filed a 34-page Report and Recommendation finding Barrett's counsel were deficient and concluding Barrett is entitled to a new sentencing hearing. (Doc. #467 at 34).

2

Pursuant to the Magistrate's order, 18 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the government must file any objections to the Report and Recommendation within fourteen days. *Id*.

Unless extended by this Court, the fourteen-day deadline will run on August 24, 2018.

## REASONS FOR EXTENSION OF TIME

Since June 8, 2009, the principal government attorney in the handling of Barrett's application for post-conviction relief has been Jeffrey B. Kahan from the Department of Justice's Capital Case Unit.  (Doc. #47 at 2).  Mr. Kahan was a Trial Attorney with the Capital Case Unit when this litigation commenced.  He now serves as Deputy Chief of the Capital Case Section where his immediate schedule includes the following:

1.     Mr. Kahan is responsible for the day-to-day management of seven trial attorneys and an administrator, as well as oversight of the Death Penalty Protocol – the process through which the Department of Justice reviews cases for potential capital prosecution.  *See* U.S.A.M. §§ 9-10.010 to 9-10.190.  At present, there are 67 cases under review by the Department, and 47 of them are awaiting transmission to the Attorney General at CCS.  Mr. Kahan reviews each case before it is transmitted to the Attorney General, and generally anticipates three-to-five submissions a week.  He is personally overseeing the Protocol review of a 14-defendant case, in which the U.S. Attorney seeks an expedited decision ahead of an early 2019 trial and in anticipation of a cooperation agreement with two potential witnesses.

2.     As of August 13, 2018, the Acting Chief of the Capital Case Section was out of the office for one week, leaving Mr. Kahan with overall responsibility for management of the section.

3.      On August 21, 2018, Mr. Kahan is scheduled to travel to the National Advocacy Center in Columbia, South Carolina, where the Capital Case Section is presenting a three-day death penalty seminar where he will be one of the instructors.

4.      From August 27 to August 31, 2018, Mr. Kahan has a scheduled pre-paid out-of-state vacation with his family.

5.      Assistant United States Attorney Christopher J. Wilson has been assisting in the representation of the United States in this matter.  In addition to his supervisory duties as Criminal Chief, Mr. Wilson is lead counsel in *United States v. Paul Dean Cantrell*, CR-18-69-RAW and *United States v. Erickson Clay Ward*, CR-18-67 scheduled for jury trial on October 2, 2018.

6.      Mr. Wilson is currently responding to a Motion to Suppress filed by Defendant Cantrell and an evidentiary hearing on the Motion to Suppress has been set for August 29, 2018.

7.      Mr. Wilson is the ATAC Coordinator for the United States Attorney's Office and is primarily responsible for facilitating a training session on August 23, 2018, which will be attended by approximately 130 law enforcement personnel.

8.      Mr. Wilson is currently scheduled to attend a training in Columbia, South Carolina from September 10, 2018 through September 13, 2018.

9.      As noted, the Tenth Circuit previously affirmed the denial of collateral relief as to Barrett's conviction, thereby ensuring he will serve his current life sentence, as to at least one conviction under 18 U.S.C. § 924.  Barrett and his counsel have access to the witnesses he claims to need for a fulsome penalty phase retrial, as demonstrated by their appearance during evidentiary proceedings.  As such, any delay in drafting and resolving the government's objections to the Report and Recommendation should not prejudice Barrett.

4

## CONCLUSION

Based on the foregoing, the government respectfully urges this to grant the government an additional sixty days, or until October 23, 2018, to file an objection to the Magistrate's Report and Recommendation.

Dated: August 17, 2018.

Respectfully submitted,

BRIAN KUESTER
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA #13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on August 20, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry dbautry44@hotmail.com
Ms. Joan M. Fisher Joan_Fisher@fd.org
Mr. Tivon Schardl Tim_Schardl@fd.org

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney

6