DAVID AUTRY, OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:    (405) 521-9600
Facsimile:    (405) 521-9669
E-mail:    dbautry77@gmail.com

HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
JOAN M. FISHER, ID Bar #2854
Assistant Federal Defender
KARL SADDLEMIRE, State Bar #275856
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:    (916) 498-6666
Facsimile:    (916) 498-6656
E-mail:    Joan_Fisher@fd.org
           Karl_Saddlemire@fd.org

Attorneys for Petitioner/Defendant,
KENNETH EUGENE BARRETT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| Petitioner/Defendant, | CASE NO. CV-09-00105-JHP |
| vs. | **PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent/Respondent. | |

Out of an abundance of caution and to fully preserve the record and pursuant to 28 U.S.C. § 636(b)(1)(C) and LCivR 73.1, Petitioner Kenneth E. Barrett respectfully objects in part to the Magistrate Judge's Report and Recommendation issued on August 10, 2018 (Doc. 467). Fully recognizing that the Magistrate Judge and this Court are confined to the scope of the remand

from the Tenth Circuit Court of Appeals, Mr. Barrett nonetheless objects to the limitation of the relief of a new sentencing recommended on Count 3. Although Mr. Barrett was convicted of three counts that were death eligible, the jury sentenced him to life as to Counts 1 and 2 and to death on Count 3. Mr. Barrett was denied the effective assistance of counsel on all three counts of the indictment at the single sentencing.[1] An order for a new sentencing on all counts, Counts 1, 2 and 3, is within the scope of the mandate. Failure to grant a new sentencing proceeding on all counts would constitute an abuse of discretion and would result in a manifest injustice.

## PROCEDURAL HISTORY

Mr. Barrett was tried and convicted in 2005 on two counts of felony murder for use of a firearm in the commission of a drug trafficking crime (Count 1); or, crime of violence (killing of a state law enforcement officer engaged in or on account of the performance of such official duties) (Count 2); pursuant to 18 U.S.C. § 924(c)(1)(A) and (j) and one count of killing a state law enforcement officer while engaged in and on account of the performance of official duties pursuant to 21 U.S.C. § 848(e)(1)(B) (Count 3). Upon conviction, Mr. Barrett faced a sentence on each count ranging from death to life to a fixed number of years.[2] See Case No. CR-6:04-115-JHP at TR vol. 27 pp. 5294-97. After a single penalty phase hearing on the multi-count

---

[1] The Tenth Circuit Court recognized this in remand, finding that,"[b]ecause Defendant may be entitled to relief on his contention that his trial attorneys were ineffective by failing to investigate and present evidence of his background and mental health for the *trial's penalty phase*, we reverse and remand for an evidentiary hearing on this issue." (*United States v. Barrett*, 797 F.3d, 1207, 1211 (10th Cir. 2015)(Emphasis added). "The issue before us is whether Defendant's trial attorneys prepared a mitigation case that measures up to professional norms and, if not, whether that made a difference." 797 F.3d at 1224. "We therefore reverse and remand for further proceedings on the issue." (*Id.*).

[2] Counts 1 and 2 carried the punishment of death or by imprisonment for any terms of years or for life. 18 U.S.C. §924(c) (1)(A) and (j) (1); Count 3 carried "any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death. 21 U.S.C. § 848(e)(1)(B). *See also* CR -6:04-115. Docs. 52, 257.

indictment and convictions, a jury sentenced Mr. Barrett to life in prison on Counts 1 and 2, and to death on Count 3. *See* Case No. CR-04-115-JHP (Doc. 285).

The convictions and sentences were affirmed on direct appeal. *See United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007). Mr. Barrett sought post-conviction relief under 28 U.S.C. § 2255, which this Court denied without a hearing. *See Barrett v. United States*, Case No. CIV-09-105-JHP (Doc. 214), 2012 WL 3542609 (E.D. Okla. Aug. 16, 2012) [unpublished opinion]).[3] This Court denied Mr. Barrett a certificate of appealability. *Id.*

The United States Court of Appeals for the Tenth Circuit granted a certificate of appealability (COA) on seven of Mr. Barrett's claims for ineffective assistance of counsel. The Court found the record before it "inadequate to resolve the issue." *U.S. v. Barrett*, 797 F. 3d at 1224.  The Tenth Circuit held "that an evidentiary hearing [was] needed to enable the district court to make the findings needed to determine whether Defendant has a valid claim." *Id.*

On remand, the district judge referred the case to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LCvR 73.1.  After hearing evidence over seven days and the submission by both parties of Proposed Findings of Fact and Conclusions of Law, Docs. 465, 466, the Magistrate Judge issued and recommended "that the Defendant be granted relief under 28 U.S.C. § 2255 and given a new sentencing hearing on the charge of intentionally killing a state law enforcement officer in the commission of a drug trafficking crime." (Doc. 467 at 2). The Magistrate Judge's report is succinct, discussing the evidence produced as that evidence

---

[3] The Magistrate Judge's findings fully support the recommendation for a new sentencing. Mr. Barrett does not object to any specific factual finding or lack thereof but reserves his right to expand, explain, clarify or modify the facts as reflected by the record and the evidence submitted at or in support of the evidentiary hearing on remand as reflected in Petitioner's Proposed Post-Hearing Findings of Fact and Conclusions of Law. Doc. 465.  *See Jennings v. Stephens*, __U.S.__, 135 S. Ct. 793, 802 (2015).

related to the specific questions and concerns of the Tenth Circuit Court of Appeals.  The

magistrate concluded:

> In sum, the undersigned Magistrate Judge finds that the Defendant's counsel were deficient in their performance, which ultimately prejudiced the Defendant, and that the Defendant is therefore entitled to relief under 28 U.S.C. § 2255 and to a new sentencing hearing.  Accordingly, the undersigned Magistrate Judge recommends that the Petitioner be granted relief under 28 U.S.C. § 2255 and given a new sentencing hearing as set forth above

Doc. 467 at 34.

## ARGUMENT

### 1.  The Tenth Circuit's Firm Waiver Rule Compels the Objections Made Here.

The Tenth Circuit has adopted "a firm waiver rule "to advance the policies behind the

Magistrate's Act[.]."  *See United States v. One Parcel of Real Prop., With Buildings,*

*Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73

F.3d 1057, 1059–60 (10th Cir. 1996).  That rule "provides that the failure to make timely

objections to the magistrate's findings or recommendations waives appellate review of both

factual and legal questions." *Id.*, citing *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir.1991).  The United States Supreme Court approved a similar firm waiver rule when the

district court adopts a Magistrate's recommendation as adopted by the Sixth Circuit.  *Thomas v.*

*Arn*, 474 U.S. 140 (1985) ("We hold that a court of appeals may adopt a rule conditioning an

appeal, when taken from a district court judgment that adopts a magistrate's recommendation,

upon the filing of objections with the district court identifying those issues on which further

review is desired.").  Though certainly not firmly rooted in its jurisprudence, the Tenth Circuit

has applied the rule to a prevailing party.  See *Martin v. Cornell Companies, Inc.*, 377 F. Appx.

762, 765 (10th Cir. 2010) (unpubl.).

Accordingly, Mr. Barrett must raise this issue as an objection at this point in the proceedings or forever risk forfeiting this argument.

**2. This Court's Review of the Sentences Imposed in Counts 1 and 2 is Within the Scope of the Mandate.**

The Magistrate Judge's limitation of relief to the Count 3 death sentence only, while understandable, is nonetheless objectionable. The review of the life sentences imposed in Counts 1 and 2 is within the scope of the mandate. Therefore, the Magistrate's recommendation should include a new sentencing on all three Counts.

This Court is subject to the "mandate rule." The rule, which generally requires a trial to conform to the remand as articulated, "is a discretion-guiding rule subject to exception in the interests of justice." *United States v. Moore*, 83 F. 3d 1231, 1234 (10th Cir. 1996). "[W]here the appellate court has not specifically limited the scope of the remand, the district court has discretion to expand the resentencing beyond the sentencing error causing the reversal." *Id*. The mandate in this case lacks the specificity required to limit the magistrate's recommendation and this Court's authority to consider the sentences of all three counts impacted by the ineffective assistance of counsel on remand. See *United States v. Hicks*, 146 F. 3d 1198, 1200 (10th Cir. 1998).

The language of the opinion and mandate define the scope of the remand. *Id*. The Court in *Hicks* looked to the particular language of the appellate decision and judgment in question to determine the scope of the mandate. That opinion, like the appellate court's here, read "AFFIRMED in all other respects." *Hicks*, 146 F.3d at 1200. The mandate reads exactly as Mr. Barrett's: "[T]he judgment ... is affirmed in part and reversed in part" and ordered the case remanded "for further proceedings in accordance with the opinion of this Court." *Hicks*, 146 F. 3d at 1201.

In its opinion in Mr. Barrett's case, the appellate court "reversed and remanded for further proceedings on the issue." *U.S. v. Barrett*, 797 F. 3d at 1224. In conclusion, it said:

> We REVERSE and REMAND Defendant's death sentence for the district court to hold an evidentiary hearing on whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial. In all other respects we AFFIRM.

*Id*. at 1232. In the mandate, the court of appeals stated that "[t]he judgment is affirmed in part and reversed in part. The case is remanded to the United States District Court for the Eastern District of Oklahoma for further proceedings in accordance with the opinion of this Court."

Comparison of the language of the opinion and the mandate in *Hicks* makes clear that the Tenth Circuit's mandate in this case does not preclude granting a resentencing on all three counts following the finding of ineffective assistance of counsel. Mr. Barrett's case mirrors the facts in *Hicks*, in that both defendants were subject to a single penalty proceeding. A jury was called upon to sentence on all three counts of a multi-count indictment. In Mr. Barrett's case, the multi-count indictment included three separate charges regarding a single criminal act, all subject to capital punishment. The defense counsel was thus obligated to investigate and present evidence in mitigation equally for each count and the deficient performance per count cannot be separated out simply because the jury returned a sentence of life rather than death as to Counts 1 and 2. The sentence post-dates the performance and thus has no bearing on a determination of the trial defense counsel's deficiencies throughout the penalty phase. Here, the Circuit Court's remand called upon the district court to determine whether there was deficient performance resulting in prejudice "during the penalty phase of his trial." *United States v. Barrett*, 146 F.3d at 1211.

As in *Hicks*, Mr. Barrett's convictions and sentences arise from a multi-count indictment. There was a single sentencing trial on three separate capital counts, based upon the same evidence under the same professional standards of performance required of the same trial counsel. The same jury heard and imposed sentence on the three counts, specifically imposing a significantly lighter sentence on Counts 1 and 2. The only real question that could conceivably render limited relief only as to the Count 3 death sentence, is the question of prejudice. While in most capital charges the only available punishment is life or death, here the minimum sentence for all three counts on Mr. Barrett's indictment was a term of years. It is reasonable to conclude that the jury's consideration of the sentences of life was equally susceptible to trial counsel's deficiencies and adversely impacted by them as the death sentence.

Under *Hicks*, the relief granted on only one of three jury verdicts must be extended to the other two. Relief on all three counts is the only result consistent with the sentencing packaging doctrine.

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentence renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

Thus,...[upon remand] the district court ha[s] the authority to reevaluate the sentencing package ... and resentence the defendant to effectuate the original sentencing intent. *Hicks, supra* at 1202, quoting (the oft-quoted ) *United States v. Shue*, 825 F. 2d 1111, 1114 (7th Cir. 1987) ("[D]espite the previous panel's failure to vacate explicitly the sentencing package on

remand for resentencing, we hold that the district court had the authority to ... resentence the defendant to effectuate the original sentencing intent.").

Even assuming this Court disagrees, this Court should still extend the magistrate's recommendations as to Counts 1 and 2 in order to avoid a manifest injustice. In the instant case, the "packagers" were the jury, and it will be a jury that will sentence Mr. Barrett after hearing competent evidence presented by competent counsel, a right never afforded Mr. Barrett.

Mr. Barrett was entitled to the effective assistance of counsel at the sentencing, the entire sentencing trial, not only as it related to the death sentence imposed. He is entitled to a jury who hears and considers all the relevant mitigation as it relates to all of the counts. To deny him the effective assistance of counsel on two-thirds of his penalty phase trial would be to an abuse of discretion resulting in a manifest injustice. Petitioner therefore objects to the Magistrate's Report and Recommendation for its failure to recommend a new sentencing proceeding on Counts 1 and 2, as well as Count 3.

## CONCLUSION

For the foregoing reasons, Mr. Barrett respectfully requests that the Court consider this objection, and in accepting the Magistrate Judge's recommendation for a new sentencing order, that the recommendation and subsequent order of this Court apply to all three counts.

DATED:        October 12, 2018

RESPECTFULLY SUBMITTED,

/s/ *David Autry*
DAVID AUTRY

HEATHER E. WILLIAMS
Federal Defender

/s/ *Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender

/s/ *Karl Saddlemire*
KARL SADDLEMIRE
Assistant Federal Defender

Attorneys for Petitioner/Defendant,
KENNETH EUGENE BARRETT

**CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY**

This is to certify that on this 12th day of October 2018, I caused the foregoing Petitioner's Objection To Magistrate Judge's Report And Recommendation to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ *Joan M. Fisher*
JOAN M. FISHER