**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. CV-09-00105-JHP |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**COMES NOW** the United States of America, by and through undersigned counsel and submits the following Response in Opposition to Petitioner's Objection to Magistrate Judge's Report and Recommendation.

**STATEMENT OF THE CASE**

On September 24, 1999, Petitioner Kenneth Eugene Barrett ("defendant") fatally shot Oklahoma State Trooper David Eales, who – as part of a police Tactical Team ("Tac Team") – had attempted to serve a warrant at the defendant's residence, which was used to manufacture and distribute methamphetamine.

In 2005, a petit jury empaneled in this district found Barrett guilty, as charged, on two counts of felony firearm murder (18 U.S.C. § 924(c)(1)(A)) and one count of killing a state law enforcement officer during the commission of a drug trafficking crime (21 U.S.C. § 848(e)(1)(B)). Following a bifurcated penalty trial, the jury recommended a death sentence for the § 848 offense and life sentences for the § 924 offenses, all of which the district court

1

imposed.  Case No. CR-04-115-JHP, Docket No. 285 ("TR Doc. 285").  The Tenth Circuit Court

of Appeals affirmed the judgment in a published opinion.  *United States v. Barrett*, 496 F.3d

1079 (10th Cir. 2007) ("*Barrett, I*"), *cert. denied*, 552 U.S. 1260 (2008).  One year after finality

of the affirmance, Barrett sought collateral relief under 28 U.S.C. § 2255, which the district court

denied.  Case No. CIV-09-105-JHP, § 2255 Docket Nos. 1, 214 ("§ 2255 Doc. 1, 214").  In a

published opinion, the Tenth Circuit "REVERSE[ed] and REMAND[ed] Defendant's death

sentence for the district court to hold an evidentiary hearing on whether the performance of trial

counsel was deficient in not investigating Defendant's background and mental health and

whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial.

In all other respects [it] AFFIRM[ed]." *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir.

2015) ("*Barrett, II*").

On remand, this Court conducted the evidentiary hearing and issued a Report and

Recommendation advising the district court to grant a new penalty phase trial as to the § 848

offense for which Barrett received a death sentence.  § 2255 Doc. 467 at 2 ("R&R").   Barrett

objected, arguing that this Court should have held that trial counsel's alleged ineffectiveness

permeated the verdict as to all three counts and this Court should have granted resentencing for

all charges.  Doc. 470.  This Response in Opposition Follows.

### ARGUMENT

### THIS COURT PROPERLY LIMITED THE RECOMMENDED RELIEF TO THE AMBIT OF PETITIONER'S TIMELY FILED CLAIM

Reasoning that his trial counsel's alleged ineffectiveness infected the jury's penalty

verdict as to his three counts of conviction, Barrett claims that this Court should have granted

resentencing as to all charges, rather than the offense for which he received the death penalty.

According to Barrett, the Court enjoys discretion to order such relief, notwithstanding the limited

scope of the Tenth Circuit's mandate – reversing only his death sentence and affirming in all other respects. Doc. 470. Barrett has never before articulated the theory that his trial attorneys' performance affected his non-capital sentences. To permit him to pursue such a claim more than ten years after the finality of his appeal would require an untimely amendment of his § 2255 motion that he cannot justify.

After the following of an answer, a § 2255 movant may amend his motion only with the government's written consent or with leave of court, which should be freely given when justice requires. Fed. R. Civ. Proc. 15(a)(2); *see United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) (concerning the applicability of the rule to § 2255 proceedings); *see* § 2255 Doc. 214 at 17-18. The courts' discretion to provide such leave is limited by the Antiterrorism and Effective Death Penalty Act of 1996, which imposes a one-year period of limitations in which federal prisoners may seek collateral relief from criminal judgments. 28 U.S.C. § 2255(f); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000); *see* § 2255 Doc. 214 at 17-18. The limitation period begins on the date the Supreme Court denies a defendant's petition for writ of certiorari from a direct appeal. *Willis*, 202 F.3d at 1280-81. "In this case, the petitioner's conviction became final on March 17, 2008, the date the United States Supreme Court denied certiorari review of his direct appeal.

The limitation period bars untimely amendments that add new claims to an initial § 2255 motion. *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). The limitation period is not an absolute bar: Section 2255 movants may make untimely amendments that relate back to existing claims. *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000). Arguments premised on new facts do not, however, relate back to earlier contentions just because they both rely on the same constitutional principle. *See id.* An untimely amendment

that "clarifies or amplifies" an existing claim relates back to the original motion. *United States v. Weeks*, 653 F.3d 1188, 1206 n.12 (10th Cir. 2011) (quoting *Espinoza– Saenz*, 235 F.3d at 505); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the same conduct, transaction, or occurrence"). Thus, a proposed amendment may not introduce a new theory based on facts different from those underlying existing issues. *See Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts"). An untimely amendment may receive review only if the movant excuses the delay by establishing a need for equitable tolling based on extraordinary circumstances beyond his or her control. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008); *see generally Holland v. Florida*, 560 U.S. 631, 648 (2010) (holding equitable tolling applicable to § 2254 cases when the petitioner diligently pursued his rights but an extraordinary circumstance prevented timely filing).

Barrett has consistently claimed since the outset of this litigation that trial counsel's ineffectiveness during the penalty phase resulted in an undeserved death sentence. *See* § 2255 Doc 1 at 237 ("Just as Trooper Eales should not have been put in danger, Mr. Barrett should not have been sentenced to death."); Doc 95 at 247 (same); *see also* § 2255 Doc. 178 at 112 (asserting "Barrett's death sentence must be vacated."); § 2255 Doc. 149 at 115 (citing *Wiggins v. Smith*, 539 U.S. 510, 537 (2003)for the proposition that "[i]n a capital case," a defendant establishes prejudicial ineffective assistance of counsel if "'there is a reasonable probability that at least one juror would have struck a different balance'"). Barrett did not alter course when he reached the Tenth Circuit, arguing, "Had the omitted mitigating evidence been presented, there is

a reasonable probability that at least one juror would have refused to vote for the death penalty."
*United States v. Barrett*, case no. 12-7086, Doc. 01019181992 at 54 (January 6, 2014); *see also id*. at 87 (asserting, "The Court should vacate Mr. Barrett's death sentence and order a new sentencing trial"); *United States v. Barrett*, case no. 12-7086, Doc. 01019274910 (reply brief) (arguing "the appropriate remedy is to vacate the death sentence").  Following remand, Barrett continued to assert that the alleged ineffectiveness prejudiced him only in regard to his death sentence.  *See, e.g*., § 2255 Doc. 366 at 20 ("If one juror found Mr. Barrett's emotional and mental health problems sufficiently weighty, a life sentence would be imposed"); § 2255 Doc. 265 at 7 (arguing "[o]n the basis of trial counsels' [*sic*] profound constitutional inadequacies and shortfalls, Mr. Barrett was sentenced to death"); § 2255 Doc. 249 at 5 (asserting that the Tenth Circuit's mandate required an inquiry as to "Whether it is reasonably probable that a jury made aware of [omitted] facts would have imposed a sentence less than death").

Having never before asked to vacate his life sentences, Barrett now claims this Court erred in tailoring the scope of recommended relief to the very arguments he has made for the better part of a decade.  The present argument amounts to an untimely attempt to amend a nearly 10-year-old § 2255 motion.

Barrett cannot, in the eleventh hour, avoid the limited reach of his own claim by asserting that counsel's performance infected the penalty verdicts as to all counts, as the jury could have recommended terms of years where it instead advised life sentences.  To show meaningful prejudice, Barrett would have to demonstrate a reasonable likelihood that the district court would have – in the absence of any ineffectiveness – imposed a less-than-life sentence.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Washington*, 619 F.3d 1252, 1262 (10th Cir. 2010).  He cannot satisfy that standard by arguing the likelihood one or more jurors

would have recommended determinative sentences his § 924 offenses.  Jury recommendations of less-than-life terms are not binding.  *See* 18 U.S.C. § 3594 (binding the court to impose only sentences of life or death recommended by the jury under § 3593 and stating "Notwithstanding any other law, if the maximum term of imprisonment for the offense is life imprisonment, the court may impose a sentence of life imprisonment without possibility of release."); *United States v. Kee*, no. S1 98 CR 778(DLC), 2000 WL 863119, *8 (S.D.N.Y. June 27, 2000); *see also United States v. Catalan-Roman*, 585 F.3d 453, 460 n.6 (1st Cir. 2009) (noting that recommended sentences of life or death bind the sentencing court).  Thus, to extend his ineffectiveness claims to embrace his life sentences, Barrett must show that counsel's alleged errors infected the district court's sentencing as well as the jury's penalty phase verdict.

The need to expand the reach of his claim ultimately undermines any effort to assert it. Barrett can only pursue his novel contention if it relates back to his old claim of error in the penalty phase trial.  But the present claim contemplates the impact of alleged error on the judge at sentencing rather than at the jury during the penalty phase trial.  As such, the newly-conceived claim seeks to smuggle into this case an entirely new theory of prejudice.  *See Dean*, 278 F.3d at 1221.  Having, thus, failed to show relation back to his original claim, Barrett makes no effort to demonstrate the need for equitable tolling based on extraordinary circumstances beyond his control.  *See Gabaldon*, 522 F.3d at 1124.

Ignoring the tardiness of his claim, Barrett argues that the Tenth Circuit's mandate controls the scope of his present claim, or permits an exercise of discretion to expand it.  *See* Doc. 470 at 5-8.  As demonstrated above, Barrett asserted from the first – and long before his appeal to the Tenth Circuit – that counsel's alleged ineffectiveness resulted in a death sentence, not a life term.  The Tenth Circuit could no more permit an untimely amendment of his claim on

review than this Court can on remand.  The Tenth Circuit's mandate, to the extent it might otherwise permit discretion for expansion on remand, cannot afford this Court with any license to allow an untimely amendment of Barrett's § 2255 motion.

Accordingly, this Court should bar him from altering the ambit of his claim to embrace possible error in the imposition of his life sentences.

## CONCLUSION

Based on the foregoing, the government respectfully urges this Court to reject Barrett's

Objections to the Report and Recommendation and refuse to vacate his life sentences.

Dated: November 26, 2018.

Respectfully submitted,

BRIAN J. KUESTER
United States Attorney
Eastern District of Oklahoma

*/S/ Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on November 26, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

- Mr. David B. Autry: Dbautry77@gmail.Com
- Ms. Joan M. Fisher:  Joan.Fisher@fd.Org
- Karl J. Saddlemire:  Karl_Saddlemire@fd.Org
- Mr. Tivon Schardl:  Tim_Schardl@fd.org

/*S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Unit