**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH EUGENE BARRETT**, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | Case No. CV-09-00105-JHP |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND
RECOMMENDATION**

---

**COMES NOW** the United States of America, by and through undersigned counsel and submits the following Reply in Support of its Objections to the Magistrate Judge's Report and Recommendation (Doc. 471).

**STATEMENT OF THE CASE**

On remand, the Magistrate Judge received a referral to conduct an evidentiary hearing. Following testimony, the Magistrate Judge issued a Report and Recommendation that advised this Court to grant relief and a new penalty phase trial, based on a finding that trial counsel performed ineffectively and prejudicially. § 2255 Doc. 467 ("R&R"). In a scheduling Order concerning objections to the Report and Recommendation, the Court granted leave to file replies relating only to new matters. Doc. 469.

The government subsequently filed objections (Doc. 471), and Barrett filed a response (Doc. 474). The government now offers this Reply, limited to the novel assertion in Barrett's response that the United States presented objections too broad for review.

1

## ARGUMENT

**THE GOVERNMENT PRESENTED SPECIFIC OBJECTIONS APPROPRIATE TO REVIEW**

Barrett claims the government defaulted its objections by presenting overbroad arguments about the Magistrate Judge's lack of credibility findings. Doc. 474 at 3. The government, however, presented specific objections that exceeded the threshold for review.

The Tenth Circuit Court of Appeals has held that objections to a report and recommendation "must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel*, 73 F. 3d 1057, 1060 (10th Cir. 1996). In announcing that rule, the court found inadequate one brief that "consisted of only two sentences" and another that "was equally general" but identified one irrelevant factual discrepancy. *See id.* at 1060 & n.2. Despite recognizing the waiver rule, the Court of Appeals held that a district court could overlook inadequate objections "when the interests of justice so dictate." *Id.* at 1060.

In this case, the government argued that the Magistrate Judge failed to make specific credibility findings about the testifying mental health experts, and should have rejected the testimony of Barrett's witnesses in favor of those called by the government. In support of that argument, the government recited excerpts of the record in which its expert – Dr. Pitt – explained Barrett's mental health issues as a function of voluntary drug use, clearly providing an alternative to the theories advanced by defendant. *See* Doc. 471 at 5-6. The government observed that Barrett's expert, Dr. Woods, attempted to sidestep the effects of the defendant's drug use by asserting it amounted to self-medication of an underlying mental illness. *Id.* at 6. The government explained why Barrett's mental functioning in custody undermined the believability of Dr. Woods' essentially circular reasoning. *Id.* The government noted that Dr. Woods should not have diagnosed Barrett with bipolar disorder given that drug use better

2

explained his behavior.  *Id.*  The government observed that Dr. Woods' diagnosis of post-traumatic stress disorder lacked reliability because the defendant had not experienced a known threshold event and personally declined to endorse the symptoms of the condition when he spoke with Dr. Pitt.  *Id.*  The government attacked the believability of the defense experts' diagnoses of brain dysfunction on the basis of Dr. Price's testimony.  *Id.*  The government questioned the reliability of the defense experts' findings in light of determinations made outside the context of criminal proceedings.  *Id.* at 7.  Even putting aside its witnesses' testimony, the government identified evidence that called into question the candor of the defense witnesses.  *Id.* at 7-8.

In short, the government identified a series of definite, cross-corroborating arguments to supports its position that the Magistrate Judge should have rejected the testimony of Barrett's expert witnesses.  Ironically, in advancing a theory that the government waived its position for want of specificity, Barrett provides no analysis.  Regardless of Barrett's efforts, the extent of the government's Objections distinguish them from the sort of perfunctory briefing at issue in *One Parcel*.  As such, Barrett's waiver argument ought to fail.  Should this Court disagree, however, it should nonetheless reassess the credibility of Barrett's experts under *One Parcel's* exception doctrine: given the significance of this capital case and the breadth of litigation to date, the interests of justice should dictate a complete evaluation of the evidence presented at the direction of the Court of Appeals on remand.

## **CONCLUSION**

Based on the foregoing, the government respectfully urges this Court to reject Barrett's

waiver argument and deny § 2255 relief.

Dated: December 10, 2018.

Respectfully submitted,

BRIAN J. KUESTER
United States Attorney
Eastern District of Oklahoma

*/S/ Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on December 10, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

David B. Autry: Dbautry77@gmail.Com
Joan M. Fisher:  Joan.Fisher@fd.Org
Karl J. Saddlemire:  Karl_Saddlemire@fd.Org
Carrie L. Ward:  Carrie_Ward@fd.Org

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section