**DAVID AUTRY,** OBA No. 11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:  (405) 521-9600
Facsimile:  (405) 521-9669
E-mail:       dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
**KARL SADDLEMIRE**, State Bar #275856
Assistant Federal Defender
**CARRIE L. WARD**, MO Bar #57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone:  (916) 498-6666
Facsimile:  (916) 498-6656
E-mail:    Joan_Fisher@fd.org
              Karl_Saddlemire@fd.org
              Carrie_Ward@fd.org

Attorneys for Petitioner/Defendant,
KENNETH EUGENE BARRETT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT, | **CAPITAL CASE** |
| Petitioner/Defendant, | Case No. 6:09-cv-00105-RAW |
| vs. | **PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT and BRIEF IN SUPPORT** |
| UNITED STATES OF AMERICA, | |
| Respondent/Respondent. | |

Petitioner/Defendant, Kenneth Eugene Barrett, moves to alter, correct or amend the Court's opinion and order and judgment, entered on March 28, 2019. (Docs. 478, 479)  Fed.R.Civ.P. 59(e).

This motion is limited to one issue.  Failure to address any other particular claims or issues arising from the Court's opinion and order, which Mr. Barrett will appeal, does not constitute a waiver of any such claims.

In assessing the strength of the government's case in aggravation against the magistrate judge's finding of prejudice, the Court improperly relied on evidence the trial court excluded from the government's penalty phase case.  (Doc. 478, p. 21, n.26).  This excluded evidence consisted of stale allegations that Mr. Barrett had broken the rules of the Muskogee County Jail while awaiting, well before he was indicted in federal court, trial on his state charges.  It was claimed Mr. Barrett had (consensual) sexual contact with a female inmate, and that he had used drugs while in jail. The trial judge excluded the sex evidence because Mr. Barrett's access to the female area of the jail was occasioned by a jailer who was sexually exploiting female inmates, and who was later charged with a crime. There were no threats, physical violence, or corrupt persuasion on Mr. Barrett's part to gain access to the women's wing of the jail.  Mr. Barrett was not charged with a crime as a result of this supposed episode.  This evidence was deemed by the trial judge to be irrelevant to any aggravating circumstance alleged by the government.

The trial court also excluded evidence about Mr. Barrett's alleged drug use in the jail. (Jury Tr. Vol. 22, p. 4491: 16-21, Jury Tr. Vol. 26, p. 5200: 10-25).

Because this excluded evidence cannot now be considered by the Court, the Court has artificially and wrongly inflated the evidence in aggravation, improperly skewing its analysis of the strength of the government's penalty phase case. This affected, in an improper way, the Court's conclusion on the question of prejudice stemming from trial counsels' admitted deficient performance. The Court should therefore excise reference to these alleged jailhouse incidents, and amend and correct its opinion and order accordingly. Failure to do so would violate Mr. Barrett's Fifth, Sixth and Eighth Amendment rights. See also, *Williams v. Taylor*, 529 U.S. 262, 297 (2000).

In addition to improperly relying on this excluded evidence, the Court does not characterize it accurately. (Doc. 478 p. 21, fn. 26). The Court says it was claimed Mr. Barrett had sexual contact with "another inmate" in the Muskogee County Jail, when in fact it was a female inmate. The Court's implication that the "other inmate" might have been a male subjects Mr. Barrett, a heterosexual, to harm including physical danger from other inmates in prison society, which is strictly segregated along lines of sexual preference. Placing Mr. Barrett in danger due to the false assumption that might arise from the language "another inmate"

raises an Eighth Amendment issue, *Ramos v. Hamblin*, 840 F.3d 442, 444-45 (7th Cir. 2016), and is a violation of 42 U.S. C. § 15601 *et seq.* (2003).

The Court takes no account of the trial judge's reasons for excluding the evidence, and incorrectly states or implies that Mr. Barrett used some sort of corrupt influence to gain access to the female wing of the jail.  (Jury Tr. Vol. 22 p. 4491: 16-21, Jury Tr. Vol. 26 p. 5200:10-25).  Nor does the Court take into account Mr. Barrett's discussion of this alleged incident with Dr. Steven Pitt, the government's psychiatric expert.  Mr. Barrett talked to Dr. Pitt about a single female inmate and corrupt actions by the jail staff. (Gov't Exh. 52 p. 263).

Rule 59(e) permits a court to correct its own mistakes shortly after entering judgment.

The Court has broad discretion to do so, and the circumstances for when correction or amendment is appropriate are judged on a case-by-case basis.  *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982).  The Court should exercise its discretion to correct or amend the order and judgment by eliminating reference to these jailhouse incidents.  Mr. Barrett also re-urges the Court to adopt the report and recommendation of the Magistrate Judge that he was prejudiced by trial counsels' deficient performance. Mr. Barrett should be granted a new sentencing trial on all counts.  This is especially true because the Court relied on the evidence which was excluded from Mr. Barrett's trial.  The Court

both improperly considered this evidence and mischaracterized it in rejecting the

Magistrate Judge's recommendation.

DATED:  April 24, 2019          Respectfully submitted,

                                */s/ Joan M. Fisher*
                                JOAN M. FISHER,
                                Assistant Federal Defender

                                */s/ Carrie L. Ward*
                                CARRIE L. WARD
                                Assistant Federal Defender

                                */s/ David Autry*
                                DAVID AUTRY
                                Attorney at Law

                                Attorneys for Petitioner/Defendant,
                                KENNETH EUGENE BARRETT

## CERTIFICATE OF ELECTRONIC SERVICE AND DELIVERY

On this 24th day of April, 2019, I caused the foregoing Motion to be filed with the Clerk of the Court using the ECF System for filing, with service via CM/ECF to be made to Christopher J. Wilson, AUSA, Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.

To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ Joan M. Fisher
JOAN M. FISHER