## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**KENNETH EUGENE BARRETT**,            )
                                       )
    Petitioner/Defendant,         )
                                       )        Case No. CV-09-00105-RAW
  v.                                   )
                                       )
**UNITED STATES OF AMERICA**,          )
                                       )
    Respondent/Plaintiff.         )

## RESPONSE IN PARTIAL OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

**COMES NOW** the United States of America, by and through undersigned counsel and submits the following Response in Partial Opposition to Petitioner's Motion to Alter or Amend Judgment.

## STATEMENT OF THE CASE

On September 24, 1999, Petitioner Kenneth Eugene Barrett ("defendant") fatally shot Oklahoma State Trooper David Eales, who – as part of a Tactical Team – had attempted to serve a warrant at the defendant's residence. In 2005, a petit jury in this district found Barrett guilty on two counts of felony firearm murder (18 U.S.C. § 924(c)(1)(A)) and one count of killing a state law enforcement officer during the commission of a drug trafficking crime (21 U.S.C. § 848(e)(1)(B)). Following a bifurcated penalty trial, the jury recommended a death sentence, which the court imposed. E.D. Okla. case no. CR-04-115-JHP, Docket No. 285. The Tenth Circuit Court of Appeals affirmed the judgment (*United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008)), and Barrett moved for relief under 28 U.S.C. §

1

2255, which this Court denied.  Case No. CIV-09-105-JHP, § 2255 Docket Nos. 1, 214 ("§ 2255 Doc. 1, 214").  However, the Tenth Circuit reversed and remanded for an evidentiary hearing to assess trial counsel's effectiveness in investigating and presenting mitigating information. *United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015).

On remand, Magistrate Judge Shreder heard six days of testimony and recommended relief.  Doc. 467.  This Court rejected the recommendation and entered an opinion and order denying § 2255 relief.  Doc. 478.  Barrett moved to alter or amend the opinion and order (Doc. 483), and this partial opposition follows.

## ARGUMENT

### THIS COURT APPROPRIATELY CONSIDERED THE POSSIBILITY THAT NEW DEFENSE EVIDENCE WOULD HAVE ALTERED THE PERMISSIBLE SCOPE OF REBUTTAL

Barrett claims this Court's opinion denying § 2255 relief (Doc. 478) improperly considered evidence, excluded at trial, that the defendant used drugs and had sex while awaiting trial.  He claims the consideration skewed, to the government's benefit, the Court's assessment of prejudice stemming from trial counsel's failure to present mental health evidence.  He also argues that the opinion fails to note that his sexual misconduct involved a female inmate, implying he was gay and therefore exposing him to potential prison violence.  Doc. 483.  In fact, the Court appropriately, but hypothetically, considered evidence the government could not adduce at trial.  During the trial, the evidence lacked the relevance it enjoyed as rebuttal to the mitigation presented at the evidentiary hearing.

Specifically, the Court observed in its opinion rejecting § 2255 relief "the jury *might* have found that the petitioner was a continuing danger to others in prison and/or to society since he was not afraid to violate [jail] rules."  Doc. 478 at 21 & n. 26 (emphasis added).  The Court

premised its findings on admissions Barrett made to the government's mental health expert, Steven Pitt. This observation did not improperly skew the Court's prejudice analysis, given that it arose from evidence that did not exist at the time of trial—the defendant's admissions. Those admissions rebutted other evidence that did not exist during trial, testimony concerning the defendant's mental health.

The Federal Rules of Civil Procedure permit litigants to request alteration or amendment of an adverse judgment under Federal Rule of Civil Procedure 59(e). *Van Skiver v. United States*, 952 F.2d 1241, 1178 n.2 (10th Cir. 2010). "Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Devon Energy Production Co., v. Mosaic Potash Carlsbad, Inc*., 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Barrett cannot establish any grounds that might merit exclusion of his admissions of misconduct from the opinion and order. The opinion properly considered the mitigation information that animated the evidentiary hearing on remand and the information developed in rebuttal. Indeed, the evidentiary hearing, as conceived by the Tenth Circuit, was supposed to "'consider the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the [§ 2255] proceeding—and reweigh it against the evidence in aggravation . . . a probing and fact specific analysis." *United States v. Barrett*, 797 F.3d 1207, 1229 (10th Cir. 2015) (internal quotes omitted). Given this mandate, Barrett cannot bar, as novel, evidence developed to rebut his previously-untested case in mitigation: "[I]t is petitioner's burden to establish prejudice. The government's burden is to rebut the arguments presented by petitioner." *Fields v. United States*, No. 10-CIV-115-RAW, 2016 WL 7264579, at *8 (E.D.

3

Okla. Dec. 15, 2016) (rejecting an argument that the government could not appropriately rely on rebuttal evidence developed to counter information first developed during § 2255 litigation).

The evidence Barrett now seeks to bar from consideration does not sound within the ambit of the trial court's order.  The information has a different and more credible source—Barrett's own statements against interest, rather than the observations of a third party.  Moreover, those admissions rebutted mitigation evidence omitted at trial, altering the calculus of its probity versus prejudice under 18 U.S.C. § 3593(c).  The trial court's decision to exclude different evidence concerning Barrett's jailhouse misconduct (*see* Tr. 22: 4491, 26: 5200) offered under different circumstances should not bar observations made at this juncture about the potential impact of information offered to rebut Barrett's new mental health evidence.

To the extent Barrett asks that this Court clarify its opinion to indicate that his misconduct specifically involved sexual contact with a woman, the government has no objection.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges this Court to deny the motion to alter or amend, except to the extent it might acknowledge the heterosexual nature of Barrett's misconduct.

Dated: May 7, 2019.

Respectfully submitted,
BRIAN J. KUESTER
United States Attorney
Eastern District of Oklahoma

*/S/ Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
First Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

**CERTIFICATE OF ECF FILING AND DELIVERY**

I, hereby certify that on May 7, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

Mr. David B. Autry: Dbautry77@gmail.Com
Ms. Carrie L. Ward: Carrie_Ward@fd.org
Ms. Joan M. Fisher:  Joan.Fisher@fd.Org
Karl J. Saddlemire:  Karl_Saddlemire@fd.Org

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Deputy Chief, Capital Case Section