**DAVID AUTRY**, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone: (405) 521-9600
Facsimile: (405) 521-9669
E-mail: dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar #122664
Federal Defender
**JOAN M. FISHER**, ID Bar #2854
Assistant Federal Defender
**CARRIE L. WARD**, MO Bar #57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-6666
Facsimile: (916) 498-6656
E-mail: Joan_Fisher@fd.org
        Carrie_Ward@fd.org

Attorneys for Petitioner/Defendant,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | **CAPITAL CASE** |
| Petitioner/Defendant, | ) | |
| | ) | Case No. 6:09-cv-00105-RAW |
| vs. | ) | |
| | ) | **PETITIONER'S REPLY TO** |
| UNITED STATES OF AMERICA, | **)** | **GOVERNMENT'S RESPONSE TO** |
| | ) | **MOTION TO ALTER OR AMEND** |
| Respondent/Plaintiff. | ) | **JUDGMENT** |

1

Petitioner/Defendant, Kenneth Eugene Barrett, submits the following as his reply to the government's response to his motion to alter or amend judgment.[1] (Docs. 483, 484)

The government argues the evidence excluded from trial regarding Mr. Barrett's alleged drug use and a supposed sexual encounter with a female inmate at the Muskogee County Jail while he was awaiting trial was properly considered by the Court. According to the government, it could "hypothetically" "rebut" the mitigating evidence presented at the evidentiary hearing. (Doc. 484, pp. 2-4) The government is wrong for several reasons.

The excluded evidence in no way rebuts the mitigating evidence adduced at the evidentiary hearing regarding Mr. Barrett's mental illnesses (which have a strong genetic component), the extensive history of mental illness in his family, his previous significant contacts with the mental health system, his organic brain damage, or his abusive and dysfunctional upbringing and family history. The government's bald statement that the excluded evidence would be appropriate rebuttal is unsupported by any actual argument showing how it would be relevant and admissible. It does not undercut or call into question the testimony of Mr. Barrett's mental health experts. It would not rebut the evidence of extensive mental illness in his paternal and maternal family lines, which is

---

[1] The government has no objection to the Court correcting its opinion and order to reflect that the alleged sexual misconduct in the county jail involved a female, rather than simply "another inmate," which implies the inmate could have been male. (Doc. 484, p. 4).

relevant to the origin of Mr. Barrett's own mental illnesses.  It would not rebut the fact

Mr. Barrett suffers from organic brain damage.  It would not rebut the fact Mr. Barrett

was raised in an environment rife with mental and physical abuse.

Nor would the excluded evidence show or tend to show Mr. Barrett to be a person

who is "sociopathic," or who suffers from antisocial personality disorder.  Indeed, a

diagnosis of antisocial personality disorder was not only rejected by Mr. Barrett's expert

witnesses, but by the government's experts as well.  In its response, the government

places significance on the fact that Mr. Barrett discussed at least some of this excluded

evidence (the sexual encounter with the female inmate) with the government's expert

psychiatrist, Dr. Pitt.  But Dr. Pitt placed no significance on it during his testimony and it

apparently played no part in his diagnoses and conclusions.  Again, Dr. Pitt *did not find*

that Mr. Barrett suffered from antisocial personality disorder.

That the government recognizes the excluded evidence has no relevance or

significance is demonstrated by the fact it did not emphasize the evidence in its

questioning of Dr. Pitt, in its proposed findings of fact and conclusions of law, and in its

objections to the report and recommendation of the magistrate judge.  Even though the

government now touts the "relevance" of the excluded evidence, it did not do so at the

evidentiary hearing or in its post-evidentiary hearing pleadings.  It is only compelled to do

so now in an unconvincing attempt to justify the Court's improper consideration of this

evidence in its opinion and order.

As shown in Mr. Barrett's motion (Doc. 483, p. 2), the excluded evidence was not relevant to any aggravating circumstance relied on by the government at trial.  Drug use – evidence of which was already before the jury – is not relevant to the "future dangerousness" non-statutory aggravating circumstance, which was rejected by the jury. A consensual sexual encounter with a female jail inmate, occasioned by the corrupt actions of a jail employee, is also irrelevant to the question of future dangerousness, since no violence, threats, or coercion were involved.

The government must show the excluded evidence was actually relevant and admissible, and has failed to do so.  As the government states, the Court on remand was charged with considering the totality of the mitigating evidence introduced both at trial and the evidentiary hearing,  and reweighing it against the evidence in aggravation.  (Doc. 484, p. 3) *United States v. Barrett,* 797 F.3d 1207, 1229 (10th Cir. 2015).   This means the evidence in aggravation introduced by the government at trial, not excluded evidence, and not evidence which is "hypothetically" admissible, a concept heretofore unknown in legal annals.

The trial court ruled the evidence of misconduct in the county jail was not relevant, and barred it from trial.  It is no more admissible now than it was then.  For the reasons stated above, it would not constitute admissible rebuttal evidence.  The trial court noted the source for this evidence was a jail guard who lacked credibility, and Mr. Barrett's supposed "admission" to Dr. Pitt does not make the evidence remotely relevant.  (Jury Tr.

Vol. 22, p. 4491: 16-21, Jury Tr. Vol. 26, p. 5200: 10-25)

The government's arguments should be rejected. Because the Court improperly considered evidence which is inadmissible for any purpose in its consideration of prejudice, and therefore skewed its analysis based in part on evidence lacking relevance for any purpose, Mr. Barrett's Rule 59 motion should be granted in its entirety and a new sentencing trial should be ordered.

DATED: May 17, 2019

Respectfully submitted,

/s/ Joan M. Fisher
JOAN M. FISHER
Assistant Federal Defender

/s/ Carrie L. Ward
CARRIE L. WARD
Assistant Federal Defender

/s/ David Autry
DAVID AUTRY
Attorney at Law

Attorneys for Petitioner/Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

On this 17th day of May, 2019, I caused the foregoing Reply to be filed with the Clerk of the Court using the ECF System for filing, with electronic service via CM/ECF to be made to Christopher J. Wilson, AUSA and Jeffrey B. Kahan, U.S. Department of Justice, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ Joan M. Fisher
JOAN M. FISHER