**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 11, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re:  KENNETH EUGENE BARRETT,

Petitioner.

No. 19-7028
(D.C. Nos. 6:09-CV-00105-RAW &
6:04-CR-00115-JHP-1)
(E.D. Okla.)

_____

**ORDER**
_____

Before **BRISCOE**, **KELLY**, and **EID**, Circuit Judges.
_____

Kenneth Eugene Barrett seeks authorization to file a second or successive

28 U.S.C. § 2255 motion to challenge his convictions and sentence.  For the following

reasons, we deny authorization.

I. *Procedural Background*

In 2005, Mr. Barrett was convicted of three federal offenses:  using and carrying a

firearm during and in furtherance of drug trafficking offenses and resulting in death, in

violation of 18 U.S.C. § 924(c)(1)(A) and (j) (Count 1); using and carrying a firearm

during and in furtherance of a crime of violence—the killing of a state law enforcement

officer—in violation of § 924(c)(1)(A) and (j) (Count 2); and the intentional killing of a

state law enforcement officer during the commission of a drug trafficking crime, in

violation of 21 U.S.C. § 848(e)(1)(B) (Count 3).  He was sentenced to death on the third

count and to life in prison on the first two counts.  He appealed his convictions and his

death sentence and this court affirmed. *United States v. Barrett*, 496 F.3d 1079, 1082 (10th Cir. 2007).

Mr. Barrett filed his first § 2255 motion in 2009, and the district court denied relief. As to the death sentence, we reversed and remanded for an evidentiary hearing on the issue of ineffective assistance of counsel in the penalty phase, but we affirmed the district court's decision denying § 2255 relief in all other respects. After the evidentiary hearing, a magistrate judge issued a report and recommendation in which he concluded that counsel's performance was deficient and that Mr. Barrett was prejudiced by the deficient performance. The magistrate judge recommended vacating Mr. Barrett's death sentence and giving him a new sentencing hearing on Count 3.

On March 28, 2019, the district court adopted the portion of the magistrate judge's recommendation that concluded counsel's performance was constitutionally deficient, but the court rejected the conclusion that Mr. Barrett was prejudiced by the deficient performance. The district court therefore denied Mr. Barrett's claim for ineffective assistance of counsel during the penalty phase. The court did, however, grant a certificate of appealability on that claim. Mr. Barrett then filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Briefing on the Rule 59(e) motion was completed on May 17, 2019, and that motion remains pending before the district court.[1]

---

[1] In May 2016, Mr. Barrett filed a motion for authorization to file a second or successive § 2255 motion to challenge his § 924(c) conviction on Count 2 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). We abated that case pending further order of this court.

Mr. Barrett now seeks authorization to file a second or successive § 2255 motion to bring a Sixth Amendment challenge to his convictions and sentence based on the Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).

II. *Discussion*

To obtain authorization, Mr. Barrett must make a prima facie showing that he meets the gatekeeping requirements in 28 U.S.C. § 2255(h)(2). *In re Encinias*, 821 F.3d 1224, 1224-25 (10th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(C)). Section 2255(h)(2) permits authorization if the proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Mr. Barrett contends that the new rule announced in *McCoy* meets this standard.

In *McCoy*, a capital defendant insisted that he was innocent of the charged murders and objected to any admission of his guilt. 138 S. Ct. at 1505. But during the guilt phase of the capital trial, defendant's counsel told the jury that the defendant committed the three murders. *Id*. The Louisiana Supreme Court affirmed the trial court's ruling that defense counsel had the authority to concede guilt, despite the defendant's opposition to admitting guilt. *Id*. at 1507. The Supreme Court reversed, holding that under the Sixth Amendment, "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experience-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id*. at 1505.

In its response to Mr. Barrett's motion for authorization, the government agrees that *McCoy* announced a new rule of constitutional law. But the government argues that

3

Mr. Barrett cannot obtain authorization based on the new rule in *McCoy* because he cannot show that the Supreme Court has made *McCoy* retroactively applicable to cases on collateral review.  We agree.

Assuming for the sake of argument that *McCoy* did announce a new rule of constitutional law, § 2255(h)(2) requires that the new rule be "made retroactive to cases on collateral review by the Supreme Court," in order to obtain authorization.  The Supreme Court has explained that in the context of this gatekeeping requirement, "'made' means 'held' and, thus, the requirement is satisfied only if th[e] Court has held that the new rule is retroactively applicable to cases on collateral review."  *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (discussing identical language in 28 U.S.C. § 2244(b)(2)(A)).  The Supreme Court has not expressly held that the new rule in *McCoy* is retroactively applicable to cases on collateral review.  Mr. Barrett argues, however, that *McCoy*'s new rule warrants retroactive application under the Supreme Court's rubric in *Teague v. Lane*, 489 U.S. 288 (1989).  But as we have explained:

> It is clear that the mere fact a new rule might fall within the general parameters of overarching retroactivity principles established by the Supreme Court (i.e., *Teague*) is not sufficient.  This is so because the Supreme Court does not make a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts.

*In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015) (internal quotation marks, citation, and alterations omitted).  Accordingly, "whether, in *our* view, a new rule warrants retroactive application under *Teague* and its progeny is not the proper inquiry for purposes of [§ 2255(h)(2)'s] gatekeeping requirements."  *In re Jones*, 847 F.3d 1293,

1295 (10th Cir. 2017). Instead, "[o]ur inquiry is statutorily limited to whether the Supreme Court *has made* the new rule retroactive to cases on collateral review." *Gieswein*, 802 F.3d at 1146.

Mr. Barrett has not identified any Supreme Court action indicating the Court has made *McCoy* retroactively applicable to cases on collateral review. In the authorization context, "the Supreme Court is the only entity that can make a rule retroactive. The new rule becomes retroactive . . . simply by the action of the Supreme Court." *Jones*, 847 F.3d at 1295. And "the only way the Supreme Court could make a rule retroactively applicable is through a holding to that effect." *Id*. (internal quotation marks and alterations omitted). The Court in *McCoy* did not make its holding retroactive and the case was resolved on direct appeal, not in a collateral review proceeding.

Nonetheless, Mr. Barrett argues that "[t]he Supreme Court has recognized the retroactivity of *McCoy*" by applying *McCoy* retroactively to similarly situated petitioners. Mot. for Auth. at 10, 15. To support this statement, he relies exclusively on *Hashimi v. United States*, 139 S. Ct. 377 (Oct. 15, 2018), where the Supreme Court granted the petition for a writ of certiorari, vacated the judgment, and remanded for further consideration in light of *McCoy*. But as the government points out, that action is not relevant here because "*Hashimi* arose in the context of a direct appeal, and provides no basis for inferring McCoy's applicability to § 2255 cases." Resp. at 7. Because the Supreme Court has not held that its decision in *McCoy* is retroactively applicable to cases on collateral review, Mr. Barrett does not meet the requirements for authorization in § 2255(h)(2).

5

III. *Conclusion*

We deny Mr. Barrett's motion for authorization.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk