APPEAL,DEATH,LC−3

# U.S. District Court
## Eastern District of Oklahoma (Muskogee)
## CIVIL DOCKET FOR CASE #: <u>6:09−cv−00105−RAW</u>

Barrett v. USA

Assigned to: Judge Ronald A. White

Case in other court:  10th Circuit, 12−07086

ED/OK, 6:04−cr−115

Cause: 28:2255 Motion to Vacate / Correct Illegal Sentence

Date Filed: 03/16/2009

Date Terminated: 03/28/2019

Jury Demand: None

Nature of Suit: 535 Death Penalty − Habeas Corpus

Jurisdiction: U.S. Government Defendant

**<u>Petitioner</u>**

**Kenneth Eugene Barrett**                    represented by **David B. Autry**
1021 NW 16th St
Oklahoma City, OK 73106
405−521−9600
Fax: 405−521−9669
Email: <u>dbautry77@gmail.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie L. Ward**
Federal Public Defender − Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Email: <u>carrie_ward@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Joan M. Fisher**
Federal Public Defender − Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−5706
Email: <u>joan.fisher@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Karl J. Saddlemire**
Federal Public Defender − Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−6656
Email: <u>karl_saddlemire@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Tivon Schardl**
Federal Public Defender − Sacramento

1

801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−6656
Email: tim.schardl@fd.org
*TERMINATED: 11/26/2018*

V.

**Respondent**

**USA**                                          represented by   **Christopher J. Wilson**
US Attorney (OKED)
520 Denison Ave
Muskogee, OK 74401
918−684−5100
Fax: 918−684−5150
Email: Chris.Wilson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey B. Kahan**
US Department of Justice – Capital Case
Unit
1331 F St NW, Rm 345
Washington, DC 20530
202−305−8910
Fax: 202−353−9779
Email: jeffrey.kahan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sheldon J. Sperling**
US Attorney (OKED)
520 Denison Ave
Muskogee, OK 74401
918−684−5100
Fax: 918−684−5150
*TERMINATED: 11/24/2010*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/10/2009 | 4 | | MOTION to File Exhibits Under Seal and for a Protective Order by Kenneth Eugene Barrett (With attachments) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/11/2009 | 5 | | ORDER by District Judge James H. Payne: granting 4 Defendant's Motion to File Exhibits Under Seal and for a Protective Order (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/11/2009 | 6 | | MOTION to Reconsider (Re: 5 Order Ruling on Motion to Seal Exhibits and for Protective Order) by Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/18/2009) |

| 03/11/2009 | 7 | | AMENDED ORDER by District Judge James H. Payne: granting 4 Defendant's Motion to File Exhibits Under Seal and for Protective Order (Re: 5 Order, 6 Motion to Reconsider) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
|---|---|---|---|
| 03/16/2009 | 1 | | MOTION to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255 by Kenneth Eugene Barrett; Responses due by 6/16/2009 (With attachments – **EXHIBITS 1–36; 59–60**)(EXHIBITS 37–58 NOT USED)(cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 3 | | EXHIBITS IN SUPPORT OF MOTION **Nos. 61–70, 71–80, 81–99, 100–118** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) by Kenneth Eugene Barrett (With attachments) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 8 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134 and 135** (Re: 1 MOTION to Vacate and 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 9 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 10 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 11 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136C** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 12 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136D** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 13 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 137, 138, 139, 140, 141, 142 and 143** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 14 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 144A, 144B, 145 and 146** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 15 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147A1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 16 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147A2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 17 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147A3** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 18 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147B1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/18/2009) |
| 03/16/2009 | 19 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 147B2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 20 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147B3** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 21 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147C1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 22 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147C2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 23 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147D** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 24 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147E1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 25 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147E2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 26 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147F** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 27 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147G** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 28 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 148, 149, 150, 151, 152, 153, 154, 155, 156, 157 and 158** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 29 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 159, 160, 161, 162, 163, 164 and 165** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 30 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 166, 167, 168, 169, 170, 171, 172, 173, 174 and 175** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 31 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 32 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |

4

| 03/16/2009 | 33 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176C1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
|---|---|---|---|
| 03/16/2009 | 34 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176C2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 35 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 177A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 36 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 177B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 37 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 178, 179 and 180** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 38 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 39 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 40 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181C** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 41 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181D** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 42 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 182, 183, 184 and 185** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 43 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 186, 187, 188, 189, 190, 191, 192, 193, 194 and 195** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/17/2009 | 2 | | CORRECTED MOTION to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255 by Kenneth Eugene Barrett (corrected to include verification) (Re: 1 Motion to Vacate); Responses due by 6/16/2009(cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/18/2009 | 44 | | NOTICE to Government to Respond by **6/16/2009** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) Modified on 3/19/2009 to change response date to 6/16/09 (cjt, Deputy Clerk). (Entered: 03/18/2009) |
| 03/19/2009 | | | NOTICE of Docket Entry Modification; Error: Wrong date of 3/16/09 given in text; Correction: Correcting response date to 6/16/09 (Re: 44 Notice to Respond) (cjt, Deputy Clerk) (Entered: 03/19/2009) |

| 05/29/2009 | 45 | | MOTION to Disqualify Judge by Kenneth Eugene Barrett Responses due by 6/15/2009 Replies due by 6/24/2009.(Schardl, Tivon) (Entered: 05/29/2009) |
|---|---|---|---|
| 06/03/2009 | 46 | | ATTORNEY APPEARANCE by Christopher J. Wilson on behalf of USA (Wilson, Christopher) (Entered: 06/03/2009) |
| 06/11/2009 | 47 | | First MOTION for Extension of Time to Respond to Motion (Re: 45 MOTION to Disqualify Judge ) by USA Responses due by 6/26/2009 Replies due by 7/7/2009.(Wilson, Christopher) (Entered: 06/11/2009) |
| 06/11/2009 | 48 | | First MOTION for Extension of Time to Respond to Motion (Re: 2 MOTION to Vacate Order/Judgment, 1 MOTION to Vacate Order/Judgment ) by USA Responses due by 6/26/2009 Replies due by 7/7/2009.(Wilson, Christopher) (Entered: 06/11/2009) |
| 06/12/2009 | 49 | | MINUTE ORDER by District Judge James H. Payne granting Application for Extension of Time to Respond to Petitioner's Motoin to Disqualify and Recuse United States District Judge James H. Payne from Further Participation in this Matter ( 47 Motion for Extension of Time to Respond to Motion). Accordingly, the respondent has until 7/15/09 within which to file its response to petitioner's motion (Re: 45 MOTION to Disqualify Judge ).(law, Deputy Clerk) (Entered: 06/12/2009) |
| 06/12/2009 | 50 | | MINUTE ORDER by District Judge James H. Payne granting in part and denying in part Application for Extension of Time to Respond to Petitioner's 28 U.S.C. Section 2255 Motion ( 48 Motion for Extension of Time to Respond to Motion ). Respondent has an additional 3 months or until 9/16/09 within which to file its response to petitioner's 28 U.S.C. Section 2255 Motion. (law, Deputy Clerk) (Entered: 06/12/2009) |
| 07/13/2009 | 51 | | RESPONSE in Opposition to Motion (Re: 45 MOTION to Disqualify Judge ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 07/13/2009) |
| 07/24/2009 | 52 | | First MOTION to unseal documents in cr−04−115 by USA Responses due by 8/10/2009 Replies due by 8/19/2009.(Wilson, Christopher) (Entered: 07/24/2009) |
| 08/14/2009 | 53 | | MOTION to File Response to Government's Motion to Unseal Out of Time by Kenneth Eugene Barrett Responses due by 8/31/2009(Schardl, Tivon) (Entered: 08/14/2009) |
| 08/14/2009 | 54 | | MOTION to File Out of Time *PROPOSED ORDER* by Kenneth Eugene Barrett Responses due by 8/31/2009(Schardl, Tivon) (Entered: 08/14/2009) |
| 08/17/2009 | 55 | | ORDER by District Judge James H. Payne: striking 54 Petitioner's Proposed Order which was filed in error (cjt, Deputy Clerk) (Entered: 08/17/2009) |
| 08/19/2009 | 56 | | MINUTE ORDER by District Judge James H. Payne: Directing Petitioner to supplement 53 MOTION to File Response to Government's Motion to Unseal Out of Time by 5:00 p.m. today, 8/19/09, to include a statement as to whether either Christopher J. Wilson or Jeffrey B. Kahan, counsel for respondent, USA objects to the motion. (cjt, Deputy Clerk) (Entered: 08/19/2009) |
| 08/19/2009 | 57 | | SUPPLEMENT (Re: 56 Minute Order,,, 53 MOTION to File Response to Government's Motion to Unseal Out of Time ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 08/19/2009) |

| 08/19/2009 | 58 | | RESPONSE in Opposition to Motion (Re: 52 First MOTION to unseal documents in cr–04–115 ) by Kenneth Eugene Barrett ;(Schardl, Tivon) (Entered: 08/19/2009) |
|---|---|---|---|
| 08/19/2009 | 59 | | MINUTE ORDER by District Judge James H. Payne: Striking 58 Petitioner's Response in Opposition to the Government's Motion to Unseal (Re: 52 Government's MOTION to Unseal Documents). (cjt, Deputy Clerk) (Entered: 08/19/2009) |
| 08/19/2009 | 60 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's Motion to File a Response to Government's Motion to Unseal out of time (Doc. 53 ) is hereby granted. The Court notes that the Government's objection to Petitioner's request is based upon the impending deadline for the Government to respond to the Petitioner's § 2255 Motion (Doc. # 2) and that the Government's Motion to Unseal (Doc. # 52) indicates the pleadings sought are needed for the Government to be able to prepare its response to the Petitioner's § 2255 Motion. To the extent that any delay in ruling on the Government's Motion to Unseal is directly attributable to Petitioner's failure to timely respond to the Government's Motion to Unseal, this Court will consider that in the event the Government becomes unable to meet their current response deadlines on the § 2255 Motion. Accordingly, Petitioner shall be given until August 26, 2009 to file a Response to the Government's Motion (Doc. 52 ) and the Government shall be given until September 2, 2009, to Reply. (cjt, Deputy Clerk) (Entered: 08/19/2009) |
| 08/26/2009 | 61 | | RESPONSE in Opposition to Motion (Re: 52 First MOTION to unseal documents in cr–04–115 ) by Kenneth Eugene Barrett ;(Schardl, Tivon) (Entered: 08/26/2009) |
| 08/28/2009 | 62 | | REPLY to Response to Motion (Re: 52 First MOTION to unseal documents in cr–04–115 ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 08/28/2009) |
| 09/04/2009 | 63 | | Second MOTION for Extension of Time to Respond to Motion (Re: 2 MOTION to Vacate Order/Judgment ) by USA Responses due by 9/21/2009(Wilson, Christopher) (Entered: 09/04/2009) |
| 09/04/2009 | 64 | | MINUTE ORDER by District Judge James H. Payne: granting 63 Respondent's Motion for Extension of Time to Respond to Motion; Response due by 10/16/2009 (Re: 1 MOTION to Vacate Order/Judgment, 2 Corrected MOTION to Vacate Order/Judgment ) (cjt, Deputy Clerk) (Entered: 09/04/2009) |
| 09/04/2009 | 65 | | RESPONSE to Motion (Re: 63 Second MOTION for Extension to Respond to 2255 Motion) by Kenneth Eugene Barrett (Schardl, Tivon) Modified on 9/8/2009 to change text and change link (dma, Deputy Clerk). (Entered: 09/04/2009) |
| 09/11/2009 | 66 | | ORDER by District Judge James H. Payne: denying 45 Petitioner's Motion to Disqualify and Recuse (cjt, Deputy Clerk) (Entered: 09/11/2009) |
| 09/11/2009 | 67 | | ORDER by District Judge James H. Payne: Granting in part, denying in part and taking under advisement in part 52 Government's MOTION to Unseal, or to Gain Full Access to Motions, Orders, Reports and Proceedings filed Cr–04–115 (cjt, Deputy Clerk) (Entered: 09/11/2009) |

| | | | |
|---|---|---|---|
| 09/22/2009 | 68 | | NOTICE of Intention Not to Abandon Claims and REQUEST for Protective Order (Re: 67 Order) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) Modified on 9/23/2009 change text (dma, Deputy Clerk). (Entered: 09/22/2009) |
| 09/23/2009 | 69 | | ORDER by District Judge James H. Payne (Re: 67 Order, 68 Petitioner's NOTICE of Intent Not to Abandon Claims and REQUEST for Protective Order) (cjt, Deputy Clerk) (Entered: 09/23/2009) |
| 09/25/2009 | 70 | | Amended MOTION to Vacate Order/Judgment , *Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 and Rule 33 FRCrP* by Kenneth Eugene Barrett Responses due by 10/13/2009 (With attachments – **EXHIBITS 1–10**)(Schardl, Tivon) (Entered: 09/25/2009) |
| 09/25/2009 | 71 | | EXHIBIT(S) **11 through 50** (Re: 70 Amended MOTION to Vacate Order/Judgment , *Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 and Rule 33 FRCrP* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 09/25/2009) |
| 09/25/2009 | 72 | | EXHIBIT(S) **51 through 118** (Re: 70 Amended MOTION to Vacate Order/Judgment , *Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 and Rule 33 FRCrP* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 09/25/2009) |
| 09/28/2009 | 73 | | OBJECTION to Petitioner's Proposed Protective Order (Re: 68 MOTION for Protective Order) by USA (Wilson, Christopher) Modified on 9/29/2009 to change text (dma, Deputy Clerk). (Entered: 09/28/2009) |
| 09/29/2009 | 74 | | ORDER by District Judge James H. Payne: Show Cause Hearing and Scheduling Conference are set for 10/6/2009 at 02:00 PM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (Re: 70 Amended MOTION for Collateral Relief, to Vacate, Set Aside or Correct Sentence and for a New Trial) (cjt, Deputy Clerk) (Entered: 09/29/2009) |
| 09/30/2009 | 75 | | RESPONSE (Re: 69 Order, ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 09/30/2009) |
| 10/02/2009 | 76 | | MOTION to Vacate Order/Judgment *Order Filed September 29, 2009*, MOTION to Continue Hearing(s) *On Order to Show Cause* (Re: 74 Order,, Setting/Resetting Hearing(s), Setting/Resetting Hearing(s),, ) by Kenneth Eugene Barrett Responses due by 10/19/2009 (With attachments)(Schardl, Tivon) (Entered: 10/02/2009) |
| 10/02/2009 | 77 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's emergency motion (Dkt 76 ) to vacate show cause order is denied. The court hereby waives the presence of petitioner's counsel, Tivon Schardl, at the hearing scheduled October 6, 2009, at 2:00 p.m. Lead counsel, David Autry, is required to attend; however, arrangements will be made for lead counsel to speak with co–counsel Tivon Schardl via telephone, if necessary. In addition, the parties should be aware the court intends to conduct a status and scheduling conference to receive the parties' observations and comments as to the time frame necessary for disposition of this matter. (cjt, Deputy Clerk) (Entered: 10/02/2009) |

| 10/05/2009 | 78 | | MOTION to Continue Hearing(s), MOTION to Recuse, MOTION to Reconsider, MOTION for Leave to Appear *y* (Re: 77 Minute Order,,, Ruling on Motion to Vacate Order/Judgment,,, Ruling on Motion to Continue Hearing(s), Ruling on Motion to Continue Hearing(s), Ruling on Motion to Continue Hearing(s) ) by Kenneth Eugene Barrett Responses due by 10/20/2009(Schardl, Tivon) (Entered: 10/05/2009) |
|---|---|---|---|
| 10/05/2009 | 79 | | MINUTE ORDER by District Judge James H. Payne: denying 78 Petitioner's Motion to Reconsider; denying 78 Petitioner's Motion to Continue Hearing; finding as moot 78 Motion for Leave to Appear by Telephone pursuant to Minute Order 77 entered on 10/2/09. 78 Petioner's Motion to Recuse was previously denied by Order 66 entered on 9/11/09. (cjt, Deputy Clerk) (Entered: 10/05/2009) |
| 10/06/2009 | 80 | | MINUTES of Proceedings – held before District Judge James H. Payne: Show Cause/Scheduling Hearing held on 10/6/2009 (Court Reporter: K.Sidwell) (cjt, Deputy Clerk) (Entered: 10/07/2009) |
| 10/07/2009 | 81 | | SCHEDULING ORDER by District Judge James H. Payne: Amended Motion to Vacate due 11/6/2009; Brief in Support due 1/5/2010; Response due 3/8/2010; Reply due 3/23/2010 (cjt, Deputy Clerk) (Entered: 10/07/2009) |
| 10/07/2009 | 82 | | PROTECTIVE ORDER by District Judge James H. Payne: granting 68 Petitioner's Motion for Protective Order; granting 52 Government's Motion to Unseal Documents (cjt, Deputy Clerk) (Entered: 10/07/2009) |
| 10/08/2009 | 83 | | ***Remark: Pursuant to 82 Protective Order entered on 10/7/2009, copies of sealed Doc. Nos. 16, 23, 24, 25, 46, 50, 51, 57, 107, 113, 116, 118, 232, 274, 301 and the sealed letter dated 2/28/2005, all filed in Case No. CR–04–115–JHP, were personally delivered to Asst. United States Attorney Christopher Wilson on 10/8/2009. (cjt, Deputy Clerk) (Entered: 10/08/2009) |
| 10/09/2009 | 84 | | STATUS REPORT by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 10/09/2009) |
| 10/15/2009 | 85 | | TRANSCRIPT of Proceedings (Unredacted) of Show cause/Scheduling Hearing held on 10/6/09 before District Judge James H. Payne (Court Reporter: Ken Sidwell) (Pages: 1–42). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 80 Minutes of Scheduling Conference, Striking/Terminating Deadline(s)/Hearing(s) ) (kns, Court Reporter) (Entered: 10/15/2009) |
| 10/16/2009 | 86 | | MOTION to Stay *Proceedings Pending Disposition of Mandamus Action* by Kenneth Eugene Barrett Responses due by 11/2/2009(Schardl, Tivon) (Entered: 10/16/2009) |
| 10/20/2009 | 87 | | ORDER by District Judge James H. Payne ; denying 86 Motion to Stay (lsa, Chambers) (Entered: 10/20/2009) |
| 10/28/2009 | 88 | | |

| | | | |
|---|---|---|---|
| | | | Unopposed MOTION to Extend Deadline(s) *Established by Order filed October 7, 2009* by Kenneth Eugene Barrett Responses due by 11/12/2009 (With attachments)(Schardl, Tivon) (Entered: 10/28/2009) |
| 11/02/2009 | 89 | | SUPPLEMENT to Unopposed Motion to Continue Filing Schedule 88 by Kenneth Eugene Barrett (Schardl, Tivon) Modified on 11/3/2009 to edit text (cjt, Deputy Clerk). (Entered: 11/02/2009) |
| 11/03/2009 | 90 | | ORDER EXTENDING FILING SCHEDULE by District Judge James H. Payne: granting 88 Petitioner's Unopposed Motion to Continue Filing Schedule (cjt, Deputy Clerk) (Entered: 11/03/2009) |
| 11/04/2009 | 91 | | ORDER from Circuit Court (Re: 86 MOTION to Stay Proceedings Pending Disposition of Mandamus Action 87 Order Denying Motion to Stay) (cjt, Deputy Clerk) (Entered: 11/04/2009) |
| 12/03/2009 | 92 | | MINUTE ORDER by District Judge James H. Payne: Show Cause Hearing is set for 12/15/2009 at 10:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne for David Autry to show cause why he has failed to comply with this Court's prior orders regarding submission of CJA vouchers. Only David Autry's appearance is required at this hearing. (cjt, Deputy Clerk) (Entered: 12/03/2009) |
| 12/04/2009 | 93 | | ATTORNEY APPEARANCE by Joan Fisher on behalf of Kenneth Eugene Barrett (Fisher, Joan) Modified on 12/7/2009 to change text (dma, Deputy Clerk). (Entered: 12/04/2009) |
| 12/04/2009 | 94 | | NOTICE Petitioner's Notice Regarding Amended Petition by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 12/04/2009) |
| 12/04/2009 | 95 | | Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* by Kenneth Eugene Barrett Responses due by 12/18/2009(Fisher, Joan) (Entered: 12/04/2009) |
| 12/14/2009 | 96 | | ORDER from Circuit Court (Re: 87 Order, Ruling on Motion to Stay, 86 MOTION to Stay *Proceedings Pending Disposition of Mandamus Action* ) (With attachments)(law, Deputy Clerk) (Entered: 12/14/2009) |
| 12/15/2009 | 97 | | SEALED MINUTES of Show Cause Hearing (cjt, Deputy Clerk) (Entered: 12/15/2009) |
| 01/08/2010 | 98 | | MOTION to Extend Deadline(s) *for submission of cja voucher* by Kenneth Eugene Barrett Responses due by 1/22/2010(Autry, David) (Entered: 01/08/2010) |
| 01/08/2010 | 99 | | MINUTE ORDER by District Judge James H. Payne: granting 98 Motion to Extend Time for Submittal of CJA Voucher by Petitioner's counsel, David Autry, until 1/11/2010. (cjt, Deputy Clerk) (Entered: 01/08/2010) |
| 01/11/2010 | 100 | | NOTICE of Submission of Matter for In Camera Review by USA (Wilson, Christopher) (Entered: 01/11/2010) |
| 01/11/2010 | 101 | | SEALED LETTER (dma, Deputy Clerk) (Entered: 01/12/2010) |
| 01/12/2010 | 102 | | PROTECTIVE ORDER by District Judge James H. Payne (Re: 101 Sealed Letter) (dma, Deputy Clerk) (Entered: 01/12/2010) |

| 01/13/2010 | 103 | | Unopposed MOTION to Extend Deadline(s) *to File Brief in Support of Amended Petition and Subsequent Briefing* by Kenneth Eugene Barrett Responses due by 1/27/2010 (With attachments)(Schardl, Tivon) (Entered: 01/13/2010) |
|---|---|---|---|
| 01/15/2010 | 104 | | MINUTE ORDER by District Judge James H. Payne: For good cause shown, 103 Petitioner's Motion for Extension of Time to File Brief in Support of Amended Motion to Vacate is granted. Petitioner shall be given until 2/18/2010 to file his brief. No further extensions of time shall be granted. Respondent's answer shall be due 4/19/2010 and Petitioner's reply will be due 5/4/2010. (Re: 95 Amended MOTION to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255) (cjt, Deputy Clerk) (Entered: 01/15/2010) |
| 01/15/2010 | 105 | | MINUTE ORDER by District Judge James H. Payne: It is hereby ordered that Petitioner Kenneth Eugene Barrett's CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT–APPOINTED COUNSEL comes before the Court by David B. Autry. This matter is hereby REFERRED to Magistrate Judge Steven P. Shreder for a fee hearing and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate said original application and supporting documents. (cjt, Deputy Clerk) (Entered: 01/15/2010) |
| 02/02/2010 | 106 | | MINUTE ORDER by District Judge James H. Payne (Attachments: # 1 1/29/2010 E–Mail) (cjt, Deputy Clerk) (Entered: 02/02/2010) |
| 02/11/2010 | 107 | | Third MOTION to Extend Deadline(s) *Due to Newly Disclosed Evidence* by Kenneth Eugene Barrett Responses due by 2/25/2010 (With attachments)(Schardl, Tivon) (Entered: 02/11/2010) |
| 02/12/2010 | 108 | | MINUTE ORDER by District Judge James H. Payne: Motion Hearing and Status Conference are set for 3/1/2010 at 09:30 AM before District Judge James H. Payne (Re: 107 Petitioner's Third MOTION to Continue Briefing Schedule). Counsel are required to be present at this hearing. Petitioner does not need to be present. (cjt, Deputy Clerk) (Entered: 02/12/2010) |
| 02/18/2010 | 109 | | MOTION Leave to File Oversized Brief in Support of Amended Motion to Vacate, MOTION for Leave to File Brief in Support of Second Amended Motion to Vacate by Kenneth Eugene Barrett Responses due by 3/4/2010 (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 110 | | Unopposed MOTION to Seal Document by Kenneth Eugene Barrett Responses due by 3/4/2010(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 111 | | Amended MOTION for Leave to Exceed Page Limitation by Kenneth Eugene Barrett Responses due by 3/4/2010 (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 112 | | MINUTE ORDER by District Judge James H. Payne: denying 111 Petitioner's Amended Motion for Leave to File Oversized Brief, with written order to follow (finding as moot 109 Petitioner's Motion for Leave to File Oversized Brief) (cjt, Deputy Clerk) (Entered: 02/18/2010) |
| 02/18/2010 | 113 | | MOTION to Reconsider *Order Denying Leave to File Oversized Brief* (Re: 112 Minute Order,, Ruling on Motion for Miscellaneous Relief,, Ruling on |

| | | | |
|---|---|---|---|
| | | | Motion for Leave to File Document(s), Ruling on Motion for Leave to File Document(s), Ruling on Motion to Exceed Page Limitation, ) by Kenneth Eugene Barrett Responses due by 3/4/2010 (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 114 | | REDACTED EXHIBITS **119, 120, 121, 122** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 115 | | REDACTED EXHIBITS **125, 126, 128, 129, 130, 132, 133, 134, 137, 138** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 116 | | REDACTED EXHIBITS **148, 149, 150, 151, 152, 153, 154** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 117 | | REDACTED EXHIBITS **123, 124, 127, 131, 135** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 118 | | REDACTED EXHIBITS **155, 156** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 119 | | REDACTED EXHIBITS **157, 158** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 120 | | REDACTED EXHIBITS **163, 164** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 121 | | REDACTED EXHIBIT **161** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 122 | | REDACTED EXHIBIT **162** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 123 | | REDACTED EXHIBITS **165, 166** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 124 | | |

| | | | |
|---|---|---|---|
| | | | REDACTED EXHIBIT **159 Part a** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>125</u> | | REDACTED EXHIBITS **167, 168, 169** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | <u>126</u> | | REDACTED EXHIBIT **159 Part b** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>127</u> | | REDACTED EXHIBITS **170, 171** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | <u>128</u> | | REDACTED EXHIBIT **160 Part a** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>129</u> | | REDACTED EXHIBIT **160 Part b** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>130</u> | | REDACTED EXHIBITS **172, 173** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | <u>131</u> | | REDACTED EXHIBIT **177 Part a** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>132</u> | | REDACTED EXHIBITS **174, 175, 176, 178** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | <u>133</u> | | REDACTED EXHIBIT **177 Part b** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>134</u> | | REDACTED EXHIBIT **177 Part c** (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | <u>135</u> | | |

| | | | |
|---|---|---|---|
| | | | REDACTED EXHIBITS **179, 180, 181a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 136 | | REDACTED EXHIBIT **181 Part B1** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 137 | | REDACTED EXHIBITS **182, 183** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 138 | | REDACTED EXHIBIT **181 Part B2** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 139 | | REDACTED EXHIBIT **196 Part a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 140 | | REDACTED EXHIBITS **184, 185, 186, 187, 188** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 141 | | REDACTED EXHIBIT **196 Part b** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 142 | | REDACTED EXHIBIT **196 Part c** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 143 | | REDACTED EXHIBIT **196 Part d** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 144 | | REDACTED EXHIBITS **189, 190, 191, 192, 193, 194, 195** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 145 | | REDACTED EXHIBITS **197, 198, 199, 200, 203, 204, and 205** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 02/18/2010) |
| 02/26/2010 | 146 | | |

14

| | | | |
|---|---|---|---|
| | | | ORDER by District Judge James H. Payne: granting <u>113</u> petitioner's Motion to Reconsider; Petitioner's brief due 3/1/10 at 4:30 p.m.; Status Conference RESET for 3/31/2010 at 10:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne; (granting in part <u>107</u> Motion to Continue Briefing Schedule; striking <u>1</u> Motion to Vacate Order/Judgment; striking <u>2</u> Corrected Motion to Vacate Order/Judgment; striking <u>70</u> Amended Motion to Vacate Order/Judgment) (cjt, Deputy Clerk) (Entered: 02/26/2010) |
| 02/26/2010 | <u>147</u> | | ORDER by District Judge James H. Payne: Re: <u>110</u> petitioner's Unopposed MOTION to File Exhibits Under Seal; Petitioner's response due 3/12/10 (cjt, Deputy Clerk) (Entered: 02/26/2010) |
| 03/01/2010 | <u>148</u> | | STIPULATION *and Order [Proposed] Modified Protective Order* by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/01/2010) |
| 03/01/2010 | <u>149</u> | | BRIEF in Support of Motion (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 03/01/2010) |
| 03/01/2010 | <u>150</u> | | MOTION for Evidentiary Hearing (Re: <u>95</u> Amended MOTION to Vacate) by Kenneth Eugene Barrett; Responses due by 3/15/2010(Schardl, Tivon) Modified on 3/2/2010 to change text and link (dma, Deputy Clerk). (Entered: 03/01/2010) |
| 03/01/2010 | <u>151</u> | | MOTION Expand the Record (Re: <u>149</u> Brief in Support of Motion ) by Kenneth Eugene Barrett Responses due by 3/15/2010(Schardl, Tivon) (Entered: 03/01/2010) |
| 03/03/2010 | <u>152</u> | | Joint MOTION to Modify Protective Order by all parties Responses due by 3/17/2010(Wilson, Christopher) (Entered: 03/03/2010) |
| 03/05/2010 | <u>153</u> | | RESPONSE in Opposition to Motion (Re: <u>150</u> MOTION for Hearing ) by USA ;(Wilson, Christopher) (Entered: 03/05/2010) |
| 03/05/2010 | <u>154</u> | | RESPONSE in Opposition to Motion (Re: <u>151</u> MOTION Expand the Record ) by USA ;(Wilson, Christopher) (Entered: 03/05/2010) |
| 03/12/2010 | <u>155</u> | | RESPONSE by Kenneth Eugene Barrett (Re: <u>147</u> Order) (Fisher, Joan) (Entered: 03/12/2010) |
| 03/25/2010 | 156 | | MINUTE ORDER by District Judge James H. Payne: **TIME CHANGE ONLY** – Status Conference RESET for 3/31/2010 at 09:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne. (cjt, Deputy Clerk) (Entered: 03/25/2010) |
| 03/29/2010 | <u>157</u> | | ORDER by District Judge James H. Payne: denying <u>150</u> Petitioner's Motion for Evidentiary Hearing (cjt, Deputy Clerk) (Entered: 03/29/2010) |
| 03/29/2010 | <u>158</u> | | MOTION to be Excused from the Status Conference set on March 31, 2010 by USA Responses due by 4/12/2010(Wilson, Christopher) (Entered: 03/29/2010) |
| 03/29/2010 | 159 | | MINUTE ORDER by District Judge James H. Payne: granting <u>158</u> Government's Motion to be Excused from Attendance of Status Conference. The Court further grants Government's request for substitute counsel, Douglas |

| | | | |
|---|---|---|---|
| | | | Horn, to appear in lieu of Christopher Wilson for this hearing only. (cjt, Deputy Clerk) (Entered: 03/29/2010) |
| 03/30/2010 | 160 | | MINUTE ORDER by District Judge James H. Payne: The Court directs that Courtroom 1, Room 230, be sealed on 3/31/2010 at 9:00 a.m. for the portion of the Status Hearing pertaining to the Protective Order. The Clerk is directed to post this Minute Order on the Court's bulletin board for public viewing located on the 2nd floor of the United States Courthouse. (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/30/2010 | 161 | | ORDER (Re: Exhibits) by District Judge James H. Payne: granting 110 Petitioner's Motion to File Exhibits under Seal; granting 151 Petitioner's Motion to Expand the Record (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/30/2010 | 162 | | SEALED EXHIBIT **201** (Re: 95 AMENDED MOTION to Vacate) (Per 161 Order) (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/30/2010 | 163 | | SEALED EXHIBIT **202** (Re: 95 AMENDED MOTION to Vacate) (Per 161 Order) (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/31/2010 | 164 | | SEALED MINUTES of Proceedings – held before District Judge James H. Payne: Motion/Status Hearing held on 3/31/2010 (Re: 152 Joint MOTION to Modify Protective Order ) (Court Reporter: B.Neil) (cjt, Deputy Clerk) (cjt, Deputy Clerk). (Entered: 04/01/2010) |
| 03/31/2010 | 165 | | MINUTE ORDER by District Judge James H. Payne: Granting Government's oral motion for extension of time to respond to 95 Amended MOTION to Vacate; Response due by 5/17/2010. (cjt, Deputy Clerk) (Entered: 04/01/2010) |
| 03/31/2010 | 166 | | CORRECTED MINUTE ORDER by District Judge James H. Payne: Granting Government's oral motion for extension of time to respond to 95 Amended MOTION to Vacate; Response due by 5/17/2010, Reply due by 7/1/2010. (cjt, Deputy Clerk) (Entered: 04/01/2010) |
| 04/05/2010 | 167 | | SEALED REPORT TO COURT by USA (Re: 152 Joint Motion to Modify Protective Order) (cjt, Deputy Clerk) (Entered: 04/05/2010) |
| 04/08/2010 | 168 | | SEALED ORDER by Judge James H. Payne Re: 152 Joint Motion to Modify Protective Order (cjt, Deputy Clerk) (Entered: 04/08/2010) |
| 04/14/2010 | 169 | | SEALED STATUS REPORT by Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 4/20/2010 to add corrected attachment (cjt, Deputy Clerk). (Entered: 04/15/2010) |
| 05/12/2010 | 170 | | Unopposed MOTION for Leave to File Redacted Answer to Petitioner's Second Amended Motion for Collateral Relief by USA Responses due by 5/26/2010(Wilson, Christopher) (Entered: 05/12/2010) |
| 05/13/2010 | 171 | | ORDER by District Judge James H. Payne: granting 170 Respondent's Unopposed Motion to File Redacted Answer to Petitioner's Second Amended Motion for Collateral Relief (cjt, Deputy Clerk) (Entered: 05/13/2010) |
| 05/14/2010 | 172 | | TRANSCRIPT of Proceedings (Unredacted) of Status Hearing held on 3–31–2010 before District Judge James H. Payne (Court Reporter: Brian P. Neil) (Pages: 1–46). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript |

| | | | |
|---|---|---|---|
| | | | may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 164 Minutes of Motion Hearing, Striking/Terminating Deadline(s)/Hearing(s) ) (bpn, Court Reporter) (Entered: 05/14/2010) |
| 05/14/2010 | 173 | | TRANSCRIPT ORDER FORM for Status and Scheduling Conference conducted on 3/31/10 (Re: 164 Minutes of Motion Hearing, Striking/Terminating Deadline(s)/Hearing(s), 172 Transcript of Proceedings – Unredacted) by Kenneth Eugene Barrett (law, Deputy Clerk) (Entered: 05/17/2010) |
| 05/17/2010 | 174 | | Redacted RESPONSE in Opposition to Motion (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 05/17/2010) |
| 05/17/2010 | 175 | | SEALED RESPONSE (Re: 174 RESPONSE to Motion; 95 Amended MOTION to Vacate, Set Aside or Correct a Sentence) by USA (dma, Deputy Clerk) (Entered: 05/17/2010) |
| 06/30/2010 | 176 | | Unopposed MOTION for Leave to Exceed Page Limitation *For Reply Brief* by Kenneth Eugene Barrett Responses due by 7/14/2010(Schardl, Tivon) (Entered: 06/30/2010) |
| 06/30/2010 | 177 | | MINUTE ORDER by District Judge James H. Payne: granting 176 Petitioner's Unopposed Motion for Leave to File Oversized Brief (cjt, Deputy Clerk) (Entered: 06/30/2010) |
| 07/01/2010 | 178 | | REPLY to Response to Motion (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 07/01/2010) |
| 07/23/2010 | 179 | | NOTICE of Filing of Signed Declaration of Toby Barrett (Re: 178 Reply to Response to Motion ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 07/23/2010) |
| 08/13/2010 | 180 | | REPORT AND RECOMMENDATION ON REQUEST FOR EXCESS COMPENSATION by Magistrate Judge Steven P. Shreder (Re: 105 Minute Order Referring CJA 30 Voucher) Objections to R&R due by 8/27/2010(eje, Deputy Clerk) (Entered: 08/13/2010) |
| 09/03/2010 | 181 | | SEALED ORDER by District Judge James H. Payne: Re: 180 Report and Recommendation) (cjt, Deputy Clerk) (Entered: 09/03/2010) |
| 09/03/2010 | | | CJA 30: Authorization to Pay David B. Autry on behalf of Kenneth Eugene Barrett. (JHP 9/3/10)(smg, Deputy Clerk) (Entered: 09/14/2010) |
| 02/07/2011 | 182 | | MOTION to Seal Document by Kenneth Eugene Barrett Responses due by 2/22/2011 (With attachments)(Fisher, Joan) (Entered: 02/07/2011) |
| 02/08/2011 | 183 | | MINUTE ORDER by District Judge James H. Payne: granting 182 Petitioner's Unopposed Motion to Seal. Petitioner is given leave to file the following |

17

| | | | |
|---|---|---|---|
| | | | documents under seal: Petitioners Motion to Vacate or Modify Protective Order and Request for Hearing; Brief in Support of Motion to Vacate or Modify Protective Order and Request for Hearing; Petitioners Motion for Leave to Conduct Discovery; and Petitioners Brief in Support of Motion to Conduct Discovery. (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 184 | | SEALED MOTION to Vacate or Modify Protective Orders and Request for Hearing by Kenneth Eugene Barrett; response due by 2/22/2011 (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 185 | | SEALED BRIEF in Support of 184 Petitioner's Sealed Motion to Vacate and/or Modify Protective Order and Request for Hearing (with attachments) (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 186 | | SEALED MOTION for Leave to Conduct Discovery by Kenneth Eugene Barrett; response due by 2/22/2011 (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 187 | | SEALED BRIEF in Support of 186 Sealed Motion to Conduct Discovery (with attachments) (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/17/2011 | 188 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 186 SEALED MOTION ) by USA Responses due by 3/3/2011 (With attachments)(Wilson, Christopher) (Entered: 02/17/2011) |
| 02/17/2011 | 189 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 184 SEALED MOTION ) by USA Responses due by 3/3/2011 (With attachments)(Wilson, Christopher) (Entered: 02/17/2011) |
| 02/17/2011 | 190 | | MINUTE ORDER by District Judge James H. Payne: granting 188 and 189 Government's Motions for Extension of Time to Respond to Motions; Responses due by 3/8/2011 Re: 184 Petitioner's SEALED MOTION to Vacate or Modify Protective Orders and 186 Petitioner's SEALED MOTION for Leave to Conduct Discovery (cjt, Deputy Clerk) (Entered: 02/17/2011) |
| 03/04/2011 | 191 | | Unopposed MOTION to Seal Document by USA Responses due by 3/18/2011(Kahan, Jeffrey) (Entered: 03/04/2011) |
| 03/04/2011 | 192 | | MINUTE ORDER by District Judge James H. Payne: granting 191 Respondent's Motion to File Sealed Oppositions to Sealed Motions (cjt, Deputy Clerk) (Entered: 03/04/2011) |
| 03/08/2011 | 193 | | SEALED RESPONSE in Opposition (Re: 184 Petitioner's Motion to Vacate or Modify the Protective Orders) by USA (cjt, Deputy Clerk) (Entered: 03/08/2011) |
| 03/08/2011 | 194 | | SEALED RESPONSE in Oposition (Re: 186 Petitioner's Motion for Leave to Conduct Discovery) by USA (cjt, Deputy Clerk) (Entered: 03/08/2011) |
| 03/18/2011 | 195 | | MOTION to Seal Document by Kenneth Eugene Barrett Responses due by 4/1/2011 (With attachments)(Fisher, Joan) (Entered: 03/18/2011) |
| 03/18/2011 | 196 | | MINUTE ORDER by District Judge James H. Payne: granting 195 Petitioner's Motion to Seal Replies to documents 193 and 194 (cjt, Deputy Clerk) (Entered: 03/18/2011) |
| 03/21/2011 | 197 | | SEALED REPLY to Response (Re: 184 Petitioner's Motion to Vacate or Modify the Protective Orders) by Petitioner (cjt, Deputy Clerk) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/22/2011) |
| 03/21/2011 | 198 | | SEALED REPLY to Response (Re: 186 Petitioner's Motion for Leave to Conduct Discovery) by Petitioner (cjt, Deputy Clerk) (Entered: 03/22/2011) |
| 03/16/2012 | 199 | | NOTICE of Filing of Declaration of Paul D. Gordon (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) Modified to reflect DVDs for Exhibits 2, 3 and 4 stored in file cabinet in vault on 2nd floor Court Clerk's Office (cjt, Deputy Clerk). (Entered: 03/16/2012) |
| 03/16/2012 | 200 | | NOTICE of Filing of Declaration of Leonard Post (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 03/16/2012) |
| 03/16/2012 | 201 | | MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett Responses due by 3/30/2012 (With attachments)(Fisher, Joan) Modified to reflect CDs of Appendix A and Appendix B stored in file cabinet in vault on 2nd floor Court Clerk's Office(cjt, Deputy Clerk). (Entered: 03/16/2012) |
| 03/19/2012 | 202 | | CERTIFICATE of Service (Re: 199 Notice (Other) ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/19/2012) |
| 03/19/2012 | 203 | | CERTIFICATE of Service (Re: 201 MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/19/2012) |
| 03/29/2012 | 204 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 201 Motion to Supplement) by USA; Responses due by 4/12/2012 (With attachments)(Wilson, Christopher) Modified on 3/30/2012 (cjt, Deputy Clerk). (Entered: 03/29/2012) |
| 03/30/2012 | 205 | | MINUTE ORDER by District Judge James H. Payne: granting 204 Motion for Extension of Time to Respond to Motion; Response deadline extended to 4/30/2012 (Re: 201 MOTION to Supplement) (cjt, Deputy Clerk) (Entered: 03/30/2012) |
| 04/27/2012 | 206 | | RESPONSE in Opposition to Motion (Re: 201 MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* ) by USA ;(Wilson, Christopher) (Entered: 04/27/2012) |
| 05/07/2012 | 207 | | REPLY to Response to Motion (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255*, 201 MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/07/2012) |
| 06/18/2012 | 208 | | MOTION TO PRESERVE TESTIMONY OF JUDGE JOHN GARRETT, RETIRED, WITHOUT FURTHER DELAY by Kenneth Eugene Barrett. Responses due by 7/2/2012(Fisher, Joan) (Entered: 06/18/2012) |

| 06/18/2012 | 209 | | BRIEF in Support of Motion (Re: 208 MOTION TO PRESERVE TESTIMONY OF JUDGE JOHN GARRETT, RETIRED, WITHOUT FURTHER DELAY ) by Kenneth Eugene Barrett ; (With attachments)(Fisher, Joan) (Entered: 06/18/2012) |
| --- | --- | --- | --- |
| 06/20/2012 | 210 | | ORDER by District Judge James H. Payne denying 201 Motion for Leave to Supplement Pending Motion to Vacate, Set Aside or Correct Judgment, Order and/or Sentence Under 28 U.S.C. Section 2255 (dma, Deputy Clerk) (Entered: 06/20/2012) |
| 06/20/2012 | 211 | | MINUTE ORDER by District Judge James H. Payne denying 208 Motion to Preserve Testimony of Judge John Garrett, Retired, Without Further Delay (dma, Deputy Clerk) (Entered: 06/20/2012) |
| 06/28/2012 | 212 | | MOTION for Reconsideration *OF COURTS ORDER OF JUNE 20, 2012 (DOC. 210) AND BRIEF IN SUPPORT* (Re: 210 Ruling on Motion to Supplement ) by Kenneth Eugene Barrett. Responses due by 7/12/2012(Fisher, Joan) (Entered: 06/28/2012) |
| 07/10/2012 | 213 | | RESPONSE in Opposition to Motion (Re: 212 MOTION for Reconsideration *OF COURTS ORDER OF JUNE 20, 2012 (DOC. 210) AND BRIEF IN SUPPORT* ) by USA ;(Wilson, Christopher) (Entered: 07/10/2012) |
| 08/16/2012 | 214 | | OPINION AND ORDER by District Judge James H. Payne: denying 95 Amended Motion to Vacate; denying 184 Sealed Motion; denying 186 Sealed Motion; denying 212 Motion to Reconsider (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 215 | | SEALED ORDER by District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 216 | | JUDGMENT by District Judge James H. Payne entering judgment in favor of USA against Kenneth Eugene Barrett (terminates case) (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 09/13/2012 | 217 | | MOTION to Alter Order/Judgment *and Brief in Support* (Re: 216 Judgment, 214 Ruling on Motion to Vacate Order/Judgment, Ruling on Sealed Motion,, Ruling on Motion to Reconsider ) by Kenneth Eugene Barrett. Responses due by 9/27/2012 (With attachments)(Fisher, Joan) (Entered: 09/13/2012) |
| 09/27/2012 | 218 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 217 MOTION to Alter Order/Judgment *and Brief in Support* ) by USA. Responses due by 10/11/2012(Wilson, Christopher) (Entered: 09/27/2012) |
| 09/27/2012 | 219 | | ORDER by District Judge James H. Payne: granting 218 Motion for Extension of Time to Respond to Motion; Responses due by 10/29/2012 (Re: 217 MOTION to Alter or Amend Judgment) (cjt, Deputy Clerk) (Entered: 09/27/2012) |
| 10/29/2012 | 220 | | RESPONSE in Opposition to Motion (Re: 217 MOTION to Alter Order/Judgment *and Brief in Support* ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 10/29/2012) |
| 10/30/2012 | 221 | | OPINION AND ORDER by District Judge James H. Payne: denying 217 Petitioner's Motion to Alter or Amend Judgment (cjt, Deputy Clerk) (Entered: 10/30/2012) |

| | | | |
|---|---|---|---|
| 12/26/2012 | 222 | | NOTICE OF APPEAL to Circuit Court (Re: 216 Judgment, 221 Ruling on Motion to Alter Order/Judgment, 214 Ruling on Motion to Vacate Order/Judgment, Ruling on Sealed Motion,, Ruling on Motion to Reconsider, 215 Sealed Order ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 12/26/2012) |
| 12/27/2012 | 223 | | Transmission of Notice of Appeal and Docket Sheet to Circuit Court with copy of 222 Notice of Appeal, 216 Judgment, 221 Ruling, 214 Ruling and 215 Sealed Order. Preliminary Record transmitted to 10th Circuit Court of Appeals electronically. (Re: 222 Notice of Appeal – Final Judgment, ) (jcb, Deputy Clerk) (Entered: 12/27/2012) |
| 12/27/2012 | 224 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 12–7086 (Re: 222 Notice of Appeal – Final Judgment, ) (jcb, Deputy Clerk) (Entered: 12/28/2012) |
| 01/10/2013 | 225 | | TRANSCRIPT ORDER FORM (Transcripts are not necessary or are already on file ) (Re: 222 Notice of Appeal – Final Judgment, ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 01/10/2013) |
| 01/10/2013 | 226 | | DESIGNATION of Record on Appeal (Re: 222 Notice of Appeal – Final Judgment, ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 01/10/2013) |
| 03/06/2013 | 227 | | RECORD on Appeal Sent to Circuit Court (Record includes: Volume 1 – Pleadings 1, 2, 3, 4, 5, 6, 7, 45, 51, 52, 57, 58, 59, 61, 62, 66, 67, 68, 69, 70, 91, 94, 95, 96, 100, 102, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 157, 161, 170, 171, 174, 178, 179, 199, 200, 201, 206, 207, 208, 209, 210, 212, 213, 214, 216, 217, 220, 221, 222; Volume 2 – Sealed Pleadings #8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 97, 101, 162, 163, 164, 168, 175, 181, 184, 185, 186, 187, 193, 197, 198 and 215; Volume 3 – Transcripts: Show Cause Hearing held 10/6/2009 and Motion/Status Hearing held 3/31/10.) Also included from 04–cr–115–JHP – Volume 1 – Pleadings 1 – 15, 17 –19, 22, 26 – 29, 31 – 36, 38, 41 – 45, 47 – 49, 52 – 56, 58 – 60, 62, 63 – 66, 69 – 82, 85 – 87, 90, 92 – 94, 96, 97, 99, 101, 102, 104 – 106, 114, 115, 117, 120 – 122, 124, 125, 127, 128, 132 – 137, 139 – 142, 145 – 147, 152 – 155, 157, 158, 163 – 167, 169 – 175, 177, 178, 180 – 190, 192 – 194, 199, 201 – 206, 209 – 213, 215 – 218, 226, 228, 229, 231, 239, 240 – 243, 245 – 249, 252, 253, 255 – 258, 260, 263, 267, 268, 276, 279, 280, 282 – 285, 287, 288, 290, 291, 293, 302, 306 – 308, 359 – 367, 374, 382, 384, 387, 390, 391, 397, 400 – 405, 410 – 412, 415, 417 and 421; Volume 2– Sealed Pleadings 23 – 25, 50, 51, 57, 107, 113, 116, 118, 208, 214, 232, 237, 238, 264 – 266, 274, 301, 368 – 371, 375, 377, 379, 380, 383, 392, 394 – 396, 398, 399 and 416; Volume 3 – Sealed Transcripts (5): Budget Hearing held 12/09/04, Ex Parte Hearing held 01/07/05, Motion Hearing held 3/22/05, Telephone Conference held 5/12/05 and Hearing on Governments Motion held 9/13/05; Volume 4 – Sealed Presentence Report; Volume 5 – Transcripts (54): Proceedings held 10/25/04, Arraignment held 11/17/04, Status Conference held 1/07/05, Proceedings held 2/15/05, Status Conference held 3/22/05, Status Conference held 5/18/05, Telephone Conference held 6/02/05, Motion |

| | | | |
|---|---|---|---|
| | | | to Continue held 6/5/05, Status Conference held 7/15/05, Status Conference 8/12/05, Criminal Pretrial held 8/31/04, Telephone Conference held 9/06/05, Status Hearing held 9/9/05, Sealed Hearing 9/12/05, Individual Juror Qualification Stage One Proceedings held 9/12 through 9/16/05, (5 transcripts), Hearing on USA Motion for Order Delaying Production of Witness Names and Protective Order held 9/13/05 – (Vol 1 and 2), Pretrial Hearing held 9/20/05, Courts Rulings on Motions held 9/26/05, Jury Trial (27 Transcripts, Vol 1 through 27) held 9/26/05 through 11/17/05, Ex Parte Budget Hearing held 10/3/05, Partial Transcript of Proceedings dated 11/10/05, Sentencing held 12/19/05; Record on Appeal transmitted to 10th Circuit Court of Appeals electronically. Under separate mailing 03/06/2013, certified #7009–3410–0001–4052–7584 – (Videotape – attachment to Pleading 237) and (Disk – Attachment to Pleading 265). (Re: 222 Notice of Appeal – Final Judgment) (jcb, Deputy Clerk) Modified on 12/1/2016 ***Pleading #237 Sealed Psychological Evaluation/Risk Assessment with VIDEOTAPE, and #265 Sealed Notice with DISK, both filed in CR–04–115–JHP received from 10th Circuit and STORED IN CLERK'S OFFICE 2ND FLOOR VAULT (See 268 LETTER from Circuit Court)*** (cjt, Deputy Clerk). Modified on 5/10/2019 ***to reflect #237 Sealed Psychological Eval with VIDEOTAPE and #265 Sealed Notice with DISK, both filed in CR–04–115–RAW, returned to 10th Circuit (See Pleading 485 LETTER to Circuit Court)*** (cjt, Deputy Clerk). (Entered: 03/06/2013) |
| 03/06/2013 | | | ***Remark: Record on Appeal transmitted to 10th Circuit Court of Appeals electronically. (Re: 227 Appeal Record Sent to USCA, 222] Notice of Appeal – Final Judgment, ) (jcb, Deputy Clerk) (Entered: 03/07/2013) |
| 03/11/2013 | | | ***Remark: Notice of receipt of Record on Appeal by 10th Circuit Court of Appeals (Re: 227 Appeal Record Sent to USCA, 222] Notice of Appeal – Final Judgment) (jcb, Deputy Clerk) (Entered: 03/12/2013) |
| 02/21/2014 | 228 | | ORDER from Circuit Court (Re: 222 Notice of Appeal – Final Judgment) directing Clerk to transmit supplemental record (With attachments) (cjt, Deputy Clerk) (Entered: 02/21/2014) |
| 02/26/2014 | 229 | | SUPPLEMENTAL RECORD on Appeal Sent to Circuit Court (Record includes: Per Order of the 10th Circuit Court of Appeals entered 2/21/14 228 , supplemental record sent to 10th Circuit Court of Appeals consisting of CJA Voucher Forms with attachments (Voucher #060125000010 for period of service from 12/1/05 to 1/10/06; Voucher #051216000002 for period of service from 11/1/05 to 11/30/05; Voucher #051216000001 for period of service from 10/1/05 to 10/31/05; Voucher #051213000016 for period of service from 9/1/05 to 9/30/05; #051213000015 for period of service from 8/1/05 to 8/31/05; Voucher #050922000006 for period of service from 7/1/05 to 7/31/05; Voucher #050922000005 for period of service from 6/1/05 to 6/30/05; Voucher #050715000012 for period of service from 5/1/05 to 5/31/05; Voucher #050516000003 for period of service from 4/1/05 to 4/30/05; Voucher #050506000011 for period of service from 3/1/05 to 3/31/05; Voucher #050506000009 for period of service from 2/1/05 to 2/28/05; and Voucher #050506000008 for period of service from 10/25/04 to 1/31/05. Supplemental record transmitted to 10th Circuit Court of Appeals by Federal Express #8723–8982–6061.) (Re: 222 Notice of Appeal – Final Judgment) (jcb, Deputy Clerk) (Entered: 02/27/2014) |

| 08/19/2015 | 230 | | DECISION from Circuit Court Reverse and Remand death sentence for evidentiary hearing; Affirm in all other respects, denying motion for certificate of appealability – Decision of the District Court (awaiting mandate) (Re: 222 Notice of Appeal – Final Judgment) (With attachments) (cjt, Deputy Clerk) (Entered: 08/19/2015) |
| --- | --- | --- | --- |
| 08/19/2015 | 231 | | JUDGMENT from Circuit Court (Re: 230 USCA Decision, 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 08/19/2015) |
| 10/26/2015 | 232 | | MANDATE letter from Circuit Court (Re: 230 USCA Decision, 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 10/28/2015) |
| 11/30/2015 | 233 | | ORDER by District Judge James H. Payne: Evidentiary Hearing set for 6/2/2016 at 09:30 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 11/30/2015) |
| 12/06/2015 | 234 | | MOTION PERMIT INSPECTION OF THE EXPANDED RECORD by USA. Responses due by 12/21/2015(Kahan, Jeffrey) (Entered: 12/06/2015) |
| 12/08/2015 | 235 | | MINUTE ORDER by District Judge James H. Payne: Directing response by 12/15/2015 (Re: 234 GOVERNMENT'S UNOPPOSED MOTION TO PERMIT INSPECTION OF THE EXPANDED RECORD) (cjt, Deputy Clerk) (Entered: 12/08/2015) |
| 12/14/2015 | 236 | | Unopposed RESPONSE to Motion (Re: 234 MOTION PERMIT INSPECTION OF THE EXPANDED RECORD ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 12/14/2015) |
| 12/17/2015 | 237 | | ORDER by District Judge James H. Payne: denying 234 Government's Unopposed Motion to Permit Inspection of the Expanded Record; striking 233 Order Setting Hearing, including Evidentiary Hearing set for 6/2/2016 at 9:30 AM and all other deadlines set in said order (cjt, Deputy Clerk) (Entered: 12/17/2015) |
| 01/11/2016 | 238 | | NOTICE OF EXTENSION OF TIME TO FILE PETITION FOR CERTIORARI by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 01/11/2016) |
| 02/16/2016 | 239 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari deadline for filing has been extended to 3/14/2016 (U.S. Supreme Court Case Number: 15A644) (Re: 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 02/17/2016) |
| 03/16/2016 | 240 | | NOTICE OF FILING OF PETITION FOR CERTIORARI by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/16/2016) |
| 03/17/2016 | 241 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been filed on 3/14/2016 (U.S. Supreme Court Case Number: 15–8565) (Re: 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 03/17/2016) |
| 06/24/2016 | 242 | | ORDER from the Tenth Circuit, re: motion for authorization to file second or successive 2255 (dma, Deputy Clerk) (Entered: 06/24/2016) |
| 10/03/2016 | 243 | | |

| | | | |
|---|---|---|---|
| | | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been denied (U.S. Supreme Court Case Number: 15–8565) (Re: 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 10/03/2016) |
| 11/07/2016 | 244 | | ORDER from Circuit Court: denying authorization to file the proposed second Sec. 2255 motion (Re: 242 Order) (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 11/07/2016 | 245 | | ORDER from Circuit Court: denying authorization to file proposed second Sec. 2255 motion (Re: 242 Order, 244 USCA Order) (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 11/07/2016 | 246 | | ORDER by District Judge James H. Payne: Evidentiary Hearing set for 2/16/2017 at 09:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 11/10/2016 | 247 | | Unopposed MOTION to Extend Scheduling Order Dates by Kenneth Eugene Barrett Responses due by 11/24/2016(Fisher, Joan) (Entered: 11/10/2016) |
| 11/15/2016 | 248 | | ORDER by District Judge James H. Payne: denying 247 Petitioner's Unopposed Motion to Modify Scheduling Order (cjt, Deputy Clerk) (Entered: 11/15/2016) |
| 11/18/2016 | 249 | | MOTION for Discovery *Leave to Conduct Civil Discovery* by Kenneth Eugene Barrett Responses due by 12/2/2016(Fisher, Joan) (Entered: 11/18/2016) |
| 11/18/2016 | 250 | | MOTION for Discovery *of Counsel's File* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 251 | | MOTION for Discovery *(Deposition of Experts)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 252 | | MOTION for Discovery *(Interrogatories)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 253 | | MOTION for Psychiatric Evaluation of Defendant by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) Modified on 11/22/2016 to edit event and text (dma, Deputy Clerk). (Entered: 11/18/2016) |
| 11/18/2016 | 254 | | MOTION for Discovery *(Subpoena Duces Tecum – Third Parties)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 255 | | MOTION for Discovery *(Subpoena Duces Tecum – Petitioner)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 256 | | MOTION to Unseal Document(s) (Report of Dr. Randall Price) (Re: 67 Order) by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 257 | | MOTION to Unseal Document(s) (Re: 24 Sealed Document, 12 Sealed Document, 16 Sealed Document, 21 Sealed Document, 143 Exhibit(s) in Support of Document(s), 14 Sealed Document, 9 Sealed Document, 20 Sealed Document, 22 Sealed Document, 11 Sealed Document, 19 Sealed Document, 145 Exhibit(s) in Support of Document(s), 8 Sealed Document, 13 Sealed |

| | | | |
|---|---|---|---|
| | | | Document, 17 Sealed Document, 15 Sealed Document, 27 Sealed Document, 42 Sealed Document, 25 Sealed Document, 26 Sealed Document, 18 Sealed Document, 142 Exhibit(s) in Support of Document(s), 141 Exhibit(s) in Support of Document(s), 28 Sealed Document, 43 Sealed Document, 23 Sealed Document, 10 Sealed Document ) by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/23/2016 | 258 | | RESPONSE to Motion (Re: 250 MOTION for Discovery *of Counsel's File* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 259 | | RESPONSE to Motion (Re: 251 MOTION for Discovery *(Deposition of Experts)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 260 | | RESPONSE to Motion (Re: 252 MOTION for Discovery *(Interrogatories)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 261 | | RESPONSE to Motion (Re: 254 MOTION for Discovery *(Subpoena Duces Tecum – Third Parties)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 262 | | RESPONSE to Motion (Re: 255 MOTION for Discovery *(Subpoena Duces Tecum – Petitioner)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 263 | | RESPONSE to Motion (Re: 256 MOTION to Unseal Document(s) *(Report of Dr. Randall Price)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 264 | | RESPONSE to Motion (Re: 257 MOTION to Unseal Document(s) ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 265 | | RESPONSE to Motion (Re: 253 MOTION ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/25/2016 | 266 | | RESPONSE to Motion (Re: 249 MOTION for Discovery *Leave to Conduct Civil Discovery* ) by USA ;(Kahan, Jeffrey) (Entered: 11/25/2016) |
| 11/28/2016 | 267 | | MINUTE ORDER by District Judge James H. Payne: The Court hereby strikes the Evidentiary Hearing set herein on 2/16/2017 at 9:00 AM. The Court will set a new Evidentiary Hearing date as soon as all pending motions have been ruled upon. (cjt, Deputy Clerk) (Entered: 11/28/2016) |
| 11/29/2016 | 268 | | LETTER from Circuit Court with enclosed pleading #237 Sealed Psychological Evaluation/Risk Assessment with VIDEOTAPE, and #265 Sealed Notice with DISK, both filed in CR–04–115–JHP (Re: 222 Notice of Appeal – Final Judgment, 227 RECORD on Appeal Sent to Circuit Court) ***STORED IN CLERK'S OFFICE 2ND FLOOR VAULT*** (cjt, Deputy Clerk) Modified on 5/10/2019 to reflect #237 and #265, with original pleadings, VIDEOTAPE AND DISK, both filed in CR–04–115–RAW, returned to Tenth Circuit (See 485 Letter to Circuit Court) (cjt, Deputy Clerk). (Entered: 11/29/2016) |
| 12/06/2016 | 269 | | ORDER re: DISCOVERY by District Judge James H. Payne: denying 249 Petitioner's Motion to Conduct Discovery; granting 250 Government's Motion to Secure Trial Counsel's Files; denying in part and granting in part 251 Government's Motion to Obtain Discovery from Defense Experts; denying 252 |

| | | | |
|---|---|---|---|
| | | | Government's Motion to Propound Interrogatories; granting 253 Government's Motion for Psychiatric Evaluation of Defendant; denying 254 Government's Motion to Serve Discovery on Third Parties; denying 255 Government's Motion to Serve Subpoenas Duces Tecum; granting 256 Government's Unopposed Motion to Permit Inspection of Expanded Record; denying in part and granting in part 257 Government's Unopposed Motion to Unseal Documents (cjt, Deputy Clerk) (Entered: 12/06/2016) |
| 12/06/2016 | 270 | | SCHEDULING ORDER by District Judge James H. Payne: Evidentiary Hearing set for 3/13/2017 at 09:30 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 12/06/2016) |
| 12/12/2016 | 271 | | MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT by Kenneth Eugene Barrett Responses due by 12/26/2016(Fisher, Joan) (Entered: 12/12/2016) |
| 12/13/2016 | 272 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by close of business on 12/15/2016 (Re: 271 Petitioner's MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT) (cjt, Deputy Clerk) (Entered: 12/13/2016) |
| 12/13/2016 | 273 | | Unopposed MOTION to Continue Hearing(s) by USA (With attachments) Responses due by 12/27/2016(Kahan, Jeffrey) (Entered: 12/13/2016) |
| 12/14/2016 | 274 | | ORDER by District Judge James H. Payne: denying 273 Motion for Continuance of Evidentiary Hearing (cjt, Deputy Clerk) (Entered: 12/14/2016) |
| 12/15/2016 | 275 | | RESPONSE in Opposition to Motion (Re: 271 MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT ) by USA ; (With attachments)(Kahan, Jeffrey) (Entered: 12/15/2016) |
| 12/15/2016 | 276 | | ORDER by District Judge James H. Payne: denying 271 Petitioner's Motion for Order of Access to Petitioner by Mental Health Expert (cjt, Deputy Clerk) (Entered: 12/15/2016) |
| 12/19/2016 | 277 | | MOTION for Reconsideration *For Order of Access to Petitioner by Mental Health Expert* (Re: 276 Ruling on Motion for Miscellaneous Relief ) by Kenneth Eugene Barrett Responses due by 1/3/2017(Fisher, Joan) (Entered: 12/19/2016) |
| 12/20/2016 | 278 | | RESPONSE in Opposition to Motion (Re: 277 MOTION for Reconsideration *For Order of Access to Petitioner by Mental Health Expert* ) by USA ;(Kahan, Jeffrey) (Entered: 12/20/2016) |
| 12/21/2016 | 279 | | ORDER by District Judge James H. Payne: denying 277 Petitioner's Motion to Reconsider Expedited Motion for Order of Access to Petitioner by Mental Health Expert (Re: 271 MOTION, 276 Order) (cjt, Deputy Clerk) (Entered: 12/21/2016) |
| 01/03/2017 | 280 | | NOTICE of Petitioner's Written Summaries of Anticipated Testimony of Experts (Re: 270 Scheduling Order, Setting/Resetting Hearing(s) ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 01/03/2017) |
| 01/03/2017 | 281 | | MOTION for Reconsideration *of the Court's Order Denying The Government's Unopposed Motion for Reconsideration* (Re: 274 Ruling on |

| | | | |
|---|---|---|---|
| | | | Motion to Continue Hearing(s) ) by Kenneth Eugene Barrett Responses due by 1/17/2017(Fisher, Joan) (Entered: 01/03/2017) |
| 01/03/2017 | 282 | | Unopposed MOTION Order to Transport Petitioner to Personally Attend Evidentiary Hearing (Re: 270 Scheduling Order, Setting/Resetting Hearing(s) ) by Kenneth Eugene Barrett Responses due by 1/17/2017(Fisher, Joan) (Entered: 01/03/2017) |
| 01/11/2017 | 283 | | ORDER by District Judge James H. Payne: granting in part 281 Petitioner's Motion for Reconsideration; Evidentiary Hearing as to Roger Hilfiger's testimony ONLY is RESET from 3/31/2017 to 3/30/2017 at 09:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (Re: 274 Order) (cjt, Deputy Clerk) (Entered: 01/11/2017) |
| 01/11/2017 | 284 | | MINUTE ORDER by District Judge James H. Payne: granting 282 Petitioner's Unopposed Motion to Transport Petitioner to Evidentiary Hearing. Government is directed to secure Petitioner's presence at said hearing commencing on 3/13/2017 at 9:30 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK. (cjt, Deputy Clerk) (Entered: 01/11/2017) |
| 01/11/2017 | 285 | | Opposed MOTION FOR ORDER OF ACCESS TO PETITIONER BY GEORGE WOODS, M.D. by Kenneth Eugene Barrett Responses due by 1/25/2017(Fisher, Joan) (Entered: 01/11/2017) |
| 01/12/2017 | 286 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by close of business on 1/13/2017 (Re: 285 Petitioner's Opposed MOTION FOR ACCESS TO PETITIONER BY GEORGE WOODS, M.D.). (cjt, Deputy Clerk) (Entered: 01/12/2017) |
| 01/13/2017 | 287 | | RESPONSE in Opposition to Motion (Re: 285 Opposed MOTION FOR ORDER OF ACCESS TO PETITIONER BY GEORGE WOODS, M.D. ) by USA ;(Kahan, Jeffrey) (Entered: 01/13/2017) |
| 01/18/2017 | 288 | | ORDER by District Judge James H. Payne: granting 285 Petitioner's Motion for Access to Petitioner by George Woods, M.D. (cjt, Deputy Clerk) (Entered: 01/18/2017) |
| 01/30/2017 | 289 | | MOTION to Exclude Proposed Witnesses by USA (With attachments) Responses due by 2/8/2017(Kahan, Jeffrey) (Entered: 01/30/2017) |
| 02/01/2017 | 290 | | MOTION to Exclude a Proposed Witness by USA (With attachments) Responses due by 2/8/2017(Kahan, Jeffrey) (Entered: 02/01/2017) |
| 02/01/2017 | 291 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Scheduling Order entered on 12/6/2016, the deadlines are as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 289 MOTION to Exclude Proposed Witnesses, 290 MOTION to Exclude a Proposed Witness) (cjt, Deputy Clerk) (Entered: 02/01/2017) |
| 02/01/2017 | 292 | | MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone by USA (With attachments) Responses due by 2/8/2017(Kahan, Jeffrey) (Entered: 02/01/2017) |
| 02/01/2017 | 293 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Scheduling Order entered on 12/6/2016, the deadlines are as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 292 MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone) (cjt, Deputy Clerk) (Entered: 02/01/2017) |
| 02/01/2017 | 294 | | Opposed MOTION for Recusal *and to Disqualify the Court, and Brief in Support* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 295 | | MOTION in Limine *to Preclude Post−Hoc Rationalizations, and Supporting Brief* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 296 | | MOTION to Extend Scheduling Order Dates *for Motion in Limine Regarding Dr. Steven Pitt* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 297 | | Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony and Brief in Support* by Kenneth Eugene Barrett Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 298 | | Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails, and Brief in Support* (Re: 269 Ruling on Motion for Discovery, Ruling on Motion for Miscellaneous Relief, Ruling on Motion to Unseal Document(s) by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 299 | | MOTION to Expand the Record with Exhibits 206 through 220 by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 300 | | MOTION for Order Barring Witness Collusion and Brief in Support by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 301 | | MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing (Re: 270 Scheduling Order, Setting/Resetting Hearing(s) ) by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 302 | | MOTION for Reconsideration *of Order Denying Deposition of Roger Hilfiger* (Re: 269 Ruling on Motion for Discovery, Ruling on Motion for Miscellaneous Relief, Ruling on Motion to Unseal Document(s)) by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 303 | | MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony and Brief in Support* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 304 | | MOTION in Limine *to Exclude Novel Theories of Aggravation, and Brief in Support* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 305 | | |

| | | | |
|---|---|---|---|
| | | | MOTION in Limine *to Exclude Testimony by Randall Price* by Kenneth Eugene Barrett (With attachments); Responses due by 2/8/2017(Schardl, Tivon) (Entered: 02/01/2017) |
| 02/03/2017 | 306 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited deadlines as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 294 Opposed MOTION for Recusal *and to Disqualify the Court*, 296 MOTION for Additional Time to File *Motion in Limine Regarding Dr. Steven Pitt*, 297 Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony*, 298 Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails,* 299 *MOTION to Expand the Record,* 300 *MOTION for Order Barring Witness Collusion,* 301 *MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing,* 302 *MOTION for Reconsideration of Order Denying Deposition of Roger Hilfiger)* (cjt, Deputy Clerk) (Entered: 02/03/2017) |
| 02/03/2017 | 307 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Scheduling Order entered on 12/6/2016, the deadlines are as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 295 MOTION in Limine *to Preclude Post–Hoc Rationalizations*, 303 MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony*, 305 MOTION in Limine *to Exclude Testimony by Randall Price)* (cjt, Deputy Clerk) (Entered: 02/03/2017) |
| 02/08/2017 | 308 | | Unopposed MOTION to Seal Document *Response to Docket Entry 305* by USA (With attachments) Responses due by 2/22/2017(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 309 | | RESPONSE in Opposition to Motion (Re: 297 Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 310 | | RESPONSE in Opposition to Motion (Re: 298 Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails, and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 311 | | RESPONSE in Opposition to Motion (Re: 294 Opposed MOTION for Recusal *and to Disqualify the Court, and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 312 | | RESPONSE in Opposition to Motion (Re: 301 MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing ) by USA ; (With attachments)(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 313 | | RESPONSE in Opposition to Motion (Re: 304 MOTION in Limine *to Exclude Novel Theories of Aggravation, and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 314 | | RESPONSE in Opposition to Motion (Re: 295 MOTION in Limine *to Preclude Post–Hoc Rationalizations, and Supporting Brief* ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 315 | | RESPONSE to Motion (Re: 296 MOTION to Extend Scheduling Order Dates *for Motion in Limine Regarding Dr. Steven Pitt* ) by USA ;(Wilson, |

| | | | |
|---|---|---|---|
| | | | Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 316 | | MINUTE ORDER by District Judge James H. Payne: granting 308 Government's Unopposed Motion to Seal Response in Opposition to Motion (Re: 305 MOTION in Limine *to Exclude Testimony by Randall Price*). (cjt, Deputy Clerk) (Entered: 02/08/2017) |
| 02/08/2017 | 317 | | RESPONSE to Motion (Re: 299 MOTION to Expand the Record with Exhibits 206 through 220 ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 318 | | RESPONSE in Opposition to Motion (Re: 300 MOTION for Order Barring Witness Collusion and Brief in Support ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 319 | | RESPONSE in Opposition to Motion (Re: 302 MOTION for Reconsideration *of Order Denying Deposition of Roger Hilfiger* ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 320 | | RESPONSE in Opposition to Motion (Re: 303 MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony and Brief in Support* ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 321 | | SEALED RESPONSE in Opposition to Motion (Re: 305 MOTION in Limine to Exclude Testimony by Randall Price) by USA (cjt, Deputy Clerk) (Entered: 02/08/2017) |
| 02/08/2017 | 322 | | RESPONSE in Opposition to Motion (Re: 292 MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/08/2017) |
| 02/08/2017 | 323 | | RESPONSE in Opposition to Motion (Re: 289 MOTION to Exclude Proposed Witnesses ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/08/2017) |
| 02/15/2017 | 324 | | REPLY to Response to Motion (Re: 298 Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails, and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 325 | | REPLY to Response to Motion (Re: 294 Opposed MOTION for Recusal *and to Disqualify the Court, and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 326 | | REPLY to Response to Motion (Re: 301 MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 327 | | REPLY to Response to Motion (Re: 304 MOTION in Limine *to Exclude Novel Theories of Aggravation, and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 328 | | REPLY to Response to Motion (Re: 295 MOTION in Limine *to Preclude Post−Hoc Rationalizations, and Supporting Brief* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 329 | | REPLY to Response to Motion (Re: 300 MOTION for Order Barring Witness Collusion and Brief in Support ) by Kenneth Eugene Barrett ;(Fisher, Joan) |

| | | | |
|---|---|---|---|
| | | | (Entered: 02/15/2017) |
| 02/15/2017 | 330 | | REPLY to Response to Motion (Re: 300 MOTION for Order Barring Witness Collusion and Brief in Support ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 331 | | REPLY to Response to Motion (Re: 302 MOTION for Reconsideration *of Order Denying Deposition of Roger Hilfiger* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 332 | | REPLY to Response to Motion (Re: 303 MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 333 | | REPLY to Response to Motion (Re: 305 MOTION in Limine *to Exclude Testimony by Randall Price* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 334 | | REPLY to Response to Motion (Re: 297 Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 335 | | REPLY to Response to Motion (Re: 292 MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone ) by USA ;(Kahan, Jeffrey) (Entered: 02/15/2017) |
| 02/15/2017 | 336 | | REPLY to Response to Motion (Re: 289 MOTION to Exclude Proposed Witnesses , 290 MOTION to Exclude a Proposed Witness ) by USA ;(Kahan, Jeffrey) (Entered: 02/15/2017) |
| 02/16/2017 | 337 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's Motion to Extend Scheduling Order Dates for Motion in Limine regarding Dr. Steven Pitt (Dkt # 296 ) is granted as follows: Expert reports shall be exchanged by 12:00 p.m. Central Standard Time on 3/3/2017. Motions in Limine regarding Dr. Steven Pitt, D.O. and/or Dr. George Woods, M.D. shall be filed by close of business on 3/8/2017. Responses shall be filed by noon on 3/10/2017. (cjt, Deputy Clerk) (Entered: 02/16/2017) |
| 02/16/2017 | 338 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by USA (Kahan, Jeffrey) (Entered: 02/16/2017) |
| 02/16/2017 | 339 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/16/2017) |
| 02/16/2017 | 340 | | STIPULATION *Joint Pre−Hearing Statement* by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 02/16/2017) |
| 02/21/2017 | 341 | | MOTION to Extend Scheduling Order Dates by Kenneth Eugene Barrett (With attachments) Responses due by 3/7/2017(Fisher, Joan) (Entered: 02/21/2017) |
| 02/22/2017 | 342 | | Unopposed MOTION to Seal Document *Motion for Partial Summary Judgment* by USA (With attachments) Responses due by 3/8/2017(Kahan, Jeffrey) (Entered: 02/22/2017) |
| 02/23/2017 | 343 | | MINUTE ORDER by District Judge James H. Payne: granting 342 Government's Unopposed Motion to File Sealed Motion for Partial Summary |

| | | | |
|---|---|---|---|
| | | | Judgment. (cjt, Deputy Clerk) (Entered: 02/23/2017) |
| 02/23/2017 | 344 | | Unopposed MOTION to Amend *Joint Statement* (Re: 340 Stipulation ) by Kenneth Eugene Barrett Responses due by 3/9/2017(Schardl, Tivon) (Entered: 02/23/2017) |
| 02/23/2017 | 345 | | Unopposed MOTION Permit Use of Computers in the Courthouse During Hearing by Kenneth Eugene Barrett Responses due by 3/9/2017(Schardl, Tivon) (Entered: 02/23/2017) |
| 02/23/2017 | 346 | | Unopposed MOTION for Authorization to Serve Subpoenas Without Tendering Fees and Mileage by Kenneth Eugene Barrett Responses due by 3/9/2017(Schardl, Tivon) (Entered: 02/23/2017) |
| 02/23/2017 | 347 | | SEALED MOTION for Partial Summary Judgment by USA (With attachments); Responses due by 3/9/2017 (cjt, Deputy Clerk) (Entered: 02/23/2017) |
| 02/23/2017 | 348 | | MINUTE ORDER by District Judge James H. Payne: Petitioner is directed to file an expedited response to Government's SEALED MOTION for Partial Summary Judgment (Re: 347 SEALED MOTION). Said Response is due by Close of Business on 2/27/2017 (dma, Deputy Clerk) (Entered: 02/23/2017) |
| 02/24/2017 | 349 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's 294 Motion to Recuse and Disqualify, pursuant to 28 U.S.C. Section 455, is denied for reasons previously set out in 66 Order filed herein on 9/11/2009. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 350 | | MINUTE ORDER by District Judge James H. Payne: granting 290 Government's Motion to Exclude a Proposed Witness. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 351 | | ORDER by District Judge James H. Payne: granting 292 Government's Motion to Exclude Evidence of Unavailable Witnesses by Declaration Alone (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 352 | | MINUTE ORDER by District Judge James H. Payne: denying 295 Petitioner's Motion in Limine to Preclude Post–Hoc Rationalizations. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 353 | | MINUTE ORDER by District Judge James H. Payne: denying 297 Petitioner's Motion for Production of 18 U.S.C. § 3500 Materials Concerning Trial Counsel Testimony. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 354 | | MINUTE ORDER by District Judge James H. Payne: denying 298 Petitioner's Motion for Reconsideration of Order denying Discovery of Trial Counsel's Emails. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 355 | | MINUTE ORDER by District Judge James H. Payne: denying 299 Motion to Expand the Record with Exhibits 206 through 220 as these documents are already part of the court records in this case. See, Dkt. # 178 . If counsel desires the Court to consider these or any other documents contained within the court record, the documents must be introduced and properly admitted at the evidentiary hearing in accordance with the Federal Rules of Evidence, Rule 1101(e). (cjt, Deputy Clerk) (Entered: 02/24/2017) |

| 02/24/2017 | 356 | | MINUTE ORDER by District Judge James H. Payne: denying 300 Petitioner's Motion for Order Barring Witness Collusion. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| --- | --- | --- | --- |
| 02/24/2017 | 357 | | MINUTE ORDER by District Judge James H. Payne: 301 Petitioner's Motion to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing is moot. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 358 | | MINUTE ORDER by District Judge James H. Payne: denying 302 Petitioner's Motion for Reconsideration of Order denying the deposition of Roger Hilfiger (Dkt. # 302 ) as the Court has previously indicated it prefers to hear live testimony of counsel, see Dkt. # 246 . (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 359 | | MINUTE ORDER by District Judge James H. Payne: denying 303 Petitioner's Motion in Limine to Rely upon Declarations for Direct Examination Testimony. While declarations may be admissible, Petitioner will be required to seek permission to admit each declaration at the evidentiary hearing scheduled herein and the Government will be granted an opportunity to object to such admission pursuant to the Federal Rules of Evidence. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 360 | | ORDER by District Judge James H. Payne: denying 304 Petitioner's Motion in Limine to Exclude Novel Theories of Aggravation; denying 305 Petitioner's Motion in Limine to Exclude Testimony from J. Randall Price (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 361 | | ORDER by District Judge James H. Payne: granting in part 289 Government's Motion to Exclude Proposed Witnesses; Amended Joint Pre–Hearing Statement due by close of business on 3/3/2017 (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 362 | | MINUTE ORDER by District Judge James H. Payne: denying 341 Petitioner's Unopposed Motion for Extension of Time to File Expert Report. See, Dkt. # 361 . (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 363 | | MINUTE ORDER by District Judge James H. Payne: denying as moot 344 Petitioner's Unopposed Motion to Amend Joint Statement. See, Dkt. # 361 . (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 364 | | MINUTE ORDER by District Judge James H. Payne: granting 345 Petitioner's Unopposed Motion for Authorization to Use Computers in the Courthouse during Evidentiary Hearing. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/27/2017 | 365 | | MINUTE ORDER by District Judge James H. Payne: granting in part 346 Petitioner's Unopposed Motion for Authorization to Serve Subpoenas Without Tendering Fees and Mileage. Pursuant to 28 U.S.C. § 1825(b) and (c), the court finds witness fees for lay witnesses whose testimony has not been excluded by previous order of the court shall be paid by the United States Marshal as provided by statute. (cjt, Deputy Clerk) (Entered: 02/27/2017) |
| 02/27/2017 | 366 | | RESPONSE in Opposition to Motion (Re: 347 SEALED MOTION ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 02/27/2017) |
| 02/28/2017 | 367 | | |

33

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: Directing expedited reply by close of business on 3/1/2017 (Re: 347 SEALED MOTION for Partial Summary Judgment). (cjt, Deputy Clerk) (Entered: 02/28/2017) |
| 02/28/2017 | 368 | | MOTION to Exclude Witnesses by USA; Responses due by 3/14/2017(Wilson, Christopher) (Entered: 02/28/2017) |
| 02/28/2017 | 369 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by 12:00 PM Central Standard Time on 3/2/2017 (Re: 368 Opposed MOTION to Exclude Witnesses). (cjt, Deputy Clerk) (Entered: 02/28/2017) |
| 03/01/2017 | 370 | | Unopposed MOTION to Seal Document *Reply in Support of Motion for Partial Summary Judgment* by USA Responses due by 3/15/2017(Kahan, Jeffrey) (Entered: 03/01/2017) |
| 03/01/2017 | 371 | | MINUTE ORDER by District Judge James H. Payne: granting 370 Government's Unopposed Motion to File Sealed Reply (Re: 347 SEALED MOTION for Partial Summary Judgment). (cjt, Deputy Clerk) (Entered: 03/01/2017) |
| 03/01/2017 | 372 | | SEALED REPLY (Re: 347 SEALED MOTION for Partial Summary Judgment) by USA (cjt, Deputy Clerk) (Entered: 03/01/2017) |
| 03/02/2017 | 373 | | RESPONSE in Opposition to Motion (Re: 368 Opposed MOTION to Exclude Witnesses ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 03/02/2017) |
| 03/02/2017 | 374 | | MOTION to Supplement *Response in Opposition to Government Motion for Partial Summary Judgment* (Re: 347 SEALED MOTION ) by Kenneth Eugene Barrett (With attachments) Responses due by 3/16/2017(Schardl, Tivon) (Entered: 03/02/2017) |
| 03/02/2017 | 375 | | MINUTE ORDER by District Judge James H. Payne: The Court hereby directs Petitioner to file a Sur–Reply to 347 Government's SEALED MOTION for Partial Summary Judgment by close of business on Monday, 3/6/2017. Said Sur–Reply shall specifically address whether or not Petitioner contests the 38 facts contained within the Government's Reply. (cjt, Deputy Clerk) (Entered: 03/02/2017) |
| 03/03/2017 | 376 | | EXPERT WITNESS REPORT *Proffered for Excluded Witnesses* by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/03/2017) |
| 03/03/2017 | 377 | | NOTICE of Exchange of Rule 26 Disclosures of George W. Woods, Jr. M.D. (Re: 337 Ruling on Motion to Extend Scheduling Order Dates) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/03/2017) |
| 03/03/2017 | 378 | | ORDER by District Judge James H. Payne: Bifurcating 3/13/2017 evidentiary hearing (cjt, Deputy Clerk) (Entered: 03/03/2017) |
| 03/03/2017 | 379 | | MINUTE ORDER by District Judge James H. Payne: Counsel for Petitioner is directed to provide forthwith for use by the Court a bound manual copy of the pleading and/or exhibits as filed. Said manual copies shall be EXACT duplicates of the pleading and/or exhibits AFTER said pleading was filed with the Court, including the case and docket number information at the top of each page. Do not reorganize the document or insert other separately docketed items. If copies of sealed items are hereby ordered by the Court, then said copies shall be a separate and complete submission. (Re: 376 Petitioner's |

| | | | |
|---|---|---|---|
| | | | Proffer of Expert Testimony) (cjt, Deputy Clerk) (Entered: 03/03/2017) |
| 03/03/2017 | 380 | | RESPONSE in Opposition to Motion (Re: 374 Opposed MOTION to Supplement *Response in Opposition to Government Motion for Partial Summary Judgment* ) by USA ;(Kahan, Jeffrey) (Entered: 03/03/2017) |
| 03/03/2017 | 381 | | MINUTE ORDER by District Judge James H. Payne: denying 374 Petitioner's Motion to Supplement Response in Opposition to Government Motion for Partial Summary Judgment. (cjt, Deputy Clerk) (Entered: 03/03/2017) |
| 03/03/2017 | 382 | | REPLY to Response to Motion (Re: 368 Opposed MOTION to Exclude Witnesses ) by USA ;(Kahan, Jeffrey) (Entered: 03/03/2017) |
| 03/03/2017 | 383 | | AMENDED Joint Pre–Hearing Statement (Re: 361 Ruling on Motion to Exclude) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/03/2017) |
| 03/06/2017 | 384 | | SURREPLY to Motion (Re: 347 SEALED MOTION ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 03/06/2017) |
| 03/06/2017 | 385 | | Objection to Court's Order Bifurcating the Hearing, MOTION to Reconsider, and MOTION to Stay Evidentiary Hearing in Order to Pursue Appellate Remedies (Re: 378 Order) by Kenneth Eugene Barrett; Responses due by 3/20/2017(Fisher, Joan). Added MOTION to Stay and edited text on 3/7/2017 (cjt, Deputy Clerk). (Entered: 03/06/2017) |
| 03/07/2017 | 386 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by 12:00 PM on 3/8/2017 (Re: 385 Objection to Court's Order Bifurcating the Hearing, MOTION to Reconsider, and Motion to Stay Evidentiary Hearing in Order to Pursue Appellate Remedies). (cjt, Deputy Clerk) (Entered: 03/07/2017) |
| 03/07/2017 | 387 | | Second Amended Joint Pre–Hearing Statement (Re: 383 Stipulation) by USA (Wilson, Christopher) (Entered: 03/07/2017) |
| 03/07/2017 | 388 | | RESPONSE in Opposition to Motion (Re: 385 Objection to Court's Order Bifurcating the Hearing, MOTION to Reconsider and MOTION to Stay Evidentiary Hearing in Order to Pursue Appellate Remedies ) by USA ;(Kahan, Jeffrey) (Entered: 03/07/2017) |
| 03/08/2017 | 389 | | MINUTE ORDER by District Judge James H. Payne: granting 368 Government's Second Motion to Exclude Proposed Witnesses. (cjt, Deputy Clerk) (Entered: 03/08/2017) |
| 03/08/2017 | 390 | | MINUTE ORDER by District Judge James H. Payne: In light of the stipulation of the parties submitted on 3/7/2016, 347 Government's Motion for Partial Summary Judgment is moot. After the submission of testimony herein, the government can reurge its motion if the facts are different than what the parties anticipated at the time of the filing of their proposed findings of fact filed on 2/16/2017. (cjt, Deputy Clerk) (Entered: 03/08/2017) |
| 03/08/2017 | 391 | | MINUTE ORDER by District Judge James H. Payne: After consideration of 385 Petitioner's Motion to Reconsider, the motion is granted and this Court will allow the parties to submit all of their evidence in one evidentiary hearing subject to the Federal Rules of Evidence. Pursuant to 28 U.S.C. Section 636(b)(1)(B), the evidentiary hearing is referred to Magistrate Judge Steven P. Shreder for Findings and Recommendation. The evidentiary hearing is |

| | | | |
|---|---|---|---|
| | | | continued to 3/27/2017 at 9:00 AM in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (cjt, Deputy Clerk) (Entered: 03/08/2017) |
| 03/10/2017 | 392 | | Unopposed MOTION to Continue Hearing(s) *in Part* by USA Responses due by 3/24/2017(Wilson, Christopher) (Entered: 03/10/2017) |
| 03/10/2017 | 393 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Government's Motion for Partial Continuance of Evidentiary Hearing (Dkt. Entry No. 392 ) is hereby GRANTED. The evidentiary hearing scheduled on March 27, 2017 will proceed as scheduled. The Court will, however, hear testimony from the government's experts (Dr. Randall Price and Dr. Steven Pitt), beginning on June 12, 2017 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder.(ndd, Deputy Clerk) (Entered: 03/10/2017) |
| 03/14/2017 | 394 | | NOTICE of Availability of Ruth Harris to Testify (Re: 387 Stipulation ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/14/2017) |
| 03/21/2017 | 395 | | Unopposed MOTION to Unseal 10/20/05 Budgetary Hearing Transcript (Re: 67 Order) by Kenneth Eugene Barrett; Responses due by 4/4/2017(Fisher, Joan) (Entered: 03/21/2017) |
| 03/21/2017 | 396 | | MINUTE ORDER by District Judge James H. Payne: Petitioner is requesting the court enter an order unsealing the transcript of the "second sealed" hearing on budgetary matters; however, no such transcript was ever filed with the court and, therefore, there is nothing for the court to unseal. Accordingly, 395 Petitioner's Unopposed Motion to Unseal Transcript of 10/20/2005 Hearing is denied. (cjt, Deputy Clerk) (Entered: 03/21/2017) |
| 03/24/2017 | 397 | | NOTICE of Appearance by Kenneth Eugene Barrett [NOTE: Attorney Karl J. Saddlemire added to party Kenneth Eugene Barrett(pty:pet)]. (Saddlemire, Karl) (Entered: 03/24/2017) |
| 03/27/2017 | 398 | | NOTICE of Presentation of Additional Exhibits 96–101 by Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/27/2017) |
| 03/27/2017 | 399 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing held on 3/27/2017. (Court Reporter: Ken Sidwell) (ndd, Deputy Clerk) (Main Document 399 replaced on 4/20/2017 to reflect Rule of Sequestration invoked 3/27/17. NEF regenerated) (ndd, Deputy Clerk). (Entered: 03/27/2017) |
| 03/27/2017 | 400 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder setting continuation of Evidentiary Hearing for 3/28/2017 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (ndd, Deputy Clerk) (Entered: 03/27/2017) |
| 03/28/2017 | 401 | | MOTION to Compel *Compliance with Discovery Order* by USA (With attachments) Responses due by 4/11/2017(Kahan, Jeffrey). (Attachments 1–8 and 10 replaced with redacted versions on 4/6/2017 per Docket Entry No. 415; NEF regenerated) (ndd, Deputy Clerk). (Entered: 03/28/2017) |
| 03/28/2017 | 402 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to 28 U.S.C. Section 636(b)(1), the following motion is referred for disposition to Magistrate Judge Steven P. Shreder: 401 USA's MOTION to Compel |

| | | | |
|---|---|---|---|
| | | | *Compliance with Discovery Order*. (cjt, Deputy Clerk) (Entered: 03/28/2017) |
| 03/28/2017 | 403 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day two) held on 3/28/2017. (Court Reporter: Ken Sidwell) (ndd, Deputy Clerk) (Entered: 03/28/2017) |
| 03/28/2017 | 404 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder setting continuation of Evidentiary Hearing for 3/29/2017 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder.(ndd, Deputy Clerk) (Entered: 03/28/2017) |
| 03/28/2017 | 405 | | STIPULATION OF FACT. (tls, Deputy Clerk) (Entered: 03/29/2017) |
| 03/28/2017 | 406 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 401 MOTION to Compel Compliance with Discovery Order by USA. Accordingly, any documents currently in custody of Petitioner's counsel, which have not already been produced, shall be provided to the Government forthwith. All non–privileged documents acquired from attorney Jack Gordon relating to Kenneth Eugene Barrett shall be produced no later than 4/21/2017, along with a detailed privilege log pursuant to LCvR 26.2. (ndd, Deputy Clerk) (Entered: 03/29/2017) |
| 03/29/2017 | 407 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day three) held on 3/29/2017. (Court Reporter: Karla McWhorter) (ndd, Deputy Clerk) (Entered: 03/29/2017) |
| 03/29/2017 | 408 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder setting continuation of Evidentiary Hearing for 3/30/2017 at 10:30 a.m in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (ndd, Deputy Clerk) (Entered: 03/29/2017) |
| 03/29/2017 | 409 | | NOTICE of Filing Proffer of Testimony from Richard H. Burr by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/29/2017) |
| 03/30/2017 | 410 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day four) held on 3/30/2017. (Court Reporter: Karla McWhorter) (tls, Deputy Clerk) (Entered: 03/30/2017) |
| 04/05/2017 | 411 | | Unopposed MOTION to Seal Document *401, Exhibits 1–8 & 10* by USA Responses due by 4/19/2017(Kahan, Jeffrey) (Entered: 04/05/2017) |
| 04/05/2017 | 412 | | Unopposed MOTION for Leave to File Redacted Substitute Exhibits to Doc. 401 *Exhibits 1 to 8 & 10* by USA (With attachments) Responses due by 4/19/2017(Kahan, Jeffrey) (Entered: 04/05/2017) |
| 04/06/2017 | 413 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 411 Unopposed MOTION to Seal Document 401 , Exhibits 1–8 & 10 by USA. (ndd, Deputy Clerk) (Entered: 04/06/2017) |
| 04/06/2017 | 414 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder continuing Evidentiary Hearing on 6/12/17 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder (dma, Deputy Clerk) (Entered: 04/06/2017) |
| 04/06/2017 | 415 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 412 Unopposed MOTION for Leave to File Substitute Exhibits by USA. |

| | | | |
|---|---|---|---|
| | | | Accordingly, Exhibits 1 to 8 & 10 of Docket Entry No. 401 are hereby ordered replaced with redacted versions. (ndd, Deputy Clerk) (Entered: 04/06/2017) |
| 04/19/2017 | 416 | | Unopposed MOTION to Exclude Expert Witnesses from Court's Order of Sequestration by USA Responses due by 5/3/2017(Wilson, Christopher) (Entered: 04/19/2017) |
| 04/20/2017 | 417 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to 28 U.S.C. Section 636(b)(1), the following motion is referred for disposition to Magistrate Judge Steven P. Shreder: 416 Unopposed MOTION to Exclude Expert Witnesses from Court's Order of Sequestration. (cjt, Deputy Clerk) (Entered: 04/20/2017) |
| 04/20/2017 | 418 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 416 Unopposed Motion to Exclude Expert Witnesses from Court's Order of Sequestration by USA. (ndd, Deputy Clerk) (Entered: 04/20/2017) |
| 04/21/2017 | 419 | | NOTICE of Petitioner's Privilege Log (Re: 406 Ruling on Motion to Compel,, ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 04/21/2017) |
| 05/02/2017 | 420 | | NOTICE of Petitioner's Fourth Proffer of Testimony by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 05/02/2017) |
| 05/03/2017 | 421 | | Unopposed MOTION to Seal Document *Motion for Copy of Videotape* by Kenneth Eugene Barrett (With attachments) Responses due by 5/17/2017(Schardl, Tivon) (Entered: 05/03/2017) |
| 05/04/2017 | 422 | | MINUTE ORDER by District Judge James H. Payne: granting 421 Petitioner's Unopposed Motion to File Motion and Exhibits Under Seal. (cjt, Deputy Clerk) (Entered: 05/04/2017) |
| 05/04/2017 | 423 | | SEALED Unopposed MOTION for a Copy of the Videotaped Evaluation of Petitioner Conducted by Randall Price on October 13 and 14, 2005 (cjt, Deputy Clerk) (Entered: 05/04/2017) |
| 05/05/2017 | 424 | | Unopposed MOTION for Leave to Appear by Video Conference by Kenneth Eugene Barrett Responses due by 5/19/2017(Fisher, Joan) (Entered: 05/05/2017) |
| 05/09/2017 | 425 | | MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation by Kenneth Eugene Barrett Responses due by 5/23/2017(Schardl, Tivon) (Entered: 05/09/2017) |
| 05/09/2017 | 426 | | MINUTE ORDER by District Judge James H. Payne: denying 424 Petitioner's Motion to Attend Evidentiary hearing June 12–14, 2017 with Counsel by Video Conference. (cjt, Deputy Clerk) (Entered: 05/09/2017) |
| 05/09/2017 | 427 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's 423 Motion for a Copy of the Videotaped Evaluation of Petitioner Conducted by Randall Price on October 13 and 14, 2005 is hereby granted. The Court Clerk is directed to make copies of the videotape, attached to Dkt. # 237 in Criminal Case CR–04–115–JHP, and provide a copy of the same to counsel for both parties. (cjt, Deputy Clerk) (Entered: 05/09/2017) |
| 05/09/2017 | 428 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by close of business on 5/15/2017 (Re: 425 Petitioner's MOTION to |

| | | | |
|---|---|---|---|
| | | | Exclude Testimony of J. Randall Price). (cjt, Deputy Clerk) (Entered: 05/09/2017) |
| 05/10/2017 | 429 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing held on 3/27/17 before Magistrate Judge Steven P. Shreder (Court Reporter: Ken Sidwell) (Pages: 1–250). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 399 Minutes of Evidentiary Hearing, ) (kns, Court Reporter) (Entered: 05/10/2017) |
| 05/10/2017 | 430 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing held on 3/28/17 before Magistrate Judge Steven P. Shreder (Court Reporter: Ken Sidwell) (Pages: 251–514). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 403 Minutes of Evidentiary Hearing ) (kns, Court Reporter) (Entered: 05/10/2017) |
| 05/11/2017 | 431 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: In light of the Court's denial of Petitioner's 424 Unopposed Motion for Leave to Appear by Video Conference, the Government is directed to secure Petitioner's presence at said Evidentiary Hearing commencing on June 12, 2017 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (ndd, Deputy Clerk) (Entered: 05/11/2017) |
| 05/11/2017 | 432 | | MOTION to Exclude Witness Steven Pitt by Kenneth Eugene Barrett (With attachments) Responses due by 5/25/2017 (Schardl, Tivon) (Additional attachment(s) added per 434 MINUTE ORDER on 5/12/2017: # 4 Sealed Exhibit A) (cjt, Deputy Clerk). (Entered: 05/11/2017) |
| 05/11/2017 | 433 | | Unopposed MOTION to Seal Document *: Exhibit A to Motion to Exclude Witness Steven Pitt* by Kenneth Eugene Barrett (With attachments) Responses due by 5/25/2017(Schardl, Tivon) (Entered: 05/11/2017) |
| 05/12/2017 | 434 | | MINUTE ORDER by District Judge James H. Payne: granting 433 Petitioner's Unopposed Motion to File Exhibit Under Seal (Re: 432 MOTION to Exclude Witness Steven Pitt) (cjt, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 435 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by 5/19/2017 (Re: 432 MOTION to Exclude Witness Steven Pitt). (cjt, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 436 | | RESPONSE in Opposition to Motion (Re: 425 Opposed MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation ) by USA ;(Wilson, Christopher) (Entered: 05/12/2017) |
| 05/12/2017 | 437 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: In the event Petitioner chooses to file a Reply, it shall be filed by 5/19/2017. (Re: 425 Opposed MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation) (cjt, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 438 | | WAIVER of Presence at Evidentiary Hearing (Re: 431 Minute Order, ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 05/12/2017) |
| 05/18/2017 | 439 | | REPLY to Response to Motion (Re: 425 Opposed MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/18/2017) |
| 05/19/2017 | 440 | | RESPONSE in Opposition to Motion (Re: 432 MOTION to Exclude Witness Steven Pitt ) by USA ;(Kahan, Jeffrey) (Entered: 05/19/2017) |
| 05/19/2017 | 441 | | MINUTE ORDER by District Judge James H. Payne: In the event Petitioner chooses to file a Reply, it shall be filed by 5/26/2017 (Re: 432 MOTION to Exclude Witness Steven Pitt). (cjt, Deputy Clerk) (Entered: 05/19/2017) |
| 05/25/2017 | 442 | | REPLY to Response to Motion (Re: 432 MOTION to Exclude Witness Steven Pitt ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/25/2017) |
| 05/25/2017 | 443 | | Corrected REPLY to Response to Motion (Re: 432 MOTION to Exclude Witness Steven Pitt) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 05/25/2017) |
| 05/30/2017 | 444 | | MINUTE ORDER by District Judge James H. Payne: denying 425 Motion to Exclude Testimony of J. Randall Price Due to Discovery Violation. (cjt, Deputy Clerk) (Entered: 05/30/2017) |
| 05/30/2017 | 445 | | MINUTE ORDER by District Judge James H. Payne: denying 432 Petitioner's Motion to Exclude Witness Steven Pitt. (cjt, Deputy Clerk) (Entered: 05/30/2017) |
| 06/04/2017 | 446 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on March 29, 2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 515 – 642). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 407 Minutes of Evidentiary Hearing ) (ksm, Court Reporter) (Entered: 06/04/2017) |
| 06/04/2017 | 447 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on March 30, 2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 643–762). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 410 Minutes of Evidentiary Hearing ) (ksm, Court Reporter) (Entered: 06/04/2017) |

| 06/12/2017 | 448 | | MINUTES of Proceedings – held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day five) held on 6/12/2017. (Court Reporter: Brian Neil) (tls, Deputy Clerk) (Entered: 06/12/2017) |
|---|---|---|---|
| 06/12/2017 | 449 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder, setting continuation of Evidentiary Hearing for 6/13/2017 at 9:00 AM in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (tls, Deputy Clerk) (Entered: 06/12/2017) |
| 06/13/2017 | 450 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing – Volume V held on 6/12/2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Brian Neil) (Pages: 763–944). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 448 Minutes of Evidentiary Hearing ) (bpn, Court Reporter) (Main Document 450 replaced on 6/14/2017) (dma, Deputy Clerk). (Entered: 06/13/2017) |
| 06/13/2017 | 451 | | MINUTES of Proceedings – held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day 6) held on 6/13/2017 (Court Reporter: K.Sidwell and B. Neil) (tls, Deputy Clerk) (tls, Deputy Clerk). (Entered: 06/13/2017) |
| 06/13/2017 | 452 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder, setting continuation of Evidentiary Hearing for 6/26/2017 at 10:00 AM in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (tls, Deputy Clerk) (Entered: 06/13/2017) |
| 06/15/2017 | 453 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing – Volume VII held on 6/13/2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Brian Neil) (Pages: 1084–1136). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 451 Minutes of Evidentiary Hearing ) (bpn, Court Reporter) (Entered: 06/15/2017) |
| 06/15/2017 | 454 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing – Volume VI held on 6/13/17 before Magistrate Judge Steven P. Shreder (Court Reporter: Ken Sidwell) (Pages: 945–1083). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 451 Minutes of Evidentiary Hearing ) (kns, Court Reporter) (Entered: 06/15/2017) |
| 06/16/2017 | 455 | | MOTION Leave to Present Additional Witnesses by USA Responses due by 6/30/2017(Kahan, Jeffrey) (Entered: 06/16/2017) |

| 06/16/2017 | 456 | | MINUTE ORDER by District Judge James H. Payne directing Petitioner to file an expedited Response to Respondent's 455 MOTION to Call Additional Rebuttal Witnesses. Response is due by noon on Monday, 6/19/2017 (dma, Deputy Clerk) (Entered: 06/16/2017) |
|---|---|---|---|
| 06/19/2017 | 457 | | RESPONSE in Opposition to Motion (Re: 455 MOTION Leave to Present Additional Witnesses ) by Kenneth Eugene Barrett ; (With attachments)(Fisher, Joan) (Entered: 06/19/2017) |
| 06/19/2017 | 458 | | MINUTE ORDER by District Judge James H. Payne: The Government's Motion to Call Additional Rebuttal Witnesses is referred to Magistrate Judge Steven P. Shreder as it involves matters arising out of the evidentiary hearing previously referred to him on 03/08/2017. (Re: 455 MOTION Leave to Present Additional Witnesses ) (tls, Deputy Clerk) (Entered: 06/19/2017) |
| 06/19/2017 | 459 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: 455 Government's Motion to Call Additional Rebuttal Witnesses is GRANTED IN PART to the extent that the USA may call Dr. Faust Bianco as a rebuttal witness to the testimony of Dr. Miora on Monday, 6/26/2017. Motion is otherwise DENIED. (tls, Deputy Clerk) (Entered: 06/19/2017) |
| 06/21/2017 | 460 | | MOTION for Disclosure , MOTION for Discovery *Report of Faust Bianco's Opinions, the Bases and Reasons Therefor* by Kenneth Eugene Barrett (With attachments) Responses due by 7/5/2017(Schardl, Tivon) (Entered: 06/21/2017) |
| 06/21/2017 | 461 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Since the Petitioner has indicated that Dr. Miora will not implicate Dr. Bianco's testimony, it appears Dr. Bianco will not testify at the hearing set for Monday, June 26, 2017, at 10:00 a.m. Consequently, Petitioner's Motion For Immediate Production Of Report From Expert Witness (Docket No. 460 ) is hereby DENIED. (tls, Deputy Clerk) (Entered: 06/21/2017) |
| 06/23/2017 | 462 | | Third Amended EXHIBIT LIST by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 06/23/2017) |
| 06/26/2017 | 463 | | MINUTES of Proceedings – held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing held on 6/26/2017. (Court Reporter: Karla McWhorter) (Attachments: # 1 Petitioner's Witness List, # 2 Petitioner's Exhibit List, # 3 Government's Witness List, # 4 Government's Exhibit List)(tls, Deputy Clerk) (Main Document 463 replaced on 6/30/2017 to reflect correct dates hearing held; NEF regenerated) (tls, Deputy Clerk). (Exhibit Lists replaced on 7/10/2017 to reflect admitted date; NEF regenerated) (tls, Deputy Clerk). Modified on 4/15/2019 ***Pursuant to Dkt. #482, all Exhibits from these evidentiary hearings are maintained by the Clerk and located in the Clerk's Office, 2nd Floor Vault.*** (cjt, Deputy Clerk). (Entered: 06/27/2017) |
| 07/13/2017 | 464 | | TRANSCRIPT of Proceedings (Unredacted) of Motions Hearing Volume VIII held on June 26, 2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 1137–1366). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public |

| | | | |
|---|---|---|---|
| | | | terminal. There is no charge to view the transcript at the court public terminal. (Re: 463 Minutes of Evidentiary Hearing) (ksm, Court Reporter) (Entered: 07/13/2017) |
| 07/31/2017 | 465 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 07/31/2017) |
| 07/31/2017 | 466 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by USA (Kahan, Jeffrey) (Entered: 07/31/2017) |
| 08/10/2018 | 467 | | REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder (Re: (391) Minute Order by District Judge James H. Payne referring Evidentiary Hearing to Magistrate Judge Steven P. Shreder for Findings and Recommendation). Objections to R&R due by 8/24/2018. (ndd, Deputy Clerk) (Entered: 08/10/2018) |
| 08/20/2018 | 468 | | MOTION to Extend Deadline to File Objection to Magistrate Judge's Report and Recommendation by USA Responses due by 9/4/2018(Wilson, Christopher) (Entered: 08/20/2018) |
| 08/21/2018 | 469 | | ORDER by District Judge James H. Payne: granting 468 Government's Motion for Extension of Time to Object to Magistrate's Report and Recommendation; Objections to R&R due by 10/23/2018; Responses to Objections due by 11/26/2018 (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder) (cjt, Deputy Clerk) (Entered: 08/21/2018) |
| 10/12/2018 | 470 | | OBJECTION to Report and Recommendation (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 10/12/2018) |
| 10/23/2018 | 471 | | OBJECTION to Report and Recommendation (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder ) by USA (Kahan, Jeffrey) (Entered: 10/23/2018) |
| 11/26/2018 | 472 | | RESPONSE (Re: 467 REPORT AND RECOMMENDATION and 470 Objection to Report and Recommendation) by USA (Kahan, Jeffrey) Modified on 11/27/2018 to edit text and add links (dma, Deputy Clerk). (Entered: 11/26/2018) |
| 11/26/2018 | 473 | | NOTICE of Substitution and Appearance of Counsel by Joan M. Fisher on behalf of Kenneth Eugene Barrett (Fisher, Joan) Modified text on 11/27/2018 (cjt, Deputy Clerk). (Entered: 11/26/2018) |
| 11/26/2018 | 474 | | RESPONSE (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder, 471 Objection to Report and Recommendation ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 11/26/2018) |
| 12/10/2018 | 475 | | REPLY (Re: 471 Objection to Report and Recommendation ) by USA (Kahan, Jeffrey) (Entered: 12/10/2018) |
| 12/10/2018 | 476 | | REPLY (Re: 472 Response ) by Kenneth Eugene Barrett (Ward, Carrie) (Entered: 12/10/2018) |
| 01/31/2019 | 477 | | MINUTE ORDER by Court Clerk: Pursuant to the recusal of Judge James H. Payne and at the direction of the Court, this case is reassigned to Judge Ronald |

| | | | |
|---|---|---|---|
| | | | A. White. All documents filed in this case in the future shall reflect the new case number CIV–09–105–RAW. (cjt, Deputy Clerk) (Entered: 01/31/2019) |
| 03/28/2019 | 478 | | OPINION AND ORDER by Judge Ronald A. White: affirming in part and denying in part 467 Report and Recommendation; Petitioner's 2255 motion is denied as it relates to his claim of ineffective assistance of counsel during the penalty phase of trial; Certificate of Appealability granted. dismissing/terminating case (case terminated) (tls, Deputy Clerk) (Entered: 03/28/2019) |
| 03/28/2019 | 479 | | JUDGMENT by Judge Ronald A. White entering judgment in favor of USA against Kenneth Eugene Barrett on his challenge to the legality of his sentence. (tls, Deputy Clerk) (Entered: 03/28/2019) |
| 04/10/2019 | 480 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: It is ordered that each party is directed to withdraw their respective exhibits offered and admitted into evidence at the evidentiary hearings conducted on 3/27/2017, 3/28/2017, 3/29/2017, 3/30/2017, 6/12/2017, 6/13/2017 and 6/26/2017, the same to be kept and maintained for possible appeal purposes. (cjt, Deputy Clerk) Modified on 4/15/2019 ***VACATED per Dkt #482 Minute Order*** (cjt, Deputy Clerk). (Entered: 04/10/2019) |
| 04/11/2019 | 481 | | Unopposed MOTION to Vacate Minute Order and Hold Exhibits Pending Transmittal to the Circuit Court of Appeals (Re: 480 Minute Order) by Kenneth Eugene Barrett; Responses due by 4/25/2019(Fisher, Joan) Modified text on 4/12/2019 (cjt, Deputy Clerk). (Entered: 04/11/2019) |
| 04/15/2019 | 482 | | MINUTE ORDER by Judge Ronald A. White: granting 481 Petitioner's Unopposed Motion to Vacate Minute Order and Hold Exhibits Pending Transmittal to the Circuit Court of Appeals. The Clerk is directed to maintain the exhibits until further order of the Court. (Re: 480 Minute Order) (cjt, Deputy Clerk) (Entered: 04/15/2019) |
| 04/24/2019 | 483 | | MOTION to Alter or Amend Judgment and Brief in Support (Re: 479 Judgment, 478 Ruling on Report and Recommendation, Granting Certificate of Appealability) by Kenneth Eugene Barrett Responses due by 5/8/2019(Fisher, Joan) (Entered: 04/24/2019) |
| 05/07/2019 | 484 | | RESPONSE to Motion (Re: 483 MOTION to Alter Order/Judgment ) by USA ;(Kahan, Jeffrey) (Entered: 05/07/2019) |
| 05/09/2019 | 485 | | LETTER to 10th Circuit Court of Appeals returning pleadings, videotape and disks included in the Record on Appeal 222 Notice of Appeal and 227 Record on Appeal (With attachments)(jcb, Deputy Clerk) (Entered: 05/09/2019) |
| 05/17/2019 | 486 | | REPLY to Response to Motion (Re: 483 MOTION to Alter Order/Judgment ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/17/2019) |
| 06/11/2019 | 487 | | ORDER from Circuit Court denying authorization to file second or successive 2255 motion (See Dkt. #451 in CR–04–115–RAW and Dkt. #3 in CIV–19–152–RAW) (cjt, Deputy Clerk) (Entered: 06/13/2019) |
| 08/13/2019 | 488 | | ORDER by Judge Ronald A. White: denying 483 Petitioner's Motion to Alter or Amend Judgment, with the exception of the clarification described in the Order (cjt, Deputy Clerk) (Entered: 08/13/2019) |

| 10/07/2019 | 489 | | NOTICE OF APPEAL to Circuit Court (Re: 479 Judgment ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 10/07/2019) |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,                )
                                       )
            Petitioner/Defendant,      )
                                       )
vs.                                    )        Case No. CIV-09-105-RAW
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent/Plaintiff.      )

## OPINION AND ORDER

Before this court is the Report and Recommendation of the magistrate judge in which the magistrate judge found that petitioner's counsel were deficient in their performance, which ultimately prejudiced petitioner. As a result, the magistrate judge recommended that the petitioner be given a new sentencing hearing on Count III, intentionally killing a state law enforcement officer in the commission of a drug trafficking crime. Both the petitioner and the government have filed objections to the report and recommendation. *See*, Dkt. #s 470 and 471.

## Statement of the Case

On November 17, 2005, petitioner was convicted of three counts, including: Count I: using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); Count II: using and carrying a firearm during

1

and in relation to a crime of violence and possessing a firearm in furtherance of such crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); and Count III, intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, in violation of 21 U.S.C. § 848(e)(1)(B). The jury returned verdicts of life in prison without the possibility of release on Counts I and II and a death sentence on Count III.   Petitioner was sentenced, on December 15, 2005, in accordance with the jury verdicts.   The court ordered the sentences to run consecutively. Additionally, petitioner was ordered to pay a special assessment of $100 on each count for a total assessment of $300.

Petitioner filed a direct appeal and the Tenth Circuit Court of Appeals affirmed the judgment.   *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) (*Barrett I*). Thereafter, petitioner sought collateral relief pursuant to 28 U.S.C. § 2255, which was denied by this court on August 16, 2012.  Dkt. # 214.  On August 19, 2015, the Tenth Circuit affirmed in part and reversed in part, holding:

> We REVERSE and REMAND Defendant's death sentence for the district court to hold an evidentiary hearing on whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial.   In all other respects we AFFIRM.

*United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015) (*Barrett II*).

On March 8, 2017, the case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for an evidentiary hearing and for findings and recommendation.

2

The assigned magistrate judge heard evidence on March 27-30, 2017, June 12-13, 2017, and June 26, 2017.[1]   At the hearing, petitioner called eleven (11) witnesses and introduced forty-four (44) exhibits.   The respondent called three (3) witnesses and introduced forty-three (43) exhibits.   Thereafter, the parties were given until July 31, 2017 to file proposed findings of fact and conclusions of law.   On August 10, 2018, the magistrate judge issued a report and recommendation that concluded ". . . [trial] counsel were deficient in their performance, which ultimately prejudiced the Defendant, and that the Defendant is therefore entitled to relief under 28 U.S.C. § 2255 and to a new sentencing hearing."   Dkt. # 467 at 34.   The court granted an extension of time to file objections and objections were timely filed.   *See*, Dkt. #s 470 and 471.

## Standard of Review

Because this matter was referred to the magistrate judge to conduct an evidentiary hearing, Rule 72(b) of the Federal Rules of Civil Procedure required any party that disagreed with the magistrate judge's report and recommendation to file "specific written objections" to the report.   Under Rule 72(b)(3), this court must make a de novo determination of any part of the report or specified proposed findings or recommendations

---

[1]Transcripts of the evidentiary hearing were filed as Dkt. #s 429, 430, 446, 447, 450, 453, 454, and 464.   The magistrate judge's report utilized the actual page numbers of the evidentiary hearing transcript itself as opposed to the CM/ECF docket #s and the page numbers contained in the CM/ECF headers.   For ease of reference and because the transcript is filed as eight different documents, this court will refer to the evidentiary transcript by Dkt. # and the page number contained on the CM/ECF headers.

3

Case 6:09-cv-00105-RAW Document 478 Filed 03/28/19 Page 4 of 23

to which an objection was made. *See also*, 28 U.S.C. § 636(b)(1)(C). This court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (citing *United States v. Raddatz,* 447 U.S. 667, 675 (1980)). Rather, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Thus, it is clear that "[t]he authority—and the responsibility—to make an informed, final determination . . . remains with the [district court] judge." *Raddatz*, 447 U.S. at 681 (citing *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

### Government's objections to magistrate's findings

The government does not object to the magistrate judge's finding regarding counsel's deficient performance in developing a mitigation strategy. Rather, the government objects to the prejudice analysis arguing that the magistrate judge failed to evaluate the credibility of petitioner's mental health evidence. Dkt. # 471. The government argues that the magistrate judge premised its prejudice finding solely on trial counsel's failure to present mental health evidence, as opposed to the absence of testimony by the petitioner's relatives. *Id.*, at n. 2. Based upon the petitioner's substantial planning and premeditation of the murder, the government argues the evidence presented by petitioner at the evidentiary hearing would not have had an impact on the outcome of the trial. Thus, the government is actually arguing that the foregone mitigating evidence did

4

Case 6:09-cv-00105-RAW Document 478 Filed 09/28/19 Page 5 of 23

not tip the scale in favor of a sentence less than death.   In his response, petitioner argues the government's objections are fatally flawed because they are not specific enough.

### Legal Principles applicable to claims of ineffective assistance of counsel during penalty phase of trial

Counsel's performance at the sentencing stage of a capital trial is governed by the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).   Thus, in order to prevail on this claim, petitioner must establish both deficient performance and prejudice. In order to establish that counsel's performance was deficient, the petitioner must establish that  counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment.   *Id*., 466 U.S. at 687.   During the second stage of trial, counsel's role is "to ensure that the adversarial testing process works to produce a just result under the standards governing the decision."   *Id*., 466 U.S. at 686.   The focus of the deficient prong is "not what is prudent or appropriate, but only what is constitutionally compelled."   *Breechen v. Reynolds*, 41 F.3d 1343, 1365 (10th Cir. 1994).

As recognized in this case by the Tenth Circuit, trial counsel's penalty-phase performance is evaluated "under the prevailing professional norms at the time of . . . trial [September 2005 in this case]."   *Barrett II,* 797 F.3d at 1223.   Counsel's duty is to undertake a reasonable investigation or make a reasonable decision that a particular investigation is unnecessary.   *Walker v. Gibson,* 228 F.3d 1217, 1233 (10th Cir. 2000); *Brecheen,* 41 F.3d at 1366.   In light of the extremely important role that mitigating

5

evidence plays in the "just imposition of the death penalty,"[2] this court is required to apply close scrutiny when reviewing the performance of counsel at the sentencing stage. *Battenfield v. Gibson*, 236 F.3d 1215, 1226 (10th Cir. 2001). At the same time, the "failure to present available mitigating evidence is not per se ineffective assistance." *Hale v. Gibson*, 227 F.3d 1298, 1315 (10th Cir. 2000) (quoting *Brecheen*, 41 F.3d at 1368). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Thus, an attorney "'is not required to investigate all leads' as long as the decision not to pursue a particular lead, or to pursue a particular lead only so far, is reasonable under the circumstances." *Breechen*, 41 F.3d at 1366; *see also Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.") Moreover, "the reasonableness of an attorney's investigation is dependent on the circumstances of the case." *Smith v. Workman*, 550 F.3d 1258, 1270 (10th Cir. 2008) (citing *Walker*, 228 F.3d at 1233).

Petitioner must also establish that any deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. During the second stage of trial, a petitioner must show there is a reasonable probability that, absent the errors, the sentencer would have concluded, after balancing the aggravating and mitigating factors, that the death penalty was not warranted.

---

[2]*Mayes v. Gibson*, 210 F.3d 1284, 1288 (10th Cir. 2000).

*Id.*, at 694. Put another way, deficient performance is prejudicial only where it is clear that "but for trial counsel's errors, there is a reasonable probability that the ultimate result would have been different." *Washington v. Johnson*, 90 F.3d 945, 953 (5th Cir. 1996). Thus, deficient performance in a capital sentencing proceeding prejudices the defendant if "there is a reasonable probability that one juror would have chosen a sentence other than death." *Wood v. Carpenter*, 907 F.3d 1279, 1290 (10th Cir. 2018) (quoting *Matthews v. Workman*, 577 F.3d 1175, 1190 (10th Cir. 2009)). "To assess that probability, [this court] must consider 'the totality of available mitigation evidence—both that adduced at trial, and the evidence adduced [at the evidentiary hearing]'—and 'reweig[h] it against the evidence in aggravation.'" *Porter v. McCollum*, 558 U.S. 30, 41 (2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 397-398 (2000). *See also*, *Littlejohn v. Royal*, 875 F.3d 548, 552 (10th Cir. 2017).

## Legal Analysis

### A. Performance of counsel

Since the government has not objected to the magistrate judge's finding that counsel's performance was deficient, this court adopts the magistrate judge's conclusion that trial counsel rendered constitutionally deficient performance in developing a mitigation strategy. In determining that trial counsel's performance was deficient, however, the magistrate judge stated that "federal trial counsel neither hired a mitigation or mental-health professional nor attempted to investigate themselves in any depth the [petitioner's] mental health or family background." Dkt. # 467 at p. 10. This court would

7

like to correct this finding by noting that trial counsel did hire Jeanne Russell, Ed.D. (a licensed psychologist). While the scope of Russell's work for the federal trial was apparently limited to completing an updated risk assessment, based upon the information contained within Russell's 2003 report,[3] there can be no question that petitioner's federal trial counsel was, in fact, aware of the very information which petitioner has been relying upon to establish that counsel's investigation of his mental health and/or family history was not comprehensive and/or in-depth enough to uncover important mitigating evidence.[4] According to Russell's psychological evaluation, the petitioner was "not exhibiting symptoms of a major mental illness (*i.e.*, Schizophrenia, Schizoaffective Disorder, Bi-

---

[3]*See* Govt. Exh. # 34.

[4]At the evidentiary hearing, trial counsel's recollections of exactly what they knew and when they learned the information was sketchy at best. For instance, Brett Smith recalled various things that occurred during his representation of the petitioner only when those things were pointed out to him and at one point during his testimony he stated that his "recollection has probably been tainted by my recent work because . . . I have read some materials recently, which has probably contaminated my memory as it relates to 2005." Dkt. # 446, at p. 28 and 56 (Smith again indicates his memory has been tainted by recent readings). Smith did remember, however, having discussed with Roger Hilfiger, shortly after his appointment to the case, hiring a mitigation specialist but based upon their discussions they did not hire one.

Hilfiger also had difficulty remembering details concerning his time representing the petitioner, but stated he did not hire a mitigation opinion expert because "We just didn't feel like that a mitigation opinion expert would do us any good when we could -- when we used the information we had from previous reports and talked to those people and had them testify." Dkt. # 447 at p. 97. It is inconceivable that trial counsel would have known to call Russell to update her report if they were not aware of her report and the information that was contained within that report.

8

Polar Disorder, or Major Depression)"[5] and while acknowledging that persons close to the petitioner had described symptoms they associated with mental illness and other records indicated a history of paranoia and impulsiveness, Russell opined these "behaviors appear exacerbated by drug use."[6] Moreover, in compiling this report, Russell reviewed all of the petitioner's mental health records and her report contained, among other information, a list of all of the records she had reviewed, a summary of petitioner's legal history, family history, education, relationships, employment history, medical and mental health history/treatment, and a significant substance abuse history. *See* Govt. Exh. # 34.

In considering the reasonableness of counsel's actions, this court cannot rely on "hindsight;" but must examine the reasonableness of counsel's actions from "'counsel's perspective at the time' the investigative decisions [were] made." *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (quoting *Strickland*, 466 U.S. at 689). It seems axiomatic that an attorney should be able to rely on a mental health expert's prior opinion in determining the significance of a defendant's mental health records, including whether or not that defendant has a major mental illness; and then, based upon that opinion, decide to forego further mental health testing of that defendant. While none of the mental health professionals who had examined the petitioner prior to 2005 had ever diagnosed the petitioner with a major mental illness, *see* Govt. Exh. #s 4-6, 8-9, 11, 16, 34 and 35, petitioner's counsel did

---

[5]Govt. Exh. # 34 at p. 9.

[6]*Id*.

9

54

not actually consult with Russell prior to deciding to forgo any further mental health evaluations. [7] For this reason alone, this court agrees with the magistrate judge's conclusion that trial counsel's performance was deficient.

## B. Lack of prejudice

This court finds, however, based upon the evidence presented at the evidentiary hearing, that petitioner was not prejudiced by counsels' performance. Simply because petitioner was able to obtain experts who described the petitioner as having mental health disorders so severe that he could not have rationally assisted his attorneys in the preparation of his defense,[8] does not mean the jury would have given much weight to that testimony in light of the evidence it heard over the course of the entire trial. That evidence was summarized by the Tenth Circuit Court of Appeals as follows:

> Barrett had been aware for some time of the outstanding warrant for his arrest, and anticipated that law enforcement officials would come to his house to arrest him at some point. Tr. at 400-01. Despite that awareness, or perhaps because of it, Barrett exhibited a defiant attitude towards law enforcement officials. On the front gate leading to his residence, Barrett had

---

[7]If counsel had consulted with Russell, they would have learned that she had not conducted a "comprehensive" mental health evaluation. *But see* Govt. Exh. 12 (affidavit Faust Bianco, Ph.D., a psychologist licensed in Oklahoma, who performed a neuropsychological evaluation of the petitioner prior to the federal court trial, opining that further neurological testing was unwarranted). Counsel also did not consult with Bianco prior to deciding to forgo any further mental health evaluations.

[8] *Contra* Govt. Exh. # 52 at 71-72; Dkt. # 446, at p. 33 (defense counsel acknowledged that the petitioner was "among the most cooperative criminal . . . defense clients I've ever had" and "[h]e was very helpful during the trial to me. He knew as much about it as I did."; and Govt. Exh. # 38-40 (defendant's notes to counsel). *See also*, Govt. Exh. # 34.

10

installed a sign reading: "Keep Out. I don't give a shit who you are, if you cross my gate or come on my property, I'll shoot." *Id.* at 399. Further, in the months and weeks leading up to the date of the shooting, Barrett regularly told friends and family that if law enforcement officers came to his house, "[t]here was going to be a shootout," *id.* at 412, "he would shoot the first police that came through his door," *id.* at 2515, and "he was going to take out as many [law enforcement officers] as he could before they got him." *Id.* at 412-13; *see id.* at 3068-69, 3106, 3493. Indeed, on the evening of September 23, 1999, Barrett observed three of the Tact Team members drive by his residence in an unmarked vehicle, and subsequently stated to his cousin, Travis Crawford, that he knew the vehicle belonged to law enforcement officials, that he didn't "give a fuck" if they came back to serve the arrest warrant, and that "he was going out in a blaze of glory" if they did so. *Id.* at 466.

Barrett's conduct in the months, weeks, and days leading up to the shooting incident suggests his threats were far from idle. Barrett possessed multiple firearms at his residence, including five rifles, three shotguns, and two pistols. *Id.* at 401, 1862-63, 1882-83, 1888, 1895, 1899-1901. During the day, Barrett typically kept a rifle nearby. *Id.* at 461-62, 3086, 3493-94. He also carried a nine millimeter pistol in his pants at all times. *Id.* at 409-10, 3106, 3496.

As for the night of the shooting incident, the evidence presented at trial was more than sufficient to have allowed the jury to reasonably find that Barrett knew it was law enforcement officials who were approaching his residence en masse. At the time the Tact Team approached Barrett's property, there was a full moon and no clouds in the sky. *Id.* at 993. The two lead Tact Team vehicles that approached Barrett's residence from the east were white Ford Broncos. *Id.* at 984. Although the Broncos were unmarked, Barrett had observed one of these vehicles on the afternoon prior to the shooting (it was used in the drive-by performed by Tact Team members), and suspected that it belonged to law enforcement officials. Further, although the lead Bronco did not exhibit any flashing lights (because Barrett began shooting at it before the two officers inside had an opportunity to turn on the lights), *id.* at 610, the second Bronco did. *Id.* at 732. More specifically, the second Bronco had a flashing strobe-type light on the sun visor and "wig-wag" headlights, all of which had been activated. *Id.* at 732, 1094. The third vehicle to enter Barrett's property, immediately following the two lead Broncos, was a marked Oklahoma Highway Patrol car with its emergency lights activated (including a standard light bar on top and "wig-wag" headlights). *Id.* at 760, 987, 991. The lights from this third vehicle

11

were described by witnesses as sufficient to illuminate the scene in front of Barrett's residence. *Id.* at 1101 (testimony from Trooper Steve Hash, the driver of the second Bronco, that he observed red and blue strobe lights reflecting off of Trooper Eales as he got out of the lead Bronco), 1158-59 (indicating the lights of marked unit lit up the whole area), 1343 (indicating that light bar on top of marked unit was very visible), 1496 (indicating that red and blue lights from marked unit were reflecting off the shards of glass coming from the lead Bronco), 1797-98 (indicating that lights from marked unit illuminated a wide area around the vehicle).

Finally, and perhaps most significantly, Barrett's conduct in shooting at the officers that night clearly would have allowed the jury to reasonably find that he intended to kill one or more of those officers, including Eales. Barrett began shooting at the lead vehicle, a Ford Bronco driven by Trooper Hamilton, as soon as the vehicle cleared a ditch that ran between Barrett's house and a property to the east. *Id.* at 537. According to Hamilton, Barrett's shots were hitting in the middle of the windshield of the Bronco, at approximately "head level." *Id.* As Hamilton continued driving the Bronco westward towards Barrett's residence, the gunfire intensified and the windshield of the Bronco began to disappear. *Id.* at 539. The gunfire continued after Hamilton stopped the Bronco near the edge of the front porch of Barrett's residence. *Id.* at 540. Eales, who was a passenger in the lead Bronco driven by Hamilton, opened the passenger side door (which was closest to the front porch of Barrett's house), got out, and began heading towards the rear of the Bronco (presumably to obtain cover). As he did so, Eales was struck by three separate rounds of gunfire from Barrett. *Id.* at 1687 (testimony from pathologist opining that Eales' wounds were sustained while facing away from Barrett). One round struck the handgun that Eales carried on his right hip and then ricocheted and struck Eales' right elbow. *Id.* at 1661. A second round struck Eales' left flank region, entering approximately twenty-five inches from the top of Eales' head, down from the area on the back of his left arm pit where the skin is folded. *Id.* at 1605. A third, and fatal, round entered Eales' chest on the left side of his upper back. *Id.* at 1611. After shooting Eales, Barrett continued firing rounds at the Tact Team members, stopping only after he himself was shot in the legs by a Tact Team member. *Id.* at 545, 548. Even after being shot and dragged outside of his residence by Tact Team members, Barrett made movements as if reaching for a pistol he had concealed in the waistband of his jeans. *Id.* at 1113. Subsequent investigation of the crime scene by law enforcement officials revealed that Barrett used a Colt Sporter .223 rifle, equipped with three loaded magazines taped together (with a total of ninety-one rounds of

12

Case 6:09-cv-00105-RAW  Document 478  Filed 03/28/19  Page 13 of 23

ammunition), to fire at least nineteen shots at Tact Team members, including the three shots that hit Eales. *Id.* at 1884, 3256. The Colt Sporter rifle had a lethal range of approximately 541 to 595 yards, and was capable of penetrating the metal of an automobile. *Id.* at 3573, 3586. At the time Barrett fired the three shots that wounded Eales, he was no more than ten to fifteen feet away from Eales. *Id.* at 4304-05.

In sum, although Barrett's defense during the first-stage proceedings was that he was unaware that the persons entering his property were law enforcement officials, and that he was simply reacting in defense of himself and his son, the above-described evidence was more than sufficient to allow the jury to reasonably find that Barrett knew that Eales and the other persons approaching his residence were law enforcement officers and that he intended to kill Eales.

*Barrett I*, 496 F.3d at 1113-15 (footnotes omitted).

While petitioner's experts identified issues at the evidentiary hearing that they opined might have compromised the petitioner's ability to process information under pressure, petitioner had clearly resolved to murder Trooper Eales or any other law enforcement officer long before this incident played out. Moreover, several aspects of the testimony presented at the evidentiary hearing convince this court that the jury would have rejected the mental health diagnosis provided by petitioner's expert witnesses. First, according to the government's expert witness, Steven Pitt, D.O. (psychologist licensed in Texas, Oklahoma and Arkansas and a board-certified neuropsychologist) petitioner's extensive history of substance abuse precluded a diagnosis for bipolar disorder and petitioner admitted to numerous mental health professionals that there was never a time when he was not abusing drugs, even attributing any history of manic episodes to his own abuse of intoxicants. Dkt. # 454 at p. 30. *See also* Govt. Exh. # 52 at p. 59 and 65.

13

Second, petitioner's recollections of his prior head injuries differed over the years including whether, and for how long, petitioner had lost consciousness. Dkt. # 430 at p. 271-81. In fact, some of petitioner's medical records revealed that the petitioner denied a history of head injury. *See* Govt. Exh. #s 5 (Eastern State Hospital record dated October of 1986 which indicates petitioner "denies head injuries") and 66 at p. 3 (personal health history completed sometime after 2004 and signed by the petitioner which indicated that he had never had any periods of unconsciousness, blurred vision, double vision, depression or excessive worry, frequent thoughts of suicide, paralysis, etc.). Additionally, despite George Woods, M.D. (board certified psychiatrist and a neuropsychiatrist licensed in California) testifying that petitioner's left lobe injury would impact him being able to do math effectively, Woods admitted that petitioner's educational records showed that petitioner had made an "A" in the first semester and a "B" in the second semester of ninth grade in math. Dkt. # 430 at 33-36. *See also*, Pet. Exh. # 41 at p. 1, Pet. Exh. # 55 at p. 3.

Further, despite petitioner's experts denying any malingering by the petitioner on the neuropsychological tests which were administered by Mila Young, Ph.D. (clinical psychologist licensed in California and a board-certified neuropsychologist), petitioner's performance on the Wisconsin Card Sorting Test (WCST) (a test which measures ones ability to develop a simple concept and then to carry out that simple concept) was in the severe range. According to Young, petitioner's performance on the WCST correlated to one's ability/inability to grasp and consistently carry out daily functions such as driving an

14

automobile. Pet. Exh. # 25 at p. 22.[9] The evidence heard by the jury at trial, however, demonstrated the petitioner was not only capable of driving a car,[10] but also was considered by one witness, in his criminal trial, as "a real good mechanic." Dkt. # 352 at p. 230-32 in Case No. CR-04-115-RAW (J.T. Tr., Vol. 24 at p. 4930-32). This evidence was consistent with evidence from the petitioner's maternal uncle at the evidentiary hearing.[11] Additionally, petitioner was employed as a carpenter for approximately three years[12] and testimony in the jury trial revealed that the petitioner had personally built the cabin/home where he lived.[13] *See also* Govt. Exh. # 52, § 3 at p. 158 (petitioner told Pitt he was good at working on motors). Furthermore, and perhaps most significant (as demonstrated by the facts set out above regarding the petitioner's conduct in the months, weeks, and days leading up to the shooting), the petitioner was able to make plans, grasp weapons and carry out his long term threats to kill any law enforcement officers who

---

[9] Deborah Miora, Ph.D. (clinical psychologist and neuropsychologist from California) testified she partially premised her diagnosis of dysexecutive syndrome on the WCST administered by Young. Dkt. # 464 at p. 187-92.

[10]*See* Govt. Exh. # 34 at pp. 4-5 (petitioner's employment history which included a job as a truck driver "until he lost his license due to accumulating too many points because of traffic violations").

[11]Mark Dotson testified that the petitioner was a good mechanic, having a natural talent for it. Dkt. # 429 at p. 64. *See also* Pet. Exh. # 16 (declaration of maternal great aunt stating that the   petitioner "tried to make a living fixing cars").

[12]*See* Govt. Exh. # 34 at 5.

[13]Dkt. # 325 at p. 477 in Case No. CR-04-115-RAW (J.T. Tr., Vol. III at p. 477).

15

entered his property. More specifically, the petitioner was able to perform functions including the taping together of three loaded magazines with a total of ninety-one rounds of ammunition, concealing a gun in his waist band (just in case he needed more firepower), and aiming a rifle "at approximately head level, middle of the windshield of the lead vehicle."[14] As a result, this court finds the jury would not have been impressed by the petitioner's experts' opinions and, therefore, would have given little, if any weight to those opinions.

Moreover, the government's experts offered a more rational explanation of the petitioner's conduct to the jury, "it's drugs, drugs, and more drugs." Dkt. # 453 at pp. 37-38. Specifically, Randall Price, Ph.D. (psychologist licensed in Dallas, Texas) testified that while the neuropsychological testing did not reveal evidence of a severe brain injury, petitioner did have a long-standing learning disorder, not otherwise specified; polysubstance dependence; dysthymic disorder (a form of depression) that is long-standing and chronic, but not a major depressive disorder; and a personality disorder[15] with antisocial and paranoid traits and features. Dkt. # 450 at p. 127-28.

---

[14]*Barrett I*, 496 F.3d at 1114 (petitioner began shooting at lead vehicle hitting the middle of the windshield at head level). *See also* Govt. Exh. # 52 at p. 72.

[15]According to Price, "[a] personality disorder is not a mental disorder, rather it is more of a long-term characterological condition that is either a source of distress for that person that it interferes with their functioning and it's always been there, at least since adolescence, early adulthood, or it may not be a source of distress for that person but it is for other people." Dkt. # 450, at p. 128.

16

Pitt testified that the petitioner "had a serious problem with drug addiction"[16] and he attributed petitioner's changes in mood to his drug usage.   Dkt. # 454 at p. 59.   Pitt also testified that, in his opinion, the petitioner does not and did not, at the time of the offense, have bipolar disorder.   *Id.* at p. 64.   Moreover, the records reveal that none of the health professionals who treated the petitioner prior to this offense ever diagnosed him with bipolar disorder.   *See*, Govt. Exh. # 6 at p. 2; Govt Exh. #s 7-11; and Govt. Exh. # 102 at p. 17.   Furthermore, Pitt testified that the petitioner was not suffering from posttraumatic stress disorder at the time of the shooting.   Dkt. # 454 at p. 65.   While admitting that Bill Sharp, Ph.D. (licensed clinical psychologist) had diagnosed the petitioner with avoidant and paranoid personality disorder, Pitt indicated that, in his opinion, petitioner's paranoia was caused by his drug use.[17]   *Id*. at 103.   Finally, Pitt diagnosed the petitioner with "amphetamine dependence with physiologic dependence, features of an antisocial personality disorder, cannabis dependence;" but stated that he did not know if the petitioner had a learning disorder.   *Id*. at 71.

In light of the significant amount of evidence that the Tenth Circuit found the jury heard at trial about the petitioner's drug use, this court finds it much more likely that the

---

[16]Dkt. # 454 at p. 58.   *See also* Govt. Exh. # 52, § 3 at p. 91, lines 12-27 and p. 154-57.

[17]This opinion was consistent with Russell's personality assessment which trial counsel apparently relied upon in forgoing additional mental health testing.   *See* Govt. Exh. 34.   According to Russell, petitioner's behaviors "appear to be exacerbated by drug use."   *Id*. at p. 9.

17

jury would have found that the defendant did, in fact, have a significant drug problem as opposed to a major mental health disorder.[18] In fact, the testimony at the evidentiary hearing revealed that the petitioner had such a significant problem with narcotics, that within a year of this incident, petitioner's maternal aunt, Ruth Harris, had made contact with the petitioner in an unsuccessful effort to convince him to make a lifestyle change by getting off of illegal drugs.[19] *See also* Pet. Exh. # 16 (petitioner's maternal great aunt acknowledged that the petitioner had a drug problem) and Dkt. # 429 at 74 (testimony from Mark Dotson, petitioner's uncle and a podiatrist, regarding the effects which methamphetamine has on the human body, including significant dental problems, paranoia, and trouble sleeping).

---

[18]According to the Tenth Circuit,

The jury was also presented with significant evidence of [petitioner's] drug use, including the testimony of a drug addict that he took methamphetamine with [petitioner] and the testimony of a state prison employee that [petitioner] self-reported first using alcohol at age 12, cocaine and heroin at age 14, and methamphetamine at age 20, and had been using marijuana, methamphetamine, heroin, tranquilizers, and other drugs up until the time of the shooting. And, of course, there was the guilt-phase evidence of [petitioner's] outstanding warrant for failure to appear in state court on drug charges and the drug paraphernalia found on [petitioner's] person and property after the shooting.

*Barrett II*, 797 F.3d at 1232.

[19]*See* Dkt. # 429 at p. 70-73.

18

While the magistrate judge found that the petitioner had a "long family history including mental health problems going back to great-great grandparents, and that the [petitioner's] own immediate family included parents who were violent with each other, and whose relationship was characterized by infidelity and ultimately divorce, as well as both engaging in alcohol abuse,"[20] even if true, this evidence did not add anything of value to the personal and family history[21] of the petitioner that was actually heard by the jury at trial nor did it offer any compelling mitigation evidence when weighed against the evidence

---

[20]Dkt. # 467 at p. 19. The generational history evidence included things such as the petitioner's grandfather and father had a tendency to drink heavily; petitioner's mother was an alcoholic but was able to function and always maintained employment; petitioner's father did not provide a lot of guidance to the petitioner and was not around a lot when the petitioner was growing up; and some of his relatives had mood swings, including a cousin who has been diagnosed with bipolar disorder and another cousin, Travis Crawford, who has experienced anxiety and panic attacks. *See* Pet. Exh. #s 16, 20, 27, and 36. The jury heard testimony at trial from Travis Crawford, however, that indicated Crawford had used methamphetamine for fifteen years, including around the time of this incident, some of which he obtained while he was inside the petitioner's house. *See* Dkt. # 325 at p. 64-65 in Case No. CR-04-115-RAW (Vol. III of Jury Trial Transcript at p. 457-58).

[21]This is not a case where no mitigation investigation regarding petitioner's family was ever conducted. Rather, records at the evidentiary hearing revealed that a mitigation investigator, Roseanne Schaye, had interviewed numerous family members, some of them more than one time during the course of the state court proceedings. *See* Govt. Exh. #s 19-25 and 54-62. Additionally, during the state court trials an investigator for the Oklahoma Indigent Defense System ("OIDS") collected those interview summaries and documentation from facilities, hospitals, and schools. Dkt. # 430 at p. 141. Boxes of files from the state court cases were delivered to Hilfiger by OIDS and additional paper files were picked up from John Echols after he was allowed to withdraw from the federal case. Dkt. # 447 at 45-46.

19

that the jury heard regarding petitioner's cold-blooded and premeditated killing of a state law enforcement officer engaged in the performance of his official duties.

In other words, this court finds the petitioner has failed to establish that there is a reasonable probability that even one juror's decision would have been different. This is especially true when the court considers the totality of the mitigating evidence adduced at trial[22] and that adduced at the evidentiary hearing from petitioner's witnesses regarding organic brain disorder, which was unconnected to the facts presented to the jury and included symptoms of mood swings described as "reactive violence" and/or "chronic irritability," and the additional witnesses who discussed petitioner's less than ideal childhood.[23] This additional mitigating evidence was countered by the government with

---

[22]Evidence summarized by the Tenth Circuit included:

> The jury did not find unanimously that the government had proved beyond a reasonable doubt that [petitioner] would pose a continuing and serious danger to others in prison, and unanimously found that [petitioner] was a father and a loved son and stepson, and that his death would have an impact on his family and friends. Seven jurors found that he was a good neighbor and friend; five found that he had accepted responsibility for Eales's death from his state-court conviction and that he had been convicted and punished for the killing; and two found that he would not be a danger to society if imprisoned for life without parole.

*Barrett II*, 797 F.3d at 1224.

[23]While similar to testimony heard by the jury at trial, the government would have been able, through these witnesses, to again emphasize the petitioner's substance abuse.

20

Case 6:09-cv-00105-RAW Document 478 Filed 03/28/19 Page 21 of 23

testimony which included that described above, as well as statements by the petitioner that: 1) revealed the petitioner has not accepted responsibility for Eales's death; rather, he maintains that he was shot in the act of retrieving a weapon to defend his son and that he had no idea that the vehicles entering his property were police vehicles;[24] 2) petitioner maintains that he and his son were the victims in this case;[25] 3) the jury might have found that the petitioner was a continuing danger to others in prison and/or to society since he was not afraid to violate the rules;[26] 4) petitioner's brother recalled having seen his mother and the petitioner in physical altercations;[27] and 5) petitioner violently attacked his younger brother on at least two separate occasions.[28] Weighing all of the mitigating evidence adduced at trial and the evidentiary hearing against the aggravating factors found by the jury, *i.e.,* 1) knowingly creating a grave risk of death to one or more persons in addition to the victim of the offense; 2) commission of the offense after substantial planning and

---

[24]*Compare* Dkt. # 429 at p. 220 (Woods testimony that the petitioner believed his actions were justified on the night of the shooting) and Dkt. # 72-66 (petitioner's description of the events leading to his arrest) *with* Govt. Exh. # 52, § 3 at pp. 7-17, 71-72 (petitioner states that he did not shoot Eales) and p. 281.

[25]Govt. Exh. # 52, § 3 at p. 56-57.

[26]Petitioner admitted to having obtained and using drugs while in jail. *See* Govt. Exh. # 52, § 3 at p. 154 and 157. Petitioner also admitted to having talked a jailer into letting him out of his cell for the purpose of engaging in sexual activity with another inmate. *See* Govt. Exh. # 52, § 3 at p. 254-257.

[27]Dkt. # 429 at p. 94-95.

[28]Dkt. # 429 at p. 117.

21

premeditation; and 3) that petitioner caused injury, harm, and loss to the victim's family because of the victim's personal characteristics as an individual human being and the impact of the death on the victim's family and friends[29] and the evidence the government produced at the evidentiary hearing to counter the additional mitigating evidence, convinces this court that there is no reasonable probability that even one juror would have voted for a sentence less than death. Accordingly, this court rejects the magistrate judge's conclusion that the petitioner was prejudiced by counsel's performance.

## Conclusion

In light of the facts of this case, and for the reasons set forth herein, the Report and Recommendation (Dkt. # 467) is accepted in part and rejected in part; the report and recommendation is accepted as to the magistrate judge's conclusion that trial counsel's performance was deficient; but the report and recommendation is rejected as to the magistrate judge's conclusion that petitioner was prejudiced by counsel's performance. Accordingly, the court denies petitioner's § 2255 motion as it relates to his claim of ineffective assistance of counsel during the penalty phase of trial.

Furthermore, in light of this order, Petitioner's Objection to the Magistrate Judge's Report and Recommendation (Dkt. # 470), requesting to be resentenced on all three counts of the indictment, is denied as moot.

---

[29]*See* Penalty Phase Special Verdict Form, Dkt. # 258, in *United States v. Barrett*, Case No. CR-04-0115-RAW.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings, requires this court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This court recognizes that "review of a death sentence is among the most serious examinations any court of law ever undertakes." *Brecheen*, 41 F.3d at 1370. A certificate of appealability, however, may only be granted if petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard can be met by demonstrating that the issues raised are debatable among jurists of reason or that the questions deserve further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). While this court strongly believes petitioner was not prejudiced by counsel's failure to develop the evidence at trial which was admitted at the evidentiary hearing herein, this court hereby grants a certificate of appealability thereby allowing further consideration of this issue.

It is so ordered on this 28th day of March, 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

23

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,    )
    )
    Petitioner/Defendant,    )
    )
vs.    )    Case No. CIV-09-105-RAW
    )
UNITED STATES OF AMERICA,    )
    )
    Respondent/Plaintiff.    )

## JUDGMENT

This matter came before the Court for consideration of defendant's motion to vacate, set aside, or correct sentence, pursuant to 18 U.S.C. § 2255. The issues having been duly considered and a decision having been rendered in accordance with the Order filed simultaneously herewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is entered for respondent, United States of America, and against petitioner, Kenneth Eugene Barrett, on his challenge to the legality of his sentence.

IT IS SO ORDERED this 28th day of March, 2019.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,           )
                                  )
          Movant/Defendant,       )
                                  )
v.                                )          Case No. CV-09-105-RAW
                                  )          (underlying criminal case,
UNITED STATES OF AMERICA,         )              No. CR-04-115-JHP)
                                  )
          Respondent/Plaintiff.   )

## NOTICE OF APPEAL

Movant/Defendant, Kenneth Eugene Barrett, hereby appeals to the United States

Court of Appeals for the Tenth Circuit from the Judgment and Opinion and Order entered

on March 28, 2019 (Docs. 478, 479) denying his motion to vacate, set aside, and correct

sentence pursuant to 28 U.S.C. § 2255 (Docs. 1, 2, 95).[1]   This notice of appeal is filed

under the authority of Fed.R.App.P.   4(a)(1)(B)(i)(4)(A)(iv).   The district court granted a

certificate of appealability.   (Doc. 478, p. 23)

The district court denied relief following the vacation by the Tenth Circuit of

Movant/Defendant's death sentence and remand for an evidentiary hearing to determine

whether he was denied the effective assistance of counsel in the penalty phase of trial.

---

[1]   On April 24, 2019, Mr. Barrett filed a motion under Fed.R.Civ.P. 59(e) to correct, alter, or amend the judgment.   (Doc. 483) The government responded to the motion, and Mr. Barrett filed a reply.   (Docs. 484, 486) The district court clarified the order and judgment in part and denied the Rule 59(e) motion on August 13, 2019.   (Doc. 488)

1

*United States v. Barrett,* 797 F.3d 1207 (10th Cir. 2015). Counsel are appointed under

the Criminal Justice Act.

Dated this 7th day of October, 2019.

Respectfully submitted,

Heather E. Williams, CA Bar #122664
Federal Defender, Eastern District of California
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-6656 [fax]
Heather_Williams@fd.org

*/s/ Joan M. Fisher*
Joan M. Fisher, ID Bar #2854
Assistant Federal Defender

*/s/ Carrie L. Ward*
Carrie L. Ward, MO Bar #57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-6656 [fax]
carrie_ward@fd.org

*/s/ David Autry*
David Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

Lawyers for Movant/Defendant,
Kenneth Eugene Barrett

2

Case 6:09-cv-00105-RAW   Document 489   Filed 10/07/19   Page 3 of 3

## Certificate of Electronic Filing and Service

This is to certify that on this 7th day of October, 2019, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with service to be made electronically via CM/ECF to the following ECF Registrants: Jeffrey B. Kahan, United States Department of Justice, Capital Case Unit, jeffrey.kahan@usdoj.gov, and Christopher J. Wilson, AUSA, Chris.Wilson@usdoj.gov, and to all counsel of record.   To the undersigned's knowledge, there are no non-ECF registrants who are counsel in this case.

*/s/ Joan M. Fisher*

3